# Exhibit A

Filer Selected Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Courtroom, 1109
System Generated Hearing Date: No hearing information was found.
Location: No hearing information was found.
Judge: No hearing information was found.

FILED
8/21/2025 3:50 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
20231401241
Courtroom, 1109

FILED DATE: 8/21/2025 3:50 PM  20231401241

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT-FIRST DISTRICT

CITY OF CHICAGO,
    a municipal corporation,
        Plaintiff,

    v.

FORD CITY CONDOMINIUM
ASSOCIATION; WILLIAM
AVELLONE, SUBCHAPTER V
TRUSTEE; JOSEF TOADER;
FLORITA TOADER; EMILIA R.
CODOS; LOIS A. GORDON;
HATUEY MCKOY, WINSTON
MCKOY; MARSELLOW FARROW;
MARC C. FARROW; KARINA
RODEA ESQUIVEL;WENDY
WATSON; BRENT WATSON; TONIA
PONCE; GPAM PROPERTIES, LLC;
RAYVEN V. WILSON; TERESA
SHAW; PROVIDENCIA GONZALEZ;
MIRIAM FERREIRA A/K/A MIRIAM
CHAVEZ; GIOVANNI JAEL
CHAVEZ; ADRIENNE HOLLEY;
THE HOWARD FAMILY TRUST
U/T/A DTD 7/3/2015; DONNA M.
HOWARD; ARCADIA
MANAGEMENT GROUP, LLC;
VICENTE GONZALEZ-CARABEZ;
FOUAD M. DOOLAH; LARRY
GILLETTE; ZOFIA
MODRZEJEWSKA; JOYCE D.
MARTIN; ENRIQUE CERVANTES;
AMGUN INVESTMENTS, LLC;
MANCHUN KAO; HOMES FOR
VETERANS CO.; ERICA SALINAS; Z
FINANCIAL ILLINOIS G
PROPERTIES, LLC; AHMAD A.

Case Number: **23-M1-401241**

Re: 4260-4350 W. FORD CITY
DR./4260-4351 W. 76TH ST.
    Chicago, IL 60652

Courtroom 1109

1

FILED DATE: 8/21/2025 3:50 PM   20231401241

NUR; JUAN CARLOS CAMARENA;
WILLIAM D. O'DONNELL;
MAGALY Z. GARCIA A/K/A
MAGGIE GARCIA; CHRISTOPHER
D. RUSSELL; KAREN E. RUSSELL;
EFRAIN ROJAS GALVEZ; MARTIN
ANGELO ACEVES; FRANCISCO
CARRILLO; OSCAR MIRELES;
STEVEN T. SHUTTLEWORTH II;
MARY BIEL; LUDWIK DZIEDZIC;
LISA S. MCMATH; TONI GREEN;
MICHAEL GREEN; BANK OF
AMERICA, NA AS SUCCESSOR-
TRUSTEE OF LASALLE BANK NA,
AS TRUSTEE; KAZIMIERA PTAK;
JUDY GRIFFIN; LISA D. SAMPSON;
PAMELA JEFFERSON; EDWARD
COLEMAN; TAKADA V. DIXON;
DAVID KYSELICA; CHICAGO
TITLE LAND TRUST CO. U/T/A
8002379440 DTD 1/28/2019; CECYLIA
GUROS; CHICAGO TITLE LAND
TRUST CO. U/T/A 8002392933;
CHICAGO TITLE LAND TRUST CO.
U/T/A 80023929426; VINAYAK
LAWANDE; ANNA WOJAS; MARC
JANDURA; GARY POWELL;
LILIANA ABAD FIERRO;
KIMBERLY WAGNER; DESIREE
SANCHEZ; NAFTALI ESPINO;
KATHERINE ESPINO; ANNETTE
WOFFORD; THE GEORGE
POLYMENAKOS REVOCABLE
TRUST DTD 10/5/2017; YURONG
HAN; IDSB CAPITAL, LLC;
BYLEGACY TEAM, INC.;
GABRIELA SANTAMARIA;
ABRAHAM E. SANTAMARIA;
DENNIS NASH; DONYETTA

DOCKERY; BARBARA J. BANKS;
VANESSA MILTON; CALVIN
REESE; DARNELL CORTEZ REESE;
DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE;
BY LEGACY LLC; CHARLENE L.
APPLING TRUST DTD 12/7/2020;
ARTURO F. HERNANDEZ; MUNEEB
ALAM; ZESHAN MALLHI; SWEET
HOME CHICAGO MANAGEMENT,
LLC; MARIA E. RODRIGUEZ
RAMOS; HILDA ZMORA;
RODOLFO CHAVEZ; RAYMUNDO
TORRES; JOSE GARCIA; ARSHAN
ALAMGIR; BUSHRA DURRANI;
TERRY DENSMORE; EDGAR
FRUTOS TORRES; LEONARD J.
WOODS; LEOKADIA MOSIO; ADE
OGUNSANYA A/K/A ADETOKUNBO
OGUNSANYA A/K/A ADETOKUNBO
O. TEJUOSO; JAMES FRANK DALU;
MARGARET FURNESS; MANUELA
SANCHEZ FLORES; TRUTH
EMPIRES, LLC; AKRAM SHAHID;
MARTHA ROCHA; BERTHA
SAUCEDO; STEPHEN MONTE
HENSON; ZARAH DULAY; DIEGO
D. ANDRADE; CULEBRA CAPITAL,
LLC; ANALILIA CARRILLO; JUAN
CARRILLO; SUSAN O'NEAL;
SUSAN M. GNIADECKI; ANTON J.
WATKINS; IRENA A. BAGDADY;
HENRY K. WOJCIKOWSKI;
ROCHANNA JOHNSON;
MARGARITA FLORES; MANNA
PROPERTY INVESTMENT, LLC;
VIRIDIANA ALCANTAR VILLEGAS;
FELIPE  SOLORZANO MAYA;
LYUBOMIR ALEXANDROV;

FILED DATE: 8/21/2025 3:50 PM   20231401241

3

**BELIEVE IN THINE HEART MINISTRIES; ESTELA FLORES; TANISHA MALLEY; AGNES C. MURPHY; LUIS A. GONZALEZ; GEORGE SPATHARAKIS; JOSEF BRZEK; EWA BRZEK; ERMA THOMAS; RAMONA BERAS TORRES; JULIUS A. HANNON; JOSE OLAF GAYTON; MIDLAND FEDERAL SAVINGS & LOAN ASSOCIATION as TRUSTEE; DAMARRA EDINBURG; YOUSSEF DOLEH; MYRON COLEMAN; GREGORY L. CASTILE; ANGELO J. CRUZ; AMERICAN TAX LIEN LLC; MARTIN ACEVES ANGULO; ROSALINDA DELGADILLO; HEIRS AND LEGATEES OF THELTHELMA MOORE; ROMAN LIRA; SREE PACHAMMA PROPERTIES, LLC; GERVASE BOLDEN; MAYOWA UCHE OKOBIE; GODWIN OMWANGHE; BLANCA ESTELLA DIAZ-CRUZ; GABRIEL GARCIA AVILA; ROBERTA SWEEPER; THELMA SWIMS; EDGARDO ALEMAN; ESPERANZA MACIAS; PAULINE C. PRATER; WAYNE HOLLOWAY;  MICHAEL T. RZASA; BRENDA J. ALLEN-BALLARD; IRENE JONES; ALBERTO ABEL BELLIDO; CLARA OLIVARES; THOMAS LOREK; MUSHIYA LOREK; LETICIA SOLIS; ALTHEA Y. ANDERSON; JOANNA STALLWORTH; TERRY JONES; GREGORY L. JONES; ALBERTO OCAMPO; CRISOSTOMA FLORES DE OCAMPO; BRUCE LANCE II;**

4

FILED DATE: 8/21/2025 3:50 PM   20231401241

FILED DATE: 8/21/2025 3:50 PM    20231401241

**JOYCE LANCE; BERTA L. CLAVIJO; LISA P. MAYFIELD; LAURA P. OLVERA; SAUL ARELLANO; LORE J. MARTINEZ; THE MCELROY TRUST UTD DTD 3/17/1998; ZENAIDA GARCIA; NATHANIEL K. BOSTON;  ATANAS I. PETRICHKI; IVAN A. PETRICHKI; VICTOR NAVARRO; CHRISTOPHER RAMEY; JAVIER TAPIA; CRISTINA M. TAPIA; DANIEL LOBBINS; MARQUETTE BANK, AS TRUSTEE U/T/A 30704 DTD 7/28/2021; EUGENA HENRY; JESSICA LEWIS; LEETHEL FRANKLIN; JOSEPHINE E. JOHNSON; DESIREE SKIPPER; INA M. WISE; CARLA M. DAVIS; JOHN M. SMITH; RNM FUTURE, LLC; RICARDO GARCIA; RV HOLDINGS THREE, LLC; DIANE DEVROE; THE LORENE M. MIMS 2023 TRUST DATED 6/16/2023; LORENE MIMS; CHICAGO TITLE LAND TRUST CO., AS TRUSTEE U/T/A 8002382660; JOSE R. CONSTANTE; MARIA I. FARIAS; TANIA PONCE; MARIA DOMINGUEZ; AMERICAN NATIONAL BANK, AS TRUSTEE U/T/A 43810 DTD 9/1/1978; ALBERTO PADILLA JR.; ANGEL ZARAZUA, ADRIANA MENDOZA; SALVADOR FARIAS; JORGE A. INIGUEZ; TONI GREEN; ALEJANDRA GUZMAN; DOMENICOS KOSTERIS; THE ROAD TO RIGHTEOUSNESS FOUNDATION, INC.; EFREN RUIZ; MARIA R. PADILLA; EMMANUEL OFORUM; ADRIANA VAZQUEZ;**

5

PRISCILA ESTHER TORRES
JIMENEZ; KENNETH L. WRIGHT;
ANTHONY J. COLEMAN; ANTONIO
GADDIS; ISAAC WILSON;
ENJOLIQUE WILSON; JORGE
AGUSTIN FRUTOS TORRES;
AARON C. JACKSON; CYRIS
WATSON; JAMIA BRAY; JUAN
DELGADILLO ALONSO; LAURA A.
GOMEZ; AISHA RICE; DOROTHY
R. HARDY; ISRAEL MIRANDA
TEIXEIRA; MARLON
FORTINEAUX; JOSE J. GARCIA;
AMPARO GARCIA; DAVID J.
GARCIA; MARIA J. MAGANA;
KIERRA BARNES; CHALESE A.
CONLEY; CHICAGO TITLE LAND
TRUST CO., AS TRUSTEE U/T/A
8002374731 DTD 5/10/2017;
GREGORY LAPAPA; ALMA
SANTANA OCTAVIANO; MARITZA
CERVANTES; THE JOYCE BOWLES
REVOCABLE LIVING TRUST DTD
7/26/2011; JUAN M. SOLIZ; NELLIE
M. COTTON; RAJAMER JONES;
DOROTHY ANDERSON; RONA
ANDERSON; ZIAD H. AL KHATIB;
SABINE DESIR; HECTOR
BOTELLO; DIANE L. TODD; TYREE
PITTMAN; DEBORAH MITCHELL;
MOHAMMED ABUBAKER;
DIVINITY PROPERTIES, LLC;
HYUN W. SHIN; WILLIAM A.
WILCHER; MAGDI ODEH;
MOHAMMEDNAJIB A. ALKARAKI;
ALEEM WAHEED; SHIRLEY
WAHEED; PATRICK SLATTERY;
MAURA SLATTERY BOYLE;
RAMONA B. REYES; JAVIER

6

FILED DATE: 8/21/2025 3:50 PM   20231401241

**URBINA; MINERVA ORDUNO; ARACELI MARTINEZ; BOGUSLAW BIL; MARCELO RODRIGUEZ-GARCIA; IRENE M. RUFUS; VINELLE A. MYRIE; AMELIA PACHECO; JUANA REYES; PAULA MENDEZ; ALICIA GREEN; FEDERAL NATIONAL MORTGAGE ASSOCIATION; STEVEN W. RAYSIDE; VERONICA MCGRAW; CHARLOTTE HOWARD; ESMERALDA RAFAELA DALY RODRIGUEZ REVOCABLE LIVING TRUST DTD 5/8/2020; LINCOLN W. SEABROOKS; PATRICIA T. WILLIAMS; TIFFANY FLOWERS; CLAUDETTE WALKER; JOHN M. GOLDEN; MARY A. GOLDEN; SALTA GROUP, INC.; FELIPE SOLORZANO MAYA; CARZIE L. JONES; WILLIAM DORGAN; CITIBANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; COUNTRYWIDE HOME LOANS INC.; BMO HARRIS BANK, NA; NEWREZ, LLC; JP MORGAN CHASE BANK, NA; US BANK, NA, AS TRUSTEE; DLJ MORTGAGE CAPITAL, INC.; WELLS FARGO BANK, NA; FREEDOM MORTGAGE CORPORATION; BANK OF AMERICA, NA; CHUN YI HSU; BENEFICIAL ILLINOIS INC.; CITIMORTGAGE INC.; NEW RESIDENTIAL MORTGAGE, LLC; ARGENT MORTGAGE COMPANY, LLC; ABN AMRO MORTGAGE GROUP, INC.; RBS CITIZENS, NA;**

7

FILED DATE: 8/21/2025 3:50 PM  20231401241

FIRST FRANKLIN FINANCIAL
CORPORATION; CITIBANK, FSB;
CHICAGO TITLE LAND TRUST, CO.
AS SUCCESSOR-TRUSTEE TO
FIRST NATIONAL BANK OF
EVERGREEN PARK, AS TRUSTEE
U/T/A #14358 DTD 5-24-95; US BANK
TRUST COMPANY NA, AS
TRUSTEE; CHICAGO TITLE LAND
TRUST CO., AS SUCCESSOR-
TRUSTEE U/T/A#503 DTD 4/23/1979;
NATIONSTAR MORTGAGE, LLC;
GREEN TREE SERVICING, LLC;
THE HUNTINGTON NATIONAL
BANK; THE BANK OF NEW YORK,
AS TRUSTEE; CITIZENS BANK, NA;
AMERICAN HOME MORTGAGE
CORP. D/B/A AMERICAN BROKERS
CONDUIT; HSBC BANK USA, NA, AS
TRUSTEE; VAN OAK CAPITAL,
LLC; CIM TRUST 2017-7;
AMERICAN HOME MORTGAGE;
Y&R 1 OPPORTUNITY FUND, LLC;
FIRST AMERICAN BANK; PNC
BANK, NA; FIRST NLC FINANCIAL
SERVICES, LLC; MIECZYLSAW
WAWOZNY; ROGELIO
VILLAGOMEZ; HUGH
O'DONNELL; LORETTA C. MAHER;
LISA D. SIMPSON; CHICAGO TITLE
LAND TRUST CO. U/T/A
#008002379440; MANUEL
CARMONA; MARY L. VAUGHN;
EMINENT MANAGEMENT
SERVICE, INC.; EQUITY TRUST
CUSTODIAN FBO CHRISTINE HSU;
ESTELA FLORS; MARTHA
HERNANDEZ; GEORGE
POLYMENAKOS; BIRDENE MILLS;

8

FILED DATE: 8/21/2025 3:50 PM  20231401241

**PAULINE PRATER; THORNWOOD PARTNERS, LTD.; SARAH JOHNSON, BRUCE LANCE; SAUL ARRELLANO; BERTRAM MCELROY; JENNIFFER I. MENENDEZ; NAZARIO CHAVEZ; CARL M. DAVIS; MAOWA UCHE OKORIE; GEORGE NOVOGRODER; MARIAL PADILLA DE BUZO; ADRAINA VAZQUEZ; ISRAEL MIRAND TEIXEIRA; VICTOR E. MANZO; MICHELE J. BELOUSEK; JOYCE BOWLES; TERRENCE BROWN; DENNIS BAKER; WILLIAM O'DONNELL;; TRUTH EMPIRE, LLC; CHARLENE APPLING; KELVIN B. BACON; MIECZYSLAW WAWOZNY; CHAKA D. FARROW; MELISSA RANGEL; PEDRO PALACIOS; LORETTA MAHER; JOSEPH CHAVEZ; DAPHNEE BROWNLEE; BRYAN APPLING, AS TRUSTEE; SHIN-RONG LIU; AMY LIU; FAIRFIELD BUILDINGS, LLC; MARY VAUGHN; CAMRYN BURNETT; PABLO ANDRADE; ELZBEITA MORAWA; THE ESTATE OF JOAN P. MOORE; LILIANA FIERRO; DSI HOLDINGS CORP.; STAN WOJIKOWSKI; ALFREDO CASTILLO; MODESTA MARCHETTI; CHRISTINE HSU; RAYMOND ROGOZ; ROSALINDA ALONSO; CLIFFORD JOHNSON; FRANK CARILLO; GODWIN OMAWANCHE; LETICIA GAMBOA; MICHAEL ELLIS JOHNSON; PATRICA OBARD; ANTONI**

9

FILED DATE: 8/21/2025 3:50 PM    20231401241

**CHMIELEWSKI; JADWIGA CHMIELEWSKI; YASMIN IBRAHIM; SHIRLEY MIA SMITH; BURTON WAYNE SMITH; MOJISOLA OGUACHUBA; CARLOS MUNOZ; DELORES ROBINSON; NICOLE CONSTANTE; LOUIS E. HENNERICH; ALEJANDRO ANDRADE-LARA; DEVON DANE MURRAY; IGNACIO DOMINGUEZ PEREZ; JUAN MENDOZA; VINIZIUS QUARESMA; ROBERT HUDSON; MICHELE BELOUSEK; ZIAD KHATATBEH; OLGA DELGADILLO ALONSON; SAM AYYAD; TRACY LYNN ROBINSON; US BANK TRUST NA, AS TRUSTEE FOR LB-RANCH SERIES V TRUST; WEISS ORTIZ P.C.; FORETHOUGHT LIFE INSURANCE COMPANY C/O SELECT PORTFOLIO SERVICING, INC.; FORD CITY REALTY, LLC; FORD CITY CH, LLC; FORD CITY NASSIM, LLC; TOTAL MASONRY, LLC; PARKWAY ELEVATORS, INC.; TENANTS AND OCCUPANTS, AND UNKNOWN OWNERS AND NON-RECORD CLAIMANTS,**

       **Defendants.**

10

FILED DATE: 8/21/2025 3:50 PM    20231401241

## SECOND AMENDED COMPLAINT FOR EQUITABLE AND OTHER RELIEF

Plaintiff City of Chicago ("City"), by Corporation Counsel, its attorney, complains of the Defendants as follows:

### GENERAL ALLEGATIONS

### Nature of the Case

1.  The City brings this action pursuant to its police power as a home rule unit under Article VII of the Illinois Constitution, which includes "the power to regulate for the protection of the public health, safety, morals and welfare."  Ill. Const. art. VII, par. 6(a).  As a further grant of authority, the City brings this action pursuant to the Unsafe Property Statute, 65 ILCS 5/11-31-1(a) et seq. (2004), as amended, the Injunction Statute for Building and Zoning Violations, 65 ILCS 5/11-13-15 (2005) and Chicago Municipal Code ("Code").  By bringing this action, the City seeks to abate the dangerous and unsafe conditions at the property in question and obtain equitable relief, civil penalties, attorneys fees and costs.

### The Parties and the Property at Issue

2.  The City is a municipal corporation organized and existing under the laws of the State of Illinois.

3.  Within the corporate limits of Chicago, there is a parcel of real estate legally described as:

    a.  UNDERLYING PIN: 19-27-401-038-0000
        UNIT PINS: 19-27-401-038-1001 through 19-27-401-038-1357

    b.  **LEGAL DESCRIPTION**:

Residential Units A/201 to A/210, both inclusive, A/301 to A/310, both inclusive, A/401 to A/410, both inclusive, A/501 to A/510, both inclusive, A/601 to A/610, both inclusive, A/701 to A/710, both inclusive, A/801 to A/810, both inclusive, A/901 to A/910, both inclusive, A/1001 to A/1010, both inclusive, A/1101 to A/1110, both inclusive, A/1201 to A/1210, both inclusive, and A/1301 to A/1310, both inclusive, A/1401 to A/1410, both inclusive, A/1501 to A/1510, both inclusive, B-1/101, B-1/102, B-1/104, B-1/105, B-1/108, B-1/201, to B-1/208, both inclusive, B-1/301 to B-1/308, B-1/401 to B1/408, both inclusive, B-1/501 to B-1/508, both inclusive, B-2/101, B-2/102, B-2/104, B-2/105, B-2/108, B-2/201 to B-2/208, both inclusive, B-2/301 to B-2/308, both inclusive, B-2/401 to B-2/408, both inclusive, B-2/501 to B-2/508, both inclusive, C-1/101, C-1/103, C-1/104, C-1/105, C-1/108, C-1/201 to C-1/208, both inclusive, C-1/301 to C-1/308, both inclusive, C-1/401 to C-1/408, both inclusive, C-1/501 to C-1/508, both inclusive, C-2/101, C-2/103, C-2/104, C-2/105, C-2/108, C-2/201 to C-2/208, both inclusive, C-2/301 to C-2/308, both inclusive, C-2/401 to C-2/408, both inclusive, C-2/501 to C-2/508, both inclusive, D-1/101 to D-1/108, both inclusive, D-1/201 to D-1/208, both inclusive, D-2/101 to D-2/103, both inclusive, D-2/105 to D-2/108, both inclusive, D-2/201 to D-2/208, both inclusive, and Garage Units P-1 to P-38, both inclusive, as delineated on survey of the part of the North three-fourths of Section 27, Township 38 North, Range 13 East of the Third Principal Meridian, described as follows: commencing at the intersection of a Line 3536.00 feet East and parallel with the West line of said Section 27, and a Line 20 feet North of and parallel with a line hereafter referred to as "Line A", which extends East from a point on the West line of said Section 27, which is 644.66 feet South from the Northwest corner of the South half of said Section 27 to a point on the East line of said Section 27 which is 619.17 feet South from the Northeast corner of said South half, thence West along said line 20.00 feet North, 122.72 feet to the point of beginning of the Land herein described thence South along a line making an interior angle of 38° 36' 00''723.89 feet to the South line of the North half of the South half of said Section 27; thence West along said South line of the North half of the South half 890.01 feet, to a line 2506.00 feet East of and parallel to the West line of said Section 27; thence North along said line 2506.00 feet East, 436.29 feet, to a Line 264.26 feet South of and parallel with said "Line A"; thence East along said line 264.26 feet South, 257.86 feet, to a line 2736.86 feet East, 284.26 feet, to said line 20.00 feet North of "Line A"; thence East along said line 20.00 feet North, 649.84 feet to the point of beginning, in Cook County, Illinois, together with easements appurtenant as described in Document No. 24748418 recorded in the Office of the Recorder of Deed in said county; which survey is attached as Exhibit "A" to the Declaration of Condominium Ownership made by American National Bank and Trust Company of Chicago, as Trustee under Trust No. 45058, recorded in the Officer of the Recorder of Deeds, Cook County, Illinois as Document No. 24911808.

This parcel is commonly known as **4260-4350 W. FORD CITY DR./4260-4351 W.**

FILED DATE: 8/21/2025 3:50 PM 20231401241

**76TH ST.**, Chicago, IL 60652 ("subject property").

4.     On information and belief, located on the subject property is composed of seven buildings (a high-rise building, two mid-rise buildings, and four low-rise buildings) which include 319 dwelling units with parking.

5.     That at all times pertinent thereto on information and belief the following named Defendants owned, managed, controlled, collected rents from, had a legal or equitable interest in, or contributed to the ongoing violations at, the Subject Property:

1.     Defendant Ford City Condominium Association is the condominium association identified in the Condominium Declaration recorded against the property. The Association is currently the subject of a bankruptcy proceeding pending in the Northern District of Illinois in case 21-05193.

2.     Defendant William B. Avellone is the Subchapter V Trustee appointed in the proceedings and is sued only in his capacity as Trustee.

3.     The current owners of 4300 W. Ford City Drive, Unit A-201 (19-27-401-038-1001) are Josef Toader, Florita Toader, and Emilia Codos.

4.     The current owner of 4300 W. Ford City Drive, Unit A-301 (19-27-401-038-1002) is Lois A. Gordon. Kelvin B. Bacon has a beneficiary interest.

5.     The current owner of 4300 W. Ford City Drive, Unit A-401 (19-27-401-038-1003) is Chicago Title Land Trust, Co. as successor-trustee to First National Bank of Evergreen Park, as Trustee U/T/A #14358 DTD 5-24-95. The last taxpayer of record and beneficiary is Mieczylsaw Wawozny.

6.     The current owners of 4300 W. Ford City Drive, Unit A-501 (19-27-401-038-1004) are Hatuey McKoy and Winston McKoy.

7.     The current owners of 4300 W. Ford City Drive, Unit A-601 (19-27-401-038-1005) are Marsellow Farrow and Marc C. Farrow. The current mortgagees are Citibank, NA and Mortgage Electronic Registration Systems, Inc. Chaka D. Farrow is a beneficiary.

8.     The current owner of 4300 W. Ford City Drive, Unit A-701 (19-27-401-038-

1006) is Karina Rodea Esquivel.

9. The current owners of 4300 W. Ford City Drive, Unit A-801 (19-27-401-038-1007) are Wendy Watson and Brent Watson.

10. The current owner of 4300 W. Ford City Drive, Unit A-901 (19-27-401-038-1008) is GPAM Properties, LLC.

11. The current owner of 4300 W. Ford City Drive, Unit A-1001 (19-27-401-038-1009) is Rayven V. Wilson.

12. The current owner of 4300 W. Ford City Drive, Unit A-1101 (19-27-401-038-1010) is Providencia Gonzalez.

13. The current owner of 4300 W. Ford City Drive, Unit A-1201 (19-27-401-038-1011) is Amanda L. Navarro.

14. The current owners of 4300 W. Ford City Drive, Unit A-1301 (19-27-401-038-1012) are Miriam Ferreira a/k/a Miriam Chavez and Giovanni Jael Chavez.

15. The current owner of 4300 W. Ford City Drive, Unit A-1401 (19-27-401-038-1013) is Adrienne Holley. The current mortgagees are Countrywide Home Loans Inc. and Mortgage Electronic Registration Systems, Inc.

16. The current owner of 4300 W. Ford City Drive, Unit A-1501 (19-27-401-038-1014) is The Howard Family Trust U/T/A DTD 7/3/2015. The trustee is Donna M. Howard. The last taxpayer of record is Rogelio Villagomez.

17. The current owner of 4300 W. Ford City Drive, Unit A-202 (19-27-401-038-1015) is Arcadia Management Group, LLC.

18. The current owner of 4300 W. Ford City Drive, Unit A-302 (19-27-401-038-1016) is Vicente Gonzalez-Carabez.

19. The current owner of 4300 W. Ford City Drive, Unit A-402 (19-27-401-038-1017) is Fouad M. Doolah.

20. The current owners of 4300 W. Ford City Drive, Unit A-501 (19-27-401-038-1018) are Larry Gillette and Zofia Modrzejewska.

21. The current owner of 4300 W. Ford City Drive, Unit A-602 (19-27-401-038-1019) is Joyce D. Martin.

22. The current owner of 4300 W. Ford City Drive, Unit A-702 (19-27-401-038-

FILED DATE: 8/21/2025 3:50 PM    20231401241

1020) is AMGUN Investments, LLC.

23.     The current owner of 4300 W. Ford City Drive, Unit A-802 (19-27-401-038-1021) is Manchun Kao.

24.     The current owner of 4300 W. Ford City Drive, Unit A-902 (19-27-401-038-1022) is Homes For Veterans Co.

25.     The current owner of 4300 W. Ford City Drive, Unit A-1002 (19-27-401-038-1023) is Erica Salinas. A possible party of interest is Melissa Rangel.

26.     The current owner of 4300 W. Ford City Drive, Unit A-1102 (19-27-401-038-1024) is Z Financial Illinois G Properties, LLC.

27.     The current owner of 4300 W. Ford City Drive, Unit A-1202 (19-27-401-038-1025) is Adetokunbo Ogunsanya a/k/a Ade Ogunsanya a/k/a Adetokunbo O. Tejuoso. A possible party of interest is Pedro Palacios.

28.     The current owner of 4300 W. Ford City Drive, Unit A-1302 (19-27-401-038-1026) is Ahmad A. Nur.

29.     The current owners of 4300 W. Ford City Drive, Unit A-1402 (19-27-401-038-1027) are Brent Watson and Wendy Watson.

30.     The current owner of 4300 W. Ford City Drive, Unit A-1502 (19-27-401-038-1028) is William D. O'Donnell. The last taxpayer of record is Hugh O'Donnell.

31.     The current owner of 4300 W. Ford City Drive, Unit A-203 (19-27-401-038-1029) is Magaly Z. Garcia a/k/a Maggie Garcia.

32.     The current owner of 4300 W. Ford City Drive, Unit A-303 (19-27-401-038-1030) is Hilda M. Zmora.

33.     The current owners of 4300 W. Ford City Drive, Unit A-403 (19-27-401-038-1031) are Christopher D. Russell and Karen E. Russell.

34.     The current owner of 4300 W. Ford City Drive, Unit A-503 (19-27-401-038-1032) is Juan Delgadillo Alonso. Possibly interested parties are Efrain Rojas Galvez, Martin Angelo Aceves, and Francisco Carrillo.

35.     The current owner of 4300 W. Ford City Drive, Unit A-603 (19-27-401-038-1033) is Oscar Mireles.

36.     The current owners of 4300 W. Ford City Drive, Unit A-703 (19-27-401-038-

15

1034) are John Golden and Mary Golden.

37.     The current owner of 4300 W. Ford City Drive, Unit A-803 (19-27-401-038-1035) is Steven T. Shuttleworth II.

38.     The current owners of 4300 W. Ford City Drive, Unit A-903 (19-27-401-038-1036) are Mary Biel and Ludwik Dziedzic. The current mortgagee is BMO Harris Bank, NA.

39.     The current owner of 4300 W. Ford City Drive, Unit A-1003 (19-27-401-038-1037) is Lisa S. McMath.

40.     The current owner of 4300 W. Ford City Drive, Unit A-1103 (19-27-401-038-1038) is Brent Watson.

41.     The current owners of 4300 W. Ford City Drive, Unit A-1203 (19-27-401-038-1039) are Toni Green and Michael Green.

42.     The current owner of 4300 W. Ford City Drive, Unit A-1303 (19-27-401-038-1040) is Bank of America, NA as successor-trustee of LaSalle Bank NA, as Trustee U/T/A 133767 DTD 1/11/2005. The last taxpayer of record is Loretta C. Maher.

43.     The current owner of 4300 W. Ford City Drive, Unit A-1403 (19-27-401-038-1041) is Kazimiera Ptak.

44.     The current owner of 4300 W. Ford City Drive, Unit A-1503 (19-27-401-038-1042) is Judy Griffin. The current mortgagee is NewRez, LLC.

45.     The current owner of 4300 W. Ford City Drive, Unit A-204 (19-27-401-038-1043) is Lisa D. Sampson. The current mortgagee is JP Morgan Chase Bank, NA.

46.     The current owner of 4300 W. Ford City Drive, Unit A-304 (19-27-401-038-1044) is Pamela Jefferson.

47.     The current owner of 4300 W. Ford City Drive, Unit A-404 (19-27-401-038-1045) is Edward Coleman.

48.     The current owner of 4300 W. Ford City Drive, Unit A-504 (19-27-401-038-1046) is Takada V. Dixon. The current mortgagee is US Bank, NA, as Trustee.

49.     The current owner of 4300 W. Ford City Drive, Unit A-604 (19-27-401-038-1047) is DLJ Mortgage Capital, Inc.

50.     The current owner of 4300 W. Ford City Drive, Unit A-704 (19-27-401-038-

FILED DATE: 8/21/2025 3:50 PM    20231401241

1048) is David Kyselica.

51.    The current owner of 4300 W. Ford City Drive, Unit A-804 (19-27-401-038-1049) is Chicago Title Land Trust Co. U/T/A 8002379440 DTD 1/28/2019. A possible party of interest is Joseph Chavez.

52.    The current owner of 4300 W. Ford City Drive, Unit A-904 (19-27-401-038-1050) is Cecylia Guros.

53.    The current owner of 4300 W. Ford City Drive, Unit A-1004 (19-27-401-038-1051) is Vinayak Lawande.

54.    The current owner of 4300 W. Ford City Drive, Unit A-1104 (19-27-401-038-1052) is Anna Wojas.

55.    The current owner of 4300 W. Ford City Drive, Unit A-1204 (19-27-401-038-1053) is Marc Jandura.

56.    The current owner of 4300 W. Ford City Drive, Unit A-1304 (19-27-401-038-1054) is Gary Powell.

57.    The current owner of 4300 W. Ford City Drive, Unit A-1404 (19-27-401-038-1055) is Liliana Abad Fierro.

58.    The current owner of 4300 W. Ford City Drive, Unit A-1504 (19-27-401-038-1056) is Kimberly Wagner.

59.    The current owner of 4300 W. Ford City Drive, Unit A-205 (19-27-401-038-1057) is Desiree Sanchez. The current mortgagee is Wells Fargo Bank, NA.

60.    The current owners of 4300 W. Ford City Drive, Unit A-305 (19-27-401-038-1058) are Naftali Espino and Katherine Espino.

61.    The current owner of 4300 W. Ford City Drive, Unit A-405 (19-27-401-038-1059) is Annette Wofford.

62.    The current owner of 4300 W. Ford City Drive, Unit A-505 (19-27-401-038-1060) is The George Polymenakos Revocable Trust DTD 10/5/2017. The trustee is George Polymenakos.

63.    The current owner of 4300 W. Ford City Drive, Unit A-605 (19-27-401-038-1061) is Yurong Han. The last taxpayer of record is Manuel Carmona.

64.    The current owners of 4300 W. Ford City Drive, Unit A-705 (19-27-401-038-

17

FILED DATE: 8/21/2025 3:50 PM    20231401241

1062) are Gabriela Santamaria and Abraham E. Santamaria.

65.     The current owner of 4300 W. Ford City Drive, Unit A-805 (19-27-401-038-1063) is Dennis Nash. The current mortgagees are Freedom Mortgage Corporation and Mortgage Electronic Registration Systems, Inc.

66.     The current owner of 4300 W. Ford City Drive, Unit A-905 (19-27-401-038-1064) is Donyetta Dockery.

67.     The current owner of 4300 W. Ford City Drive, Unit A-1005 (19-27-401-038-1065) is Barbara J. Banks. The current mortgagee is Mortgage Electronic Registration Systems, Inc.

68.     The current owner of 4300 W. Ford City Drive, Unit A-1105 (19-27-401-038-1066) is Vanessa Milton. The current mortgage holder is Deutsche Bank National Trust Company, as Trustee.

69.     The current owner of 4300 W. Ford City Drive, Unit A-1205 (19-27-401-038-1067) is Deutsche Bank National Trust Company, as Trustee. A possible interested party is Daphnee Brownlee.

70.     The current owner of 4300 W. Ford City Drive, Unit A-1305 (19-27-401-038-1068) is Charlene L. Appling Trust DTD 12/7/2020. The trustee is Bryan Appling. The current mortgagee is Bank of America, NA.

71.     The current owner of 4300 W. Ford City Drive, Unit A-1405 (19-27-401-038-1069) is Arcadia Management Group, LLC. The current promissory note holder is Chun Yi Hsu. Promissory note beneficiaries are Shin-Rong Liu and Amy Liu.

72.     The current owners of 4300 W. Ford City Drive, Unit A-1505 (19-27-401-038-1070) is Joey Gilb.

73.     The current owner of 4300 W. Ford City Drive, Unit A-206 (19-27-401-038-1071) is Arturo F. Hernandez.

74.     The current owners of 4300 W. Ford City Drive, Unit A-306 (19-27-401-038-1072) are Muneeb Alam and Zeshan Mallhi.

75.     The current owner of 4300 W. Ford City Drive, Unit A-406 (19-27-401-038-1073) is Sweet Home Chicago Management, LLC.

76.     The current owner of 4300 W. Ford City Drive, Unit A-506 (19-27-401-038-

FILED DATE: 8/21/2025 3:50 PM    20231401241

1074) is Maria E. Rodriguez Ramos. A possible party of interest is Fairfield Buildings, LLC.

77.     The current owner of 4300 W. Ford City Drive, Unit A-606 (19-27-401-038-1075) is Chicago Title Land Trust Co., as Successor-Trustee U/T/A#503 DTD 4/23/1979. The last taxpayer of record is Mary L. Vaughn.

78.      The current owner of 4300 W. Ford City Drive, Unit A-706 (19-27-401-038-1076) is Vinayak Lawande.

79.      The current owner of 4300 W. Ford City Drive, Unit A-806 (19-27-401-038-1077) is Francisco Carrillo.

80.     The current owner of 4300 W. Ford City Drive, Unit A-906 (19-27-401-038-1078) is Hilda Zmora.

81.     The current owner of 4300 W. Ford City Drive, Unit A-1006 (19-27-401-038-1079) is Rodolfo Chavez.

82.     The current owner of 4300 W. Ford City Drive, Unit A-1106 (19-27-401-038-1080) is Raymundo Torres.

83.     The current owner of 4300 W. Ford City Drive, Unit A-1206 (19-27-401-038-1081) is Arcadia Management Group, LLC. The current mortgagee is Beneficial Illinois Inc.

84.     The current owner of 4300 W. Ford City Drive, Unit A-1306 (19-27-401-038-1082) is Jose Garcia.

85.     The current owners of 4300 W. Ford City Drive, Unit A-1406 (19-27-401-038-1083) are Arshan Alamgir and Bushra Durrani.

86.     The current owners of 4300 W. Ford City Drive, Unit A-1506 (19-27-401-038-1084) are Alejandro Andrade-Lara and Devon Dane Murray.

87.     The current owner of 4300 W. Ford City Drive, Unit A-207 (19-27-401-038-1085) is Terry Densmore.

88.     The current owner of 4300 W. Ford City Drive, Unit A-307 (19-27-401-038-1086) is Edgar Frutos Torres.

89.     The current owner of 4300 W. Ford City Drive, Unit A-407 (19-27-401-038-1087) is Leonard J. Woods.

FILED DATE: 8/21/2025 3:50 PM    20231401241

90.    The current owner of 4300 W. Ford City Drive, Unit A-507 (19-27-401-038-1088) is Leokadia Mosio.

91.    The current owner of 4300 W. Ford City Drive, Unit A-607 (19-27-401-038-1089) is Ade Ogunsanya a/k/a Adetokunbo Ogunsanya a/k/a Adetokunbo O. Tejuoso.

92.    The current owner of 4300 W. Ford City Drive, Unit A-707 (19-27-401-038-1090) is James Frank Dalu.

93.    The current owner of 4300 W. Ford City Drive, Unit A-807 (19-27-401-038-1091) is Margaret Furness. The current mortgagee is CitiMortgage Inc. The last taxpayer of record is GPAM Properties, LLC.

94.    The current owner of 4300 W. Ford City Drive, Unit A-907 (19-27-401-038-1092) is Erica Salinas. A possible party of interest is Hilda Zmora.

95.    The current owner of 4300 W. Ford City Drive, Unit A-1007 (19-27-401-038-1093) is Manuela Sanchez Flores. The last taxpayer of record is Diego Hernandez.

96.    The current owner of 4300 W. Ford City Drive, Unit A-1107 (19-27-401-038-1094) is Vinayak Lawande.

97.    The current owner of 4300 W. Ford City Drive, Unit A-1207 (19-27-401-038-1095) is Truth Empires, LLC.

98.    The current owner of 4300 W. Ford City Drive, Unit A-1307 (19-27-401-038-1096) is Akram Shahid. The current mortgagee is New Residential Mortgage, LLC.

99.    The current owner of 4300 W. Ford City Drive, Unit A-1407 (19-27-401-038-1097) is Martha Rocha.

100.    The current owner of 4300 W. Ford City Drive, Unit A-1507 (19-27-401-038-1098) is Erica Salinas. A possible party of interest is Melissa Rangel.

101.    The current owner of 4300 W. Ford City Drive, Unit A-208 (19-27-401-038-1099) is Stephen Monte Henson.

102.    The current owners of 4300 W. Ford City Drive, Unit A-308 (19-27-401-038-1100) are Winston McKoy and Hatuey McKoy.

103.    The current owner of 4300 W. Ford City Drive, Unit A-408 (19-27-401-038-1101) is Zarah Dulay.

104.    The current owners of 4300 W. Ford City Drive, Unit A-508 (19-27-401-038-

FILED DATE: 8/21/2025 3:50 PM 20231401241

1102) are Winston McKoy and Hatuey McKoy. A possible party of interest is Camryn Burnett.

105. The current owners of 4300 W. Ford City Drive, Unit A-608 (19-27-401-038-1103) are Winston McKoy and Hatuey McKoy.

106. The current owner of 4300 W. Ford City Drive, Unit A-708 (19-27-401-038-1104) is Diego D. Andrade. A possible party of interest is Pablo Andrade.

107. The current owner of 4300 W. Ford City Drive, Unit A-808 (19-27-401-038-1105) is Culebra Capital, LLC. A possible party of interest is Wendy Watson.

108. The current owner of 4300 W. Ford City Drive, Unit A-908 (19-27-401-038-1106) is Hilda Zmora. A possible party of interest is Elzbeita Morawa.

109. The current owner of 4300 W. Ford City Drive, Unit A-1008 (19-27-401-038-1107) is Zarah Dulay.

110. The current owner of 4300 W. Ford City Drive, Unit A-1108 (19-27-401-038-1108) is Ade Ogunsanya a/k/a Adetokunbo Ogunsanya a/k/a Adetokunbo O. Tejuoso.

111. The current owner of 4300 W. Ford City Drive, Unit A-1208 (19-27-401-038-1109) is The Estate of Joan P. Moore.

112. The current owners of 4300 W. Ford City Drive, Unit A-1308 (19-27-401-038-1110) are Winston McKoy and Hatuey McKoy.

113. The current owners of 4300 W. Ford City Drive, Unit A-1408 (19-27-401-038-1111) are Analilia Carrillo and Juan Carrillo. The last taxpayer of record is Liliana Abad Fierro.

114. The current owner of 4300 W. Ford City Drive, Unit A-1508 (19-27-401-038-1112) is Susan O'Neal. The current mortgagee is Forethought Life Insurance Company C/O Select Portfolio Servicing, Inc.

115. The current owner of 4300 W. Ford City Drive, Unit A-209 (19-27-401-038-1113) is Susan M. Gniadecki.

116. The current owner of 4300 W. Ford City Drive, Unit A-309 (19-27-401-038-1114) is Magaly Z. Garcia a/k/a Maggie Garcia.

117. The current owner of 4300 W. Ford City Drive, Unit A-409 (19-27-401-038-1115) is Anton J. Watkins. A possible party of interest is DSI Holdings Corp.

118. The current owner of 4300 W. Ford City Drive, Unit A-509 (19-27-401-038-1116) is Ade Ogunsanya a/k/a Adetokunbo Ogunsanya a/k/a Adetokunbo O. Tejuoso.

119. The current owner of 4300 W. Ford City Drive, Unit A-609 (19-27-401-038-1117) is Irena A. Bagdady. The last taxpayer of record is Eminent Management Service, Inc.

120. The current owner of 4300 W. Ford City Drive, Unit A-709 (19-27-401-038-1118) is Henry K. Wojcikowski. The current mortgagee is Argent Mortgage Company, LLC. A possible interested party is Stan Wojcikowski.

121. The current owner of 4300 W. Ford City Drive, Unit A-809 (19-27-401-038-1119) is Enrique Cervantes.

122. The current owner of 4300 W. Ford City Drive, Unit A-909 (19-27-401-038-1120) is Margarita Flores.

123. The current owner of 4300 W. Ford City Drive, Unit A-1009 (19-27-401-038-1121) is Manna Property Investment, LLC. A possible party of interest Alfredo Castillo.

124. The current owners of 4300 W. Ford City Drive, Unit A-1109 (19-27-401-038-1122) are Viridiana Alcantar Villegas and Felipe Solorzano Maya.

125. The current owner of 4300 W. Ford City Drive, Unit A-1209 (19-27-401-038-1123) is Lyubomir Alexandrov.

126. The current owner of 4300 W. Ford City Drive, Unit A-1309 (19-27-401-038-1124) is Believe In Thine Heart Ministries.

127. The current owner of 4300 W. Ford City Drive, Unit A-1409 (19-27-401-038-1125) is Manna Property Investment. The last taxpayer of record is Ade Ogunsanya a/k/a Adetokunbo Ogunsanya a/k/a Adetokunbo O. Tejuoso.

128. The current owner of 4300 W. Ford City Drive, Unit A-1509 (19-27-401-038-1126) is Equity Trust Co., custodian FBO Christine Hsu IRA AC#200341381. A possible interested party is Christine Hsu.

129. The current owner of 4300 W. Ford City Drive, Unit A-210 (19-27-401-038-1127) is Estela Flores. A possible party of interest is Modesta Marchetti.

130. The current owner of 4300 W. Ford City Drive, Unit A-310 (19-27-401-038-1128) is Tanisha Malley.

FILED DATE: 8/21/2025 3:50 PM    20231401241

FILED DATE: 8/21/2025 3:50 PM    20231401241

131. The current owner of 4300 W. Ford City Drive, Unit A-410 (19-27-401-038-1129) is Hilda Zmora.

132. The current owner of 4300 W. Ford City Drive, Unit A-510 (19-27-401-038-1130) is Agnes C. Murphy. The current mortgagee is NewRez, LLC d/b/a Shellpoint Mortgage Servicing.

133. The current owners of 4300 W. Ford City Drive, Unit A-610 (19-27-401-038-1131) are Raymundo Torres and Luis A. Gonzalez.

134. The current owner of 4300 W. Ford City Drive, Unit A-710 (19-27-401-038-1132) is George Spatharakis.

135. The current owner of 4300 W. Ford City Drive, Unit A-810 (19-27-401-038-1133) is Equity Trust Co., custodian FBO Christine Hsu IRA AC#200341381. A possible interested party is Christine Hsu.

136. The current owners of 4300 W. Ford City Drive, Unit A-910 (19-27-401-038-1134) are Josef Brzek and Ewa Brzek.

137. The current owner of 4300 W. Ford City Drive, Unit A-1010 (19-27-401-038-1135) is Kimberly Wagner.

138. The current owner of 4300 W. Ford City Drive, Unit A-1110 (19-27-401-038-1136) is Chicago Title Land Trust Trust #8002392933. The last taxpayer of record is Erma J. Thomas. The current mortgagee is Wells Fargo Bank, NA. Rochanna Johnson is named as a possibly interested party.

139. The current owner of 4300 W. Ford City Drive, Unit A-1210 (19-27-401-038-1137) is Ramona Beras Torres.

140. The current owner of 4300 W. Ford City Drive, Unit A-1310 (19-27-401-038-1138) is Julius A. Hannon. The current mortgage holder is ABN AMRO Mortgage Group, Inc.

141. The current owner of 4300 W. Ford City Drive, Unit A-1410 (19-27-401-038-1139) is Anna Wojas. The current mortgage holder is RBS Citizens, NA.

142. The current owner of 4300 W. Ford City Drive, Unit A-1510 (19-27-401-038-1140) is Jose Olaf Gayton. A possible party of interest is Raymond Rogoz.

143. The current owner of 4350 W. Ford City Drive, Unit B1-101 (19-27-401-038-

FILED DATE: 8/21/2025 3:50 PM          20231401241

1141) is Midland Federal Savings & Loan Association as Trustee for Trust #1484.

144. The current owner of 4350 W. Ford City Drive, Unit B1-201 (19-27-401-038-1142) is Damarra Edinburg. The current mortgage holders are JP Morgan Chase Bank, NA; First Franklin Financial Corporation; and Deutsche Bank National Trust Company, as Trustee.

145. The current owner of 4350 W. Ford City Drive, Unit B1-301 (19-27-401-038-1143) is GPAM Properties, LLC. The current mortgage holder is US Bank, NA, as Trustee. The last taxpayer of record is Martha Hernandez.

146. The current owner of 4350 W. Ford City Drive, Unit B1-401 (19-27-401-038-1144) is Youssef Doleh.

147. The current owner of 4350 W. Ford City Drive, Unit B1-501 (19-27-401-038-1145) is Myron Coleman.

148. The current owners of 4350 W. Ford City Drive, Unit B1-102 (19-27-401-038-1146) are Gregory L. Castile.

149. The current owner of 4350 W. Ford City Drive, Unit B1-202 (19-27-401-038-1147) is Angelo J. Cruz. The current mortgagee is CitiBank, FSB.

150. The current owner of 4350 W. Ford City Drive, Unit B1-302 (19-27-401-038-1148) is US Bank Trust Company NA, as Trustee, as Successor-In-Interest to US Bank, NA, as Trustee for MASTR Asset Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates, Series 2006-HE5.

151. The current owner of 4350 W. Ford City Drive, Unit B1-402 (19-27-401-038-1149) is American Tax Lien LLC.

152. The current owners of 4350 W. Ford City Drive, Unit B1-502 (19-27-401-038-1150) are Martin Aceves Angulo and Rosalinda Delgadillo. A possible party of interest is Rosalinda Alonso.

153. The current owner of 4350 W. Ford City Drive, Unit B1-203 (19-27-401-038-1151) is The George Polymenakos Revocable Trust DTD 10/5/2017. The last taxpayer of record is George Polymenakos.

154. The current owner of 4350 W. Ford City Drive, Unit B1-303 (19-27-401-038-1152) is Heirs and Legatees of Thelma Moore. The current mortgagee is Nationstar

Mortgage, LLC. The last taxpayer of record is Birdene Mills.

155. The current owner of 4350 W. Ford City Drive, Unit B1-403 (19-27-401-038-1153) is Roman Lira.

156. The current owner of 4350 W. Ford City Drive, Unit B1-503 (19-27-401-038-1154) is Sree Pachamma Properties, LLC. A possible party of interest is Clifford Johnson.

157. The current owner of 4350 W. Ford City Drive, Unit B1-104 (19-27-401-038-1155) is Gervase Bolden. A possible party of interest is Frank Carrillo.

158. The current owner of 4350 W. Ford City Drive, Unit B1-204 (19-27-401-038-1156) is Juan Carlos Camarena.

159. The current owner of 4350 W. Ford City Drive, Unit B1-304 (19-27-401-038-1157) is Mayowa Uche Okobie.

160. The current owner of 4350 W. Ford City Drive, Unit B1-404 (19-27-401-038-1158) is Godwin Omwanghe a/k/a Godwin Omawanche. The current mortgagees are US Bank, NA, as Trustee, and JP Morgan Chase Bank, NA.

161. The current owner of 4350 W. Ford City Drive, Unit B1-504 (19-27-401-038-1159) is Gabriela Santamaria.

162. The current owners of 4350 W. Ford City Drive, Unit B1-105 (19-27-401-038-1160) are Blanca Estella Diaz-Cruz and Gabriel Garcia Avila.

163. The current owner of 4350 W. Ford City Drive, Unit B1-205 (19-27-401-038-1161) is Roberta Sweeper. The current mortgagee is Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2019-3

164. The current owner of 4350 W. Ford City Drive, Unit B1-305 (19-27-401-038-1162) is Thelma Swims. The current mortgagee is Green Tree Servicing, LLC and Mortgage Electronic Registration Systems, Inc.

165. The current owners of 4350 W. Ford City Drive, Unit B1-405 (19-27-401-038-1163) are Edgardo Aleman and Esperanza Macias. The current mortgagee is The Huntington National Bank.

166. The current owner of 4350 W. Ford City Drive, Unit B1-505 (19-27-401-038-

FILED DATE: 8/21/2025 3:50 PM    20231401241

FILED DATE: 8/21/2025 3:50 PM    20231401241

1164) is Pauline C. Prater.

167.   The current owner of 4350 W. Ford City Drive, Unit B1-206 (19-27-401-038-1165) is Wayne Holloway. The current mortgagees are The Bank of New York, as Trustee, and Mortgage Electronic Registration Systems, Inc. The last taxpayer of record is Thornwood Partners, LTD.

168.   The current owner of 4350 W. Ford City Drive, Unit B1-306 (19-27-401-038-1166) is The George Polymenakos Revocable Trust DTD 10/5/2017. The last taxpayer of record is George Polymenakos.

169.   The current owner of 4350 W. Ford City Drive, Unit B1-406 (19-27-401-038-1167) is Michael T. Rzasa.

170.   The current owner of 4350 W. Ford City Drive, Unit B1-506 (19-27-401-038-1168) is Brenda J. Allen-Ballard.

171.   The current owner of 4350 W. Ford City Drive, Unit B1-207 (19-27-401-038-1169) is Chicago Title Land Trust #8002392426. The last taxpayer of record is Teresa Shaw. A possible interested party is Irene Jones.

172.   The current owners of 4350 W. Ford City Drive, Unit B1-307 (19-27-401-038-1170) are Alberto Abel Bellido and Clara Olivares. A possible party of interest is Brent Watson.

173.   The current owners of 4350 W. Ford City Drive, Unit B1-407 (19-27-401-038-1171) are Winston McKoy.

174.   The current owners of 4350 W. Ford City Drive, Unit B1-507 (19-27-401-038-1172) are Thomas Lorek and Mushiya Lorek.

175.   The current owner of 4350 W. Ford City Drive, Unit B1-108 (19-27-401-038-1173) is Leticia Solis. The current mortgagee is Citizens Bank, NA. A possible party of interest is Leticia Gamboa.

176.   The current owner of 4350 W. Ford City Drive, Unit B1-208 (19-27-401-038-1174) is Althea Y. Anderson.

177.   The current owner of 4350 W. Ford City Drive, Unit B1-308 (19-27-401-038-1175) is Joanna Stallworth. The current mortgagees are American Home Mortgage Corp. D/B/A American Brokers Conduit and Mortgage Electronic Registration Systems,

Inc.

178.   The current owners of 4350 W. Ford City Drive, Unit B1-408 (19-27-401-038-1176) are Terry Jones and Gregory L. Jones.

179.   The current owner of 4350 W. Ford City Drive, Unit B1-508 (19-27-401-038-1177) is Analilia Carrillo. A possible party of interest is Liliana Abad Fierro.

180.   The current owner of 4280 W. Ford City Drive, Unit B2-101 (19-27-401-038-1178) is Winston McKoy.

181.   The current owners of 4280 W. Ford City Drive, Unit B2-201 (19-27-401-038-1179) are Alberto Ocampo and Crisostoma Flores De Ocampo.

182.   The current owner of 4280 W. Ford City Drive, Unit B2-301 (19-27-401-038-1180) is Homes For Veterans Co. The last taxpayer of record is Sarah Johnson.

183.   The current owners of 4280 W. Ford City Drive, Unit B2-401 (19-27-401-038-1181) are Bruce Lance II and Joyce Lance.

184.   The current owner of 4280 W. Ford City Drive, Unit B2-501 (19-27-401-038-1182) is Berta L. Clavijo.

185.   The current owners of 4280 W. Ford City Drive, Unit B2-102 (19-27-401-038-1183) are Winston McKoy and Hatuey McKoy. A possible party of interest is Michael Ellis Johnson.

186.   The current owner of 4280 W. Ford City Drive, Unit B2-202 (19-27-401-038-1184) is Lisa P. Mayfield. The current mortgagee is The Huntington National Bank.

187.   The current owner of 4280 W. Ford City Drive, Unit B2-302 (19-27-401-038-1185) is Laura P. Olvera.

188.   The current owners of 4280 W. Ford City Drive, Unit B2-402 (19-27-401-038-1186) are Saul Arellano and Lore J. Martinez.

189.   The current owner of 4280 W. Ford City Drive, Unit B2-502 (19-27-401-038-1187) is The McElroy Trust UTD DTD 3/17/1998. The last taxpayer of record is Bertram McElroy.

190.   The current owner of 4280 W. Ford City Drive, Unit B2-203 (19-27-401-038-1188) is Zenaida Garcia.

191.   The current owner of 4280 W. Ford City Drive, Unit B2-303 (19-27-401-038-

FILED DATE: 8/21/2025 3:50 PM   20231401241

FILED DATE: 8/21/2025 3:50 PM    20231401241

1189) is Nathaniel K. Boston. The current mortgagee is HSBC Bank USA, NA, as Trustee.

192.    The current owner of 4280 W. Ford City Drive, Unit B2-403 (19-27-401-038-1190) is Atanas I. Petrichki and Ivan A. Petrichki.

193.    The current owner of 4280 W. Ford City Drive, Unit B2-503 (19-27-401-038-1191) is Victor Navarro. The current mortgagee is The Huntington National Bank. The last taxpayer of record is Jenniffer I. Menendez.

194.    The current owner of 4280 W. Ford City Drive, Unit B2-104 (19-27-401-038-1192) is Christopher Ramey. The current mortgagee is US Bank NA, as Trustee.

195.    The current owners of 4280 W. Ford City Drive, Unit B2-204 (19-27-401-038-1193) are Javier Tapia and Cristina M. Tapia.

196.    The current owner of 4280 W. Ford City Drive, Unit B2-304 (19-27-401-038-1194) is Daniel Lobbins.

197.    The current owners of 4280 W. Ford City Drive, Unit B2-404 (19-27-401-038-1195) are Winston McKoy and Hatuey McKoy. The current mortgagee is Van Oak Capital, LLC. A possible party of interest is Patricia Obard.

198.    The current owner of 4280 W. Ford City Drive, Unit B2-504 (19-27-401-038-1196) is Marquette Bank, as Trustee U/T/A 30704 DTD 7/28/2021. The current mortgagee is JP Morgan Chase Bank, NA. Possible parties of interest are Antoni Chmielewski and Jadwiga Chmielewski.

199.    The current owners of 4280 W. Ford City Drive, Unit B2-105 (19-27-401-038-1197) are Eugena Henry and Jessica Lewis.

200.    The current owner of 4280 W. Ford City Drive, Unit B2-205 (19-27-401-038-1198) is Manuela D. Taylor-Williams

201.    The current owners of 4280 W. Ford City Drive, Unit B2-305 (19-27-401-038-1199) are Brent C. Watson and Wendy J. Watson. The last taxpayer of record is Nazario Chavez.

202.    The current owner of 4280 W. Ford City Drive, Unit B2-405 (19-27-401-038-1200) is The George Polymenakos Revocable Trust DTD 10/5/2017. A possible party of interest is Yasmin Ibrahim.

28

FILED DATE: 8/21/2025 3:50 PM  20231401241

203. The current owner of 4280 W. Ford City Drive, Unit B2-505 (19-27-401-038-1201) is The George Polymenakos Revocable Trust DTD 10/5/2017.

204. The current owner of 4280 W. Ford City Drive, Unit B2-206 (19-27-401-038-1202) is Leethel Franklin. The current mortgagee is The Huntington National Bank.

205. The current owner of 4280 W. Ford City Drive, Unit B2-306 (19-27-401-038-1203) is Josephine E. Johnson.

206. The current owner of 4280 W. Ford City Drive, Unit B2-406 (19-27-401-038-1204) is Desiree Skipper.

207. The current owners of 4280 W. Ford City Drive, Unit B2-506 (19-27-401-038-1205) is Ina M. Wise.

208. The current owner of 4280 W. Ford City Drive, Unit B2-207 (19-27-401-038-1206) is Carla M. Davis.

209. The current owner of 4280 W. Ford City Drive, Unit B2-307 (19-27-401-038-1207) is John M. Smith. The beneficiaries of a transfer on death instrument are Shirley Mia Smith and Burton Wayne Smith.

210. The current owner of 4280 W. Ford City Drive, Unit B2-407 (19-27-401-038-1208) is Mayowa Uche Okorie. A possible party of interest is Mojisola Oguachuba.

211. The current owner of 4280 W. Ford City Drive, Unit B2-507 (19-27-401-038-1209) is RNM Future, LLC.

212. The current owner of 4280 W. Ford City Drive, Unit B2-108 (19-27-401-038-1210) is Ricardo Garcia.

213. The current owner of 4280 W. Ford City Drive, Unit B2-208 (19-27-401-038-1211) is RV Holdings Three, LLC. A possible party of interest is Carlos Munoz.

214. The current owner of 4280 W. Ford City Drive, Unit B2-308 (19-27-401-038-1212) is Diane Devroe. A possible party of interest is Daniel Lobbins.

215. The current owner of 4280 W. Ford City Drive, Unit B2-408 (19-27-401-038-1213) is The Lorene M. Mims 2023 Trust dated 6/16/2023. Lorene Mims is Trustee of the Trust-Owner.

216. The current owner of 4280 W. Ford City Drive, Unit B2-508 (19-27-401-038-1214) is Chicago Title Land Trust Co., as Trustee U/T/A 8002382660. A possible party

FILED DATE: 8/21/2025 3:50 PM    20231401241

of interest is Delores Robinson.

217.   The current owners of 4351 W. 76th St., Unit C1-101 (19-27-401-038-1215) are Jose R. Constante and Maria I. Farias. A possible party of interest is Nicole Constante.

218.   The current owner of 4351 W. 76th St., Unit C1-201 (19-27-401-038-1216) is Tonia Ponce.

219.   The current owner of 4351 W. 76th St., Unit C1-301 (19-27-401-038-1217) is US Bank, NA, as Trustee. A possible party of interest is Louis E. Hennerich.

220.   The current owner of 4351 W. 76th St., Unit C1-401 (19-27-401-038-1218) is Maria Dominguez. The current mortgagee is The Bank of New York Mellon, as Trustee. A possible party of interest is Ignacio Dominguez Perez.

221.   The current owner of 4351 W. 76th St., Unit C1-501 (19-27-401-038-1219) is American National Bank, as Trustee U/T/A 43810 DTD 9/1/1978. The last taxpayer of record is George Novogroder.

222.   The current owner of 4351 W. 76th St., Unit C1-202 (19-27-401-038-1220) is Alberto Padilla Jr. The current mortgage holder is CIM Trust 2017-7.

223.   The current owners of 4351 W. 76th St., Unit C1-302 (19-27-401-038-1221) are Angel Zarazua and Adriana Mendoza. A possible party of interest is Juan Mendoza.

224.   The current owner of 4351 W. 76th St., Unit C1-402 (19-27-401-038-1222) is Salvador Farias. Weiss Ortiz P.C. is a judgment lienholder.

225.   The current owners of 4351 W. 76th St., Unit C1-502 (19-27-401-038-1223) are Jorge A. Iniguez and Alejandra Guzman.

226.   The current owner of 4351 W. 76th St., Unit C1-103 (19-27-401-038-1224) is Domenicos Kosteris. The last taxpayer of record is Francisco Carrillo.

227.   The current owner of 4351 W. 76th St., Unit C1-203 (19-27-401-038-1225) is The Road To Righteousness Foundation, Inc.

228.   The current owner of 4351 W. 76th St., Unit C1-303 (19-27-401-038-1226) is Efren Ruiz. The last taxpayer of record is Thornwood Partners, LTD.

229.   The current owner of 4351 W. 76th St., Unit C1-403 (19-27-401-038-1227) is Maria R. Padilla. The current mortgagees are American Home Mortgage and Mortgage Electronic Registration Systems, Inc.

FILED DATE: 8/21/2025 3:50 PM    20231401241

230. The current owner of 4351 W. 76th St., Unit C1-503 (19-27-401-038-1228) is Emmanuel Oforum.

231. The current owner of 4351 W. 76th St., Unit C1-104 (19-27-401-038-1229) is Adriana Vazquez.

232. The current owner of 4351 W. 76th St., Unit C1-204 (19-27-401-038-1230) is Bylegacy Team, Inc. The last taxpayer of record is Gabriela Santamaria.

233. The current owner of 4351 W. 76th St., Unit C1-304 (19-27-401-038-1231) is Priscila Esther Torres Jimenez. A possible party of interest is Modesta Marchetti.

234. The current owner of 4351 W. 76th St., Unit C1-404 (19-27-401-038-1232) is American National Bank, as Trustee U/T/A 43810 DTD 9/1/1978. The last taxpayer of record is George Novogroder.

235. The current owner of 4351 W. 76th St., Unit C1-504 (19-27-401-038-1233) is Calvin Reese and Darnell Cortez Reese.

236. The current owner of 4351 W. 76th St., Unit C1-105 (19-27-401-038-1234) is Fouad M. Doolah. A possible party of interest is Yosseff Doleh.

237. The current owner of 4351 W. 76th St., Unit C1-205 (19-27-401-038-1235) is Hilda M. Zmora.

238. The current owner of 4351 W. 76th St., Unit C1-305 (19-27-401-038-1236) is Kenneth L. Wright.

239. The current owner of 4351 W. 76th St., Unit C1-405 (19-27-401-038-1237) is Zenaida Garcia.

240. The current owner of 4351 W. 76th St., Unit C1-505 (19-27-401-038-1238) is Anthony J. Coleman.

241. The current owner of 4351 W. 76th St., Unit C1-206 (19-27-401-038-1239) is Thornwood Partners, LTD.

242. The current owners of 4351 W. 76th St., Unit C1-306 (19-27-401-038-1240) are Isaac Wilson and Enjolique Wilson. A possible party of interest is Vinizius Quaresma.

243. The current owner of 4351 W. 76th St., Unit C1-406 (19-27-401-038-1241) is Jorge Agustin Frutos Torres.

244. The current owner of 4351 W. 76th St., Unit C1-506 (19-27-401-038-1242) is

FILED DATE: 8/21/2025 3:50 PM    20231401241

Aaron C. Jackson.

245. The current owners of 4351 W. 76th St., Unit C1-207 (19-27-401-038-1243) are Cyris Watson and Jamia Bray.

246. The current owner of 4351 W. 76th St., Unit C1-307 (19-27-401-038-1244) is Manna Property Investments, LLC. The current mortgagee is Y&R 1 Opportunity Fund, LLC. The last taxpayer of record is Bertha Saucedo.

247. The current owner of 4351 W. 76th St., Unit C1-407 (19-27-401-038-1245) is Laura A. Gomez.

248. The current owner of 4351 W. 76th St., Unit C1-507 (19-27-401-038-1246) is Aisha Rice.

249. The current owner of 4351 W. 76th St., Unit C1-108 (19-27-401-038-1247) is Vinayak Lawande.

250. The current owner of 4351 W. 76th St., Unit C1-208 (19-27-401-038-1248) is Dorothy R. Hardy.

251. The current owner of 4351 W. 76th St., Unit C1-308 (19-27-401-038-1249) is Israel Miranda Teixeira.

252. The current owner of 4351 W. 76th St., Unit C1-408 (19-27-401-038-1250) is Manna Property Investment, LLC.

253. The current owner of 4351 W. 76th St., Unit C1-508 (19-27-401-038-1251) is Marlon Fortineaux.

254. The current owners of 4281 W. 76th St., Unit C2-101 (19-27-401-038-1252) are Alberto Abel Bellido and Clara Olivares.

255. The current owner of 4281 W. 76th St., Unit C2-201 (19-27-401-038-1253) is The George Polymenakos Revocable Trust DTD 10/5/2017. A possible interested party is Robert Hudson.

256. The current owners of 4281 W. 76th St., Unit C2-301 (19-27-401-038-1254) are Jose J. Garcia, Amparo Garcia, and David J. Garcia.

257. The current owner of 4281 W. 76th St., Unit C2-401 (19-27-401-038-1255) is Maria J. Magana. The last taxpayer of record is Victor E. Manzo.

258. The current owner of 4281 W. 76th St., Unit C2-501 (19-27-401-038-1256) is

FILED DATE: 8/21/2025 3:50 PM    20231401241

Kierra Barnes.

259.   The current owner of 4281 W. 76th St., Unit C2-202 (19-27-401-038-1257) is The George Polymenakos Revocable Trust DTD 10/5/2017.

260.   The current owner of 4281 W. 76th St., Unit C2-302 (19-27-401-038-1258) is Marc Jandura.

261.   The current owner of 4281 W. 76th St., Unit C2-402 (19-27-401-038-1259) is Chalese A. Conley. The current mortgagee is US Bank Trust NA, as Trustee for LB-Ranch Series V Trust. The last taxpayer of record is Michele J. Belousek.

262.   The current owner of 4281 W. 76th St., Unit C2-502 (19-27-401-038-1260) is Chicago Title Land Trust Co., as Trustee U/T/A 8002374731 DTD 5/10/2017. The current mortgagee is JP Morgan Chase Bank, NA. A possible interested party is Robert Hudson.

263.   The current owner of 4281 W. 76th St., Unit C2-103 (19-27-401-038-1261) is Anna Wojas.

264.   The current owner of 4281 W. 76th St., Unit C2-203 (19-27-401-038-1262) is Gregory Lapapa.

265.   The current owners of 4281 W. 76th St., Unit C2-303 (19-27-401-038-1263) are Alma Santana Octaviano and Maritza Cervantes.

266.   The current owners of 4281 W. 76th St., Unit C2-403 (19-27-401-038-1264) is The Joyce Bowles Revocable Living Trust DTD 7/26/2011. The last taxpayer of record is Joyce Bowles.

267.   The current owner of 4281 W. 76th St., Unit C2-503 (19-27-401-038-1265) is Francisco Carrillo.

268.   The current owner of 4281 W. 76th St., Unit C2-104 (19-27-401-038-1266) is Vinayak Lawande. The current mortgagee is JP Morgan Chase Bank, NA.

269.   The current owners of 4281 W. 76th St., Unit C2-204 (19-27-401-038-1267) are Juan M. Soliz and Nellie M. Cotton.

270.   The current owner of 4281 W. 76th St., Unit C2-304 (19-27-401-038-1268) is The George Polymenakos Revocable Trust. The last taxpayer of record is George Polymenakos, as Trustee. A possible party of interest is Yasmin Ibrahim.

FILED DATE: 8/21/2025 3:50 PM   20231401241

271. The current owner of 4281 W. 76th St., Unit C2-404 (19-27-401-038-1269) is Rajamer Jones. A possible party of interest is Carzie Jones.

272. The current owner of 4281 W. 76th St., Unit C2-504 (19-27-401-038-1270) is The George Polymenakos Revocable Trust. The last taxpayer of record is George Polymenakos, as Trustee. A possible party of interest is Yasmin Ibrahim.

273. The current owners of 4281 W. 76th St., Unit C2-105 (19-27-401-038-1271) are Dorothy Anderson and Rona Anderson. A possible party of interest is Hector Botello.

274. The current owner of 4281 W. 76th St., Unit C2-205 (19-27-401-038-1272) is Ziad H. Al Khatib. A possible party of interest is Ziad Khatatbeh.

275. The current owner of 4281 W. 76th St., Unit C2-305 (19-27-401-038-1273) is Sabine Desir. The current mortgage is JP Morgan Chase Bank, NA.

276. The current owner of 4281 W. 76th St., Unit C2-405 (19-27-401-038-1274) is Hector Botello.

277. The current owner of 4281 W. 76th St., Unit C2-505 (19-27-401-038-1275) is Diane L. Todd. The current mortgagee is The Bank of New York Mellon, as Trustee.

278. The current owner of 4281 W. 76th St., Unit C2-206 (19-27-401-038-1276) is Hilda Zmora.

279. The current owner of 4281 W. 76th St., Unit C2-306 (19-27-401-038-1277) is Martin Angelo Aceves. A possible party of interest is Olga Delgadillo Alonson.

280. The current owner of 4281 W. 76th St., Unit C2-406 (19-27-401-038-1278) is Tyree Pittman.

281. The current owner of 4281 W. 76th St., Unit C2-506 (19-27-401-038-1279) is Deborah Mitchell.

282. The current owner of 4281 W. 76th St., Unit C2-207 (19-27-401-038-1280) is Mohammed Abubaker.

283. The current owner of 4281 W. 76th St., Unit C2-307 (19-27-401-038-1281) is Arcadia Management Group, LLC. The current promissory note holder is Chun Yi Hsu.

284. The current owner of 4281 W. 76th St., Unit C2-407 (19-27-401-038-1282) is Divinity Properties, LLC.

285. The current owner of 4281 W. 76th St., Unit C2-507 (19-27-401-038-1283) is

Hyun W. Shin.

286.   The current owners of 4281 W. 76th St., Unit C2-108 (19-27-401-038-1284) are William A. Wilcher.

287.   The current owner of 4281 W. 76th St., Unit C2-208 (19-27-401-038-1285) is Magdi Odeh. The last taxpayer of record is Terrence Brown.

288.   The current owner of 4281 W. 76th St., Unit C2-308 (19-27-401-038-1286) is Mohammednajib A. Alkaraki.

289.   The current owners of 4281 W. 76th St., Unit C2-408 (19-27-401-038-1287) are Aleem Waheed and Shirley Waheed.

290.   The current owners of 4281 W. 76th St., Unit C2-508 (19-27-401-038-1288) are Winston McKoy and Hatuey McKoy.

291.   The current owner of 4262 W. Ford City Dr., Unit D1-101 (19-27-401-038-1289) is By Legacy LLC..

292.   The current owners of 4262 W. Ford City Dr., Unit D1-201 (19-27-401-038-1290) are Patrick Slattery and Maura Slattery Boyle.

293.   The current owner of 4262 W. Ford City Dr., Unit D1-102 (19-27-401-038-1291) is Ramona B. Reyes.

294.   The current owners of 4262 W. Ford City Dr., Unit D1-202 (19-27-401-038-1292) are Javier Urbina and Minerva Orduno.

295.   The current owner of 4262 W. Ford City Dr., Unit D1-103 (19-27-401-038-1293) is Araceli Martinez.

296.   The current owner of 4262 W. Ford City Dr., Unit D1-203 (19-27-401-038-1294) is Boguslaw Bil.

297.   The current owner of 4262 W. Ford City Dr., Unit D1-104 (19-27-401-038-1295) is The Huntington National Bank.

298.   The current owner of 4260 W. Ford City Dr., Unit D1-204 (19-27-401-038-1296) is The George Polymenakos Revocable Trust DTD 10/5/2017. The last taxpayer of record is George Polymenakos. A possible party of interest is Sam Ayyad.

299.   The current owner of 4260 W. Ford City Dr., Unit D1-105 (19-27-401-038-1297) is Marcelo Rodriguez-Garcia.

FILED DATE: 8/21/2025 3:50 PM    20231401241

FILED DATE: 8/21/2025 3:50 PM    20231401241

300. The current owners of 4260 W. Ford City Dr., Unit D1-205 (19-27-401-038-1298) is Boguslaw Bil.

301. The current owner of 4260 W. Ford City Dr., Unit D1-106 (19-27-401-038-1299) is Boguslaw Bil.

302. The current owner of 4260 W. Ford City Dr., Unit D1-206 (19-27-401-038-1300) is Marcelo Rodriguez-Garcia.

303. The current owner of 4262 W. Ford City Dr., Unit D1-107 (19-27-401-038-1301) is Irene M. Rufus.

304. The current owner of 4262 W. Ford City Dr., Unit D1-207 (19-27-401-038-1302) is Vinelle A. Myrie. The current mortgagee is First American Bank.

305. The current owner of 4262 W. Ford City Dr., Unit D1-108 (19-27-401-038-1303) is Amelia Pacheco.

306. The current owner of 4262 W. Ford City Dr., Unit D1-208 (19-27-401-038-1304) is Juana Reyes.

307. The current owner of 4261 W. 76th St., Unit D2-101 (19-27-401-038-1305) is RNM Future, LLC.

308. The current owner of 4261 W. 76th St., Unit D2-201 (19-27-401-038-1306) is Paula Mendez.

309. The current owners of 4261 W. 76th St., Unit D2-102 (19-27-401-038-1307) are Toni Green and Alicia Green.

310. The current owners of 4261 W. 76th St., Unit D2-202 (19-27-401-038-1308) are Winston McKoy and Hatuey McKoy.

311. The current owner of 4261 W. 76th St., Unit D2-103 (19-27-401-038-1309) is. Steven W. Rayside.

312. The current owner of 4261 W. 76th St., Unit D2-203 (19-27-401-038-1310) is Boguslaw Bil.

313. The current owner of 4261 W. 76th St., Unit D2-204 (19-27-401-038-1311) is PNC Bank, NA.

314. The current owner of 4261 W. 76th St., Unit D2-105 (19-27-401-038-1312) is Veronica McGraw. The current mortgagees are First NLC Financial Services, LLC and

Mortgage Electronic Registration Systems, Inc.

315. The current owner of 4261 W. 76th St., Unit D2-205 (19-27-401-038-1313) is Charlotte Howard.

316. The current owner of 4261 W. 76th St., Unit D2-106 (19-27-401-038-1314) is Arturo F. Hernandez.

317. The current owner of 4261 W. 76th St., Unit D2-206 (19-27-401-038-1315) is Esmeralda Rafaela Daly Rodriguez Revocable Living Trust DTD 5/8/2020. The last taxpayer of record is Esmeralda Rafaela Daly.

318. The current owner of 4261 W. 76th St., Unit D2-107 (19-27-401-038-1316) is Lincoln W. Seabrooks. The current mortgage is Citibank, FSB.

319. The current owner of 4261 W. 76th St., Unit D2-207 (19-27-401-038-1317) is Patricia T. Williams. Tracy Lynn Robinson is a beneficiary of a transfer on death instrument.

320. The current owner of 4261 W. 76th St., Unit D2-108 (19-27-401-038-1318) is Tiffany Flowers. The current mortgagee is NewRez, LLC.

321. The current owner of 4261 W. 76th St., Unit D2-108 (19-27-401-038-1319) is Claudette Walker.

322. The current owners of 4300 W. Ford City Drive, P-1 (19-27-401-038-1320) are Wendy Watson and Brent Watson. The last taxpayer of record is Dennis Baker.

323. The current owners of 4300 W. Ford City Drive, P-2 (19-27-401-038-1321) are John M. Golden and Mary A. Golden.

324. The current owners of 4300 W. Ford City Drive, P-3 (19-27-401-038-1322) are Edgardo Aleman and Esperanza Macias. The current mortgagee is The Huntington National Bank.

325. The current owners of 4300 W. Ford City Drive, P-4 (19-27-401-038-1323) are John M. Golden and Mary A. Golden.

326. The current owners of 4300 W. Ford City Drive, P-5 (19-27-401-038-1324) are John M. Golden and Mary A. Golden.

327. The current owner of 4300 W. Ford City Drive, P-6 (19-27-401-038-1325) is Michael T. Rzasa.

328. The current owner of 4300 W. Ford City Drive, P-7 (19-27-401-038-1326) is Hector Botello.

329. The current owners of 4300 W. Ford City Drive, P-8 (19-27-401-038-1327) are Javier Tapia and Cristina M. Tapia.

330. The current owner of 4300 W. Ford City Drive, P-9 (19-27-401-038-1328) is US Bank NA, as Trustee, as Successor-In-Interest to US Bank, NA, as Trustee for MASTR Asset Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates, Series 2006-HE5.

331. The current owner of 4300 W. Ford City Drive, P-10 (19-27-401-038-1329) is The George Polymenakos Revocable Trust DTD 10/5/2017.

332. The current owner of 4300 W. Ford City Drive, P-11 (19-27-401-038-1330) is Salta Group, Inc.

333. The current owners of 4300 W. Ford City Drive, P-12 (19-27-401-038-1331) are Terry Jones and Gregory L. Jones.

334. The current owner of 4300 W. Ford City Drive, P-13 (19-27-401-038-1332) is Pauline C. Prater.

335. The current owner of 4300 W. Ford City Drive, P-14 (19-27-401-038-1333) is Roberta Sweeper. The current mortgagee is Mortgage Electronic Registration Systems, Inc.

336. The current owners of 4300 W. Ford City Drive, P-15 (19-27-401-038-1334) are Patrick Slattery and Maura Slattery Boyle.

337. The current owner of 4300 W. Ford City Drive, P-16 (19-27-401-038-1335) is Magaly Z. Garcia.

338. The current owner of 4300 W. Ford City Drive, P-17 (19-27-401-038-1336) is Hilda Zmora.

339. The current owner of 4300 W. Ford City Drive, P-18 (19-27-401-038-1337) is Leonard J. Woods.

340. The current owner of 4300 W. Ford City Drive, P-19 (19-27-401-038-1338) is Erica Salinas.

341. The current owners of 4300 W. Ford City Drive, P-20 (19-27-401-038-1339) are

FILED DATE: 8/21/2025 3:50 PM   20231401241

Viridiana Alcantar Villegas and Felipe Solorzano Maya.

342.  The current owner of 4300 W. Ford City Drive, P-21 (19-27-401-038-1340) is William D. O'Donnell.

343.  The current owner of 4300 W. Ford City Drive, P-22 (19-27-401-038-1341) is Carzie L. Jones.

344.  The current owner of 4300 W. Ford City Drive, P-23 (19-27-401-038-1342) is Joey Gilb.

345.  The current owner of 4300 W. Ford City Drive, P-24 (19-27-401-038-1343) is Hilda Zmora.

346.  The current owner of 4300 W. Ford City Drive, P-25 (19-27-401-038-1344) is Divinity Properties, LLC.

347.  The current owners of 4300 W. Ford City Drive, P-26 (19-27-401-038-1345) are Brent Watson and Wendy Watson. The last taxpayer of record is Dennis Baker.

348.  The current owner of 4300 W. Ford City Drive, P-27 (19-27-401-038-1346) is Donna M. Howard. The last taxpayer of record is Truth Empires, LLC.

349.  The current owner of 4300 W. Ford City Drive, P-28 (19-27-401-038-1347) is The Howard Family Trust U/T/A DTD 7/3/2015.

350.  The current owner of 4300 W. Ford City Drive, P-29 (19-27-401-038-1348) is Ahmad A. Nur.

351.  The current owner of 4300 W. Ford City Drive, P-30 (19-27-401-038-1349) is Takada V. Dixon.

352.  The current owner of 4300 W. Ford City Drive, P-31 (19-27-401-038-1350) is George Spatharakis.

353.  The current owner of 4300 W. Ford City Drive, P-32 (19-27-401-038-1351) is Youssef Doleh.

354.  The current owner of 4300 W. Ford City Drive, P-33 (19-27-401-038-1352) is William Dorgan. The last taxpayer of record is Charlene Appling.

355.  The current owners of 4300 W. Ford City Drive, P-34 (19-27-401-038-1353) are Brent Watson and Wendy Watson. The last taxpayer of record is Louis Gonzalez.

356.  The current owner of 4300 W. Ford City Drive, P-35 (19-27-401-038-1354) is

FILED DATE: 8/21/2025 3:50 PM  20231401241

Roman Lira.

357.   The current owner of 4300 W. Ford City Drive, P-36 (19-27-401-038-1355) is IDSB Capital, LLC.

358.   The current owner of 4300 W. Ford City Drive, P-37 (19-27-401-038-1356) is Martin Aceves Angulo.

359.   The current owner of 4300 W. Ford City Drive, P-38 (19-27-401-038-1357) is Annette Wofford. The current mortgagee is Wells Fargo Bank, NA.

360.   Parkway Elevators, Inc., an Illinois Corporation and Mechanics Lien claimant.

361.   Total Masonry, LLC, an Illinois Limited Liability Company and Mechanics Lien claimant.

362.   Ford City Realty, LLC, an Illinois Limited Liability Company and lienholder.

363.   Ford City Nassim, LLC, an Illinois Limited Liability Company and lienholder.

364.   Ford City CH, LLC, an Illinois Limited Liability Company and lienholder.

365.   Tenants and Occupants.

366.   Unknown Owners and Non-Record Claimants.

6.   That Matthew Beaudet is the Commissioner of the Department of Buildings of City of Chicago, and as such and pursuant to the Building Code of City of Chicago, caused inspection(s) to be conducted by inspectors of the Department of Buildings of City of Chicago, who have knowledge of the facts stated in this complaint.

## Building Code Violations

7.   That on **5/16/2023** and on each succeeding day thereafter and on numerous other occasions, the defendant(s) failed to comply with the Municipal Code of the City of Chicago as follows:

**Building A1 – 4300 W. Ford City Drive**

1.     CN064014     REPAIR CORNICE

Failed to maintain cornice in good repair and free from cracks and defects (§§13-196-530(e), 13-196-641).

South elevation, cornice - Metal cladding at top of building buckling and loose.

40

FILED DATE: 8/21/2025 3:50 PM    20231401241

2.    CN061014    REPAIR EXTERIOR WALL

Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose, or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls (§§13-196-530(b), 13-196-641).

Multiple elevations - Small cracked and spalled areas of concrete. Some spots have rusted expose rebar, some sections have loose concrete. West elevation, concrete slab edge and column - Multiple cracked and spalled sections, some with exposed rust rebar. Brick Washed out mortar with fractures around air conditioner openings in wall.

3.    CN062034    REPAIR COPING

Failed to maintain roof coping in good repair and free from cracks defects (§§13-196-530, 13-196-530(c) and 13-196-641).

West elevation, entry canopy structure - Coping tiles missing - Wood substrate rotting.

4.    CN079014    REPAIR/REBUILD GARAGE OR SHED

Failed to maintain garage in sound condition and repair (§§13-196-530, 13-196-641).

West elevation, garage - Metal overhead door frame - Rusted, Brick fractured around frame. Drain at door filled with debris. North exterior walls - masonry fractured. South interior vestibule - block wall fractured.

5.    CN104035    MAINTAIN WINDOW

Failed to maintain windows in sound condition and good repair (§§13-196-550(b) and (f)).

West elevation, 2nd floor - Window cracked. South elevation, 14th floor - Window cracked. East elevation, 13th and 6th floors - Window cracked.

6.    CN031023    FIRE EXTINGUISHER - RECHARGE & TAG

Failed to maintain properly charged fire extinguisher, and to attach tag which clearly indicates recharge date and signature of the person who performed the recharge (§15-16-680).
Entire Building - Fire extinguisher tags expired 2021.

7.    CN103015    REPAIR FLOOR

Failed to maintain floor free from holes and wide cracks and free from loose, warped, protruding or rotting floor boards (§§13-196-540(a) and (b)).

FILED DATE: 8/21/2025 3:50 PM    20231401241

1st floor elevator lobby - Floor missing finish in front of elevator door. Exposed concrete uneven and is a trip hazard.

8.    CN197087    CARBON MONOXIDE DETECTOR

Install carbon monoxide detector within 40 feet of every sleeping room in residential structure pursuant to §§13-64-190, 13-64-210 of the Code. A carbon monoxide detector is needed whenever there is a heating appliance on the premises that burns fossil fuel such as gas, oil, or coal, or air that is circulated through a heat exchanger. Install according to manufacturer instructions. A hard-wired model requires an electrical wiring permit. In a single-family residence, be sure the detector is on or below the lowest floor with a place to sleep. In a multiple dwelling residence heated by a boiler, install a detector in the same room as the boiler. Otherwise, each apartment follows single family guidelines. The owner is responsible for installation and written instructions, the tenant for testing, maintenance, and batteries.

1st floor boiler room - Missing Carbon monoxide detector.

9.    CN136016    ROACHES

Exterminate roaches and keep dwelling insect-free (§13-196-630 C).

1st floor boiler room - Roach infestation.

10.    CN107035    MAINTAIN EXIT SIGN ILLUMINATED

Failed to maintain all exit signs illuminated when building is occupied and otherwise maintain exit signs in good condition (§§13-196-090, 13-160-700 thru 13-160-770).

15th floor, 3rd floor and 1st floor office - Exit signs and stair signs out of service at time of inspection. Parking Garage - Exit signs out.

11.    NC5012        CLASS B DOOR IN STAIRWELL

Failed to provide stairwell opening with self-closing, framed, 1-1/2 hour Class B door (§15-8-180).

15th floor North stair, 5th floor south stair and 1st floor south stair - Stair well door does not close and latch shut.

12.    NC5042        SELF-CLOSE CLASS B FIRE DOOR

Failed to provide 1-1/2-hour Class B fire door with self-closing device (§15-8-180).

Multiple floors - Trash chute doors do not close, and latch shut.

FILED DATE: 8/21/2025 3:50 PM    20231401241

13.    CN078014    ILLUMINATE EXIT AREAS

Failed to provide and maintain adequate illumination of exit areas (§13-160-660, 13-160-670, 13-196-080).

Multiple areas throughout building - Emergency lighting out of service at time of inspection.

14.    CN194029    PROVIDE

Provide per code section 14X-5-505.9.7 through 14X-5-505.9.7.2 - Stairway Signage - Identification and re-entry. 2d floor North Stair - missing interior stairway identification.

15.    CN016012    PROVIDE CLASS A FIRE DOOR

Failed to provide approved Class A door or other approved assembly on both sides of breach in firewall.  One door must be automatic and other door can be either automatic or self-closing (§15-8-060(c)).

Parking garage class A fire door at vestibule does not close and latch shut.

16.    CN103035    STRUCTURAL MEMBER, PIER BLOCK

Repair or replace defective structural member (13-196-530 A).

Parking garage - Multiple interior concrete columns cracked and spilled at base of column.

17.    CN138056    EXCESSIVE DEBRIS

Remove accumulation of refuse and debris and keep premises clean (§§13-196-580, 13-196-630).

Penthouse - Junk, debris and garbage being stored. Trash chute rooms - dirty with garbage debris on floor.

18.    PL157047    STOP LEAKING WATER

Stop leaking water (§18-29-102.3).

1st floor storage room - Multiple areas of exposed plumbing riser piping leaking. 1st floor corridor - Water leaking from 2nd floor near boiler room.

19.    CN069034    REPAIR AREAWAY WALL

Failed to maintain areaway walls in sound condition and good repair (§§13-196-530, 13-196-530(b), 13-196-641).

FILED DATE: 8/21/2025 3:50 PM    20231401241

North elevation - Parking lot - Accessible parking spot C6 - Section of concrete retaining wall at cracked and missing with exposed rusted rebar. Curb and railing missing - Fall hazard for both pedestrians and cars.

20.    CN041063    CUT OR REMOVE HIGH WEEDS

Failed to cut or remove weeds, grass or other growth that present a fire hazard (§15-4-970).

North elevation - Live roof on top of parking garage - Weeds and grass overgrown.

21.    EL0029    EXPOSED WIRING

Remove exposed wiring (§18-27-300.4).

Exterior around building - Open and exposed electrical wires.

22.    CN104015    REPLACE WINDOWPANES, PLEXGLAS

Replace broken, missing, or defective windowpanes (§13-196-550(a)).

Multiple fire hose cabinets in both north and south stairwells glass broken and loose.

23.    NC9052    2HR SEPERATION FOR STORAGE >100SF

Failed to provide partitions with at least two-hour fire resistance to enclose storage rooms exceeding 100 square feet in multiple dwellings, institutional units and assembly units (§15-8-240(b)).

1st floor large storage room - Holes in wall through to corridor. Missing complete fire separation.

24.    CN067014    REPAIR ROOF

Failed to maintain roof in sound condition, sound repair, watertight, and free from defects (§13-196-530, 13-196-530(c)).

Roof - Section at west side missing rock ballast - Exposed roof membrane warn, buckling and cracked.

25.    EV1111    MAINTAIN OR REPAIR HYDRAULIC ELEVATOR

Failed to maintain hydraulic elevator equipment provided at premises in safe and sound working condition (13-196-590, 13-196-630(b), 18-30-001).

Must repair fire service Phase 1 recall. Must eliminate shut down faults to provide proper operation of elevators. Elevator Shut-downs are way too high. Must return south car to service, out of service from August 6, 2021. Must close out modernization permit number 100808793. No progress on

FILED DATE: 8/21/2025 3:50 PM    20231401241

permit since April 28th, 2021.

26.    EV1110            MAINTAIN OR REPAIR ELECTRIC ELEVATOR

Failed to maintain electric elevator equipment provided at premises in safe and sound working condition (13-196-590, 13-196-630(b), 18-30-001).

Must provide a separate designated electrical outlet for the sump pump and include a sump pump cover. Must close out modernization permit, no progress on permit since April 28th, 2021. Must reroute the electrical pipe in pit to prevent a trip hazard. Must provide all manufacturing testing information and permit in machine. Must provide the red stripe diagonal warning in pit due to CWT hazard. Must provide the damper switch for preexisting air vent in machine room. Must remove non-elevator related smokes in the machines room. Must patch holes in machine room floors. Must provide climate control inside the machine room. Must install a code compliant pit ladder. Must number mechanicals in pit. Must dry and seal elevator pits. Must provide 10-foot candles of illumination throughout both elevator pits. Must install GFI's in both pits and at controllers. Under compensation chains, marking shall be provided which consist of alternating 50 mm (2 inches) diagonal red and white stripes on pit floor. Must provide a sign with the words "DANGER COUNTERWEIGHTS" shall be prominently posted on the wall and visible from the bottom of the pit ladder.  Must provide a fire command lobby panel with a diagrammatic representation of the building in relation to the street. Must provide an elevator corridor call station pictograph on each floor. Must provide a fire key box with fire service keys and a drop key. Must install emergency lights in elevator lobbies. Must provide safe means of access to machine room. Must provide 10-foot candles of illumination through machine room. Must remove all combustible material, old pipes, and EMT from machine room. Must seal vent openings in machine room walls. Must remove all old car top equipment from elevators. Must remove wall studs in both hoist ways, left over from construction. Both elevators need the right smoothed out and levelled.

**Building B1 – 4350 W. Ford City Drive**

27.    CN194029      PROVIDE

North and south stairwells at all floors - code compliant stairwell identification signage missing on inside and outside of stairwell (Provide per code section 13-76-075 Stairwell Identification).

28.    CN197019      INSTALL SMOKE DETECTORS

Install and maintain approved smoke detectors pursuant to §§13-196-100 thru 13-196-160 of the Code.  Install a smoke detector in every dwelling unit. Install one on any living level with a habitable room or unenclosed heating plant, on the uppermost ceiling of enclosed porch stairwell, and within 15 feet of every sleeping room. Be sure the detector is at least 4 inches from the wall, 4 to 12 inches from the ceiling, and not above door or window.

1st floor north and south storage rooms and mechanical room - smoke detectors missing (14X-5-504.8, 14X-5-504.8.4, 14B-9-907.2.10.1 through 14B-9-907.2.10.7, 14B-9-915.4.4, and 14R-11-

FILED DATE: 8/21/2025 3:50 PM  20231401241

1104).

29.     CN197087     CARBON MONOXIDE DETECTOR

Install carbon monoxide detector within 40 feet of every sleeping room in residential structure pursuant to §§13-64-190, 13-64-210 of the Code.  A carbon monoxide detector is needed whenever there is a heating appliance on the premises that burns fossil fuel such as gas, oil, or coal, or air that is circulated through a heat exchanger. Install according to manufacturer instructions.  A hard-wired model requires an electrical wiring permit. In a single-family residence, be sure the detector is on or below the lowest floor with a place to sleep. In a multiple dwelling residence heated by a boiler, install a detector in the same room as the boiler. Otherwise, each apartment follows single family guidelines.  The owner is responsible for installation and written instructions, the tenant for testing, maintenance, and batteries.

1st floor mechanical room - carbon monoxide detector missing (14X-5-504.9, 14B-9-915.1.1, 14B-9-915.2, and 14R-11-1105).

30.     CN044013     PIPE OPENING W/NONCOMBUSTIBLE MATERIAL

Failed to fill openings around exposed pipes or power shafting with approved noncombustible materials (§15-8-640).

 (1) 1st floor mechanical and trash rooms — gaps at pipe penetrations; and (2) All floors trash chute/electrical closets — gaps at pipe penetrations.

31.     CN031023     FIRE EXTNGUISHER RECHARGE & TAG

Failed to maintain properly charged fire extinguisher, and to attach tag which clearly indicates recharge date and signature of the person who performed the recharge (§15-16-680).

All fire extinguishers throughout the building - tags expired with only 2021 displayed.

32.     CN103015     REPAIR FLOOR

Failed to maintain floor free from holes and wide cracks and free from loose, warped, protruding or rotting floorboards (§§13-196-540(a) and (b)).

(1) 1st floor laundry room floor tiles - various cracked and broken creating a trip hazard; and (2) 5th floor south stairwell landing - 4inch diameter concrete spall creating a trip hazard.

33.     CN101015     REPAIR INTERIOR WALLS/CEILING

Failed to maintain interior walls and ceilings free from holes or cracks (§13-19-540(c)).

2nd floor corridor ceiling south of elevator - water damaged drywall with discolored and bubbled

FILED DATE: 8/21/2025 3:50 PM    20231401241

paint.

34.    CN136026    INSECTS

Exterminate insects and keep dwelling insect-free (§13-196-630 C).

Bed bug infestation throughout the premises - property needs to be treated by certified bed bug exterminator(s) throughout the premises - the Chicago Department of Buildings will not consider this violation complied without proof of said extermination and proof of exterminator's qualifications specifically with regard to bed bugs.

35.    CN015062    OBSTRUCTIONS IN EXIT WAY

Failed to remove obstruction from exit way that hampers travel and evacuation (§§13-160-070, 13-196-080).

4th floor south stairwell landing - used mattress stored with live crawling bed bugs all over.

36.    CN105035    REPAIR DOOR HARDWARE

Repair or replace door hardware (§13-196-550).

Interior doors not closing or latching at (1) 2nd floor trash chute/electrical closet door; and (2) 3rd floor north stairwell door.

37.    CN017012    INTERIOR FINISH FIRE RESISTANCE

Failed to use appropriate fire-resistant materials on interior wall, interior trim, and ceiling finishes (§§15-8-370, 15-8-380 thru 15-8-430).

1st floor laundry room behind dryers – 24 inches by 24 inches opening in concrete block wall.

38.    EL0027    RESTORE EXIT AND EMERGENCY LIGHTING

Restore exit and emergency lighting system and related equipment to operable condition (§18-27-700.6).

All emergency lights throughout building - did not work when tested.

39.    EV1111    MAINTAIN OR REPAIR HYDRAULIC ELEVATOR

Failed to maintain hydraulic elevator equipment provided at premises in safe and sound working condition (13-196-590, 13-196-630(b), 18-30-001).

Must install a fire key box with machine room keys and drop key. Must perform a category one

FILED DATE: 8/21/2025 3:50 PM    20231401241

test and static test; and provide documentation and test tags. Must provide pressure readings on stop ring and with machine room gate valve closed. Must provide 10-foot candles of illumination in elevator pit. Must repair/replace machine room door; door to be fire rated for 90 minutes and self-closing. Must provide complaint pit ladder. Must provide documentation of a double bottom jack assembly or replace jack assembly. Must repair/replace car door restrictor. Must repair/replace the emergency phone and program the phone to a 24-hour service, not 911. Must provide a maintenance control program with maintenance logs, oil logs, and test reports. Must secure loose sight guards on hoist way doors. Must keep machine room clean and dry, and eliminate all leaks, including water. Must provide a machine room door that is fire rated for 90 minutes and self-closing.

**Building B2 – 4280 W. Ford City Drive**

40.    CN194029    PROVIDE

North and south stairwells at all floors - code compliant stairwell identification signage missing on inside and outside of stairwell (Provide per code section 13-76-075 Stairwell Identification).

41.    CN197019    INSTALL SMOKE DETECTORS

Install and maintain approved smoke detectors pursuant to §§13-196-100 thru 13-196-160 of the Code.  Install a smoke detector in every dwelling unit. Install one on any living level with a habitable room or unenclosed heating plant, on the uppermost ceiling of enclosed porch stairwell, and within 15 feet of every sleeping room. Be sure the detector is at least 4 inches from the wall, 4 to 12 inches from the ceiling, and not above door or window.

1st floor storage rooms and laundry room - smoke detectors missing (14X-5-504.8, 14X-5-504.8.4, 14B-9-907.2.10.1 through 14B-9-907.2.10.7, 14B-9-915.4.4, and 14R-11-1104).

42.    CN197079    REPAIR/REPLACE SMOKE DETECTORS

Repair or replace defective or out of service smoke detectors and operate continuously (§§13-196-130, 13-196-140).

5th floor north and south stairwells - smoke detector did not work when tested (14X-1-103.2, 14X-1-103.3, 14X-504.1.1, 14X-5-504.10 and 14A-3-314.1.4).

43.    CN197087    CARB MONOX DETECTOR

Install carbon monoxide detector within 40 feet of every sleeping room in residential structure pursuant to §§13-64-190, 13-64-210 of the Code.  A carbon monoxide detector is needed whenever there is a heating appliance on the premises that burns fossil fuel such as gas, oil, or coal, or air that is circulated through a heat exchanger. Install according to manufacturer instructions.  A hard-wired model requires an electrical wiring permit. In a single-family residence, be sure the detector is on or below the lowest floor with a place to sleep. In a multiple dwelling residence heated by a

48

boiler, install a detector in the same room as the boiler. Otherwise, each apartment follows single family guidelines. The owner is responsible for installation and written instructions, the tenant for testing, maintenance, and batteries.

1st floor laundry room - carbon monoxide detector missing (14X-5-504.9, 14B-9-915.1.1, 14B-9-915.2, and 14R 11-1105).

44.     CN044013     PIPE OPENING W/NONCOMBUSTIBLE MATERIAL

Failed to fill openings around exposed pipes or power shafting with approved noncombustible materials (§15-8-640).

(1) 1st floor mechanical and trash rooms — gaps at pipe penetrations; and (2) All floors trash chute/electrical closets — gaps at pipe penetrations.

45.     CN107035     MAINTAIN EXIT SIGN ILLUMINATED

Failed to maintain all exit signs illuminated when building is occupied and otherwise maintain exit signs in good condition (§§13-196-090, 13-160-700 thru 13-160-770).

1st floor elevator lobby - exit sign not illuminated.

46.     CN103015     REPAIR FLOOR

Failed to maintain floor free from holes and wide cracks and free from loose, warped, protruding, or rotting floor boards (§§13-196-540(a) and (b)).

1st floor corridor adjacent to laundry room - water damaged floor finish with broken and missing areas creating a trip hazard.

47.     CN101015     REPAIR INTERIOR WALLS/CEILING

Failed to maintain interior walls and ceilings free from holes or cracks (§13-19-540(c)).

(1) 1st floor corridor north end at various ceiling locations - soft, water damaged drywall with discolored and bubbled paint; (2) 1st floor elevator lobby southwest wall - water damaged drywall with large bulge - broken, crumbling base an flinch diameter hole above; (3) 3rd floor corridor ceiling north of the trash chute/electrical closet - water damaged drywall with discolored and bubbled paint; and (4) 5th floor corridor ceiling north of elevator - water damaged with bubbled and discolored paint.

48.     CN105035     REPAIR DOOR HARDWARE

Repair or replace door hardware (§13-196-550).

49

FILED DATE: 8/21/2025 3:50 PM      20231401241

Interior doors not closing or latching at (1) 2nd floor trash chute/electrical closet door; and (2) 1st floor north and 4th floor south stairwell doors.

49.      CN031023      FIRE EXTNGUISHER RECHARGE & TAG

Failed to maintain properly charged fire extinguisher, and to attach tag which clearly indicates recharge date and signature of the person who performed the recharge (§15-16-680).

All fire extinguishers throughout building - tags expired with only 2021 displayed; (2) 1st floor south stairwell, 2nd floor north and south stairwells - fire extinguishers missing; and (3) 5th floor north stairwell, 4th floor north and south stairwells - fire extinguishers out of charge.

50.      EL0027            RESTORE EXIT AND EMERGENCY LIGHTING

Restore exit and emergency lighting system and related equipment to operable condition (§18-27-700.6).

All emergency lights throughout building - did not work when tested.

51.      EV1111            MAINTAIN OR REPAIR HYDRAULIC ELEVATOR

Failed to maintain hydraulic elevator equipment provided at premises in safe and sound working condition (13-196-590, 13-196-630(b), 18-30-001).

Must install a fire key box with machine room keys and drop key. Must provide a maintenance control program with maintenance logs, oil logs, and test tags. Must repair/replace emergency phone and program to a 24-hour manned service, not 911. Must perform a category one test and static test, provide the documentation and test tags. Provide pressure readings on stop ring and with machine room gate valve closed. Must provide documentation of a double bottom jack assembly or replace the jack assembly. Must keep the machine room clean and dry and eliminate oil leaks and water leaks. Must identify the machine room. Must repair/replace the car door restrictor. Must secure loose sight guards on hoist way doors. Must provide a code compliant pit ladder. Must provide ten foot candles of illumination in elevator pit. Must repair/replace the machine room door; the door must be fire rated for 90 minutes and self-closing.

**Building C1 – 4351 W. 76th Street**

52.      CN061014      REPAIR EXTERIOR WALL

Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose, or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls (§§13-196-530(b), 13-196-641).

All elevations, concrete slab edges cracked and spalled, brick fractured. Concrete walls large areas cracked and spalled with exposed rusted rebar. Some temporary stabilization installed with

FILED DATE: 8/21/2025 3:50 PM    20231401241

protective fence around entire building. No imminent dangerous and hazardous condition with protective fence. Plans and Permit required for all repairs.

53.    CN031023    FIRE EXTNGUISHER RECHARGE & TAG

Failed to maintain properly charged fire extinguisher, and to attach tag which clearly indicates recharge date and signature of the person who performed the recharge (§15-16-680).

Entire Building - Fire extinguisher tags expired.

54.    CN107035    MAINTAIN EXIT SIGN ILLUMINATED

Failed to maintain all exit signs illuminated when building is occupied and otherwise maintain exit signs in good condition (§§13-196-090, 13-160-700 thru 13-160-770).

4th floor exit sign not illuminated.

55.    CN107015    ILLUMINATE PUBLIC STAIR/HALL

Failed to provide and maintain adequate illumination for public hall and stairwell (§§13-196-080, 13-196-450, 13-160-660, 13-160-670).

All floors - Emergency lighting out of service at time of inspection.

56.    CN015062    OBSTRUCTIONS IN EXIT WAY

Failed to remove obstruction from exit way that hampers travel and evacuation (§§13-160-070, 13-196-080).

All interior corridors - obstructed by shopping carts being stored in corridors.

57.    CN197079    REPAIR/REPLACE SMOKE DETECTORS

Repair or replace defective or out of service smoke detectors and operate continuously (§§13-196-130, 13-196-140).

South interior stairwell - Smoke detector low battery. North interior stairwell - Smoke detector out of service.

58.    CN015062    OBSTRUCTIONS IN EXIT WAY

Failed to remove obstruction from exit way that hampers travel and evacuation (§§13-160-070, 13-196-080).

West elevation - Exit from Laundry room obstructed by construction fence. Missing clear path

51

from building to public way. **Dangerous and Hazardous**

59.   CN061074      PROTECT SIDEWALK DURING CONSTRUCTION

Failed to protect public sidewalk or thoroughfare from work done under permit (§§13-124-130 thru 13-124-180).

West elevation - Exit from laundry room - Missing protective canopy to provide protected clear path to public. **Dangerous and Hazardous**

60.   NC5042          SELF-CLOSE CLASS B FIRE DOOR

Failed to provide 1-1/2-hour Class B fire door with self-closing device in (§15-8-180).

Multiple floors - Trash Chute hatch door does not close, and latch does not shut.

61.   NC4032          2-HR STAIR ENCLOSURE, 4+ STORY

Failed to enclose interior stairwell in building over three stories by partitions with at least two-hour fire resistance in (§15-8-140).

2nd and 3rd floor Stairwell doors do not close, and latch does not shut.

62.   CN133016      CARPETING

Repair or replace defective and dangerous carpeting (§§13-196-630, 13-196-540).

4th floor corridor - Carpeting filthy and unsanitary.

63.   NC6012          1HR PUB.CORRIDOR IN MULT. D.U.

Failed to enclose public corridor in multiple dwellings with partitions, floors, and ceilings providing at least one hour fire resistance in (§13-64-020(b)).

1st and 2nd floor corridor - Holes in corridor walls, Missing complete fire separation. Some drywall is buckling with gaps between sheets of drywall.

64.   NC9052          2HR SEP FOR STORAGE >100SF

Failed to provide partitions with at least two-hour fire resistance to enclose storage rooms exceeding 100 square feet in multiple dwellings, institutional units and assembly units (§15-8-240(b)).

1st floor laundry room and storage room - Wall between storage room and laundry room removed. Large hole with no fire separation.

FILED DATE: 8/21/2025 3:50 PM          20231401241

FILED DATE: 8/21/2025 3:50 PM  20231401241

65.     CN103015      REPAIR FLOOR

Failed to maintain floor free from holes and wide cracks and free from loose, warped, protruding or rotting floorboards (§§13-196-540(a) and (b)).

1st floor north corridor - Floor deteriorated and rotten with water damage.

66.     CN197087      CARB MONOXIDE DETECTOR

Install carbon monoxide detector within 40 feet of every sleeping room in residential structure pursuant to §§13-64-190, 13-64-210 of the Code. A carbon monoxide detector is needed whenever there is a heating appliance on the premises that burns fossil fuel such as gas, oil, or coal, or air that is circulated through a heat exchanger. Install according to manufacturer instructions. A hard-wired model requires an electrical wiring permit. In a single-family residence, be sure the detector is on or below the lowest floor with a place to sleep. In a multiple dwelling residence heated by a boiler, install a detector in the same room as the boiler. Otherwise, each apartment follows single family guidelines. The owner is responsible for installation and written instructions, the tenant for testing, maintenance, and batteries.

1st floor laundry room - Missing carbon monoxide detector.

67.     CN077014      REPAIR FENCE

Failed to maintain fence in good condition and repair (§§7-28-060, 13-196-630, 13-196-641).

West elevation protective construction fence - Fence cut to provide access to rear patio and area under construction. **Dangerous and Hazardous**

68.     CN101015      REPAIR INTERIOR WALLS/CEILING

Failed to maintain interior walls and ceilings free from holes or cracks (§13-19-540(c)).

Multiple floors in corridors - Water damage to ceilings. 1st floor corridor - Peeling paint at ceiling.

69.     CN131026      REPAIR SCREENS

Repair or replace defective screen (§13-196-560 B).

All elevations - Missing window screens.

70.     CN138056      DEBRIS, EXCESSIVE

Remove accumulation of refuse and debris and keep premises clean (§§13-196-580, 13-196-630).

FILED DATE: 8/21/2025 3:50 PM   20231401241

East elevation 1st floor north dwelling unit - Excessive amounts of junk and debris stacked on patio. Furniture old tires, and boxes. - Rat harbor and fire hazard

71.    CN194029    PROVIDE

Provide Stairway identification and re-entry signage per code sections 14X-5-505.9.7 thru 14X-5-505.9.7.2 and 14B-10-1023.9. Stairway identification and re-entry signage required in existing buildings exceeding 3 stories above grade pane. Alphabetical or directional letter identification for the exit stairway and the number of the 1 to which the door opens must be posted within every interior exit stairway adjacent to each floor. Re-entry information showing which floor have re-entry locations must be posted adjacent to every door to an exit stair' on the occupancy side. (14X-5-505.9.7 thru 14X-5-505.9.7.2, 14B-10-1023.9 and 14B-10-1023.9.1).

72.    EV1111    MAINTAIN OR REPAIR HYDRAULIC ELEVATOR

Failed to maintain hydraulic elevator equipment provided at premises in safe and sound working condition (13-196-590, 13-196-630(b), 18-30-001).

Must perform a category one test and static test and provide the documentation and test tags. Provide pressure readings on stop ring and with machine room gate valve closed. Must provide documentation of a double bottom jack assembly or replace the jack assembly. Provide ten foot candles of illumination in elevator pit. Must provide a compliant pit ladder. Must repair/replace the machine room door, must be a fire rated 90 minutes and self-closing door. Must repair/replace the emergency phone and program to a 24-hour manned service, not 911. Must repair/replace the car door restrictor. Must keep the machine room clean and dry and eliminate all oil leaks and water leaks. Must secure loose sight guards on hoist way doors. Must install fire key box with machine room keys and drop keys.

**Building C2 – 4281 W. 76th Street**

73.    CN061014    REPAIR EXTERIOR WALL

Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose, or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls (§§13-196-530(b), 13-196-641).

East and south elevations, concrete slab edges cracked and spalled, brick fractured. Concrete walls large areas cracked and spalled with exposed rusted rebar. Some temporary stabilization installed with protective fence around entire building. No imminent dangerous and hazardous condition with protective fence. Plans and Permit required for all repairs.

74.    CN069034    REPAIR AREAWAY WALL

Failed to maintain areaway walls in sound condition and good repair (§§13-196-530, 13-196-530(b), 13-196-641).

West elevation ground floor retaining wall - large fracture in brick with loose brick and mortar.

75.     CN067024     REPAIR EAVES

Failed to maintain roof eaves in good repair and free from cracks and defects which may admit rain (§§13-196-530, 13-196-530(c), and 13-196-641).

West elevation, front entry enclosure canopy - water damage to ceiling.

76.     CN104035     MAINTAIN WINDOW

Failed to maintain windows in sound condition and good repair (§§13-196-550(b) and (f)).

South elevation 1st and 2nd floors loose and bent storm window frames. South elevation 1st floor - Broken windowpane. West elevation, 2nd floor Loose storm window.

77.     CN194019     REPAIR OR REPLACE

West and east elevations - Large unprotected holes in walls - Missing vent covers.

78.     CN138066     DEMO DEBRIS

Remove debris from demolition (§13-124-110).

East elevation – demolition debris - large pile of bricks outside laundry room.

79.     CN194029     PROVIDE

Provide Stairway identification and re-entry signage per code sections 14X-5-505.9.7 thru 14X-5-505.9.7.2 and 14B-10-1023.9. Stairway identification and re-entry signage required in existing buildings exceeding 3 stories above grade pane. Alphabetical or directional letter identification for the exit stairway and the number of the to which the door opens must be posted within every interior exit stairway adjacent to each floor. Re-entry information showing which floor have re-entry locations must be posted adjacent to every door to an exit stair on the occupancy side (14X-5-505.9.7 thru 14X-5-505.9.7.2, 14B-10-1023.9 and 14B-10-1023.9.1).

80.     CN031023     FIRE EXTNGUISHER RECHARGE & TAG

Failed to maintain properly charged fire extinguisher, and to attach tag which clearly indicates recharge date and signature of the person who performed the recharge (§15-16-680).

All floors - fire extinguisher recharge tags expired 2021.

FILED DATE: 8/21/2025 3:50 PM   20231401241

81. CN015062    OBSTRUCTIONS IN EXIT WAY

Failed to remove obstruction from exit way that hampers travel and evacuation (§§13-160-070, 13-196-080).

Multiple floors - shopping carts in corridor obstructs egress.

82. CN078014    ILLUMINATE EXIT AREAS

Failed to provide and maintain adequate illumination of exit areas (§§13-160-660, 13-160-670, 13-196-080).

Multiple floors - emergency lighting not working when tested.

83. CN107035    MAINTAIN EXIT SIGN ILLUMINATED

Failed to maintain all exit signs illuminated when building is occupied and otherwise maintain exit signs in good condition (§§13-196-090, 13-160-700 thru 13-160-770).

5th floor and 2nd floor Exit signs to stairwell out of service.

84. CN197079    REPAIR/REPLACE SMOKE DETECTORS

Repair or replace defective or out of service smoke detectors and operate continuously (§§13-196-130, 13-196-140).
5th floor north stair - smoke detector out of service.

85. NC5062    HOLDOPEN DEVICE, STAIR 3+ FIRS

Failed to remove fusible links and/or other hold-open mechanism on stairwell doors in buildings where stairwells serve more than three floors (§15-8-180(c)).

4th floor - stair door being held open by brick.

86. NC4032    2-HR STAIR ENCLOSURE, 4+ STORY

Failed to enclose interior stairwell in building over three stories by partitions with at least two hour fire resistance (§15-8-140).

The 4th floor stair door does not close, and latch shut. 2nd floor south stair door - Missing doorknob, door does not
close, and latch shut. 1st floor south stair door rubs on carpet - door does not close and latch shut.

87. NC5042    SELF-CLOSE CLASS B FIRE DOOR

FILED DATE: 8/21/2025 3:50 PM    20231401241

Failed to provide 1-1/2 hour Class B fire door with self-closing device (§15-8-180).

Multiple floors - trash chute hatch doors do not close, and latch shut.

88.     CN133016     CARPETING

Repair or replace defective and dangerous carpeting (§§13-196-630, 13-196-540).

2nd floor corridor - carpeting filthy.

89.     CN197087     CARB MONOXIDE DETECTOR

Install carbon monoxide detector within 40 feet of every sleeping room in residential structure pursuant to §§13-64-190, 13-64-210 of the Code.  A carbon monoxide detector is needed whenever there is a heating appliance on the premises that burns fossil fuel such as gas, oil, or coal, or air that is circulated through a heat exchanger. Install according to manufacturer instructions.  A hard-wired model requires an electrical wiring permit. In a single-family residence, be sure the detector is on or below the lowest floor with a place to sleep. In a multiple dwelling residence heated by a boiler, install a detector in the same room as the boiler. Otherwise, each apartment follows single family guidelines.  The owner is responsible for installation and written instructions, the tenant for testing, maintenance, and batteries.

1st floor laundry room missing carbon monoxide detector.

90.     CN044013     PIPE OPENING W/NONCOMBUSTIBLE MATERIAL

Failed to fill openings around exposed pipes or power shafting with approved noncombustible materials (§15-8-640).

1st floor boiler room - Pipe penetrations missing fire rated material in fire wall. Missing complete fire rated separation.

91.     NC9052     2HR SEP FOR STORAGE >100SF

Failed to provide partitions with at least two-hour fire resistance to enclose storage rooms exceeding 100 square feet in multiple dwellings, institutional units, and assembly units (§15-8-240(b)).

1st floor laundry room and storage room - wall between storage room and laundry room removed. Large hole with no fire separation.

92.     EV1111     MAINTAIN OR REPAIR HYDRAULIC ELEVATOR

Failed to maintain hydraulic elevator equipment provided at premises in safe and sound working

57

condition (13-196-590, 13-196-630(b), 18-30-001).

Repair/replace machine room door. The door must be fire rated for 90 minutes and self-locking. Provide ten feet of candles of illumination in elevator pit. Must also provide a compliant pit ladder and repair/replace the car door restrictor. Must keep the elevator pit clean and dry and eliminate all water leaks and oil leaks. Must install fire key box with machine room keys and drop key. Must secure loose sight guards on hoist way doors. Must provide a maintenance control program with maintenance logs, oil logs, and test reports. Must pull a permit for a repair of the jack assembly. Must repair/replace emergency phone and program to a 24 hour service, not 911.

**Building D1 – 4260-4262 W. Ford City Drive**

    93.     CN061024     SUBMIT 2 COPY STRUCTURAL RPT

Failed to maintain building or structure in a structurally safe and stable condition. The Building Commissioner requests submission of two (2) copies of a structural condition report prepared, signed and sealed by an Illinois licensed Architect or Structural Engineer, attesting to the structural conditions of the building or structure (§13-196-030).

Submit condition assessment report for the basement center-north foundation wall crack and bulging - report shall be signed and sealed by a registered design professional, and based on a critical, comprehensive, and detailed physical inspection of the premises identified and detailed in the violation the report must identify the date, nature, scope, findings, and deficiencies of the inspection/investigation - the report must identify each technical principle or standard that is the basis of any professional judgment and comprehensive recommendations for repairs expressed in the report - recommendation of repairs must include photos, drawings, details, and calculations which may be used to submitted for a repair permit when allowed - the condition report, permit, and permitted drawings must be kept on file at the property and made available for field inspection review and approval by all related trades - submit electronic report for review and approval to: DOB_CAR@cityofchicago org (14X-1-104.1 thru 14X-1-104,4, 14A-6-603.5, and 14A-4-411.1)

    94.     CN101015     REPAIR INTERIOR WALLS/CEILING

Failed to maintain interior walls and ceilings free from holes or cracks (§13-19-540(c)).

Northwest interior stairway east wall south of building entry - eight feet by eight feet crack in drywall.

    95.     CN103035     STRUCTURAL MEMBER, PIER BLOCK

Repair or replace defective structural member (§13-196-530 A).

Basement laundry room north foundation wall behind washers and dryers - 30 feet wide horizontal crack at mid-span with the entire wall bulging vertically - imminently dangerous and hazardous condition - conditions assessment report required to obtain the repair permit.

FILED DATE: 8/21/2025 3:50 PM  20231401241

FILED DATE: 8/21/2025 3:50 PM   20231401241

96.     CN131026          REPAIR SCREENS

Repair or replace defective screen (§13-196-560 B).

All elevations ripped window screens.

97.     CN104035          MAINTAIN WINDOW

Failed to maintain windows in sound condition and good repair (§§13-196-550(b) and (f)).

South elevation - window cracked.

98.     CN065014          REPAIR LINTELS

Failed to maintain lintel in good repair and free from cracks and defects in (§§13-196-530(e), 13-196-641).

South elevation - Lintels rusted and sagging some severely rusted. Masonry permit required for repairs.

99.     CN061014          REPAIR EXTERIOR WALL

Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose, or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls (§§13-196-530(b), 13-196-641).

North elevation washed out mortar. Windowsill at the second floor shifting up.

**Building D2 – 4261-4263 W. 76th Street**

100.    CN138026    USE SANITARY REFUSE CONTAINERS

Deposit refuse in sanitary refuse containers (§§7-28-260, 13-196-620 D).

South sitting area - Garbage can overflowing.

101.    CN132046    SAFE WORKING CONDITIONS

Provide and maintain every facility, piece of equipment, or utility in safe and sound working condition (§§13-196-400, 13-196-440).

South elevation at east side of building - unknown electrical tubing/piping hanging from roof. Area sectioned off with fencing.

FILED DATE: 8/21/2025 3:50 PM    20231401241

102.    CN065014    REPAIR LINTELS

Provide and maintain every facility, piece of equipment, or utility in safe and sound working condition (§§13-196-400, 13-196-440).

All elevations - Lintels rusted some sagging. Masonry permit required for repairs.

103.    CN041063    CUT OR REMOVE HIGH WEEDS

Failed to cut or remove weeds, grass or other growth that present a fire hazard (§15-4-970).

South elevation fenced off area - high weeds.

104.    CN061014    REPAIR EXTERIOR WALL

Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose, or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls (§§13-196-530(b), 13-196-641).

North elevation - exterior wall shifting out at windows. Step fractures.

105.    CN069034    REPAIR AREAWAY WALL

Failed to maintain areaway walls in sound condition and good repair (§§13-196-530, 13-196-530(b), 13-196-641).

Garbage area retaining wall - bricks shifting with stone ap leaning and tilting.

106.    CN067014    REPAIR ROOF

Failed to maintain roof in sound condition, sound repair, watertight, and free from defects (§§13-196-530, 13-196-530(c) and 13-196-641).

West, North, and East elevations - Missing section of mansard roof tile. Substrate exposed.

107.    CN104015    REPLCE WINDOWPANES, PLEXGLAS

Replace broken, missing, or defective windowpanes (§13-196-550(a)).

North elevation, at 4263 entry - Window sidelite glass broken with cardboard covering hole.

108.    CN012022    1HR FLR OVER BSMT, 1 OR 2 DU

Failed to construct floor over basement with one hour fire resistant materials in other than in single family and two-family dwellings (§§13-60-200).

FILED DATE: 8/21/2025 3:50 PM   20231401241

Basement Hot water heater room – Missing sections of drywall ceiling. Missing complete fire separation at basement.

109.    CN101015      REPAIR INTERIOR WALLS/CEILING

Failed to maintain interior walls and ceilings free from holes or cracks (§13-19-540(c)).

Basement walls and ceiling - multiple areas water damaged.

110.    CN106015      REPAIR INTERIOR STAIR SYSTEM

Failed to maintain interior stairway system in safe condition and sound repair (§13-196-570).

Interior east stair at basement - Tread weak and rotten.

111.    CN107035      MAINTAIN EXIT SIGN ILLUMINATED

Failed to maintain all exit signs illuminated when building is occupied and otherwise maintain exit signs in good condition (§§13-196-090, 13-160-700 thru 13-160-770).

All exit signs were not illuminated at the time of inspection.

112.    CN197019      INSTALL SMOKE DETECTORS

Install and maintain approved smoke detectors pursuant to §§13-196-100 thru 13-196-160 of the Code.  Install a smoke detector in every dwelling unit. Install one on any living level with a habitable room or unenclosed heating plant, on the uppermost ceiling of enclosed porch stairwell, and within 15 feet of every sleeping room. Be sure the detector is at least 4 inches from the wall, 4 to 12 inches from the ceiling, and not above door or window.

All stairwells - Missing smoke detectors at top of each stairwell. **Dangerous and Hazardous**

113.    NC5022               STAIR: SELF-CLOSE 1-3/4" DOOR

Failed to provide stairwell opening in residential building not exceeding three stories and not serving more than four dwelling units with self-closing, framed, 1-3/4-inch solid wood door (§15-8-180(a)).

All stairwell doors are being held open - not self-closing.

114.    CN141016      STOP SMOKE, NOXIOUS ODORS

Stop noxious odors from permeating dwelling or premises (§§7-28-060, 13-196-630).

61

FILED DATE: 8/21/2025 3:50 PM    20231401241

4263 W. 76th side of building - Strong odors of cat urine. Unsanitary conditions.

115.    CN194039    REMOVE

Remove per code sections (14X-7-703.4, 14X-7-705.3 and 14X-7-705.3.3).

1st floor dwelling unit 103. Corridor outlet has extension cord going into dwelling unit. Remove extension cords or flexible cords used as a substitute for permanent wiring (14X-7-703.4, 14X-7-705.3 and 14X-7-705.3.3).

## **End of Violations**

### Count I - Civil Penalties Against the Owners

8. The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations as paragraph 8 of Count I.

9.    Section 13-12-020 of the Municipal Code of Chicago provides that: "the owner, his agent for the purpose of managing, controlling or collecting rents and any other person managing or controlling a building or premises in any part of which there is a violation of the provisions of this Code … shall be liable for any violation therein, existing or occurring, or which may have existed or occurred, at or during any time when such person is or was the person owning or managing, controlling, or acting as agent in regard to said buildings or premises and is subject to injunctions, abatement orders or other remedial orders."   Municipal Code of Chicago, Ill. ("MCC") § 13-12-020.

10.    Section 13-12-040 further states: "Any violation of . . . any of the provisions of this code . . . shall be punishable by a fine of not less than $200.00 and not more than $500.00, and each day such violation shall continue shall constitute a separate and distinct offense for which a fine herein provided shall be imposed."  MCC § 13-12-040.

11.        The City seeks the maximum fine for each day defendants,
FORD CITY CONDOMINIUM ASSOCIATION; JOSEF TOADER; FLORITA TOADER; EMILIA R. CODOS; LOIS A. GORDON; KELVIN B. BACON; MIECZYLSAW WAWOZNY; HATUEY MCKOY; WINSTON MCKOY; MARSELLOW FARROW; MARC

62

C. FARROW; CHAKA D. FARROW; KARINA RODEA-ESQUIVEL; WENDY WATSON; BRENT WATSON; GPAM PROPERTIES, LLC; RAYVEN V. WILSON; PROVIDENCIA GONZALEZ; AMANDA L. NAVARRO; MIRIAM FERREIRA A/K/A MIRIAM CHAVEZ; GIOVANNI JAEL CHAVEZ; ADRIENNE HOLLEY; THE HOWARD FAMILY TRUST U/T/A DTD 7/3/2015; DONNA M. HOWARD; VICENTE GONZALEZ-CARABEZ; FOUAD M. DOOLAH; YOSSEF DOLEH; LARRY GILLETTE; ZOFIA MODRZEJEWSKA; JOYCE D. MARTIN; AMGUN INVESTMENTS, LLC; ENRIQUE CERVANTES; MANCHUN KAO; HOMES FOR VETERANS CO.; ERICA SALINAS; MELISSA RANGEL; Z FINANCIAL ILLINOIS G PROPERTIES, LLC; PEDRO PALACIOS; AHMAD A. NUR; WILLIAM D. O'DONNELL; HUGH O'DONNELL; MAGALY Z. GARCIA A/K/A MAGGIE GARCIA; IDSB CAPITAL, LLC; CHRISTOPHER D. RUSSELL; KAREN E. RUSSELL; EFRAIN ROJAS GALVEZ; MARTIN ANGELO ACEVES; FRANCISCO CARRILLO; OSCAR MIRELES; JOHN M. GOLDEN; MARY A. GOLDEN; STEVEN T. SHUTTLEWORTH II; MARY BIEL; LUDWIK DZIEDZIC; LISA S. MCMATH; TONI GREEN; MICHAEL GREEN; LORETTA C. MAHER; BANK OF AMERICA, NA, AS TRUSTEE; KAZIMIERA PTAK; JUDY GRIFFIN; LISA D. SAMPSON; PAMELA JEFFERSON; EDWARD COLEMAN; TAKADA V. DIXON; US BANK, NA, AS TRUSTEE; JOSEPH CHAVEZ; DAVID KYSELICA; CHICAGO TITLE LAND TRUST CO., AS TRUSTEE; CECYLIA GUROS; CALVIN REESE; DARNELL CORTEZ REESE; CHICAGO TITLE LAND TRUST CO. U/T/A 80023929426; VINAYAK LAWANDE; ANNA WOJAS; MARC JANDURA; GARY POWELL; LILIANA ABAD FIERRO; KIMBERLY WAGNER; DESIREE SANCHEZ; NAFTALI ESPINO; KATHERINE ESPINO; ANNETTE WOFFORD; THE GEORGE POLYMENAKOS REVOCABLE TRUST DTD 10/5/2017; GEORGE POLYMENAKOS;

YURONG HAN; GABRIELA SANTAMARIA; ABRAHAM E. SANTAMARIA; DENNIS NASH; DONYETTA DOCKERY; BARBARA J. BANKS; VANESSA MILTON; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE; DAPHNEE BROWNLEE; CHARLENE L. APPLING TRUST DTD 12/7/2020; AMY LIU; SHIN-RONG LIU; ARTURO F. HERNANDEZ; MUNEEB ALAM; ZESHAN MALLHI; SWEET HOME CHICAGO MANAGEMENT, LLC; MARIA E. RODRIGUEZ RAMOS; FAIRFIELD BUILDINGS, LLC; MARY L. VAUGHN; HILDA M. ZMORA; RODOLFO CHAVEZ; RAYMUNDO TORRES; JOSE GARCIA; ARSHAN ALAMGIR; BUSHRA DURRANI; TERRY DENSMORE; EDGAR FRUTOS TORRES; LEONARD J. WOODS; LEOKADIA MOSIO; JAMES FRANK DALU; MARGARET FURNESS; MANUELA SANCHEZ FLORES; TRUTH EMPIRES, LLC; AKRAM SHAHID; CHRISTINE HSU; MARTHA ROCHA; STEPHEN MONTE HENSON; ZARAH DULAY; DIEGO D. ANDRADE; CULEBRA CAPITAL, LLC; ADE OGUNSANYA A/K/A ADETOKUNBO OGUNSANYA A/K/A ADETOKUNBO O. TEJUOSO; ANALILIA CARRILLO; JUAN CARRILLO; SUSAN O'NEAL; SUSAN M. GNIADECKI; ANTON J. WATKINS; DSI HOLDINGS CORP.; IRENA A. BAGDADY; HENRY K. WOJCIKOWSKI; STAN WOJCIKOWSKI; MARGARITA FLORES; MANNA PROPERTY INVESTMENT, LLC; VIRIDIANA ALCANTAR; FELIPE SOLORZANO MAYA; LYUBOMIR ALEXANDROV; BELIEVE IN THINE HEART MINISTRIES; EQUITY TRUST CO., CUSTODIAN FBO CHRISTINE HSU IRA AC#200341381; ESTELA FLORES; TANISHA MALLEY; AGNES C. MURPHY; LUIS A. GONZALEZ; GEORGE SPATHARAKIS; JOSEF BRZEK; EWA BRZEK; ERMA THOMAS; RAMONA BERAS TORRES; JULIUS A. HANNON; JOSE OLAF GAYTON; DAMARRA EDINBURG; MARTHA HERNANDEZ;

FILED DATE: 8/21/2025 3:50 PM    20231401241

FILED DATE: 8/21/2025 3:50 PM    20231401241

MYRON COLEMAN; GREGORY L. CASTILE; ANGELO J. CRUZ; MARTIN ACEVES
ANGULO; ROSALINDA DELGADILLO; ROSALINDA ALONSO; THELMA MOORE;
JUAN DELGADILLO ALONSO; BYLEGACY TEAM, INC.; US BANK TRUST COMPANY
NA, AS TRUSTEE; BY LEGACY LLC;
ROMAN LIRA; SREE PACHAMMA PROPERTIES, LLC; MAYOWA UCHE OKOBIE;
GABRIELA SANTAMARIA; GODWIN OMWANGHE A/K/A GODWIN OMAWANCHE;
BLANCA ESTELLA DIAZ-CRUZ; GABRIEL GARCIA AVILA; ROBERTA SWEEPER;
THELMA SWIMS; EDGARDO ALEMAN; ESPERANZA MACIAS; PAULINE C. PRATER;
WAYNE HOLLOWAY; THORNWOOD PARTNERS, LTD.; MICHAEL T. RZASA;
FEDERAL NATIONAL MORTGAGE ASSOCIATION;BRENDA J. ALLEN-BALLARD;
IRENE JONES; ALBERTO ABEL BELLIDO; CLARA OLIVARES; THOMAS LOREK;
MUSHIYA LOREK; LETICIA SOLIS; LETICIA GAMBOA; ALTHEA Y. ANDERSON;
JOANNA STALLWORTH; TERRY JONES; GREGORY L. JONES; WILLIAM DORGAN;
ALBERTO OCAMPO; CRISOSTOMA FLORES DE OCAMPO;  SALTA GROUP, INC.;
BRUCE LANCE II; JOYCE LANCE; BERTA L. CLAVIJO; LISA P. MAYFIELD; LAURA P.
OLVERA; SAUL ARELLANO; LORE J. MARTINEZ; THE MCELROY TRUST UTD DTD
3/17/1998; BERTRAM MCELROY; ZENAIDA GARCIA; NATHANIEL K. BOSTON;
ATANAS I. PETRICHKI; IVAN A. PETRICHKI; VICTOR NAVARRO; CHRISTOPHER
RAMEY; JAVIER TAPIA; CRISTINA M. TAPIA; DANIEL LOBBINS; MARQUETTE
BANK, AS TRUSTEE U/T/A 30704 DTD 7/28/2021; ANTONI CHMIELEWSKI; JADWIGA
CHMIELEWSKI; EUGENA HENRY; JESSICA LEWIS; MANUELA D. TAYLOR-
WILLIAMS; LEETHEL FRANKLIN; JOSEPHINE E. JOHNSON; DESIREE SKIPPER;
CHICAGO TITLE LAND TRUST, CO. AS SUCCESSOR-TRUSTEE TO FIRST NATIONAL
BANK OF EVERGREEN PARK, AS TRUSTEE U/T/A #14358 DTD 5-24-95; INA M. WISE;
CLAUDETTE WALKER; CARLA M. DAVIS; TIFFANY FLOWERS; JOHN M. SMITH;
TRACY LYNN ROBINSON; SHIRLEY MIA SMITH; BURTON WAYNE SMITH;
ALEJANDRO ANDRADE-LARA; DEVON DANE MURRAY; PATRICIA T. WILLIAMS;
RNM FUTURE, LLC; RICARDO GARCIA; RV HOLDINGS THREE, LLC; DIANE
DEVROE; LINCOLN W. SEABROOKS; THE LORENE M. MIMS 2023 TRUST DATED
6/16/2023; LORENE MIMS; JOSE R. CONSTANTE; MARIA I. FARIAS; TONIA PONCE;
LOUIS E. HENNERICH; MARIA DOMINGUEZ; ALBERTO PADILLA JR.; AMERICAN
NATIONAL BANK, AS TRUSTEE U/T/A 43810 DTD 9/1/1978; GEORGE NOVOGRODER;
ANGEL ZARAZUA; ADRIANA MENDOZA; SALVADOR FARIAS; JORGE A. INIGUEZ;
THE HUNTINGTON NATIONAL BANK; ALEJANDRA GUZMAN; DOMENICOS
KOSTERIS; EFREN RUIZ; THE ROAD TO RIGHTEOUSNESS FOUNDATION, INC.;
MARIA R. PADILLA; EMMANUEL OFORUM; ADRIANA VAZQUEZ; PRISCILA ESTHER
TORRES JIMENEZ; KENNETH L. WRIGHT; ANTHONY J. COLEMAN; ANTONIO
GADDIS; ENJOLIQUE WILSON; ISAAC WILSON; JORGE AGUSTIN FRUTOS TORRES;
AARON C. JACKSON; CYRIS WATSON; JAMIA BRAY; LAURA A. GOMEZ; AISHA
RICE; DOROTHY R. HARDY; ISRAEL MIRANDA TEIXEIRA; MARLON FORTINEAUX;
CHARLOTTE HOWARD; JOSE J. GARCIA; AMPARO GARCIA; DAVID J. GARCIA;
MARIA J. MAGANA; KIERRA BARNES; CHALESE A. CONLEY; GREGORY LAPAPA;
ALMA SANTANA OCTAVIANO; MARITZA CERVANTES; THE JOYCE BOWLES
REVOCABLE LIVING TRUST DTD 7/26/2011; JOYCE BOWLES; JUAN M. SOLIZ;
NELLIE M. COTTON; RAJAMER JONES; CARZIE L. JONES; DOROTHY ANDERSON;

RONA ANDERSON; HECTOR BOTELLO; ZIAD H. AL KHATIB; SABINE DESIR;
NEWREZ, LLC; DIANE L. TODD; PNC BANK, NA; TYREE PITTMAN; DEBORAH
MITCHELL; MOHAMMED ABUBAKER; DIVINITY PROPERTIES, LLC; HYUN W. SHIN;
WILLIAM A. WILCHER; VERONICA MCGRAW; MAGDI ODEH; MOHAMMEDNAJIB A.
ALKARAKI; CHICAGO TITLE LAND TRUST CO. U/T/A 8002392933; ALEEM WAHEED;
SHIRLEY WAHEED; LAWRENCE W. COLLINS; PATRICK SLATTERY; MAURA
SLATTERY BOYLE; RAMONA B. REYES; CHICAGO TITLE LAND TRUST CO., AS
SUCCESSOR-TRUSTEE U/T/A#503 DTD 4/23/1979; JAVIER URBINA; MINERVA
ORDUNO; ARACELI MARTINEZ; BOGUSLAW BIL; MARCELO RODRIGUEZ-GARCIA;
IRENE M. RUFUS; VINELLE A. MYRIE; AMELIA PACHECO; JUANA REYES; PAULA
MENDEZ; TONI GREEN; ALICIA GREEN; ROCHANNA JOHNSON; TERESA SHAW;
STEVEN W. RAYSIDE; ESMERALDA RAFAELA DALY; ESMERALDA RAFAELA; JUAN
CARLOS CAMARENA; DALY RODRIGUEZ REVOCABLE LIVING TRUST DTD 5/8/2020;
THE ESTATE OF JOAN P. MOORE; FORETHOUGHT LIFE INSURANCE COMPANY C/O
SELECT PORTFOLIO SERVICING, INC.; US BANK TRUST NA, AS TRUSTEE FOR LB-
RANCH SERIES V TRUST; TOTAL MASONRY, LLC; PARKWAY ELEVATORS, INC.;
FORD CITY REALTY, LLC; FORD CITY NASSIM, LLC; FORD CITY CH, LLC; WEISS
ORTIZ P.C.; TENANTS AND OCCUPANTS, and UNKNOWN OWNERS AND NON-
RECORD CLAIMANTS.

("Owners"), have maintained the building on the subject property, or allowed the building on the
subject property to remain, in violation of the Chicago Municipal Code.

WHEREFORE, the City prays for a fine against the defendant Owners, as provided under
13-12-020, for each day said violations have existed and/or exist, said fine computed in
accordance with Section 13-12-040 of the Municipal Code of Chicago.

### Count II- Injunctive Relief

12.    The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations as
       paragraph 12 of Count II.

13.    All buildings in the City of Chicago must meet the minimum requirements for electrical,
       plumbing, heating and ventilation and general building requirements.  Municipal Code of
       Chicago § 13-196-010 (2000) ("Every existing building shall comply with the code
       requirements in force and applicable to such building. . . .").

14.    The subject property fails to meet the minimum requirements of the Code as described in

the preceding paragraphs.

15.     The Injunction Statute for Building and Zoning Violations provides, in pertinent part, that:

> In case any building or structure, including fixtures, is constructed . . . or maintained, or any building or structure, including fixtures, or land, is used in violation of an ordinance or ordinances . . . the proper local authorities of the municipality . . . in addition to other remedies, may institute any appropriate action or proceeding . . . (4) to restrain, correct or abate the violation.

> See 65 ILCS 5/11-31-2(a) (2004); see also Municipal Code of Chicago § 13-12-070 (2000) (City may obtain an injunction requiring compliance with the provisions of the Building Code.).

16.     The Illinois Municipal Code provides, in pertinent part, that:

> If the appropriate official of any municipality determines, upon due investigation, that any building or structure therein fails to conform to the minimum standards of health and safety as set forth in the applicable ordinances of such municipality, and the owner or owners of such building or structure fails, after due notice, to cause such property so to conform, the municipality may make application to the circuit court for an injunction requiring compliance with such ordinances or for such other order as the court may deem necessary or appropriate to secure such compliance.

> See 65 ILCS 5/11-31-2 (2004)

17.     Preliminary and permanent injunctive relief is necessary to end the conduct of those defendants who own, control or otherwise manage the subject property in violation of the requirements of the Municipal Code of Chicago.

18.     Moreover, the failure of the defendants who own, control or otherwise manage the subject property to maintain the subject property according to the minimum requirements of the Municipal Code of Chicago constitutes an ongoing injury to the public health, safety and welfare, for which there is no adequate remedy at law.  See Municipal Code of Chicago §13-12-010 (2000) ("In interpreting and applying said provisions of this code, such provisions shall in every instance be held to be the minimum requirements adopted for the protection and promotion of the public health, safety and welfare.").   The

66

FILED DATE: 8/21/2025 3:50 PM    20231401241

prosecution and fining alone of these defendants will not promptly abate the nuisance.

19.    Where a statute or ordinance authorizes injunctive relief, a municipality need only show that the statute or ordinance was violated to obtain injunctive relief. See Allied Waste Trans., 334 Ill. App. 3d at 228-29; Krisjon, 246 Ill. App. 3d at 959; Piotrowski, 215 Ill. App. 3d at 834-35.

WHEREFORE, the City prays:

A.    For a temporary and permanent injunction requiring the defendant owners to correct the violations alleged in the complaint and to restrain future violations permanently, pursuant to 65 ILCS 5/11-31-1 (a), 5/11-31-2, 5/11-13-15 and 13–12–170 of the Municipal Code

B.    For the appointment of receiver, if necessary, to correct the conditions alleged in the Complaint with the full powers of receivership including the right to issue and sell receivers certificates in accordance with Section 5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended.

C.    For an order authorizing the City to demolish, repair, enclose or cleanup said premises, if necessary, and a judgment against the defendant unit owners and a lien on the subject property for these costs in accordance with Section 5/11-31-1 (a) of Chapter 65 of the Illinois Compiled Statutes, as amended.

D.    If appropriate and under proper petition, for an order declaring the property abandoned under Section 5/11-31-1 (d) of Chapter 65 of the Illinois Compiled Statutes, as amended, and for an order granting City of Chicago a judicial deed to the property if declared abandoned.

E.    If a statutory lien is obtained in this proceeding under Section 5/11-31-1 or 5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended, for an order permitting foreclosure of said lien in this proceeding.

F.    For reasonable attorney fees and litigation and court costs.

G.    For such other and further relief as may be necessary in the premises and which the court shall deem necessary.

## Count III – Distressed Condominium Property Provisions

20.    The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations as

FILED DATE: 8/21/2025 3:50 PM    20231401241

paragraph 20 of Count III.

21.     The Condominium Property Act provides that a distressed condominium property is a parcel containing condominium units which are "operated in a manner or have conditions which may constitute a danger, blight, or nuisance to the surrounding community or to the general public." 765 ILCS 605/14.5(a).

22.     The Condominium Property Act authorizes the City of Chicago to seek a court order finding that a property is a distressed condominium and appointing a receiver for the property. 735 ILCS 605/14.5, et seq.

23.     The dangerous conditions giving rise to the status of distressed condominium property must include, but are not limited to, two (2) or more of the following conditions:

     a.     50% or more of the condominium units are not occupied by persons with a legal right to reside in the units;

     b.     The building has serious violations of any applicable local building code or zoning ordinance;

     c.     60% or more of the condominium units are in foreclosure or are units against which a judgment of foreclosure was entered within the last 18 months;

     d.     There has been a recording of more condominium units on the parcel than physically exist;

     e.     Any of the essential utilities to the parcel or to 40% or more of the condominium units is either terminated or threatened with termination;

     f.     There is a delinquency on the property taxes for at least 60% of the condominium units.

24.     The subject property contains two or more of the above-mentioned dangerous conditions, as follows:

     a.     The subject property has serious violations of the City of Chicago Municipal Code as described in the complaint, including DANGEROUS AND HAZARDOUS exterior walls, missing or nonfunctioning life safety devices, elevator systems, and structural supports.

FILED DATE: 8/21/2025 3:50 PM    20231401241

b.      The condominium association is nonfunctioning.

c.      The water supply is threatened for termination for the entire condominium complex.

25.    Based upon the preceding factors, the property is not viable as a condominium.

26.    The condominium association or board cannot take responsibility for the necessary code repairs at the subject property.

27.    The condominium association has filed for bankruptcy and bankruptcy proceedings are currently pending.

28.    The failure of the defendants who own, control or otherwise manage the subject property to maintain the subject property according to the minimum requirements of the Municipal Code of Chicago constitutes a danger, blight and/or nuisance to the surrounding community and the public at large. The levying of a fine is not an adequate remedy for the unsafe conditions that exist at the subject property.

29.    The appointment of a receiver is necessary to abate the nuisance conditions present at this property and to allow for the maintenance and rehabilitation of this blighted property into a safe and inhabitable rental property in compliance with the Municipal Code of the City of Chicago.

30.    A receiver appointed under the Distressed Condominium provision of the Illinois Condominium Property Act shall "have possession of the property and shall have full power and authority to operate, manage, and conserve the property" and must "manage the property as would a prudent person." 765 ILCS 605/14.5(e). The receiver may also, without an order of the court, delegate managerial functions of the receivership to a financially responsible and prudently selected person in the business of managing real estate. 765 ILCS 605/14.5(e).

WHEREFORE, the City requests that this Court:

A.      Make a finding that this property is a distressed condominium property constituting a danger, blight, or nuisance to the surrounding community

FILED DATE: 8/21/2025 3:50 PM    20231401241

and general public in that it contains two or more of the conditions listed in 765 ILCS 605/14.5 (a) (1) (A) through (F).

B.    Appoint a receiver for the property pursuant to 765 ILCS 605/14.5 (c)(2), the receiver to have all powers and authority contemplated in, but not limited by 765 ILCS 605/14.5 (e) (1) through (10) and (f);

C.    Authorize the receiver to conduct a feasibility study;

D.    Authorize the receiver to recover the cost of any feasibility study, sale, management, maintenance, repair and/or rehabilitation of the property by the issuance and sale of notes or receiver's certificates bearing such interest as the court may fix, pursuant to 765 ILCS 605/14.5 (f).

E.    Authorize the receiver to coordinate with various City agencies and departments, including but not limited to the Chicago Police Department, the Department of Human Services, the Department of Construction and Permits, and the Department of Buildings.

F.    Implead as party defendants all tenants and/or occupants of the subject premises and enjoin and restrain defendants who have been personally served or generally or limitedly appeared in this cause from interfering with or obstructing the receiver's performance of his or her receivership duties.

G.    Find that the subject property is not viable as a condominium and enter an order pursuant to 765 ILCS 605/14.5 (c) (2) declaring

a.    That the property at **4260-4350 W. FORD CITY DR./4260-4351 W. 76TH ST., Chicago, IL 60652** ("subject property") is no longer a condominium;

b.    That the property is deemed to be owned in common by each of the unit owners;

c.    That the undivided interest in the property which shall appertain to each unit owner shall be the percentage of undivided interest previously owned by the owner in the common elements, and;

d.    That any liens affecting any unit shall be deemed to be attached to the undivided interest of the unit owner in the property as provided herein.

FILED DATE: 8/21/2025 3:50 PM 20231401241

H. Authorize the receiver to enter into a sales contract and transfer the title of the property on behalf of the owners of the property pursuant to 765 ILCS 605/14.5 (d).)

I. Grant any other relief that this Court deems appropriate.

### Count IV - Unsafe Property Provisions

31. The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations as paragraph 31 of Count IV.

32. The Unsafe Property Statute provides, in pertinent part, that:

> The corporate authorities of each municipality may demolish, repair, or enclose or cause the demolition, repair or enclosure of dangerous and unsafe buildings or uncompleted and abandoned buildings within the territory of the municipality. . . .
> See 65 ILCS 5/11-31-1(a) (2004).

33. The Unsafe Buildings Ordinance also authorizes the City of Chicago to seek a court order authorizing the demolition, repair or enclosure of "any building . . . found in a dangerous and unsafe condition or uncompleted and abandoned" within the city limits of Chicago.  Municipal Code of Chicago § 13-12-130 (2000).

34. The defendants have violated, and continue to violate, the Unsafe Property Statute and Unsafe Buildings Ordinance by allowing the subject property to remain in a dangerous and unsafe condition posing a danger to the public health, safety and welfare.  The building on the subject property would require major reconstruction in order to remedy its dangerous and unsafe condition.

35. The levying of a fine is not an adequate remedy for the dangerous and unsafe conditions at the subject property.

36. Where a statute or ordinance authorizes injunctive relief, a municipality need only show that the statute or ordinance was violated to obtain injunctive relief. See Village of Riverdale v. Allied Waste Trans., Inc., 334 Ill. App. 3d 224, 228-29 (1st Dist. 2002); City of Chicago v. Krisjon Constr. Co., 246 Ill. App. 3d 950, 959 (1st Dist. 1993); City of Chicago v. Piotrowski,

215 Ill. App. 3d 829, 834-35 (1ˢᵗ Dist. 1991).

WHEREFORE, the City requests that this Court enter an order:

    A.    Requiring the defendants to demolish, repair, enclose or clean-up the subject property under proper permits issued by the City of Chicago;

    B.    Alternatively, authorizing the City of Chicago to demolish, repair, enclose or clean up the subject property pursuant to 65 ILCS 5/11-31-1(a) and Municipal Code of Chicago § 13-12-130, the costs of which are to be assessed as a judgment against the defendants, and as a lien against the subject property;

    C.    Permitting foreclosure of any City of Chicago liens entered against the subject property in this proceeding, pursuant to 65 ILCS 5/11-31-1(c);

    D.    Awarding to the City court costs, attorney's fees and other costs related to the enforcement of 65 ILCS 5/11-31-1(a) against the defendants; and

    E.    Granting any other relief that this Court deems appropriate.

### Count V – Improperly Maintained Building or Structure—Injunctive Relief

37.    The City realleges and incorporates paragraphs 1 through 7 as paragraph 37 of Count V.

38.    The Municipal Code of Chicago declares that a building is a nuisance subject to abatement if it is:

> a building or structure found to be vacant and open after the effective date of an order to secure and enclose issued by a court of competent jurisdiction or the department of administrative hearings within the previous 12 months, unless stayed by a court of competent jurisdiction; (2) a building or structure that contains any violation of a health, fire, electrical, plumbing, building or zoning provision of this code which is imminently dangerous and hazardous; (3) a building or structure for which the costs of the repairs necessary to bring the building or structure into compliance with applicable laws would exceed the market value of the building or structure after the repairs would have been made, or when the owner cannot show that it has readily available and sufficient assets to make such repairs or where such repairs otherwise are economically infeasible; or (4) a building or structure where an owner has failed to correct the code violation(s) that form the basis of an adverse order or judgment involving that building or structure, issued by a court of competent jurisdiction or a hearing officer of the department of administrative hearings, within 60 days of entry, unless such adverse order or judgment has been stayed by a court of competent jurisdiction.

> Municipal Code of Chicago § 13-12-145(a).

FILED DATE: 8/21/2025 3:50 PM    20231401241

39.     The building or structure on the subject property is a nuisance as defined by the Municipal Code in that the building or structure contains violations of health, fire, electrical, plumbing, building and/or zoning provisions of the Code which are imminently dangerous and hazardous, and, further, that the owner(s) cannot show that he/she/they/it has readily available and sufficient assets to make all necessary repairs.

40.     The Municipal Code of Chicago authorizes the Corporation Counsel to bring an action in a court of competent jurisdiction to abate a public nuisance as defined in that section.  § 13-12-145 (c).

41.     The levying of a fine is not an adequate remedy to abate the nuisance which exists.

WHEREFORE, the City requests that this Court enter an order:

A.      Declaring the building a nuisance as defined in Section 13-12-145 (a) of the Municipal Code of Chicago.

B.      Assigning or forfeiting the Defendants' rights, title and interest in the subject property to the City of Chicago or a third party designated by the City;

C.      Permitting the foreclosure in this proceeding of any liens of the City of Chicago entered against the subject property in this case;

D.      Awarding the City of Chicago the court costs, attorney's fees and other costs related to enforcement of Section 13-12-145(e) against the Defendants; and

E.      Granting any other relief that this Court deems appropriate.


                                        Respectfully submitted,
                                        Corporation Counsel

                                        By:  _____/s/ John Slagle_____
                                             Assistant Corporation Counsel

John Slagle
Attorney for Plaintiff
2 N. LaSalle St, Suite 320
Chicago, IL 60602
(312) 744-9555
Atty No. 90909
John.Slagle@cityofchicago.org

FILED DATE: 8/21/2025 3:50 PM   20231401241

FILED DATE: 8/21/2025 3:50 PM   20231401241

## VERIFICATION BY CERTIFICATION

Pursuant to Section 5/1-109 of the Code of Civil Procedure, the undersigned certifies that he is an assistant corporation counsel for the City of Chicago and that he is the duly authorized agent of the Plaintiff for the purpose of making this certification, and that the statements set forth in this Amended Complaint are true and correct, except as to matters therein stated to be on information and belief and as to such matters he certifies as aforesaid that he believes the same to be true.

    /s/John Slagle
Assistant Corporation Counsel

Filer Selected Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>> Case: 1:25-cv-13377 Document #: 1-1 Filed: 11/03/25 Page 76 of 490 PageID #:83
Judge: Courtroom, 1109
System Generated Hearing Date: No hearing information was found.
Location: No hearing information was found.
Judge: No hearing information was found.

FILED
9/29/2025 8:26 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2023L401241
Courtroom, 1109
34648582

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT – FIRST DISTRICT**

| | | |
|---|---|---|
| **CITY OF CHICAGO,** | ) | **Case No. 23 M1 401241** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Property:** |
| **v.** | ) | **4260-4350 W. Ford City Drive/** |
| | ) | **4260-4351 W. 76th Street** |
| **FORD CITY CONDOMINIUM** | ) | **Chicago, Illinois 60652** |
| **ASSOCIATION,** *et al.*, | ) | |
| | ) | For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org |
| **Defendants.** | ) | |

---

**DEFENDANTS NEWREZ LLC D/B/A SHELLPOINT MORTGAGE
SERVICING, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC., AS MORTGAGEE, AS NOMINEE FOR GREEN TREE SERVICING
LLC, ITS SUCCESSORS AND ASSIGNS, AND MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR
AMERICAN BROKERS CONDUIT, ITS SUCCESSORS AND ASSIGNS'
ANSWER TO SECOND AMENDED COMPLAINT
FOR EQUITABLE AND OTHER RELIEF**

---

Defendants Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), Mortgage Electronic Registration Systems, Inc., as Mortgagee, as Nominee for Green Tree Servicing LLC, Its Successors and Assigns ("MERS for Green Tree"), and Mortgage Electronic Registration Systems, Inc., as Mortgagee, as Nominee for American Brokers Conduit, Its Successors and Assigns ("MERS for American Brokers") (Shellpoint, MERS for Green Tree, and MERS for American Brokers collectively referred to as the "Mortgagee Defendants"), through counsel, for their Answer to the *Second Amended Complaint for Equitable and Other Relief* ("Complaint") filed by Plaintiff City of Chicago ("Plaintiff" or "City"), state as follows:

### NATURE OF THE CASE

1.     The Mortgagee Defendants submit that the allegations in paragraph 1 of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a

response is required, the Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

## THE PARTIES AND PROPERTY AT ISSUE

2.      The Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

3.      The Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny those allegations except to the extent that they are ascertainable as a matter of public record.

4.      The Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore deny those allegations except to the extent that they are ascertainable as a matter of public record.

5.      Except as stated in their individual answer to the specific sub-paragraphs identified below, the Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore deny those allegations except to the extent that they are ascertainable as a matter of public record.[1]

For its answer to sub-paragraph 44 of paragraph 5 of the Complaint, Shellpoint admits that it is the holder of a Note secured by a **first** Mortgage encumbering property which is the subject of the Complaint and commonly known as 4300 Ford City Drive, Unit 1503, Chicago, Illinois 60652 ("Unit 1503"). Shellpoint further admits that the Mortgage is dated March 25, 2003, and was filed for record on April 7, 2003, as Instrument Number 0030460564 in the Official Records

---

[1] The admissions, denials, and statements of lack of knowledge in response to paragraph 5 and/or any other paragraph of the Complaint are made solely on behalf of the Mortgagee Defendants as defined above, and only apply to the properties identified in the response to sub-paragraphs 44, 132, 164, 177, and 320 of paragraph 5 of the Complaint. They do not and should not be construed to apply to or bind Mortgage Electronic Registration Systems, Inc. or any other party generally or with regard to any other property identified in or related to the Complaint.

2

FILED DATE: 9/29/2025 8:26 AM   20231401241

of the Cook County, Illinois, Recorder (the "Unit 1503 Mortgage"). Shellpoint further admits that it is the assignee and mortgagee of record of the Unit 1503 Mortgage by way of an Assignment of Mortgage which was filed for record on April 18, 2022, as Instrument Number 2210801117, in the Official Records of the Cook County, Illinois, Recorder. Shellpoint further admits that the Unit 1503 Mortgage constitutes a valid first lien on Unit 1503. Shellpoint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sub-paragraph 44 of paragraph 5, and therefore denies those allegations except to the extent that they are ascertainable as a matter of public record.

For its answer to sub-paragraph 132 of paragraph 5, Shellpoint admits that it is the holder of a Note secured by a **first** Mortgage encumbering property which is the subject of the Complaint and commonly known as 4300 W. Ford City Drive, A510, Chicago, Illinois 60652 ("Unit A-510"). Shellpoint further admits that the Mortgage is dated June 16, 2005, and was filed for record on June 23, 2005, as Instrument Number 0517408131 in the Official Records of the Cook County, Illinois, Recorder (the "Unit A-510 Mortgage"). Shellpoint further admits that it is the assignee and mortgagee of record of the Unit A-510 Mortgage by way of two Assignments of Mortgage which were filed for record on November 17, 2021, as Instrument 2132104002, in the Official Records of the Cook County, Illinois, Recorder; and October 11, 2023, as Instrument Number 2328410019, in the Official Records of the Cook County, Illinois, Recorder. Shellpoint further admits that the Unit A-510 Mortgage constitutes a valid first lien on Unit A-510. Shellpoint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sub-paragraph 132 of paragraph 5, and therefore denies those allegations except to the extent that they are ascertainable as a matter of public record.

For its answer to sub-paragraph 164 of paragraph 5, MERS for Green Tree admits that it is

3

FILED DATE: 9/29/2025 8:26 AM 20231401241

the mortgagee of record of a **first** Mortgage encumbering property which is the subject of the Complaint and commonly known as 4350 W. Ford City Drive, Unit B1-305, Chicago, Illinois 60652 ("Unit 305"). MERS for Green Tree further admits that the Mortgage is dated March 26, 2014, and was filed for record on April 3, 2014, as Instrument Number 1409346032 in the Official Records of the Cook County, Illinois, Recorder (the "Unit 305 Mortgage"). MERS for Green Tree further admits that the Unit 305 Mortgage constitutes a valid first lien on Unit 305. MERS for Green Tree is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sub-paragraph 164 of paragraph 5, and therefore denies those allegations except to the extent that they are ascertainable as a matter of public record.

For its answer to sub-paragraph 177 of paragraph 5, MERS for American Brokers admits that it is the mortgagee of record of a **first** Mortgage encumbering property which is the subject of the Complaint and commonly known as 4350 W. Ford City Drive, Unit 308, Chicago, Illinois 60652 ("Unit 308"). MERS for American Brokers further admits that the Mortgage is dated May 1, 2006, and was filed for record on May 10, 2006, as Instrument Number 0613008127 in the Official Records of the Cook County, Illinois, Recorder (the "Unit 308 Mortgage"). MERS for American Brokers further admits that the Unit 308 Mortgage constitutes a valid first lien on Unit 308. MERS for American Brokers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sub-paragraph 177 of paragraph 5, and therefore denies those allegations except to the extent that they are ascertainable as a matter of public record.

For its answer to sub-paragraph 320 of paragraph 5, Shellpoint admits that it is the holder of a Note secured by a **first** Mortgage encumbering property which is the subject of the Complaint and commonly known as 4261 W. 76th Street, Unit 108, Chicago, Illinois 60652 ("Unit 108"). Shellpoint further admits that the Mortgage is dated May 3, 2002, and was filed for record on May

4

FILED DATE: 9/29/2025 8:26 AM 20231401241

16, 2002, as Instrument Number 0020563321 in the Official Records of the Cook County, Illinois, Recorder (the "Unit 108 Mortgage"). Shellpoint further admits that it is the assignee and mortgagee of record of the Unit 108 Mortgage by way of five Assignments of Mortgage which were filed for record on May 16, 2002, as Instrument 0020563322, in the Official Records of the Cook County, Illinois, Recorder; November 16, 2012, as Instrument Number 1232119020, in the Official Records of the Cook County, Illinois, Recorder; on December 6, 2019, as Instrument Number 1934008261, in the Official Records of the Cook County, Illinois, Recorder; on January 15, 2020, as Instrument Number 201555169, in the Official Records of the Cook County, Illinois, Recorder; and on June 25, 2020, as Instrument Number 2017716017, in the Official Records of the Cook County, Illinois, Recorder. Shellpoint further admits that the Unit 108 Mortgage constitutes a valid first lien on Unit 108. Shellpoint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sub-paragraph 320 of paragraph 5, and therefore denies those allegations except to the extent that they are ascertainable as a matter of public record.

6.     The Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and therefore deny those allegations.

## ALLEGED BUILDING CODE VIOLATIONS

7.     To the extent that the allegations in paragraph 7 of the Complaint and each and every sub-paragraph of paragraph 7 of the Complaint are made against the Mortgagee Defendants, the Mortgagee Defendants deny the allegations. To the extent that the allegations in paragraph 7 of the Complaint and each and every sub-paragraph of paragraph 7 of the Complaint are made against defendants other than the Mortgagee Defendants, the Mortgagee Defendants are without

5

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

## **COUNT I – ALLEGED CIVIL PENALTIES AGAINST THE OWNERS**

8.      For their answer to paragraph 8 of the Complaint, the Mortgagee Defendants incorporate their answers and responses to paragraphs 1 through 7 of the Complaint.

9.      The Mortgagee Defendants submit that the allegations in paragraph 9 of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants admit the allegations only to the extent that they are consistent with the Municipal Code of Chicago and otherwise deny those allegations.

10.     The Mortgagee Defendants submit that the allegations in paragraph 10 of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants admit the allegations only to the extent that they are consistent with the Municipal Code of Chicago and otherwise deny those allegations.

11.     To the extent that the allegations in paragraph 1 of the Complaint are made against the Mortgagee Defendants, the Mortgagee Defendants deny the allegations. To the extent that the allegations in paragraph 11 of the Complaint are made against defendants other than the Mortgagee Defendants, the Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

WHEREFORE the Mortgagee Defendants submit that the allegations in the Prayer for Relief of Count I of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants pray that the Court deny the relief requested in the Prayer for Relief and enter judgment in the Mortgagee Defendants' favor and against the City, and for any and all other relief, legal or equitable, to which they may

6

FILED DATE: 9/29/2025 8:26 AM  20231401241

be entitled.

## COUNT II – ALLEGED INJUNCTIVE RELIEF

12.    For their answer to paragraph 12 of the Complaint, the Mortgagee Defendants incorporate their answers and responses to paragraphs 1 through 11 of the Complaint.

13.    The Mortgagee Defendants submit that the allegations in paragraph 13 of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

14.    The Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore deny those allegations.

15.    The Mortgagee Defendants submit that the allegations in paragraph 15 of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants admit the allegations only to the extent that they are consistent with the Injunction Statute for Building and Zoning Violations and the Municipal Code of Chicago and otherwise deny those allegations.

16.    The Mortgagee Defendants submit that the allegations in paragraph 16 of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants admit the allegations only to the extent that they are consistent with the Municipal Code of Chicago and otherwise deny those allegations.

17.    To the extent that the allegations in paragraph 17 of the Complaint are made against the Mortgagee Defendants, the Mortgagee Defendants deny the allegations. To the extent that the allegations in paragraph 17 of the Complaint are made against defendants other than the Mortgagee

7

Defendants, the Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

18.     To the extent that the allegations in paragraph 18 of the Complaint are made against the Mortgagee Defendants, the Mortgagee Defendants deny the allegations. To the extent that the allegations in paragraph 18 of the Complaint are made against defendants other than the Mortgagee Defendants, the Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

19.     The Mortgagee Defendants submit that the allegations in paragraph 19 of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore deny those allegations.

WHEREFORE the Mortgagee Defendants submit that the allegations in the Prayer for Relief of Count II of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants pray that the Court deny the relief requested in the Prayer for Relief and enter judgment in the Mortgagee Defendants' favor and against the City, and for any and all other relief, legal or equitable, to which they may be entitled.

## COUNT III – ALLEGED DISTRESSED CONDOMINIUM PROPERTY PROVISIONS

20.     For their answer to paragraph 20 of the Complaint, the Mortgagee Defendants incorporate their answers and responses to paragraphs 1 through 19 of the Complaint.

21.     The Mortgagee Defendants submit that the allegations in paragraph 21 of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a

8

response is required, the Mortgagee Defendants admit the allegations only to the extent that they are consistent with the Condominium Property Act and otherwise deny those allegations.

22.     The Mortgagee Defendants submit that the allegations in paragraph 22 of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants admit the allegations only to the extent that they are consistent with the Condominium Property Act and otherwise deny those allegations.

23.     The Mortgagee Defendants submit that the allegations in paragraph 23 of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants admit the allegations only to the extent that they are consistent with the Condominium Property Act and otherwise deny those allegations.

24.     The Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and therefore deny those allegations.

25.     The Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore deny those allegations.

26.     The Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore deny those allegations.

27.     The Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore deny those allegations.

28.     To the extent that the allegations in paragraph 28 of the Complaint are made against

9

the Mortgagee Defendants, the Mortgagee Defendants deny the allegations. To the extent that the allegations in paragraph 28 of the Complaint are made against defendants other than the Mortgagee Defendants, the Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

29.    The Mortgagee Defendants deny the allegations in paragraph 29 of the Complaint.

30.    The Mortgagee Defendants submit that the allegations in paragraph 30 of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants admit the allegations only to the extent that they are consistent with the Distressed Condominium provision of the Illinois Condominium Property Act and otherwise deny those allegations.

WHEREFORE the Mortgagee Defendants submit that the allegations in the Prayer for Relief of Count III of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants pray that the Court deny the relief requested in the Prayer for Relief and enter judgment in the Mortgagee Defendants' favor and against the City, and for any and all other relief, legal or equitable, to which they may be entitled.

## COUNT IV – ALLEGED UNSAFE PROPERTY PROVISIONS

31.    For their answer to paragraph 31 of the Complaint, the Mortgagee Defendants incorporate their answers and responses to paragraphs 1 through 30 of the Complaint.

32.    The Mortgagee Defendants submit that the allegations in paragraph 32 of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants admit the allegations only to the extent that they are consistent with the Unsafe Property Statute and otherwise deny those allegations.

10

33.     The Mortgagee Defendants submit that the allegations in paragraph 33 of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants admit the allegations only to the extent that they are consistent with the Unsafe Buildings Ordinance and the Municipal Code of Chicago and otherwise deny those allegations.

34.     To the extent that the allegations in paragraph 34 of the Complaint are made against the Mortgagee Defendants, the Mortgagee Defendants deny the allegations. To the extent that the allegations in paragraph 34 of the Complaint are made against defendants other than the Mortgagee Defendants, the Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

35.     The Mortgagee Defendants deny the allegations in paragraph 35 of the Complaint.

36.     The Mortgagee Defendants submit that the allegations in paragraph 36 of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

WHEREFORE the Mortgagee Defendants submit that the allegations in the Prayer for Relief of Count IV of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants pray that the Court deny the relief requested in the Prayer for Relief and enter judgment in the Mortgagee Defendants' favor and against the City, and for any and all other relief, legal or equitable, to which they may be entitled.

## COUNT V – ALLEGED IMPROPERLY MAINTAINED BUILDING OR STRUCTURE – INJUNCTIVE RELIEF

37.     For their answer to paragraph 37 of the Complaint, the Mortgagee Defendants

11

incorporate their answers and responses to paragraphs 1 through 36 of the Complaint.

38.     The Mortgagee Defendants submit that the allegations in paragraph 38 of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants admit the allegations in paragraph 38 of the Complaint only to the extent that they are consistent with the Municipal Code of Chicago and otherwise deny those allegations.

39.     The Mortgagee Defendants submit that the allegations in paragraph 39 of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants deny those allegations.

40.     The Mortgagee Defendants submit that the allegations in paragraph 40 of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants admit the allegations only to the extent that they are consistent with the Municipal Code of Chicago and otherwise deny those allegations.

41.     The Mortgagee Defendants deny the allegations in paragraph 41 of the Complaint.

WHEREFORE the Mortgagee Defendants submit that the allegations in the Prayer for Relief of Count V of the Complaint seek or assert legal conclusions to which no response is required. To the extent that a response is required, the Mortgagee Defendants pray that the Court deny the relief requested in the Prayer for Relief and enter judgment in the Mortgagee Defendants' favor and against the City, and for any and all other relief, legal or equitable, to which they may be entitled.

## AFFIRMATIVE DEFENSES

1.     Concerning the real estate commonly known as 4300 Ford City Drive, Unit 1503, Chicago, Illinois 60652 ("Griffin Property"), the Mortgagee Defendants state as follows:

12

FILED DATE: 9/29/2025 8:26 AM  20231401241

a. On May 25, 2003, Defendant Judy Griffin ("Griffin") granted a Note in the original amount of $47,000 ("Griffin Note") to RBMG, Inc. ("RBMG") in exchange for a loan in that amount ("Griffin Loan");

b. To secure the Griffin Note, Griffin granted a Mortgage to Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for RBMG and its successors and assigns, which was filed for record on April 7, 2003, as Instrument Number 0030460564 in the Official Records of the Cook County, Illinois, Recorder ("Griffin Mortgage");

c. The Griffin Mortgage constitutes a valid first lien on the Griffin Property.

d. Shellpoint is the current mortgagee and assignee of the Griffin Mortgage by way of an Assignment of Mortgage filed for record on April 18, 2022, as Instrument Number 2210801117, in the Official Records of the Cook County, Illinois, Recorder.

2. Concerning the real estate commonly known as 4300 W. Ford City Drive, A510, Chicago, Illinois 60652 ("Murphy Property"), the Mortgagee Defendants state as follows:

a. On June 16, 2005, Defendant Agnes C. Murphy ("Murphy") granted a Note in the original principal amount of $65,500 ("Murphy Note") to GMAC Mortgage Corporation ("GMAC") in exchange for a loan in that amount ("Murphy Loan");

b. To secure the Murphy Note, Murphy granted a Mortgage to Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for GMAC and its successors and assigns, which was filed for record on June 23, 2005, as Instrument Number 0517408131, in the Official Records of the Cook County, Illinois, Recorder ("Murphy Mortgage");

c. The Murphy Mortgage constitutes a valid first lien on the Murphy Property;

d. Shellpoint is the current mortgagee and assignee of the Murphy Mortgage by way of two Assignments of Mortgage that were filed for record on November 17, 2021, as

13

FILED DATE: 9/29/2025 8:26 AM 20231401241

Instrument Number 2132104002, in the Official Records of the Cook County, Illinois, Recorder; and on October 11, 2023, as Instrument Number 2328410019, in the Official Records of the Cook County, Illinois, Recorder, respectively.

3.　　Concerning the real estate commonly known as 4350 W. Ford City Drive, Unit B1-305, Chicago, Illinois 60652 ("Swims Property"), the Mortgagee Defendants state as follows:

a.　　On March 26, 2014, Defendant Thelma Swims ("Swims") granted a Note in the original principal amount of $53,900 ("Swims Note") to Green Tree Servicing LLC ("Green Tree") in exchange for a loan in that amount ("Swims Loan");

b.　　To secure the Swims Note, Swims granted a Mortgage to Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for Green Tree and its successors and assigns ("MERS for Green Tree"), which was filed for record on April 3, 2014, as Instrument Number 1409346032, in the Official Records of the Cook County, Illinois, Recorder ("Swims Mortgage");

c.　　The Swims Mortgage constitutes a valid first lien on the Swims Property;

d.　　MERS for Green Tree remains the current mortgagee of the Swims Mortgage.

4.　　Concerning the real estate commonly known as 4350 W. Ford City Drive, Unit 308, Chicago, Illinois 60652 ("Stallworth Property"), the Mortgagee Defendants state as follows:

a.　　On May 1, 2006, Defendant Joanna Stallworth ("Stallworth") granted a Note in the original principal amount of $73,900 ("Stallworth Note") to American Brokers Conduit ("American Brokers") in exchange for a loan in that amount ("Stallworth Loan");

b.　　To secure the Stallworth Note, Stallworth granted a Mortgage to Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for American Brokers and its

14

FILED DATE: 9/29/2025 8:26 AM 2023140124

successors and assigns ("MERS for American Brokers"), which was filed for record on May 10, 2006, as Instrument Number 0613008127, in the Official Records of the Cook County, Illinois, Recorder ("Stallworth Mortgage");

  c. The Stallworth Mortgage constitutes a valid first lien on the Stallworth Property;

  d. MERS for American Brokers remains the current mortgagee of the Stallworth Mortgage.

  5. Concerning the real estate commonly known as 4261 W. 76th Street, Unit 108, Chicago, Illinois 60652 ("Tucker-Flowers Property"), the Mortgagee Defendants state as follows:

  a. On May 3, 2002, non-party Bertha Tucker ("Tucker") granted a Note in the original principal amount of $62,600 ("Tucker-Flowers Note") to Residential Loan Centers of America ("Residential Loan") in exchange for a loan in that amount ("Tucker-Flowers Loan");

  b. To secure the Tucker-Flowers Note, Tucker granted a *Mortgage* to Residential Loan and its successors and assigns, which was filed for record on May 16, 2002, as Instrument Number 0020563321, in the Official Records of the Cook County, Illinois, Recorder ("Tucker-Flowers Mortgage");

  c. The Tucker-Flowers Mortgage constitutes a valid first lien on the Tucker-Flowers Property;

  d. The Complaint alleges that Defendant Tiffany Flowers is the current owner of the Tucker-Flowers Property;

  e. Shellpoint is the current mortgagee and assignee of the Tucker-Flowers Mortgage by way of five Assignments of Mortgage which were filed for record on May 16, 2002, as Instrument 0020563322, in the Official Records of the Cook County, Illinois, Recorder;

15

November 16, 2012, as Instrument Number 1232119020, in the Official Records of the Cook County, Illinois, Recorder; on December 6, 2019, as Instrument Number 1934008261, in the Official Records of the Cook County, Illinois, Recorder; on January 15, 2020, as Instrument Number 201555169, in the Official Records of the Cook County, Illinois, Recorder; and on June 25, 2020, as Instrument Number 2017716017, in the Official Records of the Cook County, Illinois, Recorder, respectively.

6.      Shellpoint is the servicer of the Griffin Loan, the Murphy Loan, the Swims Loan, the Stallworth Loan, and the Tucker-Flowers Loan (collectively, the "Fannie Mae Loans") for and on behalf of Federal National Mortgage Association ("Fannie Mae").

7.      Fannie Mae is the owner of (a) the Fannie Mae Loans; (b) the beneficial interest in the Griffin Mortgage, the Murphy Mortgage, the Swims Mortgage, the Stallworth Mortgage, and the Tucker-Flowers Mortgage (collectively, the "Fannie Mae Mortgages"); and (c) the beneficial interest in the Griffin Note, the Murphy Note, the Swims Note, the Stallworth Note, and the Tucker-Flowers Note (collectively, the "Fannie Mae Notes").

8.      In July of 2008, Congress passed the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 et seq., which established the Federal Housing Finance Agency ("FHFA") for the purpose of regulating Fannie Mae and Federal Home Loan Mortgage Corporation ("Freddie Mac"), among other purposes.

9.      On September 6, 2008, FHFA's Director placed Fannie Mae and Freddie Mac into conservatorship and named FHFA as Conservator "for the purpose of reorganizing, rehabilitating, or winding up the affairs of a regulated entity." 12 U.S.C. § 4617(a)(2). To date, Fannie Mae and Freddie Mac remain in conservatorship.

10.     FHFA succeeds to "all rights, titles, powers, and privileges" of the entity in

16

conservatorship "with respect to [its] assets," making all Enterprise assets "property of the Agency" for the duration of the conservatorship. 12 U.S.C. 4617(b)(2)(A) and (j)(2).

11. The Fannie Mae Mortgages, Fannie Mae Notes, and Fannie Mae Loans are owned by Fannie Mae, and thus are subject in pertinent part to HERA.

## (First Affirmative Defense)

12. The Mortgagee Defendants restate and incorporate by reference the facts stated in Paragraphs 1 through 11 above, including the facts stated in each and every subparagraph.

13. The Complaint fails to state a claim against the Mortgagee Defendants upon which relief can be properly granted.

## (Second Affirmative Defense)

14. The Mortgagee Defendants restate and incorporate by reference the facts stated in Paragraphs 1 through 13 above, including the facts stated in each and every subparagraph.

15. The Plaintiff's requests for relief are barred by 12 U.S.C. §4617(f), which precludes courts from taking any action, including the imposition of any injunctive relief or the appointment of a receiver, to restrain or affect the exercise of powers or functions of the Conservator FHFA while Fannie Mae remains in federal conservatorship.

## (Third Affirmative Defense)

16. The Mortgagee Defendants restate and incorporate by reference the facts stated in Paragraphs 1 through 15 above, including the facts stated in each and every subparagraph.

17. The Plaintiff's requests for relief are barred by 12 U.S.C. §4617(j)(3), which (1) precludes any levy, attachment, garnishment, foreclosure, or sale without the prior express consent of Fannie Mae's Conservator, (2) precludes any foreclosure sale from extinguishing Fannie Mae's deed of trust or subordinating Fannie Mae's lien without the prior express consent of Fannie Mae's

FILED DATE: 9/29/2025 8:26 AM 20231401241

Conservator, (3) precludes the attachment of any involuntary lien to property of the conservatorship estate of Fannie Mae including super-priority liens, receiver's liens, etc., and (4) preempts any state law to the contrary.

### (Fourth Affirmative Defense)

18.     The Mortgagee Defendants restate and incorporate by reference the facts stated in Paragraphs 1 through 17 above, including the facts stated in each and every subparagraph.

19.     To the extent that the Plaintiff requests relief for attorneys' fees, appraiser's fees, costs, penalties, fines, interest, lien fees, or any other non-compensatory award, such a request is barred by 12 U.S.C. §4617(j)(4), which precludes the imposition of any "amounts in the nature of penalties or fines" on Fannie Mae while in conservatorship, and which preempts any state law to the contrary.

### (Fifth Affirmative Defense)

20.     The Mortgagee Defendants restate and incorporate by reference the facts stated in Paragraphs 1 through 19 above, including the facts stated in each and every subparagraph.

21.     The Plaintiff's requests for relief are barred, in whole or in part, by 12 U.S.C. §4617(a)(7), which limits external interference with the FHFA's actions as conservator by providing that "when acting as conservator or receiver, the Agency shall not be subject to the direction or supervision of any other agency of the United States or any State in the exercise of the rights, powers, and privileges of the Agency," and preempts any state law to the contrary.

### (Sixth Affirmative Defense)

22.     The Mortgagee Defendants reserve the right to assert any and all affirmative defenses that may develop during the course of this matter, via discovery or otherwise.

WHEREFORE, the Mortgagee Defendants pray that the Court deny the relief requested in

FILED DATE: 9/29/2025 8:26 AM    20231401241

the Complaint and enter judgment in the Mortgagee Defendants favor and against the City, and for any and all other relief, legal or equitable, to which they may be entitled.

Respectfully submitted,

/s/ Kevin M. Hudspeth
Kevin M. Hudspeth
DINSMORE & SHOHL LLP
Cook County Attorney Code 58012
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Tel: (513) 977-8461
Fax: (513) 977-8141
Email: kevin.hudspeth@dinsmore.com
*Attorneys for Defendants Newrez LLC d/b/a*
*Shellpoint Mortgage Servicing, Mortgage*
*Electronic Registration Systems, Inc., as*
*Mortgagee, as Nominee for Green Tree*
*Servicing LLC, Its Successors and Assigns,*
*and Mortgage Electronic Registration*
*Systems, Inc., as Mortgagee, as Nominee for*
*American Brokers Conduit, Its Successors*
*and Assigns*

19

FILED DATE: 9/29/2025 8:26 AM   20231401241

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil

Procedure, the undersigned certifies that the statements set forth in this document are true and

correct, except as to matters therein stated to be on information and belief and as to such matters

the undersigned certifies as aforesaid that he or she verily believes the same to be true.

**BY NEWREZ LLC D/B/A SHELLPOINT
MORTGAGE SERVICING, ON ITS OWN BEHALF
AND AS ATTORNEY-IN-FACT FOR MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.,
AS MORTGAGEE, AS NOMINEE FOR GREEN
TREE SERVICING LLC, ITS SUCCESSORS AND
ASSIGNS AND MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS
MORTGAGEE, AS NOMINEE FOR AMERICAN
BROKERS CONDUIT, ITS SUCCESSORS AND
ASSIGNS**

Name:    Angie Fay Chapman
Title:     Vice President

20

FILED DATE: 9/29/2025 8:26 AM 20231401241

## CERTIFICATE OF SERVICE

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that before **5:00 p.m.** on **September 29, 2025**, a true and accurate copy of the foregoing was served pursuant to Ill. Sup. Ct. R. 11(c)(1)(ii) via email initiated by the undersigned to the email address of each party identified below, or pursuant to Ill. Sup. Ct. R. 11(c)(2)(ii) by depositing the document in a United States post off box in Cincinnati, Ohio, enclosed in an envelope to the address of each party identified below, with postage fully prepaid, or by delivery of the documents through a third-party commercial carrier to the address of each party identified below, with delivery charge fully prepaid.

See attached Service List.

/s/ Jenna Gerstle
Jenna Gerstle

## SERVICE LIST

FILED DATE: 9/29/2025 8:26 AM   20231401241

BMO Harris N.A.
Egan & Alaily LLC
clerk@ea-atty.com

BMO Bank N.A.
Egan & Alaily LLC
clerk@ea-atty.com

Midland Federal Savings & Loan Association
As Trustee of Trust No. 1484
Michael J. Goldstein & Associates
mjg@mjglaw.com

JP Morgan Chase Bank, N.A.
Burke Warren macKay & Seritella, PC
sshifrin@burkelaw.com

First American Bank
Martin D. Tasch
pleadingmdt@momkus.com
mtasch@momkus.com

Countrywide Home Loans, Inc.
Nationstar Mortgage, LLC
Dykema Gossett PLLC
ksimpson@dykema.com

The Huntington National Bank
Weltman, Weinberg & Reis Co., L.P.A.
chicks@weltman.com
chicagolaw@weltman.com

Julius A. Hannon II
Bil Boguslaw
Anthony J. Peraica & Associates, Ltd.
support@peraica.com

DLJ Mortgage Capital, Inc.
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

City of Chicago
greg.janes@cityofchicago.org
john.slagle@cityofchicago.org

John Suzuki
Collateral Trustee Inc.
suzuki@collateraltrustee.com

Christopher Russell
cruss65@gmail.com

Karen Russell
the2russells@yahoo.com

Irena Bagdady
irenabagdady@gmail.com
bryan@celsinfo.com

Joanna Stallworth-Lillybridge
joannastallworth@hotmail.com

Mayowa Okobie
mfourj@yahoo.com

Michael Rzasa
mik232323@hotmail.com
mr4134@comcast.net

Minerva Orduno
minervaorduno78@gmail.com

Myron Coleman
myroncole02@gmail.com

Pauline Prater
sheabprater@gmail.com

Shirley Ann Waheed
shirley.waheed1621@yahoo.com

Toni Green
Alicia Green
Michael Green
tonigreen123456@gmail.com

22

FILED DATE: 9/29/2025 8:26 AM    20231401241

Mortgage Electronic Registration Systems,
Inc.
Citibank, NA
CitiMortgage, Inc.
Citibank, FSB
Heavner, Beyers & Mihlar LLC
sarahstack@hsbattys.com

The Bank of New York Mellon, Successor to
the Bank of New York, Not In Its Individual
Capacity But Solely As Trustee on Behalf of
the Holders of the CIT Mortgage Loan Trust,
2007-1 Asset-Backed Certificates, Series
2007-1
Smith & Weik, LLC
csmith@smithweiklaw.com

Gregory LaPapa
Mitchell F. Asher
mickey@mitchellasher.com

Federal Home Loan Mortgage Corporation, as
Trustee for the Benefit of the Freddie Mac
Seasoned Loans Structured Transaction Trust,
Series 2019-3
Smith & Weik, LLC
csmith@smithweiklaw.com

Wilmington Savings Fund Society, FSB Not
In Its Individual Capacity But Solely as
Indenture Trustee for CIM Trust 2023-R3
Mortgage-Backed Notes, Series 2023-R3
Smith & Weik, LLC
csmith@smithweiklaw.com

The Bank of New York Mellon, as Trustee for
The Bear Stearns Asset Backed Securities
Trust 2002-2, Asset Backed Certificates,
Series 2002-2
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

Winston McKoy
winston-mckoy@yahoo.com

Erica Salinas
angelsmusic@att.net

Sabine Desir
sdesir1@yahoo.com

Maureen Zopf POA for Edward Coleman
mozopf@att.net

Rodolfo Chavez
chavez8705@gmail.com

Samantha Bates dba The Road to
Righteousness Foundation Inc.
road2righteousness@yahoo.com

Thelma Swims
tswims550@gmail.com

Ahmad Nur
ahmad.a.nur@gmail.com

Bruce Lance II
bunki4280@cox.net

Gabriela/Abraham Santamaria
soyimagen@gmail.com

Hatuey McKoy
hatuey_mckoy@yahoo.com

Hilda M. Zmora
zmorah@yahoo.com

Irene Jones
treasashaw1959@gmail.com

Javier Urbina
jurbinaazul3@gmail.com

23

FILED DATE: 9/29/2025 8:26 AM  20231401241

Deutsche Bank National Trust Company, as
Trustee, in Trust for Registered Holders of
Long Beach Mortgage Loan Trust 2005-2
Asset-Backed Certificates, Series 2005-2
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

U.S. Bank National Association, as Trustee
Successor in Interest to Bank of America, as
Trustee for Structured Asset Investment Loan
Trust Mortgage Pass-Through Certificates,
Series 2004-7
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

Forethought Life Insurance Company
Smith & Weik, LLC
csmith@smithweiklaw.com

Ford City Condominium Association
Burke Warren macKay & Seritella, PC
jstevens@burkelaw.com

Citibank, N.A., as Successor by Merger to
Citibank, F.S.B.,
CitiMortgage, Inc.
robert.brunner@bclplaw.com

Zofia Modrzejewska
Desiree Sanchez
Roberta Sweeper
Ziad H. Al Khatib
Carla M. Davis
Hector Botello
Maria E. Rodriguez Ramos
Ina Wise
Juan Carlos Camarena
Antony J. Peraica & Associates, Ltd
support@peraica.com

Manna Property Investment LLC
Zac Law PC
az@zaclawpc.com

Joyce Lance
bunki4280@cox.net

Diane Devroe
ladydiscakes@aol.com

Diane L. Todd
dianet0545@att.net

Gregory Castile
g_castile@yahoo.com

Lorene Mims
quianasowell@aol.com

Louis Hemmerich
lewhemm@aol.com

Manuela D. Tayolor-Williams
ladydi0802@gmail.com

Takada Dixon
takadaepps@gmail.com

Aleem Waheed
aw7153090@gmail.com

Brenda J. Allen-Ballard
4350 W. Ford City Drive, Unit 506
Chicago, Illinois 60652

24

10/15/2025 2:13 PM

Filer Selected Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Courtroom, 1109
System Generated Hearing Date: 12/28/2025 9:00 AM
Location: Court Room 1109
Judge: Murray, Leonard

FILED DATE: 10/15/2023 8:13 PM  20231401241

FILED
12/15/2023 4:32 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
20231401241
Courtroom, 1109
25625196

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT – FIRST DISTRICT**

CIRCUIT CLERK

20231401241

COOK COUNTY, IL

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 2023 M1 401241 |
| FORD CITY CONDOMINIUM ASSOCIATION, ET. AL. | ) ) ) |
| Defendants. | ) |

Courtroom, 1109

34902628

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S VERIFIED ANSWER TO**
**COMPLAINT FOR EQUITABLE AND OTHER RELIEF**

Defendant JPMorgan Chase Bank, N,A, ("Chase"), for its Answer and Defenses to the City

Mariyana T. Spyropoulos

of Chicago's Complaint, states as follows:

**GENERAL ALLEGATIONS**

1.      The City brings this action pursuant to its police power as a home rule unit under Article VII of the Illinois Constitution, which includes "the power to regulate for the protection of the public health, safety, morals and welfare." Ill. Const. art. VII, par. 6(a). As a further grant of authority, the City brings this action pursuant to the Unsafe Property Statute, 65 ILCS 5/11-31-1(a) et seq. (2004), as amended, the Injunction Statute for Building and Zoning Violations, 65 ILCS 5/11-13-15 (2005) and Chicago Municipal Code ("Code"). By bringing this action, the City seeks to abate the dangerous and unsafe conditions at the property in question and obtain equitable relief, civil penalties, attorneys fees and costs.

**ANSWER:**  Chase lacks sufficient knowledge to admit or deny the allegations in this Paragraph,

and therefore denies the allegations.

**THE PARTIES AND THE PROPERTY AT ISSUE**

2.      The City is a municipal corporation organized and existing under the laws of the State of Illinois.

Reviewer ID: Dorothy_Washington_2023-12-15_09:43:54

FILED DATE: 10/15/2023 1:33 PM 20231401241

**ANSWER:** Chase lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and therefore denies the allegations.

3. Within the corporate limits of Chicago, there is a parcel of real estate legally described as:

a. UNDERLYING PIN: 19-27-401-038-0000
UNIT PINS: 19-27-401-038-1001 through 19-27-401-038-1357

b. **LEGAL DESCRIPTION:**

Residential Units A/201 to A/210, both inclusive, A/301 to A/310, both inclusive, A/401 to A/410, both inclusive, A/501 to AJ510, both inclusive, A/601 to A/610, both inclusive, A/701 to A/710, both inclusive, A/801 to A/810, both inclusive, A/901 to A/910, both inclusive, A/1001 to A/1010, both inclusive, A/1101 to A/1110, both inclusive, A/1201 to A/1210, both inclusive, and A/1301 to A/1310, both inclusive, A/1401 to A/1410, both inclusive, A/1501 to A/1510, both inclusive, B-1/101, B-1/102, B-1/104, B-1/105, B-1/108, B-1/201, to B-1/208, both inclusive, B¬1/301 to B-1/308, B-1/401 to B1/408, both inclusive, B-1/501 to B-1/508, both inclusive, B¬2/101, B-2/102, B-2/104, B-2/105, B-2/108,13-2/201 to B-2/208, both inclusive, 13-2/301 to B¬2/308, both inclusive, B-2/401 to B-2/408, both inclusive, B-2/501 to B-2/508, both inclusive, C¬1/101, C-1/103, C-1/104, C-1/105, C-1/108, C-1/201 to C-1/208, both inclusive, C-1/301 to C-1/308, both inclusive, C-1/401 to C-1/408, both inclusive, C-1/501 to C-1/508, both inclusive, C¬2/101, C-2/103, C-2/104, C-2/105, C-2/108, C-2/201 to C-2/208, both inclusive, C-2/301 to C¬2/308, both inclusive, C-2/401 to C-2/408, both inclusive, C-2/501 to C-2/508, both inclusive, D¬1/101 to D-1/108, both inclusive, D-1/201 to D-1/208, both inclusive, D-2/101 to D-2/103, both inclusive, D-2/105 to D-2/108, both inclusive, D-2/201 to D-2/208, both inclusive, and Garage Units P-1 to P-38, both inclusive, as delineated on survey of the part of the North three-fourths of Section 27, Township 38 North, Range 13 East of the Third Principal Meridian, described as follows: commencing at the intersection of a Line 3536.00 feet East and parallel with the West line of said Section 27, and a Line 20 feet North of and parallel with a line hereafter referred to as "Line A", which extends East from a point on the West line of said Section 27, which is 644.66 feet South from the Northwest corner of the South half of said Section 27 to a point on the East line of said Section 27 which is 619.17 feet South from the Northeast corner of said South half, thence West along said line 20.00 feet North, 122.72 feet to the point of beginning of the Land herein described thence South along a line making an interior angle of 38° 36' 00"723.89 feet to the South line of the North half of the South half of said Section 27; thence West along said South line of the North half of the South half 890.01 feet, to a line 2506.00 feet East of and parallel to the West line of said Section 27; thence North along said line 2506.00 feet East, 436.29 feet, to a Line 264.26 feet South of and parallel with said "Line A"; thence East along said line 264.26 feet South, 257.86 feet, to a line 2736.86 feet East, 284.26 feet, to said line 20.00 feet North of "Line A"; thence East along said line 20.00 feet North, 649.84 feet to the point of beginning, in Cook County, Illinois, together with easements appurtenant as described in Document No. 24748418 recorded in the Office of the Recorder of Deed in said county; which survey is attached as Exhibit "A" to the Declaration of Condominium Ownership made by American National Bank and Trust Company of Chicago, as Trustee under Trust No. 45058, recorded in the Officer of the Recorder of Deeds, Cook County, Illinois as Document No. 24911808.

This parcel is commonly known as 4260-4350 W. FORD CITY DR./4260-4351 W. 76TH ST., Chicago, IL 60652 ("subject property").

**Reviewer ID: Dorothy_Washington_2023-12-15_09:43:54**

FILED DATE: 10/15/2023 1:33 PM    20231401241

**ANSWER:** Chase lacks sufficient knowledge to admit or deny the allegations in this Paragraph,

and therefore denies the allegations.

4.      On information and belief, located on the subject property is composed of seven buildings (a high-rise building, two mid-rise buildings, and four low-rise buildings) which include 319 dwelling units with parking.

**ANSWER:** Chase lacks sufficient knowledge to admit or deny the allegations in this Paragraph,

and therefore denies the allegations.

5.      That at all times pertinent thereto on information and belief the following named Defendants owned, managed, controlled, collected rents from, had a legal or equitable interest in, or contributed to the ongoing violations at, the Subject Property.

**ANSWER:** Chase lacks sufficient knowledge to admit or deny the allegations in this Paragraph,

with the exception of subparts 30, 45, 67, 262, 268, 273 and 275.  For those subparts, Chase admits it may

have a mortgage interest in the identified property and lacks knowledge regarding the remaining

allegations in those subparts and regarding any remaining allegations in Paragraph 5.

6.      That Matthew Beaudet is the Commissioner of the Department of Buildings of City of Chicago, and as such and pursuant to the Building Code of City of Chicago, caused inspection(s) to be conducted by inspectors of the Department of Buildings of City of Chicago, who have knowledge of the facts stated in this complaint.

**ANSWER:** Chase lacks sufficient knowledge to admit or deny the allegations in this Paragraph,

and therefore denies the allegations.

## BUILDING CODE VIOLATIONS

7.      That on 5/16/2023 and on each succeeding day thereafter and on numerous other occasions, the defendant(s) failed to comply with the Municipal Code of the City of Chicago.

**ANSWER:** Chase lacks sufficient knowledge to admit or deny the allegations in this Paragraph

including its subparts, and therefore denies the allegations.

## COUNT I – CIVIL PENALTIES AGAINST THE OWNERS

8.      The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations as paragraph 8 of Count I.

Reviewer ID: Dorothy_Washington_2023-12-15_09:43:54

FILED DATE: 10/15/2023 1:33 PM    20231401241

**ANSWER:** Chase incorporates its answers to each of the foregoing Paragraphs as though fully set forth herein.

9. Section 13-12-020 of the Municipal Code of Chicago provides that: "the owner, his agent for the purpose of managing, controlling or collecting rents and any other person managing or controlling a building or premises in any part of which there is a violation of the provisions of this Code ... shall be liable for any violation therein, existing or occurring, or which may have existed or occurred, at or during any time when such person is or was the person owning or managing, controlling, or acting as agent in regard to said buildings or premises and is subject to injunctions, abatement orders or other remedial orders." Municipal Code of Chicago, Ill. ("MCC") § 13-12-020.

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no response is required. To the extent that a response is required, Chase admits this Paragraph is consistent with the Municipal Code of Chicago, and otherwise denies any allegations.

10. Section 13-12-040 further states: "Any violation of . . . any of the provisions of this code ... shall be punishable by a fine of not less than $200.00 and not more than $500.00, and each day such violation shall continue shall constitute a separate and distinct offense for which a fine herein provided shall be imposed." MCC § 13-12-040.

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no response is required. To the extent that a response is required, Chase lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and therefore denies the allegations.

11. The City seeks the maximum fine for each day [sic] defendants,

**ANSWER:** The allegations in this Paragraph are not made against Chase, and therefore no response is required. To the extent that a response is required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

WHEREFORE, the City prays for a fine against the defendant Owners, as provided under 13-12-020, for each day said violations have existed and/or exist, said fine computed in accordance with Section 13-12-040 of the Municipal Code of Chicago.

**Reviewer ID: Dorothy_Washington_2023-12-15_09:43:54**

FILED DATE: 10/15/2023 2:33 PM 20231401241

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no response is required. To the extent that a response is required, Chase prays that the Court deny the relief requested, and for any and all other relief, legal or equitable, to which it may be entitled.

## COUNT II- INJUNCTIVE RELIEF

12. The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations as paragraph 12 of Count IL.

**ANSWER:** Chase incorporates its answers to each of the foregoing Paragraphs as though fully set forth herein.

13. All buildings in the city of Chicago must meet the minimum requirements for electrical, plumbing, heating and ventilation and general building requirements. Municipal Code of Chicago § 13-196-010 (2000) ("Every existing building shall comply with the code requirements in force and applicable to such building. . .").

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no response is required. To the extent that a response is required, Chase admits this Paragraph is consistent with the Municipal Code of Chicago, and otherwise denies any allegations.

14. The subject property fails to meet the minimum requirements of the Code as described in the preceding paragraphs.

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no response is required. To the extent that a response is required, Chase lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and therefore denies the allegations.

15. The Injunction Statute for Building and Zoning Violations provides, in pertinent part, that:
> In case any building or structure, including fixtures, is constructed... or maintained, or any building or structure, including fixtures, or land, is used in violation of an ordinance or ordinances . . . the proper local authorities of the municipality . . . in addition to other remedies, may institute any appropriate action or proceeding . . . (4) to restrain, correct or abate the violation.

See 65 ILCS 5/11-31-2(a) (2004); see also Municipal Code of Chicago § 13-12-070 (2000) (City may obtain an injunction requiring compliance with the provisions of the Building Code.).

Reviewer ID: Dorothy_Washington_2023-12-15_09:43:54

FILED DATE: 10/15/2023 2:33 PM 2023L401241

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no response is required. To the extent that a response is required, Chase lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and therefore denies the allegations.

16.    The Illinois Municipal Code provides, in pertinent part, that:

If the appropriate official of any municipality determines, upon due investigation, that any building or structure therein fails to conform to the minimum standards of health and safety as set forth in the applicable ordinances of such municipality, and the owner or owners of .such building or structure fails, after due notice, to cause such property so to conform, the municipality may make application to the circuit court for an injunction requiring compliance with such ordinances or for such other order as the court may deem necessary or appropriate to secure such compliance.

See 65 ILCS 5/11-31-2 (2004)

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no response is required. To the extent that a response is required, Chase admits this Paragraph is consistent with the Municipal Code of Chicago, and otherwise denies any allegations.

17.    Preliminary and permanent injunctive relief is necessary to end the conduct of those defendants who own, control or otherwise manage the subject property in violation of the requirements of the Municipal Code of Chicago.

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no response is required. To the extent that a response is required, Chase lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and therefore denies the allegations.

18.    Moreover, the failure of the defendants who own, control or otherwise manage the subject property to maintain the subject property according to the minimum requirements of the Municipal Code of Chicago constitutes an ongoing injury to the public health, safety and welfare, for which there is no adequate remedy at law. See Municipal Code of Chicago §13-12-010 (2000) ("In interpreting and applying said provisions of this code, such provisions shall in every instance be held to be the minimum requirements adopted for the protection and promotion of the public health, safety and welfare."). The prosecution and fining alone of these defendants will not promptly abate the nuisance.

Reviewer ID: Dorothy_Washington_2023-12-15_09:43:54

FILED DATE: 10/15/2023 1:33 PM    20231401241

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no response is required. To the extent that a response is required, Chase lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and therefore denies the allegations.

19.    Where a statute or ordinance authorizes injunctive relief, a municipality need only show that the statute or ordinance was violated to obtain injunctive relief. See Allied Waste Trans., 334 Ill. App. 3d at 228-29; Krisjon, 246 Ill. App. 3d at 959; Piotrowski, 215 DI. App. 3d at 834-35.

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no response is required. To the extent that a response is required, Chase lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and therefore denies the allegations.

WHEREFORE, the City prays:

> A.    For a temporary and permanent injunction requiring the defendant owners to correct the violations alleged in the complaint and to restrain future violations permanently, pursuant to 65 ILCS 5/11-31-1 (a), 5/11-31-2, 5/11-13-15 and 13-12-170 of the Municipal Code
>
> B.    For the appointment of receiver, if necessary, to correct the conditions alleged in the Complaint with the full powers of receivership including the right to issue and sell receivers certificates in accordance with Section 5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended.
>
> C.    For an order authorizing the City to demolish, repair, enclose or cleanup said premises, if necessary, and a judgment against the defendant unit owners and a lien on the subject property for these costs in accordance with Section 5/11-31-1 (a) of Chapter 65 of the Illinois Compiled Statutes, as amended.
>
> D.    If appropriate and under proper petition, for an order declaring the property abandoned under Section 5/11-31-1 (d) of Chapter 65 of the Illinois Compiled Statutes, as amended, and for an order granting City of Chicago a judicial deed to the property if declared abandoned.
>
> E.    If a statutory lien is obtained in this proceeding under Section 5/11-31-1 or 5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended, for an order permitting foreclosure of said lien in this proceeding.
>
> F.    For reasonable attorney fees and litigation and court costs.
>
> G.    For such other and further relief *as* may be necessary in the premises and which the court shall deem necessary.

Reviewer ID: Dorothy_Washington_2023-12-15_09:43:54

FILED DATE: 10/15/2023 4:33 PM    20231401241

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no

response is required. To the extent that a response is required, Chase prays that the Court deny the

relief requested, and for any and all other relief, legal or equitable, to which it may be entitled.

### COUNT III — DISTRESSED CONDOMINIUM PROPERTY PROVISIONS

20.      The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations
as paragraph 20 of Count III.

**ANSWER:** Chase incorporates its answers to each of the foregoing Paragraphs as though

fully set forth herein.

21.      The Condominium Property Act provides that a distressed condominium property is a
parcel containing condominium units which are "operated in a manner or have conditions which may
constitute a danger, blight, or nuisance to the surrounding community or to the general public." 765 ILCS
605/14.5(a).

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no

response is required. To the extent that a response is required, Chase lacks sufficient knowledge to

admit or deny the allegations in this Paragraph, and therefore denies the allegations.

22.      The Condominium Property Act authorizes the City of Chicago to seek a court order
finding that a property is a distressed condominium and appointing a receiver for the property. 735 ILCS
605/14.5, et seq.

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no

response is required. To the extent that a response is required, Chase lacks sufficient knowledge to

admit or deny the allegations in this Paragraph, and therefore denies the allegations.

23.      The dangerous conditions giving rise to the status of distressed condominium property
must include, but are not limited to, two (2); or more of the following conditions:
        a.   50% or more of the condominium units are not occupied by persons with a
             legal right to reside in the units;
        b.   The building has serious violations of any applicable local building code or
             zoning ordinance;
        c.   60% or more of the condominium units are in foreclosure or are units against
             which a judgment of foreclosure was entered within the last 18 months;
        d.   There has been a recording of more condominium units on the parcel than
             physically exist;

**Reviewer ID: Dorothy_Washington_2023-12-15_09:43:54**

FILED DATE: 10/15/2023 1:33 PM 20231401241

> e. Any of the essential utilities to the parcel or to 40% or more of the condominium units is either terminated or threatened with termination;
>
> f. There is a delinquency on the property taxes for at least 60% of the condominium units.

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no

response is required. To the extent that a response is required, Chase lacks sufficient knowledge to

admit or deny the allegations in this Paragraph, and therefore denies the allegations.

24. The subject property contains two or more of the above-mentioned dangerous conditions, as follows:

> a. The subject property has serious violations of the City of Chicago Municipal Code as described in the complaint, including DANGEROUS AND HAZARDOUS exterior walls, missing or nonfunctioning life safety devices, elevator systems, and structural supports.
>
> b. The condominium association is nonfunctioning.
>
> c. The water supply is threatened for termination for the entire condominium complex.

**ANSWER:** Chase lacks sufficient knowledge to admit or deny the allegations in this Paragraph,

and therefore denies the allegations.

25. Based upon the preceding factors, the property is not viable as a condominium.

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no

response is required. To the extent that a response is required, Chase lacks sufficient knowledge to

admit or deny the allegations in this Paragraph, and therefore denies the allegations.

26. The condominium association or board cannot take responsibility for the necessary code repairs at the subject property.

**ANSWER:** Chase lacks sufficient knowledge to admit or deny the allegations in this Paragraph,

and therefore denies the allegations.

27. The condominium association has filed for bankruptcy and bankruptcy proceedings are currently pending.

**ANSWER:** Chase admits that there is a proceeding in bankruptcy court related to the

condominium association and pending as Case No. 21-BK-05193 in the United States Bankruptcy

Reviewer ID: Dorothy_Washington_2023-12-15_09:43:54

FILED DATE: 10/15/2023 3:33 PM 2023L401241

Court for the Northern District of Illinois, Eastern Division. Chase lacks sufficient knowledge to admit

or deny any remaining allegations in this Paragraph, and therefore denies the allegations.

28.     The failure of the defendants who own, control or otherwise manage the subject property to maintain the subject property according to the minimum requirements of the Municipal Code of Chicago constitutes a danger, blight and/or nuisance to the surrounding community and the public at large. The levying of a fine is not an adequate remedy for the unsafe. Conditions that exist at the subject property.

**ANSWER**:  The allegations in this Paragraph seek or assert legal conclusions to which no

response is required.  To the extent that a response is required, Chase lacks sufficient knowledge to

admit or deny the allegations in this Paragraph, and therefore denies the allegations.

29.     The appointment of a receiver is necessary to abate the nuisance conditions present at this property and to allow for the maintenance and rehabilitation of this blighted property into a safe and inhabitable rental property in compliance with the Municipal Code of the City of Chicago.

**ANSWER**:  The allegations in this Paragraph seek or assert legal conclusions to which no

response is required.  To the extent that a response is required, Chase lacks sufficient knowledge to

admit or deny the allegations in this Paragraph, and therefore denies the allegations.

30.     A receiver appointed under the Distressed Condominium provision of the Illinois Condominium Property Act shall "have possession of the property and shall have full power and authority to operate, manage, and conserve the property" and must "manage the property as would a prudent person." 765 ILCS 605/14.5I. The receiver may also, without an order of the court, delegate managerial functions of the receivership to a financially responsible and prudently selected person in the business of managing real estate. 765 ILCS 605/14.5(e).

**ANSWER**:  The allegations in this Paragraph seek or assert legal conclusions to which no

response is required.  To the extent that a response is required, Chase lacks sufficient knowledge to

admit or deny the allegations in this Paragraph, and therefore denies the allegations.

WHEREFORE, the City requests that this Court:
- A.     Make a finding that this property is a distressed condominium property constituting a danger, blight, or nuisance to the surrounding community and general public in that it contains two or more of the conditions listed in 765 ILCS 605/14.5 (a)(1) (A) through (F).
- B.     Appoint a receiver for the property pursuant to 765 ILCS 605/14.5 (c)(2), the receiver to have all powers and authority contemplated in, but not limited by 765 ILCS 605/14.5(e) (1) through (10) and (f);

Reviewer ID: Dorothy_Washington_2023-12-15_09:43:54

FILED DATE: 10/15/2023 1:33 PM    2023L401241

C.     Authorize the receiver to conduct a feasibility study;

D.     Authorize the receiver to recover the cost of any feasibility study, sale, management, maintenance, repair and/or rehabilitation of the property by the issuance and sale of notes or receiver's certificates bearing such interest as the court may fix, pursuant to 765 ILCS 605/14.5 (f).

E.     Authorize the receiver to coordinate with various City agencies and departments, including but not limited to the Chicago Police Department, the Department of Human Services, the Department of Construction and Permits, and the Department of Buildings.

F.     Implead as party defendants all tenants and/or occupants of the subject premises and enjoin and restrain defendants who have been personally served or generally or limitedly appeared in this cause from interfering with or obstructing the receiver's performance of his or her receivership duties.

G.     Find that the subject property is not viable as a condominium and enter an order pursuant to 765 ILCS 605/14.5 (c) (2) declaring:

    a.     That the property at 4260-4350 W. FORD CITY DR./4260-4351 W. 76TH ST., Chicago, IL 60652 ("subject property") is no longer a condominium;

    b.     That the property is deemed to be owned in common by each of the unit owners;

    c.     That the undivided interest in the property which shall appertain to each unit owner shall be the percentage of undivided interest previously owned by the owner in the common elements, and;

    d.     That any liens affecting any unit shall be deemed to be attached to the undivided interest of the unit owner in the property as provided herein.

H.     Authorize the receiver to enter into a sales contract and transfer the title of the property on behalf of the owners of the property pursuant to 765 ILCS 605/14.5 (d).)

I.     Grant any other relief that this Court deems appropriate.

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no response is required. To the extent that a response is required, Chase prays that the Court deny the relief requested, and for any and all other relief, legal or equitable, to which it may be entitled.

## COUNT IV – UNSAFE PROPERTY PROVISIONS

31.     The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations as paragraph 31 of Count IV.

**ANSWER:** Chase incorporates its answers to each of the foregoing Paragraphs as though fully set forth herein.

Reviewer ID: Dorothy_Washington_2023-12-15_09:43:54

FILED DATE: 10/15/2023 1:33 PM 20231401241

32.     The Unsafe Property Statute provides, in pertinent part, that:

>       The corporate authorities of each municipality may demolish, repair, or enclose or
>       cause the demolition, repair or enclosure of dangerous and unsafe buildings or
>       uncompleted and abandoned buildings within the territory of the municipality....
>       See 65 ILCS 5/11-31-1(a) (2004).

**ANSWER**:  The allegations in this Paragraph seek or assert legal conclusions to which no

response is required.  To the extent that a response is required, Chase lacks sufficient knowledge to

admit or deny the allegations in this Paragraph, and therefore denies the allegations.

33.     The Unsafe Buildings Ordinance also authorizes the City of Chicago to seek a court
order authorizing the demolition, repair or enclosure of "any building . . . found in a dangerous
and unsafe condition or uncompleted and abandoned" within the city limits of Chicago. Municipal
Code of Chicago § 13-12-130 (2000).

**ANSWER**:  The allegations in this Paragraph seek or assert legal conclusions to which no

response is required.  To the extent that a response is required, Chase lacks sufficient knowledge to

admit or deny the allegations in this Paragraph, and therefore denies the allegations.

34.     The defendants have violated, and continue to violate, the Unsafe Property Statute
and Unsafe Buildings Ordinance by allowing the subject property to remain in a dangerous and
unsafe condition posing a danger to the public health, safety and welfare. The building on the
subject property would require major reconstruction in order to remedy its dangerous and unsafe
condition.

**ANSWER**:  The allegations in this Paragraph seek or assert legal conclusions to which no

response is required.  To the extent that a response is required, Chase lacks sufficient knowledge to

admit or deny the allegations in this Paragraph, and therefore denies the allegations.

35.     The levying of a fine is not an adequate remedy for the dangerous and unsafe conditions
at the subject property.

**ANSWER:**  The allegations in this Paragraph seek or assert legal conclusions to which no

response is required.  To the extent that a response is required, Chase lacks sufficient knowledge to

admit or deny the allegations in this Paragraph, and therefore denies the allegations.

36.     Where a statute or ordinance authorizes injunctive relief, a municipality need only show

Reviewer ID: Dorothy_Washington_2023-12-15_09:43:54

FILED DATE: 10/15/2023 1:33 PM    20231401241

that the statute or ordinance was violated to obtain injunctive relief. <u>See Village of Riverdale v. Allied Waste Trans., Inc.</u>, 334 Ill. App. 3d 224, 228-29 (1st Dist. 2002); <u>City of Chicago v. Krisjon Constr. Co.</u>, 246 Ill. App. 3d 950, 959 (1st Dist. 1993); <u>City of Chicago v. Piotrowski</u>, 215 Ill. App. 3d 829, 834-35 (1st Dist. 1991).

**ANSWER**: The allegations in this Paragraph seek or assert legal conclusions to which no

response is required. To the extent that a response is required, Chase lacks sufficient knowledge to

admit or deny the allegations in this Paragraph, and therefore denies the allegations.

WHEREFORE, the City requests that this Court enter an order:

      A. Requiring the defendants to demolish, repair, enclose or clean-up the subject property under proper permits issued by the City of Chicago;

      B. Alternatively, authorizing the City of Chicago to demolish, repair, enclose or clean up the subject property pursuant to 65 ILCS 5/11-31-1(a) and Municipal Code of Chicago § 13-12-130, the costs of which are to be assessed as a judgment against the defendants, and as a lien against the subject property;

      C. Permitting foreclosure of any City of Chicago liens entered against the subject property in this proceeding, pursuant to 65 ILCS 5/11-31-1(c);

      D. Awarding to the City court costs, attorney's fees and other costs related to the enforcement of 65 ILCS 5/11-31-1(a) against the defendants; and

      E. Granting any other relief that this Court deems appropriate.

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no

response is required. To the extent that a response is required, Chase prays that the Court deny the

relief requested, and for any and all other relief, legal or equitable, to which it may be entitled.

**COUNT V**
**IMPROPERLY MAINTAINED BUILDING OR STRUCTURE—INJUNCTIVE RELIEF**

37. The City realleges and incorporates paragraphs 1 through 7 as paragraph 37 of Count V.

**ANSWER:** Chase incorporates its answers to each of the foregoing Paragraphs as though

fully set forth herein.

38. The Municipal Code of Chicago declares that a building is a nuisance subject to abatement if it is:

13

Reviewer ID: Dorothy_Washington_2023-12-15_09:43:54

FILED DATE: 10/15/2023 8:33 PM    20231401241

a building or structure to be vacant and open after the effective date of an order to secure and enclose issued by a court of competent jurisdiction or the department of administrative hearings within the previous 12 months, unless stayed by a court of competent jurisdiction; (2) a building or structure that contains any violation of a health, fire, electrical, plumbing, building or zoning provision of this code which is imminently dangerous and hazardous; (3) a building or structure for which the costs of the repairs necessary to bring the building or structure into compliance with applicable laws would exceed the market value of the building or structure after the repairs would have been made, or when the owner cannot show that it has readily available and sufficient assets to make such repairs or where such repairs otherwise are economically infeasible; or (4) a building or structure where an owner has failed to correct the code violation(s) that form the basis of an adverse or judgment involving that building or structure, issued by a court of competent jurisdiction or a hearing officer of the department of administrative hearings, within 60 days of entry, unless such adverse order or judgment has been stayed by a court of competent jurisdiction.

**ANSWER**: The allegations in this Paragraph seek or assert legal conclusions to which no

response is required. To the extent that a response is required, Chase lacks sufficient knowledge to

admit or deny the allegations in this Paragraph, and therefore denies the allegations.

39. The building or structure on the subject property is a nuisance as defined by the Municipal Code in that the building or structure contains violations of health, fire, electrical, plumbing, building and/or zoning provisions of the Code which are imminently dangerous and hazardous, and, further, that the owner(s) cannot show that he/she/they/it has readily available and sufficient assets to make all necessary repairs.

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no

response is required. To the extent that a response is required, Chase lacks sufficient knowledge to

admit or deny the allegations in this Paragraph, and therefore denies the allegations.

40. The Municipal Code of Chicago authorizes the Corporation Counsel to bring an action in a court of competent jurisdiction to abate a public nuisance as defined in that section. §13-12-145(c).

**ANSWER:** The allegations in this Paragraph seek or assert legal conclusions to which no

response is required. To the extent that a response is required, Chase lacks sufficient knowledge to

admit or deny the allegations in this Paragraph, and therefore denies the allegations.

41. The levying of a fine is not an adequate remedy to abate the nuisance with exist.

Reviewer ID: Dorothy_Washington_2023-12-15_09:43:54

FILED DATE: 10/15/2023 1:33 PM 20231401241

**ANSWER**: The allegations in this Paragraph seek or assert legal conclusions to which no response is required. To the extent that a response is required, Chase lacks sufficient knowledge to admit or deny the allegations in this Paragraph, and therefore denies the allegations.

WHEREFORE, the City requests that this Court enter an order:

A.  Declaring the building a nuisance as defined in Section 13-12-145(a) of the Municipal Code of Chicago.

B.  Assigning or forfeiting the Defendants' rights, title and interest in the subject property to the City of Chicago or a third party designated by the City;

C.  Permitting the foreclosure in this proceeding of any liens of the City of Chicago entered against the subject property in this case;

D.  Awarding the City of Chicago the court costs, attorney's fees and other costs related to the enforcement of Section 13-12-145(e) against the Defendants; and

E.  Granting any other relief that this Court deems appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Chase asserts the following defenses to the claims against it:

## I. FAILURE TO STATE A CLAIM AGAINST CHASE

1.  Chase has mortgage interests in the Subject Property but does not own it or have any ownership interests in the Subject Property.

2.  Chase has not foreclosed on its admitted mortgage interests or attempted to foreclose.

3.  Chase does not own the Subject Property.

4.  Chase does not possess the Subject Property.

5.  Chase does not exercise dominion or control over the Subject Property.

6.  Chase did not cause any alleged violations identified in the Verified Complaint.

7.  Chase is not liable for any alleged violations at the Property.

Reviewer ID: Dorothy_Washington_2023-12-15_09:43:54

## II.   **RESERVATION OF RIGHTS**

8.      Chase reserves the right to assert any and all affirmative defenses that may develop

during the course of this matter, via discovery or otherwise.

Dated:   December 15, 2023

Respectfully submitted,

JPMORGAN CHASE BANK, N.A.

By: _____
One of Its Attorneys

Shana A. Shifrin (sshifrin@burkelaw.com)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611-3607
Telephone: (312) 840-7000
Firm ID: 41704

16

FILED DATE: 12/15/2023 1:33 PM   20231401241

FILED DATE: 10/15/2023 1:33 PM 20231401241

## CERTIFICATE OF SERVICE

The undersigned, an attorney representing Defendant JPMorgan Chase Bank, N.A. hereby

certifies that she caused a true and correct copy of the foregoing Verified Answer and Defenses to

Complaint to be electronically served by email on ___12/15/2023___ upon:

Greg Janes
City of Chicago
Corporation Counsel
30 N. LaSalle St., 7th Fl.
Chicago, Illinois 60602
(312) 744-8791
*Greg.Janes@cityofchicago.org*
Attorney for Plaintiff
'

/s/ Shana A. Shifrin
Shana A. Shifrin

17

Reviewer ID: Dorothy_Washington_2023-12-15_09:43:54

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the facts set forth in the foregoing document are true and correct based on the undersigned's review of records kept in the ordinary course of business, except as to the facts therein stated to be on information and belief, which the undersigned certifies as aforesaid and verily believes the same to be true, and except as to legal objections, legal conclusions, statutes, and case law.

FILED DATE: 10/15/2023 4:33 PM 20231401241

JPMorgan Chase Bank, N.A.

Name: Dorothy A. Washington
Title: Authorized Signer
Date: December 15, 2023

Case No. 2023 M1 401241

18

Filer Selected Hearing Date: No Hearing Scheduled
Location: <<CourtRoomNumber>>
Judge: Courtroom, 1109
System Generated Hearing Date: 10/28/2025 9:30 AM
Location: Court Room 1109
Judge: Murray, Leonard

FILED DATE: 10/15/2025 2:13 PM   20231401241

FILED
10/15/2025 2:13 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
20231401241
Courtroom, 1109
34902628

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT – FIRST DISTRICT**

| | | |
|---|---|---|
| CITY OF CHICAGO, a municipal corporation | ) ) ) | |
| | ) | 4260-4350 W. Ford City Dr. |
| Plaintiff, | ) | 4260-4351 W. 76th Street |
| | ) | Chicago, IL 60652 |
| vs. | ) ) | |
| FORD CITY CONDOMINIUM ASSOCIATION, *et al*. | ) ) ) | |
| | ) | Case No. 2023 M1 401241 |
| Defendants. | ) | |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S**
**INCORPORATION BY REFERENCE OF VERIFIED ANSWER TO COMPLAINT**

Defendant JPMorgan Chase Bank, N.A, ("Chase"), pursuant to Illinois Supreme Court Rule 134, hereby incorporates herein its Verified Answer to Complaint for Equitable and Other Relief (the "Verified Answer") and Affirmative and Other Defenses (the "Defenses").

1.      The City of Chicago initiated this lawsuit on September 7, 2023, by filing a Verified Complaint for Equitable and Other Relief (the "Complaint") concerning the subject condominium association (the "Subject Property").

2.      Defendant Chase was named because it has a secured interest in some units in the Subject Property.

3.      In response to the Complaint, Chase filed a Verified Answer and Defenses on December 15, 2023. (A copy of the Verified Answer and Defenses is attached hereto as Exhibit A.)

4.      The City of Chicago filed a Second Amended Complaint (the "Second Amended Complaint") on August 21, 2025. The general allegations and Counts have not changed between

FILED DATE: 10/15/2025 2:13 PM    20231401241

the Complaint and the Second Amended Complaint. Counsel for the City of Chicago has represented that it filed the Second Amended Complaint to reflect changes in ownership in the ensuing two years since the case was initially filed, not to amend the allegations.

5.      Chase does not possess the Subject Property and does not exercise dominion or control over the Subject Property.

6.      Chase did not cause any alleged violations identified in the Verified Complaint, and Chase is not liable for any alleged violations at the Property.

7.      Accordingly, Chase's responses and lack of knowledge concerning the allegations have not changed.

8.      Illinois Supreme Court Rule 134 permits parties to join and incorporate other pleadings by reference. *See J.D. Marshall Int'l v. First Nat'l Bank*, 272 Ill. App. 3d 883, 895 (1st Dist. 1995).

9.      Accordingly, Chase hereby incorporates its Answers to paragraphs 1-41 from its Verified Answer as though fully set forth herein in response to the Second Amended Complaint. Chase further re-alleges and incorporates its defenses as set forth in its Verified Answer as though fully set forth herein.

## **CONCLUSION**

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. hereby incorporates, pursuant to Illinois Supreme Court Rule 134, its Verified Answer to Complaint for Equitable and Other Relief and Affirmative and Other Defenses as though fully set forth herein in response to the City of Chicago's Second Amended Complaint.

FILED DATE: 10/15/2025 2:13 PM    20231401241

Dated: October 14, 2025

Respectfully submitted,

JPMORGAN CHASE BANK, N.A.

By:  _/s/ Shana A. Shifrin_
        One of its Attorneys

Shana A. Shifrin (sshifrin@burkelaw.com)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611-3607
Telephone: (312) 840-7000
Firm ID: 41704

FILED DATE: 10/15/2025 2:13 PM    20231401241

### CERTIFICATE OF SERVICE

The undersigned, an attorney representing Defendant JPMorgan Chase Bank, N.A. hereby certifies that she caused a true and correct copy of the foregoing Incorporation by Reference of Verified Answer to Complaint for Equitable and Other Relief and Affirmative and Other Defenses to be electronically served by email on all parties and counsel of record.

*/s/ Shana A. Shifrin*
Shana A. Shifrin

Filer Selected Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Courtroom, 1109
System Generated Hearing Date: 10/28/2025 9:30 AM
Location: Court Room 1109
Judge: Murray, Leonard

For updated information about your case, including hearings, subsequent filings
and other case information, please visit our Online Case Search
and search for your case at https://casesearch.cookcountyclerkofcourt.org

Case: 1:25-cv-13377 Document #: 1-3 Filed: 10/03/25 Page 122 of 490 PageID #:129

FILED
10/21/2025 11:16 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
20231401241
Courtroom, 1109
34980120

FILED DATE: 10/21/2025 11:16 AM   20231401241

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT-FIRST DISTRICT

CITY OF CHICAGO,
a municipal corporation,

      Plaintiff,

    v.

FORD CITY CONDOMINIUM
ASSOCIATION; WILLIAM
AVELLONE, SUBCHAPTER V
TRUSTEE; JOSEF TOADER;
FLORITA TOADER; EMILIA R.
CODOS; LOIS A. GORDON;
HATUEY MCKOY, WINSTON
MCKOY; MARSELLOW FARROW;
MARC C. FARROW; KARINA
RODEA ESQUIVEL;WENDY
WATSON; BRENT WATSON; TONIA
PONCE; GPAM PROPERTIES, LLC;
RAYVEN V. WILSON; TERESA
SHAW; PROVIDENCIA GONZALEZ;
MIRIAM FERREIRA A/K/A MIRIAM
CHAVEZ; GIOVANNI JAEL
CHAVEZ; ADRIENNE HOLLEY;
THE HOWARD FAMILY TRUST
U/T/A DTD 7/3/2015; DONNA M.
HOWARD; ARCADIA
MANAGEMENT GROUP, LLC;
VICENTE GONZALEZ-CARABEZ;
FOUAD M. DOOLAH; LARRY
GILLETTE; ZOFIA
MODRZEJEWSKA; JOYCE D.
MARTIN; ENRIQUE CERVANTES;
AMGUN INVESTMENTS, LLC;
MANCHUN KAO; HOMES FOR
VETERANS CO.; ERICA SALINAS; Z
FINANCIAL ILLINOIS G
PROPERTIES, LLC; AHMAD A.
NUR; JUAN CARLOS CAMARENA;
WILLIAM D. ODONNELL; MAGALY
Z. GARCIA A/K/A MAGGIE
GARCIA; CHRISTOPHER D.

Case Number: 23-M1-401241

**Re:**    **4260-4350 W. FORD CITY
DR./4260-4351 W. 76TH ST.
Chicago, IL 60652**

**Courtroom 1109**

RUSSELL; KAREN E. RUSSELL;
EFRAIN ROJAS GALVEZ; MARTIN
ANGELO ACEVES; FRANCISCO
CARRILLO; OSCAR MIRELES;
STEVEN T. SHUTTLEWORTH II;
MARY BIEL; LUDWIK DZIEDZIC;
LISA S. MCMATH; TONI GREEN;
MICHAEL GREEN; BANK OF
AMERICA, NA AS SUCCESSOR-
TRUSTEE OF LASALLE BANK NA,
AS TRUSTEE; KAZIMIERA PTAK;
JUDY GRIFFIN; LISA D. SAMPSON;
PAMELA JEFFERSON; EDWARD
COLEMAN; TAKADA V. DIXON;
DAVID KYSELICA; CHICAGO
TITLE LAND TRUST CO. U/T/A
8002379440 DTD 1/28/2019;
CECYLIA GUROS; CHICAGO TITLE
LAND TRUST CO. U/T/A
8002392933; CHICAGO TITLE LAND
TRUST CO. U/T/A 80023929426;
VINAYAK LAWANDE; ANNA
WOJAS; MARC JANDURA; GARY
POWELL; LILIANA ABAD FIERRO;
KIMBERLY WAGNER; DESIREE
SANCHEZ; NAFTALI ESPINO;
KATHERINE ESPINO; ANNETTE
WOFFORD; THE GEORGE
POLYMENAKOS REVOCABLE
TRUST DTD 10/5/2017; YURONG
HAN; IDSB CAPITAL, LLC;
BYLEGACY TEAM, INC.;
GABRIELA SANTAMARIA;
ABRAHAM E. SANTAMARIA;
DENNIS NASH; DONYETTA
DOCKERY; BARBARA J. BANKS;
VANESSA MILTON; CALVIN
REESE; DARNELL CORTEZ REESE;
DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE;
BY LEGACY LLC; CHARLENE L.
APPLING TRUST DTD 12/7/2020;
ARTURO F. HERNANDEZ; MUNEEB
ALAM; ZESHAN MALLHI; SWEET
HOME CHICAGO MANAGEMENT,
LLC; MARIA E. RODRIGUEZ

FILED DATE: 10/21/2025 11:16 AM  20231401241

RAMOS; HILDA ZMORA; RODOLFO
CHAVEZ; RAYMUNDO TORRES;
JOSE GARCIA; ARSHAN ALAMGIR;
BUSHRA DURRANI; TERRY
DENSMORE; EDGAR FRUTOS
TORRES; LEONARD J. WOODS;
LEOKADIA MOSIO; ADE
OGUNSANYA A/K/A
ADETOKUNBO OGUNSANYA
A/K/A ADETOKUNBO O. TEJUOSO;
JAMES FRANK DALU; MARGARET
FURNESS; MANUELA SANCHEZ
FLORES; TRUTH EMPIRES, LLC;
AKRAM SHAHID; MARTHA
ROCHA; BERTHA SAUCEDO;
STEPHEN MONTE HENSON;
ZARAH DULAY; DIEGO D.
ANDRADE; CULEBRA CAPITAL,
LLC; ANALILIA CARRILLO; JUAN
CARRILLO; SUSAN O'NEAL;
SUSAN M. GNIADECKI; ANTON J.
WATKINS; IRENA A. BAGDADY;
HENRY K. WOJCIKOWSKI;
ROCHANNA JOHNSON;
MARGARITA FLORES; MANNA
PROPERTY INVESTMENT, LLC;
VIRIDIANA ALCANTAR
VILLEGAS; FELIPE SOLORZANO
MAYA; LYUBOMIR
ALEXANDROV; BELIEVE IN THINE
HEART MINISTRIES; ESTELA
FLORES; TANISHA MALLEY;
AGNES C. MURPHY; LUIS A.
GONZALEZ; GEORGE
SPATHARAKIS; JOSEF BRZEK;
EWA BRZEK; ERMA THOMAS;
RAMONA BERAS TORRES; JULIUS
A. HANNON; JOSE OLAF GAYTON;
MIDLAND FEDERAL SAVINGS &
LOAN ASSOCIATION as TRUSTEE;
DAMARRA EDINBURG; YOUSSEF
DOLEH; MYRON COLEMAN;
GREGORY L. CASTILE; ANGELO J.
CRUZ; AMERICAN TAX LIEN LLC;
MARTIN ACEVES ANGULO;
ROSALINDA DELGADILLO; HEIRS

FILED DATE: 10/21/2025 11:16 AM 20231401241

AND LEGATEES OF THELTHELMA
MOORE; ROMAN LIRA; SREE
PACHAMMA PROPERTIES, LLC;
GERVASE BOLDEN; MAYOWA
UCHE OKOBIE; GODWIN
OMWANGHE; BLANCA ESTELLA
DIAZ-CRUZ; GABRIEL GARCIA
AVILA; ROBERTA SWEEPER;
THELMA SWIMS; EDGARDO
ALEMAN; ESPERANZA MACIAS;
PAULINE C. PRATER; WAYNE
HOLLOWAY; MICHAEL T. RZASA;
BRENDA J. ALLEN-BALLARD;
IRENE JONES; ALBERTO ABEL
BELLIDO; CLARA OLIVARES;
THOMAS LOREK; MUSHIYA
LOREK; LETICIA SOLIS; ALTHEA
Y. ANDERSON; JOANNA
STALLWORTH; TERRY JONES;
GREGORY L. JONES; ALBERTO
OCAMPO; CRISOSTOMA FLORES
DE OCAMPO; BRUCE LANCE II;
JOYCE LANCE; BERTA L. CLAVIJO;
LISA P. MAYFIELD; LAURA P.
OLVERA; SAUL ARELLANO; LORE
J. MARTINEZ; THE MCELROY
TRUST UTD DTD 3/17/1998;
ZENAIDA GARCIA; NATHANIEL K.
BOSTON; ATANAS I. PETRICHKI;
IVAN A. PETRICHKI; VICTOR
NAVARRO; CHRISTOPHER
RAMEY; JAVIER TAPIA; CRISTINA
M. TAPIA; DANIEL LOBBINS;
MARQUETTE BANK, AS TRUSTEE
U/T/A 30704 DTD 7/28/2021;
EUGENA HENRY; JESSICA LEWIS;
LEETHEL FRANKLIN; JOSEPHINE
E. JOHNSON; DESIREE SKIPPER;
INA M. WISE; CARLA M. DAVIS;
JOHN M. SMITH; RNM FUTURE,
LLC; RICARDO GARCIA; RV
HOLDINGS THREE, LLC; DIANE
DEVROE; THE LORENE M. MIMS
2023 TRUST DATED 6/16/2023;
LORENE MIMS; CHICAGO TITLE
LAND TRUST CO., AS TRUSTEE

FILED DATE: 10/21/2025 11:16 AM 20231401241

U/T/A 8002382660; JOSE R.
CONSTANTE; MARIA I. FARIAS;
TANIA PONCE; MARIA
DOMINGUEZ; AMERICAN
NATIONAL BANK, AS TRUSTEE
U/T/A 43810 DTD 9/1/1978;
ALBERTO PADILLA JR.; ANGEL
ZARAZUA, ADRIANA MENDOZA;
SALVADOR FARIAS; JORGE A.
INIGUEZ; TONI GREEN;
ALEJANDRA GUZMAN;
DOMENICOS KOSTERIS; THE
ROAD TO RIGHTEOUSNESS
FOUNDATION, INC.; EFREN RUIZ;
MARIA R. PADILLA; EMMANUEL
OFORUM; ADRIANA VAZQUEZ;
PRISCILA ESTHER TORRES
JIMENEZ; KENNETH L. WRIGHT;
ANTHONY J. COLEMAN; ANTONIO
GADDIS; ISAAC WILSON;
ENJOLIQUE WILSON; JORGE
AGUSTIN FRUTOS TORRES;
AARON C. JACKSON; CYRIS
WATSON; JAMIA BRAY; JUAN
DELGADILLO ALONSO; LAURA A.
GOMEZ; AISHA RICE; DOROTHY R.
HARDY; ISRAEL MIRANDA
TEIXEIRA; MARLON
FORTINEAUX; JOSE J. GARCIA;
AMPARO GARCIA; DAVID J.
GARCIA; MARIA J. MAGANA;
KIERRA BARNES; CHALESE A.
CONLEY; CHICAGO TITLE LAND
TRUST CO., AS TRUSTEE U/T/A
8002374731 DTD 5/10/2017;
GREGORY LAPAPA; ALMA
SANTANA OCTAVIANO; MARITZA
CERVANTES; THE JOYCE BOWLES
REVOCABLE LIVING TRUST DTD
7/26/2011; JUAN M. SOLIZ; NELLIE
M. COTTON; RAJAMER JONES;
DOROTHY ANDERSON; RONA
ANDERSON; ZIAD H. AL KHATIB;
SABINE DESIR; HECTOR BOTELLO;
DIANE L. TODD; TYREE PITTMAN;
DEBORAH MITCHELL;

FILED DATE: 10/21/2025 11:16 AM 20231401241

MOHAMMED ABUBAKER;
DIVINITY PROPERTIES, LLC;
HYUN W. SHIN; WILLIAM A.
WILCHER; MAGDI ODEH;
MOHAMMEDNAJIB A. ALKARAKI;
ALEEM WAHEED; SHIRLEY
WAHEED; PATRICK SLATTERY;
MAURA SLATTERY BOYLE;
RAMONA B. REYES; JAVIER
URBINA; MINERVA ORDUNO;
ARACELI MARTINEZ; BOGUSLAW
BIL; MARCELO RODRIGUEZ-
GARCIA; IRENE M. RUFUS;
VINELLE A. MYRIE; AMELIA
PACHECO; JUANA REYES; PAULA
MENDEZ; ALICIA GREEN;
FEDERAL NATIONAL MORTGAGE
ASSOCIATION; STEVEN W.
RAYSIDE; VERONICA MCGRAW;
CHARLOTTE HOWARD;
ESMERALDA RAFAELA DALY
RODRIGUEZ REVOCABLE LIVING
TRUST DTD 5/8/2020; LINCOLN W.
SEABROOKS; PATRICIA T.
WILLIAMS; TIFFANY FLOWERS;
CLAUDETTE WALKER; JOHN M.
GOLDEN; MARY A. GOLDEN;
SALTA GROUP, INC.; FELIPE
SOLORZANO MAYA; CARZIE L.
JONES; WILLIAM DORGAN;
CITIBANK, N.A.; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; COUNTRYWIDE
HOME LOANS INC.; BMO HARRIS
BANK, NA; NEWREZ, LLC; JP
MORGAN CHASE BANK, NA; US
BANK, NA, AS TRUSTEE; DLJ
MORTGAGE CAPITAL, INC.;
WELLS FARGO BANK, NA;
FREEDOM MORTGAGE
CORPORATION; BANK OF
AMERICA, NA; CHUN YI HSU;
BENEFICIAL ILLINOIS INC.;
CITIMORTGAGE INC.; NEW
RESIDENTIAL MORTGAGE, LLC;
ARGENT MORTGAGE COMPANY,

FILED DATE: 10/21/2025 11:16 AM 20231401241

LLC; ABN AMRO MORTGAGE
GROUP, INC.; RBS CITIZENS, NA;
FIRST FRANKLIN FINANCIAL
CORPORATION; CITIBANK, FSB;
CHICAGO TITLE LAND TRUST, CO.
AS SUCCESSOR-TRUSTEE TO
FIRST NATIONAL BANK OF
EVERGREEN PARK, AS TRUSTEE
U/T/A #14358 DTD 5-24-95; US
BANK TRUST COMPANY NA, AS
TRUSTEE; CHICAGO TITLE LAND
TRUST CO., AS SUCCESSOR-
TRUSTEE U/T/A#503 DTD 4/23/1979;
NATIONSTAR MORTGAGE, LLC;
GREEN TREE SERVICING, LLC;
THE HUNTINGTON NATIONAL
BANK; THE BANK OF NEW YORK,
AS TRUSTEE; CITIZENS BANK, NA;
AMERICAN HOME MORTGAGE
CORP. D/B/A AMERICAN BROKERS
CONDUIT; HSBC BANK USA, NA,
AS TRUSTEE; VAN OAK CAPITAL,
LLC; CIM TRUST 2017-7;
AMERICAN HOME MORTGAGE;
Y&R 1 OPPORTUNITY FUND, LLC;
FIRST AMERICAN BANK; PNC
BANK, NA; FIRST NLC FINANCIAL
SERVICES, LLC; MIECZYLSAW
WAWOZNY; ROGELIO
VILLAGOMEZ; HUGH O'DONNELL;
LORETTA C. MAHER; LISA D.
SIMPSON; CHICAGO TITLE LAND
TRUST CO. U/T/A #008002379440;
MANUEL CARMONA; MARY L.
VAUGHN; EMINENT
MANAGEMENT SERVICE, INC.;
EQUITY TRUST CUSTODIAN FBO
CHRISTINE HSU; ESTELA FLORS;
MARTHA HERNANDEZ; GEORGE
POLYMENAKOS; BIRDENE MILLS;
PAULINE PRATER; THORNWOOD
PARTNERS, LTD.; SARAH
JOHNSON, BRUCE LANCE; SAUL
ARRELLANO; BERTRAM
MCELROY; JENNIFFER I.
MENENDEZ; NAZARIO CHAVEZ;

7

FILED DATE: 10/21/2025 11:16 AM 20231401241

CARL M. DAVIS; MAOWA UCHE
OKORIE; GEORGE NOVOGRODER;
MARIAL PADILLA DE BUZO;
ADRAINA VAZQUEZ; ISRAEL
MIRAND TEIXEIRA; VICTOR E.
MANZO; MICHELE J. BELOUSEK;
JOYCE BOWLES; TERRENCE
BROWN; DENNIS BAKER;
WILLIAM O'DONNELL;; TRUTH
EMPIRE, LLC; CHARLENE
APPLING; KELVIN B. BACON;
MIECZYSLAW WAWOZNY;
CHAKA D. FARROW; MELISSA
RANGEL; PEDRO PALACIOS;
LORETTA MAHER; JOSEPH
CHAVEZ; DAPHNEE BROWNLEE;
BRYAN APPLING, AS TRUSTEE;
SHIN-RONG LIU; AMY LIU;
FAIRFIELD BUILDINGS, LLC;
MARY VAUGHN; CAMRYN
BURNETT; PABLO ANDRADE;
ELZBEITA MORAWA; THE ESTATE
OF JOAN P. MOORE; LILIANA
FIERRO; DSI HOLDINGS CORP.;
STAN WOJIKOWSKI; ALFREDO
CASTILLO; MODESTA
MARCHETTI; CHRISTINE HSU;
RAYMOND ROGOZ; ROSALINDA
ALONSO; CLIFFORD JOHNSON;
FRANK CARILLO; GODWIN
OMAWANCHE; LETICIA GAMBOA;
MICHAEL ELLIS JOHNSON;
PATRICA OBARD; ANTONI
CHMIELEWSKI; JADWIGA
CHMIELEWSKI; YASMIN IBRAHIM;
SHIRLEY MIA SMITH; BURTON
WAYNE SMITH; MOJISOLA
OGUACHUBA; CARLOS MUNOZ;
DELORES ROBINSON; NICOLE
CONSTANTE; LOUIS E.
HENNERICH; ALEJANDRO
ANDRADE-LARA; DEVON DANE
MURRAY; IGNACIO DOMINGUEZ
PEREZ; JUAN MENDOZA; VINIZIUS
QUARESMA; ROBERT HUDSON;
MICHELE BELOUSEK; ZIAD

FILED DATE: 10/21/2025 11:16 AM    20231401241

KHATATBEH; OLGA DELGADILLO
ALONSON; SAM AYYAD; TRACY
LYNN ROBINSON; US BANK
TRUST NA, AS TRUSTEE FOR LB-
RANCH SERIES V TRUST; WEISS
ORTIZ P.C.; FORETHOUGHT LIFE
INSURANCE COMPANY C/O
SELECT PORTFOLIO SERVICING,
INC.; FORD CITY REALTY, LLC;
FORD CITY CH, LLC; FORD CITY
NASSIM, LLC; TOTAL MASONRY,
LLC; PARKWAY ELEVATORS, INC.;
TENANTS AND OCCUPANTS, AND
UNKNOWN OWNERS AND NON-
RECORD CLAIMANTS,

Defendants.

**DEFENDANTS CITIBANK, N.A. AND CITIMORTAGE, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**SECOND AMENDED COMPLAINT FOR EQUITABLE AND OTHER RELIEF**

Defendants Citibank, N.A., as successor by merger to Citibank, F.S.B., and CitiMortgage,

Inc. ("Defendants"), by their undersigned counsel, and for their Answer and Affirmative Defenses

to the Second Amended Complaint filed by the City of Chicago ("Plaintiff" or the "City") in this

cause state:

**GENERAL ALLEGATIONS**

**Nature of the Case**

1.      The City brings this action pursuant to its police power as a home rule unit under
Article VII of the Illinois Constitution, which includes "the power to regulate for the protection of
the public health, safety, morals and welfare." Ill. Const. art. VII, par. 6(a). As a further grant of
authority, the City brings this action pursuant to the Unsafe Property Statute, 65 ILCS 5/11-31-
1(a) et seq. (2004), as amended, the Injunction Statute for Building and Zoning Violations, 65
ILCS 5/11-13-15 (2005) and Chicago Municipal Code ("Code"). By bringing this action, the City
seeks to abate the dangerous and unsafe conditions at the property in question and obtain equitable
relief, civil penalties, attorneys fees and costs.

**ANSWER:      The allegations in Paragraph 1 include legal conclusions to which no**

**answer is required. To the extent an answer is required, Defendants state that the allegations**

and relief sought in the Complaint speak for themselves and deny any allegations in Paragraph 1 that are inconsistent with the same. Answering further, Defendants deny that they are responsible for abating the alleged "dangerous and unsafe conditions at the property in question," or are liable for any equitable relief, civil penalties, attorney's fees, or costs in this matter.

<u>**The Parties and the Property at Issue**</u>

2.      The City is a municipal corporation organized and existing under the laws of the State of Illinois.

**ANSWER:**      Defendants admit the allegations in Paragraph 2.

3.      Within the corporate limits of Chicago, there is a parcel of real estate legally described as:

a.      UNDERLYING PIN: 19-27-401-038-0000
         UNIT PINS: 19-27-401-038-1001 through 19-27-401-038-1357
b.      LEGAL DESCRIPTION:
Residential Units A/201 to A/210, both inclusive, A/301 to A/310, both inclusive, A/401 to A/410, both inclusive, A/501 to A/510, both inclusive, A/601 to A/610, both inclusive, A/701 to A/710, both inclusive, A/801 to A/810, both inclusive, A/901 to A/910, both inclusive, A/1001 to A/1010, both inclusive, A/1101 to A/1110, both inclusive, A/1201 to A/1210, both inclusive, and A/1301 to A/1310, both inclusive, A/1401 to A/1410, both inclusive, A/1501 to A/1510, both inclusive, B-1/101, B-1/102, B-1/104, B-1/105, B-1/108, B-1/201, to B-1/208, both inclusive, B-1/301 to B-1/308, B-1/401 to B1/408, both inclusive, B-1/501 to B-1/508, both inclusive, B-2/101, B-2/102, B-2/104, B-2/105, B-2/108, B-2/201 to B-2/208, both inclusive, B-2/301 to B-2/308, both inclusive, B-2/401 to B-2/408, both inclusive, B-2/501 to B-2/508, both inclusive, C-1/101, C-1/103, C-1/104, C-1/105, C-1/108, C-1/201 to C-1/208, both inclusive, C-1/301 to C-1/308, both inclusive, C-1/401 to C-1/408, both inclusive, C-1/501 to C-1/508, both inclusive, C-2/101, C-2/103, C-2/104, C-2/105, C-2/108, C-2/201 to C-2/208, both inclusive, C-2/301 to C-2/308, both inclusive, C-2/401 to C-2/408, both inclusive, C-2/501 to C-2/508, both inclusive, D-1/101 to D-1/108, both inclusive, D-1/201 to D-1/208, both inclusive, D-2/101 to D-2/103, both inclusive, D-2/105 to D-2/108, both inclusive, D-2/201 to D-2/208, both inclusive, and Garage Units P-1 to P-38, both inclusive, as delineated on survey of the part of the North three-fourths of Section 27, Township 38 North, Range 13 East of the Third Principal Meridian, described as follows: commencing at the intersection of a Line 3536.00 feet East and parallel with the West line of said Section 27, and a Line 20 feet North of and parallel with a line hereafter referred to as "Line A", which extends East from a point on the West line of said Section 27, which is 644.66 feet South from the Northwest corner of the South half of said Section 27 to a point on the East line of said Section 27 which is 619.17 feet South from the Northeast corner of said South half, thence West along said line 20.00 feet North, 122.72 feet to the point of beginning of the Land herein described thence South

10

FILED DATE: 10/21/2025 11:16 AM    20231401241

FILED DATE: 10/21/2025 11:16 AM 20231401241

along a line making an interior angle of 38° 36' 00''723.89 feet to the South line of the North half of the South half of said Section 27; thence West along said South line of the North half of the South half 890.01 feet, to a line 2506.00 feet East of and parallel to the West line of said Section 27; thence North along said line 2506.00 feet East, 436.29 feet, to a Line 264.26 feet South of and parallel with said "Line A"; thence East along said line 264.26 feet South, 257.86 feet, to a line 2736.86 feet East, 284.26 feet, to said line 20.00 feet North of "Line A"; thence East along said line 20.00 feet North, 649.84 feet to the point of beginning, in Cook County, Illinois, together with easements appurtenant as described in Document No. 24748418 recorded in the Office of the Recorder of Deed in said county; which survey is attached as Exhibit "A" to the Declaration of Condominium Ownership made by American National Bank and Trust Company of Chicago, as Trustee under Trust No. 45058, recorded in the Officer of the Recorder of Deeds, Cook County, Illinois as Document No. 24911808.

This parcel is commonly known as **4260-4350 W. FORD CITY DR./4260-4351**

**W. 76TH ST.**, Chicago, IL 60652 ("subject property").

**ANSWER:** **Defendants state that the PINs and legal description for the referenced parcel speak for themselves and deny any allegations in Paragraph 3 that are inconsistent with the PINs and legal description.**

4. On information and belief, located on the subject property is composed of seven buildings (a high-rise building, two mid-rise buildings, and four low-rise buildings) which include 319 dwelling units with parking.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore deny the same.**

5. That at all times pertinent thereto on information and belief the following named Defendants owned, managed, controlled, collected rents from, had a legal or equitable interest in, or contributed to the ongoing violations at, the Subject Property:

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore deny the same, except as expressly admitted or denied in response to Paragraphs 5-1 through 5-366.**

1. Defendant Ford City Condominium Association is the condominium association identified in the Condominium Declaration recorded against the property. The Association is currently the subject of a bankruptcy proceeding pending in the Northern District of Illinois in case 21-05193.

FILED DATE: 10/21/2025 11:16 AM    20231401241

**ANSWER:** **Defendants admit the allegations in Paragraph 5-1.**

2. Defendant William B. Avellone is the Subchapter V Trustee appointed in the proceedings and is sued only in his capacity as Trustee.

**ANSWER:** **Defendants admit that William B. Avellone is referred to as the Subchapter V Trustee in this case but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5-2 and therefore deny the same.**

3. The current owners of 4300 W. Ford City Drive, Unit A-201 (19-27-401-038-1001) are Josef Toader, Florita Toader, and Emilia Codos.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-3 and therefore deny the same.**

4. The current owner of 4300 W. Ford City Drive, Unit A-301 (19-27-401-038-1002) is Lois A. Gordon. Kelvin B. Bacon has a beneficiary interest.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-4 and therefore deny the same.**

5. The current owner of 4300 W. Ford City Drive, Unit A-401 (19-27-401-038-1003) is Beverly Bank & Trust Co., NA as successor to First National Bank of Evergreen Park, as Trustee U/T/A #14358 DTD 5-24-95. The last taxpayer of record and beneficiary is Mieczylsaw Wawozny.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-5 and therefore deny the same.**

6. The current owners of 4300 W. Ford City Drive, Unit A-501 (19-27-401-038-1004) are Hatuey McKoy and Winston McKoy.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-6 and therefore deny the same.**

7. The current owners of 4300 W. Ford City Drive, Unit A-601 (19-27-401-038-1005) are Marsellow Farrow and Marc C. Farrow. The current mortgagees are Citibank, NA and Mortgage Electronic Registration Systems, Inc. Chaka D. Farrow is a beneficiary.

FILED DATE: 10/21/2025 11:16 AM    20231401241

**ANSWER**:    **Defendants admit that Marsellow Farrow, Marc C. Farrow and Deborah Farrow executed a note and mortgage on September 28, 2012, regarding real property located at 4300 W. Ford City Drive, Unit A-601, and the current mortgagee is Mortgage Electronic Registration Systems, Inc. acting solely as nominee for Citibank, N.A. [Lender] and its successors and assigns. Answering further, the mortgage was recorded with the Cook County Recorder of Deeds on October 22, 2012, under Document No. 1229665024. Unless specifically admitted, Defendants deny the allegations in Paragraph 5-7.**

8.    The current owner of 4300 W. Ford City Drive, Unit A-701 (19-27-401-038¬1006) is KarMa Rodea Esquivel.

**ANSWER**:    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-8 and therefore deny the same.**

9.    The current owners of 4300 W. Ford City Drive, Unit A-801 (19-27-401-038-1007) are Wendy Watson and Brent Watson.

**ANSWER**:    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-9 and therefore deny the same.**

10.    The current owner of 4300 W. Ford City Drive, Unit A-901 (19-27-401-038¬1008) is GPAM Properties, LLC.

**ANSWER**:    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-10 and therefore deny the same.**

11.    The current owner of 4300 W. Ford City Drive, Unit A-1001 (19-27-401-038-1009) is Rayven V. Wilson.

**ANSWER**:    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-11 and therefore deny the same.**

12.    The current owner of 4300 W. Ford City Drive, Unit A-1101 (19-27-401-038-1010) is Providencia Gonzalez.

FILED DATE: 10/21/2025 11:16 AM    20231401241

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-12 and therefore deny the same.

13. The current owner of 4300 W. Ford City Drive, Unit A-1201 (19-27-401-038-1011) is Amanda L. Navarro.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-13 and therefore deny the same.

14. The current owners of 4300 W. Ford City Drive, Unit A-1301 (19-27-401-038-1012) are Miriam Ferreira a/k/a Miriam Chavez and Giovanni Jael Chavez.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-14 and therefore deny the same.

15. The current owner of 4300 W. Ford City Drive, Unit A-1401 (19-27-401-038-1013) is Adrienne Holley. The current mortgagees are Countrywide Home Loans Inc. and Mortgage Electronic Registration Systems, Inc.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-15 and therefore deny the same.

16. The current owner of 4300 W. Ford City Drive, Unit A-1501 (19-27-401-038-1014) is The Howard Family Trust U/T/A DTD 7/3/2015. The trustee is Donna M. Howard. The last taxpayer of record is Rogelio Villagomez.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-16 and therefore deny the same.

17. The current owner of 4300 W. Ford City Drive, Unit A-202 (19-27-401-038¬1015) is Arcadia Management Group, LLC.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-17 and therefore deny the same.

18. The current owner of 4300 W. Ford City Drive, Unit A-302 (19-27-401-038-1016) is Vicente Gonzalez-Carabez.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as

FILED DATE: 10/21/2025 11:16 AM    20231401241

to the truth of the allegations in Paragraph 5-18 and therefore deny the same.

19.     The current owner of 4300 W. Ford City Drive, Unit A-402 (19-27-401-038-1017) is Fouad M. Doolah.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-19 and therefore deny the same.**

20.     The current owners of 4300 W. Ford City Drive, Unit A-501 (19-27-401-038-1018) are Larry Gillette and Zofia Modrzejewska.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-20 and therefore deny the same.**

21.     The current owner of 4300 W. Ford City Drive, Unit A-602 (19-27-401-038¬1019) is Joyce D. Martin.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-21 and therefore deny the same.**

22.     The current owner of 4300 W. Ford City Drive, Unit A-702 (19-27-491-038-1020) is AMGUN Investments, LLC.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-22 and therefore deny the same.**

23.     The current owner of 4300 W. Ford City Drive, Unit A-802 (19-27-401-038-1021) is Manchun Kao.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-23 and therefore deny the same.**

24.     The current owner of 4300 W. Ford City Drive, Unit A-902 (19-27-401-038-1022) is Homes For Veterans Co.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-24 and therefore deny the same.**

25.     The current owner of 4300 W. Ford City Drive, Unit A-1002 (19-27-401-038-1023) is Erica Salinas. A possible party of interest is Melissa Rangel.

FILED DATE: 10/21/2025 11:16 AM   20231401241

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-25 and therefore deny the same.

26.     The current owner of 4300 W. Ford City Drive, Unit A-1102 (19-27-401-038-1024) is Z Financial Illinois G Properties, LLC.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-26 and therefore deny the same.

27.     The current owner of 4300 W. Ford City Drive, Unit A-1202 (19-27-401-038-1025) is Adetokunbo Ogunsanya a/k/a Ade Ogunsanya a/k/a Adetokunbo O. Tejuoso. A possible party of interest is Pedro Palacios.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-27 and therefore deny the same.

28.     The current owner of 4300 W. Ford City Drive, Unit A-1302 (19-27-401-038-1026) is Ahmad A. Nur.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-28 and therefore deny the same.

29.     The current owners of 4300 W. Ford City Drive, Unit A-I402 (19-27-401-038-1027) are Brent Watson and Wendy Watson.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-29 and therefore deny the same.

30.     The current owner of 4300 W. Ford City Drive, Unit A-1502 (19-27-401-038-1028) is William D. O'Donnell. The last taxpayer of record is Hugh O'Donnell.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-30 and therefore deny the same.

31.     The current owner of 4300 W. Ford City Drive, Unit A-203 (19-27-401-038-1029) is Magaly Z. Garcia a/k/a Maggie Garcia.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 5-31 and therefore deny the same.

32.     The current owner of 4300 W. Ford City Drive, Unit A-303 (19-27-401-038-1030) is Hilda M. Zmora.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-32 and therefore deny the same.**

33.     The current owners of 4300 W. Ford City Drive, Unit A-403 (19-27-401-038¬1031) are Christopher D. Russell and Karen E. Russell.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-33 and therefore deny the same.**

34.     The current owner of 4300 W. Ford City Drive, Unit A-503 (19-27-401-038-1032) is Juan Delgadillo Alonso. Possibly interested parties are Efrain Rojas Galvez, Martin Angelo Aceves, and Francisco Carrillo.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-34 and therefore deny the same.**

35.     The current owner of 4300 W. Ford City Drive, Unit A-603 (19-27-401-038-1033) is Oscar Mireles.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-35 and therefore deny the same.**

36.     The current owners of 4300 W. Ford City Drive, Unit A-703 (19-27-401-038¬1034) are John Golden and Mary Golden.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-36 and therefore deny the same.**

37.     The current owner of 4300 W. Ford City Drive, Unit A-803 (19-27-401-038-1035) is Steven T. Shuttleworth II.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-37 and therefore deny the same.**

38.     The current owners of 4300 W. Ford City Drive, Unit A-903 (19-27-401-

FILED DATE: 10/21/2025 11:16 AM    20231401241

FILED DATE: 10/21/2025 11:16 AM   20231401241

038¬1036) are Mary Biel and Ludwik Dziedzic. The current mortgagee is BMO Harris Bank, NA.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-38 and therefore deny the same.**

39.     The current owner of 4300 W. Ford City Drive, Unit A-1003 (19-27-401-038-1037) is Lisa S. McMath.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-39 and therefore deny the same.**

40.     The current owner of 4300 W. Ford City Drive, Unit A-1103 (19-27-401-038-1038) is Brent Watson.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-40 and therefore deny the same.**

41.     The current owners of 4300 W. Ford City Drive, Unit A-1203 (19-27-401-038-1039) are Toni Green and Michael Green.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-41 and therefore deny the same.**

42.     The current owner of 4300 W. Ford City Drive, Unit A-1303 (19-27-401-038-1040) is Bank of America, NA as successor-trustee of LaSalle Bank NA, as Trustee U/T/A 133767 DTD 1/11/2005. The last taxpayer of record is Loretta C. Maher.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-42 and therefore deny the same.**

43.     The current owner of 4300 W. Ford City Drive, Unit A-1403 (19-27-401-038-1041) is Kazimiera Ptak.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-43 and therefore deny the same.**

44.     The current owner of 4300 W. Ford City Drive, Unit A-1503 (19-27-401-038-1042) is Judy Griffin. The current mortgagee is NewRez, LLC.

FILED DATE: 10/21/2025 11:16 AM   20231401241

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-44 and therefore deny the same.

45. The current owner of 4300 W. Ford City Drive, Unit A-204 (19-27-401-038¬1043) is Lisa D. Sampson. The current mortgagee is JP Morgan Chase Bank, NA.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-45 and therefore deny the same.

46. The current owner of 4300 W. Ford City Drive, Unit A-304 (19-27-401-038¬1044) is Pamela Jefferson.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-46 and therefore deny the same.

47. The current owner of 4300 W. Ford City Drive, Unit A-404 (19-27-401-038¬1045) is Edward Coleman. A possible party of interest is Rossane Farkas.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-47 and therefore deny the same.

48. The current owner of 4300 W. Ford City Drive, Unit A-504 (19-27-401-038¬1046) is Takada V. Dixon. The current mortgagee is US Bank, NA, as Trustee.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-48 and therefore deny the same.

49. The current owner of 4300 W. Ford City Drive, Unit A-604 (19-27-401-038-1047) is Agnieska Kaczynska-Rusak. The current mortgagee is DLJ Mortgage Capital, Inc.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-49 and therefore deny the same.

50. The current owner of 4300 W. Ford City Drive, Unit A-704 (19-27-401-038¬1048) is David Kyselica.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-50 and therefore deny the same.

FILED DATE: 10/21/2025 11:16 AM    20231401241

51.     The current owner of 4300 W. Ford City Drive, Unit A-804 (19-27-401-038-1049) is Chicago Title Land Trust Co. U/T/A 8002379440 DTD 1/28/2019. A possible party of interest is Joseph Chavez.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-51 and therefore deny the same.**

52.     The current owner of 4300 W. Ford City Drive, Unit A-904 (19-27-401-038-1050) is Cecylia Guros.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-52 and therefore deny the same.**

53.     The current owner of 4300 W. Ford City Drive, Unit A-1004 (19-27-401-038-1051) is Vinayak Lawande.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-53 and therefore deny the same.**

54.     The current owner of 4300 W. Ford City Drive, Unit A-1104 (19-27-401-038-1052) is Anna Wojas.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-54 and therefore deny the same.**

55.     The current owner of 4300 W. Ford City Drive, Unit A-1204 (19-27-401-038-1053) is Marc Jandura.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-55 and therefore deny the same.**

56.     The current owner of 4300 W. Ford City Drive, Unit A-1304 (19-27-401-038-1054) is Gary Powell.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-56 and therefore deny the same.**

57.     The current owner of 4300 W. Ford City Drive, Unit A-1404 (19-27-401-038-1055) is Liliana Abad Fierro.

FILED DATE: 10/21/2025 11:16 AM    20231401241

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-57 and therefore deny the same.**

58.     The current owner of 4300 W. Ford City Drive, Unit A-1504 (19-27-401-038-1056) is Kimberly Wagner.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-58 and therefore deny the same.**

59.     The current owner of 4300 W. Ford City Drive, Unit A-205 (19-27-401-038-1057) is Desiree Sanchez. The current mortgagee is Wells Fargo Bank, NA.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-59 and therefore deny the same.**

60.     The current owners of 4300 W. Ford City Drive, Unit A-305 (19-27-401-038-1058) are Naftali Espino and Katherine Espino.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-60 and therefore deny the same.**

61.     The current owner of 4300 W. Ford City Drive, Unit A-405 (19-27-401-03 8-1059) is Annette Wofford.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-61 and therefore deny the same.**

62.     The current owner of 4300 W. Ford City Drive, Unit A-505 (19-27-401-038-1060) is The George Polymenakos Revocable Trust DTD 10/5/2017. The trustee is George Polymenakos.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-62 and therefore deny the same.**

63.     The current owner of 4300 W. Ford City Drive, Unit A-605 (19-27-401-038-1061) is Yurong Han. The last taxpayer of record is Manuel Carmona.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-63 and therefore deny the same.**

FILED DATE: 10/21/2025 11:16 AM    20231401241

64.     The current owners of 4300 W. Ford City Drive, Unit A-705 (19-27-401-038-1062) are Gabriela Santamaria and Abraham E. Santamaria.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-64 and therefore deny the same.**

65.     The current owner of 4300 W. Ford City Drive, Unit A-805 (19-27-401-038-1063) is Dennis Nash. The current mortgagees are Freedom Mortgage Corporation and Mortgage Electronic Registration Systems, Inc.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-65 and therefore deny the same.**

66.     The current owner of 4300 W. Ford City Drive, Unit A-905 (19-27-401-038-1064) is Donyetta Dockery.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-66 and therefore deny the same.**

67.     The current owner of 4300 W. Ford City Drive, Unit A-1005 (19-27-401-038-1065) is Barbara J. Banks. The current mortgagee is Mortgage Electronic Registration Systems, Inc.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-67 and therefore deny the same.**

68.     The current owner of 4300 W. Ford City Drive, Unit A-1105 (19-27-401-038-1066) is Vanessa Milton. The current mortgage holder is Deutsche Bank National Trust Company, as Trustee.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-68 and therefore deny the same.**

69.     The current owner of 4300 W. Ford City Drive, Unit A-1205 (19-27-401-038-1067) is Deutsche Bank National Trust Company, as Trustee. A possible interested party is Daphnee Brownlee.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-69 and therefore deny the same.**

FILED DATE: 10/21/2025 11:16 AM    20231401241

70.     The current owner of 4300 W. Ford City Drive, Unit A-1305 (19-27-401-038-1068) is Charlene L. Appling Trust DTD 12/7/2020. The trustee is Bryan Appling. The current mortgagee is Bank of America, NA.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-70 and therefore deny the same.**

71.     The current owner of 4300 W. Ford City Drive, Unit A-1405 (19-27-401-038-1069) is Arcadia Management Group, LLC. The current promissory note holder is Chun Yi Hsu. Promissory note beneficiaries are Shin-Rong Liu and Amy Liu.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-71 and therefore deny the same.**

72.     The current owners of 4300 W. Ford City Drive, Unit A-1505 (19-27-401-038-1070) are Michael Grygorcewicz and Andrew F. Grygorcewicz.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-72 and therefore deny the same.**

73.     The current owner of 4300 W. Ford City Drive, Unit A-206 (19-27-401-038-1071) is Arturo F. Hernandez.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-73 and therefore deny the same.**

74.     The current owners of 4300 W. Ford City Drive, Unit A-306 (19-27-401-038-1072) are Muneeb Alam and Zeshan Mallhi.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-74 and therefore deny the same.**

75.     The current owner of 4300 W. Ford City Drive, Unit A-406 (19-27-401-038-1073) is Sweet Home Chicago Management, LLC.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-75 and therefore deny the same.**

76.     The current owner of 4300 W. Ford City Drive, Unit A-506 (19-27-401-038-1074) is Maria E. Rodriguez Ramos. A possible party of interest is Fairfield Buildings, LLC.

FILED DATE: 10/21/2025 11:16 AM    20231401241

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-76 and therefore deny the same.**

77.    The current owner of 4300 W. Ford City Drive, Unit A-606 (19-27-401-038-1075) is Beverly Bank & Trust Company, as Successor Trustee U/T/A#503 DTD 4/23/1979. The last taxpayer of record is Mary L. Vaughn.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-77 and therefore deny the same.**

78.    The current owner of 4300 W. Ford City Drive, Unit A-706 (19-27-401-038-1076) is Vinayak Lawande.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-78 and therefore deny the same.**

79.    The current owner of 4300 W. Ford City Drive, Unit A-806 (19-27-401-038-1077) is Francisco Carrillo.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-79 and therefore deny the same.**

80.    The current owner of 4300 W. Ford City Drive, Unit A-906 (19-27-401-038-1078) is Hilda Zmora.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-80 and therefore deny the same.**

81.    The current owner of 4300 W. Ford City Drive, Unit A-1006 (19-27-401-038-1079) is Rodolfo Chavez.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-81 and therefore deny the same.**

82.    The current owner of 4300 W. Ford City Drive, Unit A-1106 (19-27-401-038-1080) is Raymundo Torres.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as**

FILED DATE: 10/21/2025 11:16 AM    20231401241

to the truth of the allegations in Paragraph 5-82 and therefore deny the same.

83.     The current owner of 4300 W. Ford City Drive, Unit A-1206 (19-27-401-038-1081) is Arcadia Management Group, LLC. The current mortgagee is Beneficial Illinois Inc.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-83 and therefore deny the same.**

84.     The current owner of 4300 W. Ford City Drive, Unit A-1306 (19-27-401-038-1082) is Jose Garcia.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-84 and therefore deny the same.**

85.     The current owners of 4300 W. Ford City Drive, Unit A-1406 (19-27-401-038-1083) are Arshan Alamgir and Bushra Durrani.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-85 and therefore deny the same.**

86.     The current owners of 4300 W. Ford City Drive, Unit A-1506 (19-27-401-038-1084) are Wendy Watson and Brent Watson.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-86 and therefore deny the same.**

87.     The current owner of 4300 W. Ford City Drive, Unit A-207 (19-27-401-038-1085) is Terry Densmore.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-87 and therefore deny the same.**

88.     The current owner of 4300 W. Ford City Drive, Unit A-307 (19-27-401-038-1086) is Edgar Frutos Torres.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-88 and therefore deny the same.**

89.     The current owner of 4300 W. Ford City Drive, Unit A-407 (19-27-401-038-1087) is Leonard J. Woods.

FILED DATE: 10/21/2025 11:16 AM    20231401241

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-89 and therefore deny the same.**

90.     The current owner of 4300 W. Ford City Drive, Unit A-507 (19-27-401-038-1088) is Leokadia Mosio.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-90 and therefore deny the same.**

91.     The current owner of 4300 W. Ford City Drive, Unit A-607 (19-27-401-038-1089) is Ade Ogunsanya a/k/a Adetokunbo Ogunsanya a/k/a Adetokunbo O. Tejuoso.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-91 and therefore deny the same.**

92.     The current owner of 4300 W. Ford City Drive, Unit A-707 (19-27-401-038-1090) is James Frank Dalu.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-92 and therefore deny the same.**

93.     The current owner of 4300 W. Ford City Drive, Unit A-807 (19-27-401-038-1091) is Margaret Furness. The current mortgagee is CitiMortgage Inc. The last taxpayer of record is GPAM Properties, LLC.

**ANSWER:** **Defendants admit that Margaret Furness executed a note and mortgage on July 10, 2008, regarding real property located at 4300 W. Ford City Drive, Unit A-807, and the mortgagee was CitiMortgage, Inc. Answering further, the mortgage was recorded with the Cook County Recorder of Deeds on July 21, 2008, under Document No. 0820333051, and a Satisfaction of Mortgage was recorded with the Cook County Recorder of Deeds on September 12, 2023 under Document No. 2325540022. Accordingly, Defendants no longer have any interest in the real property located at 4300 W. Ford City Drive, Unit A-807. Unless specifically admitted, Defendants deny the allegations in Paragraph 5-93.**

FILED DATE: 10/21/2025 11:16 AM    20231401241

94.     The current owner of 4300 W. Ford City Drive, Unit A-907 (19-27-401-038-1092) is Erica Salinas. A possible party of interest is Hilda Zmora.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-94 and therefore deny the same.**

95.     The current owner of 4300 W. Ford City Drive, Unit A-1007 (19-27-401-038-1093) is Manuela Sanchez Flores. The last taxpayer of record is Diego Hernandez.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-95 and therefore deny the same.**

96.     The current owner of 4300 W. Ford City Drive, Unit A-1107 (19-27-401-038-1094) is Vinayak Lawande.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-96 and therefore deny the same.**

97.     The current owner of 4300 W. Ford City Drive, Unit A-1207 (19-27-401-038-1095) is Truth Empires, LLC.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-97 and therefore deny the same.**

98.     The current owner of 4300 W. Ford City Drive, Unit A-1307 (19-27-401-038-1096) is Akram Shahid. The current mortgagee is New Residential Mortgage, LLC.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-98 and therefore deny the same.**

99.     The current owner of 4300 W. Ford City Drive, Unit A-1407 (19-27-401-038-1097) is Martha Rocha.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-99 and therefore deny the same.**

100.     The current owner of 4300 W. Ford City Drive, Unit A-1507 (19-27-401-038-1098) is Erica Salinas. A possible party of interest is Melissa Rangel.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as**

FILED DATE: 10/21/2025 11:16 AM    20231401241

to the truth of the allegations in Paragraph 5-100 and therefore deny the same.

101.    The current owner of 4300 W. Ford City Drive, Unit A-208 (19-27-401-038-1099) is Stephen Monte Henson.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-101 and therefore deny the same.**

102.    The current owners of 4300 W. Ford City Drive, Unit A-308 (19-27-401-038-1100) are Winston McKoy and Hatuey McKoy.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-102 and therefore deny the same.**

103.    The current owner of 4300 W. Ford City Drive, Unit A-408 (19-27-401-038-1101) is Zarah Dulay.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-103 and therefore deny the same.**

104.    The current owners of 4300 W. Ford City Drive, Unit A-508 (19-27-401-038-1102) are Winston McKoy and Hatuey McKoy. A possible party of interest is Camryn Burnett.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-104 and therefore deny the same.**

105.    The current owners of 4300 W. Ford City Drive, Unit A-608 (19-27-401-038¬1103) are Winston McKoy and Hatuey McKoy.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-105 and therefore deny the same.**

106.    The current owner of 4300 W. Ford City Drive, Unit A-708 (19-27-401-038-1104) is Diego D. Andrade. A possible party of interest is Pablo Andrade.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-106 and therefore deny the same.**

107.    The current owner of 4300 W. Ford City Drive, Unit A-808 (19-27-401-038-1105) is Culebra Capital, LLC. A possible party of interest is Wendy Watson.

FILED DATE: 10/21/2025 11:16 AM   20231401241

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-107 and therefore deny the same.

108.     The current owner of 4300 W. Ford City Drive, Unit A-908 (19-27-401-038-1106) is Hilda Zmora. A possible party of interest is Elzbeita Morawa.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-108 and therefore deny the same.

109.     The current owner of 4300 W. Ford City Drive, Unit A-1008 (19-27-401-038-1107) is Zarah Dulay.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-109 and therefore deny the same.

110.     The current owner of 4300 W. Ford City Drive, Unit A-1108 (19-27-401-038-1108) is Ade Ogunsanya a/k/a Adetokunbo Ogunsanya a/k/a Adetokunbo O. Tejuoso.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-110 and therefore deny the same.

111.     The current owner of 4300 W. Ford City Drive, Unit A-1208 (19-27-401-038-1109) is The Estate of Joan P. Moore.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-111 and therefore deny the same.

112.     The current owners of 4300 W. Ford City Drive, Unit A-1308 (19-27-401-038-1110) are Winston McKoy and Hatuey McKoy.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-112 and therefore deny the same.

113.     The current owners of 4300 W. Ford City Drive, Unit A-1408 (19-27-401-038-1111) are Analilia Carrillo and Juan Carrillo. The last taxpayer of record is Liliana Abad Fierro.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as

FILED DATE: 10/21/2025 11:16 AM     20231401241

to the truth of the allegations in Paragraph 5-113 and therefore deny the same.

114.    The current owner of 4300 W. Ford City Drive, Unit A-1508 (19-27-401-038-1112) is Susan O'Neal. The current mortgagee is DLJ Mortgage Capital, Inc.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-114 and therefore deny the same.

115.    The current owner of 4300 W. Ford City Drive, Unit A-209 (19-27-401-038-1113) is Susan M. Gniadecki.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-115 and therefore deny the same.

116.    The current owner of 4300 W. Ford City Drive, Unit A-309 (19-27-401-038-1114) is Magaly Z. Garcia a/k/a Maggie Garcia.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-116 and therefore deny the same.

117.    The current owner of 4300 W. Ford City Drive, Unit A-409 (19-27-401-038-1115) is Anton J. Watkins. A possible party of interest is DSI Holdings Corp.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-117 and therefore deny the same.

118.    The current owner of 4300 W. Ford City Drive, Unit A-509 (19-27-401-038-1116) is Ade Ogunsanya a/k/a Adetokunbo Ogunsanya a/k/a Adetokunbo O. Tejuoso.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-118 and therefore deny the same.

119.    The current owner of 4300 W. Ford City Drive, Unit A-609 (19-27-401-038-1117) is Irena A. Bagdady. The last taxpayer of record is Eminent Management Service, Inc.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-119 and therefore deny the same.

120.    The current owner of 4300 W. Ford City Drive, Unit A-709 (19-27-401-038-1118) is Henry K. Wojcikowski. The current mortgagee is Argent Mortgage Company, LLC. A

FILED DATE: 10/21/2025 11:16 AM   20231401241

possible interested party is Stan Wojcikowski.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-120 and therefore deny the same.**

121.     The current owner of 4300 W. Ford City Drive, Unit A-809 (19-27-401-038-1119) is Stevco Nikolay.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-121 and therefore deny the same.**

122.     The current owner of 4300 W. Ford City Drive, Unit A-909 (19-27-401-038-1120) is Margarita Flores.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-122 and therefore deny the same.**

123.     The current owner of 4300 W. Ford City Drive, Unit A-1009 (19-27-401-038-1121) is Manna Property Investment, LLC. A possible party of interest Alfredo Castillo.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-123 and therefore deny the same.**

124.     The current owners of 4300 W. Ford City Drive, Unit A-1109 (19-27-401-038-1122) are Viridiana Alcantar Villegas and Felipe Solorzano Maya.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-124 and therefore deny the same.**

125.     The current owner of 4300 W. Ford City Drive, Unit A-1209 (19-27-401-038-1123) is Lyubomir Alexandrov.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-125 and therefore deny the same.**

126.     The current owner of 4300 W. Ford City Drive, Unit A-1309 (19-27-401-038-1124) is Believe In Thine-Heart Ministries.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as**

FILED DATE: 10/21/2025 11:16 AM    20231401241

to the truth of the allegations in Paragraph 5-126 and therefore deny the same.

127.    The current owner of 4300 W. Ford City Drive, Unit A-1409 (19-27-401-038-1125) is Manna Property Investment. The last taxpayer of record is Ade Ogunsanya a/k/a Adetokunbo Ogunsanya a/k/a Adetokunbo O. Tejuoso.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-127 and therefore deny the same.**

128.    The current owner of 4300 W. Ford City Drive, Unit A-1509 (19-27-401-038-1126) is Equity Trust Co., custodian FBO Christine Hsu IRA AC#200341381. A possible interested party is Christine Hsu.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-128 and therefore deny the same.**

129.    The current owner of 4300 W. Ford City Drive, Unit A-210 (19-27-401-038-1127) is Estela Flores. A possible party of interest is Modesta Marchetti.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-129 and therefore deny the same.**

130.    The current owner of 4300 W. Ford City Drive, Unit A-310 (19-27-401-038-1128) is Tanisha Malley.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-130 and therefore deny the same.**

131.    The current owner of 4300 W. Ford City Drive, Unit A-410 (19-27-401-038-1129) is Hilda Zmora.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-131 and therefore deny the same.**

132.    The current owner of 4300 W. Ford City Drive, Unit A-510 (19-27-401-038-1130) is Agnes C. Murphy. The current mortgagee is Loancare, LLC.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-132 and therefore deny the same.**

FILED DATE: 10/21/2025 11:16 AM    20231401241

133.    The current owners of 4300 W. Ford City Drive, Unit A-610 (19-27-401-038-1131) are Raymundo Torres and Luis A. Gonzalez.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-133 and therefore deny the same.**

134.    The current owner of 4300 W. Ford City Drive, Unit A-710 (19-27-401-038-1132) is George Spatharalcis.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-134 and therefore deny the same.**

135.    The current owner of 4300 W. Ford City Drive, Unit A-810 (19-27-401-038¬1133) is Equity Trust Co., custodian FBO Christine Hsu IRA AC#200341381. A possible interested party is Christine Hsu.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-135 and therefore deny the same.**

136.    The current owners of 4300 W. Ford City Drive, Unit A-910 (19-27-401-038-1134) are Josef Brzek and Ewa Brzek.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-136 and therefore deny the same.**

137.    The current owner of 4300 W. Ford City Drive, Unit A-1010 (19-27-401-038-1135) is Kimberly Wagner.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-137 and therefore deny the same.**

138.    The current owner of 4300 W. Ford City Drive, Unit A-1110 (19-27-401-038-1136) is Erma Thomas. The last taxpayer of record is James A. Canavan. The current mortgagee is Wells Fargo Bank, NA.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-138 and therefore deny the same.**

139.    The current owner of 4300 W. Ford City Drive, Unit A-1210 (19-27-401-038-1137) is Ramona Beras Torres.

FILED DATE: 10/21/2025 11:16 AM    20231401241

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-139 and therefore deny the same.**

140.    The current owner of 4300 W. Ford City Drive, Unit A-1310 (19-27-401-038-1138) is Julius A. Hannon. The current mortgage holder is ABN AMRO Mortgage Group, Inc.

**ANSWER:** **Defendants admit that Julius Hannon executed a note and mortgage on September 6, 2005, regarding real property located at 4300 W. Ford City Drive, Unit A-1310, and the mortgagee is CitiMortgage, Inc. as successor by merger to ABN AMRO Mortgage Group, Inc. Answering further, the mortgage was recorded with the Cook County Recorder of Deeds on September 23, 2005 under Document No. 0526613054. Unless specifically admitted, Defendants deny the allegations in Paragraph 5-140.**

141.    The current owner of 4300 W. Ford City Drive, Unit A-1410 (19-27-401-038-1139) is Anna Wojas. The current mortgage holder is RBS Citizens, NA.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-141 and therefore deny the same.**

142.    The current owner of 4300 W. Ford City Drive, Unit A-1510 (19-27-401-038-1140) is Jose Olaf Gayton. A possible party of interest is Raymond Rogoz.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-142 and therefore deny the same.**

143.    The current owner of 4350 W. Ford City Drive, Unit B1-101 (19-27-401-038-1141) is Midland Federal Savings & Loan Association as Trustee for Trust #1484.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-143 and therefore deny the same.**

144.    The current owner of 4350 W. Ford City Drive, Unit B1-201 (19-27-401-038-1142) is Damarra Edinburg. The current mortgage holders are JP Morgan Chase Bank, NA; First Franklin Financial Corporation; and Deutsche Bank National Trust Company, as Trustee.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as**

to the truth of the allegations in Paragraph 5-144 and therefore deny the same.

145.    The current owner of 4350 W. Ford City Drive, Unit B1-301 (19-27-401-038-1143) is GPAM Properties, LLC. The current mortgage holder is US Bank, NA, as Trustee. The last taxpayer of record is Martha Hernandez.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-145 and therefore deny the same.**

146.    The current owner of 4350 W. Ford City Drive, Unit B1-401 (19-27-401-038-1144) is Youssef Doleh.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-146 and therefore deny the same.**

147.    The current owner of 4350 W. Ford City Drive, Unit B1-501 (19-27-401-038-1145) is Myron Coleman.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-147 and therefore deny the same.**

148.    The current owners of 4350 W. Ford City Drive, Unit B1-102 (19-27-461-038-1146) are Gregory L. Castile.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-148 and therefore deny the same.**

149.    The current owner of 4350 W. Ford City Drive, Unit B1-202 (19-27-401-038-1147) is Angelo J. Cruz. The current mortgagee is CitiBank, FSB.

**ANSWER:**    **Defendants admit only that Angelo J. Cruz executed a mortgage on 4350 W. Ford City Drive, Unit B1-202, Chicago, Illinois 60652 (PIN 19-27-401-038-1147) in favor of Citibank, F.S.B., which was recorded with the Cook County Recorder on January 16, 2003, at Document No. 0030076944, and that Defendants are in the process of executing and recording a release of said mortgage. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 149 and therefore**

FILED DATE: 10/21/2025 11:16 AM    20231401241

FILED DATE: 10/21/2025 11:16 AM 20231401241

deny the same.

150.     The current owner of 4350 W. Ford City Drive, Unit B1-302 (19-27-401-038-1148) is US Bank Trust Company NA, as Trustee, as Successor-In-Interest to US Bank, NA, as Trustee for MASTR Asset Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates, Series 2006-HE5.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-150 and therefore deny the same.**

151.     The current owner of 4350 W. Ford City Drive, Unit B1-402 (19-27-401-038-1149) is American Tax Lien LLC.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-151 and therefore deny the same.**

152.     The current owners of 4350 W. Ford City Drive, Unit B1-502 (19-27-401-038-1150) are Martin Aceves Angulo and Rosalinda Delgadillo. A possible party of interest is Rosalinda Alonso.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-152 and therefore deny the same.**

153.     The current owner of 4350 W. Ford City Drive, Unit B1-203 (19-27-401-038-1151) is The George Polymenakos Revocable Trust DTD 10/5/2017. The last taxpayer of record is George Polymenakos.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-153 and therefore deny the same.**

154.     The current owner of 4350 W. Ford City Drive, Unit B1-303 (19-27-401-038-1152) is Heirs and Legatees of Thelma Moore. The current mortgagee is Nationstar25 Mortgage, LLC. The last taxpayer of record is Birdene Mills.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-154 and therefore deny the same.**

155.     The current owner of 4350 W. Ford City Drive, Unit B1-403 (19-27-401-038-1153) is Roman Lira.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as**

FILED DATE: 10/21/2025 11:16 AM    20231401241

**to the truth of the allegations in Paragraph 5-155 and therefore deny the same.**

156.    The current owner of 4350 W. Ford City Drive, Unit B1-503 (19-27-401-038-1154) is Sree Pachamma Properties, LLC. A possible party of interest is Clifford Johnson.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-156 and therefore deny the same.**

157.    The current owner of 4350 W. Ford City Drive, Unit B1-104 (19-27-401-038-1155) is Gervase Bolden. A possible party of interest is Frank Carrillo.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-157 and therefore deny the same.**

158.    The current owner of 4350 W. Ford City Drive, Unit B1-204 (19-27-401-038-1156) is Juan Carlos Camarena.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-158 and therefore deny the same.**

159.    The current owner of 4350 W. Ford City Drive, Unit B1-304 (19-27-401-038-1157) is Mayowa Uche Okobie.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-159 and therefore deny the same.**

160.    The current owner of 4350 W. Ford City Drive, Unit B1-404 (19-27-401-038-1158) is Godwin Omwanghe a/k/a Godwin Omawanche. The current mortgagees are US Bank, NA, as Trustee, and JP Morgan Chase Bank, NA.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-160 and therefore deny the same.**

161.    The current owner of 4350 W. Ford City Drive, Unit B1-504 (19-27-401-038-1159) is Gabriela Santamaria.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-161 and therefore deny the same.**

162.    The current owners of 4350 W. Ford City Drive, Unit B1-105 (19-27-401-038-

FILED DATE: 10/21/2025 11:16 AM 20231401241

1160) are Blanca Estella Diaz-Cruz and Gabriel Garcia Avila.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-162 and therefore deny the same.**

163. The current owner of 4350 W. Ford City Drive, Unit B1-205 (19-27-401-038-1161) is Roberta Sweeper. The current mortgagee is Mortgage Electronic Registration Systems, Inc.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-163 and therefore deny the same.**

164. The current owner of 4350 W. Ford City Drive, Unit B1-305 (19-27-401-038-1162) is Thelma Swims. The current mortgagee is Green Tree Servicing, LLC and Mortgage Electronic Registration Systems, Inc.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-164 and therefore deny the same.**

165. The current owners of 4350 W. Ford City Drive, Unit B1-405 (19-27-401-038-1163) are Edgardo Aleman and Esperanza Macias. The current mortgagee is The Huntington National Bank.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-165 and therefore deny the same.**

166. The current owner of 4350 W. Ford City Drive, Unit B1-505 (19-27-401-038-1164) is Pauline C. Prater.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-166 and therefore deny the same.**

167. The current owner of 4350 W. Ford City Drive, Unit B1-206 (19-27-401-038-1165) is Wayne Holloway. The current mortgagees are The Bank of New York, as Trustee, and Mortgage Electronic Registration Systems, Inc. The last taxpayer of record is Thornwood Partners, LTD.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-167 and therefore deny the same.**

FILED DATE: 10/21/2025 11:16 AM    20231401241

168.     The current owner of 4350 W. Ford City Drive, Unit B1-306 (19-27-401-038-1166) is The George Polymenakos Revocable Trust DTD 10/5/2017. The last taxpayer of record is George Polymenakos.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-168 and therefore deny the same.**

169.     The current owner of 4350 W. Ford City Drive, Unit B1-406 (19-27-401-038-1167) is Michael T. Rzasa.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-169 and therefore deny the same.**

170.     The current owner of 4350 W. Ford City Drive, Unit B1-506 (19-27-401-038-1168) is Brenda J. Allen-Ballard.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-170 and therefore deny the same.**

171.     The current owner of 4350 W. Ford City Drive, Unit B1-207 (19-27-401-038-1169) is Irene Jones.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-171 and therefore deny the same.**

172.     The current owners of 4350 W. Ford City Drive, Unit B1-307 (19-27-401-038-1170) are Alberto Abel Bellido and Clara Olivares. A possible party of interest is Brent 25 Watson.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-172 and therefore deny the same.**

173.     The current owners of 4350 W. Ford City Drive, Unit B1-407 (19-27-401-038-1171) are Winston McKoy.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-173 and therefore deny the same.**

174.     The current owners of 4350 W. Ford City Drive, Unit B1-507 (19-27-401-038-1172) are Thomas Lorek and Mushiya Lorek.

FILED DATE: 10/21/2025 11:16 AM    20231401241

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-174 and therefore deny the same.

175. The current owner of 4350 W. Ford City Drive, Unit B1-108 (19-27-401-038-1173) is Leticia Solis. The current mortgagee is Citizens Bank, NA. A possible party of interest is Leticia Gamboa.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-175 and therefore deny the same.

176. The current owner of 4350 W. Ford City Drive, Unit B1-208 (19-27-401-038-1174) is Althea Y. Anderson.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-176 and therefore deny the same.

177. The current owner of 4350 W. Ford City Drive, Unit B1-308 (19-27-401-038-1175) is Joanna Stallworth. The current mortgagees are American Home Mortgage • Corp. D/B/A American Brokers Conduit and Mortgage Electronic Registration Systems, Inc.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-177 and therefore deny the same.

178. The current owners of 4350 W. Ford City .Drive, Unit B1-408 (19-27-401-038-1176) are Terry Jones and Gregory L. Jones.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-178 and therefore deny the same.

179. The current owner of 4350 W. Ford City Drive, Unit B1-508 (19-27-401-038-1177) is Analilia Carrillo. A possible party of interest is Liliana Abad Fierro.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-179 and therefore deny the same.

180. The current owner of 4280 W. Ford City Drive, Unit B2-101 (19-27-401-038-1178) is Winston McKoy.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as

FILED DATE: 10/21/2025 11:16 AM  20231401241

to the truth of the allegations in Paragraph 5-180 and therefore deny the same.

181.    The current owners of 4280 W. Ford City Drive, Unit B2-201 (19-27-401-038-1179) are Alberto Ocampo and Crisostoma Flores De Ocampo.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-181 and therefore deny the same.

182.    The current owner of 4280 W. Ford City Drive, Unit B2-301 (19-27-401-038-1180) is Homes For Veterans Co. The last taxpayer of record is Sarah Johnson.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-182 and therefore deny the same.

183.    The current owners of 4280 W. Ford City Drive, Unit B2-401 (19-27-401-038-1181) are Bruce Lance II and Joyce Lance.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-183 and therefore deny the same.

184.    The current owner of 4280 W. Ford City Drive, Unit B2-501 (19-27-401-038-1182) is Berta L. Clavijo,

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-184 and therefore deny the same.

185.    The current owners of 4280 W. Ford City Drive, Unit B2-102 (19-27-401-038-1183) are Winston McKoy and Hatuey McKoy. A possible party of interest is Michael Ellis Johnson.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-185 and therefore deny the same.

186.    The current owner of 4280 W. Ford City Drive, Unit B2-202 (19-27-401-038-1184) is Lisa P. Mayfield. The current mortgagee is The Huntington National Bank.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-186 and therefore deny the same.

187.    The current owner of 4280 W. Ford City Drive, Unit B2-302 (19-27-401-038-1185)

is Laura P. Olvera.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-187 and therefore deny the same.**

188. The current owners of 4280 W. Ford City Drive, Unit B2-402 '(1 9-27-401-038-1186) are Saul Arellano and Lore J. Martinez.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-188 and therefore deny the same.**

189. The current owner of 4280 W. Ford City Drive, Unit B2-502 (19-27-401-038-1187) is The McElroy Trust UTD DTD 3/17/1998. The last taxpayer of record is Bertram McElroy.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-189 and therefore deny the same.**

190. The current owner of 4280 W. Ford City Drive, Unit B2-203 (19-27-401-038-1188) is Zenaida Garcia.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-190 and therefore deny the same.**

191. The current owner of 4280 W. Ford City Drive, Unit B2-303 (19-27-401-038-1189) is Nathaniel K. Boston. The current mortgagee is HSBC Bank USA, NA, as Trustee.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-191 and therefore deny the same.**

192. The current owner of 4280 W. Ford City Drive, Unit B2-403 (19-27-401-038-1190) is Atanas I. Petrichki and Ivan A. Petrichki.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-192 and therefore deny the same.**

193. The current owner of 4280 W. Ford City Drive, Unit B2-503 (19-27-401-038-1191) is Victor Navarro. The current mortgagee is The Huntington National Bank, The last taxpayer of record is Jennifer I. Menendez.

FILED DATE: 10/21/2025 11:16 AM  20231401241

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-193 and therefore deny the same.**

194. The current owner of 4280 W. Ford City Drive, Unit B2-104 (19-27-401-038-1192) is Christopher Ramey. The current mortgagee is US Bank NA, as Trustee.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-194 and therefore deny the same.**

195. The current owners of 4280 W. Ford City Drive, Unit B2-204 (19-27-401-038-1193) are Javier Tapia and Cristina M. Tapia.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-195 and therefore deny the same.**

196. The current owner of 4280 W. Ford City Drive, Unit B2-304 (19-27-401-038-1194) is Daniel Lobbins.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-196 and therefore deny the same.**

197. The current owners of 4280 W. Ford City Drive, Unit B2-404 (19-27-401-038-1195) are Winston McKoy and Hatuey McKoy. The current mortgagee is Van Oak Capital, LLC. A possible party of interest is Patricia Obard.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-197 and therefore deny the same.**

198. The current owner of 4280 W. Ford City Drive, Unit B2-504 (19-27-401-038-1196) is Marquette Bank, as Trustee U/T/A 30704 DTD 7/28/2021. The current mortgagee is JP Morgan Chase Bank, NA. Possible parties of interest are Antoni Chmielewski and Jadwiga Chmielewski.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-198 and therefore deny the same.**

199. The current owners of 4280 W. Ford City Drive, Unit B2-105 (19-27-401-038-1197) are Eugena Henry and Jessica Lewis.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as**

FILED DATE: 10/21/2025 11:16 AM    20231401241

to the truth of the allegations in Paragraph 5-199 and therefore deny the same.

200.    The current owner of 4280 W. Ford City Drive, Unit B2-205 (19-27-401-038-1198) is Manuela D. Taylor-Williams

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-200 and therefore deny the same.**

201.    The current owners of 4280 W. Ford City Drive, Unit B2-305 (19-27-401-038-1199) are Brent C. Watson and Wendy J. Watson. The last taxpayer of record is Nazario Chavez.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-201 and therefore deny the same.**

202.    The current owner of 4280 W. Ford City Drive, Unit B2-405 (19-27-401-038-1200) is The George Polymenakos Revocable Trust DTD 10/5/2017. A possible party of interest is Yasmin Ibrahim.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-202 and therefore deny the same.**

203.    The current owner of 4280 W. Ford City Drive, Unit B2-505 (19-27-401-038-1201) is The George Polymenakos Revocable Trust DTD 10/5/2017.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-203 and therefore deny the same.**

204.    The current owner of 4280 W. Ford City Drive, Unit B2-206 (19-27-401-038-1202) is Leethel Franklin. The current mortgagee is The Huntington National Bank.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-204 and therefore deny the same.**

205.    The current owner of 4280 W. Ford City Drive, Unit B2-306 (19-27-401-038-1203) is Josephine E. Johnson.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-205 and therefore deny the same.**

FILED DATE: 10/21/2025 11:16 AM    20231401241

206.    The current owner of 4280 W. Ford City Drive, Unit B2-406 (19-27-401-038-1204) is Desiree Skipper.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-206 and therefore deny the same.**

207.    The current owners of 4280 W. Ford City Drive, Unit B2-506 (19-27-401-038-1205) is Ina M. Wise.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-207 and therefore deny the same.**

208.    The current owner of 4280 W. Ford City Drive, Unit B2-207 (19-27-401-038-1206) is Carla M. Davis.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-208 and therefore deny the same.**

209.    The current owner of 4280 W. Ford City Drive, Unit B2-307 (19-27-401-038-1207) is John M. Smith. The beneficiaries of a transfer on death instrument are Shirley Mia Smith and Burton Wayne Smith.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-209 and therefore deny the same.**

210.    The current owner of 4280 W. Ford City Drive, Unit B2-407 (19-27-401-038-1208) is Mayowa Uche Okorie. A possible party of interest is Mojisola Oguachuba.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-210 and therefore deny the same.**

211.    The current owner of 4280 W. Ford City Drive, Unit B2-507 (19-27-401-038-1209) is RNM Future, LLC.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-211 and therefore deny the same.**

212.    The current owner of 4280 W. Ford City Drive, Unit B2-108 (19-27-401-038-1210) is Ricardo Garcia.

FILED DATE: 10/21/2025 11:16 AM    20231401241

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-212 and therefore deny the same.

213.    The current owner of 4280 W. Ford City Drive, Unit B2-208 (19-27-401-038-1211) is RV Holdings Three, LLC. A possible party of interest is Carlos Munoz.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-213 and therefore deny the same.

214.    The current owner of 4280 W. Ford City Drive, Unit B2-308 (19-27-401-038-1212) is Diane Devroe. A possible party of interest is Daniel Lobbins.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-214 and therefore deny the same.

215.    The current owner of 4280 W. Ford City Drive, Unit B2-408 (19-27-401-038-1213) is The Lorene M. Mims 2023 Trust dated 6/16/2023. Lorene Mims is Trustee of the Trust-Owner.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-215 and therefore deny the same.

216.    The current owner of 4280 W. Ford City Drive, Unit B2-508 (19-27-401-038-1214) is Chicago Title Land Trust Co., as Trustee U/T/A 8002382660. A possible party of interest is Delores Robinson.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-216 and therefore deny the same.

217.    The current owners of 4351 W. 76th St., Unit C1-101 (19-27-401-038-1215) are Jose R. Constante and Maria I. Farias. A possible party of interest is Nicole Constante.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-217 and therefore deny the same.

218.    The current owner of 4351 W. 76th St., Unit C1-201 (19-27-401-038-1216) is Tonia Ponce.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as

FILED DATE: 10/21/2025 11:16 AM   20231401241

to the truth of the allegations in Paragraph 5-218 and therefore deny the same.

219.     The current owner of 4351 W. 76th St., Unit C1-301 (19-27-401-038-1217) is US Bank, NA, as Trustee. A possible party of interest is Louis E. Hennerich.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-219 and therefore deny the same.**

220.     The current owner of 4351 W. 76th St., Unit C1-401 (19-27-401-038-1218) is Maria Dominguez. The current mortgagee is The Bank of New York Mellon, as Trustee. A possible party of interest is Ignacio Dominguez Perez.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-220 and therefore deny the same.**

221.     The current owner of 4351 W. 76th St., Unit C1-501 (19-27-401-038-1219) is American National Bank, as Trustee U/T/A 43810 DTD 9/1/1978. The last taxpayer of record is George Novogroder.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-221 and therefore deny the same.**

222.     The current owner of 4351 W. 76th St., Unit C1-202 (19-27-401-038-1220) is Alberto Padilla Jr. The current mortgage holder is CIM Trust 2017-7.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-222 and therefore deny the same.**

223.     The current owners of 4351 W. 76th St., Unit C1-302 (19-27-401-038-1221) are Angel Zarazua and Adriana Mendoza. A possible party of interest is Juan Mendoza.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-223 and therefore deny the same.**

224.     The current owner of 4351 W. 76th St., Unit C1-402 (19-27-401-038-1222) is Salvador Farias.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-224 and therefore deny the same.**

225. The current owners of 4351 W. 76th St., Unit C1-502 (19-27-401-038-1223) are Jorge A. Iniguez and Alejandro Guzman.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-225 and therefore deny the same.**

226. The current owner of 4351 W. 76th St., Unit C1-103 (19-27-401-038-1224) is Domenicos Kosteris. The last taxpayer of record is Francisco Carrillo.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-226 and therefore deny the same.**

227. The current owner of 4351 W. 76th St., Unit C1-203 (19-27-401-038-1225) is The Road To Righteousness Foundation, Inc.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-227 and therefore deny the same.**

228. The current owner of 4351 W. 76th St., Unit C1-303 (19-27-401-038-1226) is Efren Ruiz. The last taxpayer of record is Thornwood Partners, LTD.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-228 and therefore deny the same.**

229. The current owner of 4351 W. 76th St., Unit C1-403 (19-27-401-038-1227) is Maria R. Padilla. The current mortgagees are American Home Mortgage and Mortgage Electronic Registration Systems, Inc. A possible party of interest is Karen Hendley.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-229 and therefore deny the same.**

230. The current owner of 4351 W. 76th St., Unit C1-503 (19-27-401-038-1228) is Emmanuel Oforum.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-230 and therefore deny the same.**

231. The current owner of 4351 W. 76th St., Unit C1-104 (19-27-401-038-1229) is Adriana Vazquez.

FILED DATE: 10/21/2025 11:16 AM    20231401241

FILED DATE: 10/21/2025 11:16 AM 20231401241

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-231 and therefore deny the same.

232. The current owner of 4351 W. 76th St., Unit C1-204 (19-27-401-038-1230) is Bylegacy Team, Inc. The last taxpayer of record is Gabriela Santamaria.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-232 and therefore deny the same.

233. The current owner of 4351 W. 76th St., Unit C1-304 (19-27-401-038-1231) is Priscila Esther Torres Jimenez. A possible party of interest is Modesta Marchetti.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-233 and therefore deny the same.

234. The current owner of 4351 W. 76th St., Unit C1-404 (19-27-401-038-1232) is American National Bank, as Trustee U/T/A 43810 DID 9/1/1978. The last taxpayer of record is George Novogroder.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-234 and therefore deny the same.

235. The current owner of 4351 W. 76th St., Unit C1-504 (19-27-401-038-1233) is Calvin Reese and Darnell Cortez Reese.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-235 and therefore deny the same.

236. The current owner of 4351 W. 76th St., Unit C1-105 (19-27-401-038-1234) is Fouad M. Doolah. A possible party of interest is Yosseff Doleh.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-236 and therefore deny the same.

237. The current owner of 4351 W. 76th St., Unit C1-205 (19-27-401-038-1235) is 30 Hilda M. Zmora.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-237 and therefore deny the same.

FILED DATE: 10/21/2025 11:16 AM    20231401241

238.    The current owner of 4351 W. 76th St., Unit C1-305 (19-27-401-038-1236) is Kenneth L. Wright.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-238 and therefore deny the same.**

239.    The current owner of 4351 W. 76th St., Unit C1-405 (19-27-401-038-1237) is Zenaida Garcia. A possible party of interest is Marie Clair Javate.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-239 and therefore deny the same.**

240.    The current owner of 4351 W. 76th St., Unit C1-505 (19-27-401-038-1238) is Anthony J. Coleman.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-240 and therefore deny the same.**

241.    The current owner of 4351 W. 76th St., Unit C1-206 (19-27-401-038-1239) is Antonio Gaddis. A possible party of interest is Thomwood Partners, LTD.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-241 and therefore deny the same.**

242.    The current owners of 4351 W. 76th St., Unit C1-306 (19-27-401-038-1240) are Isaac Wilson and Enjolique Wilson. A possible party of interest is Vinizius Quaresma.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-242 and therefore deny the same.**

243.    The current owner of 4351 W. 76th St., Unit C1-406 (19-27-401-038-1241) is Jorge Agustin Frutos Torres.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-243 and therefore deny the same.**

244.    The current owner of 4351 W. 76th St., Unit C1-506 (19-27-401-038-1242) is Aaron C. Jackson.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as**

FILED DATE: 10/21/2025 11:16 AM    20231401241

to the truth of the allegations in Paragraph 5-244 and therefore deny the same.

245.    The current owners of 4351 W. 76th St., Unit C1-207 (19-27-401-038-1243) are Cyris Watson and Jamia Bray.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-245 and therefore deny the same.**

246.    The current owner of 4351 W. 76th St., Unit C1-307 (19-27-401-038-1244) is Octavio O. Garcia. The current mortgagee is Y&R 1 Opportunity Fund, LLC. The last taxpayer of record is Bertha Saucedo. A possible party of interest is Manna Property Investments, LLC.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-246 and therefore deny the same.**

247.    The current owner of 4351 W. 76th St., Unit C1-407 (19-27-401-038-1245) is Laura A. Gomez.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-247 and therefore deny the same.**

248.    The current owner of 4351 W. 76th St., Unit C1-507 (19-27-401-038-1246) is Aisha Rice.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-248 and therefore deny the same.**

249.    The current owner of 4351 W. 76th St., Unit C1-108 (19-27-401-038-1247) is Vinayak Lawande.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-249 and therefore deny the same.**

250.    The current owner of 4351 W. 76th St., Unit C1-208 (19-27-401-038-1248) is Dorothy R. Hardy.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-250 and therefore deny the same.**

FILED DATE: 10/21/2025 11:16 AM    20231401241

251.    The current owner of 4351 W. 76th St., Unit C1-308 (19-27-401-038-1249) is 31 Israel Miranda Teixeira.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-251 and therefore deny the same.**

252.    The current owner of 4351 W. 76th St., Unit C1-408 (19-27-401-038-1250) is Manna Property Investment, LLC. A possible party of interest is Laila Alharsha.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-252 and therefore deny the same.**

253.    The current owner of 4351 W. 76th St., Unit C1-508 (19-27-401-038-1251) is Marlon Fortineaux.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-253 and therefore deny the same.**

254.    The current owners of 4281 W. 76th St., Unit C2-101 (19-27-401-038-1252) are Alberto Abel Bellido and Clara Olivares.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-254 and therefore deny the same.**

255.    The current owner of 4281 W. 76th St., Unit C2-201 (19-27-401-038-1253) is The George Polymenakos Revocable Trust DTD 10/5/2017. A possible interested party is Robert Hudson.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-255 and therefore deny the same.**

256.    The current owners of 4281 W. 76th St., Unit C2-301 (19-27-401-038-1254) are Jose J. Garcia, Amparo Garcia, and David J. Garcia.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-256 and therefore deny the same.**

257.    The current owner of 4281 W. 76th St., Unit C2-401 (19-27-401-038-1255) is Maria J. Magana. The last taxpayer of record is Victor E. Manzo.

FILED DATE: 10/21/2025 11:16 AM    20231401241

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-257 and therefore deny the same.

258. The current owner of 4281 W. 76th St., Unit C2-501 (19-27-401-038-1256) is Kierra Barnes.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-258 and therefore deny the same.

259. The current owner of 4281 W. 76th St., Unit C2-202 (19-27-401-038-1257) is The George Polymenakos Revocable Trust DTD 10/5/2017.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-259 and therefore deny the same.

260. The current owner of 4281 W. 76th St., Unit C2-302 (19-27-401-038-1258) is Marc Jandura.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-260 and therefore deny the same.

261. The current owner of 4281 W. 76th St., Unit C2-402 (19-27-401-038-1259) is Chalese A. Conley. The current mortgagees are Homecomings Financial Network, Inc. and Mortgage Electronic Registration Systems, Inc. The last taxpayer of record is Michele J. Belousek.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-261 and therefore deny the same.

262. The current owner of 4281 W. 76th St., Unit C2-502 (19-27-401-038-1260) is Chicago Title Land Trust Co., as Trustee U/T/A 8002374731 DTD 5/10/2017. The current mortgagee is JP Morgan Chase Bank, NA. A possible interested party is Robert Hudson.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-262 and therefore deny the same.

263. The current owner of 4281 W. 76th St., Unit C2-103 (19-27-401-038-1261) is Anna Wojas.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as

FILED DATE: 10/21/2025 11:16 AM    20231401241

to the truth of the allegations in Paragraph 5-263 and therefore deny the same.

264.    The current owner of 4281 W. 76th St., Unit C2-203 (19-27-401-038-1262) is Gregory Lapapa.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-264 and therefore deny the same.**

265.    The current owners of 4281 W. 76th St., Unit C2-303 (19-27-401-038-1263) are Alma Santana Octaviano and Maritza Cervantes.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-265 and therefore deny the same.**

266.    The current owners of 4281 W. 76th St., Unit C2-403 (19-27-401-038-1264) is The Joyce Bowles Revocable Living Trust DTD 7/26/2011. The last taxpayer of record is Joyce Bowles.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-266 and therefore deny the same.**

267.    The current owner of 4281 W. 76th St., Unit C2-503 (19-27-401-038-1265) is Francisco Carrillo.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-267 and therefore deny the same.**

268.    The current owner of 4281 W. 76th St., Unit C2-104 (19-27-401-038-1266) is Vinayak Lawande. The current mortgagee is JP Morgan Chase Bank, NA.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-268 and therefore deny the same.**

269.    The current owners of 4281 W. 76th St., Unit C2-204 (19-27-401-038-1267) are Juan M. Soliz and Nellie M. Cotton.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-269 and therefore deny the same.**

270.    The current owner of 4281 W. 76th St., Unit C2-304 (19-27-401-038-1268) is The

FILED DATE: 10/21/2025 11:16 AM    20231401241

George Polymenakos Revocable Trust. The last taxpayer of record is George Polymenakos, as Trustee. A possible party of interest is Yasmin Ibrahim.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-270 and therefore deny the same.**

271.    The current owner of 4281 W. 76th St., Unit C2-404 (19-27-401-038-1269) is Rajamer Jones. A possible party of interest is Carzie Jones.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-271 and therefore deny the same.**

272.    The current owner of 4281 W. 76th St., Unit C2-504 (19-27-401-038-1270) is The George Polymenakos Revocable Trust. The last taxpayer of record is George Polymenakos, as Trustee. A possible party of interest is Yasmin Ibrahim.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-272 and therefore deny the same.**

273.    The current owners of 4281 W. 76th St., Unit C2-105 (19-27-401-038-1271) are Dorothy Anderson and Rona Anderson. A possible party of interest is Hector Botello.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-273 and therefore deny the same.**

274.    The current owner of 4281 W. 76th St., Unit C2-205 (19-27-401-038-1272) is Ziad H. Al Khatib. A possible party of interest is Ziad Khatatbeh.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-274 and therefore deny the same.**

275.    The current owner of 4281 W. 76th St., Unit C2-305 (19-27-401-038-1273) is Sabine Desir. The current mortgage is JP Morgan Chase Bank, NA.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-275 and therefore deny the same.**

276.    The current owner of 4281 W. 76th St., Unit C2-405 (19-27-401-0384274) is Hector Botello.

FILED DATE: 10/21/2025 11:16 AM    20231401241

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-276 and therefore deny the same.

277.    The current owner of 4281 W. 76th St., Unit C2-505 (19-27-401-038-1275) is 33 Diane L. Todd. The current mortgagee is The Bank of New York Mellon, as Trustee.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-277 and therefore deny the same.

278.    The current owner of 4281 W. 76th St., Unit C2-206 (19-27-401-038-1276) is Hilda Zmora.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-278 and therefore deny the same.

279.    The current owner of 4281 W. 76th St., Unit C2-306 (19-27-401-038-1277) is Martin Angelo Aceves. A possible party of interest is Olga Delgadillo Alonson.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-279 and therefore deny the same.

280.    The current owner of 4281 W. 76th St., Unit C2-406 (19-27-401-038-1278) is Tyree Pittman.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-280 and therefore deny the same.

281.    The current owner of 4281 W. 76th St., Unit C2-506 (19-27-401-038-1279) is Deborah Mitchell.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-281 and therefore deny the same.

282.    The current owner of 4281 W. 76th St., Unit C2-207 (19-27-401-038-1280) is Mohammed Abubaker.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-282 and therefore deny the same.

FILED DATE: 10/21/2025 11:16 AM    20231401241

283.    The current owner of 4281 W. 76th St., Unit C2-307 (19-27-401-038-1281) is Arcadia Management Group, LLC. The current promissory note holder is Chun Yi Hsu.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-283 and therefore deny the same.**

284.    The current owner of 4281 W. 76th St., Unit C2-407 (19-27-401-038-1282) is Divinity Properties, LLC.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-284 and therefore deny the same.**

285.    The current owner of 4281 W. 76th St., Unit C2-507 (19-27-401-038-1283) is Hyun W. Shin.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-285 and therefore deny the same.**

286.    The current owners of 4281 W. 76th St., Unit C2-108 (19-27-401-038-1284) are William A. Wilcher.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-286 and therefore deny the same.**

287.    The current owner of 4281 W. 76th St., Unit C2-208 (19-27-401-038-1285) is Magdi Odeh. The last taxpayer of record is Terrence Brown.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-287 and therefore deny the same.**

288.    The current owner of 4281 W. 76th St., Unit C2-308 (19-27-401-038-1286) is Mohammednajib A. Alkaraki.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-288 and therefore deny the same.**

289.    The current owners of 4281 W. 76th St., Unit C2-408 (19-27-401-038-1287) are Aleem Waheed and Shirley Waheed.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as**

FILED DATE: 10/21/2025 11:16 AM 20231401241

to the truth of the allegations in Paragraph 5-289 and therefore deny the same.

290.    The current owners of 4281 W. 76th St., Unit C2-508 (19-27-401-038-1288) are Winston McKoy and Hatuey McKoy.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-290 and therefore deny the same.**

291.    The current owner of 4262 W. Ford City Dr., Unit D1-101 (19-27-401-038-1289) is By Legacy LLC..[sic]

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-291 and therefore deny the same.**

292.    The current owners of 4262 W. Ford City Dr., Unit D1-201 (19-27-401-038-1290) are Patrick Slattery and Maura Slattery Boyle.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-292 and therefore deny the same.**

293.    The current owner of 4262 W. Ford City Dr., Unit D1-102 (19-27-401-038-1291) is Ramona B. Reyes.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-293 and therefore deny the same.**

294.    The current owners of 4262 W. Ford City Dr., Unit D1-202 (19-27-401-038-1292) are Javier Urbina and Minerva Orduno.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-294 and therefore deny the same.**

295.    The current owner of 4262 W. Ford City Dr., Unit D1-103 (19-27-401-038-1293) is Araceli Martinez.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-295 and therefore deny the same.**

296.    The current owner of 4262 W. Ford City Dr., Unit D1-203 (19-27-401-038-1294) is Boguslaw Bil.

FILED DATE: 10/21/2025 11:16 AM  20231401241

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-296 and therefore deny the same.**

297.    The current owner of 4262 W. Ford City Dr., Unit D1-104 (19-27-401-038-1295) is The Huntington National Bank.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-297 and therefore deny the same.**

298.    The current owner of 4260 W. Ford City Dr., Unit D1-204 (19-27-401-038-1296) is The George Polymenakos Revocable Trust DTD 10/5/2017. The last taxpayer of record is George Polymenakos. A possible party of interest is Sam Ayyad.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-298 and therefore deny the same.**

299.    The current owner of 4260 W. Ford City Dr., Unit D1-105 (19-27-401-038-1297) is Marcelo Rodriguez-Garcia.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-299 and therefore deny the same.**

300.    The current owners of 4260 W. Ford City Dr., Unit D1-205 (19-27-401-038-1298) are Boguslaw Bil and Jolanta Siwek.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-300 and therefore deny the same.**

301.    The current owner of 4260 W. Ford City Dr., Unit D1-106 (19-27-401-038-1299) is Boguslaw Bil.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-301 and therefore deny the same.**

302.    The current owner of 4260 W. Ford City Dr., Unit D1-206 (19-27-401-038-1300) is Marcelo Rodriguez-Garcia.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as**

to the truth of the allegations in Paragraph 5-302 and therefore deny the same.

303.    The current owner of 4262 W. Ford City Dr., Unit D1-107 (19-27-401-038-1301) is Irene M. Rufus.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-303 and therefore deny the same.**

304.    The current owner of 4262 W. Ford City Dr., Unit D1-207 (19-27-401-038-1302) is Vinelle A. Myrie. The current mortgagee is First American Bank.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-304 and therefore deny the same.**

305.    The current owner of 4262 W. Ford City Dr., Unit D1-108 (19-27-401-038-1303) is Amelia Pacheco.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-305 and therefore deny the same.**

306.    The current owner of 4262 W. Ford City Dr., Unit DI -208 (19-27-401-038-1304) is Juana Reyes.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-306 and therefore deny the same.**

307.    The current owner of 4261 W. 76th St., Unit D2-101 (19-27-401-038-1305) is RNM Future, LLC.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-307 and therefore deny the same.**

308.    The current owner of 4261 W. 76th St., Unit D2-201 (19-27-401-038-1306) is Paula Mendez.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-308 and therefore deny the same.**

309.    The current owners of 4261 W. 76th St., Unit D2-102 (19-27-401-038-1307) are Toni Green and Alicia Green.

FILED DATE: 10/21/2025 11:16 AM    20231401241

FILED DATE: 10/21/2025 11:16 AM    20231401241

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-309 and therefore deny the same.**

310.    The current owners of 4261 W. 76th St., Unit D2-202 (19-27-401-038-1308) are Winston McKoy and Hatuey McKoy.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-310 and therefore deny the same.**

311.    The current owner of 4261 W. 76th St., Unit D2-103 (19-27-401-038-1309) is. Steven W. Rayside.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-311 and therefore deny the same.**

312.    The current owner of 4261 W. 76th St., Unit D2-203 (19-27-401-038-1310) is Boguslaw Bil.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-312 and therefore deny the same.**

313.    The current owner of 4261 W. 76th St., Unit D2-204 (19-27-401-038-1311) is Marilyn L. Harvey. The current mortgagee is PNC Bank, NA.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-313 and therefore deny the same.**

314.    The current owner of 4261 W. 76th St., Unit D2-105 (19-27-401-038-1312) is Veronica McGraw. The current mortgagees are First NLC Financial Services, LLC and Mortgage Electronic Registration Systems, Inc.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-314 and therefore deny the same.**

315.    The current owner of 4261 W. 76th St., Unit D2-205 (19-27-401-038-1313) is Charlotte Howard.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as**

FILED DATE: 10/21/2025 11:16 AM    20231401241

to the truth of the allegations in Paragraph 5-315 and therefore deny the same.

316.    The current owner of 4261 W. 76th St., Unit D2-106 (19-27-401-038-1314) is Arturo F. Hernandez.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-316 and therefore deny the same.**

317.    The current owner of 4261 W. 76th St., Unit D2-206 (19-27-401-038-1315) is Esmeralda Rafaela Daly Rodriguez Revocable Living Trust DTD 5/8/2020. The last taxpayer of record is Esmeralda Rafaela Daly.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-317 and therefore deny the same.**

318.    The current owner of 4261 W. 76th St., Unit D2-107 (19-27-401-038-1316) is Lincoln W. Seabrooks. The current mortgage is Citibank, FSB.

**ANSWER:    Defendants admit that Lincoln W. Seabrooks executed a note and mortgage on March 15, 2013, regarding real property located at 4261 W. 76th Street, Unit D2-107, Chicago, Illinois 60652 and the mortgagee was Mortgage Electronic Registration Systems, Inc. acting solely as nominee for Citibank, N.A. [Lender] and its successors and assigns. Answering further, a Release of Mortgage regarding this mortgage was recorded with the Cook County Recorder of Deeds on April 20, 2023, under Document No. 2311028008. Accordingly, Defendants no longer have any interest in the real property located at 4261 W. 76th Street, Unit D2-107. Unless specifically admitted, Defendants deny the allegations in Paragraph 5-318.**

319.    The current owner of 4261 W. 76th St., Unit D2-207 (19-27-401-038-1317) is Patricia T. Williams. Tracy Lynn Robinson is a beneficiary of a transfer on death instrument.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-319 and therefore deny the same.**

320.     The current owner of 4261 W. 76th St., Unit D2-108 (19-27-401-038-1318) is 36 Tiffany Flowers. The current mortgagee is NewRez, LLC.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-320 and therefore deny the same.**

321.     The current owner of 4261 W. 76th St., Unit D2-108 (19-27-401-038-1319) is Claudette Walker.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-321 and therefore deny the same.**

322.     The current owners of 4300 W. Ford City Drive, P-1 (19-27-401-038-1320) are Wendy Watson and Brent Watson. The last taxpayer of record is Dennis Baker.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-322 and therefore deny the same.**

323.     The current owners of 4300 W. Ford City Drive, P-2 (19-27-401-038-1321) are John M. Golden and Mary A. Golden.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-323 and therefore deny the same.**

324.     The current owners of 4300 W. Ford City Drive, P-3 (19-27-401-038-1322) are Edgardo Aleman and Esperanza Macias. The current mortgagee is The Huntington National Bank.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-324 and therefore deny the same.**

325.     The current owners of 4300 W. Ford City Drive, P-4 (19-27-401-038-1323) are John M. Golden and Mary A. Golden.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-325 and therefore deny the same.**

326.     The current owners of 4300 W. Ford City Drive, P-5 (19-27-401-038-1324) are John M. Golden and Mary A. Golden.

FILED DATE: 10/21/2025 11:16 AM   20231401241

FILED DATE: 10/21/2025 11:16 AM    20231401241

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-326 and therefore deny the same.

327. The current owner of 4300 W. Ford City Drive, P-6 (19-27-401-038-1325) is Michael T. Rzasa.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-327 and therefore deny the same.

328. The current owner of 4300 W. Ford City Drive, P-7 (19-27-401-038-1326) is Hector Botello.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-328 and therefore deny the same.

329. The current owners of 4300 W. Ford City Drive, P-8 (19-27-401-038-1327) are Javier Tapia and Cristina M. Tapia.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-329 and therefore deny the same.

330. The current owner of 4300 W. Ford City Drive, P-9 (19-27-401-038-1328) is US Bank NA, as Trustee, as Successor-In-Interest to US Bank, NA, as Trustee for MASTR Asset Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates, Series 2006-HE5.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-330 and therefore deny the same.

331. The current owner of 4300 W. Ford City Drive, P-10 (19-27-401-038-1329) is The George Polymenakos Revocable Trust DTD 10/5/2017.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-331 and therefore deny the same.

332. The current owner of 4300 W. Ford City Drive, P-11 (19-27-401-038-1330) is Salta Group, Inc.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 5-332 and therefore deny the same.

333. The current owners of 4300 W. Ford City Drive, P-12 (19-27-401-038-1331) are Terry Jones and Gregory L. Jones.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-333 and therefore deny the same.**

334. The current owner of 4300 W. Ford City Drive, P-13 (19-27-401-038-1332) is Pauline C. Prater.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-334 and therefore deny the same.**

335. The current owner of 4300 W. Ford City Drive, P-14 (19-27-401-038-1333) is Roberta Sweeper. The current mortgagee is Mortgage Electronic Registration Systems, Inc.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-335 and therefore deny the same.**

336. The current owners of 4300 W. Ford City Drive, P-15 (19-27-401-038-1334) are Patrick Slattery and Maura Slattery Boyle.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-336 and therefore deny the same.**

337. The current owner of 4300 W. Ford City Drive, P-16 (19-27-401-038-1335) is Magaly Z. Garcia.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-337 and therefore deny the same.**

338. The current owner of 4300 W. Ford City Drive, P-17 (19-27-401-038-1336) is Hilda Zmora.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-338 and therefore deny the same.**

339. The current owner of 4300 W. Ford City Drive, P-18 (19-27-401-038-1337) is Leonard J. Woods.

FILED DATE: 10/21/2025 11:16 AM 20231401241

FILED DATE: 10/21/2025 11:16 AM 20231401241

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-339 and therefore deny the same.

340. The current owner of 4300 W. Ford City Drive, P-19 (19-27-401-038-1338) is Erica Salinas.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-340 and therefore deny the same.

341. The current owners of 4300 W. Ford City Drive, P-20 (19-27-401-038-1339) are Viridiana Alcantar Villegas and Felipe Solorzano Maya.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-341 and therefore deny the same.

342. The current owner of 4300 W. Ford City Drive, P-21 (19-27-401-038-1340) is William D. O'Donnell.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-342 and therefore deny the same.

343. The current owner of 4300 W. Ford City Drive, P-22 (19-27-401-038-1341) is Carzie L. Jones.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-343 and therefore deny the same.

344. The current owner of 4300 W. Ford City Drive, P-23 (19-27-401-038-1342) is Michael Grygorcewicz. The last taxpayer of record is The RTRF Inc.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-344 and therefore deny the same.

345. The current owner of 4300 W. Ford City Drive, P-24 (19-27-401-038-1343) is Hilda Zmora.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-345 and therefore deny the same.

346.     The current owner of 4300 W. Ford City Drive, P-25 (19-27-401-038-1344) is Divinity Properties, LLC.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-346 and therefore deny the same.**

347.     The current owners of 4300 W. Ford City Drive, P-26 (19-27-401-038-1345) are Brent Watson and Wendy Watson. The last taxpayer of record is Dennis Baker.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-347 and therefore deny the same.**

348.     The current owner of 4300 W. Ford City Drive, P-27 (I9-27-401-038-1346) is 38 Donna M. Howard. The last taxpayer of record is Truth Empires, LLC.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-348 and therefore deny the same.**

349.     The current owner of 4300 W. Ford City Drive, P-28 (19-27-401,038-1347) is The Howard Family Trust U/T/A DTD 7/3/2015.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-349 and therefore deny the same.**

350.     The current owner of 4300 W. Ford City Drive, P-29 (19-27-401-038-1348) is Ahmad A. Nur.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-350 and therefore deny the same.**

351.     The current owner of 4300 W. Ford City Drive, P-30 (19-27-401-038-1349) is Takada V. Dixon.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-351 and therefore deny the same.**

352.     The current owner of 4300 W. Ford City Drive, P-31 (19-27-401-038-1350) is George Spatharakis.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as**

FILED DATE: 10/21/2025 11:16 AM    20231401241

to the truth of the allegations in Paragraph 5-352 and therefore deny the same.

353.    The current owner of 4300 W. Ford City Drive, P-32 (19-27-401-038-1351) is Youssef Doleh.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-353 and therefore deny the same.**

354.    The current owner of 4300 W. Ford City Drive, P-33 (19-27-401-038-1352) is William Dorgan. The last taxpayer of record is Charlene Appling.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-354 and therefore deny the same.**

355.    The current owners of 4300 W. Ford City Drive, P-34 (19-27-401-038-1353) are Brent Watson and Wendy Watson. The last taxpayer of record is Louis Gonzalez.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-355 and therefore deny the same.**

356.    The current owner of 4300 W. Ford City Drive, P-35 (19-27-401-038-1354) is Roman Lira.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-356 and therefore deny the same.**

357.    The current owner of 4300 W. Ford City Drive, P-36 (19-27-401-038-1355) is IDSB Capital, LLC.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-357 and therefore deny the same.**

358.    The current owner of 4300 W. Ford City Drive, P-37 (19-27-401-038-1356) is Martin Aceves Angulo.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-358 and therefore deny the same.**

359.    The current owner of 4300 W. Ford City Drive, P-38 (19-27-401-038-1357) is Annette Wofford. The current mortgagee is Wells Fargo Bank, NA.

FILED DATE: 10/21/2025 11:16 AM   20231401241

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-359 and therefore deny the same.**

360. Parkway Elevators, Inc, an Illinois Corporation and Mechanics Lien claimant.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-360 and therefore deny the same.**

361. Total Masonry, LLC, an Illinois Limited Liability Company and lienholder.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-361 and therefore deny the same.**

362. Ford City Realty, LLC, an Illinois Limited Liability Company and lienholder.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-362 and therefore deny the same.**

363. Ford City Nassim, LLC, an Illinois Limited Liability Company and lienholder.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-363 and therefore deny the same.**

364. Ford City CH, LLC, an Illinois Limited Liability Company and lienholder.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-364 and therefore deny the same.**

365. Tenants and Occupants.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-365 and therefore deny the same.**

366. Unknown Owners and Non-Record Claimants.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5-366 and therefore deny the same.**

FILED DATE: 10/21/2025 11:16 AM    20231401241

6.    That Matthew Beaudet is the Commissioner of the Department of Buildings of City of Chicago, and as such and pursuant to the Building Code of City of Chicago, caused inspection(s) to be conducted by inspectors of the Department of Buildings of City of Chicago, who have knowledge of the facts stated in this complaint.

**ANSWER:    Defendants admit that Matthew Beaudet is the Commissioner of the Department of Buildings of the City of Chicago but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and therefore deny the same.**

## Building Code Violations

7.    That on **5/16/2023** and on each succeeding day thereafter and on numerous other occasions, the defendant(s) failed to comply with the Municipal Code of the City of Chicago as follows:

**Building A1 – 4300 W. Ford City Drive**

**ANSWER:    Defendants deny the allegations in Paragraph 7 directed against them in Paragraph 7. Answering further, Defendants make no response to the allegations directed against the other defendants named in the Complaint.**

**Building Al — 4300 W. Ford City Drive**

1.    CN064014    REPAIR CORNICE
Failed to maintain cornice in good repair and free from cracks and defects (§§13-196-530(e), 13-196-641).
South elevation, cornice - Metal cladding at top of building buckling and loose.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-1. Answering further, Defendants make no response to the allegations in Paragraph 7-1 directed against the other defendants named in the Complaint.**

2.    CN061014    REPAIR EXTERIOR WALL
Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose, or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls (§§13-196-530(b), 13-196-641).
Multiple elevations - Small cracked and spalled areas of concrete. Some spots have rusted expose rebar, some sections have loose concrete. West elevation, concrete slab edge and column. Multiple

FILED DATE: 10/21/2025 11:16 AM    20231401241

cracked and spalled sections, some with exposed rust rebar. Brick Washed out mortar with fractures around air conditioner openings in wall.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-2. Answering further, Defendants make no response to the allegations in Paragraph 7-2 directed against the other defendants named in the Complaint.**

3.    CN062034    REPAIR COPING
Failed to maintain roof coping in good repair and free from cracks defects (§§13-196-530, 13-196-530(c) and 13-196-641).
West elevation, entry canopy structure - Coping tiles missing - Wood substrate rotting.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-3. Answering further, Defendants make no response to the allegations in Paragraph 7-3 directed against the other defendants named in the Complaint.**

4.    CN079014    REPAIR/REBUILD GARAGE OR SHED
Failed to maintain garage in sound condition and repair (§§13-196-530, 13-196-641).

West elevation, garage - Metal overhead door frame - Rusted, Brick fractured around frame. Drain at door filled with debris. North exterior walls - masonry fractured. South interior vestibule - block wall fractured.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-4. Answering further, Defendants make no response to the allegations in Paragraph 7-4 directed against the other defendants named in the Complaint.**

5.    CN104035    MAINTAIN WINDOW
Failed to maintain windows in sound condition and good repair (§§13-196-550(b) and (f)).
West elevation, 2nd floor - Window cracked. South elevation, 14th floor - Window cracked. East elevation, 13th and 6th floors - Window cracked.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-5. Answering further, Defendants make no response to the allegations in Paragraph 7-5 directed against the other defendants named in the Complaint.**

6.    CN031023    FIRE EXTINGUISHER - RECHARGE & TAG
Failed to maintain properly charged fire extinguisher, and to attach tag which clearly indicates

FILED DATE: 10/21/2025 11:16 AM   20231401241

recharge date and signature of the person who performed the recharge (§15-16-680).
Entire Building - Fire extinguisher tags expired 2021.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-**

**6. Answering further, Defendants make no response to the allegations in Paragraph 7-6**

**directed against the other defendants named in the Complaint.**

7.    CN103015    REPAIR FLOOR

Failed to maintain floor free from holes and wide cracks and free from loose, warped, protruding or rotting floor boards (§§13-196-540(a) and (b)).
1st floor elevator lobby - Floor missing finish in front of elevator door. Exposed concrete uneven and is a trip hazard.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-**

**7. Answering further, Defendants make no response to the allegations in Paragraph 7-7**

**directed against the other defendants named in the Complaint.**

8.    CN197087    CARBON MONOXIDE DETECTOR

Install carbon monoxide detector within 40 feet of every sleeping room in residential structure pursuant to §§13-64-190, 13-64-210 of the Code. A carbon monoxide detector is needed whenever there is a heating appliance on the premises that bums fossil fuel such as gas, oil, or coal, or air that is circulated through a heat exchanger. Install according to manufacturer instructions. A hard-wired model requires an electrical wiring permit. In a single-family residence, be sure the detector is on or below the lowest floor with a place to sleep. In a multiple dwelling residence heated by a boiler, install a detector in the same room as the boiler. Otherwise, each apartment follows single family guidelines. The owner is responsible for installation and written instructions, the tenant for testing, maintenance, and batteries.
1st floor boiler room - Missing Carbon monoxide detector.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-**

**8. Answering further, Defendants make no response to the allegations in Paragraph 7-8**

**directed against the other defendants named in the Complaint.**

9.    CN136016    ROACHES

Exterminate roaches and keep dwelling insect-free (§13-196-630 C).
1st floor boiler room - Roach infestation.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-**

**9. Answering further, Defendants make no response to the allegations in Paragraph 7-9**

FILED DATE: 10/21/2025 11:16 AM   20231401241

directed against the other defendants named in the Complaint.

10.    CN107035     MAINTAIN EXIT SIGN ILLUMINATED

Failed to maintain all exit signs illuminated when building is occupied and otherwise maintain exit signs in good condition (§§13-196-090, 13-160-700 thru 13-160-770).

15th floor, 3rd floor and 1st floor office - Exit signs and stair signs out of service at time of inspection. Parking Garage - Exit signs out.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-**

**10. Answering further, Defendants make no response to the allegations in Paragraph 7-10**

**directed against the other defendants named in the Complaint.**

11.    NC5012     CLASS B DOOR IN STAIRWELL

Failed to provide stairwell opening with self-closing, framed, 1-1/2 hour Class B door (§15-8-180).

15th floor North stair, 5th floor south stair and 1st floor south stair - Stair well door does not close and latch shut.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-**

**11. Answering further, Defendants make no response to the allegations in Paragraph 7-11**

**directed against the other defendants named in the Complaint.**

12.    NC5042     SELF-CLOSE CLASS B FIRE DOOR

Failed to provide 1-1/2-hour Class B fire door with self-closing device (§15-8-180). Multiple floors - Trash chute doors do not close, and latch shut.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-**

**12. Answering further, Defendants make no response to the allegations in Paragraph 7-12**

**directed against the other defendants named in the Complaint.**

13.    CN078014     ILLUMINATE EXIT AREAS

Failed to provide and maintain adequate illumination of exit areas (§13-160-660, 13-160-670, 13-196-080).

Multiple areas throughout building - Emergency lighting out of service at time of inspection.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-**

**13. Answering further, Defendants make no response to the allegations in Paragraph 7-13**

**directed against the other defendants named in the Complaint.**

14.    CN194029     PROVIDE

FILED DATE: 10/21/2025 11:16 AM    20231401241

Provide per code section 14X-5-505.9.7 through 14X-5-505.9.7.2 - Stairway Signage - Identification and re-entry. 2d floor North Stair - missing interior stairway identification.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-14. Answering further, Defendants make no response to the allegations in Paragraph 7-14 directed against the other defendants named in the Complaint.**

15.    CN016012    PROVIDE CLASS A FIRE DOOR
Failed to provide approved Class A door or other approved assembly on both sides of breach in firewall. One door must be automatic and other door can be either automatic or self-closing (§15¬8-060(c)).
Parking garage class A fire door at vestibule does not close and latch shut.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-15. Answering further, Defendants make no response to the allegations in Paragraph 7-15 directed against the other defendants named in the Complaint.**

16.    CN103035    STRUCTURAL MEMBER, PIER BLOCK
Repair or replace defective structural member (13-196-530 A).
Parking garage - Multiple interior concrete columns cracked and spilled at base of column.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-16. Answering further, Defendants make no response to the allegations in Paragraph 7-16 directed against the other defendants named in the Complaint.**

17.    CN138056    EXCESSIVE DEBRIS
Remove accumulation of refuse and debris and keep premises clean (§§13-196-580, 13-196-630).
Penthouse - Junk, debris and garbage being stored. Trash chute rooms - dirty with garbage debris on floor.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-17. Answering further, Defendants make no response to the allegations in Paragraph 7-17 directed against the other defendants named in the Complaint.**

18.    PL157047    STOP LEAKING WATER
Stop leaking water (§18-29-102.3).
1st floor storage room - Multiple areas of exposed plumbing riser piping leaking. 1st floor corridor - Water leaking from 2nd floor near boiler room.

FILED DATE: 10/21/2025 11:16 AM    20231401241

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-18. Answering further, Defendants make no response to the allegations in Paragraph 7-18 directed against the other defendants named in the Complaint.**

19.    CN069034    REPAIR AREAWAY WALL
Failed to maintain areaway walls in sound condition and good repair (§§13-196-530, 13-196-530(b), 13-196-641).
North elevation - Parking lot - Accessible parking spot C6 - Section of concrete retaining wall at cracked and missing with exposed rusted rebar. Curb and railing missing - Fall hazard for both pedestrians and cars.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-19. Answering further, Defendants make no response to the allegations in Paragraph 7-19 directed against the other defendants named in the Complaint.**

20.    CN041063    CUT OR REMOVE HIGH WEEDS
Failed to cut or remove weeds, grass or other growth that present a fire hazard (§15-4-970).
North elevation - Live roof on top of parking garage - Weeds and grass overgrown.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-20. Answering further, Defendants make no response to the allegations in Paragraph 7-20 directed against the other defendants named in the Complaint.**

21.    EL0029    EXPOSED WIRING
Remove exposed wiring (§18-27-300.4).
Exterior around building - Open and exposed electrical wires.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-21. Answering further, Defendants make no response to the allegations in Paragraph 7-21 directed against the other defendants named in the Complaint.**

22.    CN104015    REPLACE WINDOWPANES, PLEXGLAS
Replace broken, missing, or defective windowpanes (§13-196-550(a)).
Multiple fire hose cabinets in both north and south stairwells glass broken and loose.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-**

FILED DATE: 10/21/2025 11:16 AM    20231401241

**22. Answering further, Defendants make no response to the allegations in Paragraph 7-22 directed against the other defendants named in the Complaint.**

    23.    NC9052    2HR SEPERATION FOR STORAGE >100SF

Failed to provide partitions with at least two-hour fire resistance to enclose storage rooms exceeding 100 square feet in multiple dwellings, institutional units and assembly units (§15-8-240(b)).

1st floor large storage room - Holes in wall through to corridor. Missing complete fire separation.

    **ANSWER:**    **Defendants deny the allegations directed against them in Paragraph 7-23. Answering further, Defendants make no response to the allegations in Paragraph 7-23 directed against the other defendants named in the Complaint.**

    24.    CN067014    REPAIR ROOF

Failed to maintain roof in sound condition, sound repair, watertight, and free from defects (§13-196-530, 13-196-530(c)).

Roof - Section at west side missing rock ballast - Exposed roof membrane warn, buckling and cracked.

    **ANSWER:**    **Defendants deny the allegations directed against them in Paragraph 7-24. Answering further, Defendants make no response to the allegations in Paragraph 7-24 directed against the other defendants named in the Complaint.**

    25.    EV1111    MAINTAIN OR REPAIR HYDRAULIC ELEVATOR

Failed to maintain hydraulic elevator equipment provided at premises in safe and sound working condition (13-196-590, 13-196-630(b), 18-30-001).

Must repair fire service Phase 1 recall. Must eliminate shut down faults to provide proper operation of elevators. Elevator Shut-downs are way too high. Must return south car to service, out of service from August 6, 2021. Must close out modernization permit number 100808793. No progress on permit since April 28th, 2021.

    **ANSWER:**    **Defendants deny the allegations directed against them in Paragraph 7-25. Answering further, Defendants make no response to the allegations in Paragraph 7-25 directed against the other defendants named in the Complaint.**

    26.    EV1110    MAINTAIN OR REPAIR ELECTRIC ELEVATOR

Failed to maintain electric elevator equipment provided at premises in safe and sound working condition (13-196-590, 13-196-630(b), 18-30-001).

Must provide a separate designated electrical outlet for the sump pump and include a sump pump

cover. Must close out modernization permit, no progress on permit since April 28th, 2021. Must reroute the electrical pipe in pit to prevent a trip hazard. Must provide all manufacturing testing information and permit in machine. Must provide the red stripe diagonal warning in pit due to CWT hazard. Must provide the damper switch for preexisting air vent in machine room. Must remove non-elevator related smokes in the machines room. Must patch holes in machine room floors. Must provide climate control inside the machine room. Must install a code compliant pit ladder. Must number mechanicals in pit. Must dry and seal elevator pits. Must provide 10-foot candles of illumination throughout both elevator pits. Must install GFI's in both pits and at controllers. Under compensation chains, marking shall be provided which consist of alternating 50 mm (2 inches) diagonal red and white stripes on pit floor. Must provide a sign with the words "DANGER COUNTERWEIGHTS" shall be prominently posted on the wall and visible from the bottom of the pit ladder. Must provide a fire command lobby panel with a diagrammatic representation of the building in relation to the street. Must provide an elevator corridor call station pictograph on each floor. Must provide a fire key box with fire service keys and a drop key. Must install emergency lights in elevator lobbies. Must provide safe means of access to machine room. Must provide 10-foot candles of illumination through machine room. Must remove all combustible material, old pipes, and EMT from machine room. Must seal vent openings in machine room walls. Must remove all old car top equipment from elevators. Must remove wall studs in both hoist ways, left over from construction. Both elevators need the right smoothed out and levelled.

**ANSWER:**    **Defendants deny the allegations directed against them in Paragraph 7-**

**26. Answering further, Defendants make no response to the allegations in Paragraph 7-26**

**directed against the other defendants named in the Complaint.**

**Building B1 - 4350 W. Ford City Drive**

27.    CN194029    PROVIDE
North and south stairwells at all floors - code compliant stairwell identification signage missing on inside and outside of stairwell (Provide per code section 13-76-075 Stairwell Identification).

**ANSWER:**    **Defendants deny the allegations directed against them in Paragraph 7-**

**27. Answering further, Defendants make no response to the allegations in Paragraph 7-27**

**directed against the other defendants named in the Complaint.**

28.    CN197019    INSTALL SMOKE DETECTORS
Install and maintain approved smoke detectors pursuant to §§13-196-100 thru 13-196-160 of the Code. Install a smoke detector in every dwelling unit. Install one on any living level with a habitable room or unenclosed heating plant, on the uppermost ceiling of enclosed porch stairwell, and within 15 feet of every sleeping room. Be sure the detector is at least 4 inches from the wall, 4 to 12 inches from the ceiling, and not above door or window.
1st floor north and south storage rooms and mechanical room - smoke detectors missing (14X-5-504.8, 14X-5-504.8.4, 14B-9-907.2.10.1 through 14B-9-907.2.10.7, 14B-9-915.4.4, and 14R-

11¬1104).

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-28. Answering further, Defendants make no response to the allegations in Paragraph 7-28 directed against the other defendants named in the Complaint.**

29.     CN197087     CARBON MONOXIDE DETECTOR

Install carbon monoxide detector within 40 feet of every sleeping room in residential structure pursuant to §§13-64-190, 13-64-210 of the Code. A carbon monoxide detector is needed whenever there is a heating appliance on the premises that burns fossil fuel such as gas, oil, or coal, or air that is circulated through a heat exchanger. Install according to manufacturer instructions. A hard-wired model requires an electrical wiring permit. In a single-family-residence, be sure the detector is on or below the lowest floor with a place to sleep. In a multiple dwelling residence heated by a boiler, install a detector in the same room as the boiler. Otherwise, each apartment follows single family guidelines. The owner is responsible for installation and written instructions, the tenant for testing, maintenance, and batteries.

1st floor mechanical room - carbon monoxide detector missing (14X-5-504.9, 14B-9-915.1.1, 14B-9-915.2, and 14R-11-1105).

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-29. Answering further, Defendants make no response to the allegations in Paragraph 7-29 directed against the other defendants named in the Complaint.**

30.     CN044013     PIPE OPENING W/NONCOMBUSTIBLE MATERIAL

Failed to fill openings around exposed pipes or power shafting with approved noncombustible materials (§15-8-640).

(1) 1st floor mechanical and trash rooms — gaps at pipe penetrations; and (2) All floors trash chute/electrical closets — gaps at pipe penetrations.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-30. Answering further, Defendants make no response to the allegations in Paragraph 7-30 directed against the other defendants named in the Complaint.**

31.     CN031023     FIRE EXTNGUISHER RECHARGE & TAG 45

Failed to maintain properly charged fire extinguisher, and to attach tag which clearly indicates recharge date and signature of the person who performed the recharge (§15-16-680).

All fire extinguishers throughout the building - tags expired with only 2021 displayed.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-31. Answering further, Defendants make no response to the allegations in Paragraph 7-31**

FILED DATE: 10/21/2025 11:16 AM    20231401241

directed against the other defendants named in the Complaint.

32.    CN103015    REPAIR FLOOR

Failed to maintain floor free from holes and wide cracks and free from loose, warped, protruding or rotting floorboards (§§13-196-540(a) and (b)).
(1) 1st floor laundry room floor tiles - various cracked and broken creating a trip hazard; and (2) 5th floor south stairwell landing - 4inch diameter concrete spall creating a trip hazard.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-32. Answering further, Defendants make no response to the allegations in Paragraph 7-32 directed against the other defendants named in the Complaint.**

33.    CN101015    REPAIR INTERIOR WALLS/CEILING

Failed to maintain interior walls and ceilings free from holes or cracks (§13-19-540(c)).
2nd floor corridor ceiling south of elevator - water damaged drywall with discolored and bubbled paint.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-33. Answering further, Defendants make no response to the allegations in Paragraph 7-33 directed against the other defendants named in the Complaint.**

34.    CN136026    INSECTS

Exterminate insects and keep dwelling insect-free (§13-196-630 C).
Bed bug infestation throughout the premises - property needs to be treated by certified bed bug exterminator(s) throughout the premises - the Chicago Department of Buildings will not consider this violation complied without proof of said extermination and proof of exterminator's qualifications specifically with regard to bed bugs.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-34. Answering further, Defendants make no response to the allegations in Paragraph 7-34 directed against the other defendants named in the Complaint.**

35.    CN015062    OBSTRUCTIONS IN EXIT WAY

Failed to remove obstruction from exit way that hampers travel and evacuation (§§13-160-070, 13-196-080).
4th floor south stairwell landing - used mattress stored with live crawling bed bugs all over.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-35. Answering further, Defendants make no response to the allegations in Paragraph 7-35**

FILED DATE: 10/21/2025 11:16 AM    20231401241

directed against the other defendants named in the Complaint.

36.    CN105035    REPAIR DOOR HARDWARE
Repair or replace door hardware (§13-196-550).
Interior doors not closing or latching at (1) 2nd floor trash chute/electrical closet door; and (2) 3rd floor north stairwell door.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-**

**36. Answering further, Defendants make no response to the allegations in Paragraph 7-36**

**directed against the other defendants named in the Complaint.**

37.    CN017012    INTERIOR FINISH FIRE RESISTANCE
Failed to use appropriate fire-resistant materials on interior wall, interior trim, and ceiling finishes (§§15-8-370, 15-8-380 thru 15-8-430).
1st floor laundry room behind dryers — 24 inches by 24 inches opening in concrete block wall.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-**

**37. Answering further, Defendants make no response to the allegations in Paragraph 7-37**

**directed against the other defendants named in the Complaint.**

38.    EL0027    RESTORE EXIT AND EMERGENCY LIGHTING
Restore exit and emergency lighting system and related equipment to operable condition (§18-27-700.6).
All emergency lights throughout building - did not work when tested.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-**

**38. Answering further, Defendants make no response to the allegations in Paragraph 7-38**

**directed against the other defendants named in the Complaint.**

39.    EV1111    MAINTAIN OR REPAIR HYDRAULIC ELEVATOR
Failed to maintain hydraulic elevator equipment provided at premises in safe and sound working condition (13-196-590, 13-196-630(b), 18-30-001).
Must install a fire key box with machine room keys and drop key. Must perform a category one test and static test; and provide documentation and test tags. Must provide pressure readings on stop ring and with machine room gate valve closed. Must provide 10-foot candles of illumination in elevator pit. Must repair/replace machine room door; door to be fire rated for 90 minutes and self-closing. Must provide complaint pit ladder. Must provide documentation of a double bottom jack assembly or replace jack assembly. Must repair/replace car door restrictor. Must repair/replace the emergency phone and program the phone to a 24-hour service, not 911. Must provide a maintenance control program with maintenance logs, oil logs, and test reports. Must

FILED DATE: 10/21/2025 11:16 AM    20231401241

secure loose sight guards on hoist way doors. Must keep machine room clean and dry, and eliminate all leaks, including water. Must provide a machine room door that is fire rated for 90 minutes and self-closing.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-39. Answering further, Defendants make no response to the allegations in Paragraph 7-39 directed against the other defendants named in the Complaint.**

**Building B2 4280 W. Ford City Drive**

40.    CN194029    PROVIDE
North and south stairwells at all floors - code compliant stairwell identification signage missing on inside and outside of stairwell (Provide per code section 13-76-075 Stairwell Identification).

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-40. Answering further, Defendants make no response to the allegations in Paragraph 7-40 directed against the other defendants named in the Complaint.**

41.    CN197019    INSTALL SMOKE DETECTORS
Install and maintain approved smoke detectors pursuant to §§13-196-100 thru 13-196-160 of the Code. Install a smoke detector in every dwelling unit. Install one on any living level with a habitable room or unenclosed heating plant, on the uppermost ceiling of enclosed porch stairwell, and within 15 feet of every sleeping room. Be sure the detector is at least 4 inches from the wall, 4 to 12 inches from the ceiling, and not above door or window.
1st floor storage rooms and laundry room - smoke detectors missing (14X-5-504.8, 14X-5-504.8.4, 14B-9-907.2.10.1 through 14B-9-907.2.10.7, 14B-9-915.4A, and 14R-11-1104).

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-41. Answering further, Defendants make no response to the allegations in Paragraph 7-41 directed against the other defendants named in the Complaint.**

42.    CN197079    REPAIR/REPLACE SMOKE DETECTORS
Repair or replace defective or out of service smoke detectors and operate continuously (§§13-196-130, 13-196-140).
5th floor north and south stairwells - smoke detector did not work when tested (14X-1-103.2, 14X-1-103.3, 14X-504.1.1, 14X-5-504.10 and 14A-3-314.1.4).

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-42. Answering further, Defendants make no response to the allegations in Paragraph 7-42**

FILED DATE: 10/21/2025 11:16 AM    20231401241

directed against the other defendants named in the Complaint.

43.    CN197087    CARB MONOX DETECTOR
Install carbon monoxide detector within 40 feet of every sleeping room in residential structure pursuant to §§13-64-190, 13-64-210 of the Code. A carbon monoxide detector is needed whenever there is a heating appliance on the premises that burns fossil fuel such as gas, oil, or coal, or air that is circulated through a heat exchanger. Install according to manufacturer instructions. A hard-wired model requires an electrical wiring permit. In a single-family residence, be sure the detector is on or below the lowest floor with a place to sleep. In a multiple dwelling residence heated by a boiler, install a detector in the same room as the boiler. Otherwise, each apartment follows single family guidelines. The owner is responsible for installation and written instructions, the tenant for testing, maintenance, and batteries.
1st floor laundry room - carbon monoxide detector missing (14X-5-504.9, 14B-9-915.1.1, 14B-9-915.2, and 14R 11-1105).

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-43. Answering further, Defendants make no response to the allegations in Paragraph 7-43 directed against the other defendants named in the Complaint.**

44.    CN044013    PIPE OPENING W/NONCOMBUSTIBLE MATERIAL
Failed to fill openings around exposed pipes or power shafting with approved noncombustible materials (§15-8-640).
   (1) 1st floor mechanical and trash rooms — gaps at pipe penetrations; and (2) All floors trash chute/electrical closets — gaps at pipe penetrations.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-44. Answering further, Defendants make no response to the allegations in Paragraph 7-44 directed against the other defendants named in the Complaint.**

45.    CN107035    MAINTAIN EXIT SIGN ILLUMINATED
Failed to maintain all exit signs illuminated when building is occupied and otherwise maintain exit signs in good condition (§§13-196-090, 13-160-700 thru 13-160-770).
1st floor elevator lobby - exit sign not illuminated.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-45. Answering further, Defendants make no response to the allegations in Paragraph 7-45 directed against the other defendants named in the Complaint.**

46.    CN103015    REPAIR FLOOR
Failed to maintain floor free from holes and wide cracks and free from loose, warped, protruding,

FILED DATE: 10/21/2025 11:16 AM    20231401241

or rotting floor boards (§§13-196-540(a) and (b)).
1st floor corridor adjacent to laundry room - water damaged floor finish with broken and missing areas creating a trip hazard.

  **ANSWER:**   **Defendants deny the allegations directed against them in Paragraph 7-**

**46. Answering further, Defendants make no response to the allegations in Paragraph 7-46**

**directed against the other defendants named in the Complaint.**

  47.   CN101015   REPAIR INTERIOR WALLS/CEILING
Failed to maintain interior walls and ceilings free from holes or cracks (§13-19-540(c)).
(1) 1st floor corridor north end at various ceiling locations - soft, water damaged drywall with discolored and bubbled paint; (2) 1st floor elevator lobby southwest wall - water damaged drywall with large bulge - broken, crumbling base an flinch diameter hole above; (3) 3rd floor corridor ceiling north of the trash chute/electrical closet - water damaged drywall with discolored and bubbled paint; and (4) 5th floor corridor ceiling north of elevator - water damaged with bubbled and discolored paint.

  **ANSWER:**   **Defendants deny the allegations directed against them in Paragraph 7-**

**47. Answering further, Defendants make no response to the allegations in Paragraph 7-47**

**directed against the other defendants named in the Complaint.**

  48.   CN105035   REPAIR DOOR HARDWARE
Repair or replace door hardware (§13-196-550).
Interior doors not closing or latching at (1) 2nd floor trash chute/electrical closet door; and (2) 1st floor north and 4th floor south stairwell doors.

  **ANSWER:**   **Defendants deny the allegations directed against them in Paragraph 7-**

**48. Answering further, Defendants make no response to the allegations in Paragraph 7-48**

**directed against the other defendants named in the Complaint.**

  49.   CN031023   FIRE EXTNGUISHER RECHARGE & TAG
Failed to maintain properly charged fire extinguisher, and to attach tag which clearly indicates recharge date and signature of the person who performed the recharge (§15-16-680).
All fire extinguishers throughout building - tags expired with only 2021 displayed; (2) 1st floor south stairwell, 2nd floor north and south stairwells - fire extinguishers missing; and (3) 5th floor north stairwell, 4th floor north and south stairwells - fire extinguishers out of charge.

  **ANSWER:**   **Defendants deny the allegations directed against them in Paragraph 7-**

**49. Answering further, Defendants make no response to the allegations in Paragraph 7-49**

FILED DATE: 10/21/2025 11:16 AM   20231401241

directed against the other defendants named in the Complaint.

50.     EL0027       RESTORE EXIT AND EMERGENCY LIGHTING

Restore exit and emergency lighting system and related equipment to operable condition (§18-27-700.6).

All emergency lights throughout building - did not work when tested.

**ANSWER:     Defendants deny the allegations directed against them in Paragraph 7-50. Answering further, Defendants make no response to the allegations in Paragraph 7-50 directed against the other defendants named in the Complaint.**

51.     EV1111       MAINTAIN OR REPAIR HYDRAULIC ELEVATOR

Failed to maintain hydraulic elevator equipment provided at premises in safe and sound working condition (13-196-590, 13-196-630(b), 18-30-001).

Must install a fire key box with machine room keys and drop key. Must provide a maintenance control program with maintenance logs, oil logs, and test tags. Must repair/replace emergency phone and program to a 24-hour manned service, not 911. Must perform a category one test and static test, provide the documentation and test tags. Provide pressure readings on stop ring and with machine room gate valve closed. Must provide documentation of a double bottom jack assembly or replace the jack assembly. Must keep the machine room clean and dry and eliminate oil leaks and water leaks. Must identify the machine room. Must repair/replace the car door restrictor. Must secure loose sight guards on hoist way doors. Must provide a code compliant pit ladder. Must provide ten foot candles of illumination in elevator pit. Must repair/replace the machine room door; the door must be fire rated for 90 minutes and self-closing.

**Building Cl — 4351 W. 76th Street**

**ANSWER:     Defendants deny the allegations directed against them in Paragraph 7-51. Answering further, Defendants make no response to the allegations in Paragraph 7-51 directed against the other defendants named in the Complaint.**

52.     CN061014     REPAIR EXTERIOR WALL

Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose, or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls (§§13-196-530(b), 13-196-641).

All elevations, concrete slab edges cracked and spalled, brick fractured. Concrete walls large areas cracked and spalled with exposed rusted rebar. Some temporary stabilization installed with protective fence around entire building. No imminent dangerous and hazardous condition with protective fence. Plans and Permit required for all repairs.

**ANSWER:     Defendants deny the allegations directed against them in Paragraph 7-52. Answering further, Defendants make no response to the allegations in Paragraph 7-52**

FILED DATE: 10/21/2025 11:16 AM    20231401241

directed against the other defendants named in the Complaint.

53.    CN031023    FIRE EXTNGUISHER RECHARGE & TAG
Failed to maintain properly charged fire extinguisher, and to attach tag which clearly indicates recharge date and signature of the person who performed the recharge (§15-16-680).
Entire Building - Fire extinguisher tags expired.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-53. Answering further, Defendants make no response to the allegations in Paragraph 53 directed against the other defendants named in the Complaint.**

54.    CN107035    MAINTAIN EXIT SIGN ILLUMINATED
Failed to maintain all exit signs illuminated when building is occupied and otherwise maintain exit signs in good condition (§§13-196-090, 13-160-700 thru 13-160-770).
4th floor exit sign not illuminated.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-54. Answering further, Defendants make no response to the allegations in Paragraph 7-54 directed against the other defendants named in the Complaint.**

55.    CN107015    ILLUMINATE PUBLIC STAIR/HALL
Failed to provide and maintain adequate illumination for public hall and stairwell (§§13-196-080, 13-196-450, 13-160-660, 13-160-670).
All floors - Emergency lighting out of service at time of inspection.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-55. Answering further, Defendants make no response to the allegations in Paragraph 7-55 directed against the other defendants named in the Complaint.**

56.    CN015062    OBSTRUCTIONS IN EXIT WAY
Failed to remove obstruction from exit way that hampers travel and evacuation (§§13-160-070, 13-196-080).
All interior corridors - obstructed by shopping carts being stored in corridors.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-56. Answering further, Defendants make no response to the allegations in Paragraph 7-56 directed against the other defendants named in the Complaint.**

FILED DATE: 10/21/2025 11:16 AM   20231401241

57.   CN197079      REPAIR/REPLACE SMOKE DETECTORS
Repair or replace defective or out of service smoke detectors and operate continuously (§§13-196-130, 13-196-140).
South interior stairwell - Smoke detector low battery. North interior stairwell - Smoke detector out of service.

**ANSWER:**   **Defendants deny the allegations directed against them in Paragraph 7-57. Answering further, Defendants make no response to the allegations in Paragraph 7-57 directed against the other defendants named in the Complaint.**

58.   CN015062      OBSTRUCTIONS IN EXIT WAY
Failed to remove obstruction from exit way that hampers travel and evacuation (§§13-160-070, 13-196-080).
West elevation - Exit from Laundry room obstructed by construction fence. Missing clear path from building to public way. **Dangerous and Hazardous**

**ANSWER:**   **Defendants deny the allegations directed against them in Paragraph 7-58. Answering further, Defendants make no response to the allegations in Paragraph 7-58 directed against the other defendants named in the Complaint.**

59.   CN061074      PROTECT SIDEWALK DURING CONSTRUCTION
Failed to protect public sidewalk or thoroughfare from work done under permit (§§13-124-130 thru 13-124-180).
West elevation - Exit from laundry room - Missing protective canopy to provide protected clear path to public. **Dangerous and Hazardous**

**ANSWER:**   **Defendants deny the allegations directed against them in Paragraph 7-59. Answering further, Defendants make no response to the allegations in Paragraph 7-59 directed against the other defendants named in the Complaint.**

60.   NC5042      SELF-CLOSE CLASS B FIRE DOOR
Failed to provide 1-1/2-hour Class B fire door with self-closing device in (§15-8-180).
Multiple floors - Trash Chute hatch door does not close, and latch does not shut.

**ANSWER:**   **Defendants deny the allegations directed against them in Paragraph 7-60. Answering further, Defendants make no response to the allegations in Paragraph 7-60 directed against the other defendants named in the Complaint.**

FILED DATE: 10/21/2025 11:16 AM    20231401241

61.    NC4032    2-HR STAIR ENCLOSURE, 4+ STORY
Failed to enclose interior stairwell in building over three stories by partitions with at least two-hour fire resistance in (§15-8-140).
2nd and 3rd floor Stairwell doors do not close, and latch does not shut.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-61. Answering further, Defendants make no response to the allegations in Paragraph 7-61 directed against the other defendants named in the Complaint.**

62.    CN133016    CARPETING
Repair or replace defective and dangerous carpeting (§§13-196-630, 13-196-540).
4th floor corridor - Carpeting filthy and unsanitary.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-62. Answering further, Defendants make no response to the allegations in Paragraph 7-62 directed against the other defendants named in the Complaint.**

63.    NC6012    1HR PUB.CORRIDOR IN MULT. D.U.
Failed to enclose public corridor in multiple dwellings with partitions, floors, and ceilings providing at least one hour fire resistance in (§13-64-020(b)).
1st and 2nd floor corridor - Holes in corridor walls, Missing complete fire separation. Some drywall is buckling with gaps between sheets of drywall.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-63. Answering further, Defendants make no response to the allegations in Paragraph 7-63 directed against the other defendants named in the Complaint.**

64.    NC9052    2HR SEP FOR STORAGE >100SF
Failed to provide partitions with at least two-hour fire resistance to enclose storage rooms exceeding 100 square feet in multiple dwellings, institutional units and assembly units (§15-8-240(b)).
1st floor laundry room and storage room - Wall between storage room and laundry room removed. Large hole with no fire separation.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-64. Answering further, Defendants make no response to the allegations in Paragraph 7-64 directed against the other defendants named in the Complaint.**

FILED DATE: 10/21/2025 11:16 AM  20231401241

65.   CN103015   REPAIR FLOOR

Failed to maintain floor free from holes and wide cracks and free from loose, warped, protruding or rotting floorboards'(§§13-196-540(a) and (b)).
1st floor north corridor - Floor deteriorated and rotten with water damage.

**ANSWER:**   **Defendants deny the allegations directed against them in Paragraph 7-65. Answering further, Defendants make no response to the allegations in Paragraph 7-65 directed against the other defendants named in the Complaint.**

66.   CN197087 CARB MONOXIDE DETECTOR

Install carbon monoxide detector within 40 feet of every sleeping room in residential structure pursuant to §§13-64-190, 13-64-210 of the Code. A carbon monoxide detector is needed whenever there is a heating appliance on the premises that burns fossil fuel such as gas, oil, or coal, or air that is circulated through a heat exchanger. Install according to manufacturer instructions. A hard-wired model requires an electrical wiring permit. In a single-family residence, be sure the detector is on or below the lowest floor with a place to sleep. In a multiple dwelling residence heated by a boiler, install a detector in the same room as the boiler. Otherwise, each apartment follows single family guidelines. 'The owner is responsible for installation and written instructions, the tenant for testing, maintenance, and batteries.
1st floor laundry room - Missing carbon monoxide detector.

**ANSWER:**   **Defendants deny the allegations directed against them in Paragraph 7-66. Answering further, Defendants make no response to the allegations in Paragraph 7-66 directed against the other defendants named in the Complaint.**

67.   CN077014   REPAIR FENCE

Failed to maintain fence in good condition and repair (§§7-28-060, 13-196-630, 13-196-641).
West elevation protective construction fence - Fence cut to provide access to rear patio and area under construction. **Dangerous and Hazardous**

**ANSWER:**   **Defendants deny the allegations directed against them in Paragraph 7-67. Answering further, Defendants make no response to the allegations in Paragraph 7-67 directed against the other defendants named in the Complaint.**

68.   CN101015   REPAIR INTERIOR WALLS/CEILING

Failed to maintain interior walls and ceilings free from holes or cracks (§13-19-540(c)).
Multiple floors in corridors - Water damage to ceilings. 1st floor corridor - Peeling paint at ceiling.

**ANSWER:**   **Defendants deny the allegations directed against them in Paragraph 7-**

FILED DATE: 10/21/2025 11:16 AM 20231401241

**68. Answering further, Defendants make no response to the allegations in Paragraph 7-68 directed against the other defendants named in the Complaint.**

69.     CN131026     REPAIR SCREENS
Repair or replace defective screen (§13-196-560 B).
All elevations - Missing window screens.

**ANSWER:     Defendants deny the allegations directed against them in Paragraph 7-69. Answering further, Defendants make no response to the allegations in Paragraph 7-69 directed against the other defendants named in the Complaint.**

70.     CN138056     DEBRIS, EXCESSIVE
Remove accumulation of refuse and debris and keep premises clean (§§13-196-580, 13-196-630). East elevation 1st floor north dwelling unit - Excessive amounts of junk and debris stacked on patio. Furniture old tires, and boxes. - Rat harbor and fire hazard

**ANSWER:     Defendants deny the allegations directed against them in Paragraph 7-70. Answering further, Defendants make no response to the allegations in Paragraph 7-70 directed against the other defendants named in the Complaint.**

71.     CN194029     PROVIDE
Provide Stairway identification and re-entry signage per code sections 14X-5-505.9.7 thru 14X-5-505.9.7.2 and 14B-10-1023.9. Stairway identification and re-entry signage required in existing buildings exceeding 3 stories above grade pane. Alphabetical or directional letter identification for the exit stairway and the number of the 1 to which the door opens must be posted within every interior exit stairway adjacent to each floor. Re-entry information showing which floor have re-entry locations must be posted adjacent to every door to an exit stair' on the occupancy side. (14X-5-505.9.7 thru 14X-5-505.9.7.2, 14B-10-1023.9 and 14B-10-1023.9.1).

**ANSWER:     Defendants deny the allegations directed against them in Paragraph 7-71. Answering further, Defendants make no response to the allegations in Paragraph 7-71 directed against the other defendants named in the Complaint.**

72.     EV1111     MAINTAIN OR REPAIR HYDRAULIC ELEVATOR
Failed to maintain hydraulic elevator equipment provided at premises in safe and sound working condition (13-196-590, 13-196-630(b), 18-30-001).
Must perform a category one test and static test and provide the documentation and test tags. Provide pressure readings on stop ring and with machine room gate valve closed. Must provide documentation of a double bottom jack assembly or replace the jack assembly. Provide ten foot

FILED DATE: 10/21/2025 11:16 AM    20231401241

candles of illumination in elevator pit. Must provide a compliant pit ladder. Must repair/replace the machine room door, must be a fire rated 90 minutes and self-closing door. Must repair/replace the emergency phone and program to a 24-hour manned service, not 911. Must repair/replace the car door restrictor. Must keep the machine room clean and dry and eliminate all oil leaks and water leaks. Must secure loose sight guards on hoist way doors. Must install fire key box with machine room keys and drop keys.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-72. Answering further, Defendants make no response to the allegations in Paragraph 7-72 directed against the other defendants named in the Complaint.**

**Building C2 - 4281 W. 76th Street**

73.    CN061014    REPAIR EXTERIOR WALL
Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose, or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls (§§13-196-530(b), 13-196-641).
East and south elevations, concrete stab edges cracked and spalled, brick fractured. Concrete walls large areas cracked and spalled with exposed rusted rebar. Some temporary stabilization installed with protective fence around entire building. No imminent dangerous and hazardous condition with protective fence. Plans and Permit required for all repairs.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-73. Answering further, Defendants make no response to the allegations in Paragraph 7-73 directed against the other defendants named in the Complaint.**

74.    CN069034    REPAIR AREAWAY WALL
Failed to maintain areaway walls in sound condition and good repair (§§13-196-530, 13-196-530(b), 13-196-641).
West elevation ground floor retaining wall - large fracture in brick with loose brick and mortar.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-74. Answering further, Defendants make no response to the allegations in Paragraph 7-74 directed against the other defendants named in the Complaint.**

75.    CN067024    REPAIR EAVES
Failed to maintain roof eaves in good repair and free from cracks and defects which may admit rain (§§13-196-530, 13-196-530(c), and 13-196-641).

West elevation, front entry enclosure canopy - water damage to ceiling.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-75. Answering further, Defendants make no response to the allegations in Paragraph 7-75 directed against the other defendants named in the Complaint.**

76.     CN104035     MAINTAIN WINDOW

Failed to maintain windows in sound condition and good repair (§§13-196-550(b) and (f)). South elevation 1st and 2nd floors loose and bent storm window frames. South elevation 1st floor -Broken windowpane. West elevation, 2nd floor Loose storm window.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-76. Answering further, Defendants make no response to the allegations in Paragraph 7-76 directed against the other defendants named in the Complaint.**

77.     CN194019     REPAIR OR REPLACE

West and east elevations - Large unprotected holes in walls - Missing vent covers.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-77. Answering further, Defendants make no response to the allegations in Paragraph 7-77 directed against the other defendants named in the Complaint.**

78.     CN138066     DEMO DEBRIS

Remove debris from demolition (§13-124-110).
East elevation — demolition debris - large pile of bricks outside laundry room.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-78. Answering further, Defendants make no response to the allegations in Paragraph 7-78 directed against the other defendants named in the Complaint.**

79.     CN194029     PROVIDE

Provide Stairway identification and re-entry signage per code sections 14X-5-505.9.7 thru 14X-5-505.9.7.2 and 14B-10-1023.9. Stairway identification and re-entry signage required in existing buildings exceeding 3 stories above grade pane. Alphabetical or directional letter identification for the exit stairway and the number of the to which the door opens must be posted within every interior exit stairway adjacent to each floor. Re-entry information showing which floor have reentry locations must be posted adjacent to every door to an exit stair on the occupancy side (14X-5-505.9.7 thru 14X-5-505.9.7.2, 14B-10-1023.9 and 14B-10-1023.9.1).

FILED DATE: 10/21/2025 11:16 AM  20231401241

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-79. Answering further, Defendants make no response to the allegations in Paragraph 7-79 directed against the other defendants named in the Complaint.**

80.    CN031023    FIRE EXTNGUISHER RECHARGE & TAG
Failed to maintain properly charged fire extinguisher, and to attach tag which clearly indicates recharge date and signature of the person who performed the recharge (§15-16-680).
All floors - fire extinguisher recharge tags expired 2021.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-80. Answering further, Defendants make no response to the allegations in Paragraph 7-80 directed against the other defendants named in the Complaint.**

81.    CN015062    OBSTRUCTIONS IN EXIT WAY
Failed to remove obstruction from exit way that hampers travel and evacuation (§§13-160-070, 13-196-080).
Multiple floors - shopping carts in corridor obstructs egress.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-81. Answering further, Defendants make no response to the allegations in Paragraph 7-81 directed against the other defendants named in the Complaint.**

82.    CN078014    ILLUMINATE EXIT AREAS
Failed to provide and maintain adequate illumination of exit areas (§§13-160-660, 13-160-670, 13-196-080).
Multiple floors - emergency lighting not working when tested.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-82. Answering further, Defendants make no response to the allegations in Paragraph 7-82 directed against the other defendants named in the Complaint.**

83.    CN107035    MAINTAIN EXIT SIGN ILLUMINATED
Failed to maintain all exit signs illuminated when building is occupied and otherwise maintain exit signs in good condition (§§13-196-090, 13-160-700 thru 13-160-770).
5th floor and 2nd floor Exit signs to stairwell out of service.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-**

FILED DATE: 10/21/2025 11:16 AM   20231401241

**83. Answering further, Defendants make no response to the allegations in Paragraph 7-83 directed against the other defendants named in the Complaint.**

84.    CN197079    REPAIR/REPLACE SMOKE DETECTORS
Repair or replace defective or out of service smoke detectors and operate continuously (§§13-196-130, 13-196-140).
5th floor north stair - smoke detector out of service.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-84. Answering further, Defendants make no response to the allegations in Paragraph 7-84 directed against the other defendants named in the Complaint.**

85.    NC5062    HOLDOPEN DEVICE, STAIR 3+ FIRS
Failed to remove fusible links and/or other hold-open mechanism on stairwell doors in buildings where stairwells serve more than three floors (§15-8-180(c)).
4th floor - stair door being held open by brick.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-85. Answering further, Defendants make no response to the allegations in Paragraph 7-85 directed against the other defendants named in the Complaint.**

86.    NC4032    2-HR STAIR ENCLOSURE, 4+ STORY
Failed to enclose interior stairwell in building over three stories by partitions with at least two hour fire resistance (§15-8-140).
The 4th floor stair door does not close, and latch shut. 2nd floor south stair door - Missing doorknob, door does not close, and latch shut. 1st floor south stair door rubs on carpet - door does not close and latch shut.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-86. Answering further, Defendants make no response to the allegations in Paragraph 7-86 directed against the other defendants named in the Complaint.**

87.    NC5042    SELF-CLOSE CLASS B FIRE DOOR
Failed to provide 1-1/2 hour Class B fire door with self-closing device (§15-8-180).
Multiple floors - trash chute hatch doors do not close, and latch shut.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-87. Answering further, Defendants make no response to the allegations in Paragraph 7-87**

FILED DATE: 10/21/2025 11:16 AM 20231401241

directed against the other defendants named in the Complaint.

88. CN133016   CARPETING
Repair or replace defective and dangerous carpeting (§§13-196-630, 13-196-540).
2nd floor corridor - carpeting filthy.

**ANSWER:   Defendants deny the allegations directed against them in Paragraph 7-88. Answering further, Defendants make no response to the allegations in Paragraph 7-88 directed against the other defendants named in the Complaint.**

89. CN197087   CARB MONOXIDE DETECTOR
Install carbon monoxide detector within 40 feet of every sleeping room in residential structure pursuant to §§13-64-190, 13-64-210 of the Code. A carbon monoxide detector is needed whenever there is a heating appliance on the premises that bums fossil fuel such as gas, oil, or coal, or air that is circulated through a heat exchanger. Install according to manufacturer instructions. A hard-wired model requires an electrical wiring permit. In a single-family residence, be sure the detector is on or below the lowest floor with a place to sleep. In a multiple dwelling residence heated by a boiler, install a detector in the same room as the boiler. Otherwise, each apartment follows single family guidelines. The owner is responsible for installation and written instructions, the tenant for testing, maintenance, and batteries.
1st floor laundry room missing carbon monoxide detector.

**ANSWER:   Defendants deny the allegations directed against them in Paragraph 7-89. Answering further, Defendants make no response to the allegations in Paragraph 7-89 directed against the other defendants named in the Complaint.**

90. CN044013   PIPE OPENING W/NONCOMBUSTIBLE MATERIAL
Failed to fill openings around exposed pipes or power shafting with approved noncombustible materials (§15-8-640).
1st floor boiler room - Pipe penetrations missing fire rated material in fire wall. Missing complete fire rated separation.

**ANSWER:   Defendants deny the allegations directed against them in Paragraph 7-90. Answering further, Defendants make no response to the allegations in Paragraph 7-90 directed against the other defendants named in the Complaint.**

91. NC9052   2HR SEP FOR STORAGE >100SF
Failed to provide partitions with at least two-hour fire resistance to enclose storage rooms exceeding 100 square feet in multiple dwellings, institutional units, and assembly units (§15-8-240(b)).

FILED DATE: 10/21/2025 11:16 AM   20231401241

1st floor laundry room and storage room - wall between storage room and laundry room removed. Large hole with no fire separation.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-**

**91. Answering further, Defendants make no response to the allegations in Paragraph 7-91**

**directed against the other defendants named in the Complaint.**

92.     EV1111      MAINTAIN OR REPAIR HYDRAULIC ELEVATOR
Failed to maintain hydraulic elevator equipment provided at premises in safe and sound working condition (13-196-590, 13-196-630(b), 18-30-001).
Repair/replace machine room door. The door must be fire rated for 90 minutes and self-locking. Provide ten feet of candles of illumination in elevator pit. Must also provide a compliant pit ladder and repair/replace the car door restrictor. Must keep the elevator pit clean and dry and eliminate all water leaks and oil leaks. Must install fire key box with machine room keys and drop key. Must secure loose sight guards on hoist way doors. Must provide a maintenance control program with maintenance logs, oil logs, and test reports. Must pull a permit for a repair of the jack assembly. Must repair/replace emergency phone and program to a 24 hour service, not 911.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-**

**92. Answering further, Defendants make no response to the allegations in Paragraph 7-92**

**directed against the other defendants named in the Complaint.**

**Building Dl — 4260-4262 W. Ford City Drive**

93.     CN061024      SUBMIT 2 COPY STRUCTURAL RPT
Failed to maintain building or structure in a structurally safe and stable condition. The Building Commissioner requests submission of two (2) copies of a structural condition report prepared, signed and sealed by an Illinois licensed Architect or Structural Engineer, attesting to the structural conditions of the building or structure (§13-196-030).
Submit condition assessment report for the basement center-north foundation wall crack and bulging - report shall be signed and sealed by a registered design professional, and based on a critical, comprehensive, and detailed physical inspection of the premises identified and detailed in the violation the report must identify the date, nature, scope, findings, and deficiencies of the inspection/investigation - the report must identify each technical principle or standard that is the basis of any professional judgment and comprehensive recommendations for repairs expressed in the report - recommendation of repairs must include photos, drawings, details, and calculations which may be used to submitted for a repair permit when allowed - the condition report, permit, and permitted drawings must be kept on file at the property and made available for field inspection review and approval by all related trades - submit electronic report for review and approval to: DOB_CAR@cityofchicago org (14X-1-104.1 thru 14X-1-104,4, 14A-6-603.5, and 14A-4-411.1)

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-**

FILED DATE: 10/21/2025 11:16 AM   20231401241

**93. Answering further, Defendants make no response to the allegations in Paragraph 7-93 directed against the other defendants named in the Complaint.**

94.   CN101015   REPAIR INTERIOR WALLS/CEILING

Failed to maintain interior walls and ceilings free from holes or cracks (§13-19-540(c)).

Northwest interior stairway east wall south of building entry - eight feet by eight feet crack in drywall.

**ANSWER:**   Defendants deny the allegations directed against them in Paragraph 7-94. Answering further, Defendants make no response to the allegations in Paragraph 7-94 directed against the other defendants named in the Complaint.

95.   CN103035   STRUCTURAL MEMBER, PIER BLOCK

Repair or replace defective structural member (§13-196-530 A).

Basement laundry room north foundation wall behind washers and dryers - 30 feet wide horizontal crack at mid-span with the entire wall bulging vertically - imminently dangerous and hazardous condition - conditions assessment report required to obtain the repair permit.

**ANSWER:**   Defendants deny the allegations directed against them in Paragraph 7-95. Answering further, Defendants make no response to the allegations in Paragraph 7-95 directed against the other defendants named in the Complaint.

96.   CN131026   REPAIR SCREENS

Repair or replace defective screen (§13-196-560 B).

All elevations ripped window screens.

**ANSWER:**   Defendants deny the allegations directed against them in Paragraph 7-96. Answering further, Defendants make no response to the allegations in Paragraph 7-96 directed against the other defendants named in the Complaint.

97.   CN104035   MAINTAIN WINDOW

Failed to maintain windows in sound condition and good repair (§§13-196-550(b) and (f)).

South elevation - window cracked.

**ANSWER:**   Defendants deny the allegations directed against them in Paragraph 7-97. Answering further, Defendants make no response to the allegations in Paragraph 7-97 directed against the other defendants named in the Complaint.

FILED DATE: 10/21/2025 11:16 AM    20231401241

98.    CN065014    REPAIR LINTELS
Failed to maintain lintel in good repair and free from cracks and defects in (§§13-196-530(e), 13-196-641).
South elevation - Lintels rusted and sagging some severely rusted. Masonry permit required for repairs.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-98. Answering further, Defendants make no response to the allegations in Paragraph 7-98 directed against the other defendants named in the Complaint.**

99.    CN061014    REPAIR EXTERIOR WALL
Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose, or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls (§§13-196-530(b), 13-196-641).
North elevation washed out mortar. Windowsill at the second floor shifting up.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-99. Answering further, Defendants make no response to the allegations in Paragraph 7-99 directed against the other defendants named in the Complaint.**

**Building D2 — 4261-4263 W. 76th Street**

100.    CN138026    USE SANITARY REFUSE CONTAINERS
Deposit refuse in sanitary refuse containers (§§7-28-260, 13-196-620 D).
South sitting area - Garbage can overflowing.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-100. Answering further, Defendants make no response to the allegations in Paragraph 7-100 directed against the other defendants named in the Complaint.**

101.    CN132046    SAFE WORKING CONDITIONS
Provide and maintain every facility, piece of equipment, or utility in safe and sound working condition (§§13-196-400, 13-196-440).
South elevation at east side of building - unknown electrical tubing/piping hanging from roof. Area sectioned off with fencing.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-101. Answering further, Defendants make no response to the allegations in Paragraph 7-101**

FILED DATE: 10/21/2025 11:16 AM    20231401241

directed against the other defendants named in the Complaint.

102.    CN065014    REPAIR LINTELS

Provide and maintain every facility, piece of equipment, or utility in safe and sound working condition (§§13-196-400, 13-196-440).

All elevations - Lintels rusted some sagging. Masonry permit required for repairs.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-102. Answering further, Defendants make no response to the allegations in Paragraph 7-102 directed against the other defendants named in the Complaint.**

103.    CN041063    CUT OR REMOVE HIGH WEEDS

Failed to cut or remove weeds, grass or other growth that present a fire hazard (§15-4-970).

South elevation fenced off area - high weeds.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-103. Answering further, Defendants make no response to the allegations in Paragraph 7-103 directed against the other defendants named in the Complaint.**

104.    CN061014    REPAIR EXTERIOR WALL

Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose, or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls (§§13-196-530(b), 13-196-641).

North elevation - exterior wall shifting out at windows. Step fractures.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-104. Answering further, Defendants make no response to the allegations in Paragraph 7-104 directed against the other defendants named in the Complaint.**

105.    CN069034    REPAIR AREAWAY WALL

Failed to maintain areaway walls in sound condition and good repair (§§13-196-530, 13-196-530(b), 13-196-641).

Garbage area retaining wall - bricks shifting with stone ap leaning and tilting.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-105. Answering further, Defendants make no response to the allegations in Paragraph 7-105 directed against the other defendants named in the Complaint.**

FILED DATE: 10/21/2025 11:16 AM    20231401241

106.    CN067014    REPAIR ROOF

Failed to maintain roof in sound condition, sound repair, watertight, and free from defects (§§13-196-530, 13-196-530(c) and 13-196-641).

West, North, and East elevations - Missing section of mansard roof tile. Substrate exposed.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-106. Answering further, Defendants make no response to the allegations in Paragraph 7-106 directed against the other defendants named in the Complaint.**

107.    CN104015    REPLCE WINDOWPANES, PLEXGLAS

Replace broken, missing, or defective windowpanes (§13-196-550(a)).

North elevation, at 4263 entry - Window sidelite glass broken with cardboard covering hole.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-107. Answering further, Defendants make no response to the allegations in Paragraph 7-107 directed against the other defendants named in the Complaint.**

108.    CN012022    1HR FLR OVER BSMT, 1 OR 2 DU

Failed to construct floor over basement with one hour fire resistant materials in other than in single family and two-family dwellings (§§13-60-200).

Basement Hot water heater room — Missing sections of drywall ceiling. Missing complete fire separation at basement.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-108. Answering further, Defendants make no response to the allegations in Paragraph 7-108 directed against the other defendants named in the Complaint.**

109.    CN101015    REPAIR INTERIOR WALLS/CEILING

Failed to maintain interior walls and ceilings free from holes or cracks (§13-19-540(c)).

Basement walls and ceiling - multiple areas water damaged.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-109. Answering further, Defendants make no response to the allegations in Paragraph 7-109 directed against the other defendants named in the Complaint.**

110.    CN106015    REPAIR INTERIOR STAIR SYSTEM

Failed to maintain interior stairway system in safe condition and sound repair (§13-196-570).

Interior east stair at basement - Tread weak and rotten.

FILED DATE: 10/21/2025 11:16 AM    20231401241

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-110. Answering further, Defendants make no response to the allegations in Paragraph 7-110 directed against the other defendants named in the Complaint.**

111.    CN107035    MAINTAIN EXIT SIGN ILLUMINATED
Failed to maintain all exit signs illuminated when building is occupied and otherwise maintain exit signs in good condition (§§13-196-090, 13-160-700 thru 13-160-770).
All exit signs were not illuminated at the time of inspection.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-111. Answering further, Defendants make no response to the allegations in Paragraph 7-111 directed against the other defendants named in the Complaint.**

112.    CN197019    INSTALL SMOKE DETECTORS
Install and maintain approved smoke detectors pursuant to §§13-196-100 thru 13-196-160 of the Code. Install a smoke detector in every dwelling unit. Install one on any living level with a habitable room or unenclosed heating plant, on the uppermost ceiling of enclosed porch stairwell, and within 15 feet of every sleeping room. Be sure the detector is at least 4 inches from the wall, 4 to 12 inches from the ceiling, and not above door or window.
All stairwells - Missing smoke detectors at top of each stairwell. **Dangerous and Hazardous**

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-112. Answering further, Defendants make no response to the allegations in Paragraph 7-112 directed against the other defendants named in the Complaint.**

113.    NC5022    STAIR: SELF-CLOSE 1-3/4" DOOR
Failed to provide stairwell opening in residential building not exceeding three stories and not serving more than four dwelling units with self-closing, framed, 1-3/4-inch solid wood door (§15-8-180(a)).
All stairwell doors are being held open - not self-closing.

**ANSWER:    Defendants deny the allegations directed against them in Paragraph 7-113. Answering further, Defendants make no response to the allegations in Paragraph 7-113 directed against the other defendants named in the Complaint.**

114.    CN141016    STOP SMOKE, NOXIOUS ODORS
Stop noxious odors from permeating dwelling or premises (§§7-28-060, 13-196-630).

FILED DATE: 10/21/2025 11:16 AM 20231401241

4263 W. 76th side of building - Strong odors of cat urine. Unsanitary conditions.

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-114. Answering further, Defendants make no response to the allegations in Paragraph 7-114 directed against the other defendants named in the Complaint.**

115.    CN194039     REMOVE
Remove per code sections (14X-7-703.4, 14X-7-705.3 and 14X-7-705.3.3).
1st floor dwelling unit 103. Corridor outlet has extension cord going into dwelling unit. Remove extension cords or flexible cords used as a substitute for permanent wiring (14X-7-703.4, 14X-7-705.3 and 14X-7-705.3.3).

**ANSWER:** **Defendants deny the allegations directed against them in Paragraph 7-115. Answering further, Defendants make no response to the allegations in Paragraph 7-115 directed against the other defendants named in the Complaint.**

**\*\*End of Violations\*\***

**Count I - Civil Penalties Against the Owners**

8.      The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations as paragraph 8 of Count I.

**ANSWER:** **Defendants incorporate by reference their answers to Paragraphs 1 through 7 of the General Allegations as though fully set forth herein.**

9.      Section 13-12-020 of the Municipal Code of Chicago provides that: "the owner, his agent for the purpose of managing, controlling or collecting rents and any other person managing or controlling a building or premises in any part of which there is a violation of the provisions of this Code … shall be liable for any violation therein, existing or occurring, or which may have existed or occurred, at or during any time when such person is or was the person owning or managing, controlling, or acting as agent in regard to said buildings or premises and is subject to injunctions, abatement orders or other remedial orders." Municipal Code of Chicago, Ill. ("MCC") § 13-12-020.

**ANSWER:** **The referenced section of the Municipal Code of Chicago speaks for itself.**

10.     Section 13-12-040 further states: "Any violation of . . . any of the provisions of this code . . . shall be punishable by a fine of not less than $200.00 and not more than $500.00, and each day such violation shall continue shall constitute a separate and distinct offense for which a fine herein provided shall be imposed." MCC § 13-12-040.

FILED DATE: 10/21/2025 11:16 AM    20231401241

**ANSWER:**    **The referenced section of the Municipal Code of Chicago speaks for itself.**

11.    The City seeks the maximum fine for each day defendants

FORD CITY CONDOMINIUM ASSOCIATION; JOSEF TOADER; FLORITA TOADER; EMILIA R. CODOS; LOIS A. GORDON; KELVIN B. BACON; MIECZYLSAW WAWOZNY; HATUEY MCKOY; WINSTON MCKOY; MARSELLOW FARROW; MARC C. FARROW; CHAKA D. FARROW; KARINA RODEA-ESQUIVEL; WENDY WATSON; BRENT WATSON; GPAM PROPERTIES, LLC; RAYVEN V. WILSON; PROVIDENCIA GONZALEZ; AMANDA L. NAVARRO; MIRIAM FERREIRA A/K/A MIRIAM CHAVEZ; GIOVANNI JAEL CHAVEZ; ADRIENNE HOLLEY; THE HOWARD FAMILY TRUST U/T/A DTD 7/3/2015; DONNA M. HOWARD; VICENTE GONZALEZ-CARABEZ; FOUAD M. DOOLAH; YOSSEF DOLEH; LARRY GILLETTE; ZOFIA MODRZEJEWSKA; JOYCE D. MARTIN; AMGUN INVESTMENTS, LLC; ENRIQUE CERVANTES; MANCHUN KAO; HOMES FOR VETERANS CO.; ERICA SALINAS; MELISSA RANGEL; Z FINANCIAL ILLINOIS G PROPERTIES, LLC; PEDRO PALACIOS; AHMAD A. NUR; WILLIAM D. O'DONNELL; HUGH O'DONNELL; MAGALY Z. GARCIA A/K/A MAGGIE GARCIA; IDSB CAPITAL, LLC; CHRISTOPHER D. RUSSELL; KAREN E. RUSSELL; EFRAIN ROJAS GALVEZ; MARTIN ANGELO ACEVES; FRANCISCO CARRILLO; OSCAR MIRELES; JOHN M. GOLDEN; MARY A. GOLDEN; STEVEN T. SHUTTLEWORTH II; MARY BIEL; LUDWIK DZIEDZIC; LISA S. MCMATH; TONI GREEN; MICHAEL GREEN; LORETTA C. MAHER; BANK OF AMERICA, NA, AS TRUSTEE; KAZIMIERA PTAK; JUDY GRIFFIN; LISA D. SAMPSON; PAMELA JEFFERSON; EDWARD COLEMAN; TAKADA V. DIXON; US BANK, NA, AS TRUSTEE; JOSEPH CHAVEZ; DAVID KYSELICA; CHICAGO TITLE LAND TRUST CO., AS TRUSTEE; CECYLIA GUROS; CALVIN REESE; DARNELL CORTEZ REESE; CHICAGO TITLE LAND TRUST CO. U/T/A 80023929426; VINAYAK LAWANDE; ANNA WOJAS; MARC JANDURA; GARY POWELL; LILIANA ABAD FIERRO; KIMBERLY WAGNER; DESIREE SANCHEZ; NAFTALI ESPINO; KATHERINE ESPINO; ANNETTE WOFFORD; THE GEORGE POLYMENAKOS REVOCABLE TRUST DTD 10/5/2017; GEORGE POLYMENAKOS; YURONG HAN; GABRIELA SANTAMARIA; ABRAHAM E. SANTAMARIA; DENNIS NASH; DONYETTA DOCKERY; BARBARA J. BANKS; VANESSA MILTON; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE; DAPHNEE BROWNLEE; CHARLENE L. APPLING TRUST DTD 12/7/2020; AMY LIU; SHIN-RONG LIU; ARTURO F. HERNANDEZ; MUNEEB ALAM; ZESHAN MALLHI; SWEET HOME CHICAGO MANAGEMENT, LLC; MARIA E. RODRIGUEZ RAMOS; FAIRFIELD BUILDINGS, LLC; MARY L. VAUGHN; HILDA M. ZMORA; RODOLFO CHAVEZ; RAYMUNDO TORRES; JOSE GARCIA; ARSHAN ALAMGIR; BUSHRA DURRANI; TERRY DENSMORE; EDGAR FRUTOS TORRES; LEONARD J. WOODS; LEOKADIA MOSIO; JAMES FRANK DALU; MARGARET FURNESS; MANUELA SANCHEZ FLORES; TRUTH EMPIRES, LLC; AKRAM SHAHID; CHRISTINE HSU; MARTHA ROCHA; STEPHEN MONTE HENSON; ZARAH DULAY; DIEGO D. ANDRADE; CULEBRA CAPITAL, LLC; ADE OGUNSANYA A/K/A ADETOKUNBO OGUNSANYA A/K/A ADETOKUNBO O. TEJUOSO; ANALILIA CARRILLO; JUAN CARRILLO; SUSAN O'NEAL; SUSAN M. GNIADECKI; ANTON J. WATKINS; DSI HOLDINGS CORP.; IRENA A. BAGDADY; HENRY K. WOJCIKOWSKI; STAN WOJCIKOWSKI; MARGARITA FLORES; MANNA PROPERTY INVESTMENT, LLC;

VIRIDIANA ALCANTAR; FELIPE SOLORZANO MAYA; LYUBOMIR ALEXANDROV; BELIEVE IN THINE HEART MINISTRIES; EQUITY TRUST CO., CUSTODIAN FBO CHRISTINE HSU IRA AC#200341381; ESTELA FLORES; TANISHA MALLEY; AGNES C. MURPHY; LUIS A. GONZALEZ; GEORGE SPATHARAKIS; JOSEF BRZEK; EWA BRZEK; ERMA THOMAS; RAMONA BERAS TORRES; JULIUS A. HANNON; JOSE OLAF GAYTON; DAMARRA EDINBURG; MARTHA HERNANDEZ; MYRON COLEMAN; GREGORY L. CASTILE; ANGELO J. CRUZ; MARTIN ACEVES ANGULO; ROSALINDA DELGADILLO; ROSALINDA ALONSO; THELMA MOORE; JUAN DELGADILLO ALONSO; BYLEGACY TEAM, INC.; US BANK TRUST COMPANY NA, AS TRUSTEE; BY LEGACY LLC; ROMAN LIRA; SREE PACHAMMA PROPERTIES, LLC; MAYOWA UCHE OKOBIE; GABRIELA SANTAMARIA; GODWIN OMWANGHE A/K/A GODWIN OMAWANCHE; BLANCA ESTELLA DIAZ-CRUZ; GABRIEL GARCIA AVILA; ROBERTA SWEEPER; THELMA SWIMS; EDGARDO ALEMAN; ESPERANZA MACIAS; PAULINE C. PRATER; WAYNE HOLLOWAY; THORNWOOD PARTNERS, LTD.; MICHAEL T. RZASA; FEDERAL NATIONAL MORTGAGE ASSOCIATION;BRENDA J. ALLEN-BALLARD; IRENE JONES; ALBERTO ABEL BELLIDO; CLARA OLIVARES; THOMAS LOREK; MUSHIYA LOREK; LETICIA SOLIS; LETICIA GAMBOA; ALTHEA Y. ANDERSON; JOANNA STALLWORTH; TERRY JONES; GREGORY L. JONES; WILLIAM DORGAN; ALBERTO OCAMPO; CRISOSTOMA FLORES DE OCAMPO; SALTA GROUP, INC.; BRUCE LANCE II; JOYCE LANCE; BERTA L. CLAVIJO; LISA P. MAYFIELD; LAURA P. OLVERA; SAUL ARELLANO; LORE J. MARTINEZ; THE MCELROY TRUST UTD DTD 3/17/1998; BERTRAM MCELROY; ZENAIDA GARCIA; NATHANIEL K. BOSTON; ATANAS I. PETRICHKI; IVAN A. PETRICHKI; VICTOR NAVARRO; CHRISTOPHER RAMEY; JAVIER TAPIA; CRISTINA M. TAPIA; DANIEL LOBBINS; MARQUETTE BANK, AS TRUSTEE U/T/A 30704 DTD 7/28/2021; ANTONI CHMIELEWSKI; JADWIGA CHMIELEWSKI; EUGENA HENRY; JESSICA LEWIS; MANUELA D. TAYLOR-WILLIAMS; LEETHEL FRANKLIN; JOSEPHINE E. JOHNSON; DESIREE SKIPPER; CHICAGO TITLE LAND TRUST, CO. AS SUCCESSOR-TRUSTEE TO FIRST NATIONAL BANK OF EVERGREEN PARK, AS TRUSTEE U/T/A #14358 DTD 5-24-95; INA M. WISE; CLAUDETTE WALKER; CARLA M. DAVIS; TIFFANY FLOWERS; JOHN M. SMITH; TRACY LYNN ROBINSON; SHIRLEY MIA SMITH; BURTON WAYNE SMITH; ALEJANDRO ANDRADE-LARA; DEVON DANE MURRAY; PATRICIA T. WILLIAMS; RNM FUTURE, LLC; RICARDO GARCIA; RV HOLDINGS THREE, LLC; DIANE DEVROE; LINCOLN W. SEABROOKS; THE LORENE M. MIMS 2023 TRUST DATED 6/16/2023; LORENE MIMS; JOSE R. CONSTANTE; MARIA I. FARIAS; TONIA PONCE; LOUIS E. HENNERICH; MARIA DOMINGUEZ; ALBERTO PADILLA JR.; AMERICAN NATIONAL BANK, AS TRUSTEE U/T/A 43810 DTD 9/1/1978; GEORGE NOVOGRODER; ANGEL ZARAZUA; ADRIANA MENDOZA; SALVADOR FARIAS; JORGE A. INIGUEZ; THE HUNTINGTON NATIONAL BANK; ALEJANDRA GUZMAN; DOMENICOS KOSTERIS; EFREN RUIZ; THE ROAD TO RIGHTEOUSNESS FOUNDATION, INC.; MARIA R. PADILLA; EMMANUEL OFORUM; ADRIANA VAZQUEZ; PRISCILA ESTHER TORRES JIMENEZ; KENNETH L. WRIGHT; ANTHONY J. COLEMAN; ANTONIO GADDIS; ENJOLIQUE WILSON; ISAAC WILSON; JORGE AGUSTIN FRUTOS TORRES; AARON C. JACKSON; CYRIS WATSON; JAMIA BRAY; LAURA A. GOMEZ; AISHA RICE; DOROTHY R. HARDY; ISRAEL MIRANDA TEIXEIRA; MARLON FORTINEAUX; CHARLOTTE HOWARD; JOSE J. GARCIA; AMPARO GARCIA; DAVID J. GARCIA;

103

FILED DATE: 10/21/2025 11:16 AM 20231401241

MARIA J. MAGANA; KIERRA BARNES; CHALESE A. CONLEY; GREGORY LAPAPA; ALMA SANTANA OCTAVIANO; MARITZA CERVANTES; THE JOYCE BOWLES REVOCABLE LIVING TRUST DTD 7/26/2011; JOYCE BOWLES; JUAN M. SOLIZ; NELLIE M. COTTON; RAJAMER JONES; CARZIE L. JONES; DOROTHY ANDERSON; RONA ANDERSON; HECTOR BOTELLO; ZIAD H. AL KHATIB; SABINE DESIR; NEWREZ, LLC; DIANE L. TODD; PNC BANK, NA; TYREE PITTMAN; DEBORAH MITCHELL; MOHAMMED ABUBAKER; DIVINITY PROPERTIES, LLC; HYUN W. SHIN; WILLIAM A. WILCHER; VERONICA MCGRAW; MAGDI ODEH; MOHAMMEDNAJIB A. ALKARAKI; CHICAGO TITLE LAND TRUST CO. U/T/A 8002392933; ALEEM WAHEED; SHIRLEY WAHEED; LAWRENCE W. COLLINS; PATRICK SLATTERY; MAURA SLATTERY BOYLE; RAMONA B. REYES; CHICAGO TITLE LAND TRUST CO., AS SUCCESSOR-TRUSTEE U/T/A#503 DTD 4/23/1979; JAVIER URBINA; MINERVA ORDUNO; ARACELI MARTINEZ; BOGUSLAW BIL; MARCELO RODRIGUEZ-GARCIA; IRENE M. RUFUS; VINELLE A. MYRIE; AMELIA PACHECO; JUANA REYES; PAULA MENDEZ; TONI GREEN; ALICIA GREEN; ROCHANNA JOHNSON; TERESA SHAW; STEVEN W. RAYSIDE; ESMERALDA RAFAELA DALY; ESMERALDA RAFAELA; JUAN CARLOS CAMARENA; DALY RODRIGUEZ REVOCABLE LIVING TRUST DTD 5/8/2020; THE ESTATE OF JOAN P. MOORE; FORETHOUGHT LIFE INSURANCE COMPANY C/O SELECT PORTFOLIO SERVICING, INC.; US BANK TRUST NA, AS TRUSTEE FOR LB-RANCH SERIES V TRUST; TOTAL MASONRY, LLC; PARKWAY ELEVATORS, INC.; FORD CITY REALTY, LLC; FORD CITY NASSIM, LLC; FORD CITY CH, LLC; WEISS ORTIZ P.C.; TENANTS AND OCCUPANTS, and UNKNOWN OWNERS AND NON-RECORD CLAIMANTS

("Owners"), have maintained the building on the subject property, or allowed the building on the subject property to remain, in violation of the Chicago Municipal Code.

**ANSWER:** No allegations are directed against Defendants in Paragraph 11 of Count I, and therefore Defendants make no response to the same. To the extent any allegations in Paragraph 11 of Count I are construed to be against Defendants, Defendants deny the allegations directed against them in Paragraph 11, including, but not limited to, that they have maintained the building on the subject property, or allowed the building on the subject property to remain, in violation of the Chicago Municipal Code, or are liable for any fines regarding the maintenance of the subject property.

WHEREFORE, the City prays for a fine against the defendant Owners, as provided under 13-12-020, for each day said violations have existed and/or exist, said fine computed in accordance with Section 13-12-040 of the Municipal Code of Chicago.

**ANSWER:** Plaintiff seeks no relief from Defendants in Count I. To the extent any

of the allegations in Count I, or relief sought in the unnumbered WHEREFORE clause of Count I, seek any monetary relief from Defendants, Defendants deny that Plaintiff is entitled to any of the relief sought against them in Count I, including, but not limited to, payment of any fines or an award of any amount of money whatsoever from Defendants. Defendants make no response to the relief sought against the other defendants named in the Complaint.

### Count II- Injunctive Relief

12.    The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations as paragraph 12 of Count II.

**ANSWER:    Defendants incorporate by reference their answers to Paragraphs 1 through 7 of the General Allegations as though fully set forth herein.**

13.    All buildings in the City of Chicago must meet the minimum requirements for electrical, plumbing, heating and ventilation and general building requirements. Municipal Code of Chicago § 13-196-010 (2000) ("Every existing building shall comply with the code requirements in force and applicable to such building. . . .").

**ANSWER:    The referenced section of the Municipal Code of Chicago speaks for itself.**

14.    The subject property fails to meet the minimum requirements of the Code as described in the preceding paragraphs.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Count II and therefore deny the same.**

15.    The Injunction Statute for Building and Zoning Violations provides, in pertinent part, that:

> In case any building or structure, including fixtures, is constructed . . . or maintained, or any building or structure, including fixtures, or land, is used in violation of an ordinance or ordinances . . . the proper local authorities of the municipality . . . in addition to other remedies, may institute any appropriate action or proceeding . . . (4) to restrain, correct or abate the violation.

See 65 ILCS 5/11-31-2(a) (2004); see also Municipal Code of Chicago § 13-12-070 (2000) (City may obtain an injunction requiring compliance with the provisions of the Building Code.).

FILED DATE: 10/21/2025 11:16 AM    20231401241

FILED DATE: 10/21/2025 11:16 AM    20231401241

**ANSWER:    The referenced statutory provision and section of the Municipal Code of Chicago speak for themselves.**

16.    The Illinois Municipal Code provides, in pertinent part, that:

If the appropriate official of any municipality determines, upon due investigation, that any building or structure therein fails to conform to the minimum standards of health and safety as set forth in the applicable ordinances of such municipality, and the owner or owners of such building or structure fails, after due notice, to cause such property so to conform, the municipality may make application to the circuit court for an injunction requiring compliance with such ordinances or for such other order as the court may deem necessary or appropriate to secure such compliance.

See 65 ILCS 5/11-31-2 (2004)

**ANSWER:    The referenced statutory provision speaks for itself.**

17.    Preliminary and permanent injunctive relief is necessary to end the conduct of those 65 defendants who own, control or otherwise manage the subject property in violation of the requirements of the Municipal Code of Chicago.

**ANSWER:    The allegations in Paragraph 17 include legal conclusions to which no answer is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Count II and therefore deny the same.**

18.    Moreover, the failure of the defendants who own, control or otherwise manage the subject property to maintain the subject property according to the minimum requirements of the Municipal Code of Chicago constitutes an ongoing injury to the public health, safety and welfare, for which there is no adequate remedy at law. See Municipal Code of Chicago §13-12-010 (2000) ("In interpreting and applying said provisions of this code, such provisions shall in every instance be held to be the minimum requirements adopted for the protection and promotion of the public health, safety and welfare."). The prosecution and fining alone of these defendants will not promptly abate the nuisance.

**ANSWER:    To the extent any allegations in Paragraph 18 of Count II are construed to be against Defendants, Defendants deny the allegations directed against them in Paragraph 18 of Count II and make no response to the allegations directed against the other defendants named in the Complaint.**

19.    Where a statute or ordinance authorizes injunctive relief, a municipality need only

FILED DATE: 10/21/2025 11:16 AM    20231401241

show that the statute or ordinance was violated to obtain injunctive relief. See Allied Waste Trans., 334 Ill. App. 3d at 228-29; Krisjon, 246 Ill. App. 3d at 959; Piotrowski, 215 Ill. App. 3d at 834-35.

**ANSWER:**    **The allegations in Paragraph 19 include legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny any allegations in Paragraph 19 of Count II that are inconsistent with current Illinois law.**

WHEREFORE, the City prays:

A.    For a temporary and permanent injunction requiring the defendant owners to correct the violations alleged in the complaint and to restrain future violations permanently, pursuant to 65 ILCS 5/11-31-1 (a), 5/11-31-2, 5/11-13-15 and 13–12–170 of the Municipal Code

B.    For the appointment of receiver, if necessary, to correct the conditions alleged in the Complaint with the full powers of receivership including the right to issue and sell receivers certificates in accordance with Section 5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended.

C.    For an order authorizing the City to demolish, repair, enclose or cleanup said premises, if necessary, and a judgment against the defendant unit owners and a lien on the subject property for these costs in accordance with Section 5/11-31-1 (a) of Chapter 65 of the Illinois Compiled Statutes, as amended.

D.    If appropriate and under proper petition, for an order declaring the property abandoned under Section 5/11-31-1 (d) of Chapter 65 of the Illinois Compiled Statutes, as amended, and for an order granting City of Chicago a judicial deed to the property if declared abandoned.

E.    If a statutory lien is obtained in this proceeding under Section 5/11-31-1 or 5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended, for an order permitting foreclosure of said lien in this proceeding.

F.    For reasonable attorney fees and litigation and court costs.

G.    For such other and further relief as may be necessary in the premises and which the court shall deem necessary.

**ANSWER:**    **Defendants deny that Plaintiff is entitled to any of the relief sought against them in Count II, including, but not limited to, an award of reasonable attorney's fees and litigation and court costs, or an award of any amount of money whatsoever from Defendants. Answering further, any statutory lien obtained by Plaintiff through this proceeding regarding properties where Defendants hold first-filed mortgage liens would not take priority over Defendants' liens. Defendants make no response to the relief sought**

FILED DATE: 10/21/2025 11:16 AM  20231401241

**against the other defendants named in the Complaint.**

<u>**Count III - Distressed Condominium Property Provisions**</u>

20.     The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations as paragraph 20 of Count III.

**<u>ANSWER:</u>     Defendants incorporate by reference their answers to Paragraphs 1 through 7 of the General Allegations as though fully set forth herein.**

21.     The Condominium Property Act provides that a distressed condominium property is a parcel containing condominium units which are "operated in a manner or have conditions which may constitute a danger, blight, or nuisance to the surrounding community or to the general public." 765 ILCS 605/14.5(a).

**<u>ANSWER:</u>     The referenced statutory provision speaks for itself.**

22.     The Condominium Property Act authorizes the City of Chicago to seek a court order finding that a property is a distressed condominium and appointing a receiver for the property. 735 ILCS 605/14.5, et seq.

**<u>ANSWER:</u>     The provisions of the Condominium Property Act speak for themselves.**

23.     The dangerous conditions giving rise to the status of distressed condominium property must include, but are not limited to, two (2) or more of the following conditions;

    a.     50% or more of the condominium units are not occupied by persons with a legal right to reside in the units;

    b.     The building has serious violations of any applicable local building code or zoning ordinance;

    c.     60% or more of the condominium units are in foreclosure or are units against which a judgment of foreclosure was entered within the last 18 months;

    d.     There has been a recording of more condominium units on the parcel than physically exist;

    e.     Any of the essential utilities to the parcel or to 40% or more of the condominium units is either terminated or threatened with termination;

    f.     There is a delinquency on the property taxes for at least 60% of the condominium units.

**<u>ANSWER:</u>     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of Count III and therefore deny the same.**

24.     The subject property contains two or more of the above-mentioned dangerous

FILED DATE: 10/21/2025 11:16 AM    20231401241

conditions, as follows:

    a.    The subject property has serious violations of the City of Chicago Municipal Code as described in the complaint, including DANGEROUS AND HAZARDOUS exterior walls, missing or nonfunctioning life safety devices, elevator systems, and structural supports.

    b.    The condominium association is nonfunctioning.

    c.    The water supply is threatened for termination for the entire condominium complex.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of Count III and therefore deny the same.**

25.    Based upon the preceding factors, the property is not viable as a condominium.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of Count III and therefore deny the same.**

26.    The condominium association or board cannot take responsibility for the necessary code repairs at the subject property.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of Count III and therefore deny the same.**

27.    The condominium association has filed for bankruptcy and bankruptcy proceedings are currently pending.

**ANSWER:** **Defendants admit the allegations in Paragraph 27 of Count III.**

28.    The failure of the defendants who own, control or otherwise manage the subject property to maintain the subject property according to the minimum requirements of the Municipal Code of Chicago constitutes a danger, blight and/or nuisance to the surrounding community and the public at large. The levying of a fine is not an adequate remedy for the unsafe conditions that exist at the subject property.

**ANSWER:** **To the extent any allegations in Paragraph 28 of Count III are construed to be against Defendants, the allegations in Paragraph 28 of Count III include legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations directed against them in paragraph 28 of Count III and**

FILED DATE: 10/21/2025 11:16 AM 20231401241

make no response to the allegations directed against the other defendants named in the

Complaint.

29.     The appointment of a receiver is necessary to abate the nuisance conditions present at this property and to allow for the maintenance and rehabilitation of this blighted property into a safe and inhabitable rental property in compliance with the Municipal Code of the City of Chicago.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of Count III and therefore deny the same.**

30.     A receiver appointed under the Distressed Condominium provision of the Illinois Condominium Property Act shall "have possession of the property and shall have full power and authority to operate, manage, and conserve the property" and must "manage the property as would a prudent person." 765 ILCS 605/14.5(e). The receiver may also, without an order of the court, delegate managerial functions of the receivership to a financially responsible and prudently selected person in the business of managing real estate. 765 ILCS 605/14.5(e).

**ANSWER:     The referenced statutory provisions speak for themselves.**

WHEREFORE, the City requests that this Court:

A.     Make a finding that this property is a distressed condominium property constituting a danger, blight, or nuisance to the surrounding community and general public in that it contains two or more of the conditions listed in 765 ILCS 605/14.5 (a) (1) (A) through (F).

B.     Appoint a receiver for the property pursuant to 765 ILCS 605/14.5 (c)(2), the receiver to have all powers and authority contemplated in, but not limited by 765 ILCS 605/14.5 (e) (1) through (10) and (f);

C.     Authorize the receiver to conduct a feasibility study;

D.     Authorize the receiver to recover the cost of any feasibility study, sale, management, maintenance, repair and/or rehabilitation of the property by the issuance and sale of notes or receiver's certificates bearing such interest as the court may fix, pursuant to 765 ILCS 605/14.5 (f).

E.     Authorize the receiver to coordinate with various City agencies and departments, including but not limited to the Chicago Police Department, the Department of Human Services, the Department of Construction and Permits, and the Department of Buildings.

F.     Implead as party defendants all tenants and/or occupants of the subject premises and enjoin and restrain defendants who have been personally served or generally or limitedly appeared in this cause from interfering with or obstructing the receiver's performance of his or her receivership duties.

G.     Find that the subject property is not viable as a condominium and enter an order pursuant to 765 ILCS 605/14.5 (c) (2) declaring

a.     That the property at **4260-4350 W. FORD CITY DR./4260-4351**

FILED DATE: 10/21/2025 11:16 AM    20231401241

**W. 76TH ST., Chicago, IL 60652** ("subject property") is no longer a condominium;

b.    That the property is deemed to be owned in common by each of the unit owners;

c.    That the undivided interest in the property which shall appertain to each unit owner shall be the percentage of undivided interest previously owned by the owner in the common elements, and;

d.    That any liens affecting any unit shall be deemed to be attached to the undivided interest of the unit owner in the property as provided herein.

H.    Authorize the receiver to enter into a sales contract and transfer the title of the property on behalf of the owners of the property pursuant to 765 ILCS 605/14.5 (d).)

I.    Grant any other relief that this Court deems appropriate.

**ANSWER:**    **Plaintiff seeks no relief from Defendants in Count III. To the extent any of the allegations in Count III, or relief sought in the unnumbered WHEREFORE clause of Count III, seek any monetary relief from Defendants, Defendants deny that Plaintiff is entitled to an award of any amount of money whatsoever from Defendants. Answering further, any lien obtained by Plaintiff through this proceeding regarding properties where Defendants hold first-filed mortgage liens would not take priority over Defendants' liens, and that any attempted transfer of title by a receiver would be subject to Defendants' first-filed liens. Defendants make no response to the relief sought against the other defendants named in the Complaint.**

### Count IV - Unsafe Property Provisions

31.    The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations as paragraph 31 of Count IV.

**ANSWER:**    **Defendants incorporate by reference their answers to Paragraphs 1 through 7 of the General Allegations as though fully set forth herein.**

32.    The Unsafe Property Statute provides, in pertinent part, that:

111

FILED DATE: 10/21/2025 11:16 AM 20231401241

The corporate authorities of each municipality may demolish, repair, or enclose or cause the demolition, repair or enclosure of dangerous and unsafe buildings and uncompleted and abandoned buildings within the territory of the municipality. . . . See 65 ILCS 5/11-31-1(a) (2004).

**ANSWER:** **The referenced statutory provision speaks for itself.**

33. The Unsafe Buildings Ordinance also authorizes the City of Chicago to seek a court order authorizing the demolition, repair or enclosure of "any building . . . found in a dangerous and unsafe condition or uncompleted and abandoned" within the city limits of Chicago. Municipal Code of Chicago § 13-12-130 (2000).

**ANSWER:** **The referenced section of the Municipal Code of Chicago speaks for itself.**

34. The defendants have violated, and continue to violate, the Unsafe Property Statute and Unsafe Buildings Ordinance by allowing the subject property to remain in a dangerous and unsafe condition posing a danger to the public health, safety and welfare. The building on the subject property would require major reconstruction in order to remedy its dangerous and unsafe condition.

**ANSWER:** **The allegations in Paragraph 34 of Count IV include legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations directed against them in Paragraph 34 of Count IV and make no response to the allegations directed against the other defendants named in the Complaint.**

35. The levying of a fine is not an adequate remedy for the dangerous and unsafe conditions at the subject property.

**ANSWER:** **The allegations in Paragraph 35 of Count IV include legal conclusions to which no answer is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of Count IV and therefore deny the same.**

36. Where a statute or ordinance authorizes injunctive relief, a municipality need only show that the statute or ordinance was violated to obtain injunctive relief. See Village of Riverdale v. Allied Waste Trans., Inc., 334 Ill. App. 3d 224, 228-29 (1st Dist. 2002); City of Chicago v. Krisjon Constr. Co., 246 Ill. App. 3d 950, 959 (1St Dist. 1993); City of Chicago v. Piotrowski, 215 Ill. App. 3d 829, 834-35 (1st Dist. 1991).

FILED DATE: 10/21/2025 11:16 AM    20231401241

**ANSWER:** **The allegations in Paragraph 36 of Count IV include legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny any allegations in Paragraph 36 of Count IV that are inconsistent with current Illinois law.**

WHEREFORE, the City requests that this Court enter an order:

A.   Requiring the defendants to demolish, repair, enclose or clean-up the subject property under proper permits issued by the City of Chicago;

B.   Alternatively, authorizing the City of Chicago to demolish, repair, enclose or clean up the subject property pursuant to 65 ILCS 5/11-31-1(a) and Municipal Code of Chicago § 13-12-130, the costs of which are to be assessed as a judgment against the defendants, and as a lien against the subject property;

C.   Permitting foreclosure of any City of Chicago liens entered against the subject property in this proceeding, pursuant to 65 ILCS 5/11-31-1(c);

D.   Awarding to the City court costs, attorney's fees and other costs related to the enforcement of 65 ILCS 5/11-31-1(a) against the defendants; and

E.   Granting any other relief that this Court deems appropriate.

**ANSWER:** **Defendants deny that Plaintiff is entitled to any of the relief sought against them in Count IV, including, but not limited to, any judgment against Defendants, permitting foreclosure of any City of Chicago liens against the properties in which Defendants hold first-filed mortgage liens, an award of reasonable attorney's fees and litigation and court costs, or an award of any amount of money whatsoever from Defendants. Defendants make no response to the relief sought against the other defendants named in the Complaint.**

### Count V — Improperly Maintained Building or Structure—Injunctive Relief

37.   The City realleges and incorporates paragraphs 1 through 7 as paragraph 37 of Count V.

**ANSWER:** **Defendants incorporate by reference their answers to Paragraphs 1 through 7 of the General Allegations as though fully set forth herein.**

38.   The Municipal Code of Chicago declares that a building is a nuisance subject to

113

FILED DATE: 10/21/2025 11:16 AM   20231401241

abatement if it is:

> a building or structure found to be vacant and open after the effective date of an order to secure and enclose issued by a court of competent jurisdiction or the department of administrative hearings within the previous 12 months, unless stayed by a court of competent jurisdiction; (2) a building or structure that contains any violation of a health, fire, electrical, plumbing, building or zoning provision of this code which is imminently dangerous and hazardous; (3) a building or structure for which the costs of the repairs necessary to bring the building or structure into compliance with applicable laws would exceed the market value of the building or structure after the repairs would have been made, or when the owner cannot show that it has readily available and sufficient assets to make such repairs or where such repairs otherwise are economically infeasible; or (4) a building or structure where an owner has failed to correct the code violation(s) that form the basis of an adverse order or judgment involving that building or structure, issued by a court of competent jurisdiction or a hearing officer of the department of administrative hearings, within 60 days of entry, unless such adverse order or judgment has been stayed by a court of competent jurisdiction.

Municipal Code of Chicago § 13-12-145(a).

**ANSWER:** **The referenced section of the Municipal Code of Chicago speaks for itself.**

39.     The building or structure on the subject property is a nuisance as defined by the Municipal Code in that the building or structure contains violations of health, fire, electrical, plumbing, building and/or zoning provisions of the Code which are imminently dangerous and hazardous, and, further, that the owner(s) cannot show that he/she/they/it has readily available and sufficient assets to make all necessary repairs.

**ANSWER:** **The allegations in Paragraph 39 of Count III include legal conclusions to which no answer is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of Count V and therefore deny the same.**

40.     The Municipal Code of Chicago authorizes the Corporation Counsel to bring an action in a court of competent jurisdiction to abate a public nuisance as defined in that section. § 13-12¬145 (c).

**ANSWER:** **The referenced section of the Municipal Code of Chicago speaks for itself.**

41.     The levying of a fine is not an adequate remedy to abate the nuisance which exists.

FILED DATE: 10/21/2025 11:16 AM  20231401241

**ANSWER:** **The allegations in Paragraph 41 of Count V include legal conclusions to which no answer is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of Count V and therefore deny the same.**

WHEREFORE, the City requests that this Court enter an order:

A.  Declaring the building a nuisance as defined in Section 13-12-145 (a) of the Municipal Code of Chicago.

B.  Assigning or forfeiting the Defendants' rights, title and interest in the subject property to the City of Chicago or a third party designated by the City;

C.  Permitting the foreclosure in this proceeding of any liens of the City of Chicago entered against the subject property in this case;

D.  Awarding the City of Chicago the court costs, attorney's fees and other costs related to enforcement of Section 13-12-145(e) against the Defendants; and

E.  Granting any other relief that this Court deems appropriate.

**ANSWER:** **Defendants deny that Plaintiff is entitled to any of the relief sought against them in Count V, including, but not limited to, any forfeiture of Defendants' rights, title and interest in the properties in which Defendants hold first-filed mortgage liens, an award of reasonable attorney's fees and litigation and court costs, or an award of any amount of money whatsoever from Defendants. Defendants make no response to the relief sought against the other defendants named in the Complaint.**

## AFFIRMATIVE DEFENSES

1.  Defendants reserve their right to amend their Affirmative Defenses to allege further defenses that they may have against Plaintiff if additional defenses become apparent throughout the course of this litigation. Notwithstanding the foregoing and without waiving its right to assert additional defenses, Defendants assert the following Affirmative Defenses:

FILED DATE: 10/21/2025 11:16 AM   20231401241

## AFFIRMATIVE DEFENSE NO. 1
### (4300 W. Ford City Drive, Unit A-1310)

2.      To the extent any new lien is recorded by Plaintiff regarding the property located 4300 W. Ford City Drive, Unit A-1310, the mortgage lien held by CitiMortgage, Inc. as successor by merger to ABN AMRO Mortgage Group and recorded with the Cook County Recorder of Deeds on September 23, 2005, under Document No. 0526613054 would be superior and take priority over any new lien recorded by Plaintiff.

## AFFIRMATIVE DEFENSE NO. 2
### (4300 W. Ford City Drive, Unit A-601)

3.      To the extent any new lien is recorded by Plaintiff regarding the property located 4300 W. Ford City Drive, Unit A-601, the mortgage lien in which Citibank, N.A. has an interest and recorded with the Cook County Recorder of Deeds on October 22, 2012, under Document No. 1229655024 would be superior and take priority over any new lien recorded by Plaintiff.

## AFFIRMATIVE DEFENSE NO. 3
### (Failure to State a Claim)

4.      Plaintiff fails to state a claim against Defendants under the Illinois Condominium Property Act and the Municipal Code of Chicago.

## AFFIRMATIVE DEFENSE NO. 4
### (Waiver)

5.      Plaintiff's claims against Defendants are barred, in whole or in part, by the doctrine of waiver.

## AFFIRMATIVE DEFENSE NO. 5
### (Fault of Others)

6.      The fines and penalties requested by Plaintiff were caused, in whole or in part, by the conduct, fault and/or negligence of persons or entities other than Defendants. Plaintiff is therefore barred from recovering fines and penalties from Defendants.

FILED DATE: 10/21/2025 11:16 AM 20231401241

Dated: October 21, 2025                          Respectfully submitted,

                                                 */s/ Alexa Thein*
                                                 Steve Trubac
                                                 Alexa Thein
                                                 Bryan Cave Leighton Paisner LLP
                                                 161 North Clark, Suite 4300
                                                 Chicago, Illinois 60601
                                                 Tel: 312-602-5000
                                                 steve.trubac@bclplaw.com
                                                 alexa.thein@bclplaw.com
                                                 Firm ID: 40886

                                                 *Attorneys for Defendants Citibank, N.A. as*
                                                 *successor by merger to Citibank, F.S.B., and*
                                                 *CitiMortgage, Inc.*

FILED DATE: 10/21/2025 11:16 AM 20231401241

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Dated:      October 21, 2025

Signature:  *Jennifer Thompson*

Name:       Jennifer Thompson

Title:      Operational Risk Senior Analyst

FILED DATE: 10/21/2025 11:16 AM   20231401241

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on October 21, 2025, she caused the foregoing document to be electronically filed with the Clerk of the Court of Cook County, Illinois, using the electronic filing service provider Odyssey eFileIL, which will send notification of such filing to counsel of record and all other parties having appeared.

/s/ *Alexa Thein*
Alexa Thein

Filer Selected Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Courtroom, 1109
System Generated Hearing Date: No hearing information was found.
Location: No hearing information was found.
Judge: No hearing information was found.
HRM NO: 42297

FILED DATE: 10/28/2025 6:07 PM    20231401241

FILED
10/28/2025 6:07 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
20231401241
Courtroom, 1109
35101802

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, MUNICIPAL DIVISION

CITY OF CHICAGO, a municipal corporation,

       Plaintiff,

vs.

FORD CITY CONDOMINIUM
ASSOCIATION; et al.,

       Defendants.

Case No.: 23-M1-401241

### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR EQUITABLE AND OTHER RELIEF

COME NOW Defendants HSBC Bank, USA, N.A., as Trustee for the Registered Holders of First NLC Trust 2007-1 Mortgage-Backed Certificates, Series 2007-1 s/i/i to Mortgage Electronic Registration Systems, Inc., as nominee for First NLC Financial Services, LLC ("HSBC"), Wells Fargo Bank, N.A., as Trustee for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2004-WHQ1 s/i/i to Argent Mortgage Company, L.L.C. ("Wells Fargo"), and Mortgage Electronic Registration Systems, Inc. as nominee for First NLC Financial Services, LLC ("MERS") (collectively, the "Mortgagee Defendants"), by and through their counsel, Dykema Gossett PLLC, for their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint for Equitable and Other Relief ("Complaint") filed by Plaintiff City of Chicago ("Plaintiff" or "City"), state as follows:

### Nature of the Case

1.      The City brings this action pursuant to its police power as a home rule unit under Article VII of the Illinois Constitution, which includes "the power to regulate for the protection of the public health, safety, morals and welfare." Ill. Const. art. VII, par. 6(a). As a further grant of

FILED DATE: 10/28/2025 6:07 PM   20231401241

authority, the City brings this action pursuant to the Unsafe Property Statute, 65 ILCS 5/11-31-1(a) et seq. (2004), as amended, the Injunction Statute for Building and Zoning Violations, 65 ILCS 5/11-13-15 (2005) and Chicago Municipal Code ("Code"). By bringing this action, the City seeks to abate the dangerous and unsafe conditions at the property in question and obtain equitable relief, civil penalties, attorneys fees and costs.

**ANSWER:**    The allegations in this paragraph consist of legal conclusions that require no response.  To the extent the Court requires a response, the Mortgagee Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

## The Parties and the Property at Issue

2.     The City is a municipal corporation organized and existing under the laws of the State of Illinois.

**ANSWER:**    The Mortgagee Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

3.     Within the corporate limits of Chicago, there is a parcel of real estate legally described as:

    a.    UNDERLYING PIN: 19-27-401-038-0000
        UNIT PINS: 19-27-401-038-1001 through 19-27-401-038-1357

    b.    **LEGAL DESCRIPTION:**

Residential Units A/201 to A/210, both inclusive, A/301 to A/310, both inclusive, A/401 to A/410, both inclusive, A/501 to A/510, both inclusive, A/601 to A/610, both inclusive, A/701 to A/710, both inclusive, A/801 to A/810, both inclusive, A/901 to A/910, both inclusive, A/1001 to A/1010, both inclusive, A/1101 to A/1110, both inclusive, A/1201 to A/1210, both inclusive, and A/1301 to A/1310, both inclusive, A/1401 to A/1410, both inclusive, A/1501 to A/1510, both inclusive, B-1/101, B-1/102, B-1/104, B-1/105, B-1/108, B-1/201, to B-1/208, both inclusive, B¬1/301 to B-1/308, both inclusive, B-1/401 to B1/408, both inclusive, B-1/501 to B-1/508, both inclusive, B¬2/101, B-2/102, B-2/104, B-2/105, B-2/108, B-2/201 to B-2/208, both inclusive, B-2/301 to B¬2/308, both inclusive, B-2/401 to B-2/408, both inclusive, B-2/501 to B-2/508, both inclusive, C¬1/101, C-1/103, C-1/104, C-1/105, C-1/108, C-1/201 to C-1/208, both inclusive, C-1/301 to

FILED DATE: 10/28/2025 6:07 PM    20231401241

C¬1/308, both inclusive, C-1/401 to C-1/408, both inclusive, C-1/501 to C-1/508, both inclusive, C¬2/101, C-2/103, C-2/104, C-2/105, C-2/108, C-2/201 to C-2/208, both inclusive, C-2/301 to C¬2/308, both inclusive, C-2/401 to C-2/408, both inclusive, C-2/501 to C-2/508, both inclusive, D¬1/101 to D-1/108, both inclusive, D-1/201 to D-1/208, both inclusive, D-2/101 to D-2/103, both inclusive, D-2/105 to D-2/108, both inclusive, D-2/201 to D-2/208, both inclusive, and Garage Units P-1 to P-38, both inclusive, as delineated on survey of the part of the North three-fourths of Section 27, Township 38 North, Range 13 East of the Third Principal Meridian, described as follows: commencing at the intersection of a Line 3536.00 feet East and parallel with the West line of said Section 27, and a Line 20 feet North of and parallel with a line hereafter referred to as "Line A", which extends East from a point on the West line of said Section 27, which is 644.66 feet South from the Northwest corner of the South half of said Section 27 to a point on the East line of said Section 27 which is 619.17 feet South from the Northeast corner of said South half, thence West along said line 20.00 feet North, 122.72 feet to the point of beginning of the Land herein described thence South along a line making an interior angle of 38° 36' 00"723.89 feet to the South line of the North half of the South half of said Section 27; thence West along said South line of the North half of the South half 890.01 feet, to a line 2506.00 feet East of and parallel to the West line of said Section 27; thence North along said line 2506.00 feet East, 436.29 feet, to a Line 264.26 feet South of and parallel with said "Line A"; thence East along said line 264.26 feet South, 257.86 feet, to a line 2736.86 feet East, 284.26 feet, to said line 20.00 feet North of "Line A"; thence East along said line 20.00 feet North, 649.84 feet to the point of beginning, in Cook County, Illinois, together with easements appurtenant as described in Document No. 24748418 recorded in the Office of the Recorder of Deed in said county; which survey is attached as Exhibit "A" to the Declaration of Condominium Ownership made by American National Bank and Trust Company of Chicago, as Trustee under Trust No. 45058, recorded in the Officer of the Recorder of Deeds, Cook County, Illinois as Document No. 24911808.

This parcel is commonly known as **4260-4350 W. FORD CITY DR./4260-4351 W. 76TH ST.**, Chicago, IL 60652 ("subject property").

**ANSWER:**    The Mortgagee Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and therefore deny those allegations except to the extent they are ascertainable as a matter of public record.

4.    On information and belief, located on the subject property is composed of seven buildings (a high-rise building, two mid-rise buildings, and four low-rise buildings) which include 319 dwelling units with parking.

**ANSWER:**    The Mortgagee Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and therefore deny those allegations except to the extent they are ascertainable as a matter of public record.

3

FILED DATE: 10/28/2025 6:07 PM    20231401241

5.      That at all times pertinent thereto on information and belief the following named Defendants owned, managed, controlled, collected rents from, had a legal or equitable interest in, or contributed to the ongoing violations at, the Subject Property:

1.      Defendant Ford City Condominium Association is the condominium association identified in the Condominium Declaration recorded against the property. The Association is currently the subject of a bankruptcy proceeding pending in the Northern District of Illinois in case 21-05193.

2.      Defendant William B. Avellone is the Subchapter V Trustee appointed in the proceedings and is sued only in his capacity as Trustee.

3.      The current owners of 4300 W. Ford City Drive, Unit A-201 (19-27-401-038¬1001) are Josef Toader, Florita Toader, and Emilia Codos.

4.      The current owner of 4300 W. Ford City Drive, Unit A-301 (19-27-401-038¬1002) is Lois A. Gordon. Kelvin B. Bacon has a beneficiary interest.

5.      The current owner of 4300 W. Ford City Drive, Unit A-401 (19-27-401-038¬1003) is Chicago Title Land Trust, Co. as successor-trustee to First National Bank of Evergreen Park, as Trustee U/T/A #14358 DTD 5-24-95. The last taxpayer of record and beneficiary is Mieczylsaw Wawozny.

6.      The current owners of 4300 W. Ford City Drive, Unit A-501 (19-27-401-038¬1004) are Hatuey McKoy and Winston McKoy.

7.      The current owners of 4300 W. Ford City Drive, Unit A-601 (19-27-401-038¬1005) are Marsellow Farrow and Marc C. Farrow. The current mortgagees are Citibank, NA and Mortgage Electronic Registration Systems, Inc. Chaka D. Farrow is a beneficiary.

8.      The current owner of 4300 W. Ford City Drive, Unit A-701 (19-27-401-038-1006) is Karina Rodea Esquivel.

9.      The current owners of 4300 W. Ford City Drive, Unit A-801 (19-27-401-038¬1007) are Wendy Watson and Brent Watson.

10.      The current owner of 4300 W. Ford City Drive, Unit A-901 (19-27-401-038¬1008) is GPAM Properties, LLC.

11.      The current owner of 4300 W. Ford City Drive, Unit A-1001 (19-27-401-038¬1009) is Rayven V. Wilson.

12.      The current owner of 4300 W. Ford City Drive, Unit A-1101 (19-27-401-038¬1010) is Providencia Gonzalez.

FILED DATE: 10/28/2025 6:07 PM   20231401241

13.     The current owner of 4300 W. Ford City Drive, Unit A-1201 (19-27-401-038¬1011) is Amanda L. Navarro.

14.     The current owners of 4300 W. Ford City Drive, Unit A-1301 (19-27-401-038¬1012) are Miriam Ferreira a/k/a Miriam Chavez and Giovanni Jael Chavez.

15.     The current owner of 4300 W. Ford City Drive, Unit A-1401 (19-27-401-038¬1013) is Adrienne Holley. The current mortgagees are Countrywide Home Loans Inc. and Mortgage Electronic Registration Systems, Inc.

16.     The current owner of 4300 W. Ford City Drive, Unit A-1501 (19-27-401-038¬1014) is The Howard Family Trust U/T/A DTD 7/3/2015. The trustee is Donna M. Howard. The last taxpayer of record is Rogelio Villagomez.

17.     The current owner of 4300 W. Ford City Drive, Unit A-202 (19-27-401-038¬1015) is Arcadia Management Group, LLC.

18.     The current owner of 4300 W. Ford City Drive, Unit A-302 (19-27-401-038¬1016) is Vicente Gonzalez-Carabez.

19.     The current owner of 4300 W. Ford City Drive, Unit A-402 (19-27-401-038¬1017) is Fouad M. Doolah.

20.     The current owners of 4300 W. Ford City Drive, Unit A-501 (19-27-401-038¬1018) are Larry Gillette and Zofia Modrzejewska.

21.     The current owner of 4300 W. Ford City Drive, Unit A-602 (19-27-401-038¬1019) is Joyce D. Martin.

22.     The current owner of 4300 W. Ford City Drive, Unit A-702 (19-27-401-038-1020) is AMGUN Investments, LLC.

23.     The current owner of 4300 W. Ford City Drive, Unit A-802 (19-27-401-038¬1021) is Manchun Kao.

24.     The current owner of 4300 W. Ford City Drive, Unit A-902 (19-27-401-038¬1022) is Homes For Veterans Co.

25.     The current owner of 4300 W. Ford City Drive, Unit A-1002 (19-27-401-038¬1023) is Erica Salinas. A possible party of interest is Melissa Rangel.

26.     The current owner of 4300 W. Ford City Drive, Unit A-1102 (19-27-401-038¬1024) is Z Financial Illinois G Properties, LLC.

27.     The current owner of 4300 W. Ford City Drive, Unit A-1202 (19-27-401-038¬1025) is Adetokunbo Ogunsanya a/k/a Ade Ogunsanya a/k/a Adetokunbo O. Tejuoso. A possible party of interest is Pedro Palacios.

FILED DATE: 10/28/2025 6:07 PM   20231401241

28.     The current owner of 4300 W. Ford City Drive, Unit A-1302 (19-27-401-038¬1026) is Ahmad A. Nur.

29.     The current owners of 4300 W. Ford City Drive, Unit A-1402 (19-27-401-038¬1027) are Brent Watson and Wendy Watson.

30.     The current owner of 4300 W. Ford City Drive, Unit A-1502 (19-27-401-038¬1028) is William D. O'Donnell. The last taxpayer of record is Hugh O'Donnell.

31.     The current owner of 4300 W. Ford City Drive, Unit A-203 (19-27-401-038¬1029) is Magaly Z. Garcia a/k/a Maggie Garcia.

32.     The current owner of 4300 W. Ford City Drive, Unit A-303 (19-27-401-038¬1030) is Hilda M. Zmora.

33.     The current owners of 4300 W. Ford City Drive, Unit A-403 (19-27-401-038¬1031) are Christopher D. Russell and Karen E. Russell.

34.     The current owner of 4300 W. Ford City Drive, Unit A-503 (19-27-401-038¬1032) is Juan Delgadillo Alonso. Possibly interested parties are Efrain Rojas Galvez, Martin Angelo Aceves, and Francisco Carrillo.

35.     The current owner of 4300 W. Ford City Drive, Unit A-603 (19-27-401-038¬1033) is Oscar Mireles.

36.     The current owners of 4300 W. Ford City Drive, Unit A-703 (19-27-401-038-1034) are John Golden and Mary Golden.

37.     The current owner of 4300 W. Ford City Drive, Unit A-803 (19-27-401-038¬1035) is Steven T. Shuttleworth II.

38.     The current owners of 4300 W. Ford City Drive, Unit A-903 (19-27-401-038¬1036) are Mary Biel and Ludwik Dziedzic. The current mortgagee is BMO Harris Bank, NA.

39.     The current owner of 4300 W. Ford City Drive, Unit A-1003 (19-27-401-038¬1037) is Lisa S. McMath.

40.     The current owner of 4300 W. Ford City Drive, Unit A-1103 (19-27-401-038¬1038) is Brent Watson.

41.     The current owners of 4300 W. Ford City Drive, Unit A-1203 (19-27-401-038¬1039) are Toni Green and Michael Green.

42.     The current owner of 4300 W. Ford City Drive, Unit A-1303 (19-27-401-038¬1040) is Bank of America, NA as successor-trustee of LaSalle Bank NA, as Trustee U/T/A 133767 DTD 1/11/2005. The last taxpayer of record is Loretta C. Maher.

FILED DATE: 10/28/2025 6:07 PM   20231401241

43.    The current owner of 4300 W. Ford City Drive, Unit A-1403 (19-27-401-038¬1041) is Kazimiera Ptak.

44.    The current owner of 4300 W. Ford City Drive, Unit A-1503 (19-27-401-038¬1042) is Judy Griffin. The current mortgagee is NewRez, LLC.

45.    The current owner of 4300 W. Ford City Drive, Unit A-204 (19-27-401-038¬1043) is Lisa D. Sampson. The current mortgagee is JP Morgan Chase Bank, NA.

46.    The current owner of 4300 W. Ford City Drive, Unit A-304 (19-27-401-038¬1044) is Pamela Jefferson.

47.    The current owner of 4300 W. Ford City Drive, Unit A-404 (19-27-401-038¬1045) is Edward Coleman.

48.    The current owner of 4300 W. Ford City Drive, Unit A-504 (19-27-401-038¬1046) is Takada V. Dixon. The current mortgagee is US Bank, NA, as Trustee.

49.    The current owner of 4300 W. Ford City Drive, Unit A-604 (19-27-401-038¬1047) is DLJ Mortgage Capital, Inc.

50.    The current owner of 4300 W. Ford City Drive, Unit A-704 (19-27-401-038-1048) is David Kyselica.

51.    The current owner of 4300 W. Ford City Drive, Unit A-804 (19-27-401-038¬1049) is Chicago Title Land Trust Co. U/T/A 8002379440 DTD 1/28/2019. A possible party of interest is Joseph Chavez.

52.    The current owner of 4300 W. Ford City Drive, Unit A-904 (19-27-401-038¬1050) is Cecylia Guros.

53.    The current owner of 4300 W. Ford City Drive, Unit A-1004 (19-27-401-038¬1051) is Vinayak Lawande.

54.    The current owner of 4300 W. Ford City Drive, Unit A-1104 (19-27-401-038¬1052) is Anna Wojas.

55.    The current owner of 4300 W. Ford City Drive, Unit A-1204 (19-27-401-038¬1053) is Marc Jandura.

56.    The current owner of 4300 W. Ford City Drive, Unit A-1304 (19-27-401-038¬1054) is Gary Powell.

57.    The current owner of 4300 W. Ford City Drive, Unit A-1404 (19-27-401-038¬1055) is Liliana Abad Fierro.

58.    The current owner of 4300 W. Ford City Drive, Unit A-1504 (19-27-401-038¬1056) is Kimberly Wagner.

FILED DATE: 10/28/2025 6:07 PM   20231401241

59.     The current owner of 4300 W. Ford City Drive, Unit A-205 (19-27-401-038¬1057) is Desiree Sanchez. The current mortgagee is Wells Fargo Bank, NA.

60.     The current owners of 4300 W. Ford City Drive, Unit A-305 (19-27-401-038¬1058) are Naftali Espino and Katherine Espino.

61.     The current owner of 4300 W. Ford City Drive, Unit A-405 (19-27-401-038¬1059) is Annette Wofford.

62.     The current owner of 4300 W. Ford City Drive, Unit A-505 (19-27-401-038¬1060) is The George Polymenakos Revocable Trust DTD 10/5/2017. The trustee is George Polymenakos.

63.     The current owner of 4300 W. Ford City Drive, Unit A-605 (19-27-401-038¬1061) is Yurong Han. The last taxpayer of record is Manuel Carmona.

64.     The current owners of 4300 W. Ford City Drive, Unit A-705 (19-27-401-038-1062) are Gabriela Santamaria and Abraham E. Santamaria.

65.     The current owner of 4300 W. Ford City Drive, Unit A-805 (19-27-401-038¬1063) is Dennis Nash. The current mortgagees are Freedom Mortgage Corporation and Mortgage Electronic Registration Systems, Inc.

66.     The current owner of 4300 W. Ford City Drive, Unit A-905 (19-27-401-038¬1064) is Donyetta Dockery.

67.     The current owner of 4300 W. Ford City Drive, Unit A-1005 (19-27-401-038¬1065) is Barbara J. Banks. The current mortgagee is Mortgage Electronic Registration Systems, Inc.

68.     The current owner of 4300 W. Ford City Drive, Unit A-1105 (19-27-401-038¬1066) is Vanessa Milton. The current mortgage holder is Deutsche Bank National Trust Company, as Trustee.

69.     The current owner of 4300 W. Ford City Drive, Unit A-1205 (19-27-401-038¬1067) is Deutsche Bank National Trust Company, as Trustee. A possible interested party is Daphnee Brownlee.

70.     The current owner of 4300 W. Ford City Drive, Unit A-1305 (19-27-401-038¬1068) is Charlene L. Appling Trust DTD 12/7/2020. The trustee is Bryan Appling. The current mortgagee is Bank of America, NA.

71.     The current owner of 4300 W. Ford City Drive, Unit A-1405 (19-27-401-038¬1069) is Arcadia Management Group, LLC. The current promissory note holder is Chun Yi Hsu. Promissory note beneficiaries are Shin-Rong Liu and Amy Liu.

72.     The current owners of 4300 W. Ford City Drive, Unit A-1505 (19-27-401-038¬1070) is Joey Gilb.

FILED DATE: 10/28/2025 6:07 PM    20231401241

73.     The current owner of 4300 W. Ford City Drive, Unit A-206 (19-27-401-038¬1071) is Arturo F. Hernandez.

74.     The current owners of 4300 W. Ford City Drive, Unit A-306 (19-27-401-038¬1072) are Muneeb Alam and Zeshan Mallhi.

75.     The current owner of 4300 W. Ford City Drive, Unit A-406 (19-27-401-038¬1073) is Sweet Home Chicago Management, LLC.

76.     The current owner of 4300 W. Ford City Drive, Unit A-506 (19-27-401-038¬1074) is Maria E. Rodriguez Ramos. A possible party of interest is Fairfield Buildings, LLC.

77.     The current owner of 4300 W. Ford City Drive, Unit A-606 (19-27-401-038¬1075) is Chicago Title Land Trust Co., as Successor-Trustee U/T/A#503 DTD 4/23/1979. The last taxpayer of record is Mary L. Vaughn.

78.     The current owner of 4300 W. Ford City Drive, Unit A-706 (19-27-401-038¬1076) is Vinayak Lawande.

79.     The current owner of 4300 W. Ford City Drive, Unit A-806 (19-27-401-038¬1077) is Francisco Carrillo.

80.     The current owner of 4300 W. Ford City Drive, Unit A-906 (19-27-401-038¬1078) is Hilda Zmora.

81.     The current owner of 4300 W. Ford City Drive, Unit A-1006 (19-27-401-038¬1079) is Rodolfo Chavez.

82.     The current owner of 4300 W. Ford City Drive, Unit A-1106 (19-27-401-038¬1080) is Raymundo Torres.

83.     The current owner of 4300 W. Ford City Drive, Unit A-1206 (19-27-401-038¬1081) is Arcadia Management Group, LLC. The current mortgagee is Beneficial Illinois Inc.

84.     The current owner of 4300 W. Ford City Drive, Unit A-1306 (19-27-401-038¬1082) is Jose Garcia.

85.     The current owners of 4300 W. Ford City Drive, Unit A-1406 (19-27-401-038¬1083) are Arshan Alamgir and Bushra Durrani.

86.     The current owners of 4300 W. Ford City Drive, Unit A-1506 (19-27-401-038¬1084) are Alejandro Andrade-Lara and Devon Dane Murray.

87.     The current owner of 4300 W. Ford City Drive, Unit A-207 (19-27-401-038¬1085) is Terry Densmore.

FILED DATE: 10/28/2025 6:07 PM    20231401241

88. The current owner of 4300 W. Ford City Drive, Unit A-307 (19-27-401-038¬1086) is Edgar Frutos Torres.

89. The current owner of 4300 W. Ford City Drive, Unit A-407 (19-27-401-038¬1087) is Leonard J. Woods.

90. The current owner of 4300 W. Ford City Drive, Unit A-507 (19-27-401-038¬1088) is Leokadia Mosio.

91. The current owner of 4300 W. Ford City Drive, Unit A-607 (19-27-401-038¬1089) is Ade Ogunsanya a/k/a Adetokunbo Ogunsanya a/k/a Adetokunbo O. Tejuoso.

92. The current owner of 4300 W. Ford City Drive, Unit A-707 (19-27-401-038¬1090) is James Frank Dalu.

93. The current owner of 4300 W. Ford City Drive, Unit A-807 (19-27-401-038¬1091) is Margaret Furness. The current mortgagee is CitiMortgage Inc. The last taxpayer of record is GPAM Properties, LLC.

94. The current owner of 4300 W. Ford City Drive, Unit A-907 (19-27-401-038¬1092) is Erica Salinas. A possible party of interest is Hilda Zmora.

95. The current owner of 4300 W. Ford City Drive, Unit A-1007 (19-27-401-038¬1093) is Manuela Sanchez Flores. The last taxpayer of record is Diego Hernandez.

96. The current owner of 4300 W. Ford City Drive, Unit A-1107 (19-27-401-038¬1094) is Vinayak Lawande.

97. The current owner of 4300 W. Ford City Drive, Unit A-1207 (19-27-401-038¬1095) is Truth Empires, LLC.

98. The current owner of 4300 W. Ford City Drive, Unit A-1307 (19-27-401-038¬1096) is Akram Shahid. The current mortgagee is New Residential Mortgage, LLC.

99. The current owner of 4300 W. Ford City Drive, Unit A-1407 (19-27-401-038¬1097) is Martha Rocha.

100. The current owner of 4300 W. Ford City Drive, Unit A-1507 (19-27-401-038¬1098) is Erica Salinas. A possible party of interest is Melissa Rangel.

101. The current owner of 4300 W. Ford City Drive, Unit A-208 (19-27-401-038¬1099) is Stephen Monte Henson.

102. The current owners of 4300 W. Ford City Drive, Unit A-308 (19-27-401-038¬1100) are Winston McKoy and Hatuey McKoy.

103. The current owner of 4300 W. Ford City Drive, Unit A-408 (19-27-401-038¬1101) is Zarah Dulay.

FILED DATE: 10/28/2025 6:07 PM    20231401241

104.    The current owners of 4300 W. Ford City Drive, Unit A-508 (19-27-401-038-1102) are Winston McKoy and Hatuey McKoy. A possible party of interest is Camryn Burnett.

105.    The current owners of 4300 W. Ford City Drive, Unit A-608 (19-27-401-038¬1103) are Winston McKoy and Hatuey McKoy.

106.    The current owner of 4300 W. Ford City Drive, Unit A-708 (19-27-401-038¬1104) is Diego D. Andrade. A possible party of interest is Pablo Andrade.

107.    The current owner of 4300 W. Ford City Drive, Unit A-808 (19-27-401-038¬1105) is Culebra Capital, LLC. A possible party of interest is Wendy Watson.

108.    The current owner of 4300 W. Ford City Drive, Unit A-908 (19-27-401-038¬1106) is Hilda Zmora. A possible party of interest is Elzbeita Morawa.

109.    The current owner of 4300 W. Ford City Drive, Unit A-1008 (19-27-401-038¬1107) is Zarah Dulay.

110.    The current owner of 4300 W. Ford City Drive, Unit A-1108 (19-27-401-038¬1108) is Ade Ogunsanya a/k/a Adetokunbo Ogunsanya a/k/a Adetokunbo O. Tejuoso.

111.    The current owner of 4300 W. Ford City Drive, Unit A-1208 (19-27-401-038¬1109) is The Estate of Joan P. Moore.

112.    The current owners of 4300 W. Ford City Drive, Unit A-1308 (19-27-401-038¬1110) are Winston McKoy and Hatuey McKoy.

113.    The current owners of 4300 W. Ford City Drive, Unit A-1408 (19-27-401-038¬1111) are Analilia Carrillo and Juan Carrillo. The last taxpayer of record is Liliana Abad Fierro.

114.    The current owner of 4300 W. Ford City Drive, Unit A-1508 (19-27-401-038¬1112) is Susan O'Neal. The current mortgagee is Forethought Life Insurance Company C/O Select Portfolio Servicing, Inc.

115.    The current owner of 4300 W. Ford City Drive, Unit A-209 (19-27-401-038¬1113) is Susan M. Gniadecki.

116.    The current owner of 4300 W. Ford City Drive, Unit A-309 (19-27-401-038¬1114) is Magaly Z. Garcia a/k/a Maggie Garcia.

117.    The current owner of 4300 W. Ford City Drive, Unit A-409 (19-27-401-038¬1115) is Anton J. Watkins. A possible party of interest is DSI Holdings Corp.

118.    The current owner of 4300 W. Ford City Drive, Unit A-509 (19-27-401-038¬1116) is Ade Ogunsanya a/k/a Adetokunbo Ogunsanya a/k/a Adetokunbo O. Tejuoso.

FILED DATE: 10/28/2025 6:07 PM   20231401241

119.    The current owner of 4300 W. Ford City Drive, Unit A-609 (19-27-401-038¬1117) is Irena A. Bagdady. The last taxpayer of record is Eminent Management Service, Inc.

120.    The current owner of 4300 W. Ford City Drive, Unit A-709 (19-27-401-038¬1118) is Henry K. Wojcikowski. The current mortgagee is Argent Mortgage Company, LLC. A possible interested party is Stan Wojcikowski.

121.    The current owner of 4300 W. Ford City Drive, Unit A-809 (19-27-401-038¬1119) is Enrique Cervantes.

122.    The current owner of 4300 W. Ford City Drive, Unit A-909 (19-27-401-038¬1120) is Margarita Flores.

123.    The current owner of 4300 W. Ford City Drive, Unit A-1009 (19-27-401-038¬1121) is Manna Property Investment, LLC. A possible party of interest Alfredo Castillo.

124.    The current owners of 4300 W. Ford City Drive, Unit A-1109 (19-27-401-038¬1122) are Viridiana Alcantar Villegas and Felipe Solorzano Maya.

125.    The current owner of 4300 W. Ford City Drive, Unit A-1209 (19-27-401-038¬1123) is Lyubomir Alexandrov.

126.    The current owner of 4300 W. Ford City Drive, Unit A-1309 (19-27-401-038¬1124) is Believe In Thine Heart Ministries.

127.    The current owner of 4300 W. Ford City Drive, Unit A-1409 (19-27-401-038¬1125) is Manna Property Investment. The last taxpayer of record is Ade Ogunsanya a/k/a Adetokunbo Ogunsanya a/k/a Adetokunbo O. Tejuoso.

128.    The current owner of 4300 W. Ford City Drive, Unit A-1509 (19-27-401-038¬1126) is Equity Trust Co., custodian FBO Christine Hsu IRA AC#200341381. A possible interested party is Christine Hsu.

129.    The current owner of 4300 W. Ford City Drive, Unit A-210 (19-27-401-038¬1127) is Estela Flores. A possible party of interest is Modesta Marchetti.

130.    The current owner of 4300 W. Ford City Drive, Unit A-310 (19-27-401-038¬1128) is Tanisha Malley.

131.    The current owner of 4300 W. Ford City Drive, Unit A-410 (19-27-401-038¬1129) is Hilda Zmora.

132.    The current owner of 4300 W. Ford City Drive, Unit A-510 (19-27-401-038¬1130) is Agnes C. Murphy. The current mortgagee is NewRez, LLC d/b/a Shellpoint Mortgage Servicing.

FILED DATE: 10/28/2025 6:07 PM    20231401241

133. The current owners of 4300 W. Ford City Drive, Unit A-610 (19-27-401-038¬1131) are Raymundo Torres and Luis A. Gonzalez.

134. The current owner of 4300 W. Ford City Drive, Unit A-710 (19-27-401-038¬1132) is George Spatharakis.

135. The current owner of 4300 W. Ford City Drive, Unit A-810 (19-27-401-038¬1133) is Equity Trust Co., custodian FBO Christine Hsu IRA AC#200341381. A possible interested party is Christine Hsu.

136. The current owners of 4300 W. Ford City Drive, Unit A-910 (19-27-401-038¬1134) are Josef Brzek and Ewa Brzek.

137. The current owner of 4300 W. Ford City Drive, Unit A-1010 (19-27-401-038¬1135) is Kimberly Wagner.

138. The current owner of 4300 W. Ford City Drive, Unit A-1110 (19-27-401-038¬1136) is Chicago Title Land Trust Trust #8002392933. The last taxpayer of record is Erma J. Thomas. The current mortgagee is Wells Fargo Bank, NA. Rochanna Johnson is named as a possibly interested party.

139. The current owner of 4300 W. Ford City Drive, Unit A-1210 (19-27-401-038¬1137) is Ramona Beras Torres.

140. The current owner of 4300 W. Ford City Drive, Unit A-1310 (19-27-401-038¬1138) is Julius A. Hannon. The current mortgage holder is ABN AMRO Mortgage Group, Inc.

141. The current owner of 4300 W. Ford City Drive, Unit A-1410 (19-27-401-038¬1139) is Anna Wojas. The current mortgage holder is RBS Citizens, NA.

142. The current owner of 4300 W. Ford City Drive, Unit A-1510 (19-27-401-038¬1140) is Jose Olaf Gayton. A possible party of interest is Raymond Rogoz.

143. The current owner of 4350 W. Ford City Drive, Unit B1-101 (19-27-401-038-1141) is Midland Federal Savings & Loan Association as Trustee for Trust #1484.

144. The current owner of 4350 W. Ford City Drive, Unit B1-201 (19-27-401-038¬1142) is Damarra Edinburg. The current mortgage holders are JP Morgan Chase Bank, NA; First Franklin Financial Corporation; and Deutsche Bank National Trust Company, as Trustee.

145. The current owner of 4350 W. Ford City Drive, Unit B1-301 (19-27-401-038¬1143) is GPAM Properties, LLC. The current mortgage holder is US Bank, NA, as Trustee. The last taxpayer of record is Martha Hernandez.

146. The current owner of 4350 W. Ford City Drive, Unit B1-401 (19-27-401-038¬1144) is Youssef Doleh.

FILED DATE: 10/28/2025 6:07 PM    20231401241

147.    The current owner of 4350 W. Ford City Drive, Unit B1-501 (19-27-401-038¬1145) is Myron Coleman.

148.    The current owners of 4350 W. Ford City Drive, Unit B1-102 (19-27-401-038¬1146) are Gregory L. Castile.

149.    The current owner of 4350 W. Ford City Drive, Unit B1-202 (19-27-401-038¬1147) is Angelo J. Cruz. The current mortgagee is CitiBank, FSB.

150.    The current owner of 4350 W. Ford City Drive, Unit B1-302 (19-27-401-038¬1148) is US Bank Trust Company NA, as Trustee, as Successor-In-Interest to US Bank, NA, as Trustee for MASTR Asset Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates, Series 2006-HE5.

151.    The current owner of 4350 W. Ford City Drive, Unit B1-402 (19-27-401-038¬1149) is American Tax Lien LLC.

152.    The current owners of 4350 W. Ford City Drive, Unit B1-502 (19-27-401-038¬1150) are Martin Aceves Angulo and Rosalinda Delgadillo. A possible party of interest is Rosalinda Alonso.

153.    The current owner of 4350 W. Ford City Drive, Unit B1-203 (19-27-401-038¬1151) is The George Polymenakos Revocable Trust DTD 10/5/2017. The last taxpayer of record is George Polymenakos.

154.    The current owner of 4350 W. Ford City Drive, Unit B1-303 (19-27-401-038¬1152) is Heirs and Legatees of Thelma Moore. The current mortgagee is Nationstar Mortgage, LLC. The last taxpayer of record is Birdene Mills.

155.    The current owner of 4350 W. Ford City Drive, Unit B1-403 (19-27-401-038¬1153) is Roman Lira.

156.    The current owner of 4350 W. Ford City Drive, Unit B1-503 (19-27-401-038¬1154) is Sree Pachamma Properties, LLC. A possible party of interest is Clifford Johnson.

157.    The current owner of 4350 W. Ford City Drive, Unit B1-104 (19-27-401-038¬1155) is Gervase Bolden. A possible party of interest is Frank Carrillo.

158.    The current owner of 4350 W. Ford City Drive, Unit B1-204 (19-27-401-038¬1156) is Juan Carlos Camarena.

159.    The current owner of 4350 W. Ford City Drive, Unit B1-304 (19-27-401-038¬1157) is Mayowa Uche Okobie.

160.    The current owner of 4350 W. Ford City Drive, Unit B1-404 (19-27-401-038¬1158) is Godwin Omwanghe a/k/a Godwin Omawanche. The current mortgagees are US Bank, NA, as Trustee, and JP Morgan Chase Bank, NA.

FILED DATE: 10/28/2025 6:07 PM   20231401241

161.   The current owner of 4350 W. Ford City Drive, Unit B1-504 (19-27-401-038¬1159) is Gabriela Santamaria.

162.   The current owners of 4350 W. Ford City Drive, Unit B1-105 (19-27-401-038¬1160) are Blanca Estella Diaz-Cruz and Gabriel Garcia Avila.

163.   The current owner of 4350 W. Ford City Drive, Unit B1-205 (19-27-401-038¬1161) is Roberta Sweeper. The current mortgagee is Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2019-3

164.   The current owner of 4350 W. Ford City Drive, Unit B1-305 (19-27-401-038¬1162) is Thelma Swims. The current mortgagee is Green Tree Servicing, LLC and Mortgage Electronic Registration Systems, Inc.

165.   The current owners of 4350 W. Ford City Drive, Unit B1-405 (19-27-401-038¬1163) are Edgardo Aleman and Esperanza Macias. The current mortgagee is The Huntington National Bank.

166.   The current owner of 4350 W. Ford City Drive, Unit B1-505 (19-27-401-038-1164) is Pauline C. Prater.

167.   The current owner of 4350 W. Ford City Drive, Unit B1-206 (19-27-401-038¬1165) is Wayne Holloway. The current mortgagees are The Bank of New York, as Trustee, and Mortgage Electronic Registration Systems, Inc. The last taxpayer of record is Thornwood Partners, LTD.

168.   The current owner of 4350 W. Ford City Drive, Unit B1-306 (19-27-401-038¬1166) is The George Polymenakos Revocable Trust DTD 10/5/2017. The last taxpayer of record is George Polymenakos.

169.   The current owner of 4350 W. Ford City Drive, Unit B1-406 (19-27-401-038¬1167) is Michael T. Rzasa.

170.   The current owner of 4350 W. Ford City Drive, Unit B1-506 (19-27-401-038¬1168) is Brenda J. Allen-Ballard.

171.   The current owner of 4350 W. Ford City Drive, Unit B1-207 (19-27-401-038¬1169) is Chicago Title Land Trust #8002392426. The last taxpayer of record is Teresa Shaw. A possible interested party is Irene Jones.

172.   The current owners of 4350 W. Ford City Drive, Unit B1-307 (19-27-401-038¬1170) are Alberto Abel Bellido and Clara Olivares. A possible party of interest is Brent Watson.

173.   The current owners of 4350 W. Ford City Drive, Unit B1-407 (19-27-401-038¬1171) are Winston McKoy.

FILED DATE: 10/28/2025 6:07 PM    20231401241

174.    The current owners of 4350 W. Ford City Drive, Unit B1-507 (19-27-401-038¬1172) are Thomas Lorek and Mushiya Lorek.

175.    The current owner of 4350 W. Ford City Drive, Unit B1-108 (19-27-401-038¬1173) is Leticia Solis. The current mortgagee is Citizens Bank, NA. A possible party of interest is Leticia Gamboa.

176.    The current owner of 4350 W. Ford City Drive, Unit B1-208 (19-27-401-038¬1174) is Althea Y. Anderson.

177.    The current owner of 4350 W. Ford City Drive, Unit B1-308 (19-27-401-038¬1175) is Joanna Stallworth. The current mortgagees are American Home Mortgage Corp. D/B/A American Brokers Conduit and Mortgage Electronic Registration Systems,

Inc.

178.    The current owners of 4350 W. Ford City Drive, Unit B1-408 (19-27-401-038¬1176) are Terry Jones and Gregory L. Jones.

179.    The current owner of 4350 W. Ford City Drive, Unit B1-508 (19-27-401-038¬1177) is Analilia Carrillo. A possible party of interest is Liliana Abad Fierro.

180.    The current owner of 4280 W. Ford City Drive, Unit B2-101 (19-27-401-038¬1178) is Winston McKoy.

181.    The current owners of 4280 W. Ford City Drive, Unit B2-201 (19-27-401-038¬1179) are Alberto Ocampo and Crisostoma Flores De Ocampo.

182.    The current owner of 4280 W. Ford City Drive, Unit B2-301 (19-27-401-038¬1180) is Homes For Veterans Co. The last taxpayer of record is Sarah Johnson.

183.    The current owners of 4280 W. Ford City Drive, Unit B2-401 (19-27-401-038¬1181) are Bruce Lance II and Joyce Lance.

184.    The current owner of 4280 W. Ford City Drive, Unit B2-501 (19-27-401-038¬1182) is Berta L. Clavijo.

185.    The current owners of 4280 W. Ford City Drive, Unit B2-102 (19-27-401-038¬1183) are Winston McKoy and Hatuey McKoy. A possible party of interest is Michael Ellis Johnson.

186.    The current owner of 4280 W. Ford City Drive, Unit B2-202 (19-27-401-038¬1184) is Lisa P. Mayfield. The current mortgagee is The Huntington National Bank.

187.    The current owner of 4280 W. Ford City Drive, Unit B2-302 (19-27-401-038¬1185) is Laura P. Olvera.

FILED DATE: 10/28/2025 6:07 PM    20231401241

188.    The current owners of 4280 W. Ford City Drive, Unit B2-402 (19-27-401-038¬1186) are Saul Arellano and Lore J. Martinez.

189.    The current owner of 4280 W. Ford City Drive, Unit B2-502 (19-27-401-038¬1187) is The McElroy Trust UTD DTD 3/17/1998. The last taxpayer of record is Bertram McElroy.

190.    The current owner of 4280 W. Ford City Drive, Unit B2-203 (19-27-401-038¬1188) is Zenaida Garcia.

191.    The current owner of 4280 W. Ford City Drive, Unit B2-303 (19-27-401-038-1189) is Nathaniel K. Boston. The current mortgagee is HSBC Bank USA, NA, as Trustee.

192.    The current owner of 4280 W. Ford City Drive, Unit B2-403 (19-27-401-038¬1190) is Atanas I. Petrichki and Ivan A. Petrichki.

193.    The current owner of 4280 W. Ford City Drive, Unit B2-503 (19-27-401-038¬1191) is Victor Navarro. The current mortgagee is The Huntington National Bank. The last taxpayer of record is Jenniffer I. Menendez.

194.    The current owner of 4280 W. Ford City Drive, Unit B2-104 (19-27-401-038¬1192) is Christopher Ramey. The current mortgagee is US Bank NA, as Trustee.

195.    The current owners of 4280 W. Ford City Drive, Unit B2-204 (19-27-401-038¬1193) are Javier Tapia and Cristina M. Tapia.

196.    The current owner of 4280 W. Ford City Drive, Unit B2-304 (19-27-401-038¬1194) is Daniel Lobbins.

197.    The current owners of 4280 W. Ford City Drive, Unit B2-404 (19-27-401-038¬1195) are Winston McKoy and Hatuey McKoy. The current mortgagee is Van Oak Capital, LLC. A possible party of interest is Patricia Obard.

198.    The current owner of 4280 W. Ford City Drive, Unit B2-504 (19-27-401-038¬1196) is Marquette Bank, as Trustee U/T/A 30704 DTD 7/28/2021. The current mortgage is JP Morgan Chase Bank, NA. Possible parties of interest are Antoni Chmielewski and Jadwiga Chmielewski.

199.    The current owners of 4280 W. Ford City Drive, Unit B2-105 (19-27-401-038¬1197) are Eugena Henry and Jessica Lewis.

200.    The current owner of 4280 W. Ford City Drive, Unit B2-205 (19-27-401-038¬1198) is Manuela D. Taylor-Williams

201.    The current owners of 4280 W. Ford City Drive, Unit B2-305 (19-27-401-038¬1199) are Brent C. Watson and Wendy J. Watson. The last taxpayer of record is Nazario Chavez.

FILED DATE: 10/28/2025 6:07 PM    20231401241

202.    The current owner of 4280 W. Ford City Drive, Unit B2-405 (19-27-401-038¬1200) is The George Polymenakos Revocable Trust DTD 10/5/2017. A possible party of interest is Yasmin Ibrahim.

203.    The current owner of 4280 W. Ford City Drive, Unit B2-505 (19-27-401-038¬1201) is The George Polymenakos Revocable Trust DTD 10/5/2017.

204.    The current owner of 4280 W. Ford City Drive, Unit B2-206 (19-27-401-038¬1202) is Leethel Franklin. The current mortgagee is The Huntington National Bank.

205.    The current owner of 4280 W. Ford City Drive, Unit B2-306 (19-27-401-038¬1203) is Josephine E. Johnson.

206.    The current owner of 4280 W. Ford City Drive, Unit B2-406 (19-27-401-038¬1204) is Desiree Skipper.

207.    The current owners of 4280 W. Ford City Drive, Unit B2-506 (19-27-401-038¬1205) is Ina M. Wise.

208.    The current owner of 4280 W. Ford City Drive, Unit B2-207 (19-27-401-038¬1206) is Carla M. Davis.

209.    The current owner of 4280 W. Ford City Drive, Unit B2-307 (19-27-401-038¬1207) is John M. Smith. The beneficiaries of a transfer on death instrument are Shirley Mia Smith and Burton Wayne Smith.

210.    The current owner of 4280 W. Ford City Drive, Unit B2-407 (19-27-401-038¬1208) is Mayowa Uche Okorie. A possible party of interest is Mojisola Oguachuba.

211.    The current owner of 4280 W. Ford City Drive, Unit B2-507 (19-27-401-038¬1209) is RNM Future, LLC.

212.    The current owner of 4280 W. Ford City Drive, Unit B2-108 (19-27-401-038¬1210) is Ricardo Garcia.

213.    The current owner of 4280 W. Ford City Drive, Unit B2-208 (19-27-401-038¬1211) is RV Holdings Three, LLC. A possible party of interest is Carlos Munoz.

214.    The current owner of 4280 W. Ford City Drive, Unit B2-308 (19-27-401-038¬1212) is Diane Devroe. A possible party of interest is Daniel Lobbins.

215.    The current owner of 4280 W. Ford City Drive, Unit B2-408 (19-27-401-038¬1213) is The Lorene M. Mims 2023 Trust dated 6/16/2023. Lorene Mims is Trustee of the Trust-Owner.

216.    The current owner of 4280 W. Ford City Drive, Unit B2-508 (19-27-401-038¬1214) is Chicago Title Land Trust Co., as Trustee U/T/A 8002382660. A possible party of interest is Delores Robinson.

FILED DATE: 10/28/2025 6:07 PM    20231401241

217.     The current owners of 4351 W. 76th St., Unit C1-101 (19-27-401-038-1215) are Jose R. Constante and Maria I. Farias. A possible party of interest is Nicole Constante.

218.     The current owner of 4351 W. 76th St., Unit C1-201 (19-27-401-038-1216) is Tonia Ponce.

219.     The current owner of 4351 W. 76th St., Unit C1-301 (19-27-401-038-1217) is US Bank, NA, as Trustee. A possible party of interest is Louis E. Hennerich.

220.     The current owner of 4351 W. 76th St., Unit C1-401 (19-27-401-038-1218) is Maria Dominguez. The current mortgagee is The Bank of New York Mellon, as Trustee. A possible party of interest is Ignacio Dominguez Perez.

221.     The current owner of 4351 W. 76th St., Unit C1-501 (19-27-401-038-1219) is American National Bank, as Trustee U/T/A 43810 DTD 9/1/1978. The last taxpayer of record is George Novogroder.

222.     The current owner of 4351 W. 76th St., Unit C1-202 (19-27-401-038-1220) is Alberto Padilla Jr. The current mortgage holder is CIM Trust 2017-7.

223.     The current owners of 4351 W. 76th St., Unit C1-302 (19-27-401-038-1221) are Angel Zarazua and Adriana Mendoza. A possible party of interest is Juan Mendoza.

224.     The current owner of 4351 W. 76th St., Unit C1-402 (19-27-401-038-1222) is Salvador Farias. Weiss Ortiz P.C. is a judgment lienholder.

225.     The current owners of 4351 W. 76th St., Unit C1-502 (19-27-401-038-1223) are Jorge A. Iniguez and Alejandra Guzman.

226.     The current owner of 4351 W. 76th St., Unit C1-103 (19-27-401-038-1224) is Domenicos Kosteris. The last taxpayer of record is Francisco Carrillo.

227.     The current owner of 4351 W. 76th St., Unit C1-203 (19-27-401-038-1225) is The Road To Righteousness Foundation, Inc.

228.     The current owner of 4351 W. 76th St., Unit C1-303 (19-27-401-038-1226) is Efren Ruiz. The last taxpayer of record is Thornwood Partners, LTD.

229.     The current owner of 4351 W. 76th St., Unit C1-403 (19-27-401-038-1227) is Maria R. Padilla. The current mortgagees are American Home Mortgage and Mortgage Electronic Registration Systems, Inc.

230.     The current owner of 4351 W. 76th St., Unit C1-503 (19-27-401-038-1228) is Emmanuel Oforum.

231.     The current owner of 4351 W. 76th St., Unit C1-104 (19-27-401-038-1229) is Adriana Vazquez.

FILED DATE: 10/28/2025 6:07 PM    20231401241

232.    The current owner of 4351 W. 76th St., Unit C1-204 (19-27-401-038-1230) is Bylegacy Team, Inc. The last taxpayer of record is Gabriela Santamaria.

233.    The current owner of 4351 W. 76th St., Unit C1-304 (19-27-401-038-1231) is Priscila Esther Torres Jimenez. A possible party of interest is Modesta Marchetti.

234.    The current owner of 4351 W. 76th St., Unit C1-404 (19-27-401-038-1232) is American National Bank, as Trustee U/T/A 43810 DTD 9/1/1978. The last taxpayer of record is George Novogroder.

235.    The current owner of 4351 W. 76th St., Unit C1-504 (19-27-401-038-1233) is Calvin Reese and Darnell Cortez Reese.

236.    The current owner of 4351 W. 76th St., Unit C1-105 (19-27-401-038-1234) is Fouad M. Doolah. A possible party of interest is Yosseff Doleh.

237.    The current owner of 4351 W. 76th St., Unit C1-205 (19-27-401-038-1235) is Hilda M. Zmora.

238.    The current owner of 4351 W. 76th St., Unit C1-305 (19-27-401-038-1236) is Kenneth L. Wright.

239.    The current owner of 4351 W. 76th St., Unit C1-405 (19-27-401-038-1237) is Zenaida Garcia.

240.    The current owner of 4351 W. 76th St., Unit C1-505 (19-27-401-038-1238) is Anthony J. Coleman.

241.    The current owner of 4351 W. 76th St., Unit C1-206 (19-27-401-038-1239) is Thornwood Partners, LTD.

242.    The current owners of 4351 W. 76th St., Unit C1-306 (19-27-401-038-1240) are Isaac Wilson and Enjolique Wilson. A possible party of interest is Vinizius Quaresma.

243.    The current owner of 4351 W. 76th St., Unit C1-406 (19-27-401-038-1241) is Jorge Agustin Frutos Torres.

244.    The current owner of 4351 W. 76th St., Unit C1-506 (19-27-401-038-1242) is Aaron C. Jackson.

245.    The current owners of 4351 W. 76th St., Unit C1-207 (19-27-401-038-1243) are Cyris Watson and Jamia Bray.

246.    The current owner of 4351 W. 76th St., Unit C1-307 (19-27-401-038-1244) is Manna Property Investments, LLC. The current mortgagee is Y&R 1 Opportunity Fund, LLC. The last taxpayer of record is Bertha Saucedo.

FILED DATE: 10/28/2025 6:07 PM   20231401241

247.    The current owner of 4351 W. 76th St., Unit C1-407 (19-27-401-038-1245) is Laura A. Gomez.

248.    The current owner of 4351 W. 76th St., Unit C1-507 (19-27-401-038-1246) is Aisha Rice.

249.    The current owner of 4351 W. 76th St., Unit C1-108 (19-27-401-038-1247) is Vinayak Lawande.

250.    The current owner of 4351 W. 76th St., Unit C1-208 (19-27-401-038-1248) is Dorothy R. Hardy.

251.    The current owner of 4351 W. 76th St., Unit C1-308 (19-27-401-038-1249) is Israel Miranda Teixeira.

252.    The current owner of 4351 W. 76th St., Unit C1-408 (19-27-401-038-1250) is Manna Property Investment, LLC.

253.    The current owner of 4351 W. 76th St., Unit C1-508 (19-27-401-038-1251) is Marlon Fortineaux.

254.    The current owners of 4281 W. 76th St., Unit C2-101 (19-27-401-038-1252) are Alberto Abel Bellido and Clara Olivares.

255.    The current owner of 4281 W. 76th St., Unit C2-201 (19-27-401-038-1253) is The George Polymenakos Revocable Trust DTD 10/5/2017. A possible interested party is Robert Hudson.

256.    The current owners of 4281 W. 76th St., Unit C2-301 (19-27-401-038-1254) are Jose J. Garcia, Amparo Garcia, and David J. Garcia.

257.    The current owner of 4281 W. 76th St., Unit C2-401 (19-27-401-038-1255) is Maria J. Magana. The last taxpayer of record is Victor E. Manzo.

258.    The current owner of 4281 W. 76th St., Unit C2-501 (19-27-401-038-1256) is Kierra Barnes.

259.    The current owner of 4281 W. 76th St., Unit C2-202 (19-27-401-038-1257) is The George Polymenakos Revocable Trust DTD 10/5/2017.

260.    The current owner of 4281 W. 76th St., Unit C2-302 (19-27-401-038-1258) is Marc Jandura.

261.    The current owner of 4281 W. 76th St., Unit C2-402 (19-27-401-038-1259) is Chalese A. Conley. The current mortgagee is US Bank Trust NA, as Trustee for LB-Ranch Series V Trust. The last taxpayer of record is Michele J. Belousek.

FILED DATE: 10/28/2025 6:07 PM 20231401241

262.     The current owner of 4281 W. 76th St., Unit C2-502 (19-27-401-038-1260) is Chicago Title Land Trust Co., as Trustee U/T/A 8002374731 DTD 5/10/2017. The current mortgagee is JP Morgan Chase Bank, NA. A possible interested party is Robert Hudson.

263.     The current owner of 4281 W. 76th St., Unit C2-103 (19-27-401-038-1261) is Anna Wojas.

264.     The current owner of 4281 W. 76th St., Unit C2-203 (19-27-401-038-1262) is Gregory Lapapa.

265.     The current owners of 4281 W. 76th St., Unit C2-303 (19-27-401-038-1263) are Alma Santana Octaviano and Maritza Cervantes.

266.     The current owners of 4281 W. 76th St., Unit C2-403 (19-27-401-038-1264) is The Joyce Bowles Revocable Living Trust DTD 7/26/2011. The last taxpayer of record is Joyce Bowles.

267.     The current owner of 4281 W. 76th St., Unit C2-503 (19-27-401-038-1265) is Francisco Carrillo.

268.     The current owner of 4281 W. 76th St., Unit C2-104 (19-27-401-038-1266) is Vinayak Lawande. The current mortgagee is JP Morgan Chase Bank, NA.

269.     The current owners of 4281 W. 76th St., Unit C2-204 (19-27-401-038-1267) are Juan M. Soliz and Nellie M. Cotton.

270.     The current owner of 4281 W. 76th St., Unit C2-304 (19-27-401-038-1268) is The George Polymenakos Revocable Trust. The last taxpayer of record is George Polymenakos, as Trustee. A possible party of interest is Yasmin Ibrahim.

271.     The current owner of 4281 W. 76th St., Unit C2-404 (19-27-401-038-1269) is Rajamer Jones. A possible party of interest is Carzie Jones.

272.     The current owner of 4281 W. 76th St., Unit C2-504 (19-27-401-038-1270) is The George Polymenakos Revocable Trust. The last taxpayer of record is George Polymenakos, as Trustee. A possible party of interest is Yasmin Ibrahim.

273.     The current owners of 4281 W. 76th St., Unit C2-105 (19-27-401-038-1271) are Dorothy Anderson and Rona Anderson. A possible party of interest is Hector Botello.

274.     The current owner of 4281 W. 76th St., Unit C2-205 (19-27-401-038-1272) is Ziad H. Al Khatib. A possible party of interest is Ziad Khatatbeh.

275.     The current owner of 4281 W. 76th St., Unit C2-305 (19-27-401-038-1273) is Sabine Desir. The current mortgage is JP Morgan Chase Bank, NA.

276.     The current owner of 4281 W. 76th St., Unit C2-405 (19-27-401-038-1274) is Hector Botello.

FILED DATE: 10/28/2025 6:07 PM   20231401241

277.     The current owner of 4281 W. 76th St., Unit C2-505 (19-27-401-038-1275) is Diane L. Todd. The current mortgagee is The Bank of New York Mellon, as Trustee.

278.     The current owner of 4281 W. 76th St., Unit C2-206 (19-27-401-038-1276) is Hilda Zmora.

279.     The current owner of 4281 W. 76th St., Unit C2-306 (19-27-401-038-1277) is Martin Angelo Aceves. A possible party of interest is Olga Delgadillo Alonson.

280.     The current owner of 4281 W. 76th St., Unit C2-406 (19-27-401-038-1278) is Tyree Pittman.

281.     The current owner of 4281 W. 76th St., Unit C2-506 (19-27-401-038-1279) is Deborah Mitchell.

282.     The current owner of 4281 W. 76th St., Unit C2-207 (19-27-401-038-1280) is Mohammed Abubaker.

283.     The current owner of 4281 W. 76th St., Unit C2-307 (19-27-401-038-1281) is Arcadia Management Group, LLC. The current promissory note holder is Chun Yi Hsu.

284.     The current owner of 4281 W. 76th St., Unit C2-407 (19-27-401-038-1282) is Divinity Properties, LLC.

285.     The current owner of 4281 W. 76th St., Unit C2-507 (19-27-401-038-1283) is Hyun W. Shin.

286.     The current owners of 4281 W. 76th St., Unit C2-108 (19-27-401-038-1284) are William A. Wilcher.

287.     The current owner of 4281 W. 76th St., Unit C2-208 (19-27-401-038-1285) is Magdi Odeh. The last taxpayer of record is Terrence Brown.

288.     The current owner of 4281 W. 76th St., Unit C2-308 (19-27-401-038-1286) is Mohammednajib A. Alkaraki.

289.     The current owners of 4281 W. 76th St., Unit C2-408 (19-27-401-038-1287) are Aleem Waheed and Shirley Waheed.

290.     The current owners of 4281 W. 76th St., Unit C2-508 (19-27-401-038-1288) are Winston McKoy and Hatuey McKoy.

291.     The current owner of 4262 W. Ford City Dr., Unit D1-101 (19-27-401-038-1289) is By Legacy LLC..

292.     The current owners of 4262 W. Ford City Dr., Unit D1-201 (19-27-401-038¬1290) are Patrick Slattery and Maura Slattery Boyle.

293.	The current owner of 4262 W. Ford City Dr., Unit D1-102 (19-27-401-038-1291) is Ramona B. Reyes.

294.	The current owners of 4262 W. Ford City Dr., Unit D1-202 (19-27-401-038¬1292) are Javier Urbina and Minerva Orduno.

295.	The current owner of 4262 W. Ford City Dr., Unit D1-103 (19-27-401-038-1293) is Araceli Martinez.

296.	The current owner of 4262 W. Ford City Dr., Unit D1-203 (19-27-401-038-1294) is Boguslaw Bil.

297.	The current owner of 4262 W. Ford City Dr., Unit D1-104 (19-27-401-038-1295) is The Huntington National Bank.

298.	The current owner of 4260 W. Ford City Dr., Unit D1-204 (19-27-401-038-1296) is The George Polymenakos Revocable Trust DTD 10/5/2017. The last taxpayer of record is George Polymenakos. A possible party of interest is Sam Ayyad.

299.	The current owner of 4260 W. Ford City Dr., Unit D1-105 (19-27-401-038-1297) is Marcelo Rodriguez-Garcia.

300.	The current owners of 4260 W. Ford City Dr., Unit D1-205 (19-27-401-038¬1298) is Boguslaw Bil.

301.	The current owner of 4260 W. Ford City Dr., Unit D1-106 (19-27-401-038-1299) is Boguslaw Bil.

302.	The current owner of 4260 W. Ford City Dr., Unit D1-206 (19-27-401-038-1300) is Marcelo Rodriguez-Garcia.

303.	The current owner of 4262 W. Ford City Dr., Unit D1-107 (19-27-401-038-1301) is Irene M. Rufus.

304.	The current owner of 4262 W. Ford City Dr., Unit D1-207 (19-27-401-038-1302) is Vinelle A. Myrie. The current mortgagee is First American Bank.

305.	The current owner of 4262 W. Ford City Dr., Unit D1-108 (19-27-401-038-1303) is Amelia Pacheco.

306.	The current owner of 4262 W. Ford City Dr., Unit D1-208 (19-27-401-038-1304) is Juana Reyes.

307.	The current owner of 4261 W. 76th St., Unit D2-101 (19-27-401-038-1305) is RNM Future, LLC.

308.	The current owner of 4261 W. 76th St., Unit D2-201 (19-27-401-038-1306) is Paula Mendez.

FILED DATE: 10/28/2025 6:07 PM    20231401241

FILED DATE: 10/28/2025 6:07 PM    20231401241

309.    The current owners of 4261 W. 76th St., Unit D2-102 (19-27-401-038-1307) are Toni Green and Alicia Green.

310.    The current owners of 4261 W. 76th St., Unit D2-202 (19-27-401-038-1308) are Winston McKoy and Hatuey McKoy.

311.    The current owner of 4261 W. 76th St., Unit D2-103 (19-27-401-038-1309) is. Steven W. Rayside.

312.    The current owner of 4261 W. 76th St., Unit D2-203 (19-27-401-038-1310) is Boguslaw Bil.

313.    The current owner of 4261 W. 76th St., Unit D2-204 (19-27-401-038-1311) is PNC Bank, NA.

314.    The current owner of 4261 W. 76th St., Unit D2-105 (19-27-401-038-1312) is Veronica McGraw. The current mortgagees are First NLC Financial Services, LLC and Mortgage Electronic Registration Systems, Inc.

315.    The current owner of 4261 W. 76th St., Unit D2-205 (19-27-401-038-1313) is Charlotte Howard.

316.    The current owner of 4261 W. 76th St., Unit D2-106 (19-27-401-038-1314) is Arturo F. Hernandez.

317.    The current owner of 4261 W. 76th St., Unit D2-206 (19-27-401-038-1315) is Esmeralda Rafaela Daly Rodriguez Revocable Living Trust DTD 5/8/2020. The last taxpayer of record is Esmeralda Rafaela Daly.

318.    The current owner of 4261 W. 76th St., Unit D2-107 (19-27-401-038-1316) is Lincoln W. Seabrooks. The current mortgage is Citibank, FSB.

319.    The current owner of 4261 W. 76th St., Unit D2-207 (19-27-401-038-1317) is Patricia T. Williams. Tracy Lynn Robinson is a beneficiary of a transfer on death instrument.

320.    The current owner of 4261 W. 76th St., Unit D2-108 (19-27-401-038-1318) is Tiffany Flowers. The current mortgagee is NewRez, LLC.

321.    The current owner of 4261 W. 76th St., Unit D2-108 (19-27-401-038-1319) is Claudette Walker.

322.    The current owners of 4300 W. Ford City Drive, P-1 (19-27-401-038-1320) are Wendy Watson and Brent Watson. The last taxpayer of record is Dennis Baker.

323.    The current owners of 4300 W. Ford City Drive, P-2 (19-27-401-038-1321) are John M. Golden and Mary A. Golden.

FILED DATE: 10/28/2025 6:07 PM    20231401241

324. The current owners of 4300 W. Ford City Drive, P-3 (19-27-401-038-1322) are Edgardo Aleman and Esperanza Macias. The current mortgagee is The Huntington National Bank.

325. The current owners of 4300 W. Ford City Drive, P-4 (19-27-401-038-1323) are John M. Golden and Mary A. Golden.

326. The current owners of 4300 W. Ford City Drive, P-5 (19-27-401-038-1324) are John M. Golden and Mary A. Golden.

327. The current owner of 4300 W. Ford City Drive, P-6 (19-27-401-038-1325) is Michael T. Rzasa.

328. The current owner of 4300 W. Ford City Drive, P-7 (19-27-401-038-1326) is Hector Botello.

329. The current owners of 4300 W. Ford City Drive, P-8 (19-27-401-038-1327) are Javier Tapia and Cristina M. Tapia.

330. The current owner of 4300 W. Ford City Drive, P-9 (19-27-401-038-1328) is US Bank NA, as Trustee, as Successor-In-Interest to US Bank, NA, as Trustee for MASTR Asset Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates, Series 2006-HE5.

331. The current owner of 4300 W. Ford City Drive, P-10 (19-27-401-038-1329) is The George Polymenakos Revocable Trust DTD 10/5/2017.

332. The current owner of 4300 W. Ford City Drive, P-11 (19-27-401-038-1330) is Salta Group, Inc.

333. The current owners of 4300 W. Ford City Drive, P-12 (19-27-401-038-1331) are Terry Jones and Gregory L. Jones.

334. The current owner of 4300 W. Ford City Drive, P-13 (19-27-401-038-1332) is Pauline C. Prater.

335. The current owner of 4300 W. Ford City Drive, P-14 (19-27-401-038-1333) is Roberta Sweeper. The current mortgagee is Mortgage Electronic Registration Systems, Inc.

336. The current owners of 4300 W. Ford City Drive, P-15 (19-27-401-038-1334) are Patrick Slattery and Maura Slattery Boyle.

337. The current owner of 4300 W. Ford City Drive, P-16 (19-27-401-038-1335) is Magaly Z. Garcia.

338. The current owner of 4300 W. Ford City Drive, P-17 (19-27-401-038-1336) is Hilda Zmora.

FILED DATE: 10/28/2025 6:07 PM    20231401241

339.     The current owner of 4300 W. Ford City Drive, P-18 (19-27-401-038-1337) is Leonard J. Woods.

340.     The current owner of 4300 W. Ford City Drive, P-19 (19-27-401-038-1338) is Erica Salinas.

341.     The current owners of 4300 W. Ford City Drive, P-20 (19-27-401-038-1339) are Viridiana Alcantar Villegas and Felipe Solorzano Maya.

342.     The current owner of 4300 W. Ford City Drive, P-21 (19-27-401-038-1340) is William D. O'Donnell.

343.     The current owner of 4300 W. Ford City Drive, P-22 (19-27-401-038-1341) is Carzie L. Jones.

344.     The current owner of 4300 W. Ford City Drive, P-23 (19-27-401-038-1342) is Joey Gilb.

345.     The current owner of 4300 W. Ford City Drive, P-24 (19-27-401-038-1343) is Hilda Zmora.

346.     The current owner of 4300 W. Ford City Drive, P-25 (19-27-401-038-1344) is Divinity Properties, LLC.

347.     The current owners of 4300 W. Ford City Drive, P-26 (19-27-401-038-1345) are Brent Watson and Wendy Watson. The last taxpayer of record is Dennis Baker.

348.     The current owner of 4300 W. Ford City Drive, P-27 (19-27-401-038-1346) is Donna M. Howard. The last taxpayer of record is Truth Empires, LLC.

349.     The current owner of 4300 W. Ford City Drive, P-28 (19-27-401-038-1347) is The Howard Family Trust U/T/A DTD 7/3/2015.

350.     The current owner of 4300 W. Ford City Drive, P-29 (19-27-401-038-1348) is Ahmad A. Nur.

351.     The current owner of 4300 W. Ford City Drive, P-30 (19-27-401-038-1349) is Takada V. Dixon.

352.     The current owner of 4300 W. Ford City Drive, P-31 (19-27-401-038-1350) is George Spatharakis.

353.     The current owner of 4300 W. Ford City Drive, P-32 (19-27-401-038-1351) is Youssef Doleh.

354.     The current owner of 4300 W. Ford City Drive, P-33 (19-27-401-038-1352) is William Dorgan. The last taxpayer of record is Charlene Appling.

FILED DATE: 10/28/2025 6:07 PM  20231401241

355.     The current owners of 4300 W. Ford City Drive, P-34 (19-27-401-038-1353) are Brent Watson and Wendy Watson. The last taxpayer of record is Louis Gonzalez.

356.     The current owner of 4300 W. Ford City Drive, P-35 (19-27-401-038-1354) is Roman Lira.

357.     The current owner of 4300 W. Ford City Drive, P-36 (19-27-401-038-1355) is IDSB Capital, LLC.

358.     The current owner of 4300 W. Ford City Drive, P-37 (19-27-401-038-1356) is Martin Aceves Angulo.

359.     The current owner of 4300 W. Ford City Drive, P-38 (19-27-401-038-1357) is Annette Wofford. The current mortgagee is Wells Fargo Bank, NA.

360.     Parkway Elevators, Inc., an Illinois Corporation and Mechanics Lien claimant.

361.     Total Masonry, LLC, an Illinois Limited Liability Company and Mechanics Lien claimant.

362.     Ford City Realty, LLC, an Illinois Limited Liability Company and lienholder.

363.     Ford City Nassim, LLC, an Illinois Limited Liability Company and lienholder.

364.     Ford City CH, LLC, an Illinois Limited Liability Company and lienholder.

365.     Tenants and Occupants.

366.     Unknown Owners and Non-Record Claimants.


**ANSWER:**     Except as stated in their individual answer to the specific sub-paragraphs identified below, the Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 5 of the Complaint and therefore deny those allegations except to the extent they are ascertainable as a matter of public record.

For its answer to sub-paragraph 191 of paragraph 5 of the Complaint, HSBC admits that it is the holder of a Note secured by a first mortgage encumbering property which is the subject of the Complaint and commonly known as 4280 W. Ford City, Unit B2-303, Chicago, IL 60652 ("Unit B2-303"). HSBC further admits that the mortgage is dated May 25, 2007, and was recorded

on June 13, 2007, as Instrument Number 0716441200 in the Office of the Cook County Recorder of Deeds, in Cook County, Illinois. HSBC further admits that it is the assignee and mortgagee of record of the mortgage by way of an Assignment of Mortgage which was recorded on May 9, 2014 as Instrument Number 1412919056 in the Office of the Cook County Recorder of Deeds, in Cook County, Illinois. HSBC further admits that the mortgage constitutes a valid lien on Unit B2-303. HSBC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sub-paragraph 191 of paragraph 5, and therefore denies those allegations except to the extent that they are ascertainable as a matter of public record.

For its answer to sub-paragraph 120 of paragraph 5 of the Complaint, Wells Fargo admits that it is the holder of a Note secured by a first mortgage encumbering property which is the subject of the Complaint and commonly known as 4300 W. Ford City Dr., Unit A-709, Chicago, IL 60652 ("Unit A-709"). Wells Fargo further admits that the mortgage is dated July 22, 2004, and was recorded on August 3, 2004, as Instrument Number 0421647133 in the Office of the Cook County Recorder of Deeds, in Cook County, Illinois. Wells Fargo further admits that it is the assignee and mortgagee of record of the mortgage by way of an Assignment of Mortgage which was recorded on July 6, 2023 as Instrument Number 2318733120 in the Office of the Cook County Recorder of Deeds, in Cook County, Illinois. Wells Fargo further admits that the mortgage constitutes a valid lien on Unit A-709. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sub-paragraph 120 of paragraph 5, and therefore denies those allegations except to the extent that they are ascertainable as a matter of public record.

For its answer to sub-paragraph 314 of paragraph 5 of the Complaint, MERS admits that it is the holder of a Note secured by a first mortgage encumbering property which is the subject of the Complaint and commonly known as 4263 W. 76th St., Unit D2-105, Chicago, IL 60652 ("Unit

FILED DATE: 10/28/2025 6:07 PM    20231401241

D2-105"), incorrectly described as 4261 W. 76th St., Unit D2-105 in the Complaint. MERS further admits that the mortgage is dated May 31, 2007, and was recorded on June 8, 2007, as Instrument Number 0715957140 in the Office of the Cook County Recorder of Deeds, in Cook County, Illinois. MERS further admits that the mortgage constitutes a valid lien on Unit D2-105. MERS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sub-paragraph 314 of paragraph 5, and therefore denies those allegations except to the extent that they are ascertainable as a matter of public record.

In reference to sub-paragraph 163 of paragraph 5 of the Complaint, on information and belief, Federal Home Loan Mortgage Corporation, as Trustee for the Benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2019 ("Federal Home"), is the holder of a Note secured by a first mortgage ("the Mortgage") encumbering property which is the subject of the Complaint and commonly known as 4350 W. Ford City Dr., Unit B1-205, Chicago, IL 60652 ("Unit B1-205"). The Mortgage is dated July 18, 2005, and was recorded on August 22, 2005, as Instrument Number 0523434057 in the Office of the Cook County Recorder of Deeds, in Cook County, Illinois. On information and belief, Federal Home is the assignee and mortgagee of record of the mortgage by way of an Assignment of Mortgage which was recorded on March 3, 2024 as Instrument Number 2406708040 in the Office of the Cook County Recorder of Deeds, in Cook County, Illinois. The Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sub-paragraph 163 of paragraph 5, and therefore deny those allegations except to the extent that they are ascertainable as a matter of public record.

6.      That Matthew Beaudet is the Commissioner of the Department of Buildings of City of Chicago, and as such and pursuant to the Building Code of City of Chicago, caused inspection(s)

FILED DATE: 10/28/2025 6:07 PM 20231401241

to be conducted by inspectors of the Department of Buildings of City of Chicago, who have knowledge of the facts stated in this complaint.

**ANSWER:** The Mortgagee Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

### Building Code Violations

7. That on **5/16/2023** and on each succeeding day thereafter and on numerous other occasions, the defendant(s) failed to comply with the Municipal Code of the City of Chicago as follows:

**Building A1 – 4300 W. Ford City Drive**

1. CN064014     REPAIR CORNICE

Failed to maintain cornice in good repair and free from cracks and defects (§§13-196-530(e), 13¬196-641).

South elevation, cornice - Metal cladding at top of building buckling and loose.

2. CN061014     REPAIR EXTERIOR WALL

Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose, or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls (§§13-196-530(b), 13-196-641).

Multiple elevations - Small cracked and spalled areas of concrete. Some spots have rusted expose rebar, some sections have loose concrete. West elevation, concrete slab edge and column - Multiple cracked and spalled sections, some with exposed rust rebar. Brick Washed out mortar with fractures around air conditioner openings in wall.

3. CN062034     REPAIR COPING

Failed to maintain roof coping in good repair and free from cracks defects (§§13-196-530, 13-196¬530(c) and 13-196-641).

West elevation, entry canopy structure - Coping tiles missing - Wood substrate rotting.

4. CN079014     REPAIR/REBUILD GARAGE OR SHED

Failed to maintain garage in sound condition and repair (§§13-196-530, 13-196-641).

FILED DATE: 10/28/2025 6:07 PM   20231401241

West elevation, garage - Metal overhead door frame - Rusted, Brick fractured around frame. Drain at door filled with debris. North exterior walls - masonry fractured. South interior vestibule - block wall fractured.

     5.     CN104035     MAINTAIN WINDOW

Failed to maintain windows in sound condition and good repair (§§13-196-550(b) and (f)).

West elevation, 2nd floor - Window cracked. South elevation, 14th floor - Window cracked. East elevation, 13th and 6th floors - Window cracked.

     6.     CN031023     FIRE EXTINGUISHER - RECHARGE & TAG

Failed to maintain properly charged fire extinguisher, and to attach tag which clearly indicates recharge date and signature of the person who performed the recharge (§15-16-680).

Entire Building - Fire extinguisher tags expired 2021.

     7.     CN103015     REPAIR FLOOR

Failed to maintain floor free from holes and wide cracks and free from loose, warped, protruding or rotting floor boards (§§13-196-540(a) and (b)).

1st floor elevator lobby - Floor missing finish in front of elevator door. Exposed concrete uneven and is a trip hazard.

     8.     CN197087     CARBON MONOXIDE DETECTOR

Install carbon monoxide detector within 40 feet of every sleeping room in residential structure pursuant to §§13-64-190, 13-64-210 of the Code. A carbon monoxide detector is needed whenever there is a heating appliance on the premises that burns fossil fuel such as gas, oil, or coal, or air that is circulated through a heat exchanger. Install according to manufacturer instructions. A hard-wired model requires an electrical wiring permit. In a single-family residence, be sure the detector is on or below the lowest floor with a place to sleep. In a multiple dwelling residence heated by a boiler, install a detector in the same room as the boiler. Otherwise, each apartment follows single family guidelines. The owner is responsible for installation and written instructions, the tenant for testing, maintenance, and batteries.

1st floor boiler room - Missing Carbon monoxide detector.

     9.     CN136016     ROACHES

Exterminate roaches and keep dwelling insect-free (§13-196-630 C).

1st floor boiler room - Roach infestation.

     10.     CN107035     MAINTAIN EXIT SIGN ILLUMINATED

Failed to maintain all exit signs illuminated when building is occupied and otherwise maintain exit signs in good condition (§§13-196-090, 13-160-700 thru 13-160-770).

15th floor, 3rd floor and 1st floor office - Exit signs and stair signs out of service at time of inspection. Parking Garage - Exit signs out.

11.    NC5012    CLASS B DOOR IN STAIRWELL

Failed to provide stairwell opening with self-closing, framed, 1-1/2 hour Class B door (§15-8-180).

15th floor North stair, 5th floor south stair and 1st floor south stair - Stair well door does not close and latch shut.

12.    NC5042    SELF-CLOSE CLASS B FIRE DOOR

Failed to provide 1-1/2-hour Class B fire door with self-closing device (§15-8-180).

Multiple floors - Trash chute doors do not close, and latch shut.

13.    CN078014    ILLUMINATE EXIT AREAS

Failed to provide and maintain adequate illumination of exit areas (§13-160-660, 13-160-670, 13¬196-080).

Multiple areas throughout building - Emergency lighting out of service at time of inspection.

14.    CN194029    PROVIDE

Provide per code section 14X-5-505.9.7 through 14X-5-505.9.7.2 - Stairway Signage - Identification and re-entry. 2d floor North Stair - missing interior stairway identification.

15.    CN016012    PROVIDE CLASS A FIRE DOOR

Failed to provide approved Class A door or other approved assembly on both sides of breach in firewall. One door must be automatic and other door can be either automatic or self-closing (§15¬8-060(c)).

Parking garage class A fire door at vestibule does not close and latch shut.

16.    CN103035    STRUCTURAL MEMBER, PIER BLOCK

Repair or replace defective structural member (13-196-530 A).

Parking garage - Multiple interior concrete columns cracked and spilled at base of column.

17.    CN138056    EXCESSIVE DEBRIS

Remove accumulation of refuse and debris and keep premises clean (§§13-196-580, 13-196-630).

FILED DATE: 10/28/2025 6:07 PM   20231401241

Penthouse - Junk, debris and garbage being stored. Trash chute rooms - dirty with garbage debris on floor.

18.     PL157047      STOP LEAKING WATER

Stop leaking water (§18-29-102.3).

1st floor storage room - Multiple areas of exposed plumbing riser piping leaking. 1st floor corridor - Water leaking from 2nd floor near boiler room.

19.     CN069034      REPAIR AREAWAY WALL

Failed to maintain areaway walls in sound condition and good repair (§§13-196-530, 13-196¬530(b), 13-196-641).

North elevation - Parking lot - Accessible parking spot C6 - Section of concrete retaining wall at cracked and missing with exposed rusted rebar. Curb and railing missing - Fall hazard for both pedestrians and cars.

20.     CN041063      CUT OR REMOVE HIGH WEEDS

Failed to cut or remove weeds, grass or other growth that present a fire hazard (§15-4-970).

North elevation - Live roof on top of parking garage - Weeds and grass overgrown.

21.     EL0029      EXPOSED WIRING

Remove exposed wiring (§18-27-300.4).

Exterior around building - Open and exposed electrical wires.

22.     CN104015      REPLACE WINDOWPANES, PLEXGLAS

Replace broken, missing, or defective windowpanes (§13-196-550(a)).

Multiple fire hose cabinets in both north and south stairwells glass broken and loose.

23.     NC9052      2HR SEPARATION FOR STORAGE >100SF

Failed to provide partitions with at least two-hour fire resistance to enclose storage rooms exceeding 100 square feet in multiple dwellings, institutional units and assembly units (§15-8¬240(b)).

1st floor large storage room - Holes in wall through to corridor. Missing complete fire separation.

24.     CN067014      REPAIR ROOF

Failed to maintain roof in sound condition, sound repair, watertight, and free from defects (§13¬196-530, 13-196-530(c)).

FILED DATE: 10/28/2025 6:07 PM    20231401241

Roof - Section at west side missing rock ballast - Exposed roof membrane warn, buckling and cracked.

25.    EV1111    MAINTAIN OR REPAIR HYDRAULIC ELEVATOR

Failed to maintain hydraulic elevator equipment provided at premises in safe and sound working condition (13-196-590, 13-196-630(b), 18-30-001).

Must repair fire service Phase 1 recall. Must eliminate shut down faults to provide proper operation of elevators. Elevator Shut-downs are way too high. Must return south car to service, out of service from August 6, 2021. Must close out modernization permit number 100808793. No progress on permit since April 28th, 2021.

26.    EV1110    MAINTAIN OR REPAIR ELECTRIC ELEVATOR

Failed to maintain electric elevator equipment provided at premises in safe and sound working condition (13-196-590, 13-196-630(b), 18-30-001).

Must provide a separate designated electrical outlet for the sump pump and include a sump pump cover. Must close out modernization permit, no progress on permit since April 28th, 2021. Must reroute the electrical pipe in pit to prevent a trip hazard. Must provide all manufacturing testing information and permit in machine. Must provide the red stripe diagonal warning in pit due to CWT hazard. Must provide the damper switch for preexisting air vent in machine room. Must remove non-elevator related smokes in the machines room. Must patch holes in machine room floors. Must provide climate control inside the machine room. Must install a code compliant pit ladder. Must number mechanicals in pit. Must dry and seal elevator pits. Must provide 10-foot candles of illumination throughout both elevator pits. Must install GFI's in both pits and at controllers. Under compensation chains, marking shall be provided which consist of alternating 50 mm (2 inches) diagonal red and white stripes on pit floor. Must provide a sign with the words "DANGER COUNTERWEIGHTS" shall be prominently posted on the wall and visible from the bottom of the pit ladder. Must provide a fire command lobby panel with a diagrammatic representation of the building in relation to the street. Must provide an elevator corridor call station pictograph on each floor. Must provide a fire key box with fire service keys and a drop key. Must install emergency lights in elevator lobbies. Must provide safe means of access to machine room. Must provide 10-foot candles of illumination through machine room. Must remove all combustible material, old pipes, and EMT from machine room. Must seal vent openings in machine room walls. Must remove all old car top equipment from elevators. Must remove wall studs in both hoist ways, left over from construction. Both elevators need the right smoothed out and levelled.

**Building B1 – 4350 W. Ford City Drive**

27.    CN194029    PROVIDE

North and south stairwells at all floors - code compliant stairwell identification signage missing on inside and outside of stairwell (Provide per code section 13-76-075 Stairwell Identification).

28.    CN197019    INSTALL SMOKE DETECTORS

FILED DATE: 10/28/2025 6:07 PM  20231401241

Install and maintain approved smoke detectors pursuant to §§13-196-100 thru 13-196-160 of the Code. Install a smoke detector in every dwelling unit. Install one on any living level with a habitable room or unenclosed heating plant, on the uppermost ceiling of enclosed porch stairwell, and within 15 feet of every sleeping room. Be sure the detector is at least 4 inches from the wall, 4 to 12 inches from the ceiling, and not above door or window.

1st floor north and south storage rooms and mechanical room - smoke detectors missing (14X-5¬504.8, 14X-5-504.8.4, 14B-9-907.2.10.1 through 14B-9-907.2.10.7, 14B-9-915.4.4, and 14R-11-1104).

29.     CN197087     CARBON MONOXIDE DETECTOR

Install carbon monoxide detector within 40 feet of every sleeping room in residential structure pursuant to §§13-64-190, 13-64-210 of the Code. A carbon monoxide detector is needed whenever there is a heating appliance on the premises that burns fossil fuel such as gas, oil, or coal, or air that is circulated through a heat exchanger. Install according to manufacturer instructions. A hard-wired model requires an electrical wiring permit. In a single-family residence, be sure the detector is on or below the lowest floor with a place to sleep. In a multiple dwelling residence heated by a boiler, install a detector in the same room as the boiler. Otherwise, each apartment follows single family guidelines. The owner is responsible for installation and written instructions, the tenant for testing, maintenance, and batteries.

1st floor mechanical room - carbon monoxide detector missing (14X-5-504.9, 14B-9-915.1.1, 14B¬9-915.2, and 14R-11-1105).

30.     CN044013     PIPE OPENING W/NONCOMBUSTIBLE MATERIAL

Failed to fill openings around exposed pipes or power shafting with approved noncombustible materials (§15-8-640).

(1) 1st floor mechanical and trash rooms — gaps at pipe penetrations; and (2) All floors trash chute/electrical closets — gaps at pipe penetrations.

31.     CN031023     FIRE EXTNGUISHER RECHARGE & TAG

Failed to maintain properly charged fire extinguisher, and to attach tag which clearly indicates recharge date and signature of the person who performed the recharge (§15-16-680).

All fire extinguishers throughout the building - tags expired with only 2021 displayed.

32.     CN103015     REPAIR FLOOR

Failed to maintain floor free from holes and wide cracks and free from loose, warped, protruding or rotting floorboards (§§13-196-540(a) and (b)).

(1) 1st floor laundry room floor tiles - various cracked and broken creating a trip hazard; and (2) 5th floor south stairwell landing - 4inch diameter concrete spall creating a trip hazard.

FILED DATE: 10/28/2025 6:07 PM  20231401241

33.    CN101015    REPAIR INTERIOR WALLS/CEILING

Failed to maintain interior walls and ceilings free from holes or cracks (§13-19-540(c)).

2nd floor corridor ceiling south of elevator - water damaged drywall with discolored and bubbled paint.

34.    CN136026    INSECTS

Exterminate insects and keep dwelling insect-free (§13-196-630 C).

Bed bug infestation throughout the premises - property needs to be treated by certified bed bug exterminator(s) throughout the premises - the Chicago Department of Buildings will not consider this violation complied without proof of said extermination and proof of exterminator's qualifications specifically with regard to bed bugs.

35.    CN015062    OBSTRUCTIONS IN EXIT WAY

Failed to remove obstruction from exit way that hampers travel and evacuation (§§13-160-070, 13¬196-080).

4th floor south stairwell landing - used mattress stored with live crawling bed bugs all over.

36.    CN105035    REPAIR DOOR HARDWARE

Repair or replace door hardware (§13-196-550).

Interior doors not closing or latching at (1) 2nd floor trash chute/electrical closet door; and (2) 3rd floor north stairwell door.

37.    CN017012    INTERIOR FINISH FIRE RESISTANCE

Failed to use appropriate fire-resistant materials on interior wall, interior trim, and ceiling finishes (§§15-8-370, 15-8-380 thru 15-8-430).

1st floor laundry room behind dryers – 24 inches by 24 inches opening in concrete block wall.

38.    EL0027    RESTORE EXIT AND EMERGENCY LIGHTING

Restore exit and emergency lighting system and related equipment to operable condition (§18-27¬700.6).

All emergency lights throughout building - did not work when tested.

39.    EV1111    MAINTAIN OR REPAIR HYDRAULIC ELEVATOR

Failed to maintain hydraulic elevator equipment provided at premises in safe and sound working condition (13-196-590, 13-196-630(b), 18-30-001).

Must install a fire key box with machine room keys and drop key. Must perform a category one test and static test; and provide documentation and test tags. Must provide pressure readings on stop ring and with machine room gate valve closed. Must provide 10-foot candles of illumination in elevator pit. Must repair/replace machine room door; door to be fire rated for 90 minutes and self-closing. Must provide complaint pit ladder. Must provide documentation of a double bottom jack assembly or replace jack assembly. Must repair/replace car door restrictor. Must repair/replace the emergency phone and program the phone to a 24-hour service, not 911. Must provide a maintenance control program with maintenance logs, oil logs, and test reports. Must secure loose sight guards on hoist way doors. Must keep machine room clean and dry, and eliminate all leaks, including water. Must provide a machine room door that is fire rated for 90 minutes and self-closing.

**Building B2 – 4280 W. Ford City Drive**

40.  CN194029  PROVIDE

North and south stairwells at all floors - code compliant stairwell identification signage missing on inside and outside of stairwell (Provide per code section 13-76-075 Stairwell Identification).

41.  CN197019  INSTALL SMOKE DETECTORS

Install and maintain approved smoke detectors pursuant to §§13-196-100 thru 13-196-160 of the Code. Install a smoke detector in every dwelling unit. Install one on any living level with a habitable room or unenclosed heating plant, on the uppermost ceiling of enclosed porch stairwell, and within 15 feet of every sleeping room. Be sure the detector is at least 4 inches from the wall, 4 to 12 inches from the ceiling, and not above door or window.

1st floor storage rooms and laundry room - smoke detectors missing (14X-5-504.8, 14X-5-504.8.4, 14B-9-907.2.10.1 through 14B-9-907.2.10.7, 14B-9-915.4.4, and 14R-11-1104).

42.  CN197079  REPAIR/REPLACE SMOKE DETECTORS

Repair or replace defective or out of service smoke detectors and operate continuously (§§13-196¬130, 13-196-140).

5th floor north and south stairwells - smoke detector did not work when tested (14X-1-103.2, 14X¬1-103.3, 14X-504.1.1, 14X-5-504.10 and 14A-3-314.1.4).

43.  CN197087  CARB MONOX DETECTOR

Install carbon monoxide detector within 40 feet of every sleeping room in residential structure pursuant to §§13-64-190, 13-64-210 of the Code. A carbon monoxide detector is needed whenever there is a heating appliance on the premises that burns fossil fuel such as gas, oil, or coal, or air that is circulated through a heat exchanger. Install according to manufacturer instructions. A hard-wired model requires an electrical wiring permit. In a single-family residence, be sure the detector is on or below the lowest floor with a place to sleep. In a multiple dwelling residence heated by a boiler, install a detector in the same room as the boiler. Otherwise, each apartment follows single

FILED DATE: 10/28/2025 6:07 PM    20231401241

family guidelines. The owner is responsible for installation and written instructions, the tenant for testing, maintenance, and batteries.

1st floor laundry room - carbon monoxide detector missing (14X-5-504.9, 14B-9-915.1.1, 14B-9¬915.2, and 14R 11-1105).

44.    CN044013    PIPE OPENING W/NONCOMBUSTIBLE MATERIAL

Failed to fill openings around exposed pipes or power shafting with approved noncombustible materials (§15-8-640).

(1) 1st floor mechanical and trash rooms — gaps at pipe penetrations; and (2) All floors trash chute/electrical closets — gaps at pipe penetrations.

45.    CN107035    MAINTAIN EXIT SIGN ILLUMINATED

Failed to maintain all exit signs illuminated when building is occupied and otherwise maintain exit signs in good condition (§§13-196-090, 13-160-700 thru 13-160-770).

1st floor elevator lobby - exit sign not illuminated.

46.    CN103015    REPAIR FLOOR

Failed to maintain floor free from holes and wide cracks and free from loose, warped, protruding, or rotting floor boards (§§13-196-540(a) and (b)).

1st floor corridor adjacent to laundry room - water damaged floor finish with broken and missing areas creating a trip hazard.

47.    CN101015    REPAIR INTERIOR WALLS/CEILING

Failed to maintain interior walls and ceilings free from holes or cracks (§13-19-540(c)).

(1) 1st floor corridor north end at various ceiling locations - soft, water damaged drywall with discolored and bubbled paint; (2) 1st floor elevator lobby southwest wall - water damaged drywall with large bulge - broken, crumbling base an flinch diameter hole above; (3) 3rd floor corridor ceiling north of the trash chute/electrical closet - water damaged drywall with discolored and bubbled paint; and (4) 5th floor corridor ceiling north of elevator - water damaged with bubbled and discolored paint.

48.    CN105035    REPAIR DOOR HARDWARE

Repair or replace door hardware (§13-196-550).

Interior doors not closing or latching at (1) 2nd floor trash chute/electrical closet door; and (2) 1st floor north and 4th floor south stairwell doors.

49.    CN031023    FIRE EXTINGUISHER RECHARGE & TAG

Failed to maintain properly charged fire extinguisher, and to attach tag which clearly indicates recharge date and signature of the person who performed the recharge (§15-16-680).

All fire extinguishers throughout building - tags expired with only 2021 displayed; (2) 1st floor south stairwell, 2nd floor north and south stairwells - fire extinguishers missing; and (3) 5th floor north stairwell, 4th floor north and south stairwells - fire extinguishers out of charge.

    50.     EL0027       RESTORE EXIT AND EMERGENCY LIGHTING

Restore exit and emergency lighting system and related equipment to operable condition (§18-27¬700.6).

All emergency lights throughout building - did not work when tested.

    51.     EV1111       MAINTAIN OR REPAIR HYDRAULIC ELEVATOR

Failed to maintain hydraulic elevator equipment provided at premises in safe and sound working condition (13-196-590, 13-196-630(b), 18-30-001).

Must install a fire key box with machine room keys and drop key. Must provide a maintenance control program with maintenance logs, oil logs, and test tags. Must repair/replace emergency phone and program to a 24-hour manned service, not 911. Must perform a category one test and static test, provide the documentation and test tags. Provide pressure readings on stop ring and with machine room gate valve closed. Must provide documentation of a double bottom jack assembly or replace the jack assembly. Must keep the machine room clean and dry and eliminate oil leaks and water leaks. Must identify the machine room. Must repair/replace the car door restrictor. Must secure loose sight guards on hoist way doors. Must provide a code compliant pit ladder. Must provide ten foot candles of illumination in elevator pit. Must repair/replace the machine room door; the door must be fire rated for 90 minutes and self-closing.

**Building C1 – 4351 W. 76th Street**

    52.     CN061014     REPAIR EXTERIOR WALL

Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose, or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls (§§13-196-530(b), 13-196-641).

All elevations, concrete slab edges cracked and spalled, brick fractured. Concrete walls large areas cracked and spalled with exposed rusted rebar. Some temporary stabilization installed with protective fence around entire building. No imminent dangerous and hazardous condition with protective fence. Plans and Permit required for all repairs.

    53.     CN031023     FIRE EXTINGUISHER RECHARGE & TAG

Failed to maintain properly charged fire extinguisher, and to attach tag which clearly indicates recharge date and signature of the person who performed the recharge (§15-16-680).

FILED DATE: 10/28/2025 6:07 PM 20231401241

Entire Building - Fire extinguisher tags expired.

54. CN107035 MAINTAIN EXIT SIGN ILLUMINATED

Failed to maintain all exit signs illuminated when building is occupied and otherwise maintain exit signs in good condition (§§13-196-090, 13-160-700 thru 13-160-770).

4th floor exit sign not illuminated.

55. CN107015 ILLUMINATE PUBLIC STAIR/HALL

Failed to provide and maintain adequate illumination for public hall and stairwell (§§13-196-080, 13-196-450, 13-160-660, 13-160-670).

All floors - Emergency lighting out of service at time of inspection.

56. CN015062 OBSTRUCTIONS IN EXIT WAY

Failed to remove obstruction from exit way that hampers travel and evacuation (§§13-160-070, 13¬196-080).

All interior corridors - obstructed by shopping carts being stored in corridors.

57. CN197079 REPAIR/REPLACE SMOKE DETECTORS

Repair or replace defective or out of service smoke detectors and operate continuously (§§13-196¬130, 13-196-140).

South interior stairwell - Smoke detector low battery. North interior stairwell - Smoke detector out of service.

58. CN015062 OBSTRUCTIONS IN EXIT WAY

Failed to remove obstruction from exit way that hampers travel and evacuation (§§13-160-070, 13¬196-080).

West elevation - Exit from Laundry room obstructed by construction fence. Missing clear path from building to public way. **Dangerous and Hazardous**

59. CN061074 PROTECT SIDEWALK DURING CONSTRUCTION

Failed to protect public sidewalk or thoroughfare from work done under permit (§§13-124-130 thru 13-124-180).

West elevation - Exit from laundry room - Missing protective canopy to provide protected clear path to public. **Dangerous and Hazardous**

60. NC5042 SELF-CLOSE CLASS B FIRE DOOR

Failed to provide 1-1/2-hour Class B fire door with self-closing device in (§15-8-180).

Multiple floors - Trash Chute hatch door does not close, and latch does not shut.

> 61.    NC4032       2-HR STAIR ENCLOSURE, 4+ STORY

Failed to enclose interior stairwell in building over three stories by partitions with at least two-hour fire resistance in (§15-8-140).

2nd and 3rd floor Stairwell doors do not close, and latch does not shut.

> 62.    CN133016     CARPETING

Repair or replace defective and dangerous carpeting (§§13-196-630, 13-196-540).

4th floor corridor - Carpeting filthy and unsanitary.

> 63.    NC6012       1HR PUB.CORRIDOR IN MULT. D.U.

Failed to enclose public corridor in multiple dwellings with partitions, floors, and ceilings providing at least one hour fire resistance in (§13-64-020(b)).

1st and 2nd floor corridor - Holes in corridor walls, Missing complete fire separation. Some drywall is buckling with gaps between sheets of drywall.

> 64.    NC9052       2HR SEP FOR STORAGE >100SF

Failed to provide partitions with at least two-hour fire resistance to enclose storage rooms exceeding 100 square feet in multiple dwellings, institutional units and assembly units (§15-8¬240(b)).

1st floor laundry room and storage room - Wall between storage room and laundry room removed. Large hole with no fire separation.

> 65.    CN103015     REPAIR FLOOR

Failed to maintain floor free from holes and wide cracks and free from loose, warped, protruding or rotting floorboards (§§13-196-540(a) and (b)).

1st floor north corridor - Floor deteriorated and rotten with water damage.

> 66.    CN197087     CARB MONOXIDE DETECTOR

Install carbon monoxide detector within 40 feet of every sleeping room in residential structure pursuant to §§13-64-190, 13-64-210 of the Code. A carbon monoxide detector is needed whenever there is a heating appliance on the premises that burns fossil fuel such as gas, oil, or coal, or air that is circulated through a heat exchanger. Install according to manufacturer instructions. A hard¬wired model requires an electrical wiring permit. In a single-family residence, be sure the detector is on or below the lowest floor with a place to sleep. In a multiple dwelling residence

FILED DATE: 10/28/2025 6:07 PM    20231401241

FILED DATE: 10/28/2025 6:07 PM  20231401241

heated by a boiler, install a detector in the same room as the boiler. Otherwise, each apartment follows single family guidelines. The owner is responsible for installation and written instructions, the tenant for testing, maintenance, and batteries.

1st floor laundry room - Missing carbon monoxide detector.

### 67. CN077014 REPAIR FENCE

Failed to maintain fence in good condition and repair (§§7-28-060, 13-196-630, 13-196-641).

West elevation protective construction fence - Fence cut to provide access to rear patio and area under construction. **Dangerous and Hazardous**

### 68. CN101015 REPAIR INTERIOR WALLS/CEILING

Failed to maintain interior walls and ceilings free from holes or cracks (§13-19-540(c)).

Multiple floors in corridors - Water damage to ceilings. 1st floor corridor - Peeling paint at ceiling.

### 69. CN131026 REPAIR SCREENS

Repair or replace defective screen (§13-196-560 B).

All elevations - Missing window screens.

### 70. CN138056 DEBRIS, EXCESSIVE

Remove accumulation of refuse and debris and keep premises clean (§§13-196-580, 13-196-630).

East elevation 1st floor north dwelling unit - Excessive amounts of junk and debris stacked on patio. Furniture old tires, and boxes. - Rat harbor and fire hazard

### 71. CN194029 PROVIDE

Provide Stairway identification and re-entry signage per code sections 14X-5-505.9.7 thru 14X-5¬505.9.7.2 and 14B-10-1023.9. Stairway identification and re-entry signage required in existing buildings exceeding 3 stories above grade pane. Alphabetical or directional letter identification for the exit stairway and the number of the 1 to which the door opens must be posted within every interior exit stairway adjacent to each floor. Re-entry information showing which floor have re¬entry locations must be posted adjacent to every door to an exit stair' on the occupancy side. (14X¬5-505.9.7 thru 14X-5-505.9.7.2, 14B-10-1023.9 and 14B-10-1023.9.1).

### 72. EV1111 MAINTAIN OR REPAIR HYDRAULIC ELEVATOR

Failed to maintain hydraulic elevator equipment provided at premises in safe and sound working condition (13-196-590, 13-196-630(b), 18-30-001).

Must perform a category one test and static test and provide the documentation and test tags. Provide pressure readings on stop ring and with machine room gate valve closed. Must provide

documentation of a double bottom jack assembly or replace the jack assembly. Provide ten foot candles of illumination in elevator pit. Must provide a compliant pit ladder. Must repair/replace the machine room door, must be a fire rated 90 minutes and self-closing door. Must repair/replace the emergency phone and program to a 24-hour manned service, not 911. Must repair/replace the car door restrictor. Must keep the machine room clean and dry and eliminate all oil leaks and water leaks. Must secure loose sight guards on hoist way doors. Must install fire key box with machine room keys and drop keys.

**Building C2 – 4281 W. 76th Street**

73.     CN061014     REPAIR EXTERIOR WALL

Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose, or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls (§§13-196-530(b), 13-196-641).

East and south elevations, concrete slab edges cracked and spalled, brick fractured. Concrete walls large areas cracked and spalled with exposed rusted rebar. Some temporary stabilization installed with protective fence around entire building. No imminent dangerous and hazardous condition with protective fence. Plans and Permit required for all repairs.

74.     CN069034     REPAIR AREAWAY WALL

Failed to maintain areaway walls in sound condition and good repair (§§13-196-530, 13-196¬530(b), 13-196-641).

West elevation ground floor retaining wall - large fracture in brick with loose brick and mortar.

75.     CN067024     REPAIR EAVES

Failed to maintain roof eaves in good repair and free from cracks and defects which may admit rain (§§13-196-530, 13-196-530(c), and 13-196-641).

West elevation, front entry enclosure canopy - water damage to ceiling.

76.     CN104035     MAINTAIN WINDOW

Failed to maintain windows in sound condition and good repair (§§13-196-550(b) and (f)).

South elevation 1st and 2nd floors loose and bent storm window frames. South elevation 1st floor - Broken windowpane. West elevation, 2nd floor Loose storm window.

77.     CN194019     REPAIR OR REPLACE

West and east elevations - Large unprotected holes in walls - Missing vent covers.

78.     CN138066     DEMO DEBRIS

Remove debris from demolition (§13-124-110).

FILED DATE: 10/28/2025 6:07 PM    20231401241

FILED DATE: 10/28/2025 6:07 PM   20231401241

East elevation – demolition debris - large pile of bricks outside laundry room.

79.    CN194029    PROVIDE

Provide Stairway identification and re-entry signage per code sections 14X-5-505.9.7 thru 14X-5¬505.9.7.2 and 14B-10-1023.9. Stairway identification and re-entry signage required in existing buildings exceeding 3 stories above grade pane. Alphabetical or directional letter identification for the exit stairway and the number of the to which the door opens must be posted within every interior exit stairway adjacent to each floor. Re-entry information showing which floor have re¬entry locations must be posted adjacent to every door to an exit stair on the occupancy side (14X¬5-505.9.7 thru 14X-5-505.9.7.2, 14B-10-1023.9 and 14B-10-1023.9.1).

80.    CN031023    FIRE EXTNGUISHER RECHARGE & TAG

Failed to maintain properly charged fire extinguisher, and to attach tag which clearly indicates recharge date and signature of the person who performed the recharge (§15-16-680).

All floors - fire extinguisher recharge tags expired 2021.

81.    CN015062    OBSTRUCTIONS IN EXIT WAY

Failed to remove obstruction from exit way that hampers travel and evacuation (§§13-160-070, 13¬196-080).

Multiple floors - shopping carts in corridor obstructs egress.

82.    CN078014    ILLUMINATE EXIT AREAS

Failed to provide and maintain adequate illumination of exit areas (§§13-160-660, 13-160-670, 13¬196-080).

Multiple floors - emergency lighting not working when tested.

83.    CN107035    MAINTAIN EXIT SIGN ILLUMINATED

Failed to maintain all exit signs illuminated when building is occupied and otherwise maintain exit signs in good condition (§§13-196-090, 13-160-700 thru 13-160-770).

5th floor and 2nd floor Exit signs to stairwell out of service.

84.    CN197079    REPAIR/REPLACE SMOKE DETECTORS

Repair or replace defective or out of service smoke detectors and operate continuously (§§13-196-130, 13-196-140).

5th floor north stair - smoke detector out of service.

85.    NC5062    HOLDOPEN DEVICE, STAIR 3+ FIRS

Failed to remove fusible links and/or other hold-open mechanism on stairwell doors in buildings where stairwells serve more than three floors (§15-8-180(c)).

4th floor - stair door being held open by brick.

86.    NC4032        2-HR STAIR ENCLOSURE, 4+ STORY

Failed to enclose interior stairwell in building over three stories by partitions with at least two hour fire resistance (§15-8-140).

The 4th floor stair door does not close, and latch shut. 2nd floor south stair door - Missing doorknob, door does not close, and latch shut. 1st floor south stair door rubs on carpet - door does not close and latch shut.

87.    NC5042        SELF-CLOSE CLASS B FIRE DOOR

Failed to provide 1-1/2 hour Class B fire door with self-closing device (§15-8-180). Multiple floors - trash chute hatch doors do not close, and latch shut.

88.    CN133016      CARPETING

Repair or replace defective and dangerous carpeting (§§13-196-630, 13-196-540).

2nd floor corridor - carpeting filthy.

89.    CN197087      CARB MONOXIDE DETECTOR

Install carbon monoxide detector within 40 feet of every sleeping room in residential structure pursuant to §§13-64-190, 13-64-210 of the Code. A carbon monoxide detector is needed whenever there is a heating appliance on the premises that burns fossil fuel such as gas, oil, or coal, or air that is circulated through a heat exchanger. Install according to manufacturer instructions. A hard-wired model requires an electrical wiring permit. In a single-family residence, be sure the detector is on or below the lowest floor with a place to sleep. In a multiple dwelling residence heated by a boiler, install a detector in the same room as the boiler. Otherwise, each apartment follows single family guidelines. The owner is responsible for installation and written instructions, the tenant for testing, maintenance, and batteries.

1st floor laundry room missing carbon monoxide detector.

90.    CN044013      PIPE OPENING W/NONCOMBUSTIBLE MATERIAL

Failed to fill openings around exposed pipes or power shafting with approved noncombustible materials (§15-8-640).

1st floor boiler room - Pipe penetrations missing fire rated material in fire wall. Missing complete fire rated separation.

91.    NC9052        2HR SEP FOR STORAGE >100SF

FILED DATE: 10/28/2025 6:07 PM    20231401241

Failed to provide partitions with at least two-hour fire resistance to enclose storage rooms exceeding 100 square feet in multiple dwellings, institutional units, and assembly units (§15-8¬240(b)).

1st floor laundry room and storage room - wall between storage room and laundry room removed. Large hole with no fire separation.

92.     EV1111      MAINTAIN OR REPAIR HYDRAULIC ELEVATOR

Failed to maintain hydraulic elevator equipment provided at premises in safe and sound working condition (13-196-590, 13-196-630(b), 18-30-001).

Repair/replace machine room door. The door must be fire rated for 90 minutes and self-locking. Provide ten feet of candles of illumination in elevator pit. Must also provide a compliant pit ladder and repair/replace the car door restrictor. Must keep the elevator pit clean and dry and eliminate all water leaks and oil leaks. Must install fire key box with machine room keys and drop key. Must secure loose sight guards on hoist way doors. Must provide a maintenance control program with maintenance logs, oil logs, and test reports. Must pull a permit for a repair of the jack assembly. Must repair/replace emergency phone and program to a 24 hour service, not 911.

**Building D1 – 4260-4262 W. Ford City Drive**

93.     CN061024      SUBMIT 2 COPY STRUCTURAL RPT

Failed to maintain building or structure in a structurally safe and stable condition. The Building Commissioner requests submission of two (2) copies of a structural condition report prepared, signed and sealed by an Illinois licensed Architect or Structural Engineer, attesting to the structural conditions of the building or structure (§13-196-030).

Submit condition assessment report for the basement center-north foundation wall crack and bulging - report shall be signed and sealed by a registered design professional, and based on a critical, comprehensive, and detailed physical inspection of the premises identified and detailed in the violation the report must identify the date, nature, scope, findings, and deficiencies of the inspection/investigation - the report must identify each technical principle or standard that is the basis of any professional judgment and comprehensive recommendations for repairs expressed in the report - recommendation of repairs must include photos, drawings, details, and calculations which may be used to submitted for a repair permit when allowed - the condition report, permit, and permitted drawings must be kept on file at the property and made available for field inspection review and approval by all related trades - submit electronic report for review and approval to: DOB_CAR@cityofchicago org (14X-1-104.1 thru 14X-1-104,4, 14A-6-603.5, and 14A-4-411.1)

94.     CN101015      REPAIR INTERIOR WALLS/CEILING

Failed to maintain interior walls and ceilings free from holes or cracks (§13-19-540(c)).

Northwest interior stairway east wall south of building entry - eight feet by eight feet crack in drywall.

FILED DATE: 10/28/2025 6:07 PM   20231401241

95.     CN103035       STRUCTURAL MEMBER, PIER BLOCK

Repair or replace defective structural member (§13-196-530 A).

Basement laundry room north foundation wall behind washers and dryers - 30 feet wide horizontal crack at mid-span with the entire wall bulging vertically - imminently dangerous and hazardous condition - conditions assessment report required to obtain the repair permit.

96.     CN131026       REPAIR SCREENS

Repair or replace defective screen (§13-196-560 B).

All elevations ripped window screens.

97.     CN104035       MAINTAIN WINDOW

Failed to maintain windows in sound condition and good repair (§§13-196-550(b) and (f)).

South elevation - window cracked.

98.     CN065014       REPAIR LINTELS

Failed to maintain lintel in good repair and free from cracks and defects in (§§13-196-530(e), 13¬196-641).

South elevation - Lintels rusted and sagging some severely rusted. Masonry permit required for repairs.

99.     CN061014       REPAIR EXTERIOR WALL

Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose, or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls (§§13-196-530(b), 13-196-641).

North elevation washed out mortar. Windowsill at the second floor shifting up. **Building D2 – 4261-4263 W. 76th Street**

100.    CN138026       USE SANITARY REFUSE CONTAINERS

Deposit refuse in sanitary refuse containers (§§7-28-260, 13-196-620 D). South sitting area - Garbage can overflowing.

101.    CN132046       SAFE WORKING CONDITIONS

Provide and maintain every facility, piece of equipment, or utility in safe and sound working condition (§§13-196-400, 13-196-440).

South elevation at east side of building - unknown electrical tubing/piping hanging from roof. Area sectioned off with fencing.

FILED DATE: 10/28/2025 6:07 PM   20231401241

102.   CN065014   REPAIR LINTELS

Provide and maintain every facility, piece of equipment, or utility in safe and sound working condition (§§13-196-400, 13-196-440).

All elevations - Lintels rusted some sagging. Masonry permit required for repairs.

103.   CN041063   CUT OR REMOVE HIGH WEEDS

Failed to cut or remove weeds, grass or other growth that present a fire hazard (§15-4-970).

South elevation fenced off area - high weeds.

104.   CN061014   REPAIR EXTERIOR WALL

Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose, or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls (§§13-196-530(b), 13-196-641).

North elevation - exterior wall shifting out at windows. Step fractures.

105.   CN069034   REPAIR AREAWAY WALL

Failed to maintain areaway walls in sound condition and good repair (§§13-196-530, 13-196¬530(b), 13-196-641).

Garbage area retaining wall - bricks shifting with stone ap leaning and tilting.

106.   CN067014   REPAIR ROOF

Failed to maintain roof in sound condition, sound repair, watertight, and free from defects (§§13¬196-530, 13-196-530(c) and 13-196-641).

West, North, and East elevations - Missing section of mansard roof tile. Substrate exposed.

107.   CN104015   REPLCE WINDOWPANES, PLEXGLAS

Replace broken, missing, or defective windowpanes (§13-196-550(a)).

North elevation, at 4263 entry - Window sidelite glass broken with cardboard covering hole.

108.   CN012022   1HR FLR OVER BSMT, 1 OR 2 DU

Failed to construct floor over basement with one hour fire resistant materials in other than in single family and two-family dwellings (§§13-60-200).

Basement Hot water heater room – Missing sections of drywall ceiling. Missing complete fire separation at basement.

FILED DATE: 10/28/2025 6:07 PM 20231401241

109.    CN101015        REPAIR INTERIOR WALLS/CEILING

Failed to maintain interior walls and ceilings free from holes or cracks (§13-19-540(c)).

Basement walls and ceiling - multiple areas water damaged.

110.    CN106015        REPAIR INTERIOR STAIR SYSTEM

Failed to maintain interior stairway system in safe condition and sound repair (§13-196-570).

Interior east stair at basement - Tread weak and rotten.

111.    CN107035        MAINTAIN EXIT SIGN ILLUMINATED

Failed to maintain all exit signs illuminated when building is occupied and otherwise maintain exit signs in good condition (§§13-196-090, 13-160-700 thru 13-160-770).

All exit signs were not illuminated at the time of inspection.

112.    CN197019        INSTALL SMOKE DETECTORS

Install and maintain approved smoke detectors pursuant to §§13-196-100 thru 13-196-160 of the Code. Install a smoke detector in every dwelling unit. Install one on any living level with a habitable room or unenclosed heating plant, on the uppermost ceiling of enclosed porch stairwell, and within 15 feet of every sleeping room. Be sure the detector is at least 4 inches from the wall, 4 to 12 inches from the ceiling, and not above door or window.

All stairwells - Missing smoke detectors at top of each stairwell. **Dangerous and Hazardous**

113.    NC5022        STAIR: SELF-CLOSE 1-3/4" DOOR

Failed to provide stairwell opening in residential building not exceeding three stories and not serving more than four dwelling units with self-closing, framed, 1-3/4-inch solid wood door (§15¬8-180(a)).

All stairwell doors are being held open - not self-closing.

114.    CN141016        STOP SMOKE, NOXIOUS ODORS

Stop noxious odors from permeating dwelling or premises (§§7-28-060, 13-196-630).

4263 W. 76th side of building - Strong odors of cat urine. Unsanitary conditions.

115. CN194039        REMOVE

Remove per code sections (14X-7-703.4, 14X-7-705.3 and 14X-7-705.3.3).

FILED DATE: 10/28/2025 6:07 PM    20231401241

1st floor dwelling unit 103. Corridor outlet has extension cord going into dwelling unit. Remove extension cords or flexible cords used as a substitute for permanent wiring (14X-7-703.4, 14X-7¬705.3 and 14X-7-705.3.3).

**ANSWER:**    The allegations in this paragraph consist of legal conclusions that require no response. To the extent the Court requires a response, the Mortgagee Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

**\*\*End of Violations\*\***

**<u>Count I - Civil Penalties Against the Owners</u>**

8.    The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations as paragraph 8 of Count I.

**ANSWER:**    The Mortgagee Defendants incorporate by reference their answers to all preceding paragraphs as if set forth fully herein.

9.    Section 13-12-020 of the Municipal Code of Chicago provides that: "the owner, his agent for the purpose of managing, controlling or collecting rents and any other person managing or controlling a building or premises in any part of which there is a violation of the provisions of this Code ... shall be liable for any violation therein, existing or occurring, or which may have existed or occurred, at or during any time when such person is or was the person owning or managing, controlling, or acting as agent in regard to said buildings or premises and is subject to injunctions, abatement orders or other remedial orders." Municipal Code of Chicago, Ill. ("MCC") § 13-12-020.

**ANSWER:**    The allegations in this paragraph consist of legal conclusions that require no response. To the extent the Court requires a response, the Mortgagee Defendants admit the allegations only to the extent that they are consistent with the Municipal Code of Chicago and otherwise deny those allegations.

51

FILED DATE: 10/28/2025 6:07 PM    20231401241

10.    Section 13-12-040 further states: "Any violation of . . . any of the provisions of this code . . . shall be punishable by a fine of not less than $200.00 and not more than $500.00, and each day such violation shall continue shall constitute a separate and distinct offense for which a fine herein provided shall be imposed." MCC § 13-12-040.

**ANSWER:**    The allegations in this paragraph require no response.  To the extent the Court requires a response, the referenced statute speaks for itself, and the Mortgagee Defendants deny the allegations to the extent they are inconsistent with the referenced statute.

11.    The City seeks the maximum fine for each day defendants,

FORD CITY CONDOMINIUM ASSOCIATION; JOSEF TOADER; FLORITA TOADER; EMILIA R. CODOS; LOIS A. GORDON; KELVIN B. BACON; MIECZYLSAW WAWOZNY; HATUEY MCKOY; WINSTON MCKOY; MARSELLOW FARROW; MARC FARROW; CHAKA D. FARROW; KARINA RODEA-ESQUIVEL; WENDY WATSON; BRENT WATSON; GPAM PROPERTIES, LLC; RAYVEN V. WILSON; PROVIDENCIA GONZALEZ; AMANDA L. NAVARRO; MIRIAM FERREIRA A/K/A MIRIAM CHAVEZ; GIOVANNI JAEL CHAVEZ; ADRIENNE HOLLEY; THE HOWARD FAMILY TRUST U/T/A DTD 7/3/2015; DONNA M. HOWARD; VICENTE GONZALEZ-CARABEZ; FOUAD M. DOOLAH; YOSSEF DOLEH; LARRY GILLETTE; ZOFIA MODRZEJEWSKA; JOYCE D.MARTIN; AMGUN INVESTMENTS, LLC; ENRIQUE CERVANTES; MANCHUN KAO; HOMES FOR VETERANS CO.; ERICA SALINAS; MELISSA RANGEL; Z FINANCIAL ILLINOIS G PROPERTIES, LLC; PEDRO PALACIOS; AHMAD A. NUR; WILLIAM D. O'DONNELL; HUGH O'DONNELL; MAGALY Z. GARCIA A/K/A MAGGIE GARCIA; IDSB CAPITAL, LLC; CHRISTOPHER D. RUSSELL; KAREN E. RUSSELL; EFRAIN ROJAS GALVEZ; MARTIN ANGELO ACEVES; FRANCISCO CARRILLO; OSCAR MIRELES; JOHN M. GOLDEN; MARY A. GOLDEN; STEVEN T. SHUTTLEWORTH II; MARY BIEL; LUDWIK DZIEDZIC; LISA S. MCMATH; TONI GREEN; MICHAEL GREEN; LORETTA C. MAHER; BANK OF AMERICA, NA, AS TRUSTEE; KAZIMIERA PTAK; JUDY GRIFFIN; LISA D. SAMPSON; PAMELA JEFFERSON; EDWARD COLEMAN; TAKADA V. DIXON; US BANK, NA, AS TRUSTEE; JOSEPH CHAVEZ; DAVID KYSELICA; CHICAGO TITLE LAND TRUST CO., AS TRUSTEE; CECYLIA GUROS; CALVIN REESE; DARNELL CORTEZ REESE; CHICAGO TITLE LAND TRUST CO. U/T/A 80023929426; VINAYAK LAWANDE; ANNA WOJAS; MARC JANDURA; GARY POWELL; LILIANA ABAD FIERRO; KIMBERLY WAGNER; DESIREE SANCHEZ; NAFTALI ESPINO; KATHERINE ESPINO; ANNETTE WOFFORD; THE GEORGE POLYMENAKOS REVOCABLE TRUST DTD 10/5/2017; GEORGE POLYMENAKOS; YURONG HAN; GABRIELA SANTAMARIA; ABRAHAM E. SANTAMARIA; DENNIS NASH; DONYETTA DOCKERY; BARBARA J. BANKS; VANESSA MILTON; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE; DAPHNEE BROWNLEE; CHARLENE L. APPLING TRUST DTD 12/7/2020; AMY LIU; SHIN-RONG LIU; ARTURO

FILED DATE: 10/28/2025 6:07 PM   20231401241

F. HERNANDEZ; MUNEEB ALAM; ZESHAN MALLHI; SWEET HOME CHICAGO
MANAGEMENT, LLC; MARIA E. RODRIGUEZ RAMOS; FAIRFIELD BUILDINGS, LLC;
MARY L. VAUGHN; HILDA M. ZMORA; RODOLFO CHAVEZ; RAYMUNDO TORRES;
JOSE GARCIA; ARSHAN ALAMGIR; BUSHRA DURRANI; TERRY DENSMORE; EDGAR
FRUTOS TORRES; LEONARD J. WOODS; LEOKADIA MOSIO; JAMES FRANK DALU;
MARGARET FURNESS; MANUELA SANCHEZ FLORES; TRUTH EMPIRES, LLC;
AKRAM SHAHID; CHRISTINE HSU; MARTHA ROCHA; STEPHEN MONTE HENSON;
ZARAH DULAY; DIEGO D. ANDRADE; CULEBRA CAPITAL, LLC; ADE OGUNSANYA
A/K/A ADETOKUNBO OGUNSANYA A/K/A ADETOKUNBO O. TEJUOSO; ANALILIA
CARRILLO; JUAN CARRILLO; SUSAN O'NEAL; SUSAN M. GNIADECKI; ANTON J.
WATKINS; DSI HOLDINGS CORP.; IRENA A. BAGDADY; HENRY K. WOJCIKOWSKI;
STAN WOJCIKOWSKI; MARGARITA FLORES; MANNA PROPERTY INVESTMENT,
LLC; VIRIDIANA ALCANTAR; FELIPE SOLORZANO MAYA; LYUBOMIR
ALEXANDROV; BELIEVE IN THINE HEART MINISTRIES; EQUITY TRUST CO.,
CUSTODIAN FBO CHRISTINE HSU IRA AC#200341381; ESTELA FLORES; TANISHA
MALLEY; AGNES C. MURPHY; LUIS A. GONZALEZ; GEORGE SPATHARAKIS; JOSEF
BRZEK; EWA BRZEK; ERMA THOMAS; RAMONA BERAS TORRES; JULIUS A.
HANNON; JOSE OLAF GAYTON; DAMARRA EDINBURG; MARTHA HERNANDEZ;
MYRON COLEMAN; GREGORY L. CASTILE; ANGELO J. CRUZ; MARTIN ACEVES
ANGULO; ROSALINDA DELGADILLO; ROSALINDA ALONSO; THELMA MOORE;
JUAN DELGADILLO ALONSO; BYLEGACY TEAM, INC.; US BANK TRUST COMPANY
NA, AS TRUSTEE; BY LEGACY LLC; ROMAN LIRA; SREE PACHAMMA PROPERTIES,
LLC; MAYOWA UCHE OKOBIE; GABRIELA SANTAMARIA; GODWIN OMWANGHE
A/K/A GODWIN OMAWANCHE; BLANCA ESTELLA DIAZ-CRUZ; GABRIEL GARCIA
AVILA; ROBERTA SWEEPER; THELMA SWIMS; EDGARDO ALEMAN; ESPERANZA
MACIAS; PAULINE C. PRATER; WAYNE HOLLOWAY; THORNWOOD PARTNERS,
LTD.; MICHAEL T. RZASA; FEDERAL NATIONAL MORTGAGE
ASSOCIATION;BRENDA J. ALLEN-BALLARD; IRENE JONES; ALBERTO ABEL
BELLIDO; CLARA OLIVARES; THOMAS LOREK; MUSHIYA LOREK; LETICIA SOLIS;
LETICIA GAMBOA; ALTHEA Y. ANDERSON; JOANNA STALLWORTH; TERRY JONES;
GREGORY L. JONES; WILLIAM DORGAN; ALBERTO OCAMPO; CRISOSTOMA
FLORES DE OCAMPO; SALTA GROUP, INC.; BRUCE LANCE II; JOYCE LANCE;
BERTA L. CLAVIJO; LISA P. MAYFIELD; LAURA P. OLVERA; SAUL ARELLANO;
LORE J. MARTINEZ; THE MCELROY TRUST UTD DTD 3/17/1998; BERTRAM
MCELROY; ZENAIDA GARCIA; NATHANIEL K. BOSTON; ATANAS I. PETRICHKI;
IVAN A. PETRICHKI; VICTOR NAVARRO; CHRISTOPHER RAMEY; JAVIER TAPIA;
CRISTINA M. TAPIA; DANIEL LOBBINS; MARQUETTE BANK, AS TRUSTEE U/T/A
30704 DTD 7/28/2021; ANTONI CHMIELEWSKI; JADWIGA CHMIELEWSKI; EUGENA
HENRY; JESSICA LEWIS; MANUELA D. TAYLOR-WILLIAMS; LEETHEL FRANKLIN;
JOSEPHINE E. JOHNSON; DESIREE SKIPPER; CHICAGO TITLE LAND TRUST, CO. AS
SUCCESSOR-TRUSTEE TO FIRST NATIONAL BANK OF EVERGREEN PARK, AS
TRUSTEE U/T/A #14358 DTD 5-24-95; INA M. WISE; CLAUDETTE WALKER; CARLA M.
DAVIS; TIFFANY FLOWERS; JOHN M. SMITH; TRACY LYNN ROBINSON; SHIRLEY
MIA SMITH; BURTON WAYNE SMITH; ALEJANDRO ANDRADE-LARA; DEVON DANE
MURRAY; PATRICIA T. WILLIAMS; RNM FUTURE, LLC; RICARDO GARCIA; RV
HOLDINGS THREE, LLC; DIANE DEVROE; LINCOLN W. SEABROOKS; THE LORENE

FILED DATE: 10/28/2025 6:07 PM    20231401241

M. MIMS 2023 TRUST DATED 6/16/2023; LORENE MIMS; JOSE R. CONSTANTE; MARIA I. FARIAS; TONIA PONCE; LOUIS E. HENNERICH; MARIA DOMINGUEZ; ALBERTO PADILLA JR.; AMERICAN NATIONAL BANK, AS TRUSTEE U/T/A 43810 DTD 9/1/1978; GEORGE NOVOGRODER; ANGEL ZARAZUA; ADRIANA MENDOZA; SALVADOR FARIAS; JORGE A. INIGUEZ; THE HUNTINGTON NATIONAL BANK; ALEJANDRA GUZMAN; DOMENICOS KOSTERIS; EFREN RUIZ; THE ROAD TO RIGHTEOUSNESS FOUNDATION, INC.; MARIA R. PADILLA; EMMANUEL OFORUM; ADRIANA VAZQUEZ; PRISCILA ESTHER TORRES JIMENEZ; KENNETH L. WRIGHT; ANTHONY J. COLEMAN; ANTONIO GADDIS; ENJOLIQUE WILSON; ISAAC WILSON; JORGE AGUSTIN FRUTOS TORRES; AARON C. JACKSON; CYRIS WATSON; JAMIA BRAY; LAURA A. GOMEZ; AISHA RICE; DOROTHY R. HARDY; ISRAEL MIRANDA TEIXEIRA; MARLON FORTINEAUX; CHARLOTTE HOWARD; JOSE J. GARCIA; AMPARO GARCIA; DAVID J. GARCIA; MARIA J. MAGANA; KIERRA BARNES; CHALESE A. CONLEY; GREGORY LAPAPA; ALMA SANTANA OCTAVIANO; MARITZA CERVANTES; THE JOYCE BOWLES REVOCABLE LIVING TRUST DTD 7/26/2011; JOYCE BOWLES; JUAN M. SOLIZ; NELLIE M. COTTON; RAJAMER JONES; CARZIE L. JONES; DOROTHY ANDERSON; RONA ANDERSON; HECTOR BOTELLO; ZIAD H. AL KHATIB; SABINE DESIR; NEWREZ, LLC; DIANE L. TODD; PNC BANK, NA; TYREE PITTMAN; DEBORAH MITCHELL; MOHAMMED ABUBAKER; DIVINITY PROPERTIES, LLC; HYUN W. SHIN; WILLIAM A. WILCHER; VERONICA MCGRAW; MAGDI ODEH; MOHAMMEDNAJIB A. ALKARAKI; CHICAGO TITLE LAND TRUST CO. U/T/A 8002392933; ALEEM WAHEED; SHIRLEY WAHEED; LAWRENCE W. COLLINS; PATRICK SLATTERY; MAURA SLATTERY BOYLE; RAMONA B. REYES; CHICAGO TITLE LAND TRUST CO., AS SUCCESSOR-TRUSTEE U/T/A#503 DTD 4/23/1979; JAVIER URBINA; MINERVA ORDUNO; ARACELI MARTINEZ; BOGUSLAW BIL; MARCELO RODRIGUEZ-GARCIA; IRENE M. RUFUS; VINELLE A. MYRIE; AMELIA PACHECO; JUANA REYES; PAULA MENDEZ; TONI GREEN; ALICIA GREEN; ROCHANNA JOHNSON; TERESA SHAW; STEVEN W. RAYSIDE; ESMERALDA RAFAELA DALY; ESMERALDA RAFAELA; JUAN CARLOS CAMARENA; DALY RODRIGUEZ REVOCABLE LIVING TRUST DTD 5/8/2020; THE ESTATE OF JOAN P. MOORE; FORETHOUGHT LIFE INSURANCE COMPANY C/O SELECT PORTFOLIO SERVICING, INC.; US BANK TRUST NA, AS TRUSTEE FOR LB-RANCH SERIES V TRUST; TOTAL MASONRY, LLC; PARKWAY ELEVATORS, INC.; FORD CITY REALTY, LLC; FORD CITY NASSIM, LLC; FORD CITY CH, LLC; WEISS ORTIZ P.C.; TENANTS AND OCCUPANTS, and UNKNOWN OWNERS AND NON-RECORD CLAIMANTS.

("Owners"), have maintained the building on the subject property, or allowed the building on the subject property to remain, in violation of the Chicago Municipal Code.

**ANSWER:**    To the extent that the allegations in paragraph 11 of the Complaint are made against

the Mortgagee Defendants, the Mortgagee Defendants deny the allegations. To the extent that the

allegations in paragraph 11 of the Complaint are made against defendants other than the Mortgagee

FILED DATE: 10/28/2025 6:07 PM    20231401241

Defendants, the Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

WHEREFORE, THE City prays for a fine against the defendant Owners, as provided under 13-12-020, for each day said violations have existed and/or exist, said fine computed in accordance with Section 13-12-040 of the Municipal Code of Chicago.

**ANSWER**:    Plaintiff seeks no relief from Mortgagee Defendants in Count I.  To the extend any of the allegations in Count I, or relief sought in the unnumbered WHEREFORE clause of Count I, seek any monetary relief from Mortgagee Defendants, Defendants deny that Plaintiff is entitled to any of the relief sought against them in Count I, including, but not limited to, payment of any fines or an award of any amount of money whatsoever from Mortgage Defendants.  Mortgagee Defendants make no response to the relief sought against the other defendants named in the Complaint.

### Count II- Injunctive Relief

12.    The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations as paragraph 12 of Count II.

**ANSWER:**    The Mortgagee Defendants incorporate by reference their answers to all preceding paragraphs as if set forth fully herein.

13.    All buildings in the City of Chicago must meet the minimum requirements for electrical, plumbing, heating and ventilation and general building requirements. Municipal Code of Chicago § 13-196-010 (2000) ("Every existing building shall comply with the code requirements in force and applicable to such building. . . .").

**ANSWER:**    The allegations in this paragraph consist of legal conclusions that require no response.  To the extent the Court requires a response, the Mortgagee Defendants are without

FILED DATE: 10/28/2025 6:07 PM  20231401241

knowledge sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

14.     The subject property fails to meet the minimum requirements of the Code as described in the preceding paragraphs.

**ANSWER:**     The allegations in this paragraph consist of legal conclusions that require no response.  To the extent the Court requires a response, the Mortgagee Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

15.     The Injunction Statute for Building and Zoning Violations provides, in pertinent part, that:

> In case any building or structure, including fixtures, is constructed . . . or maintained, or any building or structure, including fixtures, or land, is used in violation of an ordinance or ordinances . . . the proper local authorities of the municipality . . . in addition to other remedies, may institute any appropriate action or proceeding . . . (4) to restrain, correct or abate the violation.

> See 65 ILCS 5/11-31-2(a) (2004); see also Municipal Code of Chicago § 13-12-070 (2000) (City may obtain an injunction requiring compliance with the provisions of the Building Code.).

**ANSWER:**     The allegations in this paragraph require no response.  To the extent the Court requires a response, the referenced statute speaks for itself, and the Mortgagee Defendants deny the allegations to the extent they are inconsistent with the referenced statute.

16.     The Illinois Municipal Code provides, in pertinent part, that:

> If the appropriate official of any municipality determines, upon due investigation, that any building or structure therein fails to conform to the minimum standards of health and safety as set forth in the applicable ordinances of such municipality, and the owner or owners of such building or structure fails, after due notice, to cause such property so to conform, the municipality may make application to the circuit court for an injunction requiring compliance with such ordinances or for such other order as the court may deem necessary or appropriate to secure such compliance.

FILED DATE: 10/28/2025 6:07 PM   20231401241

See 65 ILCS 5/11-31-2 (2004)

**ANSWER:**   The allegations in this paragraph require no response.  To the extent the Court requires a response, the referenced statute speaks for itself, and the Mortgagee Defendants deny the allegations to the extent they are inconsistent with the referenced statute.

17.     Preliminary and permanent injunctive relief is necessary to end the conduct of those defendants who own, control or otherwise manage the subject property in violation of the requirements of the Municipal Code of Chicago.

**ANSWER:**   To the extent that the allegations in paragraph 17 of the Complaint are made against the Mortgagee Defendants, the Mortgagee Defendants deny the allegations.  To the extent that the allegations in paragraph 17 of the Complaint are made against defendants other than the Mortgagee Defendants, the Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

18.     Moreover, the failure of the defendants who own, control or otherwise manage the subject property to maintain the subject property according to the minimum requirements of the Municipal Code of Chicago constitutes an ongoing injury to the public health, safety and welfare, for which there is no adequate remedy at law. See Municipal Code of Chicago §13-12-010 (2000) ("In interpreting and applying said provisions of this code, such provisions shall in every instance be held to be the minimum requirements adopted for the protection and promotion of the public health, safety and welfare."). The prosecution and fining alone of these defendants will not promptly abate the nuisance.

**ANSWER:**   To the extent that the allegations in paragraph 18 of the Complaint are made against the Mortgagee Defendants, the Mortgagee Defendants deny the allegations.  To the extent that the allegations in paragraph 18 of the Complaint are made against defendants other than the Mortgagee

FILED DATE: 10/28/2025 6:07 PM    20231401241

Defendants, the Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

19.     Where a statute or ordinance authorizes injunctive relief, a municipality need only show that the statute or ordinance was violated to obtain injunctive relief. See Allied Waste Trans., 334 Ill. App. 3d at 228-29; Krisjon, 246 Ill. App. 3d at 959; Piotrowski, 215 Ill. App. 3d at 834-35.

**ANSWER:**    The allegations in this paragraph require no response.  To the extent the Court requires a response, the referenced statute speaks for itself, and the Mortgagee Defendants deny the allegations to the extent they are inconsistent with the referenced statute.

WHEREFORE, the City prays:

A. For a temporary and permanent injunction requiring the defendant owners to correct the violations alleged in the complaint and to restrain future violations permanently, pursuant to 65 ILCS 5/11-31-1 (a), 5/11-31-2, 5/11-13-15 and 13-12-170 of the Municipal Code

B. For the appointment of receiver, if necessary, to correct the conditions alleged in thE Complaint with the full powers of receivership including the right to issue and sell receivers certificates in accordance with Section 5/11- 31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended.

C. For an order authorizing the City to demolish, repair, enclose or cleanup said premises, if necessary, and a judgment against the defendant unit owners and a lien on the subject property for these costs in accordance with Section 5/11-31-1 (a) of Chapter 65 of the Illinois Compiled Statutes, as amended.

D. If appropriate and under proper petition, for an order declaring the property abandoned under Section 5/11-31-1 (d) of Chapter 65 of the Illinois Compiled Statutes, as amended, and for an order granting City of Chicago a judicial deed to the property if declared abandoned.

E. If a statutory lien is obtained in this proceeding under Section 5/11-31-1 or 5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended, for an order permitting foreclosure of said lien in this proceeding.

F. For reasonable attorney fees and litigation and court costs.

FILED DATE: 10/28/2025 6:07 PM   20231401241

G. For such other and further relief as may be necessary in the premises and which the court shall deem necessary.

**ANSWER**:     The Mortgagee Defendants deny that Plaintiff is entitled to any of the relief sought against them in Count II, including, but not limited to, an award of reasonable attorney's fees and litigation and court costs, or an award of any amount of money whatsoever from Mortgagee Defendants.  Answering further, any statutory lien obtained by Plaintiff through this proceeding regarding properties where Mortgagee Defendants hold first-filed mortgage liens would not take priority over Mortgagee Defendants' liens.  The Mortgagee Defendants make no response to the relief sought against the other defendants in the Complaint.

### **Count III – Distressed Condominium Property Provisions**

20.     The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations as paragraph 20 of Count III.

**ANSWER:**     The Mortgagee Defendants incorporate by reference their answers to all preceding paragraphs as if set forth fully herein.

21.     The Condominium Property Act provides that a distressed condominium property is a  parcel containing condominium units which are "operated in a manner or have conditions which may constitute a danger, blight, or nuisance to the surrounding community or to the general public." 765 ILCS 605/14.5(a).

**ANSWER:**     The allegations in this paragraph require no response.  To the extent the Court requires a response, the referenced statute speaks for itself, and the Mortgagee Defendants deny the allegations to the extent they are inconsistent with the referenced statute.

22.     The Condominium Property Act authorizes the City of Chicago to seek a court order finding that a property is a distressed condominium and appointing a receiver for the property. 735 ILCS 605/14.5, et seq.

FILED DATE: 10/28/2025 6:07 PM   20231401241

**ANSWER:**    The allegations in this paragraph require no response.  To the extent the Court requires a response, the referenced statute speaks for itself, and the Mortgagee Defendants deny the allegations to the extent they are inconsistent with the referenced statute.

23.    The dangerous conditions giving rise to the status of distressed condominium property must include, but are not limited to, two (2) or more of the following conditions:

a.    50% or more of the condominium units are not occupied by persons with a legal right to reside in the units;

b.    The building has serious violations of any applicable local building code or zoning ordinance;

c.    60% or more of the condominium units are in foreclosure or are units against which a judgment of foreclosure was entered within the last 18 months;

d.    There has been a recording of more condominium units on the parcel than physically exist;

e.    Any of the essential utilities to the parcel or to 40% or more of the condominium units is either terminated or threatened with termination;

f.    There is a delinquency on the property taxes for at least 60% of the condominium units.

**ANSWER:**    The allegations in this paragraph consist of legal conclusions that require no response.  To the extent the Court requires a response, the Mortgagee Defendants admit the allegations only to the extent that they are consistent with the Condominium Property Act and otherwise deny those allegations except to the extent they are ascertainable as a matter of public record.

FILED DATE: 10/28/2025 6:07 PM  20231401241

24. The subject property contains two or more of the above-mentioned dangerous conditions, as follows:

a. The subject property has serious violations of the City of Chicago Municipal Code as described in the complaint, including DANGEROUS AND HAZARDOUS exterior walls, missing or nonfunctioning life safety devices,

b. The condominium association is nonfunctioning.

c. The water supply is threatened for termination for the entire condominium complex.

**ANSWER:** The Mortgagee Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

25. Based upon the preceding factors, the property is not viable as a condominium.

**ANSWER:** The Mortgagee Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

26. The condominium association or board cannot take responsibility for the necessary code repairs at the subject property.

**ANSWER:** The Mortgagee Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

27. The condominium association has filed for bankruptcy and bankruptcy proceedings are currently pending.

**ANSWER:** On information and belief, admitted.

28. The failure of the defendants who own, control or otherwise manage the subject property to maintain the subject property according to the minimum requirements of the Municipal Code of Chicago constitutes a danger, blight and/or nuisance to the surrounding community and

FILED DATE: 10/28/2025 6:07 PM   20231401241

the public at large. The levying of a fine is not an adequate remedy for the unsafe conditions that exist at the subject property.

**ANSWER:**   To the extent that the allegations in paragraph 28 of the Complaint are made against the Mortgagee Defendants, the Mortgagee Defendants deny the allegations.  To the extent that the allegations in paragraph 28 of the Complaint are made against defendants other than the Mortgagee Defendants, the Mortgagee Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

29.    The appointment of a receiver is necessary to abate the nuisance conditions present at this property and to allow for the maintenance and rehabilitation of this blighted property into a safe and inhabitable rental property in compliance with the Municipal Code of the City of Chicago.

**ANSWER:**   The Mortgagee Defendants deny the allegations in paragraph 29 of the Complaint.

30.    A receiver appointed under the Distressed Condominium provision of the Illinois Condominium Property Act shall "have possession of the property and shall have full power and authority to operate, manage, and conserve the property" and must "manage the property as would a prudent person." 765 ILCS 605/14.5(e). The receiver may also, without an order of the court, delegate managerial functions of the receivership to a financially responsible and prudently selected person in the business of managing real estate. 765 ILCS 605/14.5(e).

**ANSWER:**   The allegations in this paragraph consist of legal conclusions that require no response.  To the extent the Court requires a response, the Mortgagee Defendants admit the allegations only to the extent that they are consistent with the Distressed Condominium provision of the Illinois Condominium Property Act and otherwise deny those allegations.

WHEREFORE, the City requests that this Court:

FILED DATE: 10/28/2025 6:07 PM    20231401241

A. Make a finding that this property is a distressed condominium property constituting a danger, blight, or nuisance to the surrounding community and general public in that it contains two or more of the conditions listed in 765 ILCS 605/14.5 (a) (1) (A) through (F).

B. Appoint a receiver for the property pursuant to 765 ILCS 605/14.5 (c)(2), the receiver to have all powers and authority contemplated in, but not limited by 765 ILCS 605/14.5 (e) (1) through (10) and (f);

C. Authorize the receiver to conduct a feasibility study;

D. Authorize the receiver to recover the cost of any feasibility study, sale, management, maintenance, repair and/or rehabilitation of the property by the issuance and sale of notes or receiver's certificates bearing such interest as the court may fix, pursuant to 765 ILCS 605/14.5 (f).

E. Authorize the receiver to coordinate with various City agencies and departments, including but not limited to the Chicago Police Department, the Department of Human Services, the Department of Construction and Permits, and the Department of Buildings.

F. Implead as party defendants all tenants and/or occupants of the subject premises and enjoin and restrain defendants who have been personally served or generally or limitedly appeared in this cause from interfering with or obstructing the receiver's performance of his or her receivership duties.

G. Find that the subject property is not viable as a condominium and enter an order pursuant to 765 ILCS 605/14.5 (c) (2) declaring
    a. That the property at 4260-4350 W. FORD CITY DR./4260-4351 W. 76TH ST., Chicago, IL 60652 ("subject property") is no longer a condominium;
    b. That the property is deemed to be owned in common by each of the unit owners;
    c. That the undivided interest in the property which shall appertain to each unit owner shall be the percentage of undivided interest previously owned by the owner in the common elements, and;
    d. That any liens affecting any unit shall be deemed to be attached to the undivided interest of the unit owner in the property as provided herein.

H. Authorize the receiver to enter into a sales contract and transfer the title of the property on behalf of the owners of the property pursuant to 765 ILCS 605/14.5 (d).

I. Grant any other relief that this Court deems appropriate.

**ANSWER**:    Plaintiff seeks no relief from Mortgagee Defendants in Count III. To the extent any

of the allegations in Count III, or relief sought in the unnumbered WHEREFORE clause of Count

III, seek any monetary relief from Mortgagee Defendants, the Mortgagee Defendants deny that

FILED DATE: 10/28/2025 6:07 PM   20231401241

Plaintiff is entitled to an award of any amount of money whatsoever from Mortgagee Defendants. Answering further, any lien obtained by Plaintiff through this proceeding regarding properties where Defendants hold first-filed mortgage liens would not take priority over Mortgagee Defendants' liens, and that any attempted transfer of title by a receiver would be subject to Defendants' first-filed liens. Mortgagee Defendants make no response to the relief sought against the other defendants named in the Complaint.

### Count IV - Unsafe Property Provisions

31.    The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations as paragraph 31 of Count IV.

**ANSWER:**    The Mortgagee Defendants incorporate by reference their answers to all preceding paragraphs as if set forth fully herein.

32.    The Unsafe Property Statute provides, in pertinent part, that:

> The corporate authorities of each municipality may demolish, repair, or enclose or cause the demolition, repair or enclosure of dangerous and unsafe buildings or uncompleted and abandoned buildings within the territory of the municipality. . . . See 65 ILCS 5/11-31-1(a) (2004).

**ANSWER:**    The allegations in this paragraph require no response. To the extent the Court requires a response, the referenced statute speaks for itself, and the Mortgagee Defendants deny the allegations to the extent they are inconsistent with the referenced statute.

33.    The Unsafe Buildings Ordinance also authorizes the City of Chicago to seek a court order authorizing the demolition, repair or enclosure of "any building . . . found in a dangerous and unsafe condition or uncompleted and abandoned" within the city limits of Chicago. Municipal Code of Chicago § 13-12-130 (2000).

64

FILED DATE: 10/28/2025 6:07 PM    20231401241

**ANSWER:** The allegations in this paragraph require no response. To the extent the Court requires a response, the referenced statute speaks for itself, and the Mortgagee Defendants deny the allegations to the extent they are inconsistent with the referenced statute.

34. The defendants have violated, and continue to violate, the Unsafe Property Statute and Unsafe Buildings Ordinance by allowing the subject property to remain in a dangerous and unsafe condition posing a danger to the public health, safety and welfare. The building on the subject property would require major reconstruction in order to remedy its dangerous and unsafe condition.

**ANSWER:** The allegations in this paragraph consist of legal conclusions that require no response. To the extent the Court requires a response, the Mortgagee Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

35. The levying of a fine is not an adequate remedy for the dangerous and unsafe conditions at the subject property.

**ANSWER:** The Mortgagee Defendants deny the allegations in paragraph 35 of the Complaint.

36. Where a statute or ordinance authorizes injunctive relief, a municipality need only show that the statute or ordinance was violated to obtain injunctive relief. See Village of Riverdale v. Allied Waste Trans., Inc., 334 Ill. App. 3d 224, 228-29 (1st Dist. 2002); City of Chicago v. Piotrowski, 215 Ill. App. 3d 829, 834-35 (1st Dist. 1991).

**ANSWER:** The allegations in this paragraph require no response. To the extent the Court requires a response, the referenced statute speaks for itself, and the Mortgagee Defendants deny the allegations to the extent they are inconsistent with the referenced statute.

WHEREFORE, the City requests that this Court enter an order:

FILED DATE: 10/28/2025 6:07 PM    20231401241

A. Requiring the defendants to demolish, repair, enclose or clean-up the subject property under proper permits issued by the City of Chicago;

B. Alternatively, authorizing the City of Chicago to demolish, repair, enclose or clean up the subject property pursuant to 65 ILCS 5/11-31-1(a) and Municipal Code of Chicago § 13-12-130, the costs of which are to be assessed as a judgment against the defendants, and as a lien against the subject property;

C. Permitting foreclosure of any City of Chicago liens entered against the subject property in this proceeding, pursuant to 65 ILCS 5/11-31-1(c);

D. Awarding to the City court costs, attorney's fees and other costs related to the enforcement of 65 ILCS 5/11-31-1(a) against the defendants; and

E. Granting any other relief that this Court deems appropriate.

**ANSWER**:    The Mortgagee Defendants deny that Plaintiff is entitled to any of the relief sought against them in Count IV, including, but not limited to, any judgment against Mortgagee Defendants, permitting foreclosure of any City of Chicago liens against the properties in which Mortgagee Defendants hold first-filed mortgage liens, an award of reasonable attorney's fees and litigation court costs, or an award of any amount of money whatsoever from Mortgagee Defendants.  The Mortgagee Defendants make no response to the relief sought against the other defendants name in the Complaint.

### **Count V – Improperly Maintained Building or Structure—Injunctive Relief**

37.    The City realleges and incorporates paragraphs 1 through 7 as paragraph 37 of Count V.

**ANSWER:**    The Mortgagee Defendants incorporate by reference their answers to all preceding paragraphs as if set forth fully herein.

38.    The Municipal Code of Chicago declares that a building is a nuisance subject to abatement if it is:

> a building or structure found to be vacant and open after the effective date of an order to secure and enclose issued by a court of competent jurisdiction or the department of administrative hearings within the previous 12 months, unless stayed

FILED DATE: 10/28/2025 6:07 PM    20231401241

by a court of competent jurisdiction; (2) a building or structure that contains any violation of a health, fire, electrical, plumbing, building or zoning provision of this code which is imminently dangerous and hazardous; (3) a building or structure for which the costs of the repairs necessary to bring the building or structure into compliance with applicable laws would exceed the market value of the building or structure after the repairs would have been made, or when the owner cannot show that it has readily available and sufficient assets to make such repairs or where such repairs otherwise are economically infeasible; or (4) a building or structure where an owner has failed to correct the code violation(s) that form the basis of an adverse order or judgment involving that building or structure, issued by a court of competent jurisdiction or a hearing officer of the department of administrative hearings, within 60 days of entry, unless such adverse order or judgment has been stayed by a court of competent jurisdiction.

Municipal Code of Chicago § 13-12-145(a).

**ANSWER:**    The allegations in this paragraph require no response.  To the extent the Court requires a response, the referenced statute speaks for itself, and the Mortgagee Defendants deny the allegations to the extent they are inconsistent with the referenced statute.

39.    The building or structure on the subject property is a nuisance as defined by the Municipal Code in that the building or structure contains violations of health, fire, electrical, plumbing, building and/or zoning provisions of the Code which are imminently dangerous and hazardous, and, further, that the owner(s) cannot show that he/she/they/it has readily available and sufficient assets to make all necessary repairs.

**ANSWER:**    The allegations in this paragraph require no response.  To the extent the Court requires a response, the referenced statute speaks for itself, and the Mortgagee Defendants deny the allegations to the extent they are inconsistent with the referenced statute.

40.    The Municipal Code of Chicago authorizes the Corporation Counsel to bring an action in a court of competent jurisdiction to abate a public nuisance as defined in that section. § 13-12¬145 (c).

FILED DATE: 10/28/2025 6:07 PM    20231401241

**ANSWER:**    The allegations in this paragraph require no response.  To the extent the Court requires a response, the referenced statute speaks for itself, and the Mortgagee Defendants deny the allegations to the extent they are inconsistent with the referenced statute.

41.    The levying of a fine is not an adequate remedy to abate the nuisance which exists.

**ANSWER:**    The Mortgagee Defendants deny the allegations in paragraph 41 of the Complaint.

WHEREFORE, the City requests that this Court enter an order:

A. Declaring the building a nuisance as defined in Section 13-12-145 (a) of the Municipal Code of Chicago.

B. Assigning or forfeiting the Defendants' rights, title and interest in the subject property to the City of Chicago or a third party designated by the City;

C. Permitting the foreclosure in this proceeding of any liens of the City of Chicago entered against the subject property in this case;

D. Awarding the City of Chicago the court costs, attorney's fees and other costs related to enforcement of Section 13-12-145(e) against the Defendants; and

E. Granting any other relief that this Court deems appropriate.

**ANSWER:**    The Mortgagee Defendants deny that Plaintiff is entitled to any of the relief sought against them in Count V, including, but not limited to, any forfeiture of Mortgagee Defendants' rights, title and interest in the properties in which Mortgagee Defendants hold first-filed mortgage liens, an award of reasonable attorney's fees and litigation and court costs, or an award of any amount of money whatsoever from Mortgagee Defendants.  The Mortgagee Defendants make no response to the relief sought against the other defendants named in the Complaint.

## AFFIRMATIVE DEFENSES

The Mortgagee Defendants, by and through their attorneys, Dykema Gossett PLLC, reserve their right to amend their Affirmative Defenses to allege further defenses that they may have against Plaintiff if additional defenses become apparent throughout the course of this

FILED DATE: 10/28/2025 6:07 PM  20231401241

litigation. Notwithstanding the foregoing and without waiving its right to assert additional defenses, the Mortgagee Defendants assert the following Affirmative Defenses:

### AFFIRMATIVE DEFENSE NO. 1

### (4280 W. Ford City, Unit B2-303)

On May 25, 2007, Nathaniel K. Boston executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for First NLC Financial Services, LLC, the predecessor-in-interest to Defendant HSBC Bank, USA, N.A., as Trustee for the Registered Holders of First NLC Trust 2007-1 Mortgage-Backed Certificates, Series 2007-1 ("HSBC"), in the amount of $102,000.00, which was secured by real property commonly known as 4280 W. Ford City, Unit B2-303, Chicago, IL 60652. The Mortgage was recorded with the Cook County Recorder of Deeds on June 13, 2007, as Instrument Number 0716441200. To the extent any new lien is recorded by Plaintiff regarding the property located at 4280 W. Ford City, Unit B2-303, the mortgage lien held by HSBC would be superior and take priority over any new lien recorded by Plaintiff.

### AFFIRMATIVE DEFENSE NO. 2

### (4300 W. Ford City Dr., Unit A-709)

On July 22, 2004, Henryk Wojcikowski executed a mortgage in favor of Argent Mortgage Company, LLC, the predecessor-in-interest to Defendant Wells Fargo Bank, N.A., as Trustee for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2004-WHQ1 ("Wells Fargo"), in the amount of $67,450.00, which was secured by real property commonly known as 4300 W. Ford City Dr., Unit A-709, Chicago, IL 60652. The Mortgage was recorded with the Cook County Recorder of Deeds on August 3, 2004, as Instrument Number 0421647133. To the extent any new lien is recorded by Plaintiff regarding the property located at 4300 W. Ford City

FILED DATE: 10/28/2025 6:07 PM 20231401241

Dr., Unit A-709, the mortgage lien held by Wells Fargo would be superior and take priority over any new lien recorded by Plaintiff.

## AFFIRMATIVE DEFENSE NO. 3

### (4263 W. 76th St., Unit D2-105)

On May 31, 2007, Veronica McGraw executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for First NLC Financial Services, LLC ("MERS"), in the amount of $128,000.00, which was secured by real property commonly known as 4263 W. 76th St., Unit D2-105, Chicago, IL 60652. The Mortgage was recorded with the Cook County Recorder of Deeds on June 8, 2007, as Instrument Number 0715957140. To the extent any new lien is recorded by Plaintiff regarding the property located at 4263 W. 76th St., Unit D2-105, the mortgage lien held by MERS would be superior and take priority over any new lien recorded by Plaintiff.

## AFFIRMATIVE DEFENSE NO. 4

### (Failure to State a Claim)

Plaintiff fails to state a claim against Mortgagee Defendants under the Illinois Condominium Property Act and the Municipal Code of Chicago.

## AFFIRMATIVE DEFENSE NO. 5

### (Waiver)

Plaintiff's claims against the Mortgagee Defendants are barred, in whole or in part, by the doctrine of waiver.

FILED DATE: 10/28/2025 6:07 PM  20231401241

## AFFIRMATIVE DEFENSE NO. 6

### (Fault of Others)

The fines and penalties requested by Plaintiff were caused, in whole or in part, by the conduct, fault and/or negligence of persons or entities other than the Mortgagee Defendants. Plaintiff is therefore barred from recovering fines and penalties from the Mortgagee Defendants.

WHEREFORE, the Mortgagee Defendants respectfully request that the Court 1) deny the requested in the Complaint, 2) enter judgment in the Mortgagee Defendants' favor and against the City, 3) and award the Mortgagee Defendants any further relief that the Court deems just and equitable.

Date:   October 28, 2025

Respectfully submitted,

By:   */s/ Monika Harris*
      One of the Attorneys for Mortgagee
      Defendants

*Attorney for Mortgagee Defendants*
Monika Harris (mharris@dykema.com)
Greg Czaicki (GCzaicki@dykema.com)
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 627-2298
Firm ID No.: 42295

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this document are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he or she verily believes the same to be true.

By Onity on its own behalf and as attorney-in-fact for HSBC Bank, USA, N.A., as Trustee for the Registered Holders of First NLC Trust 2007-1 Mortgage-Backed Certificates, Series 2007-1, Wells Fargo Bank, N.A., as Trustee for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2004-WHQ1, and Mortgage Electronic Registration Systems, Inc. as nominee for First NLC Financial Services, LLC.

Name: Kevin Flannigan

Title: Senior Loan Analyst

72

FILED DATE: 10/28/2025 6:07 PM   20231401241

FILED DATE: 10/28/2025 6:07 PM 20231401241

## **CERTIFICATE OF SERVICE**

I, Monika Harris, certify that on October 28, 2025, I caused this **Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint for Equitable and Other Relief** to be electronically transmitted to counsel of record.

*/s/ Monika Harris*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTRICT

|  |  |
|---|---|
| CITY OF CHICAGO, a Municipal Corporation, | ) ) ) Case No: 23-M1-401241 |
| Plaintiff, | ) ) ) Re: 4260-4350 W. FORD CITY DR. |
| vs. | ) 4260-4351 W. 76TH ST. ) CHICAGO, IL 60652 |
| FORD CITY CONDOMINIUM ASSOCIATION, et. al., | ) ) ) ) |
| Defendants. | ) Daley Center, Courtroom 1109 |

## CITY OF CHICAGO'S PETITION FOR CONDOMINIUM DECONVERSION HEARING PURSUANT TO § 765 ILCS 605/14.5(c)(2)

The City of Chicago, a municipal corporation ("City") hereby petitions the Court to grant

its Petition for a Condominium Deconversion Hearing Pursuant to § 765 ILCS 605/14.5(c)(2).

The City states in support:

1. On September 8, 2023, the City filed its Complaint against the property located at

   **4260-4350 W. FORD CITY DR. / 4260-4351 W. 76TH ST., CHICAGO, IL** 60652, a

   seven-building condominium complex containing 319 units.

2. The Complaint contains a count seeking deconversion of the condominium property under

   the Distressed Condominium Property Act, § 765 ILCS 605/14.5.

3. The Complaint contains allegations of facts that are sufficient to allow the Court to make a

   finding that the subject property is a distressed condominium pursuant to 765 § ILCS

   605/14.5(a)(1) and is not viable as a condominium.

4. All owners and interested parties have been named as parties to the verified complaint and

   were served either personally or by publication.

1

5. The subject property is not viable as a condominium because there are serious violations of the City of Chicago Municipal Code, specifically: 1) each of the buildings has plumbing violations that allow sewage to leak into occupied areas of the building; 2) the exterior walls of every building have deteriorated so that interior rebar is exposed, and masonry has fallen off several buildings; and 3) the elevators at the property are regularly out of service and need to be replaced.

6. Additionally, the water service to the property is threatened with termination due to an arrearage of more than one million dollars.

7. The condominium association filed for bankruptcy protection in 2021. That bankruptcy case, 21-05193, is still pending, and a bankruptcy trustee was appointed to oversee the board and manage the property. The trustee estimates that there is approximately $50 million of needed repairs split between common areas and individual units.

8. The City initially brought this case as an adversary proceeding in the bankruptcy case. The bankruptcy court abstained from hearing this matter and modified the automatic stay to allow this matter to proceed in state court.

9. Without the bankruptcy trustee's assistance, there is no functioning condominium and the condominium board is unable to manage the affairs of the association.

**WHEREFORE**, the City requests that this Court:

A. Find that this property is a distressed condominium property constituting a danger, blight, or nuisance to the surrounding community and the general public in that it contains two or more of the conditions listed in 765 ILCS 605/14.5 (a)(1)(A) through (F), specifically B and E;

B. Appoint a General Receiver granted with all powers and authority contemplated in, but not limited by 765 ILCS 605/14.5 (e)(1) through (10) and (f);

2

C. Find that the subject property is not viable as a condominium and enter an order pursuant to 765 ILCS 605/14.5 (c)(2) declaring:

    i.    That the property located at **4260-4350 W. FORD CITY DR. / 4260-4351 W. 76TH ST., CHICAGO, IL 60652** is no longer a condominium;

    ii.    That **4260-4350 W. Ford City Drive/4260-4351 W. 76th Street** is deemed to be owned in common by each of the unit owners;

    iii.    That the undivided interest in the property which shall appertain to each unit owner shall be the percentage of undivided interest previously owned by the owner in the common elements, as listed in the current declaration of condominium, and;

    iv.    That any liens affecting any unit shall be deemed to be attached to the undivided interest of the unit owner in the property as provided herein.

D. Grant the Receiver additional authority to:

    i.    Appeal tax assessments for affected condominium units with the Cook County Assessor, the Cook County Board of Review, and the Illinois Property Tax Appeal Board;

    ii.    Record a copy of this Deconversion Order with the office of the Cook County Clerk against both the individual units and owners and the general property;

    iii.    Forward copies of this Deconversion Order to the Cook County Assessor and Cook County Clerk's offices;

E. Set this matter for hearing on the authority of the Receiver to enter into a sales contract and transfer the title of the property on behalf of the owners of the property under 765 ILCS 605/14.5 (d); and

F. Grant any other relief that this Court deems appropriate.

Respectfully submitted,

By: _____

Greg Janes

Assistant Corporation Counsel Supervisor

Corporation Counsel
Attorney for Plaintiff #90909
2 N. LaSalle St., Room 320
Chicago, IL 60602
(312) 744-9555
Greg.Janes@cityofchicago.org

3

## **VERIFICATION BY CERTIFICATION**

Pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that she is an Assistant Corporation Counsel of the City of Chicago, and that she is the authorized agent of the Plaintiff for purpose of making this certification, and that the statements set forth in this Motion are true and correct, except as to matters stated to be on information and belief, and as to such matters she believes the same are true.

By: _____

Greg Janes
Assistant Corporation Counsel Supervisor

4

Filer Selected Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Courtroom, 1109
System Generated Hearing Date: <<CmsHearingStart>>
Location: <<CmsHearingResource="Location">>
Judge: <<CmsHearingResource="JudicialOfficer">>

FILED DATE: 1/31/2025 2:07 PM   20231401241

FILED
1/31/2025 2:07 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
20231401241
Courtroom, 1109
31222190

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

|  |  |  |
|---|---|---|
| CITY OF CHICAGO,<br>a municipal corporation, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | No. 23 M1 401241 |
|  | ) | |
| FORD CITY CONDOMINIUM | ) | Re: 4260-4350 W. Ford City/4260-4351 |
| ASSOCIATION, et al. | ) | W. 76th Street, Chicago, IL 60652 |
|  | ) | |
| Defendants. | ) | |

## JOINT MOTION OF THE SUBCHAPTER V TRUSTEE AND THE CITY OF CHICAGO TO APPOINT A LIMITED RECEIVER JOINED INTO BY THE FORD CITY CONDOMINIUM ASSOCIATION

Plaintiff, the CITY OF CHICAGO, a municipal corporation (the "City") and WILLIAM B. AVELLONE, as Subchapter V Trustee in Possession (the "*Trustee*") for Ford City Condominium Association (the "*Association*"), and for their Joint Motion to Appoint Mr. John Suzuki as a Limited Receiver in the above-captioned case, states as follows:

### INTRODUCTION

The Movants are filing this Motion to provide the Court with the full background of what has transpired to date with the Association to allow it to have the accurate information necessary to rule on a request to appoint Mr. Suzuki as a limited receiver to market the condominium property. For the reasons stated, the Movants believe it is in the best interest of the Association, and the unit owners, to appoint Mr. Suzuki for this limited purpose, and is one step towards compliance with the plan approved by the bankruptcy court. Time is of the essence as critical vendors whose services are necessary for the wellness and safety of the unit owners are not getting paid. The Association's board of directors, at multiple meetings, including one attended by the unit owners, voted to move forward with the plan and investigate the various options related to

FILED DATE: 1/31/2025 2:07 PM   20231401241

selling the condominium property. Also, there have been upwards of a dozen meetings and communications sent to the unit owners explaining the various sale processes. It is and has been important to the Trustee to keep the unit owners fully informed about the proceedings. Appointing the Receiver for the limited purpose of marketing the condominium property, and seeking potential interest, will allow all parties—including the Court and the Association—to make decisions in the future.

## BACKGROUND FACTS

### I.   History of the Condominium Buildings

The Ford City Condominiums were originally built in 1968 as Ford City Village apartments. In 1961, Harry F. Chaddick led a group of investors to purchase the previous Ford Motor plant site and developed the Ford City Mall. The Ford City Mall was first opened in 1965, and then in 1968 the Ford City Village apartments were developed. The property site was formerly used as a World War II B-29 engine plant, a Tucker automotive assembly plant, then a Ford Motor plant.

When constructed in 1968, the project comprised seven apartment buildings, 319 residential apartment units, and a garage with 38 parking spots and additional parking lots. The seven buildings consist of four five-story buildings (buildings B1, B2, C1, and C2), two two-story buildings (buildings D1 and D2), and one 15-story building (building A1). These buildings are located from 4260-4350 W. Ford City Drive and 4261-4351 W. 76th Street.

### II.   History of the Association

The Ford City Village apartments were purchased in 1979 by Astor Investments. Astor Investments subsequently converted the apartments into condominiums. The condo units were

FILED DATE: 1/31/2025 2:07 PM   20231401241

selling from the mid $20,000 to mid $30,000 range. The completed conversion project was reported to have cost between $16-20 million dollars.

The Association was established pursuant to a certain Declaration of Condominium Ownership and of Easements, Restrictions, Covenants and By-Laws for Ford City Condominium, filed in the Office of the Recorder of Deeds of Cook County, Illinois on April 9, 1979 (the "*Declaration*"). The Declaration was amended on a few occasions.

Currently, out of the 319 total condominium units, approximately 65% are owner-occupied, 30% are rented to tenants, and 5% are vacant.

The Association has been in a difficult financial condition for many years, beginning well before the eventual bankruptcy filing. In 2018, the outside property manager resigned, leaving the Association to be self-managed by the owners. A history of unpaid assessments and lack of capital reserves has led to under-funding of operating costs and a serious under-investment in capital repairs. Mounting unpaid bills, poor record keeping and accounting practices, decaying building systems, plus mismanagement, eventually led to the Association filing a petition for voluntary bankruptcy under subchapter V of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") on April 20, 2021 in the U.S. Bankruptcy Court for the Northern District of Illinois (the "*Bankruptcy Court*"). That case remains pending as case number 21-05193 (Bankr. N.D. Ill.). The Trustee was appointed as the subchapter V trustee and, as a result of alleged pre-petition mismanagement by the board of directors (the "*Board*"), on September 2, 2021, the Bankruptcy Court ordered that the Board be removed from control and the Trustee was appointed to perform the duties of a debtor-in-possession under the Bankruptcy Code. When the Trustee was put in possession, the buildings were in disrepair and many building code violations were pending.

3

Within the Bankruptcy, causes of action have been asserted against the Association's former counsel and former board of directors as more fully described below.

## III.    New Professional Property Manager

When the Trustee took control of the Association's affairs, one of his first tasks was to solicit interest from experienced property managers.  After an evaluation of proposals, the Trustee selected Farbman Group of Chicago, LLC f/k/a Foresite Realty Management, LLC.  Currently the property manager's staff includes one full time person located in an onsite association office, plus off-site accounting and management support.

When the Trustee and the property manager took over the management of the Association, there were no financial records to be found and they were told that the financial books and records were taken by members of the previous board.  Similarly, the computers with financial records were taken by previous board members.  The Trustee and property manager could find no written or digital records of accounts payables or receivable and no records of owner assessments.  Along those same lines, there were reports of board members taking cash payments from unit owners with no records. The highest priority of the Trustee has been the safety and wellness of the unit owners.  Since taking over management of the Association, the Trustee has worked with the property manager to address and/or remediate floods, fires, power outages, rodent infestations, sewage issues, broken elevators, security breaches, and violent crimes.  There has been a never-ending stream of emergencies which they have needed to address with an insufficient budget, making it necessary to prioritize which repairs or expenditures were most critical.  It has been difficult.

4

IV.     **New Board Elected by Unit Owners/Budgets**

After the Trustee took control of the Association's affairs, one of his first tasks was to conduct a proper Board election for the first time in years. In the Fall of 2021, an election was scheduled, but due to the fact that 20% of the unit owners failed to participate a quorum was not reached and an election could not take place.  It was not unit March 2022 that the quorum was met, twelve new directors were elected to serve on the Board and the Board held its first meeting in April 2022. An election took place again in April 2023 and in June 2024.

The then-elected boards chose not to pass a budget with assessment increases for the years 2022, 2023 or 2024, and the 2025 budget was discussed at a January 13, 2025 board meeting, but not passed.  The various boards have been hesitant to pass a budget that included any additional assessment increase due to a fear that additional unit owners would not, or could not, pay, driving up collections even further.  The failure to increase assessments has resulted in an inability to pay all bills as they become due, properly maintain the property or ensure the safety of the unit owners.

V.      **Legal, Maintenance and Financial Issues Currently Impacting the Association**

The Association is still facing a number of critical financial issues that make the likelihood of repairing and maintaining the properties to even the most basic level of safety and habitability impossible.

The Association's total annual assessment base is $1,378,196 for all units and parking spaces. However, only approximately 70% of unit owners are paying their monthly assessments. There are some operating expenses, including the water assessment, that are being accrued and unpaid due to lack of funds.  The Trustee has commenced litigation to pursue remedies against the non-paying unit owners, but net recoveries to the Association are <u>not</u> expected to have a substantial impact on the Association's finances as outlined below.

FILED DATE: 1/31/2025 2:07 PM    20231401241

FILED DATE: 1/31/2025 2:07 PM   20231401241

The Trustee is aware of significant repairs that are, or will become, necessary in the near future. G3 Construction Group was engaged to inspect the properties and give an opinion as to needed repairs and concluded that many components of the buildings are nearing the end of their useful life with significant amount of capital needed to cure deferred maintenance. G3 broke the issues into three categories (critical, high priority and recommended repairs), and even if only the "critical" items were performed, it would cost over $16 million. This would require payment of over $50,000 per unit. The per unit cost of just *critical* repairs is higher than the average going-sale price of the units and the per unit cost of all repairs is two to three times higher than the average going-sale price.

In terms of other debt, the Association owes accrued tax liabilities due to the prior Board's failure to withhold or remit payroll taxes, more than $200,000 to Total Masonry for providing masonry and concrete repair work on the common elements of the Association's condominium buildings, and the Association purportedly owes approximately $1.5 million in unpaid water bills.

Additionally, the Association continues to incur substantial legal fees and fines resulting from the many pending building code violations. The fines incurred by the Association range from elevator violations in multiple buildings, garbage and trash on the Property, defective smoke detectors, water damage, and defective doors. Some of these violations have been cured but some still plague the Association to this day. Every dollar that is spent on legal fees to appear in court and paying fines is a dollar the Trustee does not have to perform critical repairs and maintenance to the properties.

FILED DATE: 1/31/2025 2:07 PM    20231401241

## VI.    Collections

When a large number of unit owners do not, or cannot, pay assessments, condominium associations cannot meet their ongoing obligations, which include things such as insuring and maintaining common elements within the condominium.

As the Court is aware, if larger maintenance issues arise in a condominium, the association generally can do one of three things to obtain the funds to perform the maintenance: (1) pull money from reserves to fix the issue; (2) issue a special or additional assessment to cover the cost; or (3) obtain a loan. For reasons outside the control of the Trustee or the current Board, none of these three are particularly viable options.  The reserves are insufficient and right now, collection is falling short of expenses.  Obtaining a loan is difficult with the Association in bankruptcy and without any "collateral" to pledge.   The option of issuing another special or additional assessment also puts the unit owners who are paying in a tough situation because the assessment would have to be large enough to take into account a high percentage of unit owners who will not, or cannot, pay.  A special assessment just to fix an emergency issue with the elevator was already passed in 2024, but as expected, the percentage of unit owners who paid the special assessment was low.

After performing additional investigation, many of the delinquent owners are not paying their own tax or mortgage obligations and are in current foreclosure or claim to have been told that they do not need to pay assessments because that liability will be wiped clean when the property is sold.  Even further, a lot of the large outstanding balances pre-date the date on which the Trustee was put in possession, and as mentioned above, records from that timeframe are non-existent, precluding the Trustee from pursuing litigation to collect those amounts.

That is not to say that collection efforts have been unsuccessful.  As a result of demand letters and lawsuit filings, payments and payment plans were entered into with the owners of about

FILED DATE: 1/31/2025 2:07 PM    20231401241

10 of the units with larger balances, and over one hundred thousand dollars was collected by way of these collection efforts.

The Trustee has contemplated filing dozens of eviction lawsuits, but at this point, it is unclear what state the units are in.  Plus, spending thousands of dollars per unit in attorneys' fees and filing fees falls under the proverbial "throwing good money after bad."  Nevertheless, the Trustee is preparing a new round of eviction filings.

**VII.    Post-Bankruptcy Filing Key Facts**

As said above, the Trustee was appointed to perform the Association's duties on September 2, 2021.  Three adversary proceedings have been filed in the bankruptcy case.  On August 27, 2021, an adversary complaint was filed against The Property Law Group, LLC by the Subchapter V Trustee.  On July 21, 2022, summary judgment was granted in favor of the Trustee and against The Property Law Group, LLC is the amount of $25,125.00.

On April 19, 2023, an adversary complaint was filed against former board members of the Association and the directors' and officers' insurer, United States Liability Insurance Company.  The basis of the claim was that certain of the Association's former officers and board members committed breaches of fiduciary duty, mismanagement, and other acts, errors, omissions, misstatements, misleading statements, neglect and breaches of duty under Illinois law and the Debtor's bylaws.  On August 31, 2023, the Bankruptcy Court granted the Motion to Dismiss filed by United States Liability Insurance Company.  That decision is currently being appealed to the District Court and the remainder of the adversary case has been stayed by order of the Bankruptcy Court dated October 18, 2023.

On July 13, 2023, the City of Chicago filed an adversary proceeding for the appointment of a receiver and deconversion of the condominiums.  On August 31, 2023, the Bankruptcy Court

entered an order abstaining from presiding over the action, instead instructing and authorizing the City of Chicago to adjudicate that action in the Circuit Court of Cook County, Illinois. Thereafter, on September 8, 2023, the City of Chicago did, in fact, file this case.

On October 24, 2024, the Court approved the Amended Plan of Reorganization for the Association. This is more fully discussed below.

## VIII.    Attempts to Restructure or Assist the Association

Due to the mounting debt and significant deferred maintenance, a few options have been explored related to the possible restructuring of the Association. Although the Court is well aware of the various processes, the Association still is considering the option of a voluntary deconversion or bulk sale of the condominium. However, the eight-five percent (85%) threshold is expected to be difficult to obtain, especially considering that the Trustee had a hard time getting even 25% of unit owners to vote for a board.

Another option is to locate a lender who will pay off the debt and provide funds to correct the ongoing problems at the condominium property. However, the only collateral that could be pledged for such a loan are the accounts receivable. Since the total amount that would be needed by the Association to get the Property into compliance is exorbitant and exceeds the value of the accounts receivable, this is not a realistic option. The third option of a receiver sale under Section 14.5 of the Illinois Condominium Act (765 ILCS 605/14.5) is the only viable option when everything is said and done.

The Subchapter V Trustee, along with the assistance of the property manager, previously solicited potential purchasers of the property for a voluntary sale or for a potential sale from a court-appointed receiver in the City of Chicago Case. This information has been passed along to Mr. Suzuki.

FILED DATE: 1/31/2025 2:07 PM    20231401241

FILED DATE: 1/31/2025 2:07 PM    20231401241

## IX.    The Board of Directors

As it currently stands, because of a 2024 election, the Board is made up of the following individuals:  Diane Devroe, Leticia Gamboa, Sherri Castile, Takada Dixon Epps, Diana Taylor Williams, Mohammednajib Alkaraki, George Polymenakos, Joanna Stallworth-Lillybridge, Terry Densmore, Joyce Martin, Alma Meza, and Nellie Cotton.  The Association's Officers are Leticia Gamboa, Diana Taylor Williams, and Sherri Castile.

The Trustee has worked with the current, and predecessor, boards to make sure that the board members, and the unit owners within the Association, are aware of the pending litigation and what options exist.  There have been dozens of board and/or unit meetings for which the unit owners were provided notice, and multiple meetings wherein all of the unit owners were invited.  Some of the critical meetings and events include:

- On November 14, 2023, an all-unit owner meeting attended by the Court and the Center for Shared Ownership ("*CSO*") occurred at Daley College wherein a discussion was held about the pending City of Chicago matter;

- On January 17, 2024, another unit owner meeting occurred at Daley College spearheaded by CSO;

- On May 29, 2024 and June 12, 2024, interviews of various law firms to represent the Association took place at Daley College;

- On June 20, 2024, the Association met and elected the current Board.  The process to nominate and vote on a Board started in late January 2024 with the assistance of CSO using the Votegrity platform;

- On July 10, 2024, the Board had a meeting by Zoom, facilitated by CSO, whereby discussions were had about the engagement of legal counsel, and at that meeting, the Board voted to retain James Stevens (then of Saul Ewing);

- On August 17, 2024, the Board held a closed session meeting to discuss and approve the submission of the plan in the Bankruptcy case.  That meeting was attended by a quorum of board members and the Trustee along with Jamie Stevens and the Association's bankruptcy counsel, Scott Clar.  At this meeting, the Board was told, in detail, that the plan would allow for two options:  a receiver sale or a Section 15 voluntary sale with a goal to get the best price in an efficient manner.

10

FILED DATE: 1/31/2025 2:07 PM    20231401241

At that meeting, the board agreed to move forward with submitting the plan to the Bankruptcy Court;

- On August 24, 2024, the Board held an open session meeting to discuss and approve the submission of the plan in the Bankruptcy case. Notice was sent to all unit owners, and a quorum of Board members was present. A long discussion was had about the plan, the different options and the outstanding issues at the Association. Six out of the seven board members present at the August 24, 2024 meeting voted to approve moving forward with the plan;

- On November 15, 2024, a board meeting took place via Zoom. Ten board members were present and approximately 56 people where there. At this meeting all ten board members voted to move forward to seek having Mr. Suzuki appointed as a receiver;

- On January 13, 2025, the Board met to pass a 2025 budget that included an increase in assessments. The budget did not pass at the January 13, 2025 meeting; and

- On January 23, 2025, the Board met and agreed by majority vote to the appointment of the Receiver.

## X.    The Plan

The Bankruptcy Court approved the Chapter 11 plan (the "*Plan*") on October 17, 2024. In accordance with the Plan, the Association was to be paid for its outstanding past due association dues, and those dues would pay certain approved claimants, including the professionals and the Ford City Mall for the water and sewer that has been provided after the filing of the bankruptcy.

In order to raise the capital to make these payments, the Plan stated in Section 7.01 that a Receiver would be appointed in this case for running a sale process. During that time, the Association could still investigate a voluntary sale of the condominium property. Whether a voluntary sale or receiver sale was the end result, the above-referenced claims would be paid out of the proceeds, along with recorded mortgages and liens on particular units (out of the units for which the encumbrance applied), and then after closing costs, the remaining proceeds would be distributed to the unit owners.

FILED DATE: 1/31/2025 2:07 PM    20231401241

The Trustee filed the Plan, instead of converting to chapter 7 or dismissing the bankruptcy case, because he believes that the property will be condemned in short order without the Plan and deconversion. Condemnation would displace all of the unit owners and residents. His goal was to keep them in their homes as long as possible until they can be compensated for their units.

More specifically, Section 7.04 of the Plan states:

As described further herein, the Plan generally provides for the payment of Allowed Claims from the proceeds of the Voluntary Sale or Receiver Sale. The Debtor projects satisfaction in full of all Administrative Claims and, to the extent funds are available, payment of Allowed Priority Claims, if any, and Allowed General Unsecured Claims to be allocated pro rata among all such Claims.

Subject to approval in the Circuit Court of Cook County, Illinois in the City of Chicago Case, the sale proceeds remaining after (i) payment of all of the costs associated with the sale and Receiver fees and (ii) payment of all secured claims against the individual condominium units, the Estate will receive payment of all amounts due and owing to the Debtor by way of its statutory liens, including that obtained through the special or additional assessment process. The sale proceeds will be held in escrow by the Title Company.

At closing of the Property Sale, the Title Company in consultation with the Trustee, for the benefit of the Estate, will establish a reserve in an amount sufficient to pay in full all of the accrued, but unpaid, fees and expenses of all Professionals retained as of closing (the "Professional Fee Reserve"). Upon entry of an order of this Court approving a Professional's fees and expenses, the Title Company will disburse funds to that Professional in accordance with the Court's order. The Professional Fee Reserve will be exclusively for the benefit of Professionals retained as of the Confirmation Date. To be clear, Professionals must obtain approval for payment of services provided and expenses incurred prior to the Effective Date, but do not have to obtain court approval for services provided and expenses incurred after the Effective Date.

At closing of the Property Sale, the Title Company (or in the case of a Voluntary Sale, the closing agent or attorney if there is no Title Company) in consultation with the Trustee, for the benefit of the Estate, will establish a reserve equal to the amount of unsatisfied portions of the first and second Special Assessments (the "Special Assessment Reserve"). Upon entry of an order of this Court approving an Other Administrative Expense Claim, the Title Company will disburse funds to that Holder of the Allowed Other Administrative Expense Claim from the Special Assessment Reserve in accordance with the Court's order.

At the closing of the Property Sale, the Title Company shall pay in cash to holders of Allowed Administrative Expense Claims which were not subject to or paid from

12

FILED DATE: 1/31/2025 2:07 PM   20231401241

the Professional Fee Reserve or Special Assessment Reserve the full amount of such Allowed Administrative Expense Claims, and then will transfer any remaining unreserved funds allocated to the Estate to the Trustee who may use such funds to pay post-Effective Date fees and expenses. Then, after first, all Administrative Claims and second, post-confirmation fees and expenses have been paid, any remaining proceeds of the Property Sale and remaining funds in the Professional Fee Reserve and Special Assessment Reserve will be transferred to the Liquidating Trust for disbursement in accordance with this Plan.

## XI.   **Current Status**

The Association is in dire need of an influx of capital and to move forward with the implementation of the Plan. Although the books and records show a $1.3 million aged receivable for assessments (plus $100,000 outstanding for a special assessment and a significant late fee balance), the vast majority of that balance is over 91 days old ($1,186,963.27). Other than the water/sewer, the Association owes over $230,000 to various vendors, including snow removal, janitorial, pest control, plumbing and maybe most significantly, a series of elevator repair companies. The elevators throughout the Association come and go and are in constant need of attention and the Association simply does not have the funds on an ongoing basis to deal with all the issues that arise. Some of the current challenges facing the Association include:

- *The 4351 Elevator has been down for over a month.* The property manager contacted 21 elevator companies in the area, who are unwilling to work with the Association because of prior payment issues. Elevator Industries, who has been willing to work with the Association, needs payment of $14K of past due bills and a $13K down payment for the new door operator.

- *The 4350 Elevator had an _entrapment_ this week.* The Cit of Chicago Fire Department damaged the doors getting the person out. For the same reasons above, the Association has been unable to obtain service on this elevator until payments are brought up to date. This is the 2nd time in 5 months that the Fire Department has damaged elevator doors due to entrapments, causing further expense to the Association to repair the doors.

- 4280 Building Front Door Lock – The Association consistently receives complaints when the lock is broken, however every time it is fixed (at a $700 cost) someone breaks it again. *The lock has been broken at least 12 times over the past 24 months.* Installing camera at entrance to hopefully deter this behavior.

13

FILED DATE: 1/31/2025 2:07 PM    20231401241

- Recently, *there is a* <u>*sewage leak*</u> *outside of the 4300 building due to broken underground pipes*. The cost to repair exceeds $15,000 for which the Association does not have the funds.

- Payments for standard monthly services such as *Janitorial, Pest Control and Snow Removal* remain several months behind, causing a *risk for interruption in these essential services*.

- Building C1 & C2 Façade – *The façade is flaking off the building*. The Association installed fencing around the building now keep people from walking in that area for safety issues. There are no funds to complete façade repairs.

- In the A building (high rise), *90% of the spandrels are leaking and causing water infiltration into units during heavy rains*. Tuckpointing required for the entire building. Last price was $8,000.00 to tuckpoint the entire building in 2022, but again, there are no funds.

- The domestic water risers in all buildings that feed water from the main to all floors needs to be replaced. These are galvanized and should be copper. They *continue to leak throughout the complex*.

- Garage room doors and utility room doors are rotted and need to be replaced. *This causes rodent issues*.

- All underground *sewer pipes need to be replaced*.

A delay in moving forward with the receiver (as contemplated by the Plan) jeopardizes the viability of the Association and the Trustee is left with the task of deciding what critical vendors to pay and which ones not to pay. As it currently stands, and as said above, the Trustee is having difficulty retaining vendors (again, especially elevator repair companies) due to the inconsistent payment history. The Trustee has also been made aware of the threat of at least one building being evacuated due to repairs not being able to be completed. The longer it takes to appoint a receiver and sell the property, the more damage will occur to the buildings, the lower the value of any potential sale, and the greater chance of injury to the unit owners due to current safety risks arising out of the deferred maintenance.

FILED DATE: 1/31/2025 2:07 PM   20231401241

## **CONCLUSION**

The Trustee and the City are both in favor of moving forward with the appointment of Mr. Suzuki, even if for the limited purpose of marketing the Association property. Delays will increase legal and other fees thereby reducing the value of the units and the payouts to the unit owners (if a sale eventually happens). The Trustee has become aware that some of these very same unit owners are under the impression that they don't have to pay assessments because that liability will be canceled upon the eventual sale. The Trustee (and the Board) are left with dwindling income and increasing expenses—which is not sustainable for any period of time—especially as more and more unit owners stop paying their assessments.

WHEREFORE, for the reasons stated herein, the CITY OF CHICAGO and WILLIAM B. AVELLONE, as Subchapter V Trustee in Possession for Ford City Condominium Association respectfully request that the Court appoint Mr. John Suzuki as a Limited Receiver, and for any other relief it deems fair and just.

Dated: January 31, 2025            **William B. Avellone, as Subchapter V Trustee**

                                  By: /s/ *Adam C. Toosley*
                                     One of His Attorneys

                                     Shelly A. DeRousse, Esq.
                                     Adam C. Toosley, Esq.
                                     SMITH GAMBRELL & RUSSELL LLP
                                     311 South Wacker Drive, Suite 3000
                                     Chicago, Illinois 60606-6677
                                     Firm Id: 99883
                                     Telephone: 312.360.6000
                                     Facsimile: 312.360.6520
                                     sderousse@sgrlaw.com
                                     atoosley@sgrlaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, being one of the attorneys of record in the above cause, states that a copy of the **Motion to Appoint a Receiver** was served upon the parties listed on the attached Service List and by counsel for the City of Chicago as well as through the Court's Electronic Case Filing System, prior to 5:00 p.m. on January 31, 2025.

/s/ *Adam C. Toosley*
Adam C. Toosley
Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the above signed certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the above signed certifies as aforesaid that he verily believes the same to be true.

FILED DATE: 1/31/2025 2:07 PM    20231401241

**SERVICE LIST**
**23-M1-401241**

FILED DATE: 1/31/2025 2:07 PM  20231401241

WILLIAM B. AVELLONE
SUBCHAPTER V TRUSTEE
CHARTERED MANAGEMENT COMPANY
bill.avellone@charteredmgt.com

ADAM TOOSLEY
atoosley@sgrlaw.com

KAO MUNCHUN
158 BEACONRIDGE DRIVE
BOLINGBROOK, IL 60440

JUAN DELGADILLO ALONSO
4300 W FORD CITY#A503
CHICAGO, IL 60652

JUAN CARLOS CAMARENA
C/O ANTHONY PERAICA
tony@peraica.com

BYLEGACY TEAM, INC.
C/O EDUARDO HARO
649 QUEENSWOOD LANE
WHEATON, IL 60189

STEVEN W. RAYSIDE
weldedlegion@gmail.com

THE LORENE M. MIMS 2023 TRUST DATED 6/16/2023
C/O LORENE MIMS
4280 W. FORD CITY DR., APT. B2408
CHICAGO, IL 60652

JOSEF TOADER
4300 W. FORD CITY DRIVE, UNIT A-201
CHICAGO, IL 60652

FLORITA TOADER
4300 W. FORD CITY DRIVE, UNIT A-201
CHICAGO, IL 60652

EMILIA R. CODOS
emilacodos@hotmail.com

LOIS A. GORDON
10846 S. PROSPECT AVENUE #43

CHICAGO, IL 60643

KELVIN B. BACON
kbaconada@yahoo.com

MIECZYLSAW WAWOZNY
C/O NIK WAWOZNY
wawozny@hotmail.com

HATUEY MCKOY
hatuey_mckoy@yahoo.com

WINSTON MCKOY
Winston_mckoy@yahoo.com

MARSELLOW FARROW
Mvp77@gmail.com

MARC C. FARROW
m.farrow@sbcglobal.net

CITIBANK, NA
69 W. WASHINGTON ST.
CHICAGO, IL 60602

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC.
C/O  CT CORPORATION SYSTEM
208 S. LASALLE ST., SUITE 814
CHICAGO, IL 60604

CHAKA D. FARROW
Cdawn8u8@gmail.com

KARINA RODEA-ESQUIVEL
Karinarodea28@gmail.com

WENDY WATSON
tango@att.net

BRENT WATSON
tango@att.net

RAYVEN V. WILSON
3547 W. 80TH ST.
CHICAGO, IL 60652

FILED DATE: 1/31/2025 2:07 PM 20231401241

GPAM PROPERTIES, LLC
C/O WILLIAM MANTAS
2700 S. RIVER ROAD, SUITE 308
DES PLAINES, IL 60018

AMANDA L. NAVARRO
Mandynavarro81@yahoo.com

PROVIDENCIA GONZALEZ
Providenciagonzalez1973@gmail.com

MIRIAM FERREIRA A/K/A MIRIAM CHAVEZ
4300 W. FORD CITY DR. APT. 1002
CHICAGO, IL 60652

GIOVANNI JAEL CHAVEZ
14621 GREENWOOD ROAD APT. 307
DOLTON, IL 60419

ADRIENNE HOLLEY
9148 S. KEELER AVENUE
OAK LAWN, IL 60453

COUNTRYWIDE HOME LOANS INC.
C/O KATIE N. SIMPSON
KSimpson@dykema.com

THE HOWARD FAMILY TRUST U/T/A DTD 7/3/2015
C/O DONNA M. HOWARD, TRUSTEE

Dmhoward3@yahoo.com

DONNA M. HOWARD
Dmhoward3@yahoo.com

ROGELIO VILLAGOMEZ
4300 W. FORD CITY DR. APT. 1501
CHICAGO, IL 60652

ARCADIA MANAGEMENT GROUP, LLC
C/O CHRISTINE HSU
HOFFMAN ESTATES, IL 60169

VICENTE GONZALEZ-CARABEZ
2428 W. 46TH PLACE
CHICAGO, IL 60632

FOUAD M. DOOLAH
8611 MEADE AVENUE
BURBANK, IL 60459

YOSSEF DOLEH
ydoleh@gmail.com

ZOFIA MODRZEJEWSKA
C/O ANTHONY PERAICA
tony@peraica.com

UNKNOWN HEIRS AND LEGATEES OF LARRY GILLETTE

JOYCE D. MARTIN
Joycemartin365@gmail.com

AMGUN INVESTMENTS, LLC
C/O MITCH GUNDOGDU
amgun@att.net

STEVCO NIKOLOV
stefco82ko@gmail.com

HOMES FOR VETERANS CO.
C/O CRAIG MIHALJEVICH
6242 S. MASON AVENUE
CHICAGO, IL 60638

ERICA SALINAS
9037 MCVICKER AVENUE
OAK LAWN, IL 60453

MELISSA RANGEL
Mrangel4120@gmail.com

THELMA MOORE
mzmmoore78@gmail.com

Z FINANCIAL ILLINOIS G PROPERTIES, LLC
C/O JOHN ZAJICEK
100 TANGLEWOOD DRIVE
FREEPORT, IL 61032

PEDRO PALACIOS
685 E. FULLERTON AVENUE
GLENDALE HEIGHTS, IL 60139

AHMAD A. NUR
Ahmad.a.nur@gmail.com

WILLIAM D. O'DONNELL
1025 PLEASANT PLACE, APT. 18H
OAK PARK, IL 60302

HUGH O'DONNELL
4300 W. FORD CITY DR. APT. 1502
CHICAGO, IL 60652

FILED DATE: 1/31/2025 2:07 PM 20231401241

MAGALY Z. GARCIA A/K/A MAGGIE GARCIA
Magsl15@yahoo.com
IDSB CAPITAL, LLC
C/O ANTONIO DE SENDADIANO
3832 S SACRAMENTO AVE
CHICAGO, IL 60632

CHRISTOPHER D. RUSSELL
Cruss65@gmail.com

KAREN E. RUSSELL
therussells@yahoo.com

EFRAIN ROJAS GALVEZ
Efrainr3469@gmail.com

MARTIN ANGELO ACEVES
3007 W. 63RD ST. APT. 2
CHICAGO, IL 60629

FRANCISCO CARRILLO
9742 S. MANISTEE AVENUE
CHICAGO, IL 60617

OSCAR MIRELES
8978 S. MAIN ST.
HOMETOWN, IL 60456

JOHN GOLDEN
13433 FOREST RIDGE DR.
PALOS HEIGHTS, IL 60463

MARY GOLDEN
13433 FOREST RIDGE DR.
PALOS HEIGHTS, IL 60463

MARY BIEL
Mbiel556@gmail.com

STEVEN T. SHUTTLEWORTH II
stevenshuttleworthii@gmail.com

LUDWIK DZIEDZIC
4300 W. FORD CITY DR., APT. 1107
CHICAGO, IL 60652

BMO HARRIS BANK, NA
C/O ADHAM ALAILY
aalaily@ea-atty.com

TONI GREEN
Tonigreen123456@gmail.com

LISA S. MCMATH
Blesslisa2@gmail.com

MICHAEL GREEN
Tonigreen123456@gmail.com

LORETTA C. MAHER
4300 W. FORD CITY DR., APT. 1303
CHICAGO, IL 60652

BANK OF AMERICA, NA, AS TRUSTEE
33 N. DEARBORN ST.
CHICAGO, IL 60602

KAZIMIERA PTAK
4300 W. FORD CITY DR., APT. 1403
CHICAGO, IL 60652

JUDY GRIFFIN
4300 W. FORD CITY DR., APT. 1503
CHICAGO, IL 60652

NEWREZ, LLC
C/O KEVIN HUDSPETH
kevin.hudspeth@dinsmore.com

LISA D. SAMPSON
lisasampson@att.net

JP MORGAN CHASE BANK, NA
C/O SHANA A. SHIFRIN
sshifrin@burkelaw.com

PAMELA JEFFERSON
Pjoct12@yahoo.com

EDWARD COLEMAN
C/O MAUREEN ZOPF
mozopf@att.net

TAKADA V. DIXON
takadaepps@gmail.com

MARTHA ORTIZ
Rmartha82@hotmail.com

DLJ MORTGAGE CAPITAL, INC
C/O CRAIG SMITH
csmith@smithweiklaw.com
ccronquist@smithweiklaw.com

DAVID KYSELICA
4300 W. FORD CITY DR., APT. 704

FILED DATE: 1/31/2025 2:07 PM   20231401241

CHICAGO, IL 60652

JOSEPH CHAVEZ
Chavs2000@yahoo.com

CHICAGO TITLE LAND TRUST CO., AS TRUSTEE
10 S. LASALLE ST. SUITE 2750
CHICAGO, IL 60603

CECYLIA GUROS
5144 S. KILBOURN AVENUE
CHICAGO, IL 60632

VINAYAK LAWANDE
vlawande@gmail.com

ANNA WOJAS
annawojas@hotmail.com

MARC JANDURA
Marcj1985.mj@me.com

GARY POWELL
2614 W. SEIPP STREET
CHICAGO, IL 60652

LILIANA ABAD FIERRO
1210 SCHRIBER AVENUE
JOLIET, IL 60435

KIMBERLY WAGNER
9820 S. PULASKI ROAD, APT. 20
OAK LAWN, IL 60453

DESIREE SANCHEZ
C/O ANTHONY PERAICA
tony@peraica.com

WELLS FARGO BANK, NA
2289 HOWARD ST.
EVANSTON, IL, 60202

NAFTALI ESPINO
4253 S. CAMPBELL AVENUE
CHICAGO, IL 60632

KATHERINE ESPINO
4253 S. CAMPBELL AVENUE
CHICAGO, IL 60632

ANNETTE WOFFORD
Shihtzu.ann@gmail.com

THE GEORGE POLYMENAKOS REVOCABLE TRUST DTD 10/5/2017
C/O GEORGE POLYMENAKOS
gkpproperties@hotmil.com

GEORGE POLYMENAKOS
gkpproperties@hotmil.com

YURONG HAN
93B BATEMAN ROAD
BARRINGTON, IL 60010

MANUEL CARMONA
4118 W. 99TH ST., APT. A
OAK LAWN, IL 60453

ABRAHAM E. SANTAMARIA
1431 N. 46TH COURT
MELROSE PARK, IL 60160

DENNIS NASH
4300 W. FORD CITY DR., APT. 805
CHICAGO, IL 60652

DONYETTA DOCKERY
707 N. PINE AVENUE
CHICAGO, IL 60644

BARBARA J. BANKS
4300 W. FORD CITY DR., APT. 1005
CHICAGO, IL 60652

VANESSA MILTON
Vanessamilton155@gmail.com

DAPHNEE BROWNLEE
Daphneb694@gmail.com

CHARLENE L. APPLING TRUST DTD 12/7/2020
C/O BRYAN APPLING, AS TRUSTEE
Noidp111@yahoo.com

BANK OF AMERICA, NA
33 N. DEARBORN ST.
CHICAGO, IL 60602

AMY LIU
12042 SE SUNNYSIDE ROAD
CLACKAMAS, OR 87015

CHUN YI HSU
C/O SHIN-RONG LIU
6026 WESTERN AVE.

FILED DATE: 1/31/2025 2:07 PM   20231401241

WILLOWBROOK, IL 60527

SHIN-RONG LIU
6026 WESTERN AVE
WILLOWBROOK, IL 60527

ARTURO F. HERNANDEZ
5345 S. SACRAMENTO
CHICAGO, IL 60632

MUNEEB ALAM
2039 SOMERSET BLVD.
TROY, MI 48084

ZESHAN MALLHI
2643 KNOLLWOOD DRIVE
CANTON, MI 48188

SWEET HOME CHICAGO MANAGEMENT, LLC
C/O IRA PILTZ
ira@piltzlaw.com

MARIA E. RODRIGUEZ RAMOS
C/O ANTHONY PERAICA
tony@peraica.com

FAIRFIELD BUILDINGS, LLC
C/O CYRUS RIVETNA
240 E RANDOLPH UNIT 505
CHICAGO, IL 60601

MARY L. VAUGHN
9134 S. OGLESBY
CHICAGO, IL 60617

HILDA M. ZMORA
zmorah@yahoo.com

RODOLFO CHAVEZ
Chavez8705@gmail.com

RAYMUNDO TORRES
1321 S. 56TH COURT
CICERO, IL 60804

BENEFICIAL ILLINOIS INC.
C/O CT CORPORATION SYSTEM
208 S. LASALLE ST., SUITE 814
CHICAGO, IL 60604

JOSE GARCIA
5412 S. FRANCISCO AVENUE
CHICAGO, IL 60632

ARSHAN ALAMGIR
1150 LILY FIELD LANE
BOLINGBROOK, IL 60440

BUSHRA DURRANI
1150 LILY FIELD LANE
BOLINGBROOK, IL 60440

TERRY DENSMORE
Tdensmore27@gmail.com

EDGAR FRUTOS TORRES
Edgarfrutosmix78@gmail.com

LEONARD J. WOODS
3737 W. 82ND STREET
CHICAGO, IL 60652

LEOKADIA MOSIO
4300 W. FORD CITY DRIVE, APT. 507
CHICAGO, IL 60652

JAMES FRANK DALU
4300 W. FORD CITY DRIVE APT. A1-707
CHICAGO, IL 60652

MARGARET FURNESS
4300 W. FORD CITY DRIVE, APT. 807
CHICAGO, IL 60652

CITIMORTGAGE INC.
C/O C T CORPORATION SYSTEM
208 S. LASALLE ST., SUITE 814
CHICAGO, IL 60604

GPAM PROPERTIES, LLC
C/O WILLIAM MANTAS
2700 S. RIVER ROAD, SUITE 308
DES PLAINES, IL 60018

MANUELA SANCHEZ FLORES
6548 S. CAMPBELL AVE., #2
CHICAGO, IL 60629

DIEGO HERNANDEZ
4300 W FORD CITY 1007
CHICAGO, IL 60652

TRUTH EMPIRES, LLC
C/O PG WETZEL & ASSOCIATES, INC.
3350 W. 95TH ST.
EVERGREEN PARK, IL 60805

FILED DATE: 1/31/2025 2:07 PM  20231401241

AKRAM SHAHID
4300 W. FORD CITY DR., APT. 1307
CHICAGO, IL 60652

NEW RESIDENTIAL MORTGAGE, LLC
C/O C T CORPORATION SYSTEM
208 S. LASALLE ST., SUITE 814
CHICAGO, IL 60604

CHRISTINE HSU
1321 MECCA DRIVE
BARSTOW, CA 92311

MARTHA ROCHA
7270 COUNTY ROAD 3512
QUINLAN, TX 75474

MELISSA RANGEL
4300 W. FORD CITY DR., APT. 1507
CHICAGO, IL 60652

STEPHEN MONTE HENSON
4300 W. FORD CITY DR., APT. 208
CHICAGO, IL 60652

ZARAH DULAY
zargell@yahoo.com

CAMRYN BURNETT
burnettcamryn@gmail.com

DIEGO D. ANDRADE
1533 N. 21ST AVENUE
MELROSE PARK, IL 60160

PABLO ANDRADE
Pabloandrade777@gmail.com

CULEBRA CAPITAL, LLC.
C/O BACKER ABOUD POLIAKOF
FOELSTER, LLP
400 S. DIXIE HIGHWAY, SUITE 420
BOCA RATON, FL 33432

UNKNOWN HEIRS AND LEGATEES OF ELZBEITA
MORAWA
5047 S. KOSTNER AVE., APT. B
CHICAGO, IL 60632

ZARAH DULAY
3599 SHARON COURT
BAY POINT, CA 94565

ADE OGUNSANYA A/K/A
ADETOKUNBO OGUNSANYA A/K/A
ADETOKUNBO O. TEJUOSO
407 WYSTERIA DR.
OLYMPIA FIELDS, IL 60461

JOAN P. MOORE
4300 W. FORD CITY DR., APT. 1208
CHICAGO, IL 60652

ANALILIA CARRILLO
Analiliacarrillo92@gmail.com

JUAN CARRILLO
1210 SCHRIBER AVENUE
JOLIET, IL 60435
        SUSAN O'NEAL
Susan711@sbcglobal.net

SUSAN M. GNIADECKI
suegniadecki@yahoo.com

ANTON J. WATKINS
9736 S. YALE AVENUE
CHICAGO, IL 60628

DSI HOLDINGS CORP.
C/O ILLINOIS CORPORATION SERVICE CO.
801 ADLAI STEVENSON DRIVE
SPRINGFIELD, IL 62703

IRENA A. BAGDADY
C/O BRYAN BAGDADY
bryan@celsinfo.com

EMINENT MANAGEMENT SERVICE, INC.
C/O BRYAN BAGDADY
bryan@celsinfo.com

HENRY K. WOJCIKOWSKI
4300 W. FORD CITY DR., APT. 709
CHICAGO, IL 60652

STAN WOJCIKOWSKI
4300 W. FORD CITY DR., APT. 709
CHICAGO, IL 60652

ARGENT MORTGAGE COMPANY, LLC
C/O NATIONAL REGISTED AGENTS INC.
200 W. ADAMS STREET
CHICAGO, IL 60606

FILED DATE: 1/31/2025 2:07 PM  20231401241

MARGARITA FLORES
4300 W. FORD CITY DR., APT. 909
CHICAGO, IL 60652

MANNA PROPERTY INVESTMENT, LLC
C/O ALMA R. MEZA
mezaalmar@hotmail.com

VIRIDIANA ALCANTAR VILLEGAS
9346 S. MILLARD AVENUE
EVERGREEN PARK, IL 60652

LYUBOMIR ALEXANDROV
Lou2@inexpensiveproperties.com

ALFREDO CASTILLO
dralfredocastillophd@gmail.com

FELIPE SOLORZANO MAYA
9346 S. MILLARD AVENUE
EVERGREEN PARK, IL 60652

BELIEVE IN THINE HEART MINISTRIES
C/O EMMETT KEVIN BROWN
Ekbrown8377@yahoo.com

MIROSLAWA LUKASIEWICZ
2314 N. 1570 EAST ROAD
ASHKUM, IL 60911

EQUITY TRUST CO., CUSTODIAN FBO CHRISTINE HSU
IRA AC#200341381
C/O CHRISTINE HSU
1321 MECCA DRIVE
BARSTOW, CA 92311

ESTELA FLORES
Estellaflores45@gmail.com

LOUIS GONZALEZ
3141 7TH STREET
PARK CITY, IL 60085

MODESTA MARCHETTI
9109 S. 53RD COURT
OAK LAWN, IL 60453

TANISHA MALLEY
9959 S. THROOP STREET
CHICAGO, IL 60643

AGNES C. MURPHY

4300 W. FORD CITY DR., APT. 510
CHICAGO, IL 60652

LOANCARE, LLC
C/O CORPORATION SYSTEM
208 S. LASALLE ST., SUITE 814
CHICAGO, IL 60604

RAYMUNDO TORRES
3605 WOODHEAD DRIVE
NORTHBROOK, IL 60062

LUIS A. GONZALEZ
9633 S. TRIPP AVENUE
OAK LAWN, IL 60453

GEORGE SPATHARAKIS
7320 S. 88TH AVENUE
JUSTICE, IL 60458

EWA BRZEK
4300 W. FORD CITY DR., APT. 910
CHICAGO, IL 60652

KIMBERLY WAGNER
9820 S. PULASKI ROAD, APT. 202
OAK LAWN, IL 60453

UNKNOWN HEIRS AND LEGATEES OF ERMA THOMAS
4300 W. FORD CITY DR., APT. 1110
CHICAGO, IL 60652

RAMONA BERAS TORRES
4300 W. FORD CITY DR., APT. 1210
CHICAGO, IL 60652

JULIUS A. HANNON
C/O ANTHONY PERAICA
tony@peraica.com

ABN AMRO MORTGAGE GROUP, INC.
C/O C T CORPORATION SYSTEM
208 S. LASALLE ST., SUITE 814
CHICAGO, IL 60604

RBS CITIZENS, NA
2000 MONROE AVENUE
ROCHESTER, NY 14618

JOSE OLAF GAYTON
3034 W. MARQUETTE ROAD
CHICAGO, IL 60629

FILED DATE: 1/31/2025 2:07 PM    20231401241

RAYMOND ROGOZ
4901 LAMB DR.
OAK LAWN, IL 60453

DAMARRA EDINBURG
Ntouch1271@gmail.com

FIRST FRANKLIN FINANCIAL CORPORATION
C/O C T CORPORATION SYSTEM
208 S. LASALLE ST., SUITE 814
CHICAGO, IL 60604

MYRON COLEMAN
Myroncole02@gmail.com

GREGORY L. CASTILE
G_castile@yahoo.com

SHERRI Y. CASTILE
Selsels7@sbcglobal.net

ANGELO J. CRUZ
Angelo_cruz@icloud.com

CITIBANK, FSB
5800 S. CORPORATE PLACE
SIOUX FALLS, SD 57108

WALTER L. DAVIS
4350 W. FORD CITY DR., APT. B1402
CHICAGO, IL 60652

MARTIN ACEVES ANGULO
2507 W. 63RD ST., APT. 2
CHICAGO, IL 60629

ROSALINDA ALONSO
4350 W. FORD CITY DR., APT. B1502
CHICAGO, IL 60652

ROSALINDA DELGADILLO
4350 W. FORD CITY DR., APT. B1502
CHICAGO, IL 60652

UNKNOWN HEIRS AND LEGATEES OF THELMA
MOORE
4350 W. FORD CITY DR., APT. B1301
CHICAGO, IL 60652

NATIONSTAR MORTGAGE, LLC
C/O KATIE N. SIMPSON
KSimpons@dykema.com

ROMAN LIRA
5340 W. 25TH ST., APT 2
CICERO, IL 60804

BIRDENE MILLS
802 S. HOMAN AVENUE
CHICAGO, IL 60624

SREE PACHAMMA PROPERTIES, LLC
C/O PRASANNA RAGHAVAN
clickprasanna@gmail.com

CLIFFORD JOHNSON
900 E. LAKE STREET
AURORA, IL 60506

GERVASE BOLDEN
Rev.gervasebolden@yahoo.com

FRANK CARRILLO
4350 W. FORD CITY DRIVE, APT. C2-503
CHICAGO, IL 60652

MUSTAFA M. KHAN
4350 W. FORD CITY DR., APT. B1204
CHICAGO, IL 60652

MAYOWA UCHE OKOBIE
mfourj@yahoo.com

GABRIELA SANTAMARIA
soyimagen@gmail.com

CHARLENE APPLING
4300 W. FORD CITY DR., APT. 1305
CHICAGO, IL 60652

GODWIN OMWANGHE A/K/A GODWIN
OMAWANCHE
4350 W. FORD CITY DR., APT. B1204
CHICAGO, IL 60652

BLANCA ESTELLA DIAZ-CRUZ
7737 MASON AVENUE
BURBANK, IL 60459

GABRIEL GARCIA AVILA
Garciagabriel072@gmail.com

ROBERTA SWEEPER
C/O ANTHONY PERAICA
tony@peraica.com

FILED DATE: 1/31/2025 2:07 PM   20231401241

THELMA SWIMS
Tswims55@gmail.com

GREEN TREE SERVICING, LLC
C/O C T CORPORATION SYSTEM
208 S. LASALLE ST., SUITE 814
CHICAGO, IL 60604

EDGARDO ALEMAN
Edgardo4350@gmail.com

ESPERANZA MACIAS
Maciasesperanza265@gmail.com

THE HUNTINGTON NATIONAL BANK
C/O CASEY HICKS
chicks@weltman.com

WAYNE HOLLOWAY
165 LESTER ROAD
PARK FOREST, IL 60466

PAULINE C. PRATER
sheabprater@gmail.com

THORNWOOD PARTNERS, LTD
C/O CANDACE S. NADLER
3605 WOODHEAD DR., SUITE 101
NORTHBROOK, IL 60062

MICHAEL T. RZASA
Mik232323@hotmail.com

MAUREEN RZASA
Mr4134@comcast.net

BRENDA J. ALLEN-BALLARD
4350 W. FORD CITY DR., APT. B1506
CHICAGO, IL 60652

IRENE JONES
Treasashaw1959@gmail.com

ALBERTO ABEL BELLIDO
Jamibellido123@gmail.com

CLARA OLIVARES
2520 S. HARDING
CHICAGO, IL 60623

THOMAS LOREK
Lorek3377@gmail.com

MUSHIYA LOREK
Lorek3377@gmail.com

LETICIA SOLIS
4350 W. FORD CITY DR., APT. B110
CHICAGO, IL 60652

CITIZENS BANK, NA
1 CITIZENS PLAZA
PROVIDENCE, RI 02903

LETICIA GAMBOA
Letgamboa96@gmail.com

ALTHEA Y. ANDERSON
4350 W. FORD CITY DR., APT. B1204
CHICAGO, IL 60652

MICHAEL JOHNSON
Mikee225myahoo.com

JOANNA STALLWORTH
joannastallworth@hotmail.com

AMERICAN HOME MORTGAGE CORP. D/B/A
AMERICAN BROKERS CONDUIT
C/O ILLINOIS CORPORATION SERVICE CO.
801 ADLAI STEVENSON DRIVE
SPRINGFIELD, IL 62703

TERRY JONES
healthyhairandskin@yahoo.com

GREGORY L. JONES
healthyhairandskin@yahoo.com

UNKNOWN HEIRS AND LEGATEES OF WILLIAM
DORGAN
459 KNOLLWOOD DR.
BARRINGTON, IL 60010

THE RTRF INC.
C/O AUTHORIZED AGENT
4730 WEST END AVENUE
CHICAGO, IL 60644

ENRIQUE CERVANTES
4300 W. Ford City Drive Apt. A-802
Chicago, IL 60652

CRISOSTOMA FLORES DE OCAMPO
4140 S. ALBANY AVENUE
CHICAGO, IL 60632

FILED DATE: 1/31/2025 2:07 PM    20231401241

ALBERTO OCAMPO
4280 W. FORD CITY DR.
CHICAGO, IL 60652

SARAH JOHNSON
9877 W. OAKRIDGE DRIVE
ST. JOHN, IN 46373

SALTA GROUP, INC.
C/O MARSHALL ATLAS
666 VERNON AVENUE
GLENCOE, IL 60022

BRUCE LANCE II
Bunki4280@cox.net

JOYCE LANCE
Bunki4280@cox.net

BERTA L. CLAVIJO
4280 W. FORD CITY DR., APT. B2501
CHICAGO, IL 60652

MICHAEL ELLIS JOHNSON
4280 W. FORD CITY DR., APT. B2306
CHICAGO, IL 60652

LISA P. MAYFIELD
Mayfield422@comcast.net

LAURA P. OLVERA
Leslee2003@gmail.com

SAUL ARELLANO
Arrelanosaul991@gmail.com

LORE J. MARTINEZ
4280 W. FORD CITY DR., APT. B2402
CHICAGO, IL 60652

THE MCELROY TRUST UTD DTD 3/17/1998
C/O BERTRAM MCELROY
Madstamp56@aol.com
BERTRAM MCELROY
Madstamp56@aol.com

ZENAIDA GARCIA
4280 W. FORD CITY DRIVE, APT. B2203
CHICAGO, IL 60652

NATHANIEL K. BOSTON
Nboston2013@gmail.com

ATANAS I. PETRICHKI
petrichki@gmail.com

IVAN A. PETRICHKI
petrichki@gmail.com

JENNIFFER I. MENENDEZ
4280 W. FORD CITY DR., APT. B2503
CHICAGO, IL 60652

VICTOR NAVARRO
Vicnav1@gmail.com

**CHRISTOPHER RAMEY**
7230 S. MAPLEWOOD AVENUE
CHICAGO, IL 60629

JAVIER TAPIA
9228 MAJOR AVENUE
OAK LAWN, IL 60453

CRISTINA M. TAPIA
9228 MAJOR AVENUE
OAK LAWN, IL 60453

DANIEL LOBBINS
Dlobbins85@yahoo.com

VAN OAK CAPITAL, LLC
C/O JAMES M. KROPID
2501 DICKENS DR.
SPRINGFIELD, IL 62711

UNKNOWN HEIRS AND LEGATEES OF PATRICIA
OBARD
4280 W. FORD CITY DR., APT. B2204
CHICAGO, IL 60652

MARQUETTE BANK, AS TRUSTEE U/T/A 30704 DTD
7/28/2021
6316 S. WESTERN AVENUE
CHICAGO, IL 60636

ANTONI CHMIELEWSKI
4280 W. FORD CITY DR., APT. B2503
CHICAGO, IL 60652

JADWIGA CHMIELEWSKI
4280 W. FORD CITY DR., APT. 504
CHICAGO, IL 60652

DENNIS BAKER

FILED DATE: 1/31/2025 2:07 PM    20231401241

4300 W. FORD CITY DR., APT. 1402
CHICAGO, IL 60652

EUGENA HENRY
Eugenahenry28@gmail.com

JESSICA LEWIS
JStewart855@gmail.com

MANUELA D. TAYLOR-WILLIAMS
Ladydi0802@gmail.com

NAZARIO CHAVEZ
4280 W. FORD CITY DRIVE, APT. B2305
CHICAGO, IL 60652

YASMIN IBRAHIM
Yasibrahim3795@aol.com

LEETHEL FRANKLIN
leethelfranklin@yahoo.com

UNKNOWN HEIRS AND LEGATEES OF JOSEPHINE E.
JOHNSON
4280 W. FORD CITY DR., APT. B2102
CHICAGO, IL 60652

DESIREE SKIPPER
Desiree.skipper@lfcj.org

INA M. WISE
C/O ANTHONY PERAICA
tony@peraica.com

CLAUDETTE WALKER
4261 W. 76TH ST., APT. D2-208
CHICAGO, IL 60652

CARLA M. DAVIS

C/O ANTHONY PERAICA
tony@peraica.com

TIFFANY FLOWERS
4261 W. 76TH ST., UNIT D2108
CHICAGO, IL 60652

JOHN M. SMITH
4280 W. FORD CITY DR., APT B2307
CHICAGO, IL 60652

TRACY LYNN ROBINSON
Patwilliams1985@yahoo.com

SHIRLEY MIA SMITH
4280 W. FORD CITY DR., APT B2307
CHICAGO, IL 60652

BURTON WAYNE SMITH
4280 W. FORD CITY DR., APT B2307
CHICAGO, IL 60652

MOJISOLA OGUACHUBA
904 DONNINGTON DRIVE
MATTESON, IL 60443

PATRICIA T. WILLIAMS
4261 W. 76TH STREET, APT. 207
CHICAGO, IL 60652

RNM FUTURE, LLC
C/O RABEEHA KHALIL
8815 ROBIN COURT
HICKORY HILLS, IL 60457

RNM FUTURE, LLC
Moeg87@gmail.com

RICARDO GARCIA
6458 S. GREEN ST., APT. 3R
CHICAGO, IL 60621

RV HOLDINGS THREE, LLC
C/O NATIONAL REGISTERED AGENTS INC.
208 S. LASALLE ST., SUITE 814
CHICAGO, IL 60604

CARLOS MUNOZ
4280 W. FORD CITY DR., APT B2108
CHICAGO, IL 60652

DIANE DEVROE
ladydiscakes@aol.com

LINCOLN W. SEABROOKS
4261 W. 76TH ST., APT. D2-107
CHICAGO, IL 60652

LORENE MIMS
quianasowell@aol.com

DELORES ROBINSON
Deloresrobinson1001@yahoo.com

MARIA I. FARIAS
4351 W. 76TH ST., APT. C1103

FILED DATE: 1/31/2025 2:07 PM  20231401241

CHICAGO, IL 60652

JAVARIS OVERSTREET
Jshorter2006@gmail.com

ADELA SALDIVAR
adelaperezsaldivar@gmail.com

JOSE R. CONSTANTE
4351 W. 76TH ST., APT. C1101
CHICAGO, IL 60652

NICOLE CONSTANTE
Nicoleconstante2012@hotmail.com

TONIA PONCE
4351 W. 76TH ST., APT. C1-201
CHICAGO, IL 60652

LOUIS E. HEMMERICH
lewhemm@aol.com

MARIA DOMINGUEZ
15946 CICERO AVENUE
OAK FOREST, IL 60452

IGNACIO DOMINGUEZ PEREZ
15946 CICERO AVENUE
OAK FOREST, IL 60452

ALBERTO PADILLA JR.
Mevale77@aol.com

AMERICAN NATIONAL BANK, AS TRUSTEE U/T/A
43810 DTD 9/1/1978
8990 W. DODGE ROAD
OMAHA, NEBRASKA 68114

GEORGE NOVOGRODER
875 N. MICHIGAN AVE. SUITE 3612
CHICAGO, IL 60611

CIM TRUST 2017-7
C/O SELECT PORTFOLIO SERVICING, INC.
3217 S. DECKER LAKE DR.
SALT LAKE CITY, UT 84119

ANGEL ZARAZUA
1736 IVY HILL COURT
ROMEOVILLE, IL 60446

ADRIANA MENDOZA
1736 IVY HILL COURT

ROMEOVILLE, IL 60446

JUAN MENDOZA
Yang_kelly@yahoo.com

SALVADOR FARIAS
Fariassalvador.fs@gmail.com

JORGE A. INIGUEZ
4351 W. 76TH ST., APT. C1502
CHICAGO, IL 60652

ALEJANDRA GUZMAN
216 PARKS AVENUE
JOLIET, IL 60432

DOMENICOS KOSTERIS
kosteris@yahoo.com

EFREN RUIZ
241 CHAPARRAL STREET
SALINAS, CA 93906

THE ROAD TO RIGHTEOUSNESS FOUNDATION, INC.
C/O SAMANTHA BATES
Road2righteousness@yahoo.com

MARIA R. PADILLA
4351 W. 7TH ST., APT. C1202
CHICAGO, IL 60652

AMERICAN HOME MORTGAGE CORP.
C/O MICHAEL STRAUSS
538 BROADHOLLOW ROAD
MELVILLE, NY 11747

EMMANUEL OFORUM
4351 W. 76TH ST., APT. C1-503
CHICAGO, IL 60652

PRISCILA ESTHER TORRES JIMENEZ
Priscilatorres0923@gmail.com

ADRIANA VAZQUEZ
Dianava47@gmail.com

KENNETH L. WRIGHT
Dakidken29@icloud.com

TRAVIS HOBSON
Travishobson19@gmail.com

ANTHONY J. COLEMAN

FILED DATE: 1/31/2025 2:07 PM 20231401241

4351 W. 76TH ST., APT. C1-505
CHICAGO, IL 60652

ANTONIO GADDIS
447 S. 14TH AVENUE
MAYWOOD, IL 60153

ISAAC WILSON
7800 S. KEATING AVENUE
CHICAGO, IL 60652

ENJOLIQUE WILSON
7800 S. KEATING AVENUE
CHICAGO, IL 60652

VINIZIUS QUARESMA
4351 W. 76TH ST., APT. C1-306
CHICAGO, IL 60652

JORGE AGUSTIN FRUTOS TORRES
5214 S. KEATING AVENUE
CHICAGO, IL 60632

AARON C. JACKSON
14405 S. BENSLEY AVENUE
CHICAGO, IL 60633

CYRIS WATSON
watsoncyris@yahoo.com

SHERRY DESENDADIANO
sherryibanez@hotmail.com

JAMIA BRAY
7513 S. MICHIGAN AVENUE
CHICAGO, IL 60619

JACKLYNN KRYGOWSKI
krygoswkij@yahoo.com

TOMAS DEBO
tomasdebo111@gmail.com

Y&R 1 OPPORTUNITY FUND, LLC
C/O REGISTERED AGENTS, INC.
4445 CORPORATION LANE, SUITE 264
VIRGINIA BEACH, VA 23462

BERTHA SAUCEDO
3602 S. ARCHER
CHICAGO, IL 60609

LAURA A. GOMEZ

3094 BRON CIRCLE
MEDFORD, OR 97504

AISHA RICE
Aisharice23@gmail.com

DOROTHY R. HARDY
C/O GLENNEL HARDY
Glenstar2007@gmail.com

ISRAEL MIRANDA TEIXEIRA
170 NW 46TH ST.
MIAMI, FL 33127

MARLON FORTINEAUX
11622 S. WESTERN AVENUE
CHICAGO, IL 60623

ROBERT HUDSON
hudsonrobert@sbcglobal.net

CHARLOTTE HOWARD
Cthoward53@yahoo.com

JOSE J. GARCIA
4281 W. 76TH ST., APT. C2-301
CHICAGO, IL 60652

AMPARO GARCIA
4281 W. 76TH ST., APT. C2-301
CHICAGO, IL 60652

DAVID J. GARCIA
4281 W. 76TH ST., APT. C2-301
CHICAGO, IL 60652

MARIA J. MAGANA
Mjmagana319@gmail.com

KIERRA BARNES
Kierra.stevenson1@outlook.com

VICTOR E. MANZO
5716 S. PULASKI ROAD, APT. 2
CHICAGO, IL 60629

CHALESE A. CONLEY
Chadun71@gmail.com
SELECT PORTFOLIO SERVICING, INC.
C/O ILLINOIS CORPORATION SERVICE CO.
801 ADLAI STEVENSON DRIVE
SPRINGFIELD, IL 62703

FILED DATE: 1/31/2025 2:07 PM 20231401241

HOMECOMINGS FINANCIAL NETWORK, INC.
C/O C T CORPORATION SYSTEM
208 S. LASALLE ST., SUITE 814
CHICAGO, IL 60604

MICHELE J. BELOUSEK
6441 PERSHING ROAD #205
STICKNEY, IL 60402

GREGORY LAPAPA
1S354 MONTEREY AVENUE
OAKBROOK TERRACE, IL 60181

ALMA SANTANA OCTAVIANO
5632 S. HONORE STREET
CHICAGO, IL 60636

MARITZA CERVANTES
Maricervantes306@gmail.com

THE JOYCE BOWLES REVOCABLE LIVING TRUST DTD
7/26/2011
C/O JOYCE BOWLES
17400 KEDZIE AVENUE, APT. 326
HAZEL CREST, IL 60429

JOYCE BOWLES
17400 KEDZIE AVENUE, APT. 326
HAZEL CREST, IL 60429

JUAN M. SOLIZ
6401 S. LECLAIRE AVENUE #2
CHICAGO, IL 60638

RAJAMER JONES
4281 W. 76TH ST., APT. C2-404
CHICAGO, IL 60652

NELLIE M. COTTON
6401 S. LECLAIRE AVENUE #2
CHICAGO, IL 60638

CARZIE L. JONES
Benzocarzie@gmail.com

UNKNOWN HEIRS AND LEGATEES OF DOROTHY
ANDERSON
4281 W. 76TH ST., APT. C2-101
CHICAGO, IL 60652

HECTOR BOTELLO
C/O ANTHONY PERAICA
tony@peraica.com

RONA ANDERSON
4281 W. 76TH ST., APT. C2-105
CHICAGO, IL 60652

ZIAD H. AL KHATIB
C/O ANTHONY PERAICA
tony@peraica.com

ZIAD KHATATBEH
4281 W. 76TH ST., APT. C2-205
CHICAGO, IL 60652

SABINE DESIR
10800 LONG AVENUE
OAK LAWN, IL 60453

DIANE L. TODD
Dianet0545@att.net

PNC BANK, NA.
222 DELAWARE AVENUE
WILMINGTON, DE 19801

OLGA DELGADILLO ALONSON
4281 W. 76TH ST., APT. C2-306
CHICAGO, IL 60652

TYREE PITTMAN
1723 W. 90TH ST.
CHICAGO, IL 60620

MOHAMMED ABUBAKER
9224 CENTRAL AVENUE
OAK LAWN, IL 60453

HYUN W. SHIN
719 S. DELPHIA AVENUE
PARK RIDGE, IL 60068

DEBORAH MITCHELL
Deborahmitchell02@yahoo.com

DIVINITY PROPERTIES, LLC
C/O YING-HUEI CHEN
1636 VERDIN LANE
NAPERVILLE, IL 60565

WILLIAM A. WILCHER
12033 PALM ST.
CERRITOS, CA 90703

FILED DATE: 1/31/2025 2:07 PM    20231401241

FIFTH THIRD BANK, NA
38 FOUNTAIN SQUARE PLAZA
CINCINNATI, OH 45202

VERONICA MCGRAW
vmcgraw@aol.com

MAGDI ODEH
13011 S. WINNEBAGO ROAD
PALOS HEIGHTS, IL 60463

FIRST NLC FINANCIAL SERVICES, LLC
C/O MENOTTE, DEBORAH C, TRUSTEE
1679 BREAKERS WEST BLVD.
WEST PALM BEACH, FL 33411

MOHAMMEDNAJIB A. ALKARAKI
4281 W. 76TH ST., APT. C2-208
CHICAGO, IL 60652

ALEEM WAHEED
470 E. 162ND STREET                    .
SOUTH HOLLAND, IL 60473

SHIRLEY WAHEED
Shirley.waheed1621@yahoo.com

PATRICK SLATTERY
Pslats3709@icloud.com

LAWRENCE W. COLLINS
7504D CLARIDGE DRIVE
BRIDGEVIEW, IL 60455

MAURA SLATTERY BOYLE
slatteryboyle@gmail.com

RAMONA B. REYES
4262 W. FORD CITY DR. APT. 102
CHICAGO, IL 60652

JAVIER URBINA
Jurbinaazul3@gmail.com

MINERVA ORDUNO
Minervaorduno78@gmail.com

GEORGE ORDUNO
ordujorg@gmail.com

ARACELI MARTINEZ
6515 S. TROY, CHICAGO
CHICAGO, IL 60629

BOGUSLAW BIL
C/O ANTHONY PERAICA
tony@peraica.com

NANCY C. ALSTON
4262 W. FORD CITY DR., APT. D1-104
CHICAGO, IL 60652

SAM AYYAD
14647 S. 94TH AVENUE
ORLAND PARK, IL 60462

MARCELO RODRIGUEZ-GARCIA
Marcelorodriguez6970@gmail.com

IRENE M. RUFUS
4262 W. FORD CITY DR., APT. D1-107
CHICAGO, IL 60652

UNKNOWN HEIRS AND LEGATEES OF VINELLE A.
MYRIE
4262 W. FORD CITY DR., APT. D1-207
CHICAGO, IL 60652

AMELIA PACHECO
2204 S. 9TH AVENUE
BROADVIEW, IL 60155

FIRST AMERICAN BANK
C/O MARTIN D. TASCH
mtasch@momkus.com

JUANA REYES
4262 W. FORD CITY DR., APT. D1-208
CHICAGO, IL 60652

PAULA MENDEZ
2907 S. 49TH AVENUE
CICERO, IL 60804

TONI GREEN
4261 W. 76TH ST., APT. D2-102
CHICAGO, IL 60652

ALICIA GREEN
Tonigreen123456@gmail.com

UNKNOWN HEIRS AND LEGATEES OF MARILYN L.
HARVEY
4263 W. 76TH ST., APT. D2-204
MONEE, IL 60449

FILED DATE: 1/31/2025 2:07 PM   20231401241

ESMERALDA RAFAELA DALY
4263 W. 76TH ST., APT. D2-206
CHICAGO, IL 60652

ESMERALDA RAFAELA DALY RODRIGUEZ REVOCABLE
LIVING TRUST DTD 5/8/2020
4263 W. 76TH ST., APT. D2-206
CHICAGO, IL 60652

JOHN M. GOLDEN
j-golden@neiu.edu

MARY A. GOLDEN
Mary.golden53@yahoo.com

THE ESTATE OF JOAN P. MOORE
C/O COOK COUNTY PUBLIC GUARDIAN
69 WEST WASHINGTON, SUITE 700
CHICAGO, IL 60602

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST
2005-2
C/O CRAIG SMITH
csmith@smithweiklaw.com
ccronquist@smithweiklaw.com

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES
INC., ASSET-BACKED PASS-THROUGH CERTIFICATES,
SERIES 2005-R3
222 S. RIVERSIDE PLAZA
CHICAGO, IL 60606

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
TRUSTEE FOR ARGENT SECURITIES INC. ASSET-
BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-
M1, UNDER THE POOLING AND SERVICING
AGREEMENT DATED JUNE 1, 2006
222 S. RIVERSIDE PLAZA
CHICAGO, IL 60606

U.S. BANK, NA, AS TRUSTEE OF NRZ RECOVERY
TRUST
75 BEATTIE PLACE, SUITE 300
GREENVILLE, SC 29601

U.S. BANK, NA, AS TRUSTEE OF MEB LOAN TRUST VI
C/O SPECIALIZED LOAN SERVICING HOLDINGS LLC
6200 S. QUEBEC ST. STE 300
GREENWOOD VILLAGE, CO 80111

U.S. BANK, NA, AS TRUSTEE AS SUCCESSOR IN
INTEREST OF MICHIGAN AVENUE NATIONAL BANK
OF CHICAGO, NA, AS TRUSTEE UNDER TRUST
AGREEMENT DATED MARCH 14, 1980 KNOWN AS
TRUST NUMBER 3098
425 WALNUT STREET
CINCINATTI, OH 45202

U.S BANK TRUST COMPANY, NA, AS TRUSTEE,
SUCCESSOR-IN-INTEREST TO U.S. BANK, NA, AS
TRUSTEE FOR MASTR ASSET BACKED SECURITIES
TRUST 2006-HE5 MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-HE5
1 MORTGAGE WAY
MOUNT LAUREL, NJ 08054

U.S. BANK, NA, AS TRUSTEE SUCCESSOR IN INTEREST
TO BANK OF AMERICA, NA, AS TRUSTEE, SUCCESSOR
BY MERGER TO LASALLE BANK NA, AS TRUSTEE FOR
STRUCTURED ASSET INVESTMENT LOAN TRUST
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES
2004-7
C/O CRAIG SMITH
csmith@smithweiklaw.com
ccronquist@smithweiklaw.com

THE BANK OF NEW YORK MELLON, SUCCESSOR IN
INTEREST TO THE BANK OF NEW YORK, AS TRUSTEE
FOR THE HOLDERS OF THE GE-WMC ASSET-BACKED
PASS-THROUGH CERTIFICATES, SERIES 2005-2
240 E. GREENWICH STREET
NEW YORK, NY 10007

THE BANK OF NEW YORK MELLON, SUCCESSOR-IN-
INTEREST TO THE BANK OF NEW YORK, AS TRUSTEE
FOR CIT MORTGAGE LOAN TRUST, 2007-1 ASSET-
BACKED CERTIFICATES, SERIES 2007-1
C/O SELECT PORTFOLIO SERVICING INC.
3217 S. DECKER LAKE DRIVE
SALT LAKE CITY, UT 84119

HSBC BANK USA, NA, AS TRUSTEE FOR THE
REGISTERED HOLDERS OF FIRST NLC TRUST 2007-1
MORTGAGE-BACKED CERTIFICATES, SERIES 2007-1
C/O OCWEN LOAN SERVICING, LLC
5720 PREMIER PARK DR.
WEST PALM BEACH, FL 33407

THE BANK OF NEW YORK MELLON, AS TRUSTEE OF
THE BEAR STEARNS ASSET BACK SECURITIES TRUST
2002-2, ASSET-BACKED CERTIFICATES, SERIES 2002-2
C/O CRAIG SMITH

FILED DATE: 1/31/2025 2:07 PM 20231401241

csmith@smithweiklaw.com
ccronquist@smithweiklaw.com

U.S. BANK, NA, AS TRUSTEE OF MEB LOAN TRUST VI
C/O UNITED AGENT GROUP INC.
350 S. NORTHWEST HWY, #300
PARK RIDGE, IL 60068

CATRINA S. LOCKHART
3240 W. 65TH STREET
CHICAGO, IL 60629

JOEY GILB
15826 S. STONEWALL DRIVE
NEWARK, IL 60541

CHICAGO TITLE LAND TRUST CO. as Trustee
10 S. LaSalle Street Suite 2750
Chicago, IL 60603

PARKWAY ELEVATORS, INC.
C/O JOHN POSLUSZNY
2944 W. LAKE ST.
CHICAGO, IL 60612

TOTAL MASONRY, LLC
C/O MARK ZENKNER
390 MONACO DR.
ROSELLE, IL 60172

FORD CITY CH, LLC
C/O REGISTERED AGENT SOLUTIONS, INC.
3000 PROFESSIONAL DR. SUITE A
SPRINGFIELD, IL 60273

FORD CITY NASSIM, LLC
C/O REGISTERED AGENT SOLUTIONS, INC.
3000 PROFESSIONAL DR. SUITE A
SPRINGFIELD, IL 60273

FORD CITY REALTY, LLC
C/O REGISTERED AGENT SOLUTIONS, INC.
3000 PROFESSIONAL DR STE A
SPRINGFIELD, IL 62703-5943

ALEJANDRO ANDRADE-LARA
2105 S. 11TH AVENUE
MAYWOOD, IL 60153

DEVON DANE MURRAY
1837 N. MAYFIELD AVENUE #1
CHICAGO, IL 60639

ROCHANNA JOHNSON
7801 DARIEN LAKE DRIVE
DARIEN, IL 60561

TERESA SHAW
6715 CONGRESS ST. APT. 227
NEW PORT RICHEY, FL 34654

WEISS ORTIZ, PC
C/O ADEENA J. WEISS
1011 E. 31ST ST.
LA GRANGE PARK, IL 60526

FORETHOUGHT LIFE INSURANCE COMPANY
C/O CT CORPORATION SYSTEM
208 S. LASALLE ST., SUITE 814
CHICAGO, IL 60604

James Stevens
jstevens@burkelaw.com

Greg Janes
greg.janes@cityofchicago.org

Tony Peraica
tony@peraica.com

Mitchell Asher
mickey@mitchellasher.com

Ethan Trotz
ethan.trotz@katten.com

Brian Bagdady
bryan@celsinfo.com

UNKNOWN OWNERS AND NON-RECORD
CLAIMAINTS

Filer Selected Hearing Date: No hearing scheduled
Location: <<CourtRoomNumbers>>
Judge: Courtroom, 1109
System Generated Hearing Date: No hearing information was found.
Location: No hearing information was found.
Judge: No hearing information was found.

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

FILED
9/29/2025 8:26 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
20231401241
Courtroom, 1109
34648582

FILED DATE: 9/29/2025 8:26 AM    20231401241

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT – FIRST DISTRICT

| | | |
|---|---|---|
| **CITY OF CHICAGO,** | ) | |
| **Plaintiff,** | ) | **Case No. 23 M1 401241** |
| | ) | |
| **v.** | ) | **Property:** |
| | ) | **4260-4350 W. Ford City Drive/** |
| **FORD CITY CONDOMINIUM** | ) | **4260-4351 W. 76th Street** |
| **ASSOCIATION,** *et al.*, | ) | **Chicago, Illinois 60652** |
| **Defendants.** | ) | |

### OBJECTION
### TO CONVERSION OF LIEN INTERESTS OR SALE OF THE
### PROPERTY BY NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING,
### MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE,
### AS NOMINEE FOR GREEN TREE SERVICING LLC AND MORTGAGE
### ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE
### FOR AMERICAN BROKERS CONDUIT

Defendants (A) Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), (B) Mortgage Electronic Registration Systems, Inc., as Mortgagee, as Nominee for Green Tree Servicing LLC, Its Successors and Assigns ("MERS for Green Tree"), and (C) Mortgage Electronic Registration Systems, Inc., as Mortgagee, as Nominee for American Brokers Conduit, Its Successors and Assigns ("MERS for American Brokers") (collectively referred to as the "Shellpoint Defendants"[1]), hereby object to any conversion of their lien interests on units in the Ford City Property pursuant to 765 ILCS 605/14.5(c)(2)(C)-(D) or any requested sale of the Ford

---

[1] As discussed more fully in this Objection, the Shellpoint Defendants are the mortgagees of record for mortgages serviced by Shellpoint on behalf of Federal National Mortgage Association ("Fannie Mae"). Fannie Mae owns those mortgages and the loans and promissory notes secured by those mortgages, as well as other mortgages, notes, and loans related to the real estate commonly known as 4260-4350 W. Ford City Drive, Chicago, Illinois 60652 ("Ford City Property") serviced by entities other than Shellpoint. The objections and arguments made in this Objection apply equally to all mortgages, mortgage liens, notes, and loans owned by Fannie Mae, as well as all mortgages, mortgage liens, notes, and loans owned by the Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, the "Enterprise Mortgages"). Both Fannie Mae and Freddie Mac remain in federal conservatorships under 12 U.S.C. 4617, which mandates that their interests herein be treated in accordance with federal law.

FILED DATE: 9/29/2025 8:26 AM    20231401241

City Property pursuant to 765 ILCS 605/14.5(d), as the current plan to convert and sell violates governing federal law related to the interests of Fannie Mae at issue herein. See 12 U.S.C. 4617. Under that federal law, any conversion and sale of the Ford City Property requires the express consent of Fannie Mae's conservator, the Federal Housing Finance Agency ("FHFA"). FHFA has not consented to the plan or to the sale.

## I.    INTRODUCTION

State law yields to conflicting and controlling federal law. Under the United States Constitution, "the Laws of the United States . . . shall be the supreme Law of the Land; and Judges in every State shall be bound thereby." U.S. Const., art. VI, cl. 2. This fundamental and indisputable principle of the American legal system lies at the heart of the dispute here over the limitations that the United States Congress has chosen to impose on this Court's authority to grant the City's requested relief as it relates to the Enterprise Mortgages.

In July 2008, Congress passed the Housing and Economic Recovery Act of 2008, Pub. L. No. 110-289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq.* ("HERA"), which established the Federal Housing Finance Agency ("FHFA") for the purpose of regulating Fannie Mae and Freddie Mac, among other purposes. FHFA's Director placed Fannie Mae and Freddie Mac into conservatorship and named FHFA as Conservator on September 6, 2008. Under HERA, except in circumstances not relevant here, "no court may take any action to restrain or affect the exercise of powers or functions of [FHFA] as a conservator." 12 U.S.C. § 4617(f). Further, "[n]o property of [FHFA]," which includes the assets of Fannie Mae and Freddie Mac, "shall be subject to levy, attachment, garnishment, foreclosure, or sale" without FHFA's consent. Nor shall any involuntary lien attach to the property interests of Fannie Mae or Freddie Mac while in conservatorship. *Id.*, § 4617(j)(3).

FILED DATE: 9/29/2025 8:26 AM    20231401241

The City asks this Court for two items of relief that directly conflict with HERA. First, it asks the Court to deem the Ford City Property as owned in common by the unit owners with liens formerly against the units converted to be attached to the unit owner's new percentage share of the deconverted Ford City Property as a whole. *See* 765 ILCS 605/14.5(c)(2). Second, it asks the Court to authorize a sale of the deconverted Ford City Property and distribute the sale proceeds under Section 14.5(d) of the Illinois Condominium Property Act, 765 ILCS 605/14.5 (the "Act" or the "Distressed Condominium Property Act"). As discussed more fully below, HERA precludes this Court from granting either request as it relates to the Enterprise Mortgages absent affirmative Conservator consent, which has not been obtained.

## II.    RELEVANT STATUTORY BACKGROUND

### A.    The Housing and Economic Recovery Act of 2008 ("HERA")

Congress originally created Fannie Mae and Freddie Mac (collectively, the "Enterprises") "to increase home-loan lending by injecting liquidity into mortgage markets." *Roberts v. FHFA*, 889 F.3d 397, 400 (7th Cir. 2018). "Their primary business is purchasing mortgages, pooling them into mortgage-backed securities, and selling them to investors," which "relieve[s] mortgage lenders of the risk of default and free[s] up their capital to make more loans." *Collins v. Yellen*, 594 U.S. 220, 228 (2021) (internal quotations omitted). The Enterprises "guarantee these securities by promising to make investors whole if borrowers default." *FHFA v. City of Chicago*, 962 F. Supp. 2d 1044, 1048 (N.D. Ill. 2013). "[T]hey are the backbone of the U.S. residential-mortgage market" (*Jacobs v. FHFA*, 908 F.3d 884, 887 (3rd Cir. 2018)) and "serve the public policy of expanding home ownership to moderate and low-income families" (*Hager v. Countrywide Home Loans*, 812 F. Supp. 2d 1211, 1216 (D. Nev. 2011)).

HERA established FHFA as an independent federal agency with regulatory and oversight

3

authority over Fannie Mae and Freddie Mac. In HERA, Congress empowered FHFA's Director to place the Enterprises into federal conservatorships in certain circumstances and granted FHFA an array of powers, privileges, and exemptions from otherwise applicable laws when acting as Conservator. 12 U.S.C. § 4617. On September 6, 2008, FHFA's Director exercised that authority and placed the Enterprises into federal conservatorships, where they remain today.[2]

As part of HERA, Congress expressly precluded judicial review of the Conservator's statutorily authorized activities: "Except as provided in this section or at the request of the Director, no court may take any action to restrain or affect the exercise of powers or functions of [FHFA] as a conservator or a receiver." 12 U.S.C. § 4617(f). These powers include the Conservator's ability to "take such action as may be . . . appropriate to . . . preserve and conserve the assets and property of [the Enterprises]." *Id.*, § 4617(b)(2)(D). Furthermore, Congress granted special powers, privileges, and exemptions to FHFA in Section 4617(j)(3) – a broad statutory exemption, captioned "Property Protection," within HERA – which mandates that when the Enterprises are under FHFA conservatorship, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3). Another HERA provision mandates that upon the inception of the conservatorship, FHFA succeeds by operation of law to "all rights, titles, powers, and privileges" of the entity in conservatorship "with respect to [its] assets" (*id.*, § 4617(b)(2)(A)), thereby rendering all of the Enterprises' assets property of FHFA for the duration of the conservatorship.

---

[2] The Court can and should take judicial notice that Fannie Mae and Feddie Mac have been under FHFA conservatorship since 2008. *See* Ill. R. Evid. 201(b) (allowing courts to take judicial notice of facts "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). *See also History of Fannie Mae and Freddie Mac Conservatorships*, FHFA https://www.fhfa.gov/Conservatorship/Pages/History-of-Fannie-Mae--Freddie-Conservatorships.aspx.

FILED DATE: 9/29/2025 8:26 AM    20231401241

FILED DATE: 9/29/2025 8:26 AM    20231401241

### B.    The Distressed Condominium Property Act

The Distressed Condominium Property Act creates the Illinois state process by which municipalities can seek specified court action in connection with property that the Act defines as "distressed condominium property." *See* 765 ILCS 605/14.5. The Court first conducts a hearing to determine whether the property constitutes "distressed condominium property" under the Act's definition. *Id.*, § 14.5(a)-(b). If the Court finds that the property is distressed condominium property, it can appoint a receiver to exercise the traditional powers of a receivership. *Id.*, § 14.5(c)(1), (e). Alternatively, if the Court finds that the property is also not viable as a condominium after an additional hearing, it can declare that (1) the property is no longer a condominium; (2) the property is owned in common by the unit owners; (3) each unit owner's undivided interest in the property equals the unit owner's former percentage share of the then-condominium's common elements; and (4) any liens on any units are attached to the unit owner's undivided interest. *Id.*, § 14.5(c)(2).

If the court finds that the distressed condominium property is no longer viable as a condominium and issues the declarations altering the ownership interests of the individual unit owners and lienholders, then – after yet another hearing – it can authorize the receiver to enter into a sales contract and transfer title to the property on the unit owners' behalf. 765 ILCS 605/14.5(d). After paying the receiver's court-approved costs, time, expenses, and fees, the receiver deposits the net proceeds of the sale into an escrow account and segregates each unit owner's respective shares based on their percentage interest of the former common elements.[3] *Id.* From those shares,

---

[3] The Shellpoint Defendants' Response explains the process and impact of deconversion in more detail. (Resp., pp. 9-11, 16-19). In short, if this Court finds that the Ford City Property is not viable as a condominium and makes the required statutory declarations, the Enterprise Mortgages will change from liens on individual units to liens on the prior unit owners' undivided ownership interests in the Ford City Property as a whole calculated using the prior owners' percentage share of what had been the Ford City Property's common elements. *See* 765 ILCS 605/14.5(c).

FILED DATE: 9/29/2025 8:26 AM    20231401241

the receiver then pays taxes and liens attributable to the unit owner and distributes any remaining sum to the unit owner. *Id.*

## III.    FACTUAL AND PROCEDURAL BACKGROUND

In this case, on September 7, 2023, the City filed its Complaint for Equitable and Other Relief ("Complaint") alleging multiple violations of the Chicago Municipal Code present at the Ford City Property – a multi-building residential complex with 319 individual units. The Complaint named as defendants the Ford City Condominium Association ("Association"), the individual unit owners, and other parties with an interest in the individual units. The Shellpoint Defendants are the mortgagees of record for separate mortgages on five of those units. (Aff., ¶¶ 7-11, Gr. Exs. A-E.) Fannie Mae owns those mortgages and the loans and notes they secure (collectively, the "Shellpoint Mortgages"). (*Id.*)

On December 8, 2023, the City filed a Petition for Condominium Deconversion Hearing pursuant to § 765 ILCS 605/14(c)(2) ("Motion to Deconvert"). The Motion to Deconvert requested that the Court:

1.    "Find that [the Ford City Property] is a distressed condominium property constituting a danger, blight, or nuisance to the surrounding community and the general public;"

2.    "Appoint a General Receiver" endowed with the statutory powers specified in subsection (e) of the Act;

3.    "Find that the [Ford City Property] is not viable as a condominium" and declare that:

i.    the Ford City Property "is no longer a condominium,"

ii.    the Ford City Property "is deemed to be owned in common by each of the unit owners,"

6

iii. "the undivided interest in the [Ford City Property] which shall appertain to each unit owner" equal the unit owners' respective percentage of ownership in the Ford City Property's common elements, and

iv. "any liens affecting any unit shall be deemed to be attached to the undivided interest of the unit owner in the [Ford City Property] as provided herein." (Mot. to Decon., pp. 2-3.)

The City initially scheduled its Motion to Deconvert for presentation on January 22, 2024. (NOM, 12/8/2023). The Court continued the Motion to Deconvert multiple times after the January 22, 2024, presentment date. (Ords., *passim*). On February 10, 2025, the Court appointed Collateral Trustee, Inc. ("Receiver") as a limited receiver given authority to develop a plan to market the Ford City Property for sale. (Ord, 2/10/2025.) The Court ordered the Receiver to submit its plan to the Court on or before March 7, 2025, and it continued the City's Motion to Deconvert generally. (*Id.*)

On February 24, 2025, the Court ordered the Receiver to "provide the Court with its plan to market and sell the [Ford City Property] at the next court date," which it set for March 10, 2025. (Ord., 2/24/2025, ¶ 1.) On March 10, 2025, the Court authorized the Receiver "to move forward with the marketing plan it presented to the Court on March 10, 2025 to receive offers to purchase an[ ]area in Chicago, Illinois known as Ford City Condominium Association." (Ord., 3/10/2025.) On July 28, 2025, the Court advised that it was "taking the limited receiver's bid package under advisement" and that "[t]he Court will hold a meeting with the unit owners on July 31, 2025 at 7:00 pm via Zoom to discuss the current bid." (Ord., 7/28/2025, ¶ 1.) The Court continued the City's Motion to Deconvert without setting it for hearing. (*Id.*, ¶ 2.)

On August 4, 2025, the Court "found that the condo[minium] association was a Distressed

FILED DATE: 9/29/2025 8:26 AM    20231401241

Condominium as defined by the code" (Ord., 8/18/2025, ¶ 1), and it continued the City's Motion to Deconvert without setting it for hearing (Ord., 8/4/2025, ¶ 4). The Court once more continued the Motion to Deconvert without setting it for hearing on August 11, 2025. (Ord. 8/11/2025, ¶ 1.) Other than finding that the Association "was a Distressed Condominium," the Court has not yet ruled on the other relief the City sought in its Motion to Deconvert – *i.e.*, the Court has not found that the Ford City Property is not viable as a condominium nor made the necessary statutory declarations to deconvert the Ford City Property from a condominium and convert the interests of the owners and landholders accordingly. *See* 765 ILCS 605/14.5(c)(2).

On August 18, 2025, the Court ordered the Receiver to "file with [the] court a proposed contract to sell the property on or before September 2, 2025," and it advised that "[t]he proposed contract will be discussed at a hearing on September 8, 2025." (Ord., 8/18/2025, ¶ 3.) On August 19, 2025, the City filed its Motion to Authorize the Receiver to Enter Into a Sales Contract and Transfer Title on Behalf of the Owners Pursuant to 765 ILCS 605/14(d) ("Motion to Authorize Sale"). On September 2, 2025, the Receiver filed a redlined copy of a draft of a proposed sales contract setting a possible purchase price at $6,000,000.[4] The Shellpoint Defendants are filing a separate Response In Opposition to the City's Motion to Authorize Sale and Their Motion for Additional Relief ("Response") contemporaneously with this Objection.

The Shellpoint Defendants file this Objection separately from their Response to more fully explain HERA's applicability to this case and the need to secure FHFA's consent before taking any action that affects the Shellpoint Mortgages or the other mortgages owned by Fannie Mae or Freddie Mac. This Objection applies to any mortgage or other interest owned by either of the Enterprises and to any action taken by this Court that would "restrain or affect the exercise of

---

[4] The $6,000,000 proposed purchase is a redlined revision of the draft, and it is not clear whether the Receiver made that revision as a counteroffer or whether the prospective buyer is offering $6,000,000.

FILED DATE: 9/29/2025 8:26 AM    20231401241

[FHFA's] powers or functions" as Conservator. *See*, *e.g.*, 12 U.S.C. § 4617(f).

## IV.    ARGUMENT

### A.    Section 4617(f) Bars the Court From Converting Mortgages Owned By Fannie Mae or Freddie Mac or Authorizing the Sale of the Ford City Property Without FHFA's Express Consent.

HERA provides that "no court may take any action to restrain or affect the exercise of powers or functions of [FHFA] as conservator or receiver," including FHFA's statutory powers as conservator to "collect all obligations and money due" the Enterprises and "preserve and conserve" the Enterprises' "assets and property." See 12 U.S.C. § 4617(b)(2)(B); 12 U.S.C. § 4617(b)(2)(D); 12 U.S.C. § 4617(f). As stated by the U.S. Court of Appeals for the D.C. Circuit, "[t]he plain statutory text [of Section 4617(f)] draws a sharp line in the sand against litigative interference – through judicial injunctions, declaratory judgments, or other equitable relief – with FHFA's statutorily permitted actions as conservator or receiver." *Perry Cap. v. Mnuchin*, 864 F.3d 591, 606 (D.C. Cir. 2017).

Indeed, the plain text of Section 4617(f)'s prohibitive clause – "no court may take any action" – is unqualified and absolute. This has been made crystal clear by the United States Supreme Court in *Collins*, where the Court stated that HERA "prohibits courts from taking 'any action to restrain or affect the exercise of powers or functions of [FHFA] as a conservator.'" *Id.*, 141 S. Ct. at 1770 (quoting 12 U.S.C. § 4617(f)). Courts across the country agree that "'any' has an expansive meaning." *United States v. Gonzales*, 520 U.S. 1, 5 (1997); *see also Planned Parenthood Ariz. Inc. v. Betlach*, 727 F.3d 960, 969 (9th Cir. 2013) ("[A]ny means all" unless Congress provides otherwise); *C.G.B. v. Wolf*, 464 F. Supp. 3d 175, 219 (D.D.C. 2020) (statutory language that "[n]o court may set aside any action or decision" "strips courts of jurisdiction to . . . set aside" any action or decision).

FILED DATE: 9/29/2025 8:26 AM    20231401241

Courts examining the materially identical Federal Deposit Insurance Corporation ("FDIC") statute concur that the broad, statutory language must be applied as written.[5] *See, e.g.*, *Volges v. RTC*, 32 F.3d 50, 52 (2d Cir. 1994) (describing the language in Section 1821(j) stating that "no court may take any action" as "broad[ ] and unequivocal[ ]"); *Pyramid Const. v. Wind River Petroleum*, 866 F. Supp. 513, 518 (D. Utah 1994) (Section 1821(j)'s language that "no court may take any action" is "broad and all-encompassing language"). Congress did not limit the scope of Section 4617(f) with respect to state courts, so it applies in this case.

More specifically, converting the Enterprise Mortgages from liens on individual units to liens on tiny percentages of the larger property as a whole[6] would likely reduce the value of the liens and could affect the amount the Conservator can collect on those liens. HERA grants the Conservator statutory power to "collect all obligations and money due" to the Enterprises, and to "preserve and conserve [the Enterprises'] assets and property." *See* 12 U.S.C. § 4617(b)(2)(B). Granting relief that could reduce the value of the Enterprise Mortgages or affect the amount the Conservator can collect on those mortgages unquestionably restrains and affects the Conservator's exercise of those powers, which HERA expressly precludes. *See* 12 U.S.C. § 4617(f). Congress has made clear that FHFA need not take the risk of receiving less than what is owed on the Enterprise Mortgages. FHFA respectfully submits that absent its consent, the Court lacks authority to grant the relief requested and any sale held in contravention of HERA will be deemed void ab

---

[5] When analyzing HERA's provisions, courts frequently turn to precedent interpreting the analogous receivership authority of the FDIC because the relevant language in both acts is often parallel. *See, e.g.*, *Sonoma v. Fed. Hous. Fin. Agency*, 710 F.3d 987, 993 (9th Cir. 2013); *Skylights v. Byron*, 112 F. Supp. 3d 1145, 1152 (D. Nev. 2015). Courts applying Section 4617(f) routinely look to cases interpreting Section 1821(j) for guidance. *See, e.g.*, *Perry Cap.*, 864 F.3d at 605-06; *Roberts*, 889 F.3d at 402-03.

[6] Although the specific figures are currently impossible to determine for the reasons outlined in the Shellpoint Defendants' Response, the relevant percentage shares to which the Enterprise Mortgages would attach if the Court granted the City's Motion to Deconvert range from approximately 0.20% to approximately 0.35% of the Ford City Property as a whole.

initio. *See*, *e.g.*, *Wells Fargo Bank v. Sutcliffe*, No. 2015-CA-004100, 2023 D.C. Super. LEXIS 4, *8 (D.C. Super. Ct. May 9, 2023) (foreclosure sale conducted in contravention of Section 4617(j)(3) deemed "void as a matter of law"). *See also Nationstar Mortg. v. Berg*, No. 2015-CA-002471, 2024 D.C. Super. LEXIS 35, *17 (D.C. Super. Ct. Nov. 19, 2024); *Fannie Mae v. Alvin Gross Dev.*, No. 2016-CA-003956, 2024 D.C. Super. LEXIS 12, *11 (D.C. Super. Ct. Apr. 10, 2024); *Fannie Mae v. Billups*, No. 2015-CA-001764, 2023 D.C. Super. LEXIS 15, *11-*12 (D.C. Super. Ct. Sept. 13, 2023); *Reverse Mortg. Sols. v. Moore*, 2014-CA-07660, 2023 D.C. Super. LEXIS 8, *13 (D.C. Super. Ct. June 7, 2023). Presently, FHFA has not consented.

Likewise, authorizing the Receiver to sell the Ford City Property and distribute the proceeds under the Distressed Condominium Property Act also improperly restrains and affects FHFA in the exercise of its powers and functions as Conservator. The Distressed Condominium Property Act provides that in the event of a sale, the receiver will deposit "the net proceeds of the sale, after payment of all the receiver's costs, time, expenses, and fees as approved by the court" into an escrow account and segregate the account "into the respective shares of each unit owner" based on their "percentage of undivided interest previously owned by the owner in the common elements." 765 ILCS 605/14.5(c)(2)(C), (d). It then requires the receiver to pay the lienholders from those respective shares. *Id.*, § 14.5(d). HERA does not allow the Court to grant that relief as it relates to the Enterprise Mortgages.

To the extent that the Act requires payment to the Receiver before dividing the remaining funds into the unit owners' respective shares, it effectively grants the Receiver a superpriority lien on the sale proceeds, which the Court cannot do under HERA. *See*, *e.g.*, 12 U.S.C. § 4617(f); *see also* 12 U.S.C. § 4617(j)(3). Granting the Receiver a superpriority lien restrains and affects the Conservator in the exercise of its powers in the same way that converting the Enterprise Mortgages

FILED DATE: 9/29/2025 8:26 AM    20231401241

does: it impairs the Conservator's ability to "collect all obligations and money due" to the Enterprises and to "preserve and conserve [the Enterprises'] assets and property." *See* 12 U.S.C. § 4617(b)(2)(B).

HERA does not allow the Enterprises to bear the risk of loss while the Receiver effectively claims superpriority status. Section 4617(f) – and as described below, Section 4617(j)(3) – protects the Enterprise Mortgages from subordination, extinguishment, attachment, garnishment, levy or other action that may affect the Fannie Mae and Freddie Mac lien interests while under FHFA conservatorship. No involuntary lien that might otherwise be granted priority over an Enterprise lien when not in conservatorship – such as the Receiver's superpriority lien under 765 ILCS 605/14.5(d) – can attach to the property interests subject to HERA. No lien can impair the conservatorship's first priority interest in the collateral. *See Berezovsky v. Moniz*, 869 F.3d 923, 929-31 (9th Cir. 2017).

Here, the parties do not currently have sufficient information about the proposed sale to calculate the amount that the Ford City Property's unit owners and lienholders can expect to receive from a sale. However, it is important to note that for HERA purposes, that amount is irrelevant. HERA does not contemplate that the Enterprises and the Conservator should bear any risk that may impact Enterprise losses.[7] In fact, HERA mandates the opposite by requiring FHFA's consent **before** a sale occurs. Whether or not a sale of the Ford City Property would yield a greater or lesser distribution for the Enterprise Mortgages, the decision on consent rests solely with FHFA. *See City of Ranchos Palos Verdes v. Rico*, No. 23TRCV03110, p. 2 (Super. Ct. Los Ang., Cal. Aug. 14, 2024) (even where sale very likely to yield sufficient proceeds to cover all liens, decision to consent to superpriority receiver lien "left entirely to FHFA") (copy attached as Exhibit A).

---

[7] Congress has specifically required that in the disposition of conservatorship assets, losses to the Enterprises must be minimized. *See* 12 U.S.C. § 4617(b)(11)(E)(ii).

FILED DATE: 9/29/2025 8:26 AM     20231401241

FILED DATE: 9/29/2025 8:26 AM    20231401241

**B.      Section 4617(j)(3) Requires FHFA's Consent Before the Court Can Authorize a Sale of the Ford City Property.**

In addition to Section 4617(f)'s bar against any action to restrain or affect the Conservator in the exercise of its powers and functions, the first prong of Section 4617(j)(3) expressly provides that "[n]o property of [an FHFA conservatorship] shall be subject to levy, attachment, garnishment, foreclosure, **or sale** without the consent of [FHFA]." 12 U.S.C. § 4617(j)(3) (emphasis added). Section 4617(j)(3) has been extensively litigated in federal courts, which have uniformly agreed that the protection "applies to **any property** for which [FHFA] serves as conservator." *Berezovsky*, 869 F.3d at 928 (emphasis added). This includes the Enterprise Mortgages.

### i.      The Enterprise Mortgages and Liens Constitute FHFA Property.

As a preliminary matter, the Enterprises' lien interests constitute FHFA property. The scope of property interests protected by Section 4617(j)(3) is broad. *See*, *e.g.*, *Skylights*, 112 F. Supp. 3d at 1153 (noting that Section 4617(j)(3)'s protection "applies to any property for which [FHFA] serves as conservator") (quoting *Berezovsky*, 869 F.3d at 928). Case law confirms that Enterprise mortgage liens while under FHFA conservatorship constitute FHFA property. *See*, *e.g.*, *Berezovsky*, 869 F.3d at 926-27 ("Freddie Mac is under [FHFA] conservatorship, meaning [FHFA] temporarily owns and controls Freddie Mac's assets."); *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1*, 893 F.3d 1136, 1146 (9th Cir. 2018) ("HERA's plain text permits FHFA to 'succeed to' securitized mortgage loans."). *See also*, *e.g.*, *Sutcliffe*, 2023 D.C. Super. LEXIS 4, *9-*10 (treating deed of trust securing loan owned by Fannie Mae as asset to which FHFA succeeded under HERA). Courts have also repeatedly held that mortgage liens constitute property for purposes of 12 U.S.C. § 1825(b)(2), the analogous statute that protects property of the FDIC as receiver. *See*, *e.g.*, *Simon v. Cebrick*, 53 F.3d 17, 20 (3d Cir. 1995) ("[T]he term 'property' in §

13

1825(b)(2) encompasses all forms of interest in property, including mortgages and other liens.").

Thus, the Enterprises' ownership of the Enterprise Mortgages (with the loans and notes they secure) constitute property interests that Section 4617(j)(3) protects while the Enterprises are under FHFA's conservatorship. And while the Enterprises are under FHFA's conservatorship, Section 4617(j)(3) fully protects the Enterprise Mortgages because FHFA has succeeded by law to all of the Enterprises' "rights, titles, powers, and privileges." 12 U.S.C. § 4617(b)(2)(A)(i).

### ii. HERA Bars the Sale of FHFA Property Without the FHFA's Consent.

The statutory language of HERA unquestionably bars the sale of FHFA's property without consent. *See* 12 U.S.C. § 4617(j)(3); *Skylights*, 112 F. Supp. 2d at 1153 ("[S]ection 4617(j) bars the extinguishment of liens held by FHFA in conservatorship without its consent."). **Importantly, any sale of the Ford City Property without FHFA's express consent will be <u>void as a matter of law</u>.** *See CAP Holdings v. Lorden*, 790 F.3d 599, 604 (5th Cir. 2015) (interpreting analogous statutory provision that protects the property of the FDIC as receiver to conclude that a "sale conducted in violation of § 1825(b)(2)" – there, a sale arising from a tax lien – "is void *in its entirety*") (emphasis in original). *See also Sutcliffe*, 2023 D.C. Super. LEXIS 4, *8; *Berg*, 2024 D.C. Super. LEXIS 35, *17; *Alvin Gross Dev.*, 2024 D.C. Super. LEXIS 12, *11; *Billups*, 2023 D.C. Super. LEXIS 15, *11-*12; *Moore*, 2023 D.C. Super. LEXIS 8, *13.

Relatedly, under Section 4617(j)(3) the default rule assumes that FHFA does **not** consent absent its affirmative consent. "[T]he statutory language cloaks [FHFA] property with Congressional protection unless or until [FHFA] actively relinquishes it." *Berezovsky*, 869 F.3d at 929 (Section 4617(j)(3) "does not require [FHFA] to actively resist foreclosure."). FHFA has not consented affirmatively to any sale of the Ford City Property.[8] At bottom, Section 4617(j)(3)

---

[8] The Shellpoint Defendants have been advised that FHFA remains open to proposals from the City or the Receiver that would allow this matter to proceed consistent with FHFA's federally protected rights

FILED DATE: 9/29/2025 8:26 AM    20231401241

prohibits any sale of the Ford City Property, and any such sale would be void as a matter of law. *See CAP Holdings*, 790 F.3d at 604; *Wells Fargo Bank*, 2023 D.C. Super. LEXIS 4, *8.

### C.   HERA Preempts Illinois State Law to the Contrary.

"Article VI of the Constitution provides that the laws on the United States 'shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." *Fifth Third Bank v. CSX*, 415 F.3d 741, 745 (7th Cir. 2005). Preemption can be express or implied. *Id.* Express preemption occurs where Congress "expressly displace[s] state or local law in any given field." *City of Chicago*, 962 F. Supp. 2d at 1056. Implied preemption has two types: field preemption and conflict preemption. *Id.* at 1057.

#### i.   Express Preemption

Express preemption applies here because HERA's grant of powers, privileges, and exemptions manifests Congress's unambiguous intent to displace state law that would allow the Court to exercise equitable authority to accomplish what HERA forbids – restraining or affecting FHFA's federal powers to "preserve and conserve" Fannie Mae's "assets and property" and "collect all obligations and money due" Fannie Mae. *See* 12 U.S.C. § 4617(f); 12 U.S.C. § 4617(b)(2)(B), (D). *See also* 12 U.S.C. § 4617(a)(7).

Importantly, Section 4617(a)(7) is to the point that Congress intended that state law must give way to conservator powers. "Section 4617(a)(7) of HERA provides that '[w]hen acting as conservator or receiver, [FHFA] shall not be subject to the direction or supervision of . . . any State in the exercise of the rights, powers, and privileges of [FHFA].'" *City of Chicago*, 962 F. Supp. 2d at 1056 (quoting 12 U.S.C. § 4617(a)(7)). The Northern District of Illinois found in *City of Chicago* that Section 4617(a)(7) did not expressly preempt municipal ordinances based on HERA's

---

including the priority status of the Enterprise liens at issue. However, the relief the City and its receiver currently seek violate federal law.

FILED DATE: 9/29/2025 8:26 AM    20231401241

definition of State, but here there is no question that state law, not a municipal ordinance, is at issue here – meaning that express federal preemption applies. *Id.* at 1056-57. *See also FHFA v. City of Ansonia*, 549 F. Supp. 3d 242, 248 (D. Conn. 2021) (HERA preempted anti-blight program in part because program "rest[ed] entirely on a *state* statute") (emphasis in original).

Moreover, HERA expressly provides that "no court may take any action to restrain or affect the exercise of powers or functions of [FHFA] as a conservator," and that "[n]o property of [FHFA] shall be subject to . . . sale without the consent of [FHFA]." 12 U.S.C. § 4617(f), (j)(3).

HERA thereby expressly preempts provisions in the Distressed Condominium Property Act that allow this Court to "take any action to restrain or affect the exercise of [FHFA's] powers or functions" or "subject [FHFA property]", such as provisions allowing the Court to convert the nature of mortgage liens owned by Fannie Mae and Freddie Mac or to appoint a receiver to sell property that secures loans owned by Fannie Mae or Freddie Mac. *See* 765 ILCS 605/14.5(c)(2)(D), (d).

### ii.    Implied Field Preemption

Implied field preemption "arises when the federal regulatory scheme is so pervasive or the federal interest so dominant that it may be inferred that Congress intended to occupy the entire legislative field." *City of Chicago*, 962 F. Supp. 2d at 1057 (quoting *Planned Parenthood of Ind. v. Ind. State Dept. of Health*, 699 F.3d 962, 984 (7th Cir. 2012)). Notably, the Northern District has already agreed with FHFA against the City of Chicago that "HERA occupies the field with regard to the supervision and regulation of Fannie Mae and Freddie Mac." *City of Chicago*, 962 F. Supp. 2d at 1057. Examining a municipal ordinance requiring registration of vacant buildings, the court in *City of Chicago* found that "the overall goal of HERA was to preserve the assets of Fannie Mae and Freddie Mac," and that this was "a field into which the City of Chicago may not

16

FILED DATE: 9/29/2025 8:26 AM    20231401241

encroach." *Id.* at 1060.

### iii. Implied Conflict Preemption

Implied conflict preemption can arise when compliance with both state and federal law is impossible. *City of Chicago*, 962 F. Supp. 2d at 1057. Here, compliance with both HERA and the Distressed Condominium Property Act is impossible, because as already shown above, the Distressed Condominium Property Act permits the exact outcomes that HERA prohibits.

Implied conflict preemption can also arise when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* at 1057 (internal quotations omitted). Congress intended for FHFA to have broad authority to protect the Enterprises' assets and property, as evidenced in part by Section 4617(j)(3)'s title, "Property Protection," and Section 4617(b)(11)(E)'s mandate that FHFA maximize "the net present value return from the sale or disposition" of the Enterprises' assets and minimize "the amount of any loss realized in the resolution of cases." 12 U.S.C. § 4617(b)(11)(E), (j)(3). And the U.S. Supreme Court has made clear that HERA grants FHFA "expansive authority in its role as conservator." *Collins*, 141 S. Ct. at 1776. Affecting the Enterprises' liens in any way stands as an obstacle to the accomplishment and execution of Congress's objectives in enacting HERA by diminishing FHFA's authority to preserve and conserve Fannie Mae's assets and property and collect all obligations due Fannie Mae. *See* 12 U.S.C. § 4617(f), (b)(2)(B), (D).

### D. This Court Cannot Weigh Public Policy.

As a final note, the Shellpoint Defendants acknowledge the City's legitimate policy interest in remediating property that does not comply with its municipal building codes or exhibits other alleged hazards. However, as noted above, Congress also has a legitimate policy interest in protecting the nationwide residential mortgage market and the Enterprises that help expand home

ownership for moderate to low-income families. *See Hager*, 812 F. Supp. 2d at 1216.

Ultimately, these types of policy arguments "are properly addressed to the legislature rather than th[e] court." *Roselle Police Pension Bd. v. Vill. of Roselle*, 232 Ill.2d 546, 557 (2009). The Illinois Supreme Court has long recognized that Illinois courts "do not sit as a super legislature to weigh the wisdom of legislation nor to decide whether the policy which it expresses offends the public welfare." *Id.* (internal quotations omitted). *See also Hernandez v. Lifeline Ambulance*, 2020 IL 124610, ¶ 113 (courts are "not tasked with evaluating and setting public policy; that job is reserved for our duly elected legislature").

The United States Congress weighed the importance of Fannie Mae and Freddie Mac as "the backbone of the U.S. residential-mortgage market" (*Jacobs*, 908 F.3d at 887), and it determined that they were "vital for the Nation's economic health." *Perry Capital*, 864 F.3d at 598. To protect the public policy objectives that Fannie Mae and Freddie Mac served – and continue to serve – Congress passed HERA, which "broadly empower[ed] [FHFA]" to perform its role as Conservator while "disempower[ing] courts" from interfering. *Roberts*, 889 F.3d at 400. Both the City and this Court must follow that Congressional mandate even if they may prefer a different result.

## V.    CONCLUSION

For all these reasons, the Shellpoint Defendants respectfully object to any order converting the Enterprise Mortgages or authorizing the sale of the Ford City Property.

FILED DATE: 9/29/2025 8:26 AM   20231401241

Respectfully submitted,

/s/ Kevin M. Hudspeth
Kevin M. Hudspeth
DINSMORE & SHOHL LLP
Cook County Attorney Code 58012
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Tel:  (513) 977-8461
Fax:  (513) 977-8141
Email: kevin.hudspeth@dinsmore.com
*Attorneys for Defendants Newrez LLC d/b/a
Shellpoint Mortgage Servicing, Mortgage
Electronic Registration Systems, Inc., as
Mortgagee, as Nominee for Green Tree
Servicing LLC, Its Successors and Assigns,
and Mortgage Electronic Registration
Systems, Inc., as Mortgagee, as Nominee for
American Brokers Conduit, Its Successors
and Assigns*

## CERTIFICATE OF SERVICE

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that before **5:00 p.m.** on **September 29, 2025**, a true and accurate copy of the foregoing was served pursuant to Ill. Sup. Ct. R. 11(c)(1)(ii) via email initiated by the undersigned to the email address of each party identified below, or pursuant to Ill. Sup. Ct. R. 11(c)(2)(ii) by depositing the document in a United States post off box in Cincinnati, Ohio, enclosed in an envelope to the address of each party identified below, with postage fully prepaid, or by delivery of the documents through a third-party commercial carrier to the address of each party identified below, with delivery charge fully prepaid.

See attached Service List.

/s/ Jenna Gerstle
Jenna Gerstle

## SERVICE LIST

BMO Harris N.A.
Egan & Alaily LLC
clerk@ea-atty.com

BMO Bank N.A.
Egan & Alaily LLC
clerk@ea-atty.com

Midland Federal Savings & Loan Association
As Trustee of Trust No. 1484
Michael J. Goldstein & Associates
mjg@mjglaw.com

JP Morgan Chase Bank, N.A.
Burke Warren macKay & Seritella, PC
sshifrin@burkelaw.com

First American Bank
Martin D. Tasch
pleadingmdt@momkus.com
mtasch@momkus.com

Countrywide Home Loans, Inc.
Nationstar Mortgage, LLC
Dykema Gossett PLLC
ksimpson@dykema.com

The Huntington National Bank
Weltman, Weinberg & Reis Co., L.P.A.
chicks@weltman.com
chicagolaw@weltman.com

Julius A. Hannon II
Bil Boguslaw
Anthony J. Peraica & Associates, Ltd.
support@peraica.com

DLJ Mortgage Capital, Inc.
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

Mortgage Electronic Registration Systems,

City of Chicago
greg.janes@cityofchicago.org
john.slagle@cityofchicago.org

John Suzuki
Collateral Trustee Inc.
suzuki@collateraltrustee.com

Christopher Russell
cruss65@gmail.com

Karen Russell
the2russells@yahoo.com

Irena Bagdady
irenabagdady@gmail.com
bryan@celsinfo.com

Joanna Stallworth-Lillybridge
joannastallworth@hotmail.com

Mayowa Okobie
mfourj@yahoo.com

Michael Rzasa
mik232323@hotmail.com
mr4134@comcast.net

Minerva Orduno
minervaorduno78@gmail.com

Myron Coleman
myroncole02@gmail.com

Pauline Prater
sheabprater@gmail.com

Shirley Ann Waheed
shirley.waheed1621@yahoo.com

Toni Green
Alicia Green
Michael Green
tonigreen123456@gmail.com

FILED DATE: 9/29/2025 8:26 AM  20231401241

Inc.
Citibank, NA
CitiMortgage, Inc.
Citibank, FSB
Heavner, Beyers & Mihlar LLC
sarahstack@hsbattys.com

The Bank of New York Mellon, Successor to
the Bank of New York, Not In Its Individual
Capacity But Solely As Trustee on Behalf of
the Holders of the CIT Mortgage Loan Trust,
2007-1 Asset-Backed Certificates, Series
2007-1
Smith & Weik, LLC
csmith@smithweiklaw.com

Gregory LaPapa
Mitchell F. Asher
mickey@mitchellasher.com

Federal Home Loan Mortgage Corporation, as
Trustee for the Benefit of the Freddie Mac
Seasoned Loans Structured Transaction Trust,
Series 2019-3
Smith & Weik, LLC
csmith@smithweiklaw.com

Wilmington Savings Fund Society, FSB Not
In Its Individual Capacity But Solely as
Indenture Trustee for CIM Trust 2023-R3
Mortgage-Backed Notes, Series 2023-R3
Smith & Weik, LLC
csmith@smithweiklaw.com

The Bank of New York Mellon, as Trustee for
The Bear Stearns Asset Backed Securities
Trust 2002-2, Asset Backed Certificates,
Series 2002-2
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

Deutsche Bank National Trust Company, as
Trustee, in Trust for Registered Holders of

Winston McKoy
winston-mckoy@yahoo.com

Erica Salinas
angelsmusic@att.net

Sabine Desir
sdesir1@yahoo.com

Maureen Zopf POA for Edward Coleman
mozopf@att.net

Rodolfo Chavez
chavez8705@gmail.com

Samantha Bates dba The Road to
Righteousness Foundation Inc.
road2righteousness@yahoo.com

Thelma Swims
tswims550@gmail.com

Ahmad Nur
ahmad.a.nur@gmail.com

Bruce Lance II
bunki4280@cox.net

Gabriela/Abraham Santamaria
soyimagen@gmail.com

Hatuey McKoy
hatuey_mckoy@yahoo.com

Hilda M. Zmora
zmorah@yahoo.com

Irene Jones
treasashaw1959@gmail.com

Javier Urbina
jurbinaazul3@gmail.com

FILED DATE: 9/29/2025 8:26 AM    20231401241

FILED DATE: 9/29/2025 8:26 AM    20231401241

Long Beach Mortgage Loan Trust 2005-2
Asset-Backed Certificates, Series 2005-2
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

U.S. Bank National Association, as Trustee
Successor in Interest to Bank of America, as
Trustee for Structured Asset Investment Loan
Trust Mortgage Pass-Through Certificates,
Series 2004-7
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

Forethought Life Insurance Company
Smith & Weik, LLC
csmith@smithweiklaw.com

Ford City Condominium Association
Burke Warren macKay & Seritella, PC
jstevens@burkelaw.com

Citibank, N.A., as Successor by Merger to
Citibank, F.S.B.,
CitiMortgage, Inc.
robert.brunner@bclplaw.com

Zofia Modrzejewska
Desiree Sanchez
Roberta Sweeper
Ziad H. Al Khatib
Carla M. Davis
Hector Botello
Maria E. Rodriguez Ramos
Ina Wise
Juan Carlos Camarena
Antony J. Peraica & Associates, Ltd
support@peraica.com

Manna Property Investment LLC
Zac Law PC
az@zaclawpc.com

Joyce Lance
bunki4280@cox.net

Diane Devroe
ladydiscakes@aol.com

Diane L. Todd
dianet0545@att.net

Gregory Castile
g_castile@yahoo.com

Lorene Mims
quianasowell@aol.com

Louis Hemmerich
lewhemm@aol.com

Manuela D. Tayolor-Williams
ladydi0802@gmail.com

Takada Dixon
takadaepps@gmail.com

Aleem Waheed
aw7153090@gmail.com

Brenda J. Allen-Ballard
4350 W. Ford City Drive, Unit 506
Chicago, Illinois 60652

FILED DATE: 9/29/2025 8:26 AM   20231401241



Exhibit A

FILED DATE: 9/29/2025 8:26 AM  20231401241

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/14/2024 1:43 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Nava, Deputy Clerk

1  MARK S. ADAMS, SBN 68300
   California Receivership Group
2  3435 Ocean Park Blvd., Suite 107
   Santa Monica, CA 90405
3  Tel. (310) 471-8181
   Fax (310) 471-8180
4  madams@calreceivers.com
   Court-Appointed Receiver
5

6          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7      **COUNTY OF LOS ANGELES, SOUTHWEST DISTRICT – TORRANCE**

8

| | |
|---|---|
| 9  PEOPLE OF THE STATE OF CALIFORNIA ex rel. WILLIAM WYNDER, City Attorney for the City of Rancho Palos Verdes, and CITY OF RANCHOS PALOS VERDES, a general law city, | Case No. 23TRCV03110 |
| | **NOTICE OF RULING AND NOTICE OF HEARING** |
| 11                    Plaintiff, | Judge: Hon. Douglas W. Stern Dept.: B |
| 12         v. | Hearing: |
| 13  JOHN STEPHEN RICO, an individual, and DOES 1-10, inclusive, | Date: August 20, 2024 Time: 1:30 p.m. |
| 14                  Defendant. | |
| 15  COMMUNITY MORTGAGE FUNDING, LLC; COUNTY OF LOS ANGELES DEPARTMENT OF CHILD SUPPORT SERVICES; STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT, and ROES 1-10, inclusive, | |
| 19              Real Parties in Interest. | |

21     **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22          PLEASE TAKE NOTICE that on August 14, 2024 at 10:30 a.m., the Court held a

23  hearing on California Receivership Group's ("Receiver") First Report of Receiver and request to

24  increase the existing Super-priority Certificate ("First Report"). Having considered the

25  Receiver's First Report and supporting papers, and the arguments of counsel, the Court adopted

26  its tentative ruling hereto attached.

27  ///

28  ///

-1-
**NOTICE OF RULING AND NOTICE OF HEARING**

FILED DATE: 9/29/2025 8:26 AM  20231401241

1   PLEASE TAKE FURTHER NOTICE that a further hearing has been set for August 20,

2   2024 at 1:30 p.m. in Department B of Los Angeles Superior Court - Torrance Courthouse,

3   located at 825 Maple Ave., Torrance, CA 90503, with Judge Hon. Douglas W. Stern presiding.

4

5   Executed this 14th day of August, 2024, in Santa Monica, California.

6

7

8   Mark Adams, President
    California Receivership Group

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF RULING AND NOTICE OF HEARING**

FILED DATE: 9/29/2025 8:26 AM    20231401241

**DEPARTMENT B LAW AND MOTION RULINGS**

---

**Case Number:** 23TRCV03110    **Hearing Date:** August 14, 2024    **Dept:** B

**PEOPLE OF THE STATE OF CALIFORNIA** ex rel. WILLIAM WYNDER, City Attorney for the City of Rancho Palos Verdes, and **CITY OF RANCHOS PALOS VERDES**, a general law city, Plaintiff v. **JOHN STEPHEN RICO**, an individual, and DOES 1-10, inclusive, Defendant;

**COMMUNITY MORTGAGE FUNDING, LLC,; COUNTY OF LOS ANGELES DEPARTMENT OF CHILD SUPPORT SERVICES; STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT**, and ROES 1-10, inclusive, Real Parties in Interest

Case No.  23TRCV03110

**The Health and Safety Problem at 2105 Noble View**

This action was commenced by Plaintiff City of Rancho Palos Verdes to abate a public health and safety nuisance at the real property located at 2105 Noble View Dr., Rancho Palos Verdes, California ("2015 Noble View"). Defendant John Stephen Rico is the owner of that property. Community Mortgage Funding, LLC is the servicer on a loan and Deed of Trust dated June 28, 2012 in the face amount of $252,600. Intervenor Federal Housing Finance Agency ("FHFA"), as the conservator for Fannie Mae, pursuant to an act of Congress, is the owner of the debt evidenced by the June 28, 2012 Deed of Trust which is serviced by Community Mortgage Funding, LLC.

On January 26, 2024 Plaintiff filed a Petition for Appointment of Receiver and Requiring Reimbursements Pursuant to Health & Safety Code §§ 17980 *et seq.* Plaintiff sought the appointment of California Receivership Group, Inc. and Mark Adams as a Receiver in order to remediate the substantial problems with 2105 Noble View.  On April 17, 2024 this Court granted the application for the appointment of the Receiver. Among other things, this Court's Order provided in paragraphs 3.G. and 3.H. that the Receiver had the power to:

"G. To borrow funds as necessary to pay for the cost of the rehabilitation work, relocation benefits, design and engineering work, permits, property management and maintenance, taxes, insurance, legal fees, receiver's fees and interim fees, and other costs of the Receivership, and to secure that debt with a recorded first priority lien on the Property for the amount borrowed. As allowed by Health and Safety Code § 17980.7, **the Receiver may also record at the County Recorder's Office a first lien (also known as Receiver's Certificate of Indebtedness) on the Property that shall have super priority as to any preexisting private lien(s) and encumbrance(s)**, except against federal, state, and county tax lien(s), for any monies owed to the Receiver for the estimated costs of operating the receivership, including receiver's fees and costs advanced or expended by the Receiver for the purposes authorized by this order or subsequent orders issued in this action.

H. **To issue and record Receiver's Certificates of Indebtedness and/or a Deed of Trust against the Property to evidence and secure the above debt, which shall become a first lien on the Property with super-priority over all preexisting private liens and encumbrances,** except for federal, state, and county tax liens. The Receiver's Certificate shall be issued for such amounts and for such items as the Court may hereafter expressly authorize, upon notice and after hearing as herein provided. The debt evidenced by said Certificates shall be due and payable upon the completion of the Receiver's duties hereunder with respect to the rehabilitation of the Property and, if applicable, the issuance of a Certificate of Occupancy by the City of Rancho Palos Verdes. If at the time this debt is not satisfied, the Receiver or the holder of the Certificate may apply to this Court on notice and hearing to sell the Property pursuant to the California Code of Civil Procedure § 568.5 free and clear of subordinate liens and encumbrances." (Bold added.)

The Receiver was granted the authority in paragraph 7 of the Order to issue a Certificate of Indebtedness with super-priority in the amount of $30,000.

On May 23, 2024 the Receiver filed his First Report of Receiver; etc. The Report detailed the dangers and substantial deficiencies at 2105 Noble View, and requested that the Court increase the amount that the Receiver was authorized to borrow with a super-priority by $644,712, to a total of $674,712.

In the Report the Receiver detailed the authority of this Court to grant the super-priority under California state law. The Court agrees that as a matter of California law, it has the authority to grant a super-priority in this case. That is, unless federal law precludes such action. And it does.

**The Objection of Community Mortgage and Intervenor Federal Housing Finance Agency**

On July 25, 2024 Defendant Community Mortgage Funding, LLC and Intervenor FHFA jointly filed their Objection to the Receiver's First Report. They objected to this Court granting a super-priority on the basis that this Court lacked the power to do so as a result of the federal Housing and Economic Recovery Act of 2008 ("HERA"). Objectors contend that 12 USC §4617(f) and 12 USC § 4617(j)(3) preclude this Court from granting this encumbrance against 2105 Noble View. They argue that as the supreme law of the land, the two statutes do not allow this Court to exercise the state law power to allow the Receiver to create a super-priority lien as FHFA is protected by these statutes.

Intervenor FHFA is the conservator for Fannie Mae. It has succeeded to the rights and interest of Fanny Mae as a result. Fannie Mae held the debt created by the June 28, 2012 Deed of Trust. The debt was originally in the principal amount of $252,600. According to the schedule attached to the declaration of Robert Morgan, the debt had been reduced to $194,496.67 as of April 2022. The schedule does not show any reduction in the balance owed after that date. Nor does it reflect any increase resulting from accrued interest or other amounts that would undoubtedly have increased the outstanding balance on the debt. At present, the existing debt held by FHFA is in the range of approximately $220,000.

The Court agrees with FHFA that both 12 USC §4617(f) and 12 USC § 4617(j)(3) preclude this Court from granting the Receiver the ability to create a super-priority lien as the statutes are the supreme law of the land and limit this Court's authority to grant such a lien.

Of particular value is *Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 604-606 (D.C. Cir. 2017). In that decision the court noted the "Recovery Act's far-reaching limitation on judicial review." It observed that "Congress was explicit in Section 4617(f) that "no court" can take "any action" that would "restrain or affect" FHFA's exercise of its "powers or functions * * * as a conservator or a receiver." 12 U.S.C. § 4617(f)." At 604. Drawing on the interpretation of the "nearly identical statutory limitation on judicial review in [section 1821(j) of] the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA")" the court held that:

> "The rationale of those decisions applies with equal force to Section 4617(f)'s indistinguishable operative language. The plain statutory text draws a sharp line in the sand against litigative interference—through judicial injunctions, declaratory judgments, or other equitable relief—with FHFA's statutorily permitted actions as conservator or receiver. And, as with FIRREA, Congress adopted Section 4617(f) to protect FHFA as it addressed a critical aspect of one of the greatest financial crises in the Nation's modern history." At 606.

So too, section 4617(j)(3) precludes this Court from granting a super-priority for debt created by the Receiver.

> "No property of [an FHFA conservatorship] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]."

The Receiver-created lien would be an "involuntary lien." To the extent that it has a super-priority, it impacts the property interest of FHFA. (See *Reverse Mortgage Solutions, Inc. Moore*, (No. 2014-CA-07660-R(RP), 2023 WL 3975088, at *4 (D.C. Super. Ct. Jun. 7, 2023). It does not matter that there may be adequate equity to cover both the super-priority debt sought and the debt held by FHFA.

The Receiver argues that that this Court should construe section 4617(j)(3) as not precluding the creation of the lien, but only the enforcement of a remedy such as foreclosure to collect the lien created by the super-priority. Such an interpretation is far too narrow. First, the statute precludes the creation of an involuntary lien. Thus, it does not limit itself to actions to obtain the benefit of the lien, such as foreclosure or sale. Nor would it make sense to construe the statute so narrowly. What would be the value of a lien if there was no right to move against the property secured by the lien? Indeed, it is difficult to believe that any lender, understanding that enforcement against the property is precluded, would be willing to make a loan and obtain a "lien" that could not be enforced by foreclosure or other sale mechanism. (Is a "lien" that can not be enforced against the property securing the "lien" even really a lien?)

**Equity is Irrelevant to the Analysis**

The Court recognizes that the FHFA debt is a small fraction of the likely value of 2105 Noble View. In fact, were the Court to grant the Receiver's request to allow up to $675,000 of new, super-priority debt, the total debt on that property would very likely still result in there being net equity such that all debt could be satisfied by any foreclosure. However, this Court is not empowered to conduct such an analysis and then decide that FHFA should have to suffer the new lien on 2105 Noble View. The prohibition created by the cited statutes makes such inquiry improper. Congress has chosen to insulate FHFA from interference by the Court. In short, the determination is left entirely to FHFA to make the call. FHFA, but not the Court, is entitled to determine if it desires to make an arrangement impacting its property interest in 2105 Nobel View.

The Receiver notes that:

> "in its current physical condition as well as its regulatory condition due to the City's enforcement actions, the Property has a considerably depreciated value. But with the requested Court-approved funding, the Receiver will increase the value far more than the cost of the remediation."

While the Court appreciates this argument, the Court is not entitled under the statutes to make its own evaluation and displace the discretionary decision of FHFA regarding what is in its best interest to protect its property interest. No doubt the present situation is untenable. The property is in a very distressed condition. It is a health and safety hazard. But the statutes preclude this Court from imposing a new lien without the consent of FHFA.

**FHFA and Community Mortgage Funding have not Waived their Right to Assert the Statutes, Nor is their Objection Untimely**

The Receiver argues that the objectors have both waived their right to assert the benefit of the statutes and that their objection is untimely. The Court disagrees. The above quoted statutes show a clear legislative choice to preclude this Court from entertaining such arguments. Congress has simply removed from this Court the ability to exercise its general equitable powers or otherwise interfere with the exercise of the discretion of FHFA to determine how best to protect its property interest.

The Receiver contends that the objections are untimely. The Court disagrees. Even if the Court were to deem the objection untimely as to the initial request for authority to create a super-priority of $30,000, the Court cannot construe the failure to object to that $30,000 super-

FILED DATE: 9/29/2025 8:26 AM    20231401241

priority lien as constituting a waiver to the Receiver's request to create a super-priority lien for an additional $644,000. Objectors timely responded to the request to increase the lien over 20 times the original request.

More importantly, the Court construes the statutes as precluding this Court from interfering with the discretion of FHFA regarding its decision as to what is in its best interest with respect to the debt it holds.

**The Failure of FHFA to have Acted to Remediate the Blight is Irrelevant to the Analysis**

The Receiver suggests that objectors have been derelict in their duty in allowing 2105 Nobel View to fall into disrepair for such an extended period of time without them having taken steps to either foreclose or remediate the health and safety concerns. (The foreclosure has been impacted by Defendant Rico's bankruptcy filing.) No doubt it is unfortunate that 2105 Noble View is in its present distressed condition. The Receiver has identified significant dangers and deficiencies that need to be addressed at this time. The problems found by the Receiver are significant.

That said, the federal statutes still preclude this Court from taking the action requested by the Receiver.

**ORDER:**

Based upon the foregoing, the Court DENIES the request of the Receiver that the Court increase the existing super-priority Certificate by $644,712.

The Court orders the parties to meet and confer in an effort to reach an agreement that may allow the Receiver to proceed with the necessary remediation efforts. Given what has been represented to this Court as the likely value of 2105 Noble View, the existing debt held by FHFA and the amount necessary to remediate the property, the Court hopes that the parties are capable of reaching an agreement that will allow the remediation to move forward in a timely manner.

FILED DATE: 9/29/2025 8:26 AM   20231401241

FILED DATE: 9/29/2025 8:26 AM 20231401241

## PROOF OF SERVICE
### F.R.C.P. 5 / C.C.P. 1013a (3) / Rules of Court, Rule 2060

I am a resident of, or employed in the County of Los Angeles, State of California. I am over the age of 18 years old and not a party to the within action. My business address is 3435 Ocean Park Blvd., Suite 107, Santa Monica, California 90405.

On **August 14, 2024**, I served the following listed document(s), by method indicated below, on the parties in this action: **Notice of Ruling and Notice of Hearing**

### ***SEE ATTACHED SERVICE LIST***

☐ **BY U.S. MAIL IF NO EMAIL LISTED**
By placing ☐ the original / X a true copy thereof enclosed in a sealed envelope(s), with postage prepaid, addressed as per the attached service list, for collection and mailings at Palmdale, California following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of the document for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day in the ordinary course of business. I am aware that upon motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in this affidavit.

☐ **BY ELECTRONIC SERVICE**
**(via electronic filing service provider)**
By electronically transmitting the document(s) listed above to LexisNexis File and Serve, an electronic filing service provider, at www.fileandserve.lexisnexis.com pursuant to the Court's _____ Order mandating electronic service. *See* Cal.R.Ct.R. 2053, 2055, 2060. The transmission was reported as complete and without error.

☐ **BY OVERNIGHT DELIVERY**
By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to received documents.

X **BY ELECTRONIC SERVICE**
**(to individual person)**
By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list. The transmission was reported as complete and without error. *See* Rules of Court, rule 2.251.

☐ **BY PERSONAL SERVICE**
☐By personally delivering the document(s) listed above to the offices at the addressee(s) as shown on the attached service list.

☐By placing the document(s) listed above in a sealed envelope(s) and instructing a registered process server to personally deliver the envelope(s) to the offices at the address(es) set forth on the attached service list. The signed proof of service by the registered process server is attached.

☐ **BY FACSIMILE**
By transmitting the document(s) listed above from Mark Adams, Esq., facsimile (310) 471-8181to the facsimile machine telephone number(s) set forth on the attached service list. Service by facsimile transmission was made pursuant to agreement of the parties, confirmed in writing.

X STATE     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ FEDERAL     I declare under penalty of perjury under the laws of the United States that I am employed in the office of a member of the bar of this court at whose direction the service is made.

Karen Xu
——————————
Type or Print Name

*Karen Xu*
——————————
Signature

**-1-**

**PROOF OF SERVICE**

1

**SERVICE LIST**
*City of Rancho Palos Verdes v. John Stephen Rico*, Case No. 23TRCV03110

2

**Attorneys for Plaintiff, PEOPLE OF THE**
3 **STATE OF CALIFORNIA ex rel.**
**WILLIAM WYNDER, City Attorney for**
4 **the City of Rancho Palos Verdes, and**
**CITY OF RANCHOS PALOS VERDES**
5 Glen E. Tucker
Isaac Young
6 Shukan A. Patel
ALESHIRE & WYNDER, LLP
7 3701 Wilshire Blvd., Suite 725
Los Angeles, California 90010
8 Tel.: (310) 527-6660
Fax: (949) 223-1180
9 gtucker@awattorneys.com
iyoung@awattorneys.com
10 spatel@awattorneys.com
rmoore@awattorneys.com
11

**Defendant JOHN STEPHEN RICO, in pro**
12 **per**
John Stephen Rico
13 2105 Noble View Dr.
Rancho Palos Verdes, CA 90275
14 Tel.: (424)477-7274
jsrico04@yahoo.com
15 jsrico4@gmail.com

16 **Attorneys for Real Party In Interest,**
**Community Mortgage Funding LLC**
17 Seth M. Harris
Michael Alan Wrapp
18 Tiffany & Bosco, PA
1455 Frazee Road, Suite 830
19 San Diego, CA 82108
Tel: (619) 501-3503
20 smh@tblaw.com
maw@tblaw.com
21

**Attorneys for Real Party In Interest,**
22 **County of Los Angeles Department of**
**Child Support Services**
23 Jennifer E. Geysler
Monroy Averbuck & Gysler
24 200 N. Westlake Blvd., Ste. 204
Westlake Village, CA 91362
25 Tel: (818) 400-4812
jennifergysler@gmail.com

26

27

28

**Attorneys for Real Party In Interest, State**
**of California Employment Development**
**Department**
Lisa W. Chao
DOJ - Los Angeles Attorney General
300 S. Spring St., Ste. 1702
Los Angeles, CA 90013
Tel: (213) 269-6239
lisa.chao@doj.ca.gov

**Attorney for Intervenor Federal Housing**
**Finance Agency**
Hannah R. Coleman
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199
hannah.coleman@arnoldporter.com

Michael A.F. Johnson
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel.: (202) 942-5783
michael.johnson@arnoldporter.com

FILED DATE: 9/29/2025 8:26 AM   20231401241

-2-

Filer Selected Hearing Date: No hearing scheduled
Location: <<CourtRoomNumbers>>
Judge: Courtroom, 1109
System Generated Hearing Date: No hearing information was found.
Location: No hearing information was found.
Judge: No hearing information was found.

For updated information about your case, including hearings, subsequent filings
and for case documents visit
and search for your case: https://casesearch.cookcountyclerkofcourt.org

FILED DATE: 9/29/2025 8:26 AM  20231401241

FILED
9/29/2025 8:26 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
20231401241
Courtroom, 1109
34648582

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT – FIRST DISTRICT**

| | |
|---|---|
| **CITY OF CHICAGO,** | ) |
| **Plaintiff,** | ) **Case No. 23 M1 401241** |
| | ) |
| **v.** | ) **Property:** |
| | ) **4260-4350 W. Ford City Drive/** |
| **FORD CITY CONDOMINIUM** | ) **4260-4351 W. 76th Street** |
| **ASSOCIATION,** *et al.*, | ) **Chicago, Illinois 60652** |
| **Defendants.** | ) |

**RESPONSE IN OPPOSITION**
**TO THE CITY'S PETITION FOR CONDOMINIUM DECONVERSION HEARING**
**AND MOTION TO AUTHORIZE THE RECEIVER TO ENTER INTO A SALES**
**CONTRACT AND TRANSFER TITLE ON BEHALF OF THE OWNERS BY THE**
**SHELLPOINT DEFENDANTS AND THE SHELLPOINT DEFENDANTS'**
**MOTION FOR ADDITIONAL RELIEF**

Defendants Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), Mortgage

Electronic Registration Systems, Inc., as Mortgagee, as Nominee for Green Tree Servicing LLC,

Its Successors and Assigns ("MERS for Green Tree"), and Mortgage Electronic Registration

Systems, Inc., as Mortgagee, as Nominee for American Brokers Conduit, Its Successors and

Assigns ("MERS for American Brokers") (Shellpoint, MERS for Green Tree, and MERS for

American Brokers collectively referred to as the "Shellpoint Defendants"[1]), hereby respond in

opposition the Petition for Condominium Deconversion Hearing pursuant to § 765 ILCS

---

[1] As discussed more fully in this Response, the Shellpoint Defendants are the mortgagees of record for certain mortgages serviced by Shellpoint for and on behalf of the Federal National Mortgage Association ("Fannie Mae"). Fannie Mae owns those mortgages and the loans and promissory notes secured by those mortgages, as well as other mortgages, notes, and loans related to the real estate commonly known as 4260-4350 W. Ford City Drive, Chicago, Illinois 60652 ("Ford City Property") serviced by entities other than Shellpoint. The objections and arguments made in this Objection apply equally to all mortgages, mortgage liens, notes, and loans owned by Fannie Mae, as well as all mortgages, mortgage liens, notes, and loans owned by the Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, the "Enterprise Mortgages"). Both Fannie Mae and Freddie Mac remain in federal conservatorships under 12 U.S.C. 4617, which mandates that their interests herein be treated in accordance with federal law.

605/14.5(c)(2) ("Motion to Deconvert") and the Motion to Authorize the Receiver to Enter Into a Sales Contract and Transfer Title On Behalf of the Owners Pursuant to 765 ILCS 605.14(d) ("Motion for Sale") (Motion to Deconvert and Motion for Sale collectively referred to as the "Motions") filed by Plaintiff City of Chicago (the "City"). The Shellpoint Defendants further move for the additional relief stated herein.

## I.     INTRODUCTION

The Illinois Condominium Property Act, 765 ILCS 605/1, *et seq.* ("CPA") creates detailed procedures circumscribing a court's authority with regard to distressed condominium property. *See* 765 ILCS 605/14.5 (the "Act" or the "Distressed Condominium Property Act").[2] Relevant here, the Act requires that before a court can authorize a receiver to sell distressed condominium property, the Court must:

1.     Find that the property is a "distressed condominium property" as defined by the Act (765 ILCS 605/14.5(a)-(b));

2.     "[F]urther find[ ] that the property is not viable as a condominium" **after** written notice of a hearing on the issue has been provided **by personal service or certified mail to all owners and parties in interest** (*Id.*, § 14.5(c)(2));

3.     Make the Act's statutory declarations about the ownership and lien interests in the property in writing, which written declarations must then be recorded in the county's recorder of deeds office and forwarded to the county assessor (*Id.*, § 14.5(c)); and

4.     Conduct another hearing upon motion and **notice given to all owners and other parties in interest by personal service or certified mail** to determine whether to "authorize

---

[2] For clarity, this Response will refer to the Illinois Condominium Property Act as a whole as the "CPA." It will refer to the specific provisions of the CPA detailed in 765 ILCS 605/14.5 as the "Act" or the "Distressed Condominium Property Act."

FILED DATE: 9/29/2025 8:26 AM    20231401241

FILED DATE: 9/29/2025 8:26 AM    20231401241

the receiver to enter into a sales contract and transfer the title of the property" (*Id.*, § 14.5(d)).

Here, the Court has found that "the condo association [i]s a Distressed Condominium as defined by the code" (Ord., 8/25/2018, ¶ 1) – i.e., the Court has at most completed step (1). Any discussion of authorizing a receiver to enter into a sales contract or transfer title of the Ford City Property in this action is premature until steps (2) through (4) have been completed. Further, although perhaps more appropriately raised at steps (3) and (4), the Shellpoint Defendants note that for the reasons summarized below and outlined in more detail in the Shellpoint Defendants' separate Objection to Conversion of Lien Interest or Sale of the Property ("HERA Objection"),[3] the Court cannot make any declaration that converts the mortgage lien interests owned by Fannie Mae and Freddie Mac under subsection (c)(2) of the Act or authorize the sale of the Ford City Property under subsection (d) without the express written consent of the Federal Housing Finance Agency ("FHFA") as required under federal law.

Putting aside governing federal law for planning purposes, as this matter proceeds, the Shellpoint Defendants request that if this Court finds that the Property is not viable as a condominium and appoints a receiver under subsection (c)(2) of the Act,[4] it require the City to post a bond for either the approximate value of the Property or the current proposed purchase price of $6,000,000 pursuant to 735 ILCS 5/2-415(a). The Shellpoint Defendants further request that, before any hearing to authorize the receiver to enter into a sales contract or transfer title of the

---

[3] As discussed below, the Shellpoint Defendants are separately filing their HERA Objection apart from this Response to more fully explain HERA's applicability to this action and the need to secure FHFA's consent before taking any action that affects any mortgages, mortgage liens, promissory notes, or loans owned by Fannie Mae or Freddie Mac. The Shellpoint Defendants further file the HERA Objection separately, because the objections and arguments raised in this Response that do not relate to HERA apply even if the City or the Receiver ultimately secures FHFA's express consent to proceed.

[4] These planning requests are not intended, and should not be construed, as waiving applicable federal law and the requirements that Congress has mandated before any further action can be taken affecting the mortgage lien interests that are subject to the conservatorships of Fannie Mae and Freddie Mac pursuant to 12 U.S.C. 4617.

FILED DATE: 9/29/2025 8:26 AM 20231401241

Property conducted under subsection (d) of the Act, the Court (1) set the receiver's fees for negotiating the sales contract and transferring title of the Property; and (2) require the receiver to provide the information needed for all unit owners and lienholders – including the Shellpoint Defendants – to reasonably estimate the amount they will receive from the proceeds of the proposed sale, including an estimate of its anticipated fees and a proposed distribution of the sale proceeds. The Shellpoint Defendants submit that this information is needed **before** the hearing so all parties – **including the <u>lienholders</u> and the <u>unit owners</u>** – can make an informed decision about whether they should object to the sale and the bases for any objections.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On September 7, 2023, the City filed its Complaint for Equitable and Other Relief ("Complaint") alleging multiple violations of the Chicago Municipal Code present at the Ford City Property – a multi-building residential complex with 319 individual units. The Complaint named as defendants the Ford City Condominium Association ("Association"), the individual unit owners, and other parties with an interest in the individual units. The Shellpoint Defendants are the mortgagees of record for separate mortgages on five of those units. (Aff., ¶¶ 7-11, Gr. Exs. A-E.) Fannie Mae owns those mortgages and mortgage liens and the loans and promissory notes secured by those mortgages and mortgage liens. (*Id.*)

On December 8, 2023, the City filed its Motion to Deconvert along with a Notice of Motion advising that the City would present the Motion to Deconvert on January 22, 2024. The Notice did not indicate that it would seek a hearing on the Motion to Deconvert. (NOM, 12/8/2023.) The City served the Notice and Motion "BY EMAIL and/or at the above address(s) by mailing a copy to said parties." (NOM, 12/8/2023). The Motion to Deconvert requested that the Court:

1.      "Find that [the Ford City Property] is a distressed condominium property

FILED DATE: 9/29/2025 8:26 AM    20231401241

constituting a danger, blight, or nuisance to the surrounding community and the general public;"

2.      "Appoint a General Receiver" endowed with the statutory powers specified in subsection (e) of the Act;

3.      "Find that the [Ford City Property] is not viable as a condominium" and declare that:

i.      the Ford City Property "is no longer a condominium,"

ii.     the Ford City Property "is deemed to be owned in common by each of the unit owners,"

iii.    "the undivided interest in the [Ford City Property] which shall appertain to each unit owner" equal the unit owners' respective percentage of ownership in the Ford City Property's common elements, and

iv.     "any liens affecting any unit shall be deemed to be attached to the undivided interest of the unit owner in the [Ford City Property] as provided herein." (Mot. to Decon., pp. 2-3.)

On January 22, 2024, the Court continued the Motion to Deconvert for status. (Ord., 1/22/2024, ¶ 7). The Court thereafter continued the Motion to Deconvert multiple times to allow the Association to retain an attorney and to allow the residents to (1) weigh the potential benefits and drawbacks to a voluntary deconversion as opposed to the City's requested involuntary deconversion, and (2) determine whether a voluntary deconversion was a viable option. On February 10, 2025, the Court appointed Collateral Trustee, Inc. ("Limited Receiver") as a limited receiver with the authority to develop a plan to market the Ford City Property for sale. (Ord, 2/10/2025.) The Court ordered the Limited Receiver to submit its plan to the Court on or before March 7, 2025, and it continued the City's Motion to Deconvert generally. (*Id.*)

FILED DATE: 9/29/2025 8:26 AM    20231401241

On February 24, 2025, the Court ordered the Limited Receiver to "provide the Court with its plan to market and sell the [Ford City Property] at the next court date," which it set for March 10, 2025. (Ord., 2/24/2025, ¶ 1.) On March 10, 2025, the Court authorized the Limited Receiver "to move forward with the marketing plan it presented to the Court on March 10, 2025 to receive offers to purchase an[ ]area in Chicago, Illinois known as Ford City Condominium Association." (Ord., 3/10/2025.) On July 28, 2025, the Court advised that it was "taking the limited receiver's bid package under advisement" and that "[t]he Court will hold a meeting with the unit owners on July 31, 2025 at 7:00 pm via Zoom to discuss the current bid." (Ord., 7/28/2025, ¶ 1.) The Court continued the City's Motion to Deconvert without setting it for hearing. (*Id.*, ¶ 2.)

On August 4, 2025, the Court "found that the condo[minium] association was a Distressed Condominium as defined by the code" (Ord., 8/18/2025, ¶ 1) and again continued the City's Motion to Deconvert without setting it for hearing (Ord., 8/4/2025, ¶ 4). The Court once more continued the Motion to Deconvert on August 11, 2025 without setting it for hearing. (Ord. 8/11/2025, ¶ 1.) Other than finding that the Association "was a Distressed Condominium," the Court has not yet ruled on the other relief the City sought in its Motion to Deconvert. On August 18, 2025, the Court ordered the Limited Receiver to "file with [the] court a proposed contract to sell the property on or before September 2, 2025," and it advised that "[t]he proposed contract will be discussed at a hearing on September 8, 2025." (Ord., 8/18/2025, ¶ 3.)

On August 19, 2025, the City filed its Motion to Authorize Sale. According to the City's Notice of Motion, the City served the Motion to Authorize Sale "via mail or email." (Not. of Mot., 8/19/2025.) On August 21, 2025, the City filed a Second Amended Complaint for Equitable and Other Relief ("Amended Complaint"). (Am. Comp.) On September 2, 2025, the Limited Receiver filed a redlined copy of a draft of a proposed sales contract setting a possible purchase price at

FILED DATE: 9/29/2025 8:26 AM    20231401241

$6,000,000.[5] On September 8, 2025, the Court granted all parties twenty-one days to file responses to the City's Motions and the City's Amended Complaint. (Ord., 9/8/2025, ¶ 1). The Court ordered that "this cause be continued for case management to October 6, 2025." (*Id.*) (underlining removed). The Shellpoint Defendants now file this Response opposing the City's Motions.

## III. STATUTORY BACKGROUND

### A. The Distressed Condominium Property Act.

The Distressed Condominium Property Act creates the Illinois process by which municipalities can seek specified court action in connection with property that the Act defines as "distressed condominium property." *See* 765 ILCS 605/14.5. Subsection (a) defines "distressed condominium property" as needing to meet two or more stated conditions. *Id.*, § 14.5(a). Subsection (b) requires the municipality to file "a verified petition or verified complaint." *Id.*, § 14.5(b). The municipality must serve all unit owners with summons "as in other civil cases." *Id.* It must provide "[a]ll known other parties in interest" with "written notice and a copy of the petition or complaint either by United States certified mail, return receipt requested . . . or by personal service of the complaint." *Id.* The court must hold an expedited hearing "given precedence over other actions." *Id.*

If the court finds "that the property is a distressed condominium property" during the hearing in subsection (b), it then has two options. The court's first option is to "order the appointment of a receiver for the property with the powers specified in [the Act]," which powers are outlined in subsection (e) and mostly consist of traditional receivership powers. 765 ILCS 605/14.5(c)(1). The court's second option is set forth in subsection (c)(2):

> [T]he court, after a hearing held upon giving notice to all interested parties as provided in subsection (b) **[i.e., by certified mail or personal service]**, may

---

[5] The $6,000,000 proposed purchase is a redlined revision of the draft, and it is not clear whether the Receiver made that revision as a counteroffer or whether the prospective buyer is offering $6,000,000.

appoint a receiver and if the court **further** finds that the property is not viable as a condominium, then the court **may** declare:

(A) that the property is no longer a condominium;

(B) that the property shall be deemed to be owned in common by the unit owners;

(C) that the undivided interest in the property which shall appertain to each unit owner shall be the percentage of undivided interest previously owned by the owner in the common elements; and

(D) that any liens affecting any unit shall be deemed to be attached to the undivided interest of the unit owner in the property as provided herein.

A copy of the court's declaration under paragraph (2) of this subsection (c) shall be recorded by the municipality in the office of the recorder of deeds in the county where the property is located against both the individual units and owners and the general property. The court's declaration shall be forwarded to the county assessor's office in the county where the property is located.

*Id.*, § 14.5(c)(2) (emphasis added).

In other words, if the court finds that the property is distressed condominium property after the hearing in subsection (b), it can appoint an ordinary receiver with traditional powers. *See* 765 ILCS 605/14.5(c)(1), (e). Alternatively, the court can hold an **additional** hearing, again with notice served by certified mail or personal service, to determine whether the property is viable as a condominium. *Id.*, § 14.5(c)(2). If the court "finds that the property is not viable as a condominium," it can choose to make the declarations needed to deconvert the property and reallocate the unit owners and lienholders' interests as outlined in the Act. *Id.* If the court chooses to make those declarations, the municipality must record the written declarations "in the office of the recorder of deeds in the county where the property is located" and forward the written declarations "to the county assessor's office in the county where the property is located. *Id.*

At that point, if the court has found that the property "is subject to paragraph (2) of subsection (c) [*i.e.*, not viable as a condominium]," then the court **may**:

[U]pon a motion filed, notice given to all owners and other parties in interest as

8

provided in subsection (b) **[i.e., by certified mail or personal service]** and those parties having an opportunity to be heard, authorize the receiver to enter into a sales contract and transfer the title of the property on behalf of the owners of the property.

765 ILCS 605/14.5(d) (emphasis added). In other words, **after** the court has found that the property is not viable as a condominium and made the required declarations in subsection (c)(2), then the municipality can file a motion asking the court to authorize the receiver to enter into a sales contract and transfer title to the property. *Id.* The municipality must give notice of that motion by certified mail or personal service to all interested parties, and those parties must then "hav[e] an opportunity to be heard." *Id.*

If the court authorizes the receiver to sell the property after a properly noticed motion and hearing, then:

> [T]he net proceeds of the sale, after payment of all the receiver's costs, time, expenses, and fees as approved by the court, shall be deposited into an escrow account. Proceeds in the escrow account shall be segregated into the respective shares of each unit owner as determined under subparagraph (C) of paragraph (2) of subsection (c) of this Section and shall be distributed from each respective share as follows: (1) to pay taxes attributable to the unit owner; then (2) to pay other liens attributable to the unit owner; and then (3) to pay each unit owner any remaining sums from his or her respective share.

765 ILCS 605/14.5(d). In other words, the receiver pays itself for its court-approved "costs, time, expenses, and fees" from the net sale proceeds and deposits the remaining funds into an escrow account. *Id.* The receiver then separates the funds by unit according to their percentage interest in the former condominium's common areas and pays from those shares the unit's taxes and liens in their order of priority. *Id.* It distributes any remaining funds to the unit owner. *Id.*

## B.     Illustrative Example.

As an example, say that a condominium property has four units: A, B, C, and D. Units A and B each own a 30% undivided interest in the property's common elements. Units C and D each own a 20% undivided interest in the property's common elements. Unit A has an estimated value

FILED DATE: 9/29/2025 8:26 AM    20231401241

of $55,000 and a first mortgage lien securing a mortgage loan with a $40,000 balance. Unit B has an estimated value of $85,000 and a first mortgage lien securing a mortgage loan with a $70,000 balance. Unit C has an estimated value of $75,000 and a first mortgage lien securing a mortgage loan with a $45,000 balance. Unit D has an estimated value of $40,000 and no mortgage.

In the example, the court, after the appropriate hearings, (1) finds that the condominium property is "a distressed condominium property" under subsection (b); (2) appoints a receiver, finds that the property is "not viable as a condominium," and makes the necessary declarations under subsection (c); and (3) authorizes the receiver to enter into a sales contract and transfer title to the property for a sale price of $250,000 under subsection (d). After closing costs and payment of the receiver's court-approved costs, time, expenses, and fees are paid from the $250,000 gross sale price, $200,000 remains. The receiver then places the $200,000 net sale proceeds into an escrow account and segregates the account into the respective shares for each unit in accordance with the Act. *See* 765 ILCS 605/14.5(d).

Those segregated shares would consist of $60,000 for Units A and B and $40,000 for Units C and D based on each units' prior undivided interest in the pre-deconversion common elements (*i.e.*, 30% of $200,000 for Units A and B, and 20% of $200,000 for Units C and D). *Id.* Unit A's share equals $60,000 despite it having an estimated value of only $55,000. Unit B's share equals $60,000 despite it having an estimated value of $85,000. Unit C's share equals $40,000 despite it having an estimated value of $75,000. Unit D's share equals $40,000, but that figure is wholly unrelated to Unit B's estimated value of $40,000. Assuming that none of the units have outstanding real estate taxes or other liens, the receiver would pay each unit's mortgage from that unit's share, and the unit's owner would receive any balance. *Id.*

Thus, under the Act's express statutory language, this example would result in full payment

FILED DATE: 9/29/2025 8:26 AM    20231401241

of the $40,000 first mortgage on Unit A and $20,000 to Unit A's owner. For Unit B, the mortgage holder of the $70,000 first mortgage would receive a partial payment of $60,000, and Unit B's owner would not receive anything. For Unit C, the mortgage holder of the $45,000 first mortgage would receive a partial payment of $40,000, and Unit C's owner would not receive anything. Unit D's owner would receive the full $40,000, because Unit D has no mortgage.

## IV.    ARGUMENT

### A.    The Court Cannot Make the Declarations Under Subsection (c)(2) or Authorize the Sale of the Property Under Subsection (d) Without FHFA's Express Consent.

As noted above, the Shellpoint Defendants are filing their separate HERA Objection to more fully explain HERA's applicability to this action. They adopt and incorporate the HERA objection here into this Response as if fully set forth herein.

In short, Congress passed the Housing and Economic Recovery Act of 2008, Pub. L. No. 110-289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq.* ("HERA") in July of 2008. HERA established the FHFA for the purpose of regulating Fannie Mae and Freddie Mac, among other purposes. FHFA's Director placed Fannie Mae and Freddie Mac into conservatorship and named FHFA as Conservator on September 6, 2008. [6] Under HERA, except in circumstances not relevant here, "no court may take any action to restrain or affect the exercise of powers or functions of [FHFA] as a conservator." 12 U.S.C. § 4617(f). Further, "[n]o property of [FHFA]," which includes the assets of Fannie Mae and Freddie Mac, "shall be subject to levy, attachment, garnishment, foreclosure, or sale" without FHFA's consent. *Id.*, § 4617(j)(3). Moreover, "[w]hen

---

[6] The Court can and should take judicial notice that Fannie Mae and Feddie Mac have been under FHFA conservatorship since 2008. *See* Ill. R. Evid. 201(b) (allowing courts to take judicial notice of facts "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). *See also History of Fannie Mae and Freddie Mac Conservatorships*, FHFA https://www.fhfa.gov/Conservatorship/Pages/History-of-Fannie-Mae--Freddie-Conservatorships.aspx.

FILED DATE: 9/29/2025 8:26 AM    20231401241

acting as a conservator or receiver, [FHFA] shall not be subject to the direction or supervision of . . . any State in the exercise of the rights, powers, and privileged of [FHFA]." *Id.*, § 4617(a)(2).

This Court's authority under the Act to alter the ownership interests of individual unit owners, reallocate mortgage liens owned by Fannie Mae and Freddie Mac, and authorize the Limited Receiver to enter into a sales contract and transfer title of the Ford City Property directly conflicts with HERA. *See* 765 ILCS 605/14.5 (c)(2), (d). Under the Supremacy Clause, federal law under HERA controls over the conflicting provisions of state law under the Distressed Condominium Property Act. *See*, *e.g.*, U.S. Const., art. VI, cl. 2. This Court cannot convert the mortgage liens owned by Fannie Mae and Freddie Mac or authorize the sale of the Ford City Property without FHFA's express consent. And FHFA has not consented.

### B.     The City's Request to Authorize a Sale Is Premature.

The City's Motion to Authorize Sale asks this Court to expand the Limited Receiver's authority "to negotiate a purchase and sale agreement" and to "[a]uthorize the [Limited] Receiver to enter into a sales contract, subject to the Court's approval." (Mot. for Sale, p. 2.) The City's requests are premature and must be reformulated in recognition of HERA .

The Act requires that the Court conduct a hearing on whether the Ford City Property qualifies as distressed condominium property under subsection (a)'s definition, and that the Court then conduct a second hearing – with new notice served by certified mail or personal service – to determine if the Ford City Property "is not viable as a condominium." 765 ILCS 605/14.5(c)(2). Here, the Court has at most only found that the Ford City Property is a distressed condominium property.[7] (Ord., 8/18/2025, ¶ 1.) The City's remaining requests for relief in the Motion to

---

[7] The Shellpoint Defendants note that the Court's Order actually finds that the Association is a "Distressed Condominium," not that the Ford City Property is distressed condominium property. (Ord., 8/18/2025, ¶ 1.) They also note that the City did not initially serve the Motion to Deconvert by certified mail or personal service (Not. of Mot., 12/8/2023), as the Act requires. *See* 765 ILCS 605/14.5(b). The City also never sought

FILED DATE: 9/29/2025 8:26 AM    20231401241

Deconvert remain pending, as shown by the Court's orders twice continuing the Motion to Deconvert after it found, at most, that the Ford City Property qualifies as distressed condominium property. (Ord., 8/4/2025, ¶ 4; Ord., 8/11/2025, ¶ 1.) Even if HERA was not at play, the Court cannot authorize the Limited Receiver to sell the Ford City Property until it holds a second hearing, properly noticed by the City, on whether the Ford City Property is viable as a condominium.[8] *See* 765 ILCS 606/14.5(c)(2), (d).

Relatedly, the Court has not made the declarations allowed under the Act (but not required according to the express statutory language) providing that the Ford City Property is no longer a condominium, that the unit owners now own the Ford City Property in common, that their interests are apportioned by their percentage interest in the former common areas, and that the liens on the former units now attach to that reapportioned interest. *Id.*, § 14.5(c)(2). Notably, the Act requires that if the Court does choose to make these declarations, the City must record the declarations with the Cook County Clerk's Office and forward the declarations to the Cook County Assessor's Office – meaning that the declarations must be in writing. *Id.* Until the Court makes the necessary written declarations under subsection (c)(2), it cannot have a hearing on whether to authorize the Limited Receiver to sell the Ford City Property under subsection (d). *Id.*, § 14.5(c)(2), (d).

---

a hearing on the Motion to Deconvert (*see* Not. of Mot., 12/8/2023), and it did not provide any notice whatsoever – whether by certified mail, personal service, or any other means – that the Court would conduct a hearing under subsection (b) on August 4, 2025. The Court's Order setting the August 4, 2025 date set the matter for case management. (Ord., 7/28/2025.)

[8] The Shellpoint Defendants acknowledge that although the Act's express language strongly suggests that the court must conduct a second hearing, with new notice, on whether the property is viable as a condominium under subsection (c) separate from the first hearing under subsection (b) on whether the property is "distressed condominium property," the language does not specifically state that separate hearings are required. *See* 765 ILCS 605/14.5(c)(2). Nevertheless, for purposes of the City's Motions, the distinction between whether the Act requires a separate hearing does not matter, because the Court has clearly not yet ruled on whether the property is viable as a condominium or made the required declarations, meaning that it must conduct another hearing on these issues regardless. (*See* Ord., 8/4/2025; Ord., 8/11/2025; Ord., 8/18/2025.) The Shellpoint Defendants further note that the Court's September 9, 2025 Order specified that the case was continued to October 6, 2025, for case management, not hearing.

FILED DATE: 9/29/2025 8:26 AM    20231401241

Finally, the Notice of Motion for the City's Motion to Authorize Sale certifies that the City served the motion "via mail or email." (Not. of Mot., 8/19/2025.) The City's Notice of Motion does not comply with the Act, which requires "notice given to all owners and other parties in interest **as provided in subsection (b)**" – meaning "either by United States certified mail, return receipt requested . . . or by personal service." 765 ILCS 605/14.5(b), (d) (emphasis added). The Court cannot properly conduct a hearing on whether to "authorize the [Receiver] to enter into a sales contract and transfer title to the [Ford City Property]" until the City serves notice of its Motion to Authorize Sale in accordance with the statutory requirements in the Act. *Id.*

Importantly, although the Shellpoint Defendants could not find any Illinois case law interpreting the Act's procedural requirements,[9] the General Assembly likely created the process to account, at least in part, for the constitutional due process rights of any party with an interest in a distressed condominium property. If the Act's provisions are not strictly followed, it could open any future sale to legal challenges that may deprive the purchaser of clear title to the Ford City Property. That in turn could potentially expose the Limited Receiver to liability to the unit owners and lienholders, the purchaser at a future sale, or any other party with an interest in the Ford City Property for failing to properly discharge its duties as receiver. *See* 735 ILCS 5/2-415(c). For these reasons alone, even if the City or the Limited Receiver disagree with the Shellpoint Defendants' quotations of the Act's clear procedural requirements, they should still take great care to ensure full compliance with the notification process outlined in the Act.

For all these reasons, this Court should deem the City's Motion to Authorize Sale premature and follow the statutory steps needed to resolve the remaining relief sought in the City's

---

[9] In fact, the only case law that the Shellpoint Defendants could find even referencing the Act is the decision of the bankruptcy court in the Association's bankruptcy to abstain from the City's adversary action. *See City of Chicago v. Ford City Condo. Ass'n*, 653 B.R. 424, 426-29 (N.D. Ill. Bankr. 2023).

FILED DATE: 9/29/2025 8:26 AM    20231401241

Motion to Deconvert, if the Court chooses to do so, before conducting any hearing or ruling on any relief sought in the Motion to Authorize Sale.[10]

**C.     The Shellpoint Defendants – And All Other Parties In Interest, Including The Unit Owners And Lienholders – Need Additional Information to Determine Whether to Object to a Sale.**

The Shellpoint Defendants further object to this Court authorizing a sale before all parties with an interest in the Ford City Property – including unit owners, lienholders, and any other interested party – have the information needed to calculate their approximate distribution from the proposed sale. The Shellpoint Defendants submit that no party in interest, whether unit owner, lienholder, or otherwise, can make an informed decision about whether to object to a proposed sale or the grounds for such an objection until they have the information needed to at least reasonably estimate how much they can expect to receive from the sale.

The Court ordered the Limited Receiver to "file with [the] court a proposed contract to sell the property on or before September 2, 2025." (Ord., 8/18/2025, ¶ 3.) That contract appears to include a proposed purchase price of $6,000,000, although it is not clear from the filings whether that is an offer or counteroffer or whether that figure is subject to further negotiation. In any event, however, the proposed purchase price alone will not provide the unit owners or lienholders (or any other party with an interest) – including the Shellpoint Defendants – with sufficient information to determine whether they should object to the sale. At a minimum, the parties require the estimated "costs, time, expenses, and fees" the Limited Receiver will request from the Court and the anticipated closing costs from the sale. Once armed with that information, the parties should be able to calculate an estimate of what they can expect to receive from a $6,000,000 sale under the

---

[10] However, the Shellpoint Defendants again note that, even if the City complies with the Act's procedural requirements, the Court cannot grant the remaining relief sought in the City's Motion to Deconvert or the future relief requested in the City's Motion to Authorize Sale without FHFA's express consent. *See, e.g.*, 12 U.S.C. § 4617(f), (j)(3).

15

Act's express statutory process as described above.

Further, inasmuch as some of the status conferences have included discussions about ways to distribute the sale proceeds that the Shellpoint Defendants submit do not comply with the Distressed Condominium Property Act, the Limited Receiver should provide an estimate of the amount it anticipates will be segregated for each unit from the net proceeds of the sale under subsection (d). For example, the Shellpoint Defendants have understood prior informal statements made by the Court at status conferences and community association meetings to suggest that the Court may order funds distributed to the Association's bankruptcy trustee before the Limited Receiver segregates the remaining sale proceeds by unit. The Shellpoint Defendants strongly disagree with that position, and if the Limited Receiver anticipates proposing that this Court approve such a distribution, then the Limited Receiver should inform the parties of that **before** they are required to object to a proposed sale.

Notably, the Association does not own the Ford City Property or – to the Shellpoint Defendants' knowledge – any of the units in the Ford City Property. The Association does not even own the common elements of the Ford City Property. The Association at most has lien interests or potential lien interests in individual units based on unpaid assessments. Those are the only interests that could possibly be considered part of the Association's bankruptcy estate.[11] *See* 11 U.S.C. §§ 541, 1115. Those Association's potential lien interests in individual units will be predominantly – if not exclusively – junior to previously recorded first mortgages on each

---

[11] The bankruptcy judge in the Association's bankruptcy already confirmed as much when she abstained from the City's adversary complaint seeking the same relief as the City seeks here, specifically stating that "the condominium property . . . belongs to the unit owners," and "the [Association] does not own the units or the common areas – they belong to the unit owners." *City of Chicago*, 653 B.R. at 426 n.1, 428. The bankruptcy court also noted that "a resolution of whether the [Ford City Property] should be determined to no longer be a condominium will not affect any property of the [Association], but the interests of the individual unit owners." *Id.* at 429.

FILED DATE: 9/29/2025 8:26 AM    20231401241

individual unit. *See* 765 ILCS 605/9(g).

Under the Act, if this Court ultimately finds that the Ford City Property is not viable as a condominium and makes the written declarations required under subsection (c)(2), then the Association's lien interests or potential lien interests will attach "to the undivided interest of the unit owner in the property," which is based on "the percentage of undivided interest previously owned by the owner in the common elements." 765 ILCS 605/14.5(c)(2)(C), (D). The Act requires the Limited Receiver to pay those lien interests and potential lien interests **after** segregating the net proceeds of the sale (minus the Limited Receiver's court-approved "costs, time, expenses, and fees") and in their order of priority on each individual unit. *Id.*, § 14.5(d).

Importantly, **distributing any funds to the Association's bankruptcy estate before segregating the net sale proceeds by unit would harm not only priority lienholders such as the Shellpoint Defendants, but <u>would also harm the unit owners who paid their assessments</u>**. Consider the example about the hypothetical condominium with Units A, B, C, and D discussed above. In the example, the receiver was left with $200,000 after paying closing costs for the sale and the receiver's own fees and expenses. Unit A's owner received $20,000 after the receiver paid the first mortgage on Unit A, and Unit D's owner received $40,000 because Unit D had no mortgage. The owners for Units B and C did not receive any payment from the sale proceeds. Now say that although the owners for Units A and D consistently paid their assessments, Unit B's owner had unpaid assessments for $6,500 and Unit C's owner had unpaid assessments for $3,500.

In the new example where the owners of Units B and C have unpaid assessments, each unit should still have the same segregated share of the net $200,000 sale proceeds under the express statutory language in the Act – *i.e.*, Units A and B should still have a segregated share of $60,000 and Units C and D should still have a segregated share of $40,000. The Act's distribution process

should result in Unit A's owner still receiving $20,000 and Unit D's owner would still receiving $40,000, because the unpaid assessments for Units B and C would be apportioned to the segregated shares for Units B and C, not the segregated shares for Units A and D.

However, if the court ordered the receiver to first pay the outstanding assessments of $10,000 first, then the total amount to divide amongst the units would be $190,000 instead of $200,000, which would necessarily alter the post-sale segregated share for each unit. More specifically, the segregated shares for Units A and B would drop from $60,000 (*i.e.*, 30% of $200,000) to $57,000 (*i.e.*, 30% of $190,000), and the segregated shares for Units C and D would drop from $40,000 (*i.e.*, 20% of $200,000) to $38,000 (*i.e.*, 20% of $190,000). Unit A's $57,000 share would be used to pay the $40,000 first mortgage on Unit A with the remaining $17,000 going to Unit A's owner. Unit B's $57,000 share would be used for a partial payment on the $70,000 first mortgage on Unit B with Unit B's owner still receiving nothing. Unit C's $38,000 share would result in a partial payment on Unit C's $45,000 first mortgage, and Unit C's owner would also still receive nothing. Unit D's owner would receive Unit D's full $38,000 share, because Unit D has no mortgage.

Thus, taking money due to the condominium association off the top would result in the first mortgage on Unit A receiving the same $40,000 payment while the first mortgages on Units B and C receive, respectively, $3,000 and $2,000 less. In other words, the mortgage holders for the mortgages on Units B and C would end up paying for assessment liens that would be junior to their respective first mortgages under Illinois priority law despite the Act itself clearly requiring the receiver to pay liens against each unit from that unit's segregated share under the standard rules of Illinois priority law. *See* 765 ILCS 605/14.5(d).[12]

---

[12] Notably, to the extent that a mortgage represents both a contract and an interest in land (*see U.S. Bank v. Reinish*, 2020 IL App (2d) 190175, ¶ 21; *Chi. Title Land Trust v. Watkin*, 2025 IL App (1st) 241354, ¶ 18),

FILED DATE: 9/29/2025 8:26 AM    20231401241

Further, if the court orders the receiver to pay the $10,000 due to the condominium association first, then Unit A's owner – who consistently paid his assessments – would receive $3,000 less than she would otherwise receive. Likewise, Unit D's owner – who also consistently paid her assessments – would receive $2,000 less. In contrast, the owners for Units B and C – who chose to not pay their assessments – would receive the same amount under each scenario. In other words, **ordering payment to the condominium association (or, here, its bankruptcy estate) before segregating the net proceeds by unit results in the owners for Units A and D picking up the tab for liens or potential liens caused by the owners of Units B and C**. That is **<u>not</u>** what the Act calls for and is in fact contrary to the Act's express terms. *See* 765 ILCS 605/14.5(d).

Here, as it relates to any sale that the Court may consider once the City complies with the procedural requirements of the Distressed Condominium Property Act, the parties do not have enough information to even estimate what they can expect to receive from the possible $6,000,000 offer in the draft sales contract the Limited Receiver filed. However, the parties should know how the Court intends to distribute the sale proceeds – or at least how the Limited Receiver intends to propose distribution of the sale proceeds – **before** the Court holds a hearing so they can determine whether they should object to the sale and the nature of their objections. This information should at a minimum include: (1) the proposed sale price; (2) an estimate of the "costs, time, expenses, and fees" the Limited Receiver anticipates seeking from the Court; and (3) an estimate of the

---

interpreting the Distressed Condominium Property Act as allowing the Court to rewrite the terms of the parties' contracts and Illinois priority law would unconstitutionally impair the Obligation of Contracts and result in a private taking under the Fifth Amendment. *See* U.S. Const. art. I § 10, cl. 10; U.S. Const., Amend. V; *Eagle SPE NV I v. Kiley Ranch Communities*, 5 F. Supp. 3d 1238, 1245 (D. Nev. 2014) (the United States Constitution "limits the power of states to . . . regulate [contracts] between private parties"); *Rumber v. Dist. of Columbia*, 487 F.3d 941, 943-44 (D.C. Cir. 2007) (Fifth Amendment's Takings Clause prohibits all "takings for a private purpose""); *In re Persky*, 134 B.R. 81, 101 (E.D. N.Y. Bankr. 1991) (sale of non-debtor spouse's rights in property was an unconstitutional "taking of private property for private purposes"). Illinois courts "must interpret statutes, if possible, to preserve their constitutionality." *People v. Harris*, 2023 IL App (2d) 210697, ¶ 41.

proposed amount to be segregated to each unit under subsection (d).[13]

This Court should not conduct a hearing on authorizing a sale under subsection (d) of the Distressed Condominium Property Act until all interested parties are given what they need to make an informed decision about whether to object to the sale and on what the grounds they may object.

## V.     MOTION FOR ADDITIONAL RELIEF.

In connection with their objections raised in Section IV(C) above, the Shellpoint Defendants move for this Court to set the amount of the Limited Receiver's fees so that the Limited Receiver may disclose an estimate of the "costs, time, expenses, and fees" it intends to seek from the Court. The Shellpoint Defendants further move this Court to order the Limited Receiver to disclose an estimate of the "costs, time, expenses, and fees" it intends to seek from the Court and to provide an estimate of the distribution to each unit that the Limited Receiver anticipates proposing to the Court if authorized to enter into the proposed sale contract.

The Shellpoint Defendants also request that if this Court expands the Limited Receiver's appointment to arise under subsection (c)(2) of the Act, the Court order the City to post a bond for the amount of the estimated value of the Ford City Property. *See* 735 ILCS 5/2-415(a) ("Before any receiver shall be appointed the party making the application shall give bond to the adverse party in such penalty as the court may order . . . .").[14] Alternatively, the Shellpoint Defendants

---

[13] To avoid any confusion over the Shellpoint Defendants' position, the Shellpoint Defendants note that they are **not** asking for the Limited Receiver to provide a final proposed distribution calculating **each individual party's** anticipated payment from the Court. Rather, the Shellpoint Defendants seek sufficient information to calculate an estimate of **each unit's** segregated share under subsection (d), which would then allow the parties themselves to estimate how much they can expect to receive from their individual unit's segregated share of the sale proceeds based on outstanding taxes, liens against their units, and other factors. Specifically, they seek an **estimate** of the closing costs of the sale and the Limited Receiver's anticipated expenses, costs, and fees, and clarification about how the Limited Receiver intends to ask the Court to treat any payment from the net sale proceeds to the Association's bankruptcy estate.

[14] The Shellpoint Defendants note that although Illinois law does not require the Court to order the bond, it can only appoint a receiver without a bond "for good cause shown, and upon notice and full hearing." 735 ILCS 5/2-415(a).

FILED DATE: 9/29/2025 8:26 AM    20231401241

FILED DATE: 9/29/2025 8:26 AM    20231401241

move for the Court to set the amount of the City's bond as the six-million proposed purchase price in the current draft contract filed by the Limited Receiver.

Importantly, requiring the City to post a bond would protect more than just the unit owners, lienholders, and other parties with an interest in the Ford City Property. It would also protect the Limited Receiver itself from potential liability for errors that may occur in the sale process. *See* 735 ILCS 5/2-415(c).

## VI.    CONCLUSION

For all these reasons, the Shellpoint Defendants respectfully request that this Court:

A.    Continue the City's Motions until (i) after FHFA has given its express consent for the City to proceed pursuant to the requirements of federal law, if FHFA chooses to do so; (ii) the City has fully complied with the notice provisions of the Distressed Condominium Property Act; (iii) the Court has made the findings and declarations required under that Act; and (iv) the Limited Receiver has provided the parties in interest with information needed to make an informed decision about whether to object to a sale;

B.    Set the Limited Receiver's fees in an amount that this Court determines to be reasonable;

C.    Order the Limited Receiver to provide the parties in interest with the information needed to make an informed decision about whether to object to a sale before conducting a hearing on any proposed sale;

D.    If the Court expands the Limited Receiver's appointment to encompass a role under subsection (c)(2) of the Distressed Condominium Property Act, order the City to post a bond in the amount of the estimated value of the Ford City Property; and

E.    Grant such further and additional relief as this Court determines appropriate.

FILED DATE: 9/29/2025 8:26 AM    20231401241

Respectfully submitted,

/s/ Kevin M. Hudspeth
Kevin M. Hudspeth
DINSMORE & SHOHL LLP
Cook County Attorney Code 58012
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Tel: (513) 977-8461
Fax: (513) 977-8141
Email: kevin.hudspeth@dinsmore.com
*Attorneys for Defendants Newrez LLC d/b/a Shellpoint Mortgage Servicing, Mortgage Electronic Registration Systems, Inc., as Mortgagee, as Nominee for Green Tree Servicing LLC, Its Successors and Assigns, and Mortgage Electronic Registration Systems, Inc., as Mortgagee, as Nominee for American Brokers Conduit, Its Successors and Assigns*

## CERTIFICATE OF SERVICE

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that before **5:00 p.m.** on **September 29, 2025**, a true and accurate copy of the foregoing was served pursuant to Ill. Sup. Ct. R. 11(c)(1)(ii) via email initiated by the undersigned to the email address of each party identified below, or pursuant to Ill. Sup. Ct. R. 11(c)(2)(ii) by depositing the document in a United States post off box in Cincinnati, Ohio, enclosed in an envelope to the address of each party identified below, with postage fully prepaid, or by delivery of the documents through a third-party commercial carrier to the address of each party identified below, with delivery charge fully prepaid.

See attached Service List.

/s/ Jenna Gerstle
Jenna Gerstle

FILED DATE: 9/29/2025 8:26 AM   20231401241

## SERVICE LIST

BMO Harris N.A.
Egan & Alaily LLC
clerk@ea-atty.com

BMO Bank N.A.
Egan & Alaily LLC
clerk@ea-atty.com

Midland Federal Savings & Loan Association
As Trustee of Trust No. 1484
Michael J. Goldstein & Associates
mjg@mjglaw.com

JP Morgan Chase Bank, N.A.
Burke Warren macKay & Seritella, PC
sshifrin@burkelaw.com

First American Bank
Martin D. Tasch
pleadingmdt@momkus.com
mtasch@momkus.com

Countrywide Home Loans, Inc.
Nationstar Mortgage, LLC
Dykema Gossett PLLC
ksimpson@dykema.com

The Huntington National Bank
Weltman, Weinberg & Reis Co., L.P.A.
chicks@weltman.com
chicagolaw@weltman.com

Julius A. Hannon II
Bil Boguslaw
Anthony J. Peraica & Associates, Ltd.
support@peraica.com

DLJ Mortgage Capital, Inc.
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

City of Chicago
greg.janes@cityofchicago.org
john.slagle@cityofchicago.org

John Suzuki
Collateral Trustee Inc.
suzuki@collateraltrustee.com

Christopher Russell
cruss65@gmail.com

Karen Russell
the2russells@yahoo.com

Irena Bagdady
irenabagdady@gmail.com
bryan@celsinfo.com

Joanna Stallworth-Lillybridge
joannastallworth@hotmail.com

Mayowa Okobie
mfourj@yahoo.com

Michael Rzasa
mik232323@hotmail.com
mr4134@comcast.net

Minerva Orduno
minervaorduno78@gmail.com

Myron Coleman
myroncole02@gmail.com

Pauline Prater
sheabprater@gmail.com

Shirley Ann Waheed
shirley.waheed1621@yahoo.com

Toni Green
Alicia Green
Michael Green
tonigreen123456@gmail.com

23

FILED DATE: 9/29/2025 8:26 AM    20231401241

Mortgage Electronic Registration Systems,
Inc.
Citibank, NA
CitiMortgage, Inc.
Citibank, FSB
Heavner, Beyers & Mihlar LLC
sarahstack@hsbattys.com

The Bank of New York Mellon, Successor to
the Bank of New York, Not In Its Individual
Capacity But Solely As Trustee on Behalf of
the Holders of the CIT Mortgage Loan Trust,
2007-1 Asset-Backed Certificates, Series
2007-1
Smith & Weik, LLC
csmith@smithweiklaw.com

Gregory LaPapa
Mitchell F. Asher
mickey@mitchellasher.com

Federal Home Loan Mortgage Corporation, as
Trustee for the Benefit of the Freddie Mac
Seasoned Loans Structured Transaction Trust,
Series 2019-3
Smith & Weik, LLC
csmith@smithweiklaw.com

Wilmington Savings Fund Society, FSB Not
In Its Individual Capacity But Solely as
Indenture Trustee for CIM Trust 2023-R3
Mortgage-Backed Notes, Series 2023-R3
Smith & Weik, LLC
csmith@smithweiklaw.com

The Bank of New York Mellon, as Trustee for
The Bear Stearns Asset Backed Securities
Trust 2002-2, Asset Backed Certificates,
Series 2002-2
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

Winston McKoy
winston-mckoy@yahoo.com

Erica Salinas
angelsmusic@att.net

Sabine Desir
sdesir1@yahoo.com

Maureen Zopf POA for Edward Coleman
mozopf@att.net

Rodolfo Chavez
chavez8705@gmail.com

Samantha Bates dba The Road to
Righteousness Foundation Inc.
road2righteousness@yahoo.com

Thelma Swims
tswims550@gmail.com

Ahmad Nur
ahmad.a.nur@gmail.com

Bruce Lance II
bunki4280@cox.net

Gabriela/Abraham Santamaria
soyimagen@gmail.com

Hatuey McKoy
hatuey_mckoy@yahoo.com

Hilda M. Zmora
zmorah@yahoo.com

Irene Jones
treasashaw1959@gmail.com

Javier Urbina
jurbinaazul3@gmail.com

FILED DATE: 9/29/2025 8:26 AM   20231401241

Deutsche Bank National Trust Company, as
Trustee, in for Registered Holders of
Long Beach Mortgage Loan Trust 2005-2
Asset-Backed Certificates, Series 2005-2
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

U.S. Bank National Association, as Trustee
Successor in Interest to Bank of America, as
Trustee for Structured Asset Investment Loan
Trust Mortgage Pass-Through Certificates,
Series 2004-7
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

Forethought Life Insurance Company
Smith & Weik, LLC
csmith@smithweiklaw.com

Ford City Condominium Association
Burke Warren MacKay & Seritella, PC
jstevens@burkelaw.com

Citibank, N.A., as Successor by Merger to
Citibank, F.S.B.,
CitiMortgage, Inc.
robert.brunner@bclplaw.com

Zofia Modrzejewska
Desiree Sanchez
Roberta Sweeper
Ziad H. Al Khatib
Carla M. Davis
Hector Botello
Maria E. Rodriguez Ramos
Ina Wise
Juan Carlos Camarena
Antony J. Peraica & Associates, Ltd
support@peraica.com

Manna Property Investment LLC
Zac Law PC
az@zaclawpc.com

Joyce Lance
bunki4280@cox.net

Diane Devroe
ladydiscakes@aol.com

Diane L. Todd
dianet0545@att.net

Gregory Castile
g_castile@yahoo.com

Lorene Mims
quianasowell@aol.com

Louis Hemmerich
lewhemm@aol.com

Manuela D. Tayolor-Williams
ladydi0802@gmail.com

Takada Dixon
takadaepps@gmail.com

Aleem Waheed
aw7153090@gmail.com

Brenda J. Allen-Ballard
4350 W. Ford City Drive, Unit 506
Chicago, Illinois 60652

Filer Selected Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Courtroom, 1109
System Generated Hearing Date: 10/28/2025 9:30 AM
Location: Court Room 1109
Judge: Murray, Leonard

FILED
10/15/2025 2:13 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
20231401241
Courtroom, 1109
34902628

FILED DATE: 10/15/2025 2:13 PM    20231401241

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT – FIRST DISTRICT

| | | |
|---|---|---|
| CITY OF CHICAGO, a municipal corporation | ) ) ) | 4260-4350 W. Ford City Dr. |
| Plaintiff, | ) ) | 4260-4351 W. 76th Street |
| | ) | Chicago, IL 60652 |
| vs. | ) | For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org |
| FORD CITY CONDOMINIUM ASSOCIATION, *et al.* | ) ) ) | |
| Defendants. | ) ) | Case No. 2023 M1 401241 |

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S JOINDER
## TO OBJECTION TO CONVERSION OF LIEN INTERESTS AND OPPOSITION
## TO THE CITY'S PETITION FOR CONDOMINIUM DECONVERSION HEARING
## AND MOTION TO AUTHORIZE SALES CONTRACT

Defendant JPMorgan Chase Bank, N.A, ("Chase"), pursuant to Illinois Supreme Court

Rule 134, hereby joins in, and incorporates herein, the arguments set forth in the Objection and

Response in Opposition filed by the Shellpoint Defendants on September 29, 2015.[1]

In support, Chase states as follows:

---

[1] The full titles of the filings are: (1) OBJECTION TO CONVERSION OF LIEN INTERESTS OR SALE OF THE PROPERTY BY NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR GREEN TREE SERVICING LLC AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR AMERICAN BROKERS CONDUIT; and (2) RESPONSE IN OPPOSITION TO THE CITY'S PETITION FOR CONDOMINIUM DECONVERSION HEARING AND MOTION TO AUTHORIZE THE RECEIVER TO ENTER INTO A SALES CONTRACT AND TRANSFER TITLE ON BEHALF OF THE OWNERS BY THE SHELLPOINT DEFENDANTS AND THE SHELLPOINT DEFENDANTS' MOTION FOR ADDITIONAL RELIEF, and will be referred to herein as the "Objection" and the "Response in Opposition."

FILED DATE: 10/15/2025 2:13 PM    20231401241

1.     As of this filing, Chase is the current mortgagee of record with a secured interest in 5 units in the subject condominium association.  Specifically,  (1) 4281 W. 76th Street, Unit 104 ("Unit 1"); (2) 4281 W. 76th Street, Unit 105 ("Unit 2"); (3) 4300 W. Ford City Dr., Unit 1005 ("Unit 3"); (4) 4281 W. 76th Street, Unit 305 ("Unit 4"); and (5) 4300 W. Ford City Dr., Unit 1502 ("Unit 5").

2.     Two of these properties are secured by mortgages owned by Federal National Mortgage Association ("Fannie Mae") (Unit Nos. 3 and 4) and one of these properties is secured by a mortgage owned by the Federal Home Loan Mortgage Corporation ("Freddie Mac")(Unit 5).

3.     Units 1 is secured by a mortgage owned by Chase, and Unit 2 is secured by a mortgage owned by U.S. Bank National Association.

4.     Chase hereby joins the Response in Opposition on behalf of its interests in Units 1-5, and hereby joins the Objection on behalf of its interests in Units 3-5.

5.     As more fully stated in the Response in Opposition, Chase joins the concerns concerning adherence to the Illinois Distressed Condominium Property Act and any ruling on the City of Chicago's Motion to Deconvert  and approval of a sale without a proper hearing and without all required information.

6.     Moreover, Chase joins the Objection on behalf of those loans owned by Fannie Mae and Freddie Mac and the requirements imposed by The Housing and Economic Recovery Act of 2008.

7.     Illinois Supreme Court Rule 134 permits parties to join and incorporate other pleadings by reference.  *See J.D. Marshall Int'l v. First Nat'l Bank*, 272 Ill. App. 3d 883, 895  (1st Dist. 1995) (Rule 134 applies to motions because "a motion is a pleading[.]"); *Piper v. Bd. of Trustees*, 99 Ill. App. 3d 752, 756 (3d Dist. 1981).

FILED DATE: 10/15/2025 2:13 PM    20231401241

8.      Accordingly, Chase hereby incorporates those arguments sent forth in the Response in Opposition and Objection as though set forth fully herein.

## **CONCLUSION**

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. hereby joins, pursuant to Illinois Supreme Court Rule 134, the arguments set forth in the Objection and Response in Opposition filed by the Shellpoint Defendants on September 29, 2015, respectfully requests that any relief granted by this Honorable Court apply to JPMorgan Chase Bank, N.A., and grant such other relief as may be just and proper.

Dated: October 14, 2025                          Respectfully submitted,

JPMORGAN CHASE BANK, N.A.

By:   */s/ Shana A. Shifrin*
             One of its Attorneys

Shana A. Shifrin (sshifrin@burkelaw.com)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611-3607
Telephone: (312) 840-7000
Firm ID: 41704

FILED DATE: 10/15/2025 2:13 PM    20231401241

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney representing Defendant JPMorgan Chase Bank, N.A., hereby certifies that she caused a true and correct copy of the foregoing Joinder to be electronically served by email on all parties and counsel of record.

*/s/ Shana A. Shifrin*
Shana A. Shifrin

Filer Selected Hearing Date: No hearing scheduled
Location: <<CourtRoomNumbers>>
Judge: Courtroom, 1109
System Generated Hearing Date: 10/28/2025 9:30 AM
Location: Court Room 1109
Judge: Murray, Leonard

FILED
10/27/2025 3:56 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
20231401241
Courtroom, 1109
35075034

FILED DATE: 10/27/2025 3:56 PM    20231401241

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT - FIRST DISTRICT**

| | | |
|---|---|---|
| **CITY OF CHICAGO, a Municipal Corporation,** | ) ) ) | **Case No:    23-M1-401241** |
| **Plaintiff,** | ) ) | **Re:    4260-4350 W. FORD CITY DR.** |
| **vs.** | ) ) | **4260-4351 W. 76TH ST.** **CHICAGO, IL 60652** |
| **FORD CITY CONDOMINIUM ASSOCIATION, *et. al.,*** | ) ) ) ) | |
| **Defendants.** | ) | **Daley Center, Courtroom 1109** |

**CITY OF CHICAGO'S RESPONSE TO VARIOUS OBJECTIONS RAISED ON BEHALF OF FHFA**

The City of Chicago, a municipal corporation ("City") replies in opposition to the objections filed by a variety of lenders. The majority of the objections are raised by servicers with a connection to FHFA, a federal entity overseeing Fannie Mae and Freddie Mac's conservatorship. The named defendants are not FHFA but merely servicers. The servicers raise these objections on behalf of a nonparty – FHFA. For convenience sake, we will refer to the objections as FHFA objections. Those objections should be overruled. The City states in support:

The subject property is a 319 unit condominium property located at 4260-4350 W. FORD CITY DR. / 4260-4351 W. 76TH ST., CHICAGO, IL 60652. The City's complaint has been pending since 2023. During that time, no compliance with the building code has occurred. There continue to be significant building code issues with each of the seven buildings in the complex, including broken elevators, vacant units, broken sewer pipes, and exterior facades with such significant deterioration that several areas are fenced off to prevent falling debris from injuring

FILED DATE: 10/27/2025 3:56 PM    20231401241

pedestrians. In addition, the condominium association filed for bankruptcy protection in 2021 seeking relief from a massive water bill and claims from a variety of unpaid vendors.

The City's Complaint contains a count seeking deconversion of the condominium property under the Distressed Condominium Property Act, § 765 ILCS 605/14.5. There is no other path forward for this complex. After nearly 4 years in bankruptcy and 2 years in Housing Court, no other path forward for this complex has emerged. The property needs to be sold to a new owner who is able to rehabilitate the property. The other option is for the complex to be vacated.

I.    **FHFA IS NOT A PARTY TO THIS CASE AND THEREFORE HAS NO STANDING TO AFFECT THE ISSUES IN THIS CASE**

The City's amended complaint has over 400 defendants, none of whom is FHFA. The objections raised by servicers on behalf of FHFA rest on the mortgages held on approximately 15-20 of the 319 units. The records kept by the Cook County Clerk related to those units does not include FHFA. In Illinois, the ownership record kept by the county clerk determines the parties at interest including owners and lienholders. *See* Illinois Record Conyenances Act, 765 ILCS 5/2. While not lienholder of record, the objections raised by servicers on behalf of FHFA claim that FHFA is a party of interest because they own the notes behind the recorded mortgage lien. Because the note is owned by FHFA, the servicers on behalf of FHFA claim that they are entitled to assert certain protections under HERA on behalf of FHFA. See 12 U.S.C. § 4511 et seq. The City has no knowledge or information regarding the truth of the asserted ownership of the notes. The records kept by Cook County Clerk do not show FHFA or another federal entity. In fact, the objections are filed by "Defendants (A) Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), (B) Mortgage Electronic Registration Systems, Inc. as Mortgage, as Nominee for Green Tree Servicing LLC, Its Successors and Assigns ("MERS for American

FILED DATE: 10/27/2025 3:56 PM   20231401241

Brokers") (collectively referred to as the "Shellpoint Defendants"). A footnote then goes on to explain that "the Shellpoint Defendants are the mortgages of record for mortgages serviced by Shellpoint on behalf of Fannie Mae . . . . and Freddie Mac." The objections concede that neither Fannie Mae or Freddie Mac, or FHFA has a recorded interest. Since neither FHFA, Fannie Mae, or Freddie Mac have a recorded interest in the property, they are not in the chain of title and are strangers to this case.

Other courts have found that non-FHFA entities cannot raise FHFA objections in lieu of FHFA actually recording an interest, intervening, and presenting their own objections. *See* Green Tree Servicing LLC v Collegium Fund LLL, 2016 WL 5429652 (D. Nev). In denying a servicer's motion for summary judgment, the federal district court held that "FHFA and Fannie Mae are the best proponents of their rights" and there is no reason why the servicers should be able to assert those rights rather than FHFA and Fannie themselves. *See* Green Tree Servicing at 4. Since FHFA is not a party, the Court should reject the objections raised by servicers on behalf of FHFA. If FHFA wants to record their interest on title and file a motion to intervene, they are welcome to do so. Until that happens, they are a stranger to the case.

## II. THERE IS A STRONG PRESUMPTION AGAINST PREEMPTION SO THIS COURT SHOULD REJECT THE ASSERTION THAT HERA PREEMPTS THE CLAIMS MADE IN THIS CASE

Even if FHFA was a party to this case, the statutes and ordinances cited in the City's Complaint are not preempted by HERA. The City brought this claim under 65 ILCS 11-31-1(a) et seq.(The Unsafe Property Statute"), the Distressed Condominium Act, 765 ILCS 605/14.5 and various sections of the City of Chicago Municipal Building Code. There is a strong presumption against federal preemption against state police powers. Reynolds v. Vill. of Creve Coeur, 2022

FILED DATE: 10/27/2025 3:56 PM    20231401241

IL App (3d) 210260, 217 N.E.3d 390. Federal law will supersede state law only if Congress intended such an outcome. <u>Medtronic, Inc. v. Lohr</u>, 518 U.S. at 485–86, 116 S.Ct. 2240 (1996). Federal preemption can occur when Congress explicitly preempts state law, the state law actually conflicts with federal law, or federal law occupies the field to the extent that it is reasonable to conclude Congress did not intend for the state to regulate the field. <u>Jordan v. Nationstar Mortgage LLC</u>, 240 F. Supp. 3d 1114, 1120 (E.D. Wash. 2017).

First, HERA does not expressly preempt the Unsafe Property Statute, the Distressed Condo Act or City ordinances. HERA merely shields FHFA from the supervision of any federal or state agency, but it does not shield the federal agency from applicable state law. In <u>Jordan,</u> the court discussed whether HERA preempted state foreclosure law. 240 F. Supp. 3d 1114. The court in <u>Jordan</u> analyzed the text of 12 U.S.C. § 4617(a)(7), which provides, "When acting as conservator or receiver, the Agency [FHFA] shall not be subject to the direction or supervision of any other agency of the United States or any State in the exercise of the rights, powers, and privileges of the Agency [FHFA]." Id. (emphasis added). The Jordan court found that the phrase merely means no other state agency may direct or supervise FHFA, not that FHFA is not subject to any state laws; and, if Congress had intended that HERA displace state law, it would have done so unequivocally. Id. at 1121. Moreover, when the text of a clause is susceptible to more than one meaning, the court's disfavors preemption. Id. at 1122. HERA also does not expressly preempt city ordinances, as municipalities are not included in the language of the statute. Rules of statutory interpretation force the conclusion that municipalities were omitted, and therefore not preempted by HERA. In this case, there are state and city ordinances cited in the City's Complaint, but there is no state or local agency attempting to interfere with FHFA's powers.

FILED DATE: 10/27/2025 3:56 PM   20231401241

Therefore, the state statutes and municipal ordinances cited in the City's Complaint are not expressly preempted by HERA.

Second, HERA does not impliedly preempt the Illinois Unsafe Property Statute, the Distressed Condo Act or City ordinances. The court in Jordan, when analyzing field preemption and conflict preemption, found that the state foreclosure laws were not impliedly preempted by HERA, as mortgage foreclosure law is traditionally regulated by the states and there is no conflict between HERA and the state foreclosure law. Id. at 1122-1129. The court emphasized, "Congress's intent to cloak the FHFA with the exclusive ability to operate the Enterprise does not immunize it (or the Enterprises) from compliance with state law." Id. at 1125. Similarly, in this case, building code regulations are typically regulated by the state and local municipalities and FHFA is not immune from their application. Additionally, the state and municipal laws cited by the City in no way conflict with HERA and FHFA's ability to accomplish Congress's purpose and objectives. The Jordan case discussed that Fannie Mae's own guidelines require Fannie Mae to comply with state and local laws. "Specifically, the Fannie Mae Guide requires servicers to be 'aware of, and in full compliance with, all federal, state, and local laws (e.g., statutes, regulations, ordinances, administrative rules and orders that have the effect of law, and judicial rulings and opinions)." Id. at 1124. The guidelines acknowledge that Fannie Mae will be subject to local laws. Therefore, HERA does not impliedly preempt state and city building safety regulations cited by the City.

### III.    THE FHFA's OBJECTIONS ARE UNFAIR TO ALL OTHER PARTIES

If the court accepts the position that FHFA liens cannot be diminished in the transaction, FHFA will receive a benefit unavailable to any other party. Rather than take a substantial loss like every other owner and lender, FHFA believes that they should be awarded 100 cents on the

FILED DATE: 10/27/2025 3:56 PM    20231401241

dollar. When the actual numbers are introduced, the fairness problem becomes apparent. There are approximately 16 FHFA mortgages with current outstanding balance of between $500,000 and $600,000. With the buyer paying $6 million for the entire property, FHFA will take approximately 10 percent of the gross proceeds. Without this preferential treatment, the $6 million gross proceeds across the 319 units would result in each unit owner and each lender having a maximum distribution of $18,800. After FHFA's $600,000 is taken into account, each unit owner and lender is looking at a maximum distribution of $16,900, over a 10% reduction. Nearly $2000 per unit of proceeds go to satisfy FHFA. That means mortgages attached to less than 10 percent of the units means that the other 90 percent of units get less money. That is not fair.

## IV.  IF THIS COURT FINDS MERIT TO THE FHFA POSITION, THE CITY RECOMMENDS THAT THE COURT LEAVE THE FHFA LIENS INTACT, PROCEED WITH THE SALE OF THE PROPERTY, AND DEAL WITH THE LIENS AT DISTRUBUTION

While the City strongly disagrees with FHFA's position, the City appreciates that time is of the essence and the deconversion and sale of the building needs to move forward. To that end, the City is willing to agree to a carve out for the FHFA loans. Unlike all of the other interests of unit owners and their liens, the liens held by FHFA would remain undisturbed. The buyer would need to deal with those liens at the closing table to close the transaction. Most likely, the title company would hold back sufficient funds in escrow in order to satisfy those liens. Such an escrow would lessen the proceeds that could be distributed to owners and other lien holders.

FILED DATE: 10/27/2025 3:56 PM    20231401241

The distribution procedure is laid out in the DCA.[1] In a typical case, the sale occurs, the receiver is paid, and then the proceeds are distributed unit by unit according to the proportionate share of ownership as defined in the condo declaration. In a typical case, the unit proceeds would go toward the liens of the unit owner and any remaining funds would go to the owner. If the unit proceeds did not fully satisfy the liens, the lienholder simply took 100% of the proceeds and the unit owner would receive nothing. Importantly, the lienholder would only be able to receive the proceeds of that unit, not the proceeds of other units.

In this case, the distribution would take place as usual – each units proportionate share would be assigned and distributed. The units with FHFA loans, assuming that the outstanding loan amount exceeds the unit distribution, the owner gets nothing. Unlike every other lien holder, FHFA could then go to the escrow held by the title company for further payment up to their entire lien. After all of the FHFA claims are satisfied through the escrow, FHFA would release its lien and any moneys left in the escrow would be distributed in a second round of distributions.

Please note that there will be significant litigation before the first round of distributions as there are open questions about the costs owed in the bankruptcy proceeding, liens claimed by regarding the water bills, and mechanics liens filed by several unpaid vendors. This is not to flesh out those issues but simply alert the parties of the upcoming issues.

## V.     FHFA'S PROCEDURAL OBJECTIONS TO THE DCA ARE ALSO MERITLESS

The servicers on behalf of FHFA raised a number of procedural objections to the steps taken and steps remaining with the deconversion. Again, the deconversion is governed by the Distressed Condominium Act, 765 ILCS 605/14.5. As delineated in the statute, the deconversion

---

[1] In the event of such a sale, the net proceeds of the sale, after payment of all the receiver's costs, time, expenses, and fees as approved by the court, shall be deposited into an escrow account. Proceeds in the escrow account shall be segregated into the respective shares of each unit owner as determined under subparagraph (C) of paragraph (2) of subsection (c) of this Section and shall be distributed from each respective share as follows: (1) to pay taxes attributable to the unit owner; then (2) to pay other liens attributable to the unit owner; and then (3) to pay each unit owner any remaining sums from his or her respective share. 765 ILCS 605/14.5

FILED DATE: 10/27/2025 3:56 PM    20231401241

process is a two-step affair: first the city files a motion to deconvert which requires the City to establish that a property meets the definition of a distressed condominium. Once the motion to deconvert is granted, a second step is required – a motion to market and sell. With each of these steps, the City is required to provide notice to all parties of the motions. The City filed a complaint and served all of the owners and lienholders. The court has jurisdiction over the case and all of the parties. The City filed and served the motion to deconvert in December 2023. The court has been continuing the motion over 18 months and has held hearings. In addition, the court required several in person meetings with unit owners in order for the court to be assured that unit owners were fully aware of the case and the relief requested by the City. After all of that, the Court granted the City's motion to deconvert finding that the condominium met the definition of a Distressed Condominium under the statute. After that hearing, the City filed and served the motion to market and sell. A briefing schedule was established on the motion, and the court can now proceed with the decision to grant the motion to market and sell.

## VI.    CONCLUSION

For all of these reasons, the City respectfully requests that this Court:

1.    Overrule the objections raised by the servicers on behalf of FHFA;

2.    In the alternative, enter an order that the FHFA owned liens remain in full force and effect, and allow the sale of the property to proceed pursuant to the Distressed Condo Act.

Respectfully submitted,

By: /s/Greg Janes
        Greg Janes
        Assistant Corporation Counsel Supervisor

Corporation Counsel
Attorney for Plaintiff #90909
2 N. LaSalle St., Room 320
Chicago, IL 60602

(312) 744-9555
Greg.Janes@cityofchicago.org

Filer Selected Hearing Date: No hearing scheduled
Location: <<CourtRoomNumbers>>
Judge: Courtroom, 1109
System Generated Hearing Date: 10/28/2025 9:30 AM
Location: Court Room 1109
Judge: Murray, Leonard

FILED
10/28/2025 9:27 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
20231401241
Courtroom, 1109
35084501

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT-FIRST DISTRICT

The City of Chicago, a municipal corporation,

      Plaintiff,

  v.

Ford City Condominium Association, et al.,

      Defendants.

Case Number: 23-M1-401241

Property Address(es):

4260-4350 W. Ford City Drive
4260-4351 W. 76th Street

Courtroom 1109

### DEFENDANTS CITIBANK, N.A. AND CITIMORTAGE, INC.'S JOINDER IN PART TO SHELLPOINT DEFENDANTS' OBJECTION TO CONVERSION OF LIEN INTERESTS OR SALE OF PROPERTY AND OPPOSITION TO PETITION FOR DECONVERSION AND MOTION TO AUTHORIZE RECEIVER TO ENTER INTO SALES CONTRACT

Defendants Citibank, N.A., as successor by merger to Citibank, F.S.B., ("Citibank, N.A.") and CitiMortgage, Inc. ("CitiMortgage, Inc." and together with Citibank, N.A., "Defendants"), by their undersigned counsel, join in part, and incorporate herein, certain arguments set forth in the Shellpoint Defendants' September 29, 2025, (1) Objection to Conversion of Lien Interests or Sale of the Property ("Objection to Conversion of Lien Interests") and (2) Response in Opposition to the City's Petition for Condominium Deconversion Hearing and Motion to Authorize the Receiver to Enter into a Sales Contract and Transfer Title on Behalf of the Owners ("Opposition to Petition for Deconversion"). In support thereof, Defendants state:

1.     Defendants have a secured interest in Units A-601 and A-1310 within the Ford City property that is the subject of this action.

2.     Citibank, N.A. (through its nominee Mortgage Electronic Registration Systems, Inc.) is the current mortgagee of record for the property located at 4300 W. Ford City Drive, Unit A-601 (PIN 19-27-401-038-1147) ("Unit A-601").

3.     On information and belief, the Federal Home Loan Mortgage Corporation

FILED DATE: 10/28/2025 9:27 AM  20231401241

("Freddie Mac") has an ownership interest in the Citibank, N.A. mortgage securing Unit A-601.

4.      CitiMortgage, Inc., as successor by merger to ABN AMRO Mortgage Group, Inc., is the current mortgagee for the property located at 4300 W. Ford City Drive, Unit A-1310 (PIN 19-27-401-038-1138) ("Unit A-1310").

5.      On information and belief, Freddie Mac has an ownership interest in the CitiMortgage, Inc. mortgage securing Unit A-1310.

6.      Defendants join Sections II, IV, and V of the Objection to Conversion of Lien Interests, arguing that any conversion of lien interests in or sale of the Ford City property must strictly comply with all requirements under the federal Housing and Economic Recovery Act ("HERA") based on the continuing federal conservatorship over Freddie Mac and the Federal Housing Finance Agency ("Fannie Mae") by the Federal Housing Finance Agency ("FHFA"). *See* https://www.fhfa.gov/conservatorship. Defendants' joinder is based on Freddie Mac's ownership interest, on information and belief, in the mortgages on Unit A-1310 and Unit A-601, and their concern that any conversion of lien interests in or sale of the Ford City property without the FHFA's consent may be deemed void.

7.      Defendants also join Sections III through VI of the Opposition to Petition for Deconversion, requesting that the City strictly adhere to the requirements of the Illinois Distressed Condominium Property Act, 765 ILCS 605/1 *et seq.*, including all requirements for adequate notice and hearing and opportunity to review and object to the proposed terms of and distributions from any sale.

8.      Defendants further separately note their concern that many of the orders that have been entered in this action do not appear on the public docket, raising potential concerns about adequate notice to the hundreds of parties to this litigation.

2

FILED DATE: 10/28/2025 9:27 AM   20231401241

WHEREFORE, defendants Citibank, N.A., as successor by merger to Citibank, F.S.B., and CitiMortgage, Inc., (a) join the arguments in Sections II, IV, and V of the Shellpoint Defendants' September 29, 2025, Objection to Conversion of Liens and the arguments in Sections III through VI of the Shellpoint Defendants' September 29, 2025, Opposition to Petition for Deconversion, (b) respectfully request that this Court enter orders (i) requiring the City to strictly adhere to the requirements of the Illinois Distressed Condominium Property Act, 765 ILCS 605/1 *et seq.*, including all requirements for adequate notice and hearing and providing an opportunity to review and object to the proposed terms of and distributions from any sale of the Ford City property and (ii) requiring that any conversion of lien interests in or sale of the Ford City property strictly comply with all requirements under the federal Housing and Economic Recovery Act based on the continuing federal conservatorship over the Federal Home Loan Mortgage Corporation and the Federal Housing Finance Agency by the Federal Housing Finance Agency, (c) respectfully request that all orders entered in this action be filed on the public docket, and (d) respectfully request that the Court enter such additional relief as it deems just and proper.

FILED DATE: 10/28/2025 9:27 AM   20231401241

Dated: October 28, 2025                    Respectfully submitted,

                                           */s/ Steve Trubac*
                                           Steve Trubac
                                           Alexa Thein
                                           Bryan Cave Leighton Paisner LLP
                                           161 North Clark, Suite 4300
                                           Chicago, Illinois 60601
                                           Tel: 312-602-5000
                                           steve.trubac@bclplaw.com
                                           alexa.thein@bclplaw.com
                                           Firm ID: 40886

                                           *Attorneys for Defendants Citibank, N.A. as*
                                           *successor by merger to Citibank, F.S.B., and*
                                           *CitiMortgage, Inc.*

FILED DATE: 10/28/2025 9:27 AM    20231401241

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney certifies that on October 28, 2025, he caused the foregoing document to be electronically filed with the Clerk of the Court of Cook County, Illinois, using the electronic filing service provider Odyssey eFileIL, which will send notification of such filing to counsel of record and pro se litigants having appeared.

*/s/ Steve Trubac*
Steve Trubac

ENTERED
Judge Abbey Romanek-2119

SEP 29 2023

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### DOMESTIC RELATIONS DIVISION

Illinois Department of Healthcare and Family Services, ex rel.,

| | |
|---|---|
| **Jamiea R. Wallace** , | Docket No.: _____ 23D090457 _____ |
| Petitioner, | |
| | **PER COURT** | IV-D No.: C _____ 01558602 _____ |
| -vs- | (electronically | |
| **Emanuel Ford** , | submitted) | Calendar No.: _____ 94 _____ |
| Respondent. | **UIFSA** | |

### ORDER FOR CONTINUANCE

**THIS MATTER** coming before the Court on _____ **HFS Petition for Rule** _____. Due notice having been given, the following parties having appeared: [ ] Petitioner [ ] Respondent [x] Assistant State's Attorney [ ] Respondent's Attorney [ ] Court Interpreter and the Court being advised in the premises:

1.   [ ] State/Petitioner seeks a continuance:   [ ] to subpoena Respondent's work records   [ ] for Petitioner to appear.

2.   [ ] Respondent seeks a continuance:   [ ] to obtain an attorney   [ ] proof of payment   [ ] proof of income.

3.   [x] Other: _____   **to do an address investigation for Respondent** _____.

**IT IS HEREBY ORDERED:**

A.   [x]   This cause is continued to _____ **November 13** _____, 20 __23__ at __9:05__ (a.m.)/p.m. at the
Daley Center, 50 W. Washington, Room ___**REMOTE**___, Chicago, IL 60602
for:_____ **HFS Petition for Rule** _____

B.   [x]   Respondent or his counsel must appear on the continuance date. Failure to appear may result in the entry of a default order for [x] support or increased support [x] dependent medical insurance coverage
[ ] arrears judgment for $ _____ [ ] parentage [x] other __**adverse judgment**__.

C.   [ ]   Petitioner must appear on the continuance date. Failure to appear may result in withdrawal/striking of Petition/Motion or dismissal of case.

D.   [x]   The State's Attorney's Office shall mail a copy of this order to [x] Respondent [x] Petitioner by [ ] certified mail, return receipt requested [x] regular mail and tender an Affidavit of Mailing.

E.   [x]   Other   **Calendar 94 Zoom Information**
Meeting ID: 925 1023 5145
Password: 767670
Call-in Number: 312-626-6799

**NOTICE OF RIGHT TO REQUEST A JUDICIAL HEARING:** You have a right to request a Judicial Hearing. If either party does not agree to the recommended Order or any part thereof, this case will be transferred for an immediate Judicial Hearing.

### THIS ORDER IS NOT VALID UNTIL SIGNED BY A JUDGE.

So recommended to the Court this _____ day of _____, 20_____.

_____
Hearing Officer's Signature

_____                     _____
Petitioner's Signature                                                      Respondent's Signature

_____                     _____
Petitioner's Attorney's Signature                                     Respondent's Attorney's Signature

**DATE:** 9/29/23

**KIMBERLY M. FOXX # 17052**
**State's Attorney of Cook County**                          ENTERED: _____

BY: *Abigail VanZoeren* (VANZOEREN)                  /S/Judge Abbey Fishman Romanek #2119
**Assistant State's Attorney, (Attorney for HFS)**       Judge's Signature                      Judge's No.
**28 North Clark Street, Suite 300**
**Chicago, Illinois 60602**
**(312) 345-2200**
sao.csed@cookcountyil.gov

SAO 400-38 EXP [Rev. 01/17]

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

CITY OF CHICAGO,
a municipal corporation,
       Plaintiff,

    v.

FORD CITY CONDOMINIUM
ASSOCIATION; *et al.*,
       Defendants.

No:    **23-M1-401241**

Re:    4260-4350 W. FORD CITY DR./
        4260-4351 W.76TH ST.
        Chicago, IL 60652

Courtroom 1109, Richard J Daley Center

## ORDER

This cause coming on to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

### IT IS HEREBY ORDERED THAT:

1. Maureen Zopf, Rodolfo Chavez, Samantha Bates, Joanna Stallworth, Thelma Swims, and Irena Bagdady are granted leave to file a pro se appearance instanter.
2. Defendants James Canavan, Laila Alharsha, David Perez, Martha Hernandez, Karen Hendley, Rossane Farkas, and Federal National Mortgage Association are hereby dismissed as party defendants to this cause.
3. Midland Federal Savings & Loan Association is dismissed as party defendant by agreement.
4. Defendant Freedom Mortgage Corporation is dismissed in a separate order.
5. Service on Maria Magana at 6301 W. 84th Place, Burbank, Illinois is hereby quashed.
6. Service on Estela Flores at 8026 S. Talman, Chicago, Illinois is hereby quashed.
7. Service on Amy Liu at 2211 N. Oak Park Avenue, Chicago, Illinois is hereby quashed.
8. The following shall be joined with summons to issue: Catrina S. Lockhart and Joey Gilb.
9. All parties shall have 28 days to answer or otherwise plead.

**IT IS FURTHER ORDERED THAT** this cause be continued for case management to October 30, 2023 at 10:30 AM, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: October 16, 2023

**Attorney for Plaintiff**
Corporation Counsel #90909
2 N LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

Judge _____
    Courtroom 1109

Judge Leonard Murray

OCT 16 2021

Circuit Court - 2100

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

CITY OF CHICAGO,
a municipal corporation,
      Plaintiff,

    v.

FORD CITY CONDOMINIUM
ASSOCIATION; *et al.*,
      Defendants.

No:   **23-M1-401241**

Re:   4260-4350 W. FORD CITY DR./
       4260-4351 W.76TH ST.
       Chicago, IL 60652

Courtroom 1109, Richard J Daley Center

### ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

**IT IS HEREBY ORDERED THAT**:

1. Shirley Ann Waheed, Joyce Lance, Myron Coleman, Pauline Prater, Irene Jones, Brenda J. Allen-Ballard, Bruce Lance II, Hilda Zmora, Toni Green, Minerva Orduno, Ahmad Nur, Javier Urbina, Michael Rzasa, Mayowa Okorie, Hatuey McKoy, and Winston McKoy are granted leave to file a pro se appearance instanter.
2. Defendants Marie Clair Javate and Beverly Bank & Trust Co. as Trustee are hereby dismissed as party defendants to this cause.
3. Service on Maritza Cervantes at 5117 S. Central Avenue, Chicago, Illinois 60638 is hereby quashed.
4. Service on Alejandra Guzman at 216 Parks Avenue, Joliet, Illinois 60432 is hereby quashed.
5. Counsel for Sweet Home Chicago Management, LLC waives service on their behalf.

**IT IS FURTHER ORDERED THAT** this cause be continued for case management to December 4, 2023 at 10:30 AM, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: October 30, 2023

*John R. Nagle*

**Attorney for Plaintiff**
Corporation Counsel #90909
2 N LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

Judge _____

Courtroom 1109

Judge Leonard Murray

OCT 30 2023

Circuit Court - 2100

1 of 1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

CITY OF CHICAGO,
a municipal corporation,
      Plaintiff,
   v.
FORD CITY CONDOMINIUM
ASSOCIATION; *et al.,*
      Defendants.

No:  **23-M1-401241**

Re:  4260-4350 W. FORD CITY DR./
     4260-4351 W.76TH ST.
     Chicago, IL 60652

Courtroom 1109, Richard J Daley Center

### ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

**IT IS HEREBY ORDERED THAT**:

1. Sherri Castile, Gregory Castile, Lorene Mims, Manuela D. Taylor-Williams, Takada Dixon, Louis Hemmerich, Diane L. Todd, and Diane Devroe are granted leave to file a pro se appearance instanter.
2. Defendants Octavio O. Garcia, Waldemar Rusak, Louis Gonzalez, and Agnieska Kaczynska-Rusak are hereby dismissed as party defendants to this cause.
3. Enrique Cervantes shall be joined with summons to issue.

**IT IS FURTHER ORDERED THAT** this cause be continued for case management to January 22, 2024 at 10:30 AM, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: December 4, 2023

*John R. Slagle*

**Attorney for Plaintiff**
Corporation Counsel #90909
2 N LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

Judge _____ Judge Leonard Murray

Courtroom 1109     DEC 04 2023

Circuit Court - 2100

1 of 1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

CITY OF CHICAGO,
a municipal corporation,
        Plaintiff,
    v.
FORD CITY CONDOMINIUM
ASSOCIATION; *et al.,*
        Defendants.

No:   **23-M1-401241**

Re:   4260-4350 W. FORD CITY DR./
       4260-4351 W.76TH ST.
       Chicago, IL 60652

Courtroom 1109, Richard J Daley Center

## ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

**IT IS HEREBY ORDERED THAT**:

1. Marc Jandura, Veronica McGraw, Magaly (Maggie) Garcia, Felipe Solarzano, Maura Slattery Boyle, Patrick Slattery, Adrienne Holley, Susan Gniadecki, Dorothy Hardy, Judy Griffin, Joyce D. Martin, Tiffany Flowers, Martha Rocha Ortiz, Susan O'Neal, Kiara Cue, and George Spatharakis are granted leave to file a pro se appearance instanter.
2. Defendant Stevco Nikolav is hereby dismissed as party defendant to this cause.
3. Service effectuated upon Martha Rocha of 5515 W. 25th Place, Cicero, IL 60804 is hereby quashed.
4. Mortgage Electronic Registration Services, Inc. is no longer the mortgage holder on 19-27-401-038-1161 (4350 W. Ford City Drive, Unit B1-205) and 19-27-401-038-1333 (4300 W. Ford City Drive, Garage P-14) as is dismissed as a party defendant to this cause regarding the two property index numbers here mentioned.
5. Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2019-3 is joined as current mortgage holder on 19-27-401-038-1161 (4350 W. Ford City Drive, Unit B1-205) and 19-27-401-038-1333 (4300 W. Ford City Drive, Garage P-14) with service waived per counsel.
6. Mortgage Electronic Registration Services, Inc. now has a second mortgage on 4351 W. 76th Street C1-401 (19-27-401-038-1218).
7. Plaintiff City of Chicago's Motion for Deconversion is continued for status.

**IT IS FURTHER ORDERED THAT** this cause be continued for case management to February 26, 2024 at 10:30 AM, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: January 22, 2024

    John R. Slagle
**Attorney for Plaintiff**
Corporation Counsel #90909
2 N. LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

Judge
Judge Leonard Murray
Courtroom 1109
JAN 22 2024
Circuit Court - 2100

Judge Leonard Murray
JAN 29 2024
Circuit Court - 2100

1 of 1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

CITY OF CHICAGO,
a municipal corporation,
             Plaintiff,

        v.

FORD CITY CONDOMINIUM
ASSOCIATION; *et al.,*
             Defendants.

No:    **23-M1-401241**

Re:    4260-4350 W. FORD CITY DR./
       4260-4351 W.76TH ST.
       Chicago, IL 60652

Courtroom 1109, Richard J Daley Center

### ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

**IT IS HEREBY ORDERED THAT:**

1. Defendants Homecomings Financial Network, Inc.; Marilyn Harvey, Andrew Grygorcewicz, Michael Grygorcewicz, Loancare, LLC, and The RTRF Inc. are hereby dismissed as party defendant to this cause.
2. US Bank Trust NA, as Trustee for LB-Ranch Series V Trust is joined with summons to issue as mortgage holders on 4281 W. 76th St., Unit C2-402 (19-27-401-038-1259).
3. Forethought Life Insurance Company C/O Select Portfolio Servicing, Inc. is joined with summons to issue as mortgage holders on 4300 W. Ford City Drive, Unit A-1508 (19-27-401-038-1112).
4. Weiss Ortiz P.C. is joined as judgement lienholder on 4351 W. 76th St., Unit C1-402 (19-27-401-038-1222).
5. NewRez, LLC d/b/a Shellpoint Mortgage Servicing is substituted in as mortgage holder (document number 0517408131) 4300 W. Ford City Drive Unit A-510 (19-27-401-038-1130).
6. Continued for status for authorization to conduct an appraisal.
7. City granted leave to file an amended complaint.
8. Plaintiff City of Chicago's Motion for Deconversion is continued for status.

**IT IS FURTHER ORDERED THAT** this cause be continued for case management to April 1, 2024 at 10:30 AM, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: February 26, 2024

Judge _____  Judge Leonard Murray
                FEB 26 2024
Courtroom 1109
                Circuit Court - 2100

  John R. Slagle
**Attorney for Plaintiff**
Corporation Counsel #90909
2 N. LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

1 of 1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

CITY OF CHICAGO,
a municipal corporation,
                    Plaintiff,

        v.

FORD CITY CONDOMINIUM
ASSOCIATION; *et àl.,*
                    Defendants.

No:    **23-M1-401241**

Re:    4260-4350 W. FORD CITY DR./
       4260-4351 W.76TH ST.
       Chicago, IL 60652

Courtroom 1109, Richard J Daley Center

### ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

**IT IS HEREBY ORDERED THAT:**

1. Defendants Sabine Desire and Erica Salinas granted leave to file pro se appearance instanter.
2. Judge Murray will meet with the Board on April 22, 2024 at 6:00 p.m. via Zoom to answer their questions. The Zoom information is as follows:
https://us02web.zoom.us/j/87252566097

Meeting ID: 872 5256 6097

3. Plaintiff City of Chicago's Motion for Deconversion is continued for status.

**IT IS FURTHER ORDERED THAT** this cause be continued for case management to April 29, 2024 at 10:30 AM, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: April 1, 2024

Judge _____
        Courtroom 1109

**Attorney for Plaintiff**
Corporation Counsel #90909
2 N. LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

1 of 1

Judge Leonard Murray

APR 0 1 2024

Circuit Court - 2100

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

CITY OF CHICAGO,
a municipal corporation,
        Plaintiff,
    v.
FORD CITY CONDOMINIUM
ASSOCIATION; *et al.,*
        Defendants.

No:   **23-M1-401241**

Re:   4260-4350 W. FORD CITY DR./
       4260-4351 W.76TH ST.
       Chicago, IL 60652

Courtroom 1109, Richard J Daley Center

**ORDER**

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

**IT IS HEREBY ORDERED THAT:**

1.  Plaintiff City of Chicago's Motion for Deconversion is continued for status.
2.  The association to secure an attorney by the next court date.

**IT IS FURTHER ORDERED THAT** this cause be continued for case management to June 3, 2024, at 10:30 AM, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: April 29, 2024

Judge _____
      Courtroom 1109

 Greg Janes
**Attorney for Plaintiff**
Corporation Counsel #90909
2 N. LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

1 of 1

Judge Leonard Murray
APR 29 2024
Circuit Court - 2100

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT, FIRST DISTRICT**

CITY OF CHICAGO,
a municipal corporation,
　　　　Plaintiff,
　　v.
FORD CITY CONDOMINIUM
ASSOCIATION; *et al.,*
　　　　Defendants.

No:　**23-M1-401241**

Re:　4260-4350 W. FORD CITY DR./
　　4260-4351 W.76TH ST.
　　Chicago, IL 60652

Courtroom 1109, Richard J Daley Center

## ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

**IT IS HEREBY ORDERED THAT**:

1. Defendants CIM Trust 2017-7, Sweet Home Chicago, LLC, Estela Flores, and IDSB Capital, LLC are hereby dismissed.
2. Defendant JP Morgan Chase Bank, NA is hereby dismissed regarding 19-27-401-038-1043/4300 W. Ford City Dr. Unit A-204.
3. Defendant Forethought Life Insurance Company is hereby dismissed regarding 19-27-401-038-1112/4300 W. Ford City Dr. Unit A-1508.
4. Artur Maslanka and Wioletta Maslanka (19-27-401-038-1067/4300 W. Ford City Dr. Unit A-1205), AGU Solutions, LLC (19-27-401-038-1073/4300 W. Ford City Dr. Unit A-406), and Vijay Rana (19-27-401-038-1127/4300 W. Ford City Dr. Unit A-210) are hereby joined as defendants with summons to issue.
5. Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as indenture trustee for CIM Trust 2023-R3 Mortgage-Backed Notes, Series 2023-R3 (Mortgage Holder - 4351 W. 76th St., Unit C1-202/19-27-401-038-1220) shall be joined as defendant with summons waived.
6. Plaintiff City of Chicago's Motion for Deconversion is continued for status.

**IT IS FURTHER ORDERED THAT** this cause be continued for case management to July 8, 2024, at 10:30 AM, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: June 3, 2024

　Greg Janes
**Attorney for Plaintiff**
Corporation Counsel #90909
2 N. LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

Judge _____
　　　　Courtroom 1109
Judge Leonard Murray

JUN 03 2024

Circuit Court - 2100

1 of 1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

CITY OF CHICAGO,
a municipal corporation,
        Plaintiff,

    v.

FORD CITY CONDOMINIUM
ASSOCIATION; *et al.,*
        Defendants.

No:   **23-M1-401241**

Re:   4260-4350 W. FORD CITY DR./
       4260-4351 W.76TH ST.
       Chicago, IL 60652

Courtroom 1109, Richard J Daley Center

## ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

**IT IS HEREBY ORDERED THAT**:

1. An alias summons shall issue to Vijay Rana, Artur Maslanka.
2. Plaintiff City of Chicago's Motion for Deconversion is continued for status.

**IT IS FURTHER ORDERED THAT** this cause be continued for case management to <u>August 5, 2024</u>, at <u>10:30 AM</u>, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: <u>July 8, 2024</u>

<u>Greg Janes</u>
**Attorney for Plaintiff**
Corporation Counsel #90909
2 N. LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

Judge _____
       Courtroom 1109

1 of 1

*Judge Leonard Murray*
*JUL 08 2024*
*Circuit Court - 2100*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

CITY OF CHICAGO,
a municipal corporation,
      Plaintiff,

    v.

FORD CITY CONDOMINIUM
ASSOCIATION; *et al.*,
      Defendants.

No: **23-M1-401241**

Re:   4260-4350 W. FORD CITY DR./
      4260-4351 W.76TH ST.
      Chicago, IL 60652

Courtroom 1109, Richard J Daley Center

### ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

**IT IS HEREBY ORDERED THAT:**

4292   *Plaintiff City of Chicago 7s granted leave to Amend its complaint.*

1. ~~Eva Spatharakis (regarding 19-27-401-038-1132 and 19-27-401-038-1350) and Fany Montilla (regarding 19-27-401-038-1306) shall be joined with summons to issue.~~

6246   2. Plaintiff City of Chicago's Motion for Deconversion is continued for status.

4519   **IT IS FURTHER ORDERED THAT** this cause be continued for case management to September 16, 2024 at 10:30 AM, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: August 5, 2024

**Attorney for Plaintiff**
Corporation Counsel #90909
2 N LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

Judge _____
  Courtroom 1109

**Judge Leonard Murray**

AUG 05 2024

Circuit Court - 2100

1 of 1

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT, FIRST DISTRICT**

CITY OF CHICAGO,
a municipal corporation,
       Plaintiff,

   v.

FORD CITY CONDOMINIUM
ASSOCIATION; *et al.*,
       Defendants.

No:   **23-M1-401241**

Re:   4260-4350 W. FORD CITY DR./
       4260-4351 W.76TH ST.
       Chicago, IL 60652

Courtroom 1109, Richard J Daley Center

## ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

**IT IS HEREBY ORDERED THAT**:

1. Defendant Total Masonry, LLC's (lienholder) Motion to Intervene is hereby withdrawn.
2. Total Masonry LLC granted leave to filed an answer by next court date.
3. Plaintiff City of Chicago's Motion for Deconversion is continued for status.

**IT IS FURTHER ORDERED THAT** this cause be continued for case management to October 28, 2024, at 10:30 AM, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: September 16, 2024

Judge        *Judge Leonard Murray*

Courtroom 1109     SEP 16 2024

                     *Circuit Court - 2100*

  Greg Janes
**Attorney for Plaintiff**
Corporation Counsel #90909
2 N. LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

1 of 1

Order                                    (Rev. 02/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CITY OF CHICAGO

v.                    No. 23 M1 401241

FORD CITY CONDOMINIUM, JR

### ORDER

THIS MATTER APPEARING ON THE CURT CALL FOR STATUS
AND THE COURT BEING ADVISED IN THE PREMISES:
     IT IS HEREBY ORDERED THAT;
     COLLATERAL TRUSTEE, INC IS HEREBY APPOINTED AS
LIMITED TRUSTEE;
     COLLATERAL TRUSTEE, INC IS HEREBY AUTHORIZED TO DEVELOP A
PLAN TO MARKET FOR SALE AN ENTITY OTHER OTHERWISE REFERRED TO AS FORD CITY
CONDOMINIUM ASSOCIATION AND ALL PERSONAL PROPERTY OWNED BY THE ASSOCIATION,
THE PLAN DEVELOPED BY COLLATERAL TRUSTEE, INC SHALL BE SUBMITTED
TO THE COURT FOR REVIEW ON OR BEFORE MARCH 7, 2025.
     FORD CITY CONDOMINIUM ASSOCIATION HAS LEAVE TO FILE CROSS CLAIMS
WITH FILING FEES DEFERRED.
     CITY OF CHICAGO'S MOTION FOR THE CONTEMPT IS CONTINUED GENERALLY.
     THIS MATTER IS CONTINUED FOR STATUS TO FEBRUARY 24, 2025
AT 10:30AM WITHOUT FURTHER NOTICE IN COURTROOM 1106 OR VIA ZOOM
AT 9019364980 PW 059064. 50 W. WASHINGTON ST., CHICAGO, ILLINOIS.

Attorney No.: _____

Name: _____

Atty. for: _____

Address: _____

City/State/Zip: _____

Telephone: _____

ENTERED: _____

Dated: _____ , _____

Judge Leonard Murray
FEB 10 2025
Circuit Court - 2100

Judge _____ Judge's No. _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

CITY OF CHICAGO,
a municipal corporation,
        Plaintiff,

    v.

FORD CITY CONDOMINIUM
ASSOCIATION; *et al.,*
        Defendants.

No:   23-M1-401241

Re:   4260-4350 W. FORD CITY DR./
      4260-4351 W.76TH ST.
      Chicago, IL 60652

Courtroom 1109, Richard J Daley Center

## ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

IT IS HEREBY ORDERED THAT:

1. Receiver Collateral Trustee, Inc shall provide the Court with its plan to market and sell the property to be heard at the next court date.
2. Plaintiff City of Chicago is granted leave to file an amended complaint.
3. ~~An alias summons shall issue to: RGN W76th Chi; LLC (Record owner - 19-27-401-038-1269); James Brown Jr. (Record Owner - 19-27-401-038-1031); AMG IL Properties I, LLC (Tax buyer and record owner - 19-27-401-038-1289).~~
4. William Dorgan is hereby dismissed as party defendant by Agreement

IT IS FURTHER ORDERED THAT this cause be continued for case management to March 10, 2025, at 10:30 AM, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: February 24, 2025

Judge _____
                   Courtroom 1109

  Greg James
**Attorney for Plaintiff**
Corporation Counsel #90909
2 N. LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

Judge Leonard Murray
FEB 2 4 2025
Circuit Court - 2100

1 of 2

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT, FIRST DISTRICT**

CITY OF CHICAGO,
a municipal corporation,
      Plaintiff,

    v.

FORD CITY CONDOMINIUM
ASSOCIATION; *et al.,*
      Defendants.

No: **23-M1-401241**

Re:   4260-4350 W. FORD CITY DR./
      4260-4351 W.76TH ST.
      Chicago, IL 60652

Courtroom 1109, Richard J Daley Center

## ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

**IT IS HEREBY ORDERED THAT(**

1. Plaintiff City of Chicago has leave to file an amended complaint.
2. Limited Receiver Collateral Trustee, Inc. is hereby authorized to move forward with the marketing plan it presented to the Court on March 10, 2025 to receive offers to purchase anarea in Chicago, Illinois known as Ford City Condominium Association (the Association)..
3. The Association shall make its best efforts to determine the presence of unauthorized persons and/or squatters at the development in any of the units or the grounds and provide that information to the City of Chicago.
4. The Association shall insure that every stairway, hallway and exit sign is properly illuminated ard operational.
5. The Association shall insure that every residential unit and every hallway and stairway in the Association is equipped with a functioning smoke and carbon detector.
6. An inspection of Unit C2-504 shall occur on March 21, 2025 between 11:30 a.m. and 1:00 p.m.oon. The Association shall post a notice of this order on the door of that unit to notify the tenants and/or occupants of the inspection.
7. All cars must be removed from the underground parking structure until the fire suppression system is restored.
8. The Association's motion for leave to file a cross-complaint is granted.
9. A pretrial conference on the cross-complaint involving the association and Z Financial shall be held on March 31, 2025 at 11:00 am. Only those parties named in that cross complaint need attend.

**IT IS FURTHER ORDERED THAT** this cause be continued for case management to <u>April 21, 2025</u>, at <u>10:30 AM</u>, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: <u>March 10, 2025</u>

Judge _____

    Leonard Murray

<u>  Greg Janes  </u>
**Attorney for Plaintiff**
Corporation Counsel #90909
2 N. LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

Judge Leonard Murray

MAR 1 0 2025

Circuit Court - 2100

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT, FIRST DISTRICT**

CITY OF CHICAGO,
a municipal corporation,
      Plaintiff,

    v.

FORD CITY CONDOMINIUM
ASSOCIATION; *et al.,*
      Defendants.

No:   **23-M1-401241**

Re:   4260-4350 W. FORD CITY DR./
      4260-4351 W.76TH ST.
      Chicago, IL 60652

Courtroom 1109, Richard J Daley Center

## ORDER

The Court having jurisdiction over the subject matter and being fully advised in the premises:

**IT IS HEREBY ORDERED THAT**:

1.    The matter is held on call.
2.    The April 28, 2025 court date is stricken.

**IT IS FURTHER ORDERED THAT** this cause be continued for case management to <u>May 12, 2025</u>, at <u>10:30 AM</u>, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: <u>April 23, 2025</u>

  <u>Greg Janes</u>
**Attorney for Plaintiff**
Corporation Counsel #90909
2 N. LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

Judge _____

Courtroom 1109

Judge Leona ...

APR 23 2025

Circuit Court - 2100

1 of 1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

CITY OF CHICAGO,
a municipal corporation,
      Plaintiff,

   v.

FORD CITY CONDOMINIUM
ASSOCIATION; *et al.,*
      Defendants.

No:  **23-M1-401241**

Re:  4260-4350 W. FORD CITY DR./
      4260-4351 W.76TH ST.
      Chicago, IL 60652

Courtroom 1109, Richard J Daley Center

### ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

**IT IS HEREBY ORDERED THAT**:

by agreement

1. DLJ Mortgage Capital, Inc. is hereby dismissed as to 19-27-401-038-1047 and 19-27-401-038-1233.
2. REO Acquisition II, LLC is hereby joined with summons to issue (19-27-401-038-1047 and 19-27-401-038-1233).
3. Center for Shared Ownership is to arrange a space near the subject property for a meeting with owners directly.
4. City has leave to file Amended complaint.

**IT IS FURTHER ORDERED THAT** this cause be continued for case management to July 7, 2025, at 10:30 AM, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: June 2, 2025

  Greg Janes
**Attorney for Plaintiff**
Corporation Counsel #90909
2 N. LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

Judge _____
              Courtroom 1109

Judge Leonard Murray

JUN 02 2025

Circuit Court - 2100

1 of 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
**MUNICIPAL DEPARTMENT--FIRST DISTRICT**

THE CITY OF CHICAGO, a municipal corporation, )
                  Plaintiff, )
                   )
v. **Ford City Condo. Assoc.** )
            *et al.*, )
                Defendant(s). )

No: **23** M1 **401241**

Re: **4300 W Ford City**

Courtroom 11 **09**, Richard J. Daley Center

### ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant(s), being fully advised in the premises, and having heard evidence and testimony:

**IT IS HEREBY ORDERED THAT** Defendant(s) **Ford City Condo. Assoc.**

[ ] Must appear in person or by Zoom before this Court on the next court date. Corporate entities must appear through an attorney.
[ ] Must file a written appearance within _____ days  [ ] Is granted leave to file a written appearance instanter.
[ ] Must schedule and be present for an interior / exterior inspection of the entire premises with the Dept of Buildings with plans and permits on site, before the next court date or on _____. To schedule an inspection, contact the inspector at: _____@cityofchicago.org or (312) _____.
[ ] Must correct the following violations in the complaint: _____ before the next court date or by _____
[ ] Must apply for / obtain all necessary permits for _____ by the next court date.
[ ] Must install all smoke and carbon monoxide detectors required by the Municipal Code within _____.
[ ] Shall be subject to a preliminary injunction not to rent, use, lease, or occupy the _____ until further order of court and keep same vacant and secure.
[ ] Must [ ] keep entire property vacant and secure [ ] board and secure the _____ by _____.
[ ] Must immediately post notice at all levels of the front / rear porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage and maintain such notice until further order of court.
[ ] _____

**ADDITIONALLY, THAT:**

[ ] All prior orders shall continue in full force and effect until further order of court.
[ ] An alias summons shall issue to: _____
[ ] The following shall be joined as defendant(s) with summons waived / to issue: _____
[ ] The following defendants are dismissed without prejudice, no fines, no costs: _____
[ ] Defendant(s) _____ has / have failed to appear in court or otherwise answer the Complaint and is / are in default, and the Complaint herein is confessed against said Defendant(s) and
    [ ] an ex parte judgment in the amount of $ _____.00 plus court costs of $ _____.00  [ ] prove-up is continued
    for a total amount of $ _____.00 is entered against said Defendant(s).  to a later date.
[ ] Unknown owners and nonrecord claimants and _____ having failed to appear in court or otherwise plead as of the publication default date of ___/___/___ is/are in default and the complaint is confessed against said Defendant(s).
[X] **Association's cross claims set for prove-up on 7/28/2025.**

This cause be continued for: case management / trial, settlement, or dismissal / hearing / jurisdiction.
IT IS FURTHER ORDERED THAT this cause be continued to **7** / **28** / **2025** at **10:30** a.m./~~p.m.~~,
Courtroom 11 **09**, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE: **7** / **7** / **2025**

By **Greg Jones**
Attorney for Plaintiff, Corporation Counsel #90909
2 N. LaSalle St., Ste. 320
Chicago, IL 60602  (312) 744-8791

Judge Leonard Murray

JUL 07 2025

Judge Murray Circuit Court - 2160

Pink Copy for Defendant(s) (photocopy if required)  Yellow Copy for City of Chicago Department of Law  White Original for Court Records

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### MUNICIPAL DEPARTMENT, FIRST DISTRICT

CITY OF CHICAGO,
a municipal corporation,
   Plaintiff,

  v.

FORD CITY CONDOMINIUM
ASSOCIATION; *et al.,*
   Defendants.

No: **23-M1-401241**

Re: 4260-4350 W. FORD CITY DR./
   4260-4351 W.76TH ST.
   Chicago, IL 60652

Courtroom 1109, Richard J Daley Center

### ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

**IT IS HEREBY ORDERED THAT**:

1. The judge is taking the limited receiver's bid package under advisement. The Court will hold a meeting with the unit owners on July 31, 2025 at 7:00 pm via Zoom to discuss the current bid.
2. Plaintiff City of Chicago's Motion for Deconversion is continued.
3. The Association's cross-complaints for eviction are continued to the next court date.
4. Units taken over by squatters to be vacated per separate order.

**IT IS FURTHER ORDERED THAT** this cause be continued for case management to August 4, 2025, at 10:30 AM, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: July 28, 2025

Judge _____
     Judge Leonard Murray
   Courtroom 1109 JUL 28 2025
     Circuit Court - 2100

 Greg Janes
**Attorney for Plaintiff**
Corporation Counsel #90909
2 N. LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

1 of 2

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT–FIRST DISTRICT

Pink Copy for Defendant(s) (photocopy if required)

Yellow Copy for City of Chicago Department of Law

White Original for Court Records

THE CITY OF CHICAGO, a municipal corporation,
Plaintiff,

v. Ford City Condo. Assoc.

et al.,
Defendant(s).

No: 23 M1 401241

Re: 4100 W. Ford City

Courtroom 11 09 , Richard J. Daley Center

### ORDER TO VACATE PREMISES

This cause coming to be heard on the set call, the Court having jurisdiction over the below-named defendant(s) and the subject matter, being fully advised in the premises, and having heard evidence and testimony,

THE COURT FINDS THAT:

1. the subject premises fails to meet minimum standards of health and safety as set forth in the applicable provisions of the Municipal Code of the City of Chicago and as stated in the complaint herein; and

2. the City has demonstrated by competent evidence that an imminent threat to health, safety, and welfare of tenants and occupants exists at the subject premises.

IT IS THEREFORE ORDERED THAT Defendant(s) Occupants of 4263 W.76th St. Unit D2-206; 4263 W.76th St. Unit D2-106; 4263 W. 76th St. Unit D2-103 :

1. Shall cause the following area(s) of the subject premises to be vacated: 4263 Units D2-206; D2-106, D2-103
   [ ] immediately.  [ ] within _____ hours.  [X] by 8 / 6 / 2025 at Noon

2. Shall maintain these vacated area(s) in a vacant and secure condition until further order of court.

3. Shall maintain all utilities (including but not limited to electricity, water, gas, and heat) to all areas of the subject premises covered by this order until such time as those areas are fully vacant and unoccupied.

4. Shall allow representatives from the City Department of Family Support Services onto the subject premises and shall not interfere with those representatives as they assist tenants and occupants in vacating the premises.

5. The City of Chicago shall be held harmless for any incidental damage that may occur in the execution of this order.

[ ] If the above named Defendant(s) do/does not vacate and secure the subject premises by _____ / _____ / _____ then the City of Chicago is authorized to do so. Pursuant to 65 ILCS 5/11-31-1(a), all costs incurred by the City in executing this order, including court costs and attorney's fees, shall be a priority lien on the subject property. The City is granted leave to file a motion seeking approval of any and all costs incurred in the execution of this order.

[X] The City of Chicago is authorized to enforce this vacate order with the assistance of various city departments, including but not limited to: the Chicago Police Department, the Department of Buildings, the Department of Family and Support Services, and the Department of Streets and Sanitation.

[ ] _____

[ ] _____

IT IS FURTHER ORDERED THAT this cause be set for hearing on 8 / 4 / 2025 at 10:30 a.m./ p.m., Courtroom 11 09 , Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE: 7 / 28 / 2025

By: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700 320
Chicago, IL 60602  (312) 744-8791

2 of 2

Judge Leonard Murray

JUL 28 2025

Circuit Court - 2100
Courtroom 11-09

Judge  Murray

FORM BLE.3002  rev. 4/2012

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT, FIRST DISTRICT**

CITY OF CHICAGO,
a municipal corporation,
        Plaintiff,
   v.
FORD CITY CONDOMINIUM
ASSOCIATION; *et al.,*
        Defendants.

No:   **23-M1-401241**

Re:   4260-4350 W. FORD CITY DR./
       4260-4351 W.76TH ST.
       Chicago, IL 60652

Courtroom 1109, Richard J Daley Center

## ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

**IT IS HEREBY ORDERED THAT**:

1. Defendant Ford City Condominium Association waives the right to respond to the Plaintiff City of Chicago's Motion to Deconvert.
2. Collateral Trustee, the limited receiver, is authorized to proceed to negotiate the terms of a sales contract with the current high bidder. ~~The receiver is not authorized to execute the contract without express approval of the Court.~~
3. The association shall report on its efforts to restore the elevator service in building C1 on the next court date.
4. Plaintiff City of Chicago's Motion to Deconvert is continued.
5. The Court's order to vacate units 4261 W. 76th St. D2-206, D2-106, and D2-103 at the subject property, entered on 7/28/2025, is hereby vacated.

**IT IS FURTHER ORDERED THAT** this cause be continued for case management to August 11, 2025, at 10:30 AM, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: August 4, 2025

Judge _____
Courtroom 1109

Judge Leonard Murray

AUG 0 4 2025

Circuit Court - 2100

 Greg Janes
**Attorney for Plaintiff**
Corporation Counsel #90909
2 N. LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

1 of 2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

CITY OF CHICAGO,
a municipal corporation,
        Plaintiff,
    v.
FORD CITY CONDOMINIUM
ASSOCIATION; *et al.,*
        Defendants.

No:   **23-M1-401241**

Re:   4260-4350 W. FORD CITY DR./
       4260-4351 W.76TH ST.
       Chicago, IL 60652

Courtroom 1109, Richard J Daley Center

## ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

**IT IS HEREBY ORDERED THAT**:

1. Plaintiff City of Chicago's Motion to Deconvert is continued.

**IT IS FURTHER ORDERED THAT** this cause be continued for case management to August 18, 2025, at 10:30 AM, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: August 11, 2025

Judge _____
Judge Leonard Murray
Courtroom 1109 1 1 2025
Circuit Court - 2100

  Greg Janes
**Attorney for Plaintiff**
Corporation Counsel #90909
2 N. LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

1 of 1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

**CITY OF CHICAGO,**
**a municipal corporation,**
        **Plaintiff,**

    v.

**FORD CITY CONDOMINIUM**
**ASSOCIATION;** *et al.,*
        **Defendants.**

**No:**   **23-M1-401241**

**Re:**   **4260-4350 W. FORD CITY DR./**
       **4260-4351 W.76TH ST.**
       **Chicago, IL 60652**

**Courtroom 1109, Richard J Daley Center**

### ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

**IT IS HEREBY ORDERED THAT**:

1. On August 4, 2025, pursuant to the City's filed motion pursuant to the Distressed Condo Act, the Court found that the condo association was a Distressed Condominium as defined by the code. The Court found that there are significant dangerous and hazardous building code violations present at the property and that the utilities were threatened with termination.
2. Nothing in the court's prior order alters the requirement for all unit owners to pay assessments and ~~the~~ this order does not abridge or limit the association's ability or remedies for collecting assessments.
3. The limited receiver shall file with court a proposed contract to sell the property on or before September 2, 2025. The proposed contract will be discussed at a hearing on September 8, 2025 at 10:30 am.
4. The association's collection matters are continued to August 25, 2025.

**IT IS FURTHER ORDERED THAT** this cause be continued for case management to <u>August 25, 2025</u>, at <u>10:30 AM</u>, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: <u>August 18, 2025</u>

Judge _____
        Courtroom 1109

*Judge Leonard Murray*
*AUG 1 8 2025*
*Circuit Court - 2100*

<u> Greg Janes </u>
**Attorney for Plaintiff**
Corporation Counsel #90909
2 N. LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

1 of 1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### MUNICIPAL DEPARTMENT, FIRST DISTRICT

| | |
|---|---|
| CITY OF CHICAGO,<br>a municipal corporation,<br>      Plaintiff,<br>  v.<br>FORD CITY CONDOMINIUM<br>ASSOCIATION; *et al.,*<br>      Defendants. | No:   **23-M1-401241**<br><br>Re:   4260-4350 W. FORD CITY DR./<br>       4260-4351 W.76TH ST.<br>       Chicago, IL 60652<br><br>Courtroom 1109, Richard J Daley Center |

## ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant being fully advised in the premises:

**IT IS HEREBY ORDERED THAT**:

1. All parties granted 21 days to respond to the City's Motion to Deconvert, the City's Motion for Receiver to Market and Sell, and the City's Amended Complaint.

2. ~~The association's collection actions are continued.~~

**IT IS FURTHER ORDERED THAT** this cause be continued for case management to <u>October 6, 2025</u>, at <u>10:30 AM</u>, in courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

Hearing Date: <u>September 8, 2025</u>

  <u>Greg Janes</u>
**Attorney for Plaintiff**
Corporation Counsel #90909
2 N. LaSalle, Room 320
Chicago, IL 60602
(312) 744-8791

Judge _____
Courtroom 1109    Judge Leonard Murray

SEP 08 2025
Circuit Court - 2100

1 of 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT--FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
Plaintiff,

v. Ford City, Condo. Assoc.

et al.,
Defendant(s).

No: 23 M1 401241

Re: 4300 W. Ford City

Courtroom 11 09, Richard J. Daley Center

## ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the below-named defendant(s) and the subject matter, being fully advised in the premises, and having heard evidence and testimony:

IT IS HEREBY ORDERED THAT:

① All parties to respond to filed pleadings by October 29, 2025.

② City of Chicago granted leave to respond to Diamoref Shobl LLP's filed objections within 14 days.

③ There will be a hearing on the City's motion to unitctr sell and the purchase and sale agreement (PSA) on the next court date.

IT IS FURTHER ORDERED THAT this cause be continued to __11__/ __3__ / __2025__ at __10:30__ [a.m/ p.m.
Courtroom 11 09 , Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE: __10__/ __6__ / __2025__

By: __John R. Slagle__
Attorney for Plaintiff
Corporation Counsel #90909
2 N. LaSalle St., Ste. 320
Chicago, IL 60602   (312) 744-8791

Judge Leonard Murray

OCT 06 2025

Circuit Court - 2100
Judge Murray

Courtroom 11 09

FORM BLE.1002

First Copy for Defendant(s) (pink copy of original)

Yellow Copy for Clerk of Chicago Department of Law

White Original for Court Records

Hearing Time: 10:30 a.m.
October 6, 2025

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DIVISION, FIRST DISTRICT

| | | |
|---|---|---|
| City of Chicago, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20231401241 |
| | ) | |
| v. | ) | |
| | ) | *Order as to Eviction Crossclaims* |
| Ford City Condominium Association, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter coming before the Court on status of the various eviction crossclaims, and return on posting, IT IS SO ORDERED:

1. The eviction crossclaims as to the following owners and addresses shall be continued for prove up and/or status, where applicable, on October 20, 2025 at 10:30 a.m. in Courtroom 1109 of the Richard J. Daley Center, 50 W. Washington Street, Chicago, IL 60602, or by Zoom:

   www.Zoom.com
   Meeting ID: 997 7936 4780
   Password: 652062
   Phone (312) 626-6799

   Owners and Addresses:

| Muneeb Alam and Zeshen Mallhi | 4300 West Ford City Drive, Unit A-306 |
|---|---|
| Iosif Toader, Florita Toader and Emilia R. Codos | 4300 West Ford City Drive, Unit A-201 |
| Mohammed Abubaker | 4281 West 76th Street, Unit C2-207 |
| James Frank Dalu | 4300 West Ford City Drive, Unit A-707 |
| Joyce Bowles Revocable Living Trust dated July 26, 2011 | 4281 76th Street, Unit C2-403 |
| Arcadia Management Group, LLC | 4300 West Ford City Drive, Unit A-202 |
| Chicago Title Land Trust Company as Trustee of Trust No. 8002382660 | 4280 West 76th Street, Unit B2-508 |
| Gabriela SantaMaria and Abraham E. SantaMaria | 4300 West Ford City Drive, Unit A-705 |
| Kierra Barnes | 4281 West 76th Street, Unit C2-501 |
| Jorge Iniguez and Alejandra Guzman | 4351 West 76th Street, Unit C1-502 |

2. Ford City Condominium Association may file additional crossclaims.

Dated: October 6, 2025

ENTERED:

Judge Leonard Murray
OCT 06 2025
Circuit Court - 2100

_____
Judge Leonard Murray

James R. Stevens
condo@burkelaw.com
**Burke, Warren, MacKay & Serritella, P.C.**
330 North Wabash Avenue, Suite 2100
Chicago, IL 60611 / 312-876-6681 / Attorney No. 41704

19737\00001\4912-0558-7056.v1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT – FIRST DISTRICT

| | |
|---|---|
| **CITY OF CHICAGO,** | ) |
| | ) **Case No. 23 M1 401241** |
| **Plaintiff,** | ) |
| | ) **Property:** |
| **v.** | ) **4260-4350 W. Ford City Drive/** |
| | ) **4260-4351 W. 76th Street** |
| **FORD CITY CONDOMINIUM** | ) **Chicago, Illinois 60652** |
| **ASSOCIATION,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF APPEARANCE AS COUNSEL FOR
## FEDERAL HOME LOAN MORTGAGE CORPORATION

Kevin M. Hudspeth and the law firm of Dinsmore & Shohl LLP hereby enter their appearance as counsel on behalf of Federal Home Loan Mortgage Corporation.

Respectfully submitted,

/s/ Kevin M. Hudspeth
Kevin M. Hudspeth (6294652)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Tel: (513) 977-8461
Fax: (513) 977-8141
Email: kevin.hudspeth@dinsmore.com
*Attorneys for Federal Home Loan Mortgage Corporation*

## <u>CERTIFICATE OF SERVICE</u>

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that before **5:00 p.m.** on **October 31, 2025**, a true and accurate copy of the foregoing was served pursuant to Ill. Sup. Ct. R. 11(c)(1)(ii) via email initiated by the undersigned to the email address of each party identified below, or pursuant to Ill. Sup. Ct. R. 11(c)(2)(ii) by depositing the document in a United States post off box in Cincinnati, Ohio, enclosed in an envelope to the address of each party identified below, with postage fully prepaid, or by delivery of the documents through a third-party commercial carrier to the address of each party identified below, with delivery charge fully prepaid.

See attached Service List.

/s/ Jenna Gerstle
Jenna Gerstle

2

## SERVICE LIST

BMO Harris N.A.
Egan & Alaily LLC
clerk@ea-atty.com

BMO Bank N.A.
Egan & Alaily LLC
clerk@ea-atty.com

Midland Federal Savings & Loan Association
As Trustee of Trust No. 1484
Michael J. Goldstein & Associates
mjg@mjglaw.com

JP Morgan Chase Bank, N.A.
Burke Warren macKay & Seritella, PC
sshifrin@burkelaw.com

First American Bank
Martin D. Tasch
pleadingmdt@momkus.com
mtasch@momkus.com

Countrywide Home Loans, Inc.
Nationstar Mortgage, LLC
Dykema Gossett PLLC
ksimpson@dykema.com

The Huntington National Bank
Weltman, Weinberg & Reis Co., L.P.A.
chicks@weltman.com
chicagolaw@weltman.com

Julius A. Hannon II
Bil Boguslaw
Anthony J. Peraica & Associates, Ltd.
support@peraica.com

DLJ Mortgage Capital, Inc.
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

City of Chicago
greg.janes@cityofchicago.org
john.slagle@cityofchicago.org

John Suzuki
Collateral Trustee Inc.
suzuki@collateraltrustee.com

Christopher Russell
cruss65@gmail.com

Karen Russell
the2russells@yahoo.com

Irena Bagdady
irenabagdady@gmail.com
bryan@celsinfo.com

Joanna Stallworth-Lillybridge
joannastallworth@hotmail.com

Mayowa Okobie
mfourj@yahoo.com

Michael Rzasa
mik232323@hotmail.com
mr4134@comcast.net

Minerva Orduno
minervaorduno78@gmail.com

Myron Coleman
myroncole02@gmail.com

Pauline Prater
sheabprater@gmail.com

Shirley Ann Waheed
shirley.waheed1621@yahoo.com

Toni Green
Alicia Green
Michael Green
tonigreen123456@gmail.com

Mortgage Electronic Registration Systems, Inc.
Citibank, NA
CitiMortgage, Inc.
Citibank, FSB
Heavner, Beyers & Mihlar LLC
sarahstack@hsbattys.com

The Bank of New York Mellon, Successor to the Bank of New York, Not In Its Individual Capacity But Solely As Trustee on Behalf of the Holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1
Smith & Weik, LLC
csmith@smithweiklaw.com

Gregory LaPapa
Mitchell F. Asher
mickey@mitchellasher.com

Federal Home Loan Mortgage Corporation, as Trustee for the Benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2019-3
Smith & Weik, LLC
csmith@smithweiklaw.com

Wilmington Savings Fund Society, FSB Not In Its Individual Capacity But Solely as Indenture Trustee for CIM Trust 2023-R3 Mortgage-Backed Notes, Series 2023-R3
Smith & Weik, LLC
csmith@smithweiklaw.com

The Bank of New York Mellon, as Trustee for The Bear Stearns Asset Backed Securities Trust 2002-2, Asset Backed Certificates, Series 2002-2
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

Winston McKoy
winston-mckoy@yahoo.com

Erica Salinas
angelsmusic@att.net

Sabine Desir
sdesir1@yahoo.com

Maureen Zopf POA for Edward Coleman
mozopf@att.net

Rodolfo Chavez
chavez8705@gmail.com

Samantha Bates dba The Road to Righteousness Foundation Inc.
road2righteousness@yahoo.com

Thelma Swims
tswims550@gmail.com

Ahmad Nur
ahmad.a.nur@gmail.com

Bruce Lance II
bunki4280@cox.net

Gabriela/Abraham Santamaria
soyimagen@gmail.com

Hatuey McKoy
hatuey_mckoy@yahoo.com

Hilda M. Zmora
zmorah@yahoo.com

Irene Jones
treasashaw1959@gmail.com

Javier Urbina
jurbinaazul3@gmail.com

4

Deutsche Bank National Trust Company, as
Trustee, in Trust for Registered Holders of
Long Beach Mortgage Loan Trust 2005-2
Asset-Backed Certificates, Series 2005-2
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

U.S. Bank National Association, as Trustee
Successor in Interest to Bank of America, as
Trustee for Structured Asset Investment Loan
Trust Mortgage Pass-Through Certificates,
Series 2004-7
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

Forethought Life Insurance Company
Smith & Weik, LLC
csmith@smithweiklaw.com

Ford City Condominium Association
Burke Warren macKay & Seritella, PC
jstevens@burkelaw.com

Citibank, N.A., as Successor by Merger to
Citibank, F.S.B.,
CitiMortgage, Inc.
alexa.thein@bclplaw.com
steve.trubac@bclplaw.com

Zofia Modrzejewska
Desiree Sanchez
Roberta Sweeper
Ziad H. Al Khatib
Carla M. Davis
Hector Botello
Maria E. Rodriguez Ramos
Ina Wise
Juan Carlos Camarena
Antony J. Peraica & Associates, Ltd
support@peraica.com

Joyce Lance
bunki4280@cox.net

Diane Devroe
ladydiscakes@aol.com

Diane L. Todd
dianet0545@att.net

Gregory Castile
g_castile@yahoo.com

Lorene Mims
quianasowell@aol.com

Louis Hemmerich
lewhemm@aol.com

Manuela D. Tayolor-Williams
ladydi0802@gmail.com

Takada Dixon
takadaepps@gmail.com

Aleem Waheed
aw7153090@gmail.com

Brenda J. Allen-Ballard
4350 W. Ford City Drive, Unit 506
Chicago, Illinois 60652

Manna Property Investment LLC
Zac Law PC
az@zaclawpc.com

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT – FIRST DISTRICT**

| | | |
|---|---|---|
| **CITY OF CHICAGO,** | ) | **Case No. 23 M1 401241** |
| **Plaintiff,** | ) | |
| | ) | **Property:** |
| **v.** | ) | **4260-4350 W. Ford City Drive/** |
| | ) | **4260-4351 W. 76th Street** |
| **FORD CITY CONDOMINIUM** | ) | **Chicago, Illinois 60652** |
| **ASSOCIATION,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

I, Dean Meyer, under penalty of perjury, declare as follows:

1.    My name is Dean Meyer. I have personal knowledge of and am competent to testify as to the matters stated herein by virtue of my position as Director, Loss Mitigation for Federal Home Loan Mortgage Corporation ("Freddie Mac"), a corporation organized and existing under the laws of the United States.

2.    As Director, Loss Mitigation for Freddie Mac, I am familiar with certain Freddie Mac systems and databases that contain data regarding loans acquired and owned by Freddie Mac. This declaration is based upon my review of Freddie Mac's systems and databases containing loan information.

3.    Entries in Freddie Mac's systems and corresponding databases are made at or near the time of the events recorded by, or from information transmitted by, persons with knowledge. Freddie Mac's systems and databases are maintained and kept in the course of Freddie Mac's regularly conducted business activity, and it is the regular practice of Freddie Mac to keep and maintain information regarding loans owned by Freddie Mac.

4.    I have reviewed Freddie Mac's systems and corresponding databases, including the documents referenced below, which are print-outs from Freddie Mac systems. Freddie Mac's systems and corresponding databases reflect the following:

1

**4262 W Ford City Dr, Unit 107**
**Chicago, IL 60652**

5.      On or about May 6, 1999, Irene M. Rufus ("Borrower #1") obtained a loan from Bank of America, FSB ("Lender #1") in the amount of $53,700. As part of the loan, Borrower #1 executed a note dated May 6, 1999 in favor of Lender #1 ("Note #1"). Note #1 is secured by real property located at 4262 W Ford City Dr, Unit 107, Chicago, IL 60652.

6.      Borrower #1 executed a mortgage deed (collectively with Note #1 and any other documents executed by Borrower #1 in connection with the loan, "Loan #1") on or about May 6, 1999 in connection with Note #1, which was recorded on or about May 21, 1999 with the Cook County Recorder of Deeds as document number 99493548. Lender #1 assigned its interests in Loan #1 to M&T Bank[1] by Assignment of Mortgage dated January 24, 2012 and recorded on or about April 11, 2012 with the Cook County Recorder of Deeds as document number 1210239158.

7.      As indicated by the "Funding Date" appearing on page 1 of the print-out from Freddie Mac's MIDAS system pertaining to Freddie Mac's purchase of Loan #1, Freddie Mac acquired ownership of Loan #1 on or about July 31, 2001, and has owned it ever since. A true and correct copy of the print-out from Freddie Mac's MIDAS system pertaining to Freddie Mac's purchase of Loan #1 is attached hereto as Exhibit 1-A. I also am familiar with Freddie Mac's Single-Family Seller/Servicer Guide (the "Guide"). The Guide defines "Funding Date" as the date when Freddie Mac disburses payment to the seller for a loan purchased by Freddie Mac.

8.      As indicated by the "Servicer NBR 156665" appearing on page 1 of the print-out from Freddie Mac's MIDAS system attached hereto as Exhibit 1-A, which identifies the current servicer by "Servicer NBR 156665," Lakeview Loan Servicing, LLC is the current servicer who is servicing Loan #1, pursuant to the Guide, on behalf of Freddie Mac. A true and correct copy of the print-out from Freddie Mac's MIDAS system identifying Lakeview Loan Servicing, LLC by Servicer Number 156665 is attached hereto as Exhibit 1-B.

---

[1] M&T Bank is the current sub-servicer of mortgage loans serviced by Lakeview Loan Servicing, LLC.

9.      Since it acquired Loan #1 on or about July 31, 2001, Freddie Mac did not sell Loan #1 and never authorized Lender, Lakeview Loan Servicing, LLC, or any other servicers of Loan #1 to convey Loan #1 to any other entity.

**4350 W Ford City, Unit 108**
**Chicago, IL 60652**

10.     On or about December 29, 2003, Leticia Gamboa nee Solis ("Borrower #2") obtained a loan from Charter One Bank, N.A. ("Lender #2") in the amount of $87,300. As part of the loan, Borrower #2 executed a note dated December 29, 2003 in favor of Lender #2 ("Note #2"). Note #2 is secured by real property located at 4350 W Ford City, Unit 108, Chicago, IL 60652.

11.     Borrower #2 executed a mortgage deed (collectively with Note #2 and any other documents executed by Borrower #2 in connection with the loan, "Loan #2") on or about December 29, 2003 in connection with Note #2, which was recorded on or about January 21, 2004 with the Cook County Recorder of Deeds as document number 0402104265.

12.     As indicated by the "Funding Date" appearing on page 1 of the print-out from Freddie Mac's MIDAS system pertaining to Freddie Mac's purchase of Loan #2, Freddie Mac acquired ownership of Loan #2 on or about May 12, 2005, and has owned it ever since. A true and correct copy of the print-out from Freddie Mac's MIDAS system pertaining to Freddie Mac's purchase of Loan #2 is attached hereto as Exhibit 2-A. I also am familiar with the Guide, which defines "Funding Date" as the date when Freddie Mac disburses payment to the seller for a loan Freddie Mac purchased.

13.     As indicated by the "Servicer NBR 135481" appearing on page 1 of the print-out from Freddie Mac's MIDAS system attached hereto as Exhibit 2-A, which identifies the current servicer by "Servicer NBR 135481," Citizens Bank, NA is currently servicing Loan #2, pursuant to the Guide, on behalf of Freddie Mac. A true and correct copy of the print-out from Freddie Mac's MIDAS system identifying Citizens Bank, NA by Servicer Number 135481 is attached hereto as Exhibit 2-B.

14.     Since it acquired Loan #2 on or about May 12, 2005, Freddie Mac did not sell Loan #2 and never authorized Lender, Citizens Bank, NA, or any other servicers of Loan #2 to convey Loan #2 to any other entity.

**4300 W Ford City Dr, Unit 1310**
**Chicago, IL 60652**

15.     On or about September 6, 2005, Julius Hannon ("Borrower #3") obtained a loan from ABN AMRO Mortgage Group, Inc. ("Lender #3") in the amount of $88,500.  As part of the loan, Borrower #3 executed a note dated September 6, 2005 in favor of Lender #3 ("Note #3"). Note #3 is secured by real property located at 4300 W Ford City Dr, Unit 1310, Chicago, IL 60652.

16.     Borrower #3 executed a mortgage deed (collectively with Note #3 and any other documents executed by Borrower #3 in connection with the loan, "Loan #3") on or about September 6, 2005 in connection with Note #3, which was recorded on or about September 23, 2005 with the Cook County Recorder of Deeds as document number 0526613054.

17.     As indicated by the "Funding Date" appearing on page 1 of the print-out from Freddie Mac's MIDAS system pertaining to Freddie Mac's purchase of Loan #3, Freddie Mac acquired ownership of Loan #4 on or about September 22, 2005, and has owned it ever since.  A true and correct copy of the print-out from Freddie Mac's MIDAS system pertaining to Freddie Mac's purchase of Loan #3 is attached hereto as Exhibit 3-A.  I also am familiar with the Guide, which defines "Funding Date" as the date when Freddie Mac disburses payment to the seller for a loan Freddie Mac purchased.

18.     As indicated by the "Servicer NBR 427605" appearing on page 1 of the print-out from Freddie Mac's MIDAS system attached hereto as Exhibit 3-A, which identifies the current servicer by "Servicer NBR 427605," Citimortgage, Inc. is currently servicing Loan #3, pursuant to the Guide, on behalf of Freddie Mac.  A true and correct copy of the print-out from Freddie Mac's MIDAS system identifying Citimortgage, Inc. by Servicer Number 212544 is attached hereto as Exhibit 3-B.

19.     Since it acquired Loan #3 on or about September 22, 2005, Freddie Mac did not sell Loan #3 and never authorized Lender, Citimortgage Inc. or any other servicers of Loan #3 to convey Loan #3 to any other entity.

**4300 W Ford City Dr, Unit 601**
**Chicago, IL 60652**

20.     On or about September 28, 2012, Deborah Farrow ("Borrower #4") obtained a loan from Citibank, N.A. ("Lender #4") in the amount of $57,500.  As part of the loan, Borrower #4 executed a note dated September 28, 2012 in favor of Lender #4 ("Note #4").  Note #4 is secured by real property located at 4300 W Ford City Dr, Unit 601, Chicago, IL 60652.

21.     Borrower #4 executed a mortgage deed (collectively with Note #4 and any other documents executed by Borrower #4 in connection with the loan, "Loan #4") on or about September 28, 2012 in connection with Note #4, which was recorded on or about October 22, 2012 with the Cook County Recorder of Deeds as document number 1229655024.

22.     Mortgage Electronic Registration Systems, Inc. was beneficiary in a nominee capacity for Lender #4 and Lender #4's successors and assigns.

23.     As indicated by the "Funding Date" appearing on page 1 of the print-out from Freddie Mac's MIDAS system pertaining to Freddie Mac's purchase of Loan #4, Freddie Mac acquired ownership of Loan #4 on or about November 14, 2012, and has owned it ever since.  A true and correct copy of the print-out from Freddie Mac's MIDAS system pertaining to Freddie Mac's purchase of Loan #4 is attached hereto as Exhibit 4-A.  I also am familiar with the Guide, which defines "Funding Date" as the date when Freddie Mac disburses payment to the seller for a loan Freddie Mac purchased.

24.     As indicated by the "Servicer NBR 427605" appearing on page 1 of the print-out from Freddie Mac's MIDAS system attached hereto as Exhibit 4-A, which identifies the current servicer by "Servicer NBR 427605," Citimortgage Inc. is currently servicing Loan #4, pursuant to the Guide, on behalf of Freddie Mac.  A true and correct copy of the print-out from Freddie Mac's

MIDAS system identifying Citimortgage Inc. by Servicer Number 427605is attached hereto as Exhibit 4-B.

25.     Since it acquired Loan #4 on or about November 14, 2012, Freddie Mac did not sell Loan #4 and never authorized Lender, Citimortgage Inc., or any other servicers of Loan #4 to convey Loan #4 to any other entity.

**4300 W Ford City Dr, Unit 1502**
**Chicago, IL 60652**

26.     On or about October 6, 2005, William D. O'Donnell ("Borrower #5") obtained a loan from 1st Advantage Mortgage, L.L.C. d/b/a Mortgage Services Illinois, L.L.C. ("Lender #5") in the amount of $50,000.  As part of the loan, Borrower #2 executed a note dated October 6, 2005 in favor of Lender #5 ("Note #5").  Note #5 is secured by real property located at 4300 W Ford City Dr, Unit 1502, Chicago, IL 60652.

27.     Borrower #5 executed a mortgage deed (collectively with Note #5 and any other documents executed by Borrower #5 in connection with the loan, "Loan #5") on or about October 6, 2005 in connection with Note #5, which was recorded on or about November 2, 2005 with the Cook County Recorder of Deeds as document number 0530642152.

28.     Mortgage Electronic Registration Systems, Inc. was beneficiary in a nominee capacity for Lender #5 and Lender #5's successors and assigns.

29.     As indicated by the "Funding Date" appearing on page 1 of the print-out from Freddie Mac's MIDAS system pertaining to Freddie Mac's purchase of Loan #5, Freddie Mac acquired ownership of Loan #5 on or about November 10, 2005, and has owned it ever since.  A true and correct copy of the print-out from Freddie Mac's MIDAS system pertaining to Freddie Mac's purchase of Loan #5 is attached hereto as Exhibit 5-A.  I also am familiar with the Guide, which defines "Funding Date" as the date when Freddie Mac disburses payment to the seller for a loan Freddie Mac purchased.

30.     As indicated by the "Servicer NBR 877903" appearing on page 1 of the print-out from Freddie Mac's MIDAS system attached hereto as Exhibit 5-A, which identifies the current

6

servicer by "Servicer NBR 877903," JPMorgan Chase Bank, National Association is currently servicing Loan #5, pursuant to the Guide, on behalf of Freddie Mac. A true and correct copy of the print-out from Freddie Mac's MIDAS system identifying JPMorgan Chase Bank, National Association by Servicer Number 877903 is attached hereto as Exhibit 5-B.

31. Since it acquired Loan #5 on or about November 10, 2005, Freddie Mac did not sell Loan #5 and never authorized Lender, JPMorgan Chase Bank, National Association, or any other servicers of Loan #5 to convey Loan #5 to any other entity.

**4300 W Ford City Dr, Unit 1401**
**Chicago, IL 60652**

32. On or about August 8, 2006, Adrienne Holley ("Borrower #6") obtained a loan from Countrywide Home Loans, Inc. ("Lender #6") in the amount of $91,000. As part of the loan, Borrower #6 executed a note dated August 8, 2006 in favor of Lender #6 ("Note #6"). Note #6 is secured by real property located at 4300 W Ford City Dr, Unit 1401, Chicago, IL 60652.

33. Borrower #6 executed a mortgage deed (collectively with Note #6 and any other documents executed by Borrower #6 in connection with the loan, "Loan #6") on or about August 8, 2006 in connection with Note #6, which was recorded on or about August 18, 2006 with the Cook County Recorder of Deeds as document number 0623049178.

34. Mortgage Electronic Registration Systems, Inc. was beneficiary in a nominee capacity for Lender #6 and Lender #6's successors and assigns.

35. As indicated by the "Funding Date" appearing on page 1 of the print-out from Freddie Mac's MIDAS system pertaining to Freddie Mac's purchase of Loan #6, Freddie Mac acquired ownership of Loan #6 on or about August 31, 2006, and has owned it ever since. A true and correct copy of the print-out from Freddie Mac's MIDAS system pertaining to Freddie Mac's purchase of Loan #6 is attached hereto as Exhibit 6-A. I also am familiar with the Guide, which defines "Funding Date" as the date when Freddie Mac disburses payment to the seller for a loan Freddie Mac purchased.

36.     As indicated by the "Servicer NBR 157328" appearing on page 1 of the print-out from Freddie Mac's MIDAS system attached hereto as Exhibit 6-A, which identifies the current servicer by "Servicer NBR 157328," Nationstar Mortgage LLC DBA Mr. Cooper is currently servicing Loan #6, pursuant to the Guide, on behalf of Freddie Mac.  A true and correct copy of the print-out from Freddie Mac's MIDAS system identifying Nationstar Mortgage LLC DBA Mr. Cooper by Servicer Number 157328 is attached hereto as Exhibit 6-B.

37.     Since it acquired Loan #6 on or about August 31, 2006, Freddie Mac did not sell Loan #6 and never authorized Lender, Nationstar Mortgage LLC DBA Mr. Cooper, or any other servicers of Loan #6 to convey Loan #6 to any other entity.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure [735 ILCS 5/1-109], the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Executed on October 31st, 2025.

Dean Meyer
Director, Loss Mitigation
Federal Home Loan Mortgage Corporation

# Exhibit 1-A



```
 <==FUNCTION          LOAN BASIC INQUIRY          OAU2001E    0007
PAGE 1 OF 2                (OAUBB01BS)                 10/31/25 0749
                                  SSR LOAN NBR        :       0520
LOAN NUMBER        :       4950   ORIG AMT PRIN       :      53,700
SERVICER NBR       : 156665       PURCHASE UPB        :   52,374.53
SELLER NBR         : 121898       INT BRG UPB         :        0.00
APPROVAL STATE     : IL           DFRD UPB            :        0.00
FHLMC REGION       : 04           NOTE RATE           : 07.000
PRODUCT            : A01           PART. PCT.          :   1.00
GROUP NBR          : CJ81353      FUNDING DATE (YYMMDD) : 010731
CONTRACT NBR       : G107206040   NOTE DATE (YYMMDD)    : 990506
LOAN DATA TYPE     : S            MATURITY DATE (YYMMDD): 290601
LOAN TYPE          : 1            LOAN ACCTNG NET YIELD :
LOAN PROPERTY TYPE : SC           PAY OFF DATE (YYMMDD) : 000000
LOAN STATUS        : 1            PAY OFF TYPE         :
OWNERSHIP CODE     : W            LTV RATIO            : 0.96
REF CODE           :              ASSOC FM LOAN NBR    :
LOAN ORIGINATOR    :              LN ORIGINATION COMPANY :
APPR ST LIC        :              SPVR APPR ST LIC     :
LAST CHG DATE (YYMMDD) : 250422   MOD/CONV DATE (YYMMDD) :
        F - PAGE FORWARD   R - RETURN TO LOAN DATABASE INQUIRY ONLY MENU
        M - RETURN TO LOAN / GROUP / POOL DATABASES INQUIRY ONLY MENU
                     PF4/16 GSE/HMDA
```

```
R <==FUNCTION          LOAN BASIC INQUIRY          OAU2051E    0007
PAGE 2 OF 2                (OAU0010S)                  10/31/25 0749

LOAN NUMBER        :       4950

BORROWER NAME      : IRENE M RUFUS
PROPERTY STREET    : 4262 W FORD CITY DR
        CITY       : CHICAGO
        STATE      : IL
        ZIP        : 606520000    ORIG COMMITMENT FEE TAX  : 0000000.00
CENSUS TRACT       :              LOAN DATE INTEREST PAID TO: 010701
                                  MONTHLY PRIN AND INT     : 000357.27
INDEX SOURCE       : 000          BALLOON TERM             : 000
INDEX VALUE        : 00.000       DATE BALLOON DUE (YYMMDD): 000000
ADJ. PERIOD        : 00           SF MORTGAGE INS CODE     : 000
ADJ. NOTE RATE     : 00.000       GUAR MORTGAGE INS CODE   :
LL SERV FEE        : 00.250       INITIAL ADJ. DATE (YYMMDD): 000000
CAP AMOUNT         : 0.0          DISCOUNT                 : 00000.00
FLEX MONTHS        : 000          PREMIUM                  : 00000.00
FLEX PAYMT DATE (YYMMDD) : 000000
        R - RETURN TO LOAN DATABASE INQUIRY ONLY MENU
        M - RETURN TO LOAN / GROUP / POOL DATABASES INQUIRY ONLY MENU
                     PF4/16 GSE/HMDA
```

# Exhibit 1-B



```
<==FUNCTION              S/S PROFILE INQUIRY         LSC6BIK      0007
   PAGE  001 OF  001                                 10/31/25 0752

   S/S NUMBER: 121898                    STATUS: ACTIVE
   S/S NAME: BANK OF AMERICA, N.A.
   S/S ADDRESS: 100 N TRYON ST           CHARLOTTE         NC  28282
   S/S PHONE: 980 388 7934    POWER OF ATTORNEY: NO




   FUNCTIONS: F=PAGE FORWARD    B=PAGE BACKWARD    R=RETURN TO MENU
```



```
<==FUNCTION              S/S PROFILE INQUIRY         LSC6BIK      0007
   PAGE  001 OF  001                                 10/31/25 0752

   S/S NUMBER: 156665                    STATUS: ACTIVE
   S/S NAME: LAKEVIEW LOAN SERVICING, LLC
   S/S ADDRESS: 4425 PONCE DE LEON BLVD   CORAL GABLES      FL  33146
   S/S PHONE: 305 341 3699    POWER OF ATTORNEY: NO




   FUNCTIONS: F=PAGE FORWARD    B=PAGE BACKWARD    R=RETURN TO MENU
```

# Exhibit 2-A



```
■ <==FUNCTION          LOAN BASIC INQUIRY          OAU2001E     0007
PAGE 1 OF 2                (OAUOO10S)                    10/31/25 0007
                             SSR LOAN NBR        :        8408
   LOAN NUMBER      :     7055    ORIG AMT PRIN      :     87,300
   SERVICER NBR     : 135401      PURCHASE UPB       : 85,625.41
   SELLER NBR       : 264107      INT BRG UPB        :          0.00
   APPROVAL STATE   : IL          DFRD UPB           :          0.00
   FHLMC REGION     : 07          NOTE RATE          : 05.375
   PRODUCT          : A01          PART. PCT.         :   1.00
   GROUP NBR        : CG45939      FUNDING DATE (YYMMDD) : 050512
   CONTRACT NBR     : 0504206064   NOTE DATE (YYMMDD)    : 031229
   LOAN DATA TYPE   : S            MATURITY DATE (YYMMDD): 340101
   LOAN TYPE        : 1            LOAN ACCTNG NET YIELD :
   LOAN PROPERTY TYPE : SC         PAY OFF DATE (YYMMDD) : 000000
   LOAN STATUS      : I            PAY OFF TYPE          :
   OWNERSHIP CODE   : W            LTV RATIO             : 0.97
   REF CODE         :              ASSOC FM LOAN NBR     :
   LOAN ORIGINATOR  :              LN ORIGINATION COMPANY :
   APPR ST LIC      :              SPVR APPR ST LIC :
   LAST CHG DATE (YYMMDD) : 251015    MOD/CONV DATE (YYMMDD) :
        F - PAGE FORWARD  R - RETURN TO LOAN DATABASE INQUIRY ONLY MENU
        M - RETURN TO LOAN / GROUP / POOL DATABASES INQUIRY ONLY MENU
                        PF4/16 GSE/HMDA
```

```
■ <==FUNCTION          LOAN BASIC INQUIRY          OAU2051E     0007
PAGE 2 OF 2                (OAUOO10S)                    10/31/25 0007

   LOAN NUMBER      :      7055

   BORROWER NAME    : LETICIA GAMBOA
   PROPERTY STREET  : 4350 W FORD CITY #100
           CITY     : CHICAGO
           STATE    : IL
           ZIP      : 606520000    ORIG COMMITMENT FEE TAX  : 0000000.00
   CENSUS TRACT     :              LOAN DATE INTEREST PAID TO: 050501
                                   MONTHLY PRIN AND INT      : 000400.86
   INDEX SOURCE     : 000          BALLOON TERM              : 000
   INDEX VALUE      : 00.000       DATE BALLOON DUE (YYMMDD) : 000000
   ADJ. PERIOD      : 00           SF MORTGAGE INS CODE      : 000
   ADJ. NOTE RATE   : 00.000       GUAR MORTGAGE INS CODE    :
   LL SERV FEE      : 00.250       INITIAL ADJ. DATE (YYMMDD): 000000
   CAP AMOUNT       : 0.0          DISCOUNT                  : 00000.00
   FLEX MONTHS      : 000          PREMIUM                   : 00000.00
   FLEX PAYMT DATE (YYMMDD) : 000000
        R - RETURN TO LOAN DATABASE INQUIRY ONLY MENU
        M - RETURN TO LOAN / GROUP / POOL DATABASES INQUIRY ONLY MENU
                        PF4/16 GSE/HMDA
```

# Exhibit 2-B



FUNCTION                S/S PROFILE INQUIRY           LSC6BIK      0007
PAGE   001 OF   001                                   10/31/25 0000

S/S NUMBER: 264107                        STATUS: DISCONT
S/S NAME: CHARTER ONE BANK, N.A.
S/S ADDRESS: 1215 SUPERIOR AVENUE         CLEVELAND        OH  44114
S/S PHONE: 804 627 4013   POWER OF ATTORNEY: YES

FUNCTIONS: F=PAGE FORWARD    B=PAGE BACKWARD    R=RETURN TO MENU

R <==FUNCTION                S/S PROFILE INQUIRY           LSC6BIK      0007
PAGE   001 OF   001                                   10/31/25 0000

S/S NUMBER: 135481                        STATUS: ACTIVE
S/S NAME: CITIZENS BANK, NA
S/S ADDRESS: 1 CITIZENS PLZ               PROVIDENCE        RI  02903
S/S PHONE: 804 627 4271   POWER OF ATTORNEY: NO

FUNCTIONS: F=PAGE FORWARD    B=PAGE BACKWARD    R=RETURN TO MENU

# Exhibit 3-A



# Exhibit 3-B



# Exhibit 4-A



```
<==FUNCTION          LOAN BASIC INQUIRY              ORU2B6IE    8887
PAGE 1 OF 2              (ORUBB1GS)                    18/31/25 8888
                                  SSR LOAN NBR      :        4979
LOAN NUMBER      :      2714      ORIG AMT PRIN     :       57,588
SERVICER NBR     : 427685         PURCHASE UPB      :       57,588.88
SELLER NBR       : 427685         INT BRG UPB       :            8.88
APPROVAL STATE   : MO             DFRD UPB          :            8.88
FHLMC REGION     : 89             NOTE RATE         : 84.258
PRODUCT          : A81            PART. PCT.        :  1.88
GROUP NBR        : N641363        FUNDING DATE (YYMMDD) : 121114
CONTRACT NBR     : 1211148854     NOTE DATE (YYMMDD)    : 128928
LOAN DATA TYPE   : S              MATURITY DATE (YYMMDD): 421181
LOAN TYPE        : 1              LOAN ACCTNG NET YIELD :
LOAN PROPERTY TYPE : SC           PAY OFF DATE (YYMMDD) : 888888
LOAN STATUS      : 1              PAY OFF TYPE          :
OWNERSHIP CODE   : N              LTV RATIO             : 1.28
REF CODE         : 8887           ASSOC FM LOAN NBR     : 724873811
LOAN ORIGINATOR  : 726182         LN ORIGINATION COMPANY : 412915
APPR ST LIC      :                SPVR APPR ST LIC :
LAST CHG DATE (YYMMDD) : 210382   MOD/CONV DATE (YYMMDD) : 888888
       F - PAGE FORWARD  R - RETURN TO LOAN DATABASE INQUIRY ONLY MENU
       M - RETURN TO LOAN / GROUP / POOL DATABASES INQUIRY ONLY MENU
                      PF4/16 GSE/HMDA
```

```
<==FUNCTION          LOAN BASIC INQUIRY              ORU2B5IE    8887
PAGE 2 OF 2              (ORUBB1GS)                    18/31/25 8888

LOAN NUMBER      :      2714

BORROWER NAME    : FARROW, DEBORAH
PROPERTY STREET  : 4389 N FORD CITY DR 681
         CITY    : CHICAGO
         STATE   : IL
         ZIP     : 686528888   ORIG COMMITMENT FEE TAX  : 8888888.88
CENSUS TRACT     :             LOAN DATE INTEREST PAID TO: 121181
                               MONTHLY PRIN AND INT     : 888282.87
INDEX SOURCE     : 888         BALLOON TERM             : 888
INDEX VALUE      : 88.888      DATE BALLOON DUE (YYMMDD): 888888
ADJ. PERIOD      : 88          SF MORTGAGE INS CODE     : 888
ADJ. NOTE RATE   : 88.888      GUAR MORTGAGE INS CODE   :
LL SERV FEE      : 88.258      INITIAL ADJ. DATE (YYMMDD): 888888
CAP AMOUNT       : 8.8         DISCOUNT                 : 88888.88
FLEX MONTHS      : 888         PREMIUM                  : 88888.88
FLEX PAYMT DATE (YYMMDD) : 888888
          R - RETURN TO LOAN DATABASE INQUIRY ONLY MENU
          M - RETURN TO LOAN / GROUP / POOL DATABASES INQUIRY ONLY MENU
                      PF4/16 GSE/HMDA
```

# Exhibit 4-B



```
□ <==FUNCTION              S/S PROFILE INQUIRY          LSCGBIK     0007
   PAGE  001 OF  001                                     10/31/25 0001


   S/S NUMBER: 427685                    STATUS: ACTIVE
   S/S NAME: CITIMORTGAGE, INC.
   S/S ADDRESS: 300 GREENWICH STREET          NEW YORK        NY  10013
   S/S PHONE: 636 261 2383   POWER OF ATTORNEY: YES










            FUNCTIONS: F=PAGE FORWARD   B=PAGE BACKWARD   R=RETURN TO MENU
```

# Exhibit 5-A



# Exhibit 5-B



```
<==FUNCTION           S/S PROFILE INQUIRY          LSC60IK    0007
  PAGE  001 OF  001                                       10/31/25 0013

  S/S NUMBER: 132035                 STATUS: DISCONT
  S/S NAME: JPMORGAN CHASE BANK, N.A.
  S/S ADDRESS: 3415 VISION DRIVE          COLUMBUS        OH  00000
  S/S PHONE: 614 422 2277   POWER OF ATTORNEY: NO




  FUNCTIONS: F=PAGE FORWARD    B=PAGE BACKWARD    R=RETURN TO MENU
```

```
<==FUNCTION           S/S PROFILE INQUIRY          LSC60IK    0007
  PAGE  001 OF  001                                       10/31/25 0013

  S/S NUMBER: 077903                 STATUS: ACTIVE
  S/S NAME: JPMORGAN CHASE BANK, NATIONAL
  S/S ADDRESS: 400 WASHINGTON BLVD, FLOOR 14 ISELIN        NJ  00000
  S/S PHONE: 614 422 8120   POWER OF ATTORNEY: NO




  FUNCTIONS: F=PAGE FORWARD    B=PAGE BACKWARD    R=RETURN TO MENU
```

# Exhibit 6-A



# Exhibit 6-B



```
<==FUNCTION            S/S PROFILE INQUIRY         LSCGBIK    0007
PAGE  001 OF  001                                10/31/25 0816

S/S NUMBER: 204305                    STATUS: ACTIVE
S/S NAME: BANK OF AMERICA, N.A.
S/S ADDRESS: MARK A RAMSEY SR SENIOR VICE PPASADENA        CA  91101
S/S PHONE: 980 308 7934   POWER OF ATTORNEY: YES




FUNCTIONS: F=PAGE FORWARD    B=PAGE BACKWARD    R=RETURN TO MENU
```

```
<==FUNCTION            S/S PROFILE INQUIRY         LSCGBIK    0007
PAGE  001 OF  001                                10/31/25 0816

S/S NUMBER: 157328                    STATUS: SERVONLY
S/S NAME: NATIONSTAR MORTGAGE LLC DBA MR
S/S ADDRESS: 8950 CYPRESS WATERS BLVD    COPPELL        TX  75019
S/S PHONE: 972 956 6424   POWER OF ATTORNEY: NO




FUNCTIONS: F=PAGE FORWARD    B=PAGE BACKWARD    R=RETURN TO MENU
```

## <u>CERTIFICATE OF SERVICE</u>

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that before **5:00 p.m.** on **November 3, 2025**, a true and accurate copy of the foregoing was served pursuant to Ill. Sup. Ct. R. 11(c)(1)(ii) via email initiated by the undersigned to the email address of each party identified below, or pursuant to Ill. Sup. Ct. R. 11(c)(2)(ii) by depositing the document in a United States post off box in Cincinnati, Ohio, enclosed in an envelope to the address of each party identified below, with postage fully prepaid, or by delivery of the documents through a third-party commercial carrier to the address of each party identified below, with delivery charge fully prepaid.

See attached Service List.

/s/ Jenna Gerstle
Jenna Gerstle

## SERVICE LIST

BMO Harris N.A.
Egan & Alaily LLC
clerk@ea-atty.com

BMO Bank N.A.
Egan & Alaily LLC
clerk@ea-atty.com

Midland Federal Savings & Loan Association
As Trustee of Trust No. 1484
Michael J. Goldstein & Associates
mjg@mjglaw.com

JP Morgan Chase Bank, N.A.
Burke Warren macKay & Seritella, PC
sshifrin@burkelaw.com

First American Bank
Martin D. Tasch
pleadingmdt@momkus.com
mtasch@momkus.com

Countrywide Home Loans, Inc.
Nationstar Mortgage, LLC
Dykema Gossett PLLC
ksimpson@dykema.com

The Huntington National Bank
Weltman, Weinberg & Reis Co., L.P.A.
chicks@weltman.com
chicagolaw@weltman.com

Julius A. Hannon II
Bil Boguslaw
Anthony J. Peraica & Associates, Ltd.
support@peraica.com

DLJ Mortgage Capital, Inc.
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

City of Chicago
greg.janes@cityofchicago.org
john.slagle@cityofchicago.org

John Suzuki
Collateral Trustee Inc.
suzuki@collateraltrustee.com

Christopher Russell
cruss65@gmail.com

Karen Russell
the2russells@yahoo.com

Irena Bagdady
irenabagdady@gmail.com
bryan@celsinfo.com

Joanna Stallworth-Lillybridge
joannastallworth@hotmail.com

Mayowa Okobie
mfourj@yahoo.com

Michael Rzasa
mik232323@hotmail.com
mr4134@comcast.net

Minerva Orduno
minervaorduno78@gmail.com

Myron Coleman
myroncole02@gmail.com

Pauline Prater
sheabprater@gmail.com

Shirley Ann Waheed
shirley.waheed1621@yahoo.com

Toni Green
Alicia Green
Michael Green
tonigreen123456@gmail.com

Mortgage Electronic Registration Systems, Inc.
Citibank, NA
CitiMortgage, Inc.
Citibank, FSB
Heavner, Beyers & Mihlar LLC
sarahstack@hsbattys.com

The Bank of New York Mellon, Successor to the Bank of New York, Not In Its Individual Capacity But Solely As Trustee on Behalf of the Holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1
Smith & Weik, LLC
csmith@smithweiklaw.com

Gregory LaPapa
Mitchell F. Asher
mickey@mitchellasher.com

Federal Home Loan Mortgage Corporation, as Trustee for the Benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2019-3
Smith & Weik, LLC
csmith@smithweiklaw.com

Wilmington Savings Fund Society, FSB Not In Its Individual Capacity But Solely as Indenture Trustee for CIM Trust 2023-R3 Mortgage-Backed Notes, Series 2023-R3
Smith & Weik, LLC
csmith@smithweiklaw.com

The Bank of New York Mellon, as Trustee for The Bear Stearns Asset Backed Securities Trust 2002-2, Asset Backed Certificates, Series 2002-2
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

Winston McKoy
winston-mckoy@yahoo.com

Erica Salinas
angelsmusic@att.net

Sabine Desir
sdesir1@yahoo.com

Maureen Zopf POA for Edward Coleman
mozopf@att.net

Rodolfo Chavez
chavez8705@gmail.com

Samantha Bates dba The Road to Righteousness Foundation Inc.
road2righteousness@yahoo.com

Thelma Swims
tswims550@gmail.com

Ahmad Nur
ahmad.a.nur@gmail.com

Bruce Lance II
bunki4280@cox.net

Gabriela/Abraham Santamaria
soyimagen@gmail.com

Hatuey McKoy
hatuey_mckoy@yahoo.com

Hilda M. Zmora
zmorah@yahoo.com

Irene Jones
treasashaw1959@gmail.com

Javier Urbina
jurbinaazul3@gmail.com

4

Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2005-2 Asset-Backed Certificates, Series 2005-2
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

U.S. Bank National Association, as Trustee Successor in Interest to Bank of America, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2004-7
Smith & Weik, LLC
scmith@smithweiklaw.com
ccronquist@smithweiklaw.com

Forethought Life Insurance Company
Smith & Weik, LLC
csmith@smithweiklaw.com

Ford City Condominium Association
Burke Warren macKay & Seritella, PC
jstevens@burkelaw.com

Citibank, N.A., as Successor by Merger to Citibank, F.S.B.,
CitiMortgage, Inc.
alexa.thein@bclplaw.com
steve.trubac@bclplaw.com

Zofia Modrzejewska
Desiree Sanchez
Roberta Sweeper
Ziad H. Al Khatib
Carla M. Davis
Hector Botello
Maria E. Rodriguez Ramos
Ina Wise
Juan Carlos Camarena
Antony J. Peraica & Associates, Ltd
support@peraica.com

Joyce Lance
bunki4280@cox.net

Diane Devroe
ladydiscakes@aol.com

Diane L. Todd
dianet0545@att.net

Gregory Castile
g_castile@yahoo.com

Lorene Mims
quianasowell@aol.com

Louis Hemmerich
lewhemm@aol.com

Manuela D. Tayolor-Williams
ladydi0802@gmail.com

Takada Dixon
takadaepps@gmail.com

Aleem Waheed
aw7153090@gmail.com

Brenda J. Allen-Ballard
4350 W. Ford City Drive, Unit 506
Chicago, Illinois 60652

Manna Property Investment LLC
Zac Law PC
az@zaclawpc.com