IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **City of Chicago,** | Case No. 25-cv-13377 |
| Plaintiff, | Judge: Hon. Sara L. Ellis |
| v. | Magistrate: Hon. Daniel P. McLaughlin |
| **Ford City Condominium Association, et al., Defendants.** | Removed from the Circuit Court of Cook County, Illinois, Case No. 20231401241 |

## STATUS REPORT

Per the Court's January 7, 2026 Order, below is an updated status report drafted by the Plaintiff City of Chicago along with all defendants that have appeared to date in this removed federal action.[1] To be clear, there are over 400 defendants so this is not a report from all the parties.

**UPDATE**

The City met with the condo association, the bankruptcy trustee, the potential buyer, and the attorney for various mortgage lenders whose notes are owned by a federal entity ("federal lenders"). Final numbers from the federal lenders are not ready. The City is asking for additional time for the federal lenders, the City, and the association to finalize the proposed Purchase And Sale Agreement ("PSA"). The City is suggesting a return court date of February 11, 2026.

**I.      Nature of the Case**

A.      <u>Names & Contact Information for All Attorneys of Record for each Party</u>

| | |
|---|---|
| **City of Chicago** | **Ford City Condominium Association** |
| Corporation Counsel's Office | Shelly DeRousse |
| 2 N Lasalle, Suite 320 | Smith Gambrell Russell |
| Chicago, Il 60602 | 155 N Wacker Dr, Suite 3000 |

---

[1] Defendants CitiMortgage, Inc. and Citibank, N.A., as successor by merger to Citibank, F.S.B. (collectively, "Citibank") take no position at this time on Plaintiff's characterization of the facts or case history in this report given the complexity of the issues and number of parties in this action that has been pending since 2023 and Citibank's limited role in the litigation to date.

Greg Janes
John Slagle
312-744-9555
Greg.janes@cityofchicago.org
John.slagle@cityofchicago.org

Chicago, IL 60606
312-360-6315
sderousse@sgrlaw.com
*Counsel to William Avellone, Trustee in Possession of Ford City Condominium Association*

**Federal Home Loan Mortgage Corporation**
Caleb J. Halberg
Alexander Wright
Dinsmore & Shohl LLP
222 W Adams
Ste 3400
Chicago, IL 60606
312-372-6060
caleb.halberg@dinsmore.com
Alexander.wright@dinsmore.com

**Receiver, Collateral Trustee, Inc.**
Noah S Weininger
The Weininger Law Firm LLC
161 N. Clark St
Suite 1600
Chicago, IL 60601
312-796-8850
nweininger@weiningerlawfirm.com

**JPMorgan Chase Bank, NA**
Shana Alexis Shifrin
Burke Warren MacKay & Serritella PC
330 North Wabash Avenue
21st Floor
Chicago, IL 60611
(312) 840-7000
sshifrin@burkelaw.com

**CitiMortgage, Inc. and Citibank, N.A.**
Steven Gordon Trubac
Alexa Jane Thein
Bryan Cave Leighton Paisner LLP
161 North Clark Street
Suite 4300
Chicago, IL 60601
(312) 602-5042
steve.trubac@bclplaw.com
Alexa.thein@bclplaw.com

**HSBC Bank, USA, N.A., as Trustee for the Registered Holders of First NLC Trust 2007-1 Mortgage-Backed Certificates; Wells Fargo Bank, N.A., as Trustee for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2004-WHQ1 s/i/i to Argent Mortgage Company, L.L.C.; and Mortgage Electronic Registration Systems, Inc. as nominee for First NLC Financial Services, LLC ("MERS")**
Monika Harris
Dykema Gossett Pllc
10 S Wacker Drive
Suite 2300

**Various Lenders**
Craig C. Smith
CC Smith Law LLC
130 W. Liberty Dr., Suite 211
Wheaton, IL 60187
Direct: 630-415-7896
csmith@ccsmithlaw.com

Chicago, IL 60606
312-627-2298
mharris@dykema.com

B.     <u>Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims.</u>

The City of Chicago filed the instant case in September 2023 regarding a distressed condominium association. The City's complaint names the condo association, every unit owner, every mortgage lienholder, the bankruptcy trustee in possession of the condominium association, and the mechanic lien holders. At its filing, there were over 400 defendants named in the complaint. The condominium complex contains 319 units across 7 buildings. There is a high rise, two medium rises and four low rise buildings. The complaint cites numerous building code violations including violations related to broken elevators, crumbling exterior walls, broken plumbing, and the deteriorated electrical systems. The complex has suffered due to long-term deferred maintenance and poor management. The elevators are frequently out of service, stranding people in the upper floors of the high rise. The association has a huge past due bill for elevator repair, so elevator contractors are unwilling to do additional work to fix the elevators.

The condominium association is the subject of a Chapter 11, subchapter V, bankruptcy case, 21-5193 in the Northern District of Illinois (the "Bankruptcy Court"). The Bankruptcy Court appointed William Avellone (the "Trustee") to serve as trustee in possession of Ford City Condominium Association to manage the affairs of the condominium association. The Trustee hired a property manager, collected monthly assessments, and paid the bills with the moneys collected. From the outset, the Trustee was unable to collect enough money in assessment fees, current or past due, to properly manage the property. The Trustee estimated that the cost to repair the property was over $20 million and that cost far exceeded the ability of the association to fund such repairs. The Trustee recommended that the property be sold and solicited bids for the property.

However, despite securing several bids, since the condominium association does not actually own the property, the Trustee does not have the authority to sell it. For that reason, the Trustee proposed a plan of reorganization (the "Bankruptcy Plan") which would be funded by the collection of past due assessments in a sale approved by a court, in a deconversion and sale action filed by the City. Ultimately, the Bankruptcy Court confirmed the Trustee's Bankruptcy Plan, which will become effective upon the sale of the property. Until the sale, the bankruptcy case remains pending.

The City's complaint contains a count pursuant to the Distressed Condominium Act seeking the deconversion and sale of the property. Pursuant to 765 ILCS 604/14.5, the City of Chicago petitioned the Circuit Court of Cook County to declare that the property is a distressed condominium and to order the property sold. The state court already declared the property a distressed condominium and the motion to order the property sold was scheduled to be heard on Monday November 3, 2025.

During the pendency of the state court matter, the court ordered the appointment of a limited receiver to market and sell the property. The court appointed Collateral Trustee, Inc. to take the bids previously secured and determine if those bidders remained interested. The limited receiver determined that only one previous bidder was still interested. The sole bidder offered $6 million for the property. The court ordered the receiver to negotiate a purchase and sale agreement ("PSA") with the buyer. That PSA was to be discussed in court on Monday November 3, 2025, with the receiver and buyer believing that the court would authorize the receiver to execute the PSA.

C.     Briefly Identify the Major Legal and Factual Issues in the Case

There is one legal issue and one factual issue to be resolved in the City's complaint. The factual issue is whether the condominium is a Distressed Condominium under the terms of the

Distressed Condo Act. Under the act, the City needs to prove two things: 1. that there are serious building code violations at the property and 2. The utilities are threatened for termination.

The legal issue is regarding HERA and its effect on the pending case, 12 U.S.C. § 4511 et seq. Freddie Mac asserts that HERA provides it with two tools in this process: 1. a complete veto over moving ahead with the deconversion, to appointing a receiver, and to the court taking any substantiative steps that would diminish or affect the interest of Freddie Mac or its conservator, the FHFA, without its consent; and 2. A requirement that if Freddie Mac agrees to the deconversion and sale of the property, Freddie Mac would be paid out at 100 cents on the dollar, in spite of any state law to the contrary, pursuant to the preemption provisions under the HERA.

D.   Describe the relief sought.

The City is seeking to sell the property to a third-party owner based on the Distressed Condo Act.

State whether there has been a jury demand.

There has not been a jury demand made.

List the names of any parties who have not yet been served.

In the city's case, every defendant has been served either personally or through publication.

**II.   Jurisdiction.**

A.   Identify all federal statutes on which federal question is based.

This case was a state court building code enforcement action against a 319-unit condominium complex on the southwest side of the City of Chicago. Among the defendants in the case is every owner and lienholder. One set of lienholders were the mortgagees including those mortgages whose underlying note was owned by Freddie Mac. Freddie Mac filed a Notice of Removal removing the state court action described more fully herein pursuant to 12 U.S.C. § 1452(f) and 28 U.S.C. §§ 1331, 1442, and 1446. Under 12 U.S.C. § 1452(f), Freddie Mac is deemed to be a

federal agency under 28 U.S.C. §§ 1345 and 1442 for removal purposes only, and any action involving Freddie Mac is also deemed to arise under federal law for removal purposes.

### III. Status of Service

In the City's case, every unit owner and lienholder have been served either personally or by publication. One note – there is a few units that have been sold in the past 6 months. When the City is made aware of those sales, the City attempts to serve the new owner. The City did file a lis pendens at the beginning of the case so any subsequent purchaser of a unit is on notice of the City's case.

### IV. Consent to Proceed before a Magistrate Judge

The City is aware of proceeding before the assigned Magistrate Judge. Counsel for Citibank confirms it has advised its client about the possibility of proceeding before the assigned magistrate judge. As this report does not contain the positions of all over 400 defendants in this action, the parties here are unable to report whether there is unanimous consent to the Magistrate Judge's jurisdiction.

### V. Pending Motions

A. <u>Briefly Describe any Pending Motions</u>.

1. The City's motion to market and sell is pending.
2. There was a recent motion filed by a recent purchaser of a unit in the complex seeking a refund.

B. <u>State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.</u>

Citibank, Chase, and Freddie Mac (on behalf of various named mortgagee defendants) have filed an answer to the operative complaint.

### VI. Case Plan

A. <u>Submit a proposal for a discovery plan, including the following information:</u>

(1) the general type of discovery needed, (2) a date for Rule 26(a)(1) disclosures, (3) first date by which to issue written discovery, (4) a fact discovery completion date, (5) an expert discovery completion date, including dates for the delivery of expert reports; and (6) a date for the filing of dispositive motions.

There has not been any discovery in the case.

B.  With respect to trial, indicate the following:

(1) Whether a jury trial is requested; and (2) the probable length of trial.

A jury trial has not been requested. If a trial is necessary, the trial would likely been one day, with the City calling several building inspectors, a witness from the Chicago Fire Department, the property manager, and the bankruptcy trustee.

VII.  Status of Settlement Discussions:

(A) Indicate whether any settlement discussions have occurred; (B) describe the status of any settlement discussions; and (C) whether the parties request a settlement conference.

There is a current bankruptcy case of the association pending in the United States Bankruptcy Court for the Northern District of Illinois, case number 21-05193 before Judge Thorne. In the bankruptcy case, Judge Thorne confirmed a plan of reorganization which becomes effective upon the sale of the property. In 2023, the City initially filed its complaint as an adversary complaint in bankruptcy court. Judge Thorne abstained from overseeing the city's deconversion case and deferred the matter to the state court. The City is willing to proceed either before the magistrate or Judge Thorne if this Court refers the matter to bankruptcy court as being related to the pending bankruptcy case.

Dated: January 16, 2026

Respectfully submitted,

<u>/s/Greg Janes</u>
Assistant Corporation Counsel
Atty. No. 90909
2 North LaSalle, Room 320
Chicago, Illinois 60602
(312)744-9555
<u>Greg.janes@cityofchicago.org</u>
For the City of Chicago


<u>/s/ Alexander N. Wright</u>
Alexander N. Wright (6314304)
222 W. Adams Street, Suite 3400
Chicago, IL 60606
<u>Alexander.Wright@dinsmore.com</u>
For Freddie Mac lenders

<u>/s/ Shelly Derousse</u>
Shelly Derousse
311 S Wacker Drive, Suite 3000
Chicago, IL 60606
<u>Sderousse@sgrlaw.com</u>
For William Avellone, Trustee in Possession of
Ford City Condominium Association


<u>/s/Monika Harris</u>
Monika Harris
Dykema
10 S Wacker Drive, Suite 2300
Chicago, IL 60606
<u>MHarris@Dykema.com</u>
For Various Lenders

<u>/s/ Steve Trubac</u>
Steve Trubac
Alexa Thein
Bryan Cave Leighton Paisner
161 N. Clark, Suite 4300
Chicago, Illinois 60601
steve.trubac@bclplaw.com
alexa.thein@bclplaw.com
For CitiMortgage, Inc. and Citibank, NA

/s/Shana Shifrin
Shana Shifrin
Burke, Warren, MacKay & Serritella. PC
330 N. Wabash Ave, 21st Floor
Chicago, IL 60611
SShifrin@burkelaw.com
For JPMorgan Chase Bank, NA

/s/ Craig Smith
Craig C. Smith
CC Smith Law LLC
130 W. Liberty Dr., Suite 211
Wheaton, IL 60187
csmith@ccsmithlaw.com
For Various Lenders